## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, *et al*.,

      Plaintiffs,

                                     Case No. 4:23-cv-00215-MW-MAF

v.

CORD BYRD, in his official capacity
as Secretary of State Florida, *et al*.,

      Defendants.

_____/

## THE SUPERVISORS OF ELECTIONS'
## <u>MOTION TO DISMISS COUNTS I, II, AND V</u>

Defendants, all sixty-seven Florida County Supervisors of Elections, respectfully move the Court to dismiss Counts I, II, and V of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 52) to the extent those counts assert claims against the Supervisors.

## INTRODUCTION

Counts I, II, and V of the Amended Complaint challenge three provisions of section 97.0575 of the Florida Statutes regulating third-party voter registration organizations, or 3PVROs, that were amended as part of Senate Bill 7050 (2023). Supervisors of Elections do not and cannot enforce the 3PVRO Fines Provision.[1] Plaintiffs thus have no standing to proceed against the Supervisors with their challenges to that provision.

With regard to the three provisions of Senate Bill 7050 referenced in Counts I, II, and V of the Amended Complaint, Plaintiffs allege that the Supervisors enforce only one: the 3PVRO Fines Provision. ECF No. 52 ¶¶ 58–59. But Plaintiffs concede that the Supervisors "are not charged with . . . recommending or imposing fines for violations of rules governing 3PVROs." *Id*. ¶ 59. Plaintiffs merely allege that Supervisors perform a "ministerial" data-entry function in processing voter-registration applications—and that the public officials who *do* enforce the 3PVRO Fines Provision might "later access and use" the data entered by the Supervisors into the statewide voter-registration database "to make enforcement decisions." *Id*.

A purely ministerial, informational, data-entry function is not *enforcement* of the statute—nor would an injunction that prohibits the Supervisors from performing

---

[1] The Amended Complaint defines "3PVRO Fines Provision" to mean section 97.0575(5)(a) of the Florida Statutes, as amended by Senate Bill 7050 (2023). ECF No. 52 ¶ 74.

the processing function of entering application dates and similar data into a voter-registration database make sense. Accordingly, as to the Supervisors, the Court should dismiss Counts I, II, and V with prejudice.

<u>**ARGUMENT**</u>

To plead standing, a plaintiff must plausibly allege that it suffered an injury in fact that is fairly traceable to the challenged conduct and that is likely to be redressed by a favorable judicial decision. *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021). Because as a matter of law the Supervisors do not enforce the 3PVRO Fines Provision, the alleged injuries are not traceable to the Supervisors, nor would judgment against them redress Plaintiffs' alleged injuries. Rather, pursuant to section 97.0575(8), "[i]f the Secretary of State reasonably believes that a person has committed a violation of this section, the secretary may refer the matter to the Attorney General for enforcement." Because it is other governmental parties, and not the Supervisors, who have the sole enforcement roles in connection with section 97.0575 (including, but not limited to, the 3PVRO Fines Provision), Plaintiffs have no standing to assert their challenge to the 3PVRO Fines Provision against the Supervisors.

In *Jacobson v. Florida Secretary of State*, 974 F.3d 1236 (11th Cir. 2020), the plaintiffs challenged a state statute that regulated the order in which candidates appear on the ballot. *Id.* at 1241. The court concluded that the plaintiffs did not have standing

to sue the Secretary of State. *Id*. at 1253. While Florida law directed the Secretary to certify the names of qualified candidates to the Supervisors of Elections, it charged the Supervisors alone with preparation of the ballot. *Id*. Because the Secretary had no authority to enforce the challenged law, the court found that the alleged injury was not fairly traceable to the Secretary, and an injunction directed to the Secretary would not have redressed the alleged injury. *Id*. at 1253–55.

The principle set forth in *Jacobson* was later applied in *ACLU of Florida*, *Inc. v. Lee*, 546 F. Supp. 3d 1096 (N.D. Fla. 2021), and *Hetherington v. Lee*, No. 3:21-cv-00671-MCR, 2021 WL 6882441 (N.D. Fla. July 12, 2021). In *ACLU*, the plaintiffs challenged a state law limiting contributions to political committees that sponsor proposed amendments to the Florida Constitution. 546 F. Supp. 2d at 1098. The Court found that the plaintiffs had standing to sue the Florida Elections Commission, which enforced the challenged law and imposed penalties for violations, but had no standing to sue the Secretary, who "does not enforce the challenged statute." *Id.* at 1109–10. While the Secretary had statutory authority to report information about potential violations of statute to the Commission (similar to the Secretary's authority to report potential violations of section 97.0575 to the Attorney General), the Court found that the Secretary's reporting authority did not make the Secretary the statute's enforcer and establish standing to proceed against the Secretary. *Id.* at 1101.

Similarly, in *Hetherington*, the plaintiffs challenged a law that prohibited non-partisan candidates from publicly representing their membership in a political party or otherwise campaigning based on party affiliation. 2021 WL 6882441, at *1. As in *ACLU*, the Court concluded that the plaintiffs had standing to sue the Florida Elections Commission, which had authority to investigate and determine violations of the challenged law and to impose civil penalties. *Id.* at *3. And as also held in *ACLU*, the Court concluded that the plaintiffs had no standing to sue the Secretary. *Id*. The Secretary's authority to report information to the Commission "does not mean that the Secretary possesses the authority to enforce" the challenged law, even if the Commission relies on information the Secretary reports to initiate an investigation of potential violations. *Id*. (emphasis omitted).

With regard to the 3PVRO Fines Provisions, the same principles clearly demonstrate that Plaintiffs here do not have standing to sue the Supervisors. Nothing in section 97.0575 vests the Supervisors with any aspect of enforcement authority. The Supervisors can neither initiate action against a 3PVRO for alleged violations of section 97.0575 nor impose the fines that Plaintiffs challenge. Plaintiffs say as much in their Amended Complaint, alleging that the Supervisors "are not charged with . . . recommending or imposing fines for violations of rules governing 3PVROs," ECF No. 52 ¶ 59, and that "the Department of State . . . is tasked with . . . imposing fines on 3PVROs," *id*. ¶ 55.

5

In an implausible attempt to plead standing, Plaintiffs point to the Supervisors' "ministerial" function of entering data from registration forms submitted by 3PVROs, such as application dates, into the statewide voter-registration database when processing voter-registration applications. *Id*. ¶ 59 (alleging that the Supervisors "play a ministerial role in inputting some of the data as part of their independent duty to process registration applications"). Plaintiffs then allege that the Secretary of State or the Attorney General "may later access and use" data that was entered by the Supervisors to "make enforcement decisions." *Id*.

That Supervisors process voter-registration applications and enter information from those applications into a voter-registration database does not transform the Supervisors into the challenged law's enforcers. This purely ministerial, informational function is comparable to the Secretary's task in *Jacobson* to certify the names of qualified candidates to the Supervisors, who were charged with preparation of the ballot. And the Supervisors' role in this case pales in comparison with the more active reporting function which, in *ACLU* and *Hetherington*, was insufficient to establish standing to sue the Secretary. Just as the Secretary's certification or reporting of information to the Supervisors or to the Florida Elections Commission was not "enforcement" of the laws challenged in *Jacobson*, *ACLU*, and *Hetherington*, the Supervisors' routine entry of data in the daily processing of voter-registration applications is not "enforcement" of the 3PVRO Fines Provision.

In an attempt to bolster their standing allegations, Plaintiffs also allege that the Secretary has the "ability . . . to engage in rulemaking to involve the Supervisors in enforcement" and that this ability "may make the Supervisors necessary parties . . . ." ECF No. 52 ¶ 59. "[H]ighly speculative" theories about theoretical, future enforcement authority, such as this, are insufficient to establish standing. *See Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1205 (11th Cir. 2021) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). Thus, any challenge premised on enforcement authority that might be granted someday by statutes or rules that do not exist today does not confer standing upon Plaintiffs and is premature.

Because the Supervisors do not enforce the 3PVRO Fines Provision as a matter of law, amendment would be futile. Plaintiffs, moreover, concede that the Supervisors "have no role in any aspect of enforcement" of the other 3PVRO Restrictions—namely, the 3PVRO Information Retention Ban and the Canvasser Restriction. ECF No. 52 ¶ 58. As to the Supervisors, therefore, this Court should dismiss Counts I, II, and V with prejudice. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining that a court need not grant leave to amend if a more carefully drafted complaint could not state a claim).[2]

---

[2] The Supervisors recognize, of course, that any injunction entered against other defendants to this action will bind the Supervisors to the extent Federal Rule of Civil Procedure 65(d)(2) so provides.

<u>**CONCLUSION**</u>

The Supervisors respectfully move the Court to dismiss Counts I, II, and V to the extent those counts assert claims against the Supervisors.

Respectfully submitted,

/s/ *Nathaniel A. Klitsberg*
Nathaniel A. Klitsberg (FBN 307520)
Joseph K. Jarone (FBN 117768)
Devona A. Reynolds Perez (FBN 70409)
BROWARD COUNTY ATTORNEY'S OFFICE
115 S. Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: 954-357-7600
nklitsberg@broward.org
jkjarone@broward.org
dreynoldsperez@broward.org
*Attorneys for Defendant, Broward
County Supervisor of Elections*

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
*Attorneys for Supervisors of Elections
for Charlotte, Collier, Indian River,
Lake, Lee, Monroe, Marion, Manatee,
Pasco, and Seminole Counties*

/s/ Nicholas A. Shannin
Nicholas A. Shannin (FBN 9570)
SHANNIN LAW FIRM, P.A.
214 E. Lucerne Circle, Suite 200
Orlando, Florida 32801
Telephone: 407-985-2222
nshannin@shanninlaw.com
*Attorney for Defendant*, *Orange County*
*Supervisors of Elections*

/s/ Robert C. Swain
Robert C. Swain (FBN 366961)
Diana M. Johnson (FBN 69160)
ALACHUA COUNTY ATTORNEY'S
OFFICE
12 S.E. 1st Street
Gainesville, Florida 32601
Telephone: 352-374-5218
bswain@alachuacounty.us
dmjohnson@alachuacounty.us
*Attorneys for Defendant*, *Alachua*
*County Supervisor of Elections*

/s/ Susan S. Erdelyi
Susan S. Erdelyi (FBN 0648965)
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Telephone: 904-398-0900
serdelyi@marksgray.com
*Attorney for Defendants*, *Baker*, *Bay*,
*Bradford*, *Calhoun*, *Columbia*, *Dixie*,
*Franklin*, *Gadsden*, *Gulf*, *Hamilton*,
*Jackson*, *Lafayette*, *Liberty*, *Nassau*,
*Putnam*, *Santa Rosa*, *St. Johns*, *Sumter*,
*Suwannee*, *Taylor*, *Union*, *Walton*,
*Wakulla*, *and Washington County*
*Supervisors of Elections*

/s/ Frank M. Mari
Frank M. Mari (FBN 93243)
ROPER, P.A.
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: 407-897-5150
fmari@roperpa.com
*Attorneys for Defendants*, *Brevard*,
*Desoto*, *Flagler*, *Gilchrist*, *Highlands*,
*Jefferson*, *and Madison County*
*Supervisors of Elections*

/s/ *John T. LaVia, III*
John T. LaVia, III (FBN 0853666)
GARDNER, BIST, BOWDEN, BUSH, DEE,
LAVIA & WRIGHT, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Telephone: 850-385-0070
jlavia@gbwlegal.com
*Attorney for Defendants*, *Clay*,
*Martin*, *Orange*, *Osceola*, *Polk*, *and St.*
*Lucie County Supervisors of Elections*

/s/ *Craig D. Feiser*
Craig D. Feiser (FBN 164593)
DUVAL COUNTY ATTORNEY'S OFFICE
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: 904-255-5100
cfeiser@coj.net
*Attorneys for Defendant*, *Duval*
*County Supervisor of Elections*

By: */s/ Ronald A. Labasky*
Ronald A. Labasky (FBN 206326)
P.O. Box 350
Tallahassee, FL 32302
Telephone: 850-566-2396
ronlabasky@gmail.com
rhonda@gbwfirm.net
*Attorney for Defendants*, *Clay*,
*Martin*, *Orange*, *Osceola*, *Polk*, *and St.*
*Lucie County Supervisors of Elections*

By: */s/ Morgan Bentley*
Morgan Bentley (FBN 962287)
Bentley Goodrich Kison, P.A.
783 South Orange Ave., Third Floor
Sarasota, FL 34236
Telephone: 941-556-9030
mbentley@bgk.law
*Counsel For Defendant Sarasota*
*County Supervisor of Elections*

/s/ *Dale A. Scott*
Dale A. Scott (FBN 0568821)
ROPER, P.A.
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: 407-897-5150
dscott@roperpa.com
*Attorneys for Defendant, Citrus County*
*Supervisors of Elections*

/s/ *Christi Jo Hankins*
Christi Jo Hankins (FBN 483321)
ESCAMBIA COUNTY ATTORNEY'S
OFFICE
221 Palafox Place, Suite 430
Pensacola, Florida 32502
Telephone: 850-595-4970
cjhankins@myescambia.com
*Attorneys for Defendant, Escambia*
*County Supervisor of Elections*

/s/ *Gregory T. Stewart*
Matthew R. Shaud (FBN 122252)
Gregory T. Stewart (FBN 203718)
NABORS GIBLIN & NICKERSON, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
Telephone: 850-224-4070
mshaud@ngnlaw.com
gstewart@ngn-tally.com
*Attorneys for Defendant, Okaloosa*
*County Supervisor of Elections*

/s/ *Kyle J. Benda*
Kyle J. Benda (FBN 113525)
Jon Jouben (FBN 149561)
HERNANDO COUNTY
20 N. Main Street, Suite 462
Brooksville, Florida 34601-2850
Telephone: 352-754-4122
kbenda@co.hernando.fl.us
*Attorneys for Defendant, Hernando*
*County Supervisor of Elections*

/s/ *Jared D. Kahn*
Jared D. Kahn (FBN 105276)
PINELLAS COUNTY ATTORNEY'S OFFICE
315 Court Street, 6th Floor
Clearwater, Florida 33756
Telephone: 727-464-3354
jkahn@pinellascounty.org
*Attorneys for Defendant, Pinellas*
*County Supervisor of Elections*

/s/ *Stephen M. Todd*
Stephen M. Todd (FBN 0886203)
HILLSBOROUGH COUNTY ATTORNEY'S
OFFICE
601 E. Kennedy Blvd., 27th Floor
Tampa, Florida 33602
Telephone: 813-272-5670
todds@hillsboroughcounty.org
*Attorneys for Defendant, Hillsborough*
*County Supervisor of Elections*

/s/ *Michael B. Valdes*
Michael B. Valdes (FBN 93129)
Sophia M. Guzzo (FBN 1039644)
MIAMI-DADE COUNTY ATTORNEY'S
OFFICE
111 N.W. First Street, Suite 2810
Miami, Florida 33128
Telephone: 305-375-5151
michael.valdes@miamidade.gov
sophia.guzzo@miamidade.gov
*Attorneys for Defendant, Miami-Dade*
*County Supervisor of Elections*

/s/ *Mark Herron*
Mark Herron (FBN 199737)
MESSER CAPARELLO, P.A.
2618 Centennial Place
Tallahassee, Florida 32308
Telephone: 850-222-0720
mherron@lawfla.com
*Attorneys for Defendant, Leon County*
*Supervisor of Elections*

/s/ *Jessica R. Glickman*
David K. Markarian (FBN 480691)
Jessica R. Glickman (FBN 118586)
THE MARKARIAN GROUP
2925 PGA Boulevard, Suite 204
Palm Beach Gardens, Florida 33410
Telephone: 561-626-4700
dave@forbusinessandlife.com
jessica@forbusinessandlife.com
*Attorneys for Defendant*, *Palm Beach*
*County Supervisor of Elections*

/s/ *William K. Bledsoe*
William K. Bledsoe (FBN 02969)
Sarah Lynn Jonas (FBN 115989)
VOLUSIA COUNTY ATTORNEY'S
OFFICE
123 W Indiana Avenue
Deland, Florida 32720
Telephone: 386-736-5950
kbledsoe@volusia.org
sjonas@volusia.org
*Attorneys for Defendant*, *Volusia*
*County Supervisor of Elections*

By: /s/ *Geraldo Olivo*
Geraldo Olivo (FBN 60905)
Henderson, Franklin,
Starnes & Holt, P.A.
P.O. Box 280
Fort. Myers, Florida 33902
Telephone: 239-344-1168
geraldo.olivo@henlaw.com
*Attorneys for Defendants*, *Glades,*
*Hardee, Hendry, Holmes, Levy, and*
*Okeechobee County Supervisors of*
*Elections*

13