UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP; VOTERS OF TOMORROW ACTION, INC.; DISABILITY RIGHTS FLORIDA; ALIANZA FOR PROGRESS; ALIANZA CENTER; UNIDOSUS; FLORIDA ALLIANCE FOR RETIRED AMERICANS; SANTIAGO MAYER ARTASANCHEZ; and ESPERANZA SÁNCHEZ, *Plaintiffs*, v. CORD BYRD, in his official capacity as Secretary of State of Florida, et al., *Defendants*. | Case No. 4:23-cv-00215-MW-MAF |

# UNOPPOSED[1] MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Under Rule 15 of the Federal Rules of Civil Procedure, and consistent with this Court's scheduling order, ECF No. 117, Plaintiffs respectfully move the Court for leave to file the Second Amended Complaint attached as Ex. 1. Plaintiffs' proposed Second Amended Complaint introduces three amendments: (1) it revises certain factual allegations regarding the role of the Supervisors of Election to

---

[1] The Attorney General takes no position.

conform to information discovered since the First Amended Complaint was filed; (2) it addresses new proposed rulemaking issued by the Secretary only after Plaintiffs filed the First Amended Complaint; and (3) it narrows Plaintiffs' claims to reflect those that will be pursued in this litigation. This Court should grant the motion because each of these amendments is brought in good faith, is not the product of undue delay, will not prejudice Defendants, and is not futile. Furthermore, Plaintiffs' motion is timely filed in accordance with this Court's scheduling order, which set August 15, 2023 as the deadline for filing amended complaints. *See* ECF No. 117.

## ARGUMENT

Under Rule 15, "a party may amend its pleading . . . with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing amendment bears the burden of showing "prejudice, bad faith, undue delay, or futility," to justify denial of the motion. *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007); *see also Boykin v. Home Choice of Ala., Inc.*, No. CV 18-0281-WS-MU, 2019 WL 2571249, at *2, n.2 (S.D. Ala. June 20, 2019); *Beech v. F/V Wishbone*, 2014 WL 6773966, *2 (S.D. Ala. Dec. 2, 2014). Here,

Plaintiffs seek to amend their allegations to conform with new facts that Plaintiffs have discovered since filing their First Amended Complaint, and to reflect actions taken by the Secretary since then. Plaintiffs also make small revisions to narrow their claims. Each of these amendments are of the sort that courts routinely grant, and all but one of the Defendants do not oppose this motion (the Attorney General takes no position).

> **I. This Court should grant leave to amend to revise Plaintiffs' factual allegations to reflect new information learned about the Supervisors of Elections' roles with regard to the challenged legislation.**

As reflected in paragraph 59 of the proposed Second Amended Complaint, Plaintiffs have discovered since filing the First Amended Complaint that the role of the Supervisors of Elections in enforcing the 3PVRO Fines Provision is more significant than it first appeared. This amendment is brought in good faith, is not the product of undue delay, will not prejudice Defendants, and is not futile.

*First*, in paragraph 59 of the First Amended Complaint, Plaintiffs alleged in good faith, based on their pre-suit investigations, what they believed to be the Supervisors' role in enforcing the 3PVRO Fines Provision, explaining that despite Plaintiffs' belief at the time that the role was limited, it may nevertheless require the Supervisors' participation for Plaintiffs to obtain relief. Specifically, Plaintiffs alleged:

> For the 3PVRO Fines Provision, the Supervisors play a ministerial role in inputting some of the data as part of their independent duty to process

3

registration applications that the Secretary or Attorney General may later access and use to make enforcement decisions. The Supervisors are not charged with reporting violations of Fla. Stat. § 97.0575 to the Secretary and Attorney General, issuing warnings to 3PVROs, or recommending or imposing fines for violations of rules governing 3PVROs. The uncertainty of the Supervisors' possible involvement in enforcement, and the ability of the Secretary to engage in rulemaking to involve the Supervisors in enforcement, may make the Supervisors necessary parties to assure complete relief.

Since filing the First Amended Complaint, however, it has become clear that the Supervisors' role in enforcing this provision is more substantial. As the attached form from the Secretary of State's Office (DS-DE 148) shows (Ex. 2), the Supervisors are in fact charged with reporting violations of Fla. Stat. § 97.0575. Further, the Supervisors' reporting role is not merely ministerial, as the form requests a narrative response about the nature of the violation and the Supervisors' investigation into said violation. Accordingly, Plaintiffs request leave to amend paragraph 59 to accurately reflect the Supervisors' enforcement role.

*Second*, this amendment is not the result of undue delay. Upon learning this information, and in accordance with this Court's scheduling order setting the deadline for amendment of pleadings, ECF No. 117, Plaintiffs moved to amend.

*Third*, granting this motion will not prejudice Defendants. Defendants will not suffer any "lost opportunity" to respond to the allegations in the Second Amended Complaint. *See* 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* Rule 15 ("Historically, prejudice under Rule 15(a) has been equated

4

with lost opportunity."). Plaintiffs' proposed amendment reflects new information learned about the Supervisors' role and responds to an issue raised by the Supervisors' motion to dismiss, ECF No. 132, and to the extent the Supervisors still have legal issues with Plaintiffs' claims, they will have an opportunity to file a motion to dismiss in response to the Second Amended Complaint.

*Fourth*, amendment is not futile. To the contrary, the amended allegations are directly relevant to the question of whether Plaintiffs have standing to sue the Supervisors in connection with their claims challenging the 3PVRO Fines Provision, including specifically by establishing that the injuries that provision causes Plaintiffs are traceable to Defendant Supervisors and redressable by a judgment against them.

**II.   This Court should grant leave to amend to reflect recent proposed rulemaking undertaken by the Secretary.**

The second reason that Plaintiffs seek leave to amend their allegations is to address a change in the factual record since Plaintiffs filed the First Amended Complaint—namely, the Defendant Secretary's issuance of the two attached proposed rulemakings addressing provisions at issue in this case, proposed Rules 1S-2.055 and 1S-2.042. Exs. 3 and 4. This amendment is brought in good faith, is not the product of undue delay, will not prejudice Defendants, and is not futile.

*First*, this amendment is brought in good faith. The Secretary had not yet issued the proposed rulemakings when Plaintiffs filed the First Amended Complaint. As such, Plaintiffs could not have addressed these rulemakings in that pleading.

5

Moreover, the Secretary argued at the preliminary injunction stage that its rulemakings would "likely moot many of Plaintiffs' arguments." Defs.' Resp. in Opp'n to Plfs.' Mot. for Prelim. Inj., ECF No. 92 at 33. Plaintiffs' amended allegations on these points address why the proposed rulemakings neither moot their claims nor remedy Plaintiffs' injuries.

*Second*, this amendment is not the result of undue delay. This is Plaintiffs' first opportunity to amend since learning of the proposed rulemakings, and it is made in accordance with the Court's scheduling order, which sets today, August 15, as the deadline to file amended complaints. ECF No. 117.

*Third*, granting this motion will not prejudice Defendants because the Secretary is the one who has proposed rulemaking during briefing for Plaintiffs' motion for preliminary injunction. Through ongoing conversations, Plaintiffs understand that Supervisor of Elections Defendants are also on notice of the proposed rules. Defendants are therefore already aware of the proposed rules and State Defendants have cited them as part of their legal defenses, so Defendants will not suffer prejudice from the new references in Plaintiffs' pleading.

*Fourth*, amendment is not futile. This amendment addresses changes to the factual record that Defendant Secretary of State introduced and alleges that, even with this change, Plaintiffs' injury remains.

### III.  This Court should grant leave to narrow Plaintiffs' claims.

Finally, the proposed Second Amended Complaint removes contentions concerning Fla. Stat. § 97.0575(e), the affirmation related to collecting and handling voter registration applications on behalf of 3PVROs, narrowing those claims to focus exclusively on their citizenship-related restrictions. This amendment is brought in good faith, is not the product of undue delay, will not prejudice Defendants, and is not futile. Granting the motion to amend will streamline this case, and allow the parties to focus specifically on the citizenship-based claims.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their motion for leave to amend.

### LOCAL RULE 7.1(B) CERTIFICATION

Plaintiffs' counsel has conferred with counsel for the Defendants.  The Attorney General takes no position on this motion, and all of the remaining Defendants do not oppose this motion.

### LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Frederick Wermuth, certifies that this motion contains 1,413 words, excluding the case style and certifications.

Dated: August 15, 2023                           Respectfully submitted,

Abha Khanna*                                     /s/ Frederick S. Wermuth

Makeba Rutahindurwa*
**ELIAS LAW GROUP, LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

\* Admitted *pro hac vice*

*Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez*

Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth

Frederick S. Wermuth
Florida Bar No. 0184111

9