UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC.; LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY MOODY, in her official capacity as Attorney General of Florida, CORD BYRD, in his official capacity as Florida Secretary of State,<br><br>Defendants. | Consolidated Case No. 4:23-cv-00215-MW/MAF |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund (collectively, "Plaintiffs" or "LWVFL"), by and through their undersigned attorneys, hereby provide to Defendants in the above-captioned action (the "Action") the following Initial Disclosures ("Disclosures") pursuant to Federal Rule of Civil Procedure 26(a)(1).

1

## INITIAL DISCLOSURE QUALIFICATIONS

1. Plaintiffs submit the following Disclosures without waiver of any of their rights regarding discovery.

2. Plaintiffs have made a reasonable and good faith effort to comply with their initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1). These Disclosures are based upon information that is presently known to Plaintiffs and are made without prejudice to producing during discovery, or at any point before or at trial, information or documents that are: (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from these Disclosures.

3. Plaintiffs state that their investigation of the facts and circumstances relating to this Action is ongoing. If, in the course of such investigation and/or discovery, Plaintiffs learn that additional individuals have discoverable information supporting its claims, Plaintiffs will advise all other parties of such additional individuals pursuant to Federal Rule of Civil Procedure 26(e)(1).

4. Plaintiffs hereby expressly reserve all objections to the use for any

purpose of these Disclosures or any of the information and documents referenced herein, either in the Action or in any other case, proceeding, or matter.

5. By identifying categories of documents as part of these Disclosures, Plaintiffs do not waive their right to object to any document request on any grounds and make no express or implied representations, concessions, or admissions regarding the relevance or appropriateness of any particular documents or categories of documents, and expressly reserve the right to object to any discovery requests on any basis, including but not limited to overbreadth, relevance, and burden.

6. Nothing in these Disclosures is intended as, or should be deemed as, a waiver of the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or doctrine.

7. By identifying individuals as part of these Disclosures, Plaintiffs make no express or implied representations, concessions, or admissions regarding the relevant knowledge or competence of any individual, and expressly reserve the right to object on any grounds, including relevance, undue burden, and competence, to

any deposition or testimony of any individual.

8. Plaintiffs reserve the right at any time to revise and/or supplement these Disclosures or any of the information or documents provided and/or referenced herein in response to their initial disclosure obligations.

9. These Disclosures do not identify potential expert witnesses or areas of expert testimony. Plaintiffs expressly reserve the right to provide expert witness disclosures in accordance with the Federal Rules, the Report of Parties' Planning Conference, and the Court's Scheduling Order.

10. The above qualifications ("Initial Disclosure Qualifications") shall apply to each and every Disclosure made herein, and are incorporated by reference as though fully set forth in each Disclosure.

### FRCP RULE 26(a)(1)(A) INITIAL DISCLOSURES

i. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to and without waiving the Initial Disclosure Qualifications, Plaintiffs identify the following individuals as likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless the use would be solely for impeachment. In making the following disclosures, Plaintiffs do not intend to waive, and hereby expressly reserve, any legally applicable privilege with respect to the testimony of these individuals. This identification of individuals is based on Plaintiffs' reasonable investigation to date and is subject to revision based on subsequent developments in these proceedings.

A.     The following persons formerly or currently affiliated with Plaintiffs may have discoverable information relevant to the factual allegations set forth in the Complaint. The disclosure of these individuals does not waive Plaintiffs' First Amendment privilege as to the identity of other members that have not been identified:

1. Leah Nash

    c/o Campaign Legal Center
    1101 14th Street NW, Suite 400, Washington, DC 20005

    Ms. Nash is the current Executive Director of LWVFL and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

2. Blake Summerlin

   c/o Campaign Legal Center
   1101 14th Street NW, Suite 400, Washington, DC 20005

   Mr. Summerlin is the current Statewide Communications Manager of LWVFL and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL. Mr. Summerlin has particular knowledge of LWVFL's media efforts surrounding SB 7050.

3. Cecile Scoon

   c/o Campaign Legal Center
   1101 14th Street NW, Suite 400, Washington, DC 20005

   Ms. Scoon is a current Co-President of LWVFL and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

4. Debra Chandler

   c/o Campaign Legal Center
   1101 14th Street NW, Suite 400, Washington, DC 20005

   Ms. Chandler is a current Co-President of LWVFL and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

5. Kathy Sheerin

   c/o Campaign Legal Center
   1101 14th Street NW, Suite 400, Washington, DC 20005

   Ms. Sheerin is a current Co-Chair of Voter Services for LWVFL's

local League in Orange County and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

6. Laura Rush

    c/o Campaign Legal Center
    1101 14th Street NW, Suite 400, Washington, DC 20005

    Ms. Rush is the current Chair of Voter Services of LWVFL's local League in Tallahassee and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

7. Monica Bustinza

    c/o Campaign Legal Center
    1101 14th Street NW, Suite 400, Washington, DC 20005

    Ms. Bustinza is a current member of the Board of Directors of the LWVFL and has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

8. Phyllis Applebaum

    c/o Campaign Legal Center
    1101 14th Street NW, Suite 400, Washington, DC 20005

    Ms. Applebaum is the current Voter Services Chair of LWVFL's local League in Palm Beach County. She has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

9. Kelly Williams

   c/o Campaign Legal Center
   1101 14th Street NW, Suite 400, Washington, DC 20005

   Ms. Williams is Co-Chair of the Reinstatement of Voting Rights Steering Committee and a member of the Board of Directors of the LWVFL. She has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

10. Lanelle Phillmon

    c/o Campaign Legal Center
    1101 14th Street NW, Suite 400, Washington, DC 20005

    Ms. Phillmon is the President of the LWVFL's local League in Jacksonville. She has knowledge of LWVFL's past, current, and planned efforts to register voters and encourage democratic participation, and how the challenged law will affect and has already affected LWVFL.

B.    As a general matter, Defendants are in a better position to know the names and addresses of their current and former employees, agents, and representatives who are likely to possess discoverable information. Plaintiffs believe that Defendants and their current and former employees, agents, and representatives likely have discoverable information relevant to the factual allegations set forth in the Complaint, including, but not limited to: (a) development of SB 7050;

8

(b) passage of SB 7050; (c) procedures, methods, or plans for enforcement of SB 7050; and (d) communications regarding anticipated application and enforcement of SB 7050. To date, Plaintiffs have identified the persons that likely have such discoverable information:

1. Cord Byrd, Secretary of State of the State of Florida
2. Ashley Moody, Attorney General of the State of Florida
3. Maria Matthews, Director of the Florida Division of Elections
4. Peter Antonacci, Director of the Office of Elections Crimes and Security
5. All employees of the Florida Attorney General's Office who work on election-related investigations
6. All employees of the Florida Division of Elections
7. All employees of the Office of Elections Crimes and Security

A.   In addition to the above individuals, the following current and former employees, agents, and representatives of the county Supervisors of Elections may have discoverable information relevant to the factual allegations set forth in the Complaint, including but not limited to: (a) communications regarding application and enforcement of SB 7050:

9

1. All 67 county Supervisors of Elections

B.       Any additional individuals identified by Defendants in their Initial Disclosures or in response to discovery requests served by Plaintiffs may have discoverable information relevant to the factual allegations set forth in the Complaint.

   ii.       **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs identify the following categories of documents in their possession, custody or control that Plaintiffs may use to support their claims or defenses, unless the use would be solely for impeachment: documents related to SB 7050's impact on the League's voter registration activities, including but not limited to training documents; e-mail communications between Plaintiffs' representative(s) and Defendants; documents available from publicly-available sources; documents in the possession of Defendants related to the development and passage of SB 7050 and implementation of SB 7050; documents in the possession of Defendants related to the conduct of third-party voter registration

10

organizations; and documents in the possession of Defendants related to enforcement of the current regulations for SB 7050 on third-party voter registration organizations.

Plaintiffs expressly reserve the right to use any and all documents produced by Defendants or any non-party in this Action.

iii. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Subject to and without waiving the Initial Disclosure Qualifications, Plaintiffs state that no computations of any category of damages within the scope of Rule 26(a)(1)(A)(iii) presently exist. Plaintiffs intend to seek recovery of attorneys' fees and costs.

iv. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**
Plaintiffs state that no claim for damages is asserted against them, and they therefore are not aware of any insurance policies under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment for damages that may be

entered in the Action or to indemnify or reimburse Plaintiffs for payments made to satisfy a judgment.

Dated: August 23, 2023                Respectfully submitted,

Chad W. Dunn
Florida Bar No. 0119137
BRAZIL & DUNN
1200 Brickell Avenue
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

*/s/ Brent Ferguson*
Danielle Lang (D.C. Bar No. 1500218)*
Brent Ferguson (D.C. Bar No. 1782289)*
Jonathan Diaz (D.C. Bar No. 1613558)*
Ellen Boettcher (D.C. Bar No. 90005525)*
Allison Walter (D.C. Bar No. 90008637)*
Simone Leeper (FL Bar No. 1020511)*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegal.org
bferguson@campaignlegal.org
jdiaz@campaignlegal.org
eboettcher@campaignlegal.org
awalter@campaignlegal.org
sleeper@campaignlegal.org

*Counsel for Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund*

*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023 via email and on August 23, 2023 via this Court's CM/ECF system, the foregoing document was served on the following counsel:

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.co
mAshley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FBN 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

W. David Chappell (FBN 120449)
William.chappell@myfloridalegal.com
Noah T. Sjostrom (FBN 1039142)
Noah.sjostrom@myfloridalegal.com
Stephanie A. Morse (FBN 0068713)
Stephanie.morse@my floridalegal.com
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300

*/s/ Brent Ferguson*
Brent Ferguson
*Counsel for Plaintiffs*