IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, *et al.*,

    Plaintiffs,

v.

                                      Case No. 4:23-cv-00215-MW-MAF

CORD BYRD, in his official capacity
as Secretary of State Florida, *et al.*,

    Defendants.

_____/

**THE SUPERVISORS OF ELECTIONS'**
**MOTION TO DISMISS COUNTS I, II, AND V**

    Defendants, all sixty-seven Florida County Supervisors of Elections, respectfully move the Court to dismiss Counts I, II, and V of Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief (ECF No. 139) to the extent those counts assert claims against the Supervisors.

**INTRODUCTION**

    Counts I, II, and V of the Second Amended Complaint challenge three provisions of section 97.0575 of the Florida Statutes that were amended by Senate Bill 7050 (2023) and that regulate third-party voter registration organizations, or 3PVROs. Plaintiffs allege that the Supervisors of Elections enforce only one of those provisions: the 3PVRO Fines

Provision, which imposes fines on 3PVROs that submit voter-registration applications late. ECF No. 139 ¶¶ 58–59. But the Supervisors do not and cannot enforce the 3PVRO Fines Provision.[1] Plaintiffs therefore have no standing to assert that challenge against the Supervisors.

Plaintiffs do not allege that the Supervisors have authority to impose the fines that Plaintiffs challenge. Indeed, Plaintiffs allege that the Secretary of State imposes the fines. *Id.* ¶ 55. To plead standing to sue the Supervisors, Plaintiffs allege that the Supervisors, when processing voter-registration applications, report late-submitted applications to the Secretary of State and the Attorney General, who in turn "may later access and use" that information "to make enforcement decisions." *Id.* ¶ 59. To be sure, Rule 1S-2.042(8)(c), Florida Administrative Code, directs the Supervisors to "report any untimely filed voter registration application" submitted by a 3PVRO. As this Court has concluded, however, the power to report potential violations of law does not transform the *reporting* entity into the *enforcing* entity. It is precisely because the Supervisors are not the enforcing entity that they provide factual reports of potential violations to an official who is. Because a mere reporting obligation does not convert the Supervisors into the enforcers of the fines, the alleged injury is not traceable to or redressable by the Supervisors, and Plaintiffs have no standing to assert their challenge to the 3PVRO Fines Provision against the Supervisors.

---

[1] The Second Amended Complaint defines "3PVRO Fines Provision" to mean section 97.0575(5)(a), Florida Statutes, as amended by Senate Bill 7050 (2023). ECF No. 139 ¶ 74.

Accordingly, as to the Supervisors, the Court should dismiss Counts I, II, and V with prejudice.

## **ARGUMENT**

To plead standing, a plaintiff must plausibly allege that it suffers an injury in fact that is fairly traceable to the challenged conduct and that is likely to be redressed by a favorable judicial decision. *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021). Because as a matter of law the Supervisors do not enforce the 3PVRO Fines Provision, Plaintiffs' alleged injuries are not traceable to the Supervisors, nor would judgment against them redress those injuries. Because other governmental parties, not the Supervisors, have sole enforcement authority to enforce the 3PVRO Fines Provision, Plaintiffs lack standing to assert their challenge to that provision against the Supervisors.

In *Jacobson v. Florida Secretary of State*, 974 F.3d 1236 (11th Cir. 2020), the plaintiffs challenged a statute that regulated the order in which candidates appear on the ballot. *Id.* at 1241. The court held that the plaintiffs did not have standing to sue the Secretary of State. *Id.* at 1253. While state law directed the Secretary to certify the names of qualified candidates to the Supervisors, it charged the Supervisors alone with preparation of the ballot. *Id.* Because the Secretary had no authority to enforce the challenged law, the court found that the alleged injury was not fairly traceable to the Secretary, and an injunction directed to the Secretary would not have redressed the plaintiffs' injuries. *Id.* at 1253–55.

This Court has twice concluded that, under the principles announced in *Jacobson*, a power to report is not a power to enforce. In *ACLU of Florida, Inc. v. Lee*, 546 F. Supp. 3d

1096 (N.D. Fla. 2021), and *Hetherington v. Lee*, No. 3:21-cv-00671-MCR, 2021 WL 6882441 (N.D. Fla. July 12, 2021), the court considered whether the Secretary of State's authority to report alleged violations to the Florida Elections Commission under section 106.25(2), Florida Statutes, rendered the Secretary the enforcing entity with respect to the statutes challenged in those cases. In *ACLU*, the plaintiffs challenged a law limiting contributions to political committees that sponsor proposed amendments to the Florida Constitution. 546 F. Supp. 2d at 1098. In *Hetherington*, the plaintiffs challenged a statute that prohibited non-partisan candidates from publicly campaigning based on party affiliation. 2021 WL 6882441, at *1. In both, this Court concluded that the Secretary's power to report alleged violations of those statutes to the Florida Elections Commission did not transform the Secretary into those statutes' enforcer. *Hetherington*, 2021 WL 6882441, at *3 (concluding that the Secretary's power to report alleged violations "does not mean that the Secretary possesses the authority to enforce" the challenged law); *ACLU*, 546 F. Supp. 3d at 1109–11 (finding that the Secretary "does not enforce the challenged statute," despite his power to report violations). The Court dismissed the claims against the Secretary in both cases.

The same principles demonstrate that Plaintiffs here do not have standing to sue the Supervisors. In *Jacobson*, the Secretary reported the names of qualified candidates to the Supervisors, who prepared the ballots. But the Eleventh Circuit did not find that the Secretary enforced the statute merely because the Secretary reported information to the Supervisors. Nor did the court enjoin the Secretary not to report the names of qualified candidates to the Supervisors as a means of preventing enforcement of the challenged

4

law. In *ACLU* and *Hetherington*, the Secretary was empowered to report potential violations of the challenged laws to the Florida Elections Commission, but this Court flatly rejected the argument that the power to report equated to enforcement. Here too, the Supervisors' power to report information regarding untimely filed voter registration forms to the officials who do enforce the challenged law—so that those officials "may later access and use" that information "to make enforcement decisions," ECF No. 139 ¶ 59—does not prove that the Supervisors enforce the statute. Rather, it proves that they do not.

In *ACLU* and *Hetherington*, this Court noted that, in addition to the Secretary, any member of the public could also report violations of the challenged laws to the Florida Elections Commission. *Hetherington*, 2021 WL 6882441, at *3 n.4; *ACLU*, 546 F. Supp. 3d at 1101. The same is true here. Any person "may report allegations of irregularities or fraud involving an organization's voter registration activities by filing an elections fraud complaint with" the Division of Elections. Fla. Admin. Code r. 1S-2.042(8)(b); *accord* Fla. Stat. §§ 97.012(15), 97.022(1), (2) (authorizing citizen complaints of irregularities in voter registration); Fla. Admin. Code r. 1S-2.025(2), (3) (same). Just as the power to report does not transform *everybody* into an enforcement authority, it does not render the Supervisors the enforcers either.[2]

---

[2] By analogy, a citizen who reports a potential crime to the police does not on that account become "law enforcement."

The reporting of late-submitted applications has nothing to do with the *amount* of the fines—which is what Plaintiffs challenge. If Plaintiffs prevail on their contention that the fines are excessive, then, rather than leave Florida without any operative regulation of 3PVROs, the previous statute, with its lesser fines, would be revived and take effect again. *See White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254, 261 (6th Cir. 1983) (explaining that, rather than create a "void" or "chaotic hiatus" in the law, invalidation of a statute revives the predecessor statute); *Smith v. Smathers*, 372 So. 2d 427, 429 (Fla. 1979); *State ex rel. Boyd v. Green*, 355 So. 2d 789, 795 (Fla. 1978); *State ex rel. Worthington v. Cannon*, 181 So. 2d 346, 347 (Fla. 1965). In that event, an injunction that prohibits the Supervisors from reporting late-submitted applications would be inappropriate, since it would not redress any alleged injury, but only cover violations of a *valid* statute in silence.

Nothing in section 97.0575 grants the Supervisors any authority to initiate actions against 3PVROs for any violations of that section or to assess the fines that Plaintiffs challenge. Plaintiffs concede as much in their Second Amended Complaint, alleging that "the Department of State . . . is tasked with . . . imposing fines on 3PVROs." ECF No. 139 ¶ 55.

Because the Supervisors do not enforce the 3PVRO Fines Provision as a matter of law, amendment would be futile. Plaintiffs, moreover, concede that the Supervisors "have no role in any aspect of enforcement" of the other 3PVRO Restrictions—namely, the 3PVRO Information Retention Ban and the Citizenship Requirement. ECF No. 139 ¶ 58. As to the Supervisors, therefore, this Court should dismiss Counts I, II, and V with

prejudice. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining that a court need not grant leave to amend if a more carefully drafted complaint could not state a claim).[3]

## CONCLUSION

The Supervisors respectfully move the Court to dismiss Counts I, II, and V with prejudice to the extent those counts assert claims against the Supervisors.

Respectfully submitted,

/s/ *Nathaniel A. Klitsberg*
Nathaniel A. Klitsberg (FBN 307520)
Joseph K. Jarone (FBN 117768)
Devona A. Reynolds Perez (FBN 70409)
BROWARD COUNTY ATTORNEY'S OFFICE
115 S. Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: 954-357-7600
nklitsberg@broward.org
jkjarone@broward.org
dreynoldsperez@broward.org
*Attorneys for Defendant, Broward County Supervisor of Elections*

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
*Attorneys for Supervisors of Elections for Charlotte, Collier, Indian River, Lake, Lee, Monroe, Marion, Manatee, Pasco, and Seminole Counties*

---

[3] The Supervisors recognize, of course, that any injunction entered against other defendants to this action will bind the Supervisors to the extent Federal Rule of Civil Procedure 65(d)(2) so provides.

/s/ *Nicholas A. Shannin*
Nicholas A. Shannin (FBN 9570)
SHANNIN LAW FIRM, P.A.
214 E. Lucerne Circle, Suite 200
Orlando, Florida 32801
Telephone: 407-985-2222
nshannin@shanninlaw.com
*Attorney for Defendant, Orange County Supervisors of Elections*

/s/ *Robert C. Swain*
Robert C. Swain (FBN 366961)
Diana M. Johnson (FBN 69160)
ALACHUA COUNTY ATTORNEY'S OFFICE
12 S.E. 1st Street
Gainesville, Florida 32601
Telephone: 352-374-5218
bswain@alachuacounty.us
dmjohnson@alachuacounty.us
*Attorneys for Defendant, Alachua County Supervisor of Elections*

/s/ *Susan S. Erdelyi*
Susan S. Erdelyi (FBN 0648965)
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Telephone: 904-398-0900
serdelyi@marksgray.com
*Attorney for Defendants, Baker, Bay, Bradford, Calhoun, Columbia, Dixie, Franklin, Gadsden, Gulf, Hamilton, Jackson, Lafayette, Liberty, Nassau, Putnam, Santa Rosa, St. Johns, Sumter, Suwannee, Taylor, Union, Walton, Wakulla, and Washington County Supervisors of Elections*

/s/ *Frank M. Mari*
Frank M. Mari (FBN 93243)
ROPER, P.A.
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: 407-897-5150
fmari@roperpa.com
*Attorneys for Defendants, Brevard, Desoto, Flagler, Gilchrist, Highlands, Jefferson, and Madison County Supervisors of Elections*

8

| | |
|---|---|
| /s/ *John T. LaVia, III*<br>John T. LaVia, III (FBN 0853666)<br>GARDNER, BIST, BOWDEN, BUSH, DEE, LAVIA & WRIGHT, P.A.<br>1300 Thomaswood Drive<br>Tallahassee, Florida 32308<br>Telephone: 850-385-0070<br>jlavia@gbwlegal.com<br>*Attorney for Defendants, Clay, Martin, Osceola, Polk, and St. Lucie County Supervisors of Elections* | /s/ *Craig D. Feiser*<br>Craig D. Feiser (FBN 164593)<br>DUVAL COUNTY ATTORNEY'S OFFICE<br>117 W. Duval Street, Suite 480<br>Jacksonville, Florida 32202<br>Telephone: 904-255-5100<br>cfeiser@coj.net<br>*Attorneys for Defendant, Duval County Supervisor of Elections* |
| By: /s/ *Ronald A. Labasky*<br>Ronald A. Labasky (FBN 206326)<br>P.O. Box 350<br>Tallahassee, FL 32302<br>Telephone: 850-566-2396<br>ronlabasky@gmail.com<br>rhonda@gbwfirm.net<br>*Attorney for Defendants, Clay, Martin, Osceola, Polk, and St. Lucie County Supervisors of Elections* | By: /s/ *Morgan Bentley*<br>Morgan Bentley (FBN 962287)<br>Bentley Goodrich Kison, P.A.<br>783 South Orange Ave., Third Floor<br>Sarasota, FL 34236<br>Telephone: 941-556-9030<br>mbentley@bgk.law<br>*Counsel For Defendant Sarasota County Supervisor of Elections* |

/s/ *Dale A. Scott*
Dale A. Scott (FBN 0568821)
ROPER, P.A.
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: 407-897-5150
dscott@roperpa.com
*Attorneys for Defendant, Citrus County Supervisors of Elections*

/s/ *Christi Jo Hankins*
Christi Jo Hankins (FBN 483321)
ESCAMBIA COUNTY ATTORNEY'S OFFICE
221 Palafox Place, Suite 430
Pensacola, Florida 32502
Telephone: 850-595-4970
cjhankins@myescambia.com
*Attorneys for Defendant, Escambia County Supervisor of Elections*

/s/ *Gregory T. Stewart*
Matthew R. Shaud (FBN 122252)
Gregory T. Stewart (FBN 203718)
NABORS GIBLIN & NICKERSON, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
Telephone: 850-224-4070
mshaud@ngnlaw.com
gstewart@ngn-tally.com
*Attorneys for Defendant, Okaloosa County Supervisor of Elections*

/s/ *Kyle J. Benda*
Kyle J. Benda (FBN 113525)
Jon Jouben (FBN 149561)
HERNANDO COUNTY
20 N. Main Street, Suite 462
Brooksville, Florida 34601-2850
Telephone: 352-754-4122
kbenda@co.hernando.fl.us
*Attorneys for Defendant, Hernando County Supervisor of Elections*

| | |
|---|---|
| /s/ *Jared D. Kahn*  <br>Jared D. Kahn (FBN 105276)  <br>PINELLAS COUNTY ATTORNEY'S OFFICE  <br>315 Court Street, 6th Floor  <br>Clearwater, Florida 33756  <br>Telephone: 727-464-3354  <br>jkahn@pinellas.gov  <br>*Attorneys for Defendant, Pinellas County Supervisor of Elections* | /s/ *Stephen M. Todd*  <br>Stephen M. Todd (FBN 0886203)  <br>HILLSBOROUGH COUNTY ATTORNEY'S OFFICE  <br>601 E. Kennedy Blvd., 27th Floor  <br>Tampa, Florida 33602  <br>Telephone: 813-272-5670  <br>todds@hillsboroughcounty.org  <br>*Attorneys for Defendant, Hillsborough County Supervisor of Elections* |
| /s/ *Michael B. Valdes*  <br>Michael B. Valdes (FBN 93129)  <br>Sophia M. Guzzo (FBN 1039644)  <br>MIAMI-DADE COUNTY ATTORNEY'S OFFICE  <br>111 N.W. First Street, Suite 2810  <br>Miami, Florida 33128  <br>Telephone: 305-375-5151  <br>michael.valdes@miamidade.gov  <br>sophia.guzzo@miamidade.gov  <br>*Attorneys for Defendant, Miami-Dade County Supervisor of Elections* | /s/ *Mark Herron*  <br>Mark Herron (FBN 199737)  <br>MESSER CAPARELLO, P.A.  <br>2618 Centennial Place  <br>Tallahassee, Florida 32308  <br>Telephone: 850-222-0720  <br>mherron@lawfla.com  <br>*Attorneys for Defendant, Leon County Supervisor of Elections* |

/s/ *Jessica R. Glickman*
David K. Markarian (FBN 480691)
Jessica R. Glickman (FBN 118586)
THE MARKARIAN GROUP
2925 PGA Boulevard, Suite 204
Palm Beach Gardens, Florida 33410
Telephone: 561-626-4700
dave@forbusinessandlife.com
jessica@forbusinessandlife.com
*Attorneys for Defendant, Palm Beach County Supervisor of Elections*

/s/ *Sarah Lynn Jonas*
William K. Bledsoe (FBN 02969)
Sarah Lynn Jonas (FBN 115989)
VOLUSIA COUNTY ATTORNEY'S OFFICE
123 W Indiana Avenue
Deland, Florida 32720
Telephone: 386-736-5950
kbledsoe@volusia.org
sjonas@volusia.org
*Attorneys for Defendant, Volusia County Supervisor of Elections*

By: /s/ *Geraldo Olivo*
Geraldo Olivo (FBN 60905)
Henderson, Franklin,
Starnes & Holt, P.A.
P.O. Box 280
Fort. Myers, Florida 33902
Telephone: 239-344-1168
geraldo.olivo@henlaw.com
*Attorneys for Defendants, Glades, Hardee, Hendry, Holmes, Levy, and Okeechobee County Supervisors of Elections*