UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,<br><br>    *Plaintiffs*,<br>v.<br><br>CORD BYRD, in his official capacity as Secretary of State of Florida, et al.,<br><br>    *Defendants*. | Case No. 4:23-cv-215-MW-MAF |

**PLAINTIFFS' BRIEF IN OPPOSITION TO SUPERVISOR OF ELECTIONS DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs challenge four provisions of Senate Bill 7050 ("SB 7050") via seven legal claims. Plaintiffs bring all seven claims against the Florida Secretary of State and Attorney General, who have not moved to dismiss. Plaintiffs name the Supervisor of Elections Defendants ("Supervisor Defendants") in only four claims, three of which concern increased daily and aggregate fines based on 3PVROs' delivery of voter registration applications, Fla. Stat. § 97.0575(5)(a) ("3PVRO Fines Provision"). *See* ECF No. 139, ("Compl.") at 44–51, 58–62 (Counts I, II, & V). The Supervisor Defendants now ask this Court to dismiss them as parties to these three claims on Article III standing grounds. ECF No. 146.

Based on the established standards for traceability and redressability and clear Eleventh Circuit precedent concerning the independence of Supervisors of Elections in enforcing the law, this Court should deny the Supervisor Defendants' motion.

## LEGAL STANDARD

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) generally fails where the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct are sufficient to overcome a motion to dismiss that facially challenges the complaint for lack of

2

standing. *See Fla. Action Comm. v. Seminole Cnty.*, 212 F. Supp. 3d 1213, 1220 (M.D. Fla. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Where a motion to dismiss challenges the plaintiff's standing as a matter of fact, however, the Court may consider matters outside of the allegations and exhibits. *McElmurray v. Consol. Gov't of Augusta*, 501 F.3d 1244, 1251 (11th Cir. 2007). In resolving a factual attack, the Court must give the plaintiff an opportunity for discovery and for a hearing if appropriate. *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that decisions rendered prior to September 30, 1981 are binding on Eleventh Circuit).[1]

## ARGUMENT

The Supervisor Defendants are the first link of the chain in the enforcement of the 3PVRO Fines Provision. They are responsible for identifying 3PVROs that do not comply with the requirements of the 3PVRO Fines Provision, and they directly receive, review, and in some cases investigate 3PVRO voter registration applications for compliance with the 3PVRO Fines Provision. As such, the Supervisor Defendants play a role in enforcing the 3PVRO Fines Provision, and a

[1] The Supervisor Defendants' motion is ambiguous about whether it challenges subject-matter jurisdiction under a facial or factual attack. *See* The Supervisors of Elections' Motion to Dismiss Counts I, II, and V ("Mot.") at 3–7 (omitting section setting out standard of review). Regardless, under either standard, this Court should deny the motion for the reasons articulated below.

judgment against them would redress Plaintiffs' injuries by enjoining the Supervisor Defendants from enforcing the 3PVRO Fines Provision against Plaintiffs.

Plaintiffs thus have standing to sue the Supervisor Defendants for the injuries inflicted by the 3PVRO Fines Provision. The Court should accordingly deny the Supervisor Defendants' motion to dismiss.

**I.  Plaintiffs sufficiently plead the Supervisor Defendants' role in enforcing the 3PVRO Fines Provision to survive a facial challenge to Article III standing.**

Plaintiffs' Complaint establishes traceability and redressability as to the Supervisor Defendants for Plaintiffs' injuries from the 3PVRO Fines Provision. First, with regard to traceability, "where, as here, a plaintiff has sued to enjoin a government official from enforcing a law, he must show, at the very least, that the official has the authority to enforce the particular provision that he has challenged." *Support Working Animals, Inc. v. Gov. of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). "Traceability is not an exacting standard" and is "less stringent than the tort-law concept of proximate cause[.]" *Walters v. Fast AC, LLC*, 60 F.4th 642, 650 (11th Cir. 2023) (quotations marks and citation omitted).

Plaintiffs' allegations easily satisfy this standard, pleading facts establishing that the injuries inflicted by the 3PVRO Fines Provision are traceable to the Supervisor Defendants. Specifically, Plaintiffs allege that the Supervisor Defendants are "charged with enforcing the 3PVRO Fines Provision" because "the Supervisors

4

play an active role in reporting statutory violations as part of their independent duty to process registration applications that the Secretary or Attorney General may later access and use to make enforcement decisions." Compl. ¶ 59. Plaintiffs also allege that the "Supervisors are charged with reporting violations" of the Election Code "to the Secretary and Attorney General, and may issue warnings to 3PVROs." *Id.* These statutory duties make clear that the Supervisor Defendants "ha[ve] the authority to enforce" the 3PVRO Fines Provision. *Support Working Animals*, 8 F.4th at 1201.

Second, Plaintiffs' Complaint also establishes that their injuries would be redressed by injunctive relief against the Supervisor Defendants' enforcement of the 3PVRO Fines Provision. Redressability requires that "the practical consequence" of an order against the defendants results in "a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." *Utah v. Evans*, 536 U.S. 452, 464 (2002). Here, if Plaintiffs prevail on their claims, the Court will enjoin Defendants (including the Supervisor Defendants) from enforcing the 3PVRO Fines Provision. Compl. at 47, 50, 61. Such an injunction would alleviate the injuries imposed on Plaintiffs from the enforcement of the Provision's new daily and aggregate fines, *see* Fla. Stat. § 97.0575(5)(a).[2]

---

[2] The Supervisor Defendants note that Plaintiffs would still be subject to the fines that predated SB 7050 if the Court granted the requested relief, *see* Mot. at 6, but the Supreme Court has recognized that complete relief is not required to confer Article III standing because "the ability 'to effectuate a partial remedy' satisfies the redressability requirement." *Uzuegbunam v. Preczewski*, 141 S. Ct.

## II. Even interpreting the Supervisor Defendants' motion as a factual attack on subject-matter jurisdiction, Plaintiffs have standing.

Publicly available facts beyond the Complaint reinforce that Plaintiffs' harms are traceable to the Supervisor Defendants and redressable by injunctive relief against the Supervisors' enforcement of the 3PVRO Fines Provision.

As the Supervisor Defendants acknowledge in their motion to dismiss, Rule 1S-2.042(8)(c) of the Florida Administrative Code mandates that the Supervisors "shall report any untimely filed voter registration application submitted by an organization by sending the Division [of Elections] an explanatory statement in an email and attaching documents which reflect the untimely submission[.]" Fla. Admin. Code R. 1S-2.042(8)(c) (2012); *see also* Mot. at 2 (quoting Rule 1S-2.042(8)(c)); Fla. Admin. Code R. 1S-2.042(8)(c) (2023) (proposed rule implementing reporting requirement). If the application was not clearly submitted by a 3PVRO after the relevant deadline, the Supervisor Defendants' "explanatory statement should include a description of the supervisor's efforts to contact the applicant to confirm that the application was delivered to the organization." Fla. Admin. Code R. 1S-2.042(8)(c) (2012); *see also* Fla. Admin. Code R. 1S-2.042(8)(c) (2023) (proposed rule implementing same requirement). Florida's Administrative

---

792, 801 (2021) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)). The fact that the Supervisor Defendants may still exercise duties related to 3PVRO compliance with laws predating SB 7050 does nothing to undermine redressability.

Code therefore not only requires the Supervisor Defendants to report violations but indicates they must investigate potential violations as well. The Supervisor Defendants' actions with respect to reviewing and reporting potential violations are thus a prerequisite to enforcement of the 3PVRO Fines Provision.

Further, a March 2023 PowerPoint from the Florida Division of Elections' website shows that Supervisors must "account for distribution and return of application forms" by completing Form DS-DE 124. Fla. Div. of Elections, *Third-Party Voter Registration Organization (3PVRO) Overview* at 23, https://files.floridados.gov/media/706366/3pvro-overview-rev-20230324_v2.pdf (last visited Sept. 11, 2023); Florida Div. of Elections, DS-DE 124, https://files.floridados.gov/media/693301/dsde124.pdf (last visited Sept. 11, 2023). The PowerPoint explains that the Supervisors must "report to State 3PVRO non-compliance (Form DS-DE 148), [c]ourtesy contact [] applicants whose applications were untimely submitted, and [c]onduct outreach to 3PVROs" to follow up about untimely applications. Fla. Div. of Elections, *Third-Party Voter Registration Organization (3PVRO) Overview* at 23, https://files.floridados.gov/media/706366/3pvro-overview-rev-20230324_v2.pdf (last visited Sept. 11, 2023); Florida Div. of Elections, DS-DE 148, https://files.floridados.gov/media/704340/dsde148.pdf (last visited Sept. 11, 2023). The DS-DE 148 contains a space for a narrative explanation from Supervisors

concerning a 3PVRO's noncompliance. Florida Div. of Elections, DS-DE 148, https://files.floridados.gov/media/704340/dsde148.pdf (last visited Sept. 11, 2023). This further demonstrates that the Supervisor Defendants are responsible for identifying, flagging, and following up on potential violations of the 3PVRO Fines Provision. As such, a favorable ruling by this Court would enjoin the Supervisor Defendants from being a link in the chain of enforcing the Provision.

### III. *Jacobson v. Florida Secretary of State* supports Plaintiffs' standing to sue the Supervisor Defendants.

Because the Supervisor Defendants play a role distinct from the Secretary of State in enforcing the 3PVRO Fines Provisions, established precedent dictates that Plaintiffs' harms are traceable to the Supervisor Defendants and redressable by this Court.

The Eleventh Circuit's decision in *Jacobson* only confirms Plaintiffs' standing to sue the Supervisor Defendants. In *Jacobson*, the Eleventh Circuit reviewed a challenge to a law that governed the order in which candidates appeared on the ballot in Florida's general elections. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1241 (11th Cir. 2020). The plaintiffs sued only the Secretary of State, not the Supervisors of Elections. *Id.* In finding that the plaintiffs lacked standing to sue the Secretary, the Eleventh Circuit reasoned that while the Secretary is responsible for certifying the names of the candidates to the Supervisors, the Supervisors were responsible for printing the names of the candidates in the statutorily mandated

order. *Id.* at 1253. The Eleventh Circuit concluded that the plaintiffs had not asserted an injury that was traceable to the Secretary or redressable by the court because the plaintiffs did not offer "evidence to establish that the Secretary plays any role in determining the order in which candidates appear on ballots." *Id.*

As *Jacobson* makes clear, the Supervisor Defendants are "independent officials not subject to the Secretary's control," *id.* at 1253, even when they perform duties at the direction of the Secretary of State, *id.* Here, while the Secretary also enforces the challenged 3PVRO Fines Provision (which is why he, too, is a named defendant), the Supervisors independently play a role in enforcement. If this Court dismisses the Supervisor Defendants from the case, Plaintiffs run the risk of dismissal due to "absent nonparties who are not under the Secretary's control." *Id.* at 1254.

The Supervisor Defendants' contention that they do not enforce the law because they only report violations to other state actors and do not collect fines themselves is premised on two misconceptions.

First, the Supervisor Defendants suggest that the decision in *Jacobson* turned on the officials' discretion in enforcement. But in *Jacobson*, the Eleventh Circuit acknowledged that the Supervisors were "*obliged* under state law to continue printing candidates' names 'upon the ballot in their proper place as provided by law' regardless of what a federal court might say in an action that does not involve them."

9

974 F.3d at 1255 (citing Fla. Stat. § 99.121) (emphasis added). Because the Supervisors did not have any discretion in the matter of printing the candidates' names, discretion was not a prerequisite to traceability and redressability in that case. *See also Dream Defs. v. DeSantis*, 553 F. Supp. 3d 1052, 1082 (N.D. Fla. 2021) (finding standing against sheriffs even where they did not "criminalize anything" but had "statutory duty" to carry out challenged law).

Second, Defendants imply that there is a strict divide between those who report violations and those who enforce the law. *See* Mot. at 2–5. But the case law provides no indication of such a binary approach to traceability. Rather, even in situations where one official has authority to specifically order another official to enforce the law, both officials can still be deemed proper defendants to a lawsuit. *See, e.g., id.* at 1080 (finding that plaintiffs had standing to sue both governor and sheriffs).

The Supervisor Defendants further contend that holding them accountable for the harms that the 3PVRO Fines Provision inflicts on Plaintiffs would be akin to considering "a citizen who reports a potential crime to the police" to be a part of "law enforcement." Mot. at 5 n.2 (quotation marks omitted). But neither of the cases they cite support dismissal here. In *ACLU v. Lee* and *Hetherington v. Lee*, the Secretary of State had the option to report violations of the challenged laws, but that option was insufficient to give the plaintiffs standing to sue the Secretary. *ACLU v.*

10

*Lee*, 546 F. Supp. 3d 1096, 1101 (N.D. Fla. 2021) (finding that plaintiffs did not have standing to sue Secretary where Secretary did not enforce statutory limit on certain contributions to political committee); *Hetherington v. Lee*, No. 3:21-cv-00671-MCR, 2021 WL 6882441, at *4 n.4 (N.D. Fla. July 12, 2021) (holding that plaintiff did not have standing to sue Secretary and Attorney General because power to enforce challenged law was statutorily limited to Florida Elections Commission and State Attorney). Here, the Supervisor Defendants do not have any such option. They *must* report violations of the 3PVRO Fines Provision.

The Supervisors' role in enforcement of the 3PVRO Fines Provision is distinct and independent from the roles of other enforcers of the law. Plaintiffs' harms from the Provision are therefore traceable to the Supervisor Defendants and redressable by an order from the Court enjoining the Supervisor Defendants from enforcing the 3PVRO Fines Provision. Compl. ¶¶ 59, 74.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Supervisor Defendants' motion to dismiss.

## **LOCAL RULE 7.1(F) CERTIFICATION**

The undersigned, Frederick Wermuth, certifies that this motion contains 2,287 words, excluding the case style and certifications.

Dated: September 11, 2023                           Respectfully submitted,

| | |
|---|---|
| Abha Khanna* | /s/ *Frederick S. Wermuth* |
| Makeba Rutahindurwa* | Frederick S. Wermuth |
| **ELIAS LAW GROUP, LLP** | Florida Bar No. 0184111 |
| 1700 Seventh Ave., Suite 2100 | **KING, BLACKWELL, ZEHNDER &** |
| Seattle, Washington 98101 | **WERMUTH, P.A.** |
| Telephone: (206) 656-0177 | P.O. Box 1631 |
| akhanna@elias.law | Orlando, FL 32802-1631 |
| mrutahindurwa@elias.law | Telephone: (407) 422-2472 |
| | Facsimile: (407) 648-0161 |
| Lalitha D. Madduri* | fwermuth@kbzwlaw.com |
| Melinda Johnson* | |
| Renata O'Donnell* | |
| **ELIAS LAW GROUP, LLP** | *Counsel for Plaintiffs Florida State* |
| 250 Massachusetts Ave NW, Suite 400 | *Conference of Branches of Youth Units* |
| Washington, D.C. 20001 | *of the NAACP, Voters of Tomorrow* |
| Telephone: (202) 968-4490 | *Action, Inc., Disability Rights Florida,* |
| lmadduri@elias.law | *Alianza for Progress, Alianza Center,* |
| mjohnson@elias.law | *UnidosUS, Florida Alliance for Retired* |
| rodonnell@elias.law | *Americans, Santiago Mayer* |
| | *Artasanchez, and Esperanza Sánchez* |

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2023 I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                /s/ *Frederick S. Wermuth*
                                                Frederick S. Wermuth
                                                Florida Bar No.: 0184111
                                                *Counsel for Plaintiffs*