IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
NAACP, et al.,

        Plaintiff,

v.                                          Case No. 4:23-cv-00215-MW/MAF

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

        Defendant.
_____/

## OBJECTION TO SUBPOENAS, MOTION TO QUASH SUBPOENAS, AND MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENAS ISSUED TO NON-PARTY STATE ATTORNEYS TO PRODUCE DOCUMENTS IN THIS CAUSE BY SEPTEMBER 22, 2023

Non-parties, GINGER BOWDEN-MADDEN in her official capacity as State Attorney for the First Judicial Circuit of Florida; JACK CAMPBELL in his official capacity as State Attorney for the Second Judicial Circuit of Florida; JOHN F. DURRETT in his official capacity as State Attorney for the Third Judicial Circuit of Florida; MELISSA W. NELSON in her official capacity as State Attorney for the Fourth Judicial Circuit of Florida; WILLIAM M. GLADSON in his official capacity as State Attorney for the Fifth Judicial Circuit of Florida; BRUCE L. BARTLETT in his official capacity as State Attorney for the Sixth Judicial Circuit of Florida; R.J. LARIZZA in his official capacity as State Attorney for the Seventh Judicial Circuit

1

of Florida; BRIAN S. KRAMER in his official capacity as State Attorney for the Eighth Judicial Circuit of Florida; ANDREW A. BAIN in his official capacity as State Attorney for the Ninth Judicial Circuit of Florida; BRIAN W. HAAS in his official capacity as State Attorney for the Tenth Judicial Circuit of Florida; KATHERINE FERNANDEZ RUNDLE in her official capacity as State Attorney for the Eleventh Judicial Circuit of Florida;  ED A. BRODSKY in his official capacity as State Attorney for the Twelfth Judicial Circuit of Florida; SUSAN LOPEZ  in her official capacity as State Attorney for the Thirteenth Judicial Circuit of Florida; LARRY R. BASFORD in his official capacity as State Attorney for the Fourteenth Judicial Circuit of Florida; DAVID. A. ARONBERG in his official capacity as State Attorney for the Fifteenth Judicial Circuit of Florida; DENNIS W. WARD in his official capacity as State Attorney for the Sixteenth Judicial Circuit of Florida; HAROLD F. PRYOR in his official capacity as State Attorney for the Seventeenth Judicial Circuit of Florida; PHILIP G. ARCHER in his official capacity as State Attorney for the Eighteenth Judicial Circuit of Florida; THOMAS R. BAKKEDAHL in his official capacity as State Attorney for the Nineteenth Judicial Circuit of Florida; and AMIRA D. FOX, in her official capacity as State Attorney for the Twentieth Judicial Circuit of Florida, (hereinafter, the "State Attorneys"), by and through the undersigned counsel, respectfully file this Objection to Subpoenas,

Motion to Quash Subpoenas, and Motion for Protective Order and in support thereof state the following:

1. On or about September 12, 2023, the State Attorneys, as non-parties to this action, were each served with identical Subpoenas Duces Tecum, (hereinafter the "Subpoenas"), from Plaintiff in the above styled cause. The Subpoenas command each of the State Attorneys to produce the following documents to Plaintiff by no later than 5:00 pm on September 22, 2023:

> 1. All documents and communications regarding complaints of voter fraud.
> 2. All documents and communications pertaining to the investigation, identification, or prosecution of complaints of voter fraud.
> 3. All documents and communications regarding individuals referred to your office for incorrectly collecting, handling, or delivering voter registration forms.
> 4. All documents and communications regarding individuals referred to your office for illegally copying or misusing a voter's information obtained from a voter registration application, including the voter's driver's license number, social security number, identification card number, or signature.
> 5. All documents and communications regarding noncitizens engaging in misconduct related to registering voters.

*See Subpoenas attached hereto as Composite Exhibit A*.

2. As further set forth below, Plaintiff's Subpoenas must be quashed and a protective order issued not only because they are overbroad, vague, and seek confidential, privileged, and exempt matter, but also because compliance with the

3

Subpoenas would create an undue burden and expense in violation of both Florida and U.S. law.

3. Accordingly, the State Attorneys respectfully file this written Objection to the instant Subpoenas and request that this Honorable Court enter an Order Quashing the Subpoenas and further issue a Protective Order that would prohibit Defendant from seeking or receiving exempt records involving active criminal intelligence or investigations.

4. It is well established that "State Attorneys are quasi-judicial officers." The Office of the State Attorney, Fourth Judicial Circuit of Florida v. Parrotino, 628 So.2d 1097, 1099 (Fla., 1993).

5. Further, "the Florida Supreme Court has held that the doctrine of judicial immunity embraces persons who exercise a judicial or quasi-judicial function." Dep't of Highway Safety v. Marks, 898 So.2d 1063, 1065 (Fla. 5th DCA 2005).

6. Additionally, state prosecutors are entitled to absolute immunity when they perform their quasi-judicial function of initiating prosecution and presenting the State's case. Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985). The reason for this is that a prosecutor's duty is essential to the proper functioning of the criminal justice system and limiting liability promotes the vigorous and fearless

4

performance of the prosecutor's duty. Imbler v. Pachtman, 424 U.S. at 427-28 (1976).

7. Likewise, seeking investigative work product of the State Attorney's Office is improper. Bedami v. State, 112 So. 2d 284 (Fla. 2d DCA 1959). In Eagan v. DeManio, 294 So. 2d 639 (Fla. 1974), the court quashed a subpoena duces tecum to the State Attorney and his assistant state attorney to appear for hearing and produce their files, saying that: "[s]ubjecting prosecutors to this type of discovery of their investigations would require disclosure of their work product and seriously impede criminal prosecutions."

8. Fla. R. Crim. P. 3.220(g) and Fla. R. Civ. P. 1.280(b)(3) exempt work product from criminal and civil discovery, codifying the protection of an attorney's preparatory work product established by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947). See also U.S. v. Nobles, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See McClesky v. Kemp, 481 U.S. 279 (1987); Wayte v. U.S., 470 U.S. 598 (1985); Bordenkircher v. Hayes, 434 U.S. 357 (1978).

9. "Opinion work product involves a lawyer's impressions, conclusions, opinion and theories of her client's case. Opinion work product is an absolute, or

5

nearly absolute, privilege." <u>Horning-Keating v. State</u>, 777 So. 2d 438, 444 (Fla. 5th DCA 2001) (emphasis added).

10. "[F]act work product is discoverable only if the parties seeking this work product show the court: (1) the need for this fact work product to prepare a party's case; and (2) that, without undue hardship, the party is unable to obtain the substantial equivalent of this fact work product by other means." <u>Id.</u>

11. Thus, any opinion work product Plaintiff wishes to elicit from the State Attorneys receives the highest level of protection and privilege within our legal system. Similarly, for any fact work product Plaintiff wishes to elicit from the State Attorneys, Plaintiff is unable to show that it cannot receive the information through other means, i.e., through public records requests to the individual State Attorneys' Offices ("SAO").

12. Furthermore, Plaintiff has not demonstrated why it should be permitted to issue the State Attorneys the Subpoenas for a sweepingly overbroad, vague, and unduly burdensome request for documents that contain opinion and fact work product of the State Attorneys, and where a proper request would be made pursuant to Chapter 119, Florida Statutes.

13. Rule 26(b)(2)(i), Federal Rules of Civil Procedure states that limitations on the frequency and extent of discovery are required when "the discovery sought is

6

unreasonably cumulative or duplicative, or *can be obtained from some other source that is more convenient, less burdensome, or less expensive.*"

14.     Likewise, Rule 45(d)(3)(A)(iv), Federal Rules of Civil Procedure instructs that a subpoena is required to be quashed or modified if it "subjects a person to undue burden."

15.     Here, Plaintiff's Subpoenas are overbroad and vague as they merely make general demands for "[a]ll documents and complaints" pertaining to the issues of voter fraud, voter registration forms, misuse of voter's information, and noncitizens engaging in misconduct related to registering voters. *See, Exhibit A.* Moreover, the Subpoenas fail to provide any timeline limiting the period for the documents requested, and do not in any way narrow the request in such a manner that would allow a reasonable search of SAO records.  This alone creates an undue burden on the State Attorneys which necessitates quashing of the Subpoenas and issuance of a protective order.

16.     If Plaintiff truly seeks only public records, not opinion or fact work product of the SAOs, a public record request pursuant to Chapter 119, Florida Statutes is the appropriate route to seek such information, not issuance of the Subpoenas to the State Attorneys.

17.     Public record requests under Chapter 119, Florida Statutes require payment for production of the requested records.  See, § 119.07, Florida Statutes.

Nonetheless, Plaintiff has attempted to bypass this requirement via its Subpoenas thereby subjecting the State Attorneys to the undue burden of bearing the cost of producing the requested records if the instant motion is not granted.

18. In addition to the "undue burden" rule, Rule 45(d)(3)(A)(iv), Federal Rules of Civil Procedure instructs that a subpoena is required to be quashed or modified if it "requires disclosure of privileged or other protected matter."

19. Notably, § 119.071(2)(c)1, Florida Statutes states: "Active criminal intelligence information and active criminal investigative information are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."

20. Accordingly, to the extent that the Subpoenas seek "active criminal intelligence information [or] active criminal investigative information," they must be quashed and a protective order issued as to such exempt records.

21. In addition to the foregoing, Rule 45(d)(1), Federal Rules of Civil Procedure, is titled "Avoiding Undue Burden or Expense; Sanctions" and provides the following:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required **must enforce this duty and impose an appropriate sanction**—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

22. Here, as set forth at length above, Plaintiff's counsel has not only entirely failed to comply with Rule 45(d)(1), but also has failed to meet its burden

8

to demonstrate why the State Attorneys should be compelled to provide the requested documents by September 22, 2023 at 5:00 pm. Plaintiff has not met this burden and in fact has made no attempt whatsoever to meet it. There has been no allegation or evidence demonstrating that Plaintiff has exhausted its means of discovery, much less enough to justify the extraordinary step of subpoenaing the State Attorneys. Even if Plaintiff had, the record demonstrates that there is no justification for subpoenaing the State Attorneys, especially when a records request under Chapter 119, Florida Statutes would be more convenient, less burdensome, and less expensive.

WHEREFORE, based on the foregoing, the State Attorneys, in there official capacity, pray that this Honorable Court: (1) quash the Subpoenas issued by Plaintiff; (2) enter a protective order for the State Attorneys, their offices, and all current and former assistant state attorneys therein to prevent them from being subpoenaed to provide documents concerning and revealing privileged information of the prosecutorial functions of the Offices of the State Attorneys or other statutorily confidential information; and (3) enter an award of attorneys' fees as sanctions against Plaintiff for violation of Rule 45(d)(1), Federal Rules of Civil Procedure.

**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
_____
Arthur I. Jacobs, Esq.
Fla. Bar No. 108249

9

Richard J. Scholz, Esq.
Fla. Bar No. 0021261
Douglas A. Wyler, Esq.
Fla. Bar No. 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, FL 32034
Telephone: (904) 261-3693
Facsimile: (904) 261-7879
filings@jswflorida.com
buddy@jswflorida.com

*General Counsel to the*
*Florida Prosecuting Attorneys Association*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of September, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all parties and counsel of record.

*/s/ Arthur I. Jacobs*
_____