IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                   Case Nos.: **4:23cv215-MW/MAF**
                                               **4:23cv216-MW/MAF**
                                               **4:23cv218-MW/MAF**

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO EXTEND THEIR EXPERT DISCLOSURE DEADLINE**

This Court has considered, without hearing, Defendants Secretary Byrd and Attorney General Moody's motion "to extend their expert-disclosure deadline from November 13, 2023 to December 13, 2023." ECF No. 167. Plaintiffs filed a response in opposition. ECF No. 173. For the reasons that follow, the motion is **GRANTED in part** and **DENIED in part**.

Defendants Secretary Byrd and Attorney General Moody argue that their requested extension would "make the parties' expert-disclosure timelines fairer." ECF No. 167 at 1–2. These Defendants note that "Plaintiffs had roughly five months . . . to find experts and to assist with the expert-report-drafting process" and they

disclosed three experts with lengthy reports. This leaves Defendants, from their perspective, with insufficient time to "find experts who can rebut those reports, and assist with the expert-report-drafting process." *Id.* at 2. In response, Plaintiffs note that while they do not object to an extension of Defendants' expert disclosure deadlines, they do object to the corresponding extension of the remaining deadlines it would necessitate. ECF No. 173 at 2. Specifically, Plaintiffs are concerned that extending all remaining deadlines by one month, as Defendants request, would also require moving the April 1, 2024 trial period setting. *Id.* at 2–4.

Both sides' concerns are valid. Defendants have a brief window to find expert witnesses, and Plaintiffs' desire to keep their trial setting given its temporal proximity to elections in this state is considerable. In light of these concerns, this Court will, to use a crude term, split the baby. This Court will extend Defendants' expert disclosure deadline, and all corresponding deadlines save for the trial setting, by two weeks. This will afford the parties sufficient time to meet their pretrial motion deadlines and this Court sufficient time to address dispositive motions.[1] Accordingly,

---

[1] This Court usually sets pretrial conferences about two weeks before the trial setting—not forty-five days—mitigating some of Plaintiff's concerns with the parties' abilities to meet deadlines.

**IT IS ORDERED**:

1. Defendants Secretary Byrd and Attorney General Moody motion "to extend their expert-disclosure deadline from November 13, 2023 to December 13, 2023," ECF No. 167, is **GRANTED in part** and **DENIED in part**.

2. The motion is **GRANTED** in that the following deadlines are extended as follows:

    a. Defendants shall disclose their expert witnesses and reports **on or before Monday, November 27, 2023**.

    b. Plaintiffs shall disclose their rebuttal expert witnesses and reports, if any, **on or before Thursday, December 21, 2023**.

    c. The discovery deadline is extended to **Tuesday, January 2, 2024**.

    d. The deadline for filing summary-judgment motions is **on or before Tuesday, January 23, 2024**.

3. The motion is otherwise **DENIED**.

4. All other deadlines in the operative scheduling and mediation order, ECF No. 117—including this case being set for the trial period beginning on April 1, 2024—remain in effect.

**SO ORDERED on October 27, 2023.**

                                           s/Mark E. Walker_____
                                           **Chief United States District Judge**