UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CORD BYRD, in his official capacity as Secretary of State of Florida, et al., <br><br> *Defendants*. | Case Nos. 4:23-cv-215-MW-MAF <br> 4:23-cv-216-MW-MAF <br> 4:23-cv-218-MW-MAF |

## UNOPPOSED MOTION FOR LEAVE TO AMEND

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiffs Florida State Conference of Branches and Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance of Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez move for leave to file the attached Third Amended Complaint. Defendants do not oppose. In support thereof, Plaintiffs state:

### BACKGROUND

Plaintiffs filed their initial complaint on May 24, 2023. ECF No. 1. Plaintiffs then filed their first amended complaint on June 9, 2023. ECF No. 52. On August 15, 2023, Plaintiffs filed an unopposed motion for leave to file a second amended

complaint in order to reflect new information learned about the role of the Supervisors of Election. ECF No. 137 at 1–2. This Court granted the motion, and Plaintiffs filed the now operative second amended complaint on August 16, 2023. ECF No. 138; ECF No. 139.

Plaintiff Esperanza Sánchez is an organizer at UnidosUS. ECF No. 139 ¶ 49. At the time Plaintiffs filed the second amended complaint, Ms. Sánchez was a legal permanent resident but not a citizen of the United States. *Id.* On July 3, 2023, this Court granted Plaintiffs' motion for a preliminary injunction, finding that Ms. Sánchez's injuries were "sufficient for purposes of challenging the citizenship requirement[.]" ECF No. 101 at 15, 19. Approximately three months after that order was issued, on September 21, 2023, Ms. Sánchez was sworn in as a citizen of the United States.

Plaintiffs invoked this Court's jurisdiction based on both standing on the part of the organizational plaintiffs based on harm to their members and harm to the organizations themselves, as well as standing on the part of Ms. Sánchez as an individual who, as a non-citizen working for impacted organizations, will be personally harmed by the challenged provisions. However, some judges on the Eleventh Circuit have recently suggested that the question as to whether organizational plaintiffs can bring a § 1981 contract discrimination claim addressing SB 7050's citizenship restrictions on behalf of their members remains open. *See*

2

*Sheba Ethiopian Rest., Inc. v. DeKalb Cnty., Ga.*, No. 21-13077, 2023 WL 3750710, at *6 (11th Cir. June 1, 2023) (Luck, J.); *but see White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 947 F.3d 301, 305 (5th Cir. 2020); *Webster v. Fulton Cnty., Ga.*, 283 F.3d 1254, 1256 n.3 (11th Cir. 2002). Accordingly, and in light of Ms. Sánchez's recent change in citizenship status, Plaintiffs move for leave to file a third amended complaint to add Plaintiff Humberto Orjuela Prieto—a non-citizen who has been employed by UnidosUS for voter registration canvassing and who is similarly situated to Ms. Sánchez but for her recent change in citizenship status—to ensure that they retain standing to bring their claims. As described in the proposed third amended complaint (attached here as Exhibit 1), but for the threat of the enforcement of the challenged provisions Mr. Prieto would engage in voter registration canvassing for UnidosUS.

## ARGUMENT

"Courts should freely give leave to amend the pleadings when justice so requires." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quotation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Because the court-ordered deadline to amend the pleadings ran on August 15, 2023, *see* ECF No. 117 at 2, Plaintiffs now move under Federal Rule of Civil Procedure 16 to modify

the scheduling order to allow the amendment, which requires a showing of good cause, and Rule 15, which requires written consent of the parties or leave of the Court. *SE Prop. Holdings, LLC v. McElheney*, No. 5:12cv164-MW/EMT, 2021 WL 9181838, at *5 (N.D. Fla. Mar. 8, 2021).

The essential inquiry into good cause under Rule 16 is whether the moving party failed to meet the original schedule "despite the[ir] diligence." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted). If the Court determines that Plaintiffs have exercised diligence, it turns to Rule 15, which allows for amendment with the opposing party's written consent or leave of the Court. The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Defendants do not oppose amendment, and Plaintiffs satisfy the Rule 15 factors courts apply when granting leave to amend. *See SE Prop. Holdings*, 2021 WL 9181838, at *5.

I. **There is good cause to modify the case scheduling order to allow Plaintiffs to amend under Rule 16.**

Plaintiffs have acted diligently throughout this litigation and satisfy Rule 16's good cause requirement. Here, "newly revealed facts or changes in law that give rise to their motion to amend," *League of Women Voters v. Lee*, 4:21-cv-186-MW-MAF, ECF 312 at 5 (N.D. Fla. Nov. 4, 2021) (citing Fed. R. Civ. P. 16(b)(4)), establish the necessary good cause. *See also Sosa*, 133 F.3d at 1419 (noting courts should consider

4

whether information concerned in amendment was available when complaint was filed).

The events that necessitated this motion had not yet occurred at the time of the Court's August 15, 2023, amendment deadline. ECF No. 117 at 2. Nor, given the unpredictable timelines in processing citizenship applications and the fast pace at which this case has necessarily moved, did Plaintiffs reasonably anticipate that Ms. Sánchez would obtain U.S. citizenship mid-suit.

Upon learning of Ms. Sánchez's changed citizenship status, Plaintiffs' counsel promptly conferred with opposing counsel and moved to amend to add a new individual noncitizen Plaintiff—Mr. Prieto—who is otherwise similarly situated to Ms. Sánchez. Under these circumstances, Plaintiffs have shown good cause for this Court to allow them to amend under Rule 16.

## II. Plaintiffs satisfy the factors for granting leave to amend under Rule 15.

Plaintiffs do not seek to change the substance of their claims, the nature of their theories, or to rectify a previously apparent deficiency in their pleadings. Rather, they seek to make a non-substantive amendment in reaction to a fortuitus (but unforeseen) event. Defendants do not oppose amendment, and Plaintiffs easily satisfy each of the factors Courts consider in determining whether leave should be granted: This amendment is brought in good faith, is not the product of undue delay, will not prejudice Defendants, and is not futile.

***No undue delay, bad faith, or dilatory motive***: Ms. Sánchez very recently became a citizen. Her status changed months after the preliminary injunction motion, hearing, and decision and after the Court's deadline for amending the complaint. Plaintiffs promptly moved to confer with Defendants to amend the complaint to add an additional plaintiff who remains a non-citizen. Defendants have no objection to the amendment. This factor is satisfied.

***No repeated failure to cure deficiencies previously***: Plaintiffs have not repeatedly failed to cure deficiencies by amendments.

***No prejudice***: Amendment would not unduly prejudice the opposing party. Defendants do not oppose the amendment. Moreover, adding a virtually identically situated individual plaintiff does not change the substance of Plaintiffs' claims, Defendants have not yet deposed Ms. Sánchez, Mr. Prieto can and will provide prompt responses to the few discovery requests Defendants issued to Individual Plaintiffs, and Mr. Prieto's responses will not materially differ from those that Ms. Sánchez has provided.

***Not futile***: Amendment is not futile because Mr. Prieto would clearly have standing to challenge SB 7050's citizenship restrictions. Granting Plaintiffs leave to amend thus is consistent with the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez*, 774 F.3d at 1342.

For all these reasons, justice requires that this Court grant Plaintiffs leave to amend.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their motion for leave to amend.

## LOCAL RULE 7.1(B) CERTIFICATION

Plaintiffs' counsel has conferred with counsel for the Defendants, and they do not oppose this motion.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Frederick Wermuth, certifies that this motion contains 1,306 words, excluding the case style and certifications.

Dated: December 4, 2023

Respectfully submitted,

Abha Khanna*
Makeba Rutahindurwa*
**ELIAS LAW GROUP, LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*\* Admitted pro hac vice*

*Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
