## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

     *Plaintiffs*,

     v.                              Case No. 4:23-cv-215-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

     *Defendants*.

_____/

### SECRETARY OF STATE'S ANSWER TO
### PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Cord Byrd, in his official capacity as Florida Secretary of State, hereby answers Plaintiffs' Third Amended Complaint ("Complaint). *See* ECF No. 184. Any allegation that is not specifically admitted or qualified is denied. As to the numbered paragraphs of the Complaint, the Secretary answers as follows:[1]

### NATURE OF THE CASE

1.     Admitted that third-party voter registration organizations ("3PVROs") have collected and submitted a number of voter registration forms to Florida's election

---

[1] The headings herein are recreated from Plaintiffs' Complaint and are included for the purposes of organization and clarity only. Further, the headings (and the footnote on page six of the Complaint) are material to which no response is required; to the extent a response is required, it is denied.

officials since 2018. The referenced numbers and website speak for themselves. Otherwise, denied.

2.      Admitted that the Florida Legislature passed Senate Bill 7050 ("SB 7050") and that the Florida Governor then approved SB 7050 on May 24, 2023. Admitted that SB 7050 is an omnibus election bill that imposes new requirements on 3PVROs. Otherwise, denied.

3.      The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

4.      The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegation that SB 7050 suppresses voters. The referenced statement speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

5.      The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

6.      The Secretary specifically admits that Plaintiffs are 3PVROs, other organizations, and individual noncitizens. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

7.      Denied.

## JURISDICTION AND VENUE

8.      The Secretary admits that Plaintiffs brought this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1988. The referenced statutes speak for themselves. The Secretary specifically denies that this Court has jurisdiction over some or all of Plaintiffs' claims. Otherwise, denied.

9.      The Secretary admits that Plaintiffs brought this action pursuant to 52 U.S.C. § 10508. The referenced statute speaks for itself. The Secretary specifically denies that this Court has jurisdiction over some or all of Plaintiffs' claims. Otherwise, denied.

10.      The Secretary admits that Plaintiffs brought this action pursuant to 28 U.S.C. §§ 1331 and 1343. The referenced statutes speak for themselves. The Secretary specifically denies that this Court has jurisdiction over some or all of Plaintiffs' claims. Otherwise, denied.

11.      Admitted.

12.      Admitted.

13.      The Secretary admits that Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02 and Federal Rules of Civil Procedure 57 and 65. The referenced statutes and rules speak for themselves. The Secretary specifically denies that this Court has jurisdiction over some or all of Plaintiffs' claims. Otherwise, denied.

## PARTIES

14.      Without sufficient knowledge and therefore denied.

15.     Admitted that Florida State Conference NAACP is a registered 3PVRO. Otherwise, without sufficient knowledge and therefore denied.

16.     Without sufficient knowledge and therefore denied.

17.     Without sufficient knowledge and therefore denied.

18.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

19.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

20.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

21.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

22.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

23.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

24.     Without sufficient knowledge and therefore denied.

25.     Without sufficient knowledge and therefore denied.

26.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

27.     The referenced statutes speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

28.     Without sufficient knowledge and therefore denied.

29.     The Secretary specifically admits that Plaintiff Disability Rights Florida, Inc. is a registered 3PVRO. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

30.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning

the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

31.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

32.     Without sufficient knowledge and therefore denied.

33.     Without sufficient knowledge and therefore denied.

34.     Admitted that Alianza for Progress, Inc. and Alianza Center, Inc. are registered 3PVROs. Otherwise, without sufficient knowledge and therefore denied.

35.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

36.     The Secretary specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

37.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

38.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning

the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

39.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

40.     Without sufficient knowledge and therefore denied.

41.     Admitted that UnidosUS is a registered 3PVRO. The referenced numbers speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

42.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

43.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

44.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

45.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

46.     Without sufficient knowledge and therefore denied.

47.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

48.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

49.     Without sufficient knowledge and therefore denied.

50.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

51.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning

the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

52.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

53.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

54.     Denied.

55.     Admitted that Plaintiffs have sued Defendant Cord Byrd in his official capacity as the Secretary of State of Florida and that he is the State's chief election officer. The referenced statutes speak for themselves. Otherwise, denied.

56.     Admitted that the Office of Election Crimes and Security is created within the Department of State. The referenced statutes and report speak for themselves. Otherwise, denied.

57.     Admitted that Plaintiffs have sued Defendant Ashley Moody in her official capacity as the Attorney General of Florida. The referenced statutes speak for themselves. Otherwise, denied.

58.     Admitted that Plaintiffs have sued Defendant Supervisors of Elections in their official capacities as elected or appointed Florida constitutional officers, and that they are responsible for administering elections in their respective counties. The referenced statutes speak for themselves. Otherwise, denied.

59.     Admitted.

60.     Admitted that although Defendants Supervisors of Elections process voter registration applications and report potential noncompliance by 3PVROs via Form DS-DE 126 (formerly Form DS-DE 148), they do not enforce the 3PVRO Fines Provision. Without sufficient knowledge as to whether any Supervisors of Elections issues warnings to 3PVROs and therefore denied. Otherwise, denied.

61.     Admitted that Plaintiffs have sued all 67 of Florida's Supervisors of Elections in their official capacities.

## STATEMENT OF FACTS AND LAW

**I.   The challenged provisions infringe 3PVRO's First Amendment rights and unlawfully harm voters.**

62.     Denied.

63.     Denied.

### A. 3PVRO Restrictions

64.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning

the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

### 1.    Citizenship Requirement

65.    The referenced statute speaks for itself. Otherwise, denied.

66.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

67.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

68.    The referenced statement speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

69.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

70.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning

the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

71.    Without sufficient knowledge and therefore denied.

72.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

73.    The referenced statement speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

74.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

## 2.    3PVRO Fines Provision

75.    The referenced statute speaks for itself. Otherwise, denied.

76.    The refenced statutes speaks for themselves. Otherwise, denied.

77.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

78.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning

the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

79.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

80.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

81.     The referenced statement speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

82.     Denied.

### 3.     3PVRO Information Retention Ban

83.     The referenced statute speaks for itself. Otherwise, denied.

84.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

85.     The referenced statute speaks for itself. Otherwise, denied.

### B. Mail-In Ballot Request Assistance Restriction

86.     The referenced statute speaks for itself. Otherwise, denied.

87.     The referenced statute speaks for itself. Otherwise, denied.

88.     The referenced statute speaks for itself. Otherwise, denied.

89.     Without sufficient knowledge and therefore denied.

90.     The referenced numbers speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

91.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

92.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

93.     The referenced proposed rule speaks for itself. Otherwise, denied.

94.     The referenced statute speaks for itself. Otherwise, denied.

## II.    The challenged provisions were passed in the wake of two of Florida's "most secure" and successful elections with high turnout.

95.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

96.     The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

97.     The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

98.     Admitted that voter turnout was 77% in the 2020 general election. Otherwise, without sufficient knowledge and therefore denied.

14

99.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

100.   Denied.

101.   Admitted that SB 7050 was introduced during the 2023 legislative session. Otherwise, without sufficient knowledge and therefore denied.

102.   The referenced statement speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

103.   Without sufficient knowledge and therefore denied.

104.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

105.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

106.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

107.   The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

108.   The referenced statement speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

## CLAIMS FOR RELIEF

### COUNT I
**Infringement of Free Speech**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

109.   The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

110.   The referenced constitutional amendments speak for themselves. Otherwise, denied.

111.   The referenced cases speak for themselves. Otherwise, denied.

112.   The referenced cases speak for themselves. Otherwise, denied.

113.   The referenced cases speak for themselves. Otherwise, denied.

114.   The referenced case speaks for itself. Otherwise, denied.

115.   Denied.

116.   The referenced cases speak for themselves. Otherwise, denied.

117.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count I of the Complaint.

### COUNT II
**Infringement of Associational Rights**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

16

118.   The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

119.   The referenced cases speak for themselves. Otherwise, denied.

120.   The referenced case speaks for itself. Otherwise, denied.

121.   The referenced cases speak for themselves. Otherwise, denied.

122.   The referenced cases speak for themselves. Otherwise, denied.

123.   The referenced case speaks for itself. Without sufficient knowledge as to Plaintiffs' wishes and voter registration efforts and therefore denied. Otherwise, denied.

124.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

125.   The referenced cases speak for themselves. Otherwise, denied.

126.   The referenced case speaks for itself. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count II of the Complaint.

## COUNT III
**Equal Protection Clause**
**U.S. Const. amend. XIV, 42 U.S.C. § 1983**
**(Citizenship Requirement, Fla. Stat. § 97.0575(1)(e))**
**Against Defendants Byrd and Moody**

127.   The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

128.   The referenced constitutional amendment speaks for itself. Otherwise, denied.

129.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

130.   The referenced case speaks for itself. Otherwise, denied.

131.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

132.   The referenced case speaks for itself. Otherwise, denied.

133.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

134.   The referenced cases speak for themselves. Otherwise, denied.

135.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

136.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

137.   The referenced cases speak for themselves. Otherwise, denied.

138.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The referenced statement speaks for itself. Otherwise, denied.

139.   The referenced statements speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

140.   Denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count III of the Complaint.

## COUNT IV
### Equal Rights Under the Law
### 42 U.S.C. § 1981
### (Citizenship Requirement, Fla. Stat. § 97.0575(1)(e))
### Against Defendants Byrd and Moody

141.   The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

142.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

143.   The referenced statute and case speak for themselves. Otherwise, denied.

144.   The referenced statute speaks for itself. Without sufficient knowledge as to Plaintiff Prieto's citizenship status and therefore denied. Otherwise, denied.

145.   The referenced constitutional provision and case speak for themselves. Otherwise, denied.

146.   The referenced statute speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Without sufficient knowledge as to Plaintiff Prieto's employment and therefore denied. Otherwise, denied.

147.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute and constitutional provision speak for themselves. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count IV of the Complaint.

## COUNT V
**Equal Protection Clause, U.S. Const. amend. XIV**
**42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

148.   The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

149.   The referenced constitutional amendment speaks for itself. Otherwise, denied.

150.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced constitutional provision speaks for itself. Otherwise, denied.

151.   The referenced cases speak for themselves. Otherwise, denied.

152.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The referenced constitutional provision speaks for itself. Otherwise, denied.

20

153.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The referenced statements speak for themselves. Otherwise, denied.

154.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

155.   The referenced constitutional provision speaks for itself. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count V of the Complaint.

## COUNT VI
**Vagueness and Overbreadth**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**
**(Citizenship Requirement and Information Retention Ban, Fla. Stat.**
**§ 97.0575(1)(f), (7))**
**Against Defendants Byrd and Moody**

156.   The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

157.   The referenced cases speak for themselves. Otherwise, denied.

158.   The referenced cases speak for themselves. Otherwise, denied.

159.   The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

160.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

161.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

162.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

163.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced constitutional amendment speaks for itself. Otherwise, denied.

164.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The Secretary is without sufficient knowledge regarding Plaintiffs' voter registration efforts and therefore denies the same. The referenced case speaks for itself. Otherwise, denied.

165.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

166.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced statute speaks for itself. Otherwise, denied.

167.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

22

168.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

169.    The referenced proposed rule speaks for itself. Otherwise, denied.

170.    The referenced constitutional provision and case speak for themselves. Otherwise, denied.

171.    Without sufficient knowledge as to whether Plaintiffs would be confused. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count VI of the Complaint.

## COUNT VII
**Section 208 of the Voting Rights Act**
**52 U.S.C. § 10508**
**(Mail-In Ballot Request Restriction, Fla. Stat. § 101.62)**
**Against All Defendants**

172.    The Secretary incorporates by reference the responses to numbered paragraphs 1-108 of the Complaint.

173.    The referenced statute speaks for itself. Otherwise, denied.

174.    The referenced statute speaks for itself. Otherwise, denied.

175.    The referenced statute and case speak for themselves. Otherwise, denied.

176.    The referenced case speaks for itself. Otherwise, denied.

177.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

178.    Denied.

179.    Denied.

180.    The referenced proposed rule speaks for itself. Otherwise, denied.

181.    The referenced statutes speak for themselves. Otherwise, denied.

182.    Without sufficient knowledge as to whether Plaintiffs or their constituents would be confused. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count VII of the Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under the U.S. Constitution's First Amendment.

2.      Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under the U.S. Constitution's Fourteenth Amendment.

3.      Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under 42 U.S.C. § 1981.

4.      Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under 42 U.S.C. § 1983.

5.      Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under 52 U.S.C. § 10508.

6.      Plaintiffs' requested relief is contrary to article I, section 4, clause 1 of the U.S. Constitution, and otherwise contradicts constitutional separation-of-powers and federalism requirements.

24

7.    Some or all of Plaintiffs lack standing to pursue the claims asserted.

8.    Some of Plaintiffs' claims will be mooted by the Secretary's pending rulemaking, including Plaintiffs' claim that section 101.62, Florida Statutes, violates 52 U.S.C. § 10508.

9.    There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

10.   Plaintiffs fail to allege any basis upon which injunctive relief would be available from this Court.

11.   The Secretary reserves the right to identify additional affirmative defenses.

Dated: December 15, 2023

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Respectfully submitted,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FBN 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Counsel for the Secretary*

25

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 15, 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

<u>/s/ Mohammad O. Jazil</u>
Mohammad O. Jazil