CHAPTER 2022-73

Committee Substitute for
Committee Substitute for Senate Bill No. 524

An act relating to election administration; amending s. 15.21, F.S.; requiring the Secretary of State to notify the Attorney General if signatures required for an initiative petition are no longer valid; authorizing the Secretary of State to resubmit the initiative petition to the Attorney General if certain conditions are met; amending s. 16.061, F.S.; requiring the Attorney General to withdraw his or her petition for an advisory opinion by the Supreme Court if notified by the Secretary of State that the initiative petition no longer meets the criteria for review; requiring the Attorney General to file a new petition for an advisory opinion if the initiative petition subsequently qualifies for review; creating s. 97.022, F.S.; creating the Office of Election Crimes and Security within the Department of State; specifying the duties and structure of the office; providing for construction; requiring the department to annually report to the Governor and Legislature regarding the office's activities; specifying requirements for such report; amending s. 97.0291, F.S.; clarifying provisions governing the prohibition on the solicitation, acceptance, use, and disposal of private funds for certain election-related expenses; amending s. 97.052, F.S.; adding requirements to the uniform statewide voter registration application; amending s. 97.057, F.S.; conforming a cross-reference; amending s. 97.0575, F.S.; deleting a requirement that a third-party voter registration organization provide a certain notification to an applicant; revising a limitation on the amount of aggregate fines which may be assessed against a third-party voter registration organization in a calendar year; specifying that a third-party voter registration organization is liable for a certain fine if a person collecting voter registration applications on its behalf is convicted of unlawfully altering any application; amending s. 98.065, F.S.; revising the frequency with which supervisors of elections must conduct a registration list maintenance program; modifying required components of registration list maintenance programs; conforming provisions to changes made by the act; amending s. 98.0655, F.S.; revising requirements for certain registration list maintenance forms to be prescribed by the Department of State; amending s. 98.075, F.S.; requiring the Department of State to identify deceased registered voters using information received by specified agencies; amending s. 98.093, F.S.; requiring clerks of the circuit court and the Department of Highway Safety and Motor Vehicles to furnish additional information to the Department of State on a monthly basis; amending s. 100.041, F.S.; providing an exception to certain county commissioner election requirements for certain districts; amending s. 100.371, F.S.; revising duties of the supervisor with respect to the processing and retention of initiative petition forms; requiring the supervisor to post additional information regarding petition forms on his or her website; requiring the Secretary of State to notify the Financial Impact Estimating Conference if the signatures for an initiative petition

1
CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

are no longer valid; specifying conditions under which the Financial Impact Estimating Conference does not need to complete an analysis and financial impact statement for an initiative petition; creating s. 101.019, F.S.; prohibiting the use of ranked-choice voting to determine election or nomination to elective office; voiding existing or future local ordinances authorizing the use of ranked-choice voting; amending s. 101.043, F.S.; deleting a provision that prohibits using an address appearing on identification presented by an elector as a basis to confirm an elector's legal residence; deleting a provision that prohibits a clerk or an inspector from asking an elector to provide additional identification information under specified circumstances; amending s. 101.051, F.S.; replacing references to "secure drop boxes" with "secure ballot intake stations"; conforming terminology to changes made by the act; amending s. 101.151, F.S.; revising requirements for Department of State rules regarding certified voting systems and ballot specifications; amending s. 101.5614, F.S.; requiring specified individuals observing the ballot duplication process to sign a specified affidavit acknowledging certain criminal penalties; prohibiting persons authorized to observe, review, or inspect ballot materials or observe canvassing from releasing certain information about an election before the closing of the polls; providing criminal penalties; amending s. 101.6103, F.S.; conforming certain provisions governing the Mail Ballot Election Act to provisions applicable to the mailing and canvassing of vote-by-mail ballots; amending s. 101.65, F.S.; conforming terminology to changes made by the act; amending s. 101.655, F.S.; revising the date by which requests for supervised voting must be submitted to the supervisor; amending s. 101.69, F.S.; revising requirements for permanent branch offices of the supervisor which may be used as secure ballot intake station locations; conforming terminology to changes made by the act; amending s. 102.031, F.S.; conforming terminology to changes made by the act; amending s. 102.091, F.S.; requiring the Governor, in consultation with the executive director of the Department of Law Enforcement, to appoint special officers to investigate election law violations; specifying requirements for such special officers; providing construction; amending s. 102.101, F.S.; prohibiting a special officer from entering a polling place; providing exceptions; amending s. 104.0616, F.S.; increasing criminal penalties for certain unlawful acts involving vote-by-mail ballots; amending s. 104.185, F.S.; increasing criminal penalties for a person who signs another person's name or a fictitious name on specified petitions; amending s. 104.186, F.S.; increasing criminal penalties for a person who unlawfully compensates a petition circulator based on the number of petition forms gathered; amending s. 124.011, F.S.; providing that certain county commissioners must be elected at the general election immediately following redistricting; requiring such commissioners' terms to commence on a certain date; providing applicability; amending s. 921.0022, F.S.; ranking a specified offense involving vote-by-mail ballots on the severity ranking chart of the Criminal Punishment Code; providing legislative findings and intent; requiring the Department of State to submit a report to the Legislature by a specified date; providing report requirements; providing effective dates.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Be It Enacted by the Legislature of the State of Florida:

Section 1.    Section 15.21, Florida Statutes, is amended to read:

15.21    Initiative petitions; s. 3, Art. XI, State Constitution.—

(1)    The Secretary of State shall immediately submit an initiative petition to the Attorney General if the sponsor has:

(a)(1)    Registered as a political committee pursuant to s. 106.03;

(b)(2)    Submitted the ballot title, substance, and text of the proposed revision or amendment to the Secretary of State pursuant to ss. 100.371 and 101.161; and

(c)(3)    Obtained a letter from the Division of Elections confirming that the sponsor has submitted to the appropriate supervisors for verification, and the supervisors have verified, forms signed and dated equal to 25 percent of the number of electors statewide required by s. 3, Art. XI of the State Constitution in one-half of the congressional districts of the state.

(2)    If the Secretary of State has submitted an initiative petition to the Attorney General pursuant to subsection (1) but the validity of the signatures for such initiative petition have expired pursuant to s. 100.371(11)(a) before securing ballot placement, the Secretary of State must promptly notify the Attorney General. The Secretary of State may resubmit the initiative petition to the Attorney General if the initiative petition is later circulated for placement on the ballot of a subsequent general election and the criteria under subsection (1) are satisfied.

Section 2.    Subsection (4) is added to section 16.061, Florida Statutes, to read:

16.061    Initiative petitions.—

(4)    If the Attorney General is notified by the Secretary of State pursuant to s. 15.21(2) that an initiative petition no longer qualifies for ballot placement for the ensuing general election, the Attorney General must withdraw his or her request for an advisory opinion if the Supreme Court has not yet fulfilled that request. If the Secretary of State subsequently resubmits the initiative petition if the criteria in s. 15.21(1) are again satisfied and the court has not issued its advisory opinion, the Attorney General must file a new petition seeking such advisory opinion.

Section 3.    Section 97.022, Florida Statutes, is created to read:

97.022    Office of Election Crimes and Security; creation; purpose and duties.—

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

(1)   The Office of Election Crimes and Security is created within the Department of State. The purpose of the office is to aid the Secretary of State in completion of his or her duties under s. 97.012(12) and (15) by:

(a)   Receiving and reviewing notices and reports generated by government officials or any other person regarding alleged occurrences of election law violations or election irregularities in this state.

(b)   Initiating independent inquiries and conducting preliminary investigations into allegations of election law violations or election irregularities in this state.

(2)   The office may review complaints and conduct preliminary investigations into alleged violations of the Florida Election Code or any rule adopted pursuant thereto and any election irregularities.

(3)   The secretary shall appoint a director of the office.

(4)   The office shall be based in Tallahassee and shall employ nonsworn investigators to conduct any investigations. The positions and resources necessary for the office to accomplish its duties shall be established through and subject to the legislative appropriations process.

(5)   The office shall oversee the department's voter fraud hotline.

(6)   This section does not limit the jurisdiction of any other office or agency of the state empowered by law to investigate, act upon, or dispose of alleged election law violations.

(7)   By January 15 of each year, the department shall submit a report to the Governor, the President of the Senate, and the Speaker of the House of Representatives detailing information on investigations of alleged election law violations or election irregularities conducted during the prior calendar year. The report must include the total number of complaints received and independent investigations initiated and the number of complaints referred to another agency for further investigation or prosecution, including the total number of those matters sent to a special officer pursuant to s. 102.091. For each alleged violation or irregularity investigated, the report must include:

(a)   The source of the alleged violation or irregularity;

(b)   The law allegedly violated or the nature of the irregularity reported;

(c)   The county in which the alleged violation or irregularity occurred;

(d)   Whether the alleged violation or irregularity was referred to another agency for further investigation or prosecution, and if so, to which agency; and

(e)   The current status of the investigation or resulting criminal case.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Section 4.   Section 97.0291, Florida Statutes, is amended to read:

97.0291   Prohibition on use of private funds for election-related expenses. No agency or state or local official responsible for conducting elections, including, but not limited to, a supervisor of elections, may solicit, accept, use, or dispose of any donation in the form of money, grants, property, or personal services from an individual or a nongovernmental entity for the purpose of funding <u>any type of</u> <s>election-related</s> expenses <u>related to election administration, including, but not limited to,</u> <s>or</s> voter education, voter outreach, <u>voter</u> <s>or</s> registration programs<u>, or the cost of any litigation related to election administration</u>. This section does not prohibit the donation and acceptance of space to be used for a polling room or an early voting site.

Section 5.   Paragraph (g) is added to subsection (3) of section 97.052, Florida Statutes, to read:

97.052   Uniform statewide voter registration application.—

(3)   The uniform statewide voter registration application must also contain:

<u>(g)   A statement informing the applicant that if the application is being collected by a third-party voter registration organization, the organization might not deliver the application to the division or the supervisor in the county in which the applicant resides in less than 14 days or before registration closes for the next ensuing election, and that the applicant may instead elect to deliver the application in person or by mail or choose to register online. The statement must further inform the applicant how to determine whether the application has been delivered.</u>

Section 6.   Effective January 1, 2023, subsection (13) of section 97.057, Florida Statutes, is amended to read:

97.057   Voter registration by the Department of Highway Safety and Motor Vehicles.—

(13)   The Department of Highway Safety and Motor Vehicles must assist the Department of State in regularly identifying changes in residence address on the driver license or identification card of a voter. The Department of State must report each such change to the appropriate supervisor of elections who must change the voter's registration records in accordance with <u>s. 98.065(5)</u> <s>s. 98.065(4)</s>.

Section 7.   Present subsections (4) through (7) of section 97.0575, Florida Statutes, are redesignated as subsections (5) through (8), respectively, a new subsection (4) is added to that section, and paragraph (a) of subsection (3) of that section is amended, to read:

97.0575   Third-party voter registrations.—

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

(3)(a)   A third-party voter registration organization that collects voter registration applications serves as a fiduciary to the applicant, ensuring that any voter registration application entrusted to the organization, irrespective of party affiliation, race, ethnicity, or gender, must be promptly delivered to the division or the supervisor of elections in the county in which the applicant resides within 14 days after the application was completed by the applicant, but not after registration closes for the next ensuing election. ~~A third-party voter registration organization must notify the applicant at the time the application is collected that the organization might not deliver the application to the division or the supervisor of elections in the county in which the applicant resides in less than 14 days or before registration closes for the next ensuing election and must advise the applicant that he or she may deliver the application in person or by mail. The third-party voter registration organization must also inform the applicant how to register online with the division and how to determine whether the application has been delivered.~~ If a voter registration application collected by any third-party voter registration organization is not promptly delivered to the division or supervisor of elections in the county in which the applicant resides, the third-party voter registration organization is liable for the following fines:

1.   A fine in the amount of $50 for each application received by the division or the supervisor of elections in the county in which the applicant resides more than 14 days after the applicant delivered the completed voter registration application to the third-party voter registration organization or any person, entity, or agent acting on its behalf. A fine in the amount of $250 for each application received if the third-party voter registration organization or person, entity, or agency acting on its behalf acted willfully.

2.   A fine in the amount of $100 for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, before book closing for any given election for federal or state office and received by the division or the supervisor of elections in the county in which the applicant resides after the book-closing deadline for such election. A fine in the amount of $500 for each application received if the third-party registration organization or person, entity, or agency acting on its behalf acted willfully.

3.   A fine in the amount of $500 for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, which is not submitted to the division or supervisor of elections in the county in which the applicant resides. A fine in the amount of $1,000 for any application not submitted if the third-party voter registration organization or person, entity, or agency acting on its behalf acted willfully.

The aggregate fine pursuant to this paragraph which may be assessed against a third-party voter registration organization, including affiliate organizations, for violations committed in a calendar year is <u>$50,000</u> ~~$1,000~~.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(4)  If a person collecting voter registration applications on behalf of a third-party voter registration organization alters the voter registration application of any other person, without the other person's knowledge and consent, in violation of s. 104.012(4) and is subsequently convicted of such offense, the applicable third-party voter registration organization is liable for a fine in the amount of $1,000 for each application altered.

Section 8.   Effective January 1, 2023, present subsections (3) through (6) of section 98.065, Florida Statutes, are redesignated as subsections (4) through (7), respectively, a new subsection (3) is added to that section, and subsection (2) and present subsections (3), (4), and (5) of that section are amended, to read:

98.065   Registration list maintenance programs.—

(2)  A supervisor must incorporate one or more of the following procedures in the supervisor's annual biennial registration list maintenance program under which the supervisor shall:

(a)  Use change-of-address information supplied by the United States Postal Service through its licensees is used to identify registered voters whose addresses might have changed. Additionally, in odd-numbered years, unless the supervisor is conducting the procedure specified in paragraph (b), the supervisor must identify change-of-address information from returned nonforwardable return-if-undeliverable address confirmation requests mailed to all registered voters who have not voted in the preceding two general elections or any intervening election and who have not made a request that their registration records be updated during that time; or

(b)  Identify change-of-address information is identified from returned nonforwardable return-if-undeliverable mail sent to all registered voters in the county; or

(c)  Change-of-address information is identified from returned nonforwardable return-if-undeliverable address confirmation requests mailed to all registered voters who have not voted in the last 2 years and who did not make a written request that their registration records be updated during that time.

(3)  Address confirmation requests sent pursuant to paragraph (2)(a) and mail sent pursuant to paragraph (b) must be addressed to the voter's address of legal residence, not including voters temporarily residing outside the county and registered in the precinct designated by the supervisor pursuant to s. 101.045(1). If a request is returned as undeliverable, any other notification sent to the voter pursuant to subsection (5) or s. 98.0655 must be addressed to the voter's mailing address on file, if any.

(4)  A registration list maintenance program must be conducted by each supervisor, at a minimum, once in each odd-numbered year and must be completed not later than 90 days before prior to the date of any federal

7

election. All list maintenance actions associated with each voter must be entered, tracked, and maintained in the statewide voter registration system.

(5)(a)(4)(a) If the supervisor receives change-of-address information pursuant to the activities conducted in subsection (2), from jury notices signed by the voter and returned to the courts, from the Department of Highway Safety and Motor Vehicles, or from other sources which indicates that a registered voter's legal residence might have changed to another location within the state, the supervisor must change the registration records to reflect the new address and must send the voter an address change notice as provided in s. 98.0655(2).

(b) If the supervisor of elections receives change-of-address information pursuant to the activities conducted in subsection (2), from jury notices signed by the voter and returned to the courts, or from other sources which indicates that a registered voter's legal residence might have changed to a location outside the state, the supervisor of elections shall send an address confirmation final notice to the voter as provided in s. 98.0655(3).

(c) If an address confirmation request required by paragraph (2)(a) is returned as undeliverable without indication of an address change, or there is no response from the voter within 30 days, or if any other nonforwardable return-if-undeliverable mail is returned as undeliverable with no indication of an address change, the supervisor shall send an address confirmation final notice to all addresses on file for the voter.

(d) The supervisor must designate as inactive all voters who have been sent an address confirmation final notice and who have not returned the postage prepaid, preaddressed return form within 30 days or for which the final notice has been returned as undeliverable. Names on the inactive list may not be used to calculate the number of signatures needed on any petition. A voter on the inactive list may be restored to the active list of voters upon the voter updating his or her registration and confirming his or her current address of legal residence, requesting a vote-by-mail ballot and confirming his or her current address of legal residence, or appearing to vote and confirming his or her current address of legal residence. However, if the voter does not update his or her voter registration information, request a vote-by-mail ballot, or vote by the second general election after being placed on the inactive list, the voter's name shall be removed from the statewide voter registration system and the voter shall be required to reregister to have his or her name restored to the statewide voter registration system.

(6)(5) A notice may not be issued pursuant to this section and a voter's name may not be removed from the statewide voter registration system later than 90 days prior to the date of a federal election. However, this section does not preclude the correction of registration records based on information submitted by the voter or removal of the name of a voter from the statewide voter registration system at any time upon the voter's written request, by reason of the voter's death, or upon a determination of the voter's ineligibility as provided in s. 98.075(7).

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

Section 9.   Effective January 1, 2023, subsections (1) and (3) of section 98.0655, Florida Statutes, are amended to read:

98.0655   Registration list maintenance forms.—The department shall prescribe registration list maintenance forms to be used by the supervisors which must include:

(1)   An address confirmation request that must contain:

(a)   The voter's name and address of legal residence as shown on the voter registration record; ~~and~~

(b)   A request that the voter notify the supervisor if either the voter's name or address of legal residence is incorrect;

(c)   If the address confirmation request is required by s. 98.065(2)(a), a statement that if the voter has not changed his or her legal residence or has changed his or her legal residence within the state, the voter should return the form within 30 days after the date on which the notice was sent to the voter; and

(d)   Information about updating voter information through the online voter registration system.

(3)   An address confirmation final notice that must be sent to the newly recorded address of legal residence, or to all addresses on file for the voter if no indication of new address has been received, by forwardable mail and must contain a postage prepaid, preaddressed return form and a statement that:

(a)   If the voter has not changed his or her legal residence or has changed his or her legal residence within the state, the voter should return the form within 30 days after the date on which the notice was sent to the voter.

(b)   If the voter has changed his or her legal residence to a location outside the state:

1.   The voter shall return the form, which serves as a request to be removed from the registration books; and

2.   The voter shall be provided with information on how to register in the new jurisdiction in order to be eligible to vote.

(c)   If the return form is not returned, the voter's name shall be designated as inactive in the statewide voter registration system, and confirmation of the voter's address of legal residence may be required before the voter is authorized to vote in an election.

Section 10.   Paragraph (a) of subsection (3) of section 98.075, Florida Statutes, is amended to read:

9

98.075   Registration records maintenance activities; ineligibility determinations.—

(3)   DECEASED PERSONS.—

(a)1.   The department shall identify those registered voters who are deceased by comparing information received from either:

a.   The Department of Health as provided in s. 98.093; or

b.   The United States Social Security Administration, including, but not limited to, any master death file or index compiled by the United States Social Security Administration; and

c.   The Department of Highway Safety and Motor Vehicles.

2.   Within 7 days after receipt of such information through the statewide voter registration system, the supervisor shall remove the name of the registered voter.

Section 11.   Section 98.093, Florida Statutes, is amended to read:

98.093   Duty of officials to furnish information relating to deceased persons, persons adjudicated mentally incapacitated, and persons convicted of a felony, and persons who are not United States citizens.—

(1)   In order to identify ineligible registered voters and maintain accurate and current voter registration records in the statewide voter registration system pursuant to procedures in s. 98.065 or s. 98.075, it is necessary for the department and supervisors of elections to receive or access certain information from state and federal officials and entities in the format prescribed.

(2)   To the maximum extent feasible, state and local government agencies shall facilitate provision of information and access to data to the department, including, but not limited to, databases that contain reliable criminal records and records of deceased persons. State and local government agencies that provide such data shall do so without charge if the direct cost incurred by those agencies is not significant.

(a)   The Department of Health shall furnish monthly to the department a list containing the name, address, date of birth, date of death, social security number, race, and sex of each deceased person 17 years of age or older.

(b)   Each clerk of the circuit court shall furnish monthly to the department:

1.   A list of those persons who have been adjudicated mentally incapacitated with respect to voting during the preceding calendar month, a list of those persons whose mental capacity with respect to voting has been restored during the preceding calendar month, and a list of those persons

10

who have returned signed jury notices during the preceding months to the clerk of the circuit court indicating a change of address. Each list shall include the name, address, date of birth, race, sex, and, whichever is available, the Florida driver license number, Florida identification card number, or social security number of each such person.

2.   Information on the terms of sentence for felony convictions, including any financial obligations for court costs, fees, and fines, of all persons listed in the clerk's records whose last known address in the clerk's records is within this state and who have been convicted of a felony during the preceding month. The information may be provided directly by individual clerks of the circuit court or may be provided on their behalf through the Comprehensive Case Information System. For each felony conviction reported, the information must include:

a.   The full name, last known address, date of birth, race, sex, and, if available, the Florida driver license number or Florida identification card number, as applicable, and the social security number of the person convicted.

b.   The amounts of all financial obligations, including restitution and court costs, fees, and fines, and, if known, the amount of financial obligations not yet satisfied.

c.   The county in which the conviction occurred.

d.   The statute number violated, statute table text, date of conviction, and case number.

(c)   Upon receipt of information from the United States Attorney, listing persons convicted of a felony in federal court, the department shall use such information to identify registered voters or applicants for voter registration who may be potentially ineligible based on information provided in accordance with s. 98.075.

(d)   The Department of Law Enforcement shall identify those persons who have been convicted of a felony who appear in the voter registration records supplied by the statewide voter registration system, in a time and manner that enables the department to meet its obligations under state and federal law.

(e)   The Florida Commission on Offender Review shall furnish at least bimonthly to the department data, including the identity of those persons granted clemency in the preceding month or any updates to prior records which have occurred in the preceding month. The data shall contain the commission's case number and the person's name, address, date of birth, race, gender, Florida driver license number, Florida identification card number, or the last four digits of the social security number, if available, and references to record identifiers assigned by the Department of Corrections

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

and the Department of Law Enforcement, a unique identifier of each clemency case, and the effective date of clemency of each person.

(f)  The Department of Corrections shall identify those persons who have been convicted of a felony and committed to its custody or placed on community supervision. The information must be provided to the department at a time and in a manner that enables the department to identify registered voters who are convicted felons and to meet its obligations under state and federal law.

(g)  The Department of Highway Safety and Motor Vehicles shall furnish monthly to the department:

1.  A list of those persons whose names have been removed from the driver license database because they have been licensed in another state. The list must shall contain the name, address, date of birth, sex, social security number, and driver license number of each such person.

2.  A list of those persons who presented evidence of non-United States citizenship upon being issued a new or renewed Florida driver license or Florida identification card. The list must contain the name; address; date of birth; social security number, if applicable; and Florida driver license number or Florida identification card number, as applicable, of each such person.

(3)  This section does not limit or restrict the supervisor in his or her duty to remove the names of persons from the statewide voter registration system pursuant to s. 98.075(7) based upon information received from other sources.

Section 12.  Paragraph (a) of subsection (2) of section 100.041, Florida Statutes, is amended to read:

100.041  Officers chosen at general election.—

(2)(a)  Except as provided in s. 124.011 relating to single member districts after decennial redistricting, each county commissioner from an odd-numbered district shall be elected at the general election in each year the number of which is a multiple of 4, for a 4-year term commencing on the second Tuesday following such election, and each county commissioner from an even-numbered district shall be elected at the general election in each even-numbered year the number of which is not a multiple of 4, for a 4-year term commencing on the second Tuesday following such election. A county commissioner is "elected" for purposes of this paragraph on the date that the county canvassing board certifies the results of the election pursuant to s. 102.151.

Section 13.  Paragraphs (a) and (c) of subsection (11) and paragraph (a) of subsection (13) of section 100.371, Florida Statutes, are amended to read:

100.371  Initiatives; procedure for placement on ballot.—

CODING: Words stricken are deletions; words underlined are additions.

(11)(a)   An initiative petition form circulated for signature may not be bundled with or attached to any other petition. Each signature shall be dated when made and shall be valid until the next February 1 occurring in an even-numbered year for the purpose of the amendment appearing on the ballot for the general election occurring in that same year, provided all other requirements of law are met. The sponsor shall submit signed and dated forms to the supervisor of elections for the county of residence listed by the person signing the form for verification of the number of valid signatures obtained. If a signature on a petition is from a registered voter in another county, the supervisor shall notify the petition sponsor of the misfiled petition. The supervisor shall promptly verify the signatures within 60 days after receipt of the petition forms and payment of a fee for the actual cost of signature verification incurred by the supervisor. However, for petition forms submitted less than 60 days before February 1 of an even-numbered year, the supervisor shall promptly verify the signatures within 30 days after receipt of the form and payment of the fee for signature verification. The supervisor shall promptly record, in the manner prescribed by the Secretary of State, the date each form is received by the supervisor, and the date the signature on the form is verified as valid. The supervisor may verify that the signature on a form is valid only if:

1.   The form contains the original signature of the purported elector.

2.   The purported elector has accurately recorded on the form the date on which he or she signed the form.

3.   The form sets forth the purported elector's name, address, city, county, and voter registration number or date of birth.

4.   The purported elector is, at the time he or she signs the form and at the time the form is verified, a duly qualified and registered elector in the state.

5.   The signature was obtained legally, including that if a paid petition circulator was used, the circulator was validly registered under subsection (3) when the signature was obtained.

The supervisor shall retain all the signature forms, separating forms verified as valid from those deemed invalid, for at least 1 year following the election for in which the petition was circulated issue appeared on the ballot or until the division notifies the supervisors of elections that the committee that circulated the petition is no longer seeking to obtain ballot position.

(c)   On the last day of each month, or on the last day of each week from December 1 of an odd-numbered year through February 1 of the following year, each supervisor shall post on his or her website the total number of signatures submitted, the total number of invalid signatures, the total number of signatures processed, and the aggregate number of verified valid signatures and the distribution of such signatures by congressional district for each proposed amendment proposed by initiative, along with the

following information specific to the reporting period: the total number of signed petition forms received, the total number of signatures verified, the distribution of verified valid signatures by congressional district, and the total number of verified petition forms forwarded to the Secretary of State.

(13)(a)   At the same time the Secretary of State submits an initiative petition to the Attorney General pursuant to s. 15.21, the secretary shall submit a copy of the initiative petition to the Financial Impact Estimating Conference. Within 75 days after receipt of a proposed revision or amendment to the State Constitution by initiative petition from the Secretary of State, the Financial Impact Estimating Conference shall complete an analysis and financial impact statement to be placed on the ballot of the estimated increase or decrease in any revenues or costs to state or local governments and the overall impact to the state budget resulting from the proposed initiative. The 75-day time limit is tolled when the Legislature is in session. The Financial Impact Estimating Conference shall submit the financial impact statement to the Attorney General and Secretary of State. If the initiative petition has been submitted to the Financial Impact Estimating Conference but the validity of signatures has expired and the initiative petition no longer qualifies for ballot placement at the ensuing general election, the Secretary of State must notify the Financial Impact Estimating Conference. The Financial Impact Estimating Conference is not required to complete an analysis and financial impact statement for an initiative petition that fails to meet the requirements of subsection (1) for placement on the ballot before the 75-day time limit, including any tolling period, expires. The initiative petition may be resubmitted to the Financial Impact Estimating Conference if the initiative petition meets the requisite criteria for a subsequent general election cycle. A new Financial Impact Estimating Conference shall be established at such time as the initiative petition again satisfies the criteria in s. 15.21(1).

Section 14.   Section 101.019, Florida Statutes, is created to read:

101.019   Ranked-choice voting prohibited.—

(1)   A ranked-choice voting method that allows voters to rank candidates for an office in order of preference and has ballots cast be tabulated in multiple rounds following the elimination of a candidate until a single candidate attains a majority may not be used in determining the election or nomination of any candidate to any local, state, or federal elective office in this state.

(2)   Any existing or future ordinance enacted or adopted by a county, a municipality, or any other local governmental entity which is in conflict with this section is void.

Section 15.   Paragraphs (b) and (c) of subsection (1) of section 101.043, Florida Statutes, are amended to read:

101.043   Identification required at polls.—

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(1)

(b)  If the picture identification does not contain the signature of the elector, an additional identification that provides the elector's signature shall be required. The address appearing on the identification presented by the elector may not be used as the basis to ~~confirm an elector's legal residence or otherwise~~ challenge an elector's legal residence. The elector shall sign his or her name in the space provided on the precinct register or on an electronic device provided for recording the elector's signature. The clerk or inspector shall compare the signature with that on the identification provided by the elector and enter his or her initials in the space provided on the precinct register or on an electronic device provided for that purpose and allow the elector to vote if the clerk or inspector is satisfied as to the identity of the elector.

~~(c)  When an elector presents his or her picture identification to the clerk or inspector and the elector's address on the picture identification matches the elector's address in the supervisor's records, the elector may not be asked to provide additional information or to recite his or her home address.~~

Section 16.   Subsections (2) and (5) of section 101.051, Florida Statutes, are amended to read:

101.051   Electors seeking assistance in casting ballots; oath to be executed; forms to be furnished.—

(2)   It is unlawful for any person to be in the voting booth with any elector except as provided in subsection (1). A person at a polling place, a <u>secure ballot intake station</u> ~~drop box~~ location, or an early voting site, or within 150 feet of a <u>secure ballot intake station</u> ~~drop box~~ location or the entrance of a polling place or an early voting site, may not solicit any elector in an effort to provide assistance to vote pursuant to subsection (1). Any person who violates this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(5)   If an elector needing assistance requests that a person other than an election official provide him or her with assistance in voting, the clerk or one of the inspectors shall require the person providing assistance to take the following oath:

DECLARATION TO PROVIDE ASSISTANCE

State of Florida

County of ......

Date ......

Precinct ......

15

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

I, …(Print name)…, have been requested by …(print name of elector needing assistance)… to provide him or her with assistance to vote. I swear or affirm that I am not the employer, an agent of the employer, or an officer or agent of the union of the voter and that I have not solicited this voter at the polling place, secure ballot intake station ~~drop box~~ location, or early voting site or within 150 feet of such locations in an effort to provide assistance.

…(Signature of assistor)…

Sworn and subscribed to before me this ...... day of ......, …(year)….

…(Signature of Official Administering Oath)…

Section 17.   Subsection (9) of section 101.151, Florida Statutes, is amended to read:

101.151   Specifications for ballots.—

(9)(a)   The Department of State shall adopt rules prescribing a uniform primary and general election ballot for each certified voting system. The rules shall incorporate the requirements set forth in this section and shall prescribe additional matters and forms that include, without limitation:

1.   The ballot title followed by clear and unambiguous ballot instructions and directions limited to a single location on the ballot, either:

a.   Centered across the top of the ballot; or

b.   In the leftmost column, with no individual races in that column unless it is the only column on the ballot;

2.   Individual race layout; and

3.   Overall ballot layout~~; and~~

~~4.   Oval vote targets as the only permissible type of vote target, except as provided in s. 101.56075~~.

(b)   The rules must graphically depict a sample uniform primary and general election ballot form for each certified voting system.

Section 18.   Paragraph (a) of subsection (4) and subsection (8) of section 101.5614, Florida Statutes, are amended to read:

101.5614   Canvass of returns.—

(4)(a)   If any vote-by-mail ballot is physically damaged so that it cannot properly be counted by the voting system's automatic tabulating equipment,

a true duplicate copy shall be made of the damaged ballot in an open and accessible room in the presence of witnesses and substituted for the damaged ballot. Likewise, a duplicate ballot shall be made of a vote-by-mail ballot containing an overvoted race if there is a clear indication on the ballot that the voter has made a definite choice in the overvoted race or ballot measure. A duplicate shall include all valid votes as determined by the canvassing board based on rules adopted by the division pursuant to s. 102.166(4). A duplicate may be made of a ballot containing an undervoted race or ballot measure if there is a clear indication on the ballot that the voter has made a definite choice in the undervoted race or ballot measure. A duplicate may not include a vote if the voter's intent in such race or on such measure is not clear. Upon request, a physically present candidate, a political party official, a political committee official, or an authorized designee thereof, must be allowed to observe the duplication of ballots upon signing an affidavit affirming his or her acknowledgment that disclosure of election results discerned from observing the ballot duplication process while the election is ongoing is a felony, as provided under subsection (8). The observer must be allowed to observe the duplication of ballots in such a way that the observer is able to see the markings on each ballot and the duplication taking place. All duplicate ballots must be clearly labeled "duplicate," bear a serial number which shall be recorded on the defective ballot, and be counted in lieu of the defective ballot. The duplication of ballots must happen in the presence of at least one canvassing board member. After a ballot has been duplicated, the defective ballot shall be placed in an envelope provided for that purpose, and the duplicate ballot shall be tallied with the other ballots for that precinct. If any observer makes a reasonable objection to a duplicate of a ballot, the ballot must be presented to the canvassing board for a determination of the validity of the duplicate. The canvassing board must document the serial number of the ballot in the canvassing board's minutes. The canvassing board must decide whether the duplication is valid. If the duplicate ballot is determined to be valid, the duplicate ballot must be counted. If the duplicate ballot is determined to be invalid, the duplicate ballot must be rejected and a proper duplicate ballot must be made and counted in lieu of the original.

(8) Any supervisor of elections, deputy supervisor of elections, canvassing board member, election board member, or election employee, or other person authorized to observe, review, or inspect ballot materials or observe canvassing who releases any information about votes cast for or against any candidate or ballot measure or any the results of any election before prior to the closing of the polls in that county on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Section 19.    Subsections (1) and (6) of section 101.6103, Florida Statutes, are amended to read:

101.6103    Mail ballot election procedure.—

(1) Except as otherwise provided in subsection (7), the supervisor of elections shall mail all official ballots with a secrecy envelope, a return

17

mailing envelope, and instructions sufficient to describe the voting process to each elector entitled to vote in the election <u>within the timeframes specified in s. 101.62(4)</u> ~~not sooner than the 20th day before the election and not later than the 10th day before the date of the election~~. All such ballots shall be mailed by first-class mail. Ballots shall be addressed to each elector at the address appearing in the registration records and placed in an envelope which is prominently marked "Do Not Forward."

(6)   The canvassing board may begin the canvassing of mail ballots <u>as provided by s. 101.68(2)(a). The criminal penalty specified in that paragraph for the release of results before 7 p.m. on election day is also applicable to canvassing conducted under this act</u> ~~at 7 a.m. on the sixth day before the election, including processing the ballots through the tabulating equipment. However, results may not be released until after 7 p.m. on election day. Any canvassing board member or election employee who releases any result before 7 p.m. on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.~~

Section 20.   Section 101.65, Florida Statutes, is amended to read:

101.65   Instructions to absent electors.—The supervisor shall enclose with each vote-by-mail ballot separate printed instructions in substantially the following form; however, where the instructions appear in capitalized text, the text of the printed instructions must be in bold font:

READ THESE INSTRUCTIONS CAREFULLY
BEFORE MARKING BALLOT.

1.   VERY IMPORTANT. In order to ensure that your vote-by-mail ballot will be counted, it should be completed and returned as soon as possible so that it can reach the supervisor of elections of the county in which your precinct is located no later than 7 p.m. on the day of the election. However, if you are an overseas voter casting a ballot in a presidential preference primary or general election, your vote-by-mail ballot must be postmarked or dated no later than the date of the election and received by the supervisor of elections of the county in which you are registered to vote no later than 10 days after the date of the election. Note that the later you return your ballot, the less time you will have to cure any signature deficiencies, which is authorized until 5 p.m. on the 2nd day after the election.

2.   Mark your ballot in secret as instructed on the ballot. You must mark your own ballot unless you are unable to do so because of blindness, disability, or inability to read or write.

3.   Mark only the number of candidates or issue choices for a race as indicated on the ballot. If you are allowed to "Vote for One" candidate and you vote for more than one candidate, your vote in that race will not be counted.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

4.   Place your marked ballot in the enclosed secrecy envelope.

5.   Insert the secrecy envelope into the enclosed mailing envelope which is addressed to the supervisor.

6.   Seal the mailing envelope and completely fill out the Voter's Certificate on the back of the mailing envelope.

7.   VERY IMPORTANT. In order for your vote-by-mail ballot to be counted, you must sign your name on the line above (Voter's Signature). A vote-by-mail ballot will be considered illegal and not be counted if the signature on the voter's certificate does not match the signature on record. The signature on file at the time the supervisor of elections in the county in which your precinct is located receives your vote-by-mail ballot is the signature that will be used to verify your signature on the voter's certificate. If you need to update your signature for this election, send your signature update on a voter registration application to your supervisor of elections so that it is received before your vote-by-mail ballot is received.

8.   VERY IMPORTANT. If you are an overseas voter, you must include the date you signed the Voter's Certificate on the line above (Date) or your ballot may not be counted.

9.   Mail, deliver, or have delivered the completed mailing envelope. Be sure there is sufficient postage if mailed. THE COMPLETED MAILING ENVELOPE CAN BE DELIVERED TO THE OFFICE OF THE SUPER-VISOR OF ELECTIONS OF THE COUNTY IN WHICH YOUR PRECINCT IS LOCATED OR DROPPED OFF AT AN AUTHORIZED SECURE BALLOT INTAKE STATION DROP BOX, AVAILABLE AT EACH EARLY VOTING LOCATION.

10.   FELONY NOTICE. It is a felony under Florida law to accept any gift, payment, or gratuity in exchange for your vote for a candidate. It is also a felony under Florida law to vote in an election using a false identity or false address, or under any other circumstances making your ballot false or fraudulent.

Section 21.   Subsection (1) of section 101.655, Florida Statutes, is amended to read:

101.655   Supervised voting by absent electors in certain facilities.—

(1)   The supervisor of elections of a county shall provide supervised voting for absent electors residing in any assisted living facility, as defined in s. 429.02, or nursing home facility, as defined in s. 400.021, within that county at the request of any administrator of such a facility. Such request for supervised voting in the facility shall be made by submitting a written request to the supervisor of elections no later than 28 21 days prior to the election for which that request is submitted. The request shall specify the name and address of the facility and the name of the electors who wish to vote by mail in that election. If the request contains the names of fewer than

five voters, the supervisor of elections is not required to provide supervised voting.

Section 22.    Subsections (2) and (3) of section 101.69, Florida Statutes, are amended to read:

101.69    Voting in person; return of vote-by-mail ballot.—

(2)(a)    The supervisor shall allow an elector who has received a vote-by-mail ballot to physically return a voted vote-by-mail ballot to the supervisor by placing the return mail envelope containing his or her marked ballot in a secure <u>ballot intake station</u> ~~drop box~~. Secure <u>ballot intake stations</u> ~~drop boxes~~ shall be placed at the main office of the supervisor, at each permanent branch office of the supervisor <u>which meets the criteria set forth in s. 101.657(1)(a) for branch offices used for early voting and is open for at least the minimum amount of hours prescribed by s. 98.015(4)</u>, and at each early voting site. Secure <u>ballot intake stations</u> ~~drop boxes~~ may also be placed at any other site that would otherwise qualify as an early voting site under s. 101.657(1). <u>Secure ballot intake stations</u> ~~Drop boxes~~ must be geographically located so as to provide all voters in the county with an equal opportunity to cast a ballot, insofar as is practicable. Except for secure <u>ballot intake stations</u> ~~drop boxes~~ at an office of the supervisor, a secure <u>ballot intake station</u> ~~drop box~~ may only be used during the county's early voting hours of operation and must be monitored in person by an employee of the supervisor's office. A secure <u>ballot intake station</u> ~~drop box~~ at an office of the supervisor must be continuously monitored in person by an employee of the supervisor's office when the <u>secure ballot intake station</u> ~~drop box~~ is accessible for deposit of ballots.

(b)    A supervisor shall designate each <u>secure ballot intake station location</u> ~~drop box site~~ at least 30 days before an election. The supervisor shall provide the address of each <u>secure ballot intake station</u> ~~drop box~~ location to the division at least 30 days before an election. After a <u>secure ballot intake station</u> ~~drop box~~ location has been designated, it may not be moved or changed except as approved by the division to correct a violation of this subsection.

(c)1.    On each day of early voting, all <u>secure ballot intake stations</u> ~~drop boxes~~ must be emptied at the end of early voting hours and all ballots retrieved from the <u>secure ballot intake stations</u> ~~drop boxes~~ must be returned to the supervisor's office.

2.    For <u>secure ballot intake stations</u> ~~drop boxes~~ located at an office of the supervisor, all ballots must be retrieved before the <u>secure ballot intake station</u> ~~drop box~~ is no longer monitored by an employee of the supervisor.

3.    Employees of the supervisor must comply with procedures for the chain of custody of ballots as required by s. 101.015(4).

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(3)   If any <u>secure ballot intake station</u> <s>drop box</s> is left accessible for ballot receipt other than as authorized by this section, the supervisor is subject to a civil penalty of $25,000. The division is authorized to enforce this provision.

Section 23.   Paragraph (a) of subsection (4) of section 102.031, Florida Statutes, is amended to read:

102.031   Maintenance of good order at polls; authorities; persons allowed in polling rooms and early voting areas; unlawful solicitation of voters.—

(4)(a)   No person, political committee, or other group or organization may solicit voters inside the polling place or within 150 feet of a <u>secure ballot intake station</u> <s>drop box</s> or the entrance to any polling place, a polling room where the polling place is also a polling room, an early voting site, or an office of the supervisor where vote-by-mail ballots are requested and printed on demand for the convenience of electors who appear in person to request them. Before the opening of a <u>secure ballot intake station</u> <s>drop box</s> location, a polling place, or an early voting site, the clerk or supervisor shall designate the no-solicitation zone and mark the boundaries.

Section 24.   Section 102.091, Florida Statutes, is amended to read:

102.091   Duty of sheriff to watch for violations; appointment of special officers.—

<u>(1)</u>   The sheriff shall exercise strict vigilance in the detection of any violations of the election laws and in apprehending the violators.

<u>(2)</u>   The Governor<u>, in consultation with the executive director of the Department of Law Enforcement, shall</u> <s>may</s> appoint special officers to investigate alleged violations of the election laws<u>,</u> <s>when it is deemed necessary</s> to see that violators of the election laws are apprehended and punished. <u>A special officer must be a sworn special agent employed by the Department of Law Enforcement. At least one special officer must be designated in each operational region of the Department of Law Enforcement to serve as a dedicated investigator of alleged violations of the election laws. Appointment as a special officer does not preclude a sworn special agent from conducting other investigations of alleged violations of law, provided that such other investigations do not hinder or interfere with the individual's ability to investigate alleged violations of the election laws.</u>

Section 25.   Section 102.101, Florida Statutes, is amended to read:

102.101   Sheriff and other officers not allowed in polling place.—<u>A</u> <s>No</s> sheriff, <u>a</u> deputy sheriff, <u>a</u> police officer, <u>a special officer appointed pursuant to s. 102.091,</u> or <u>any</u> other officer of the law <u>is not</u> <s>shall be</s> allowed within <u>a</u> <s>the</s> polling place without permission from the clerk or a majority of the inspectors, except to cast his or her ballot. Upon the failure of any <u>such officer</u> <s>of said officers</s> to comply with this <u>section</u> <s>provision</s>, the clerk or the inspectors <u>must</u> <s>or any one of them shall</s> make an affidavit against <u>the</u> <s>such</s> officer for his or her arrest.

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

Section 26.   Subsection (2) of section 104.0616, Florida Statutes, is amended to read:

104.0616   Vote-by-mail ballots and voting; violations.—

(2)   Any person who distributes, orders, requests, collects, delivers, or otherwise physically possesses more than two vote-by-mail ballots per election in addition to his or her own ballot or a ballot belonging to an immediate family member, except as provided in ss. 101.6105-101.694, including supervised voting at assisted living facilities and nursing home facilities as authorized under s. 101.655, commits a <u>felony</u> <s>misdemeanor</s> of the <u>third</u> <s>first</s> degree, punishable as provided in s. 775.082, <s>or</s> s. 775.083<u>, or s. 775.084</u>.

Section 27.   Subsection (2) of section 104.185, Florida Statutes, is amended to read:

104.185   Petitions; knowingly signing more than once; signing another person's name or a fictitious name.—

(2)   A person who signs another person's name or a fictitious name to any petition to secure ballot position for a candidate, a minor political party, or an issue commits a <u>felony</u> <s>misdemeanor</s> of the <u>third</u> <s>first</s> degree, punishable as provided in s. 775.082, <s>or</s> s. 775.083<u>, or s. 775.084</u>.

Section 28.   Section 104.186, Florida Statutes, is amended to read:

104.186   Initiative petitions; violations.—A person who compensates a petition circulator as defined in s. 97.021 based on the number of petition forms gathered commits a <u>felony</u> <s>misdemeanor</s> of the <u>third</u> <s>first</s> degree, punishable as provided in s. 775.082, <s>or</s> s. 775.083<u>, or s. 775.084</u>. This section does not prohibit employment relationships that do not base payment on the number of signatures collected.

Section 29.   Subsection (2) of section 124.011, Florida Statutes, is amended to read:

124.011   Alternate procedure for the election of county commissioners to provide for single-member representation<u>; applicability</u>.—

(2)<u>(a)</u>   All commissioners shall be elected for 4-year terms which shall be staggered so that, alternately, one more or one less than half of the commissioners elected from residence areas and, if applicable, one of the commissioners elected at large from the entire county are elected every 2 years, except that any commissioner may be elected to an initial term of less than 4 years if necessary to achieve or maintain such system of staggered terms. <u>Notwithstanding any law to the contrary, at the general election immediately following redistricting directed by s. 1(e), Art. VIII of the State Constitution, each commissioner elected only by electors who reside in the district must be elected and terms thereafter shall be staggered as provided in s. 100.041.</u>

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

(b)  The term of a commissioner elected under paragraph (a) commences on the second Tuesday after such election.

(c)  This subsection does not apply to:

1.  Miami-Dade County.

2.  Any noncharter county.

3.  Any county the charter of which limits the number of terms a commissioner may serve.

4.  Any county in which voters have never approved a charter amendment limiting the number of terms a commissioner may serve regardless of subsequent judicial nullification.

Section 30.  Paragraph (a) of subsection (3) of section 921.0022, Florida Statutes, is amended to read:

921.0022  Criminal Punishment Code; offense severity ranking chart.—

(3)  OFFENSE SEVERITY RANKING CHART

(a)  LEVEL 1

| Florida Statute | Felony Degree | Description |
|---|---|---|
| 24.118(3)(a) | 3rd | Counterfeit or altered state lottery ticket. |
| 104.0616(2) | 3rd | Unlawfully distributing, ordering, requesting, collecting, delivering, or possessing vote-by-mail ballots. |
| 212.054(2)(b) | 3rd | Discretionary sales surtax; limitations, administration, and collection. |
| 212.15(2)(b) | 3rd | Failure to remit sales taxes, amount $1,000 or more but less than $20,000. |
| 316.1935(1) | 3rd | Fleeing or attempting to elude law enforcement officer. |
| 319.30(5) | 3rd | Sell, exchange, give away certificate of title or identification number plate. |
| 319.35(1)(a) | 3rd | Tamper, adjust, change, etc., an odometer. |
| 320.26(1)(a) | 3rd | Counterfeit, manufacture, or sell registration license plates or validation stickers. |
| 322.212 (1)(a)-(c) | 3rd | Possession of forged, stolen, counterfeit, or unlawfully issued driver license; possession of simulated identification. |

23

CODING: Words stricken are deletions; words underlined are additions.

| Florida Statute | Felony Degree | Description |
|---|---|---|
| 322.212(4) | 3rd | Supply or aid in supplying unauthorized driver license or identification card. |
| 322.212(5)(a) | 3rd | False application for driver license or identification card. |
| 414.39(3)(a) | 3rd | Fraudulent misappropriation of public assistance funds by employee/official, value more than $200. |
| 443.071(1) | 3rd | False statement or representation to obtain or increase reemployment assistance benefits. |
| 509.151(1) | 3rd | Defraud an innkeeper, food or lodging value $1,000 or more. |
| 517.302(1) | 3rd | Violation of the Florida Securities and Investor Protection Act. |
| 713.69 | 3rd | Tenant removes property upon which lien has accrued, value $1,000 or more. |
| 812.014(3)(c) | 3rd | Petit theft (3rd conviction); theft of any property not specified in subsection (2). |
| 815.04(5)(a) | 3rd | Offense against intellectual property (i.e., computer programs, data). |
| 817.52(2) | 3rd | Hiring with intent to defraud, motor vehicle services. |
| 817.569(2) | 3rd | Use of public record or public records information or providing false information to facilitate commission of a felony. |
| 826.01 | 3rd | Bigamy. |
| 828.122(3) | 3rd | Fighting or baiting animals. |
| 831.04(1) | 3rd | Any erasure, alteration, etc., of any replacement deed, map, plat, or other document listed in s. 92.28. |
| 831.31(1)(a) | 3rd | Sell, deliver, or possess counterfeit controlled substances, all but s. 893.03(5) drugs. |
| 832.041(1) | 3rd | Stopping payment with intent to defraud $150 or more. |

CODING: Words stricken are deletions; words underlined are additions.

| Florida Statute | Felony Degree | Description |
|---|---|---|
| 832.05(2)(b) & (4)(c) | 3rd | Knowing, making, issuing worthless checks $150 or more or obtaining property in return for worthless check $150 or more. |
| 838.15(2) | 3rd | Commercial bribe receiving. |
| 838.16 | 3rd | Commercial bribery. |
| 843.18 | 3rd | Fleeing by boat to elude a law enforcement officer. |
| 847.011(1)(a) | 3rd | Sell, distribute, etc., obscene, lewd, etc., material (2nd conviction). |
| 849.09(1)(a)-(d) | 3rd | Lottery; set up, promote, etc., or assist therein, conduct or advertise drawing for prizes, or dispose of property or money by means of lottery. |
| 849.23 | 3rd | Gambling-related machines; "common offender" as to property rights. |
| 849.25(2) | 3rd | Engaging in bookmaking. |
| 860.08 | 3rd | Interfere with a railroad signal. |
| 860.13(1)(a) | 3rd | Operate aircraft while under the influence. |
| 893.13(2)(a)2. | 3rd | Purchase of cannabis. |
| 893.13(6)(a) | 3rd | Possession of cannabis (more than 20 grams). |
| 934.03(1)(a) | 3rd | Intercepts, or procures any other person to intercept, any wire or oral communication. |

Section 31.   (1)   It is the intent of the Legislature to balance the security of vote-by-mail balloting with voter privacy and election transparency. The Legislature finds that further modifications to procedures governing vote-by-mail balloting would help to further ensure election integrity while also protecting voters from identity theft and preserving the public's right to participate in election processes. To achieve this purpose, the Legislature directs the Department of State to provide a plan to prescribe the use of a Florida driver license number, Florida identification card number, social security number, or any part thereof to confirm the identity of each elector returning a vote-by-mail ballot.

(2)   The Department of State shall review issues involving the feasibility, development, and implementation of such a plan, including issues related to:

(a)   In coordination with other agencies such as the Department of Highway Safety and Motor Vehicles, obtaining a Florida driver license

CODING: Words stricken are deletions; words underlined are additions.

number or Florida identification card number and the last four digits of a social security number for each registered voter who does not have such numbers on file in the Florida Voter Registration System.

(b)   Populating such numbers in the Florida Voter Registration System.

(c)   Protecting identifying numbers submitted with a vote-by-mail ballot, including, but not limited to, prescribing the form of the return mailing envelope.

(d)   Any necessary modifications to canvassing procedures for vote-by-mail ballots.

(e)   Costs associated with development and implementation of the plan.

(f)   A proposal for a program to educate electors on changes to the vote-by-mail process.

(g)   A proposal for including a declaration of an elector's current address of legal residence with each written request for a vote-by-mail ballot.

(3)   In the course of reviewing the required issues, the Department of State must, at a minimum:

(a)   Review relevant processes of other states.

(b)   Review relevant federal law.

(c)   Seek input from supervisors of elections, which must include representation from supervisors of counties with large, medium, and small populations.

(4)   By February 1, 2023, the Department of State shall submit to the President of the Senate and the Speaker of the House of Representatives a report on the plan and draft legislation for any statutory changes needed to implement the plan, including any necessary public records exemptions.

Section 32.   Except as otherwise expressly provided in this act, this act shall take effect upon becoming a law.

Approved by the Governor April 25, 2022.

Filed in Office Secretary of State April 25, 2022.

CODING: Words stricken are deletions; words underlined are additions.