**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division**

**Case No.: 4:23-cv-00215-MW/MAF**

**FLORIDA STATE CONFERENCE OF BRANCHES
AND YOUTH UNITS OF THE NAACP, et al.,**

**Plaintiffs,**

**vs.**

**CORD BYRD, in his official capacity as Secretary of State,
et al.,**

**Defendants.**

---

**DEFENDANT LEON COUNTY SUPERVISOR'S
ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Defendant Leon Conty Supervisors of Elections for Leon County answers Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief as follows:

1.     Without knowledge and therefore denied.

2.     Admitted that the Governor signed Senate Bill 7050 on May 24, 2023. Otherwise, without knowledge and therefore denied.

3.     Without knowledge and therefore denied.

4.   Without knowledge and therefore denied.

5.   Without knowledge and therefore denied.

6.   Without knowledge and therefore denied.

7.   This paragraph states only legal conclusions and contains no allegations that require a response.

8.   Admitted that Plaintiffs bring this action under 42 U.S.C. §§ 1981, 1983, and 1988. Otherwise, without knowledge and therefore denied.

9.   Admitted.

10.   Admitted that Plaintiffs bring this action under 28 U.S.C. §§ 1331 and 1343. Otherwise, without knowledge and therefore denied.

11.   Admitted.

12.   Admitted.

13.   Admitted that Plaintiffs seek declaratory and injunctive relief under Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202. Otherwise, without knowledge and therefore denied.

14.   Without knowledge and therefore denied.

15.　　Admitted that Florida NAACP is a registered 3PVRO; otherwise without knowledge and denied.

16.　　Without knowledge and therefore denied.

17.　　Without knowledge and therefore denied.

18.　　Without knowledge and therefore denied.

19.　　Without knowledge and therefore denied.

20.　　Without knowledge and therefore denied.

21.　　Without knowledge and therefore denied.

22.　　Without knowledge and therefore denied.

23.　　Without knowledge and therefore denied.

24.　　Without knowledge and therefore denied.

25.　　Without knowledge and therefore denied.

26.　　Without knowledge and therefore denied.

27.　　Without knowledge and therefore denied.

28.　　Without knowledge and therefore denied.

29.　　Admitted that Disability Rights Florida is a registered 3PVRO; otherwise without knowledge and denied.

30.　　Without knowledge and therefore denied.

31.　　Without knowledge and therefore denied.

32.　　Without knowledge and therefore denied.

33.    Without knowledge and therefore denied.

34.    Admitted that the Alianza Plaintiffs are registered 3PVROs; otherwise without knowledge and denied.

35.    Without knowledge and therefore denied.

36.    Without knowledge and therefore denied.

37.    Without knowledge and therefore denied.

38.    Without knowledge and therefore denied.

39.    Without knowledge and therefore denied.

40.    Without knowledge and therefore denied.

41.    Admitted that UnidosUS is a registered 3PVRO; otherwise without knowledge and denied.

42.    Without knowledge and therefore denied.

43.    Without knowledge and therefore denied.

44.    Without knowledge and therefore denied.

45.    Without knowledge and therefore denied.

46.    Without knowledge and therefore denied.

47.    Without knowledge and therefore denied.

48.    Without knowledge and therefore denied.

49.    Without knowledge and therefore denied.

50.    Without knowledge and therefore denied.

51.   Without knowledge and therefore denied.

52.   Without knowledge and therefore denied.

53.   Without knowledge and therefore denied.

54.   Denied that the injuries alleged in Count VII are traceable to or redressable by the Supervisors of Elections. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response. To the extent a response is required, without knowledge and therefore denied.

55.   Admitted that Plaintiffs have sued Secretary Byrd in his official capacity as the Secretary of State of Florida and that Secretary Byrd is the State's chief election officer. The referenced statutes speak for themselves.

56.   Admitted that the Office of Election Crimes and Security is an entity within the Florida Department of State. The referenced statute and report speak for themselves.

57.   Admitted that Plaintiffs have sued Attorney General Moody in her official capacity as the Attorney General of Florida. The referenced statutes speak for themselves.

58.   Admitted that Plaintiffs have sued the Supervisors of Elections in their official capacities only and that the Supervisors are

charged with specific responsibilities for the administration of elections in their respective counties. The referenced statutes speak for themselves. The last sentence of this paragraph is denied.

59.   Admitted.

60.   Admitted that each Supervisor of Elections is required to record the number of voter-registration applications that the Supervisor provides to and receives from each 3PVRO and to submit that information on Form DS-DE 124 to the Florida Division of Elections. The remainder of this paragraph is denied.

61.   Denied that David H. Stafford is currently the Supervisor of Elections for Escambia County. Otherwise, this paragraph is admitted.

62.   As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph states only legal conclusions and contains no allegations that require a response.

63.   This paragraph states only legal conclusions and contains no allegations that require a response.

64.   Admitted that SB 7059 increased fined for late-returned voter registration applications and for applications submitted to the

wrong county. As to the last sentence of this paragraph, without knowledge and therefore denied. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response.

65.    The referenced statute speaks for itself; otherwise without knowledge and therefore denied.

66.    Without knowledge and therefore denied.

67.    Without knowledge and therefore denied.

68.    Without knowledge and therefore denied.

69.    Without knowledge and therefore denied.

70.    Without knowledge and therefore denied.

71.    Without knowledge and therefore denied.

72.    Without knowledge and therefore denied.

73.    Without knowledge and therefore denied.

74.    Without knowledge and therefore denied.

75.    The referenced statute speaks for itself; otherwise without knowledge and therefore denied.

76.    The referenced statutory provision speaks for itself; otherwise without knowledge and therefore denied.

77.    Without knowledge and therefore denied.

78.   Without knowledge and therefore denied.

79.   Without knowledge and therefore denied.

80.   Without knowledge and therefore denied.

81.   Without knowledge and therefore denied.

82.   Without knowledge and therefore denied.

83.   The referenced statute speaks for itself; otherwise without knowledge and therefore denied.

84.   Without knowledge and therefore denied.

85.   Without knowledge and therefore denied.

86.   The referenced statute speaks for itself; otherwise without knowledge and therefore denied.

87.   The referenced statute speaks for itself; otherwise without knowledge and therefore denied.

88.   The referenced statute speaks for itself.

89.   Without knowledge and therefore denied.

90.   Without knowledge and therefore denied.

91.   Without knowledge and therefore denied.

92.   Denied.

93.    Admitted that the Secretary of State published proposed Rule 1S-2.055. The referenced proposed rule speaks for itself. The remainder of this paragraph is denied.

94.    The referenced statute speaks for itself.

95.    Without knowledge and therefore denied.

96.    Admitted that statements have been made that that the 2022 election was one of the most secure elections in Florida's history. Otherwise, without knowledge and therefore denied,

97.    Admitted that comments have been on the security of the 2022 election. Otherwise, without knowledge and therefore denied,

98.    Admitted that statements have been made about the turnout in the 2022 election. Otherwise, without knowledge and therefore denied,

99.    Without knowledge and therefore denied.

100. Without knowledge and therefore denied.

101. Without knowledge and therefore denied.

102. Without knowledge and therefore denied.

103. Without knowledge and therefore denied.

104. Without knowledge and therefore denied.

105. The referenced case speaks for itself. Otherwise, without knowledge and therefore denied,

106. Without knowledge and therefore denied.

107. Without knowledge and therefore denied.

108. Without knowledge and therefore denied.

109. The Supervisors incorporate their responses to paragraphs 1 through 108.

110. The referenced language of the First Amendment speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

111. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

112. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

113. The referenced cases speak for themselves. Otherwise, without knowledge of the allegations regarding Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, and VOT. Otherwise, this paragraph

states only legal conclusions and contains no allegations that require a response.

114. The referenced case speaks for itself, Otherwise, without knowledge of the allegations regarding Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, and VOT. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response.

115. Denied.

116. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

117. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

118. The Supervisors incorporate their responses to paragraphs 1 through 108.

119. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

120. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

121. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

122. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

123. The referenced case speaks for itself. Otherwise, without knowledge and therefore denied.

124. Without knowledge and therefore denied.

125. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

126. The referenced case speaks for itself. Otherwise, without knowledge and therefore denied.

127. The Supervisors incorporate their responses to paragraphs 1 through 107.

128. The referenced language of the First Amendment speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

129. This paragraph states only legal conclusions and contains no allegations that require a response.

130. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

131. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

132. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

133. This paragraph states only legal conclusions and contains no allegations that require a response.

134. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

135. This paragraph states only legal conclusions and contains no allegations that require a response.

136. This paragraph states only legal conclusions and contains no allegations that require a response.

137. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

138. The first and second sentences of this paragraph state only legal conclusions and contain no allegations that require a response. Otherwise, without knowledge and therefore denied.

139. Without knowledge and therefore denied.

140. Without knowledge and therefore denied.

141. The Supervisors incorporate their responses to paragraphs 1 through 108.

142. The referenced statutory provisions speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

143. The referenced case and statutory provision speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

144. Without knowledge and therefore denied.

145. The referenced constitutional provision and case speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

146. The first sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

147. The referenced statutory provision speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

148. The Supervisors incorporate their responses to paragraphs 1 through 108.

149. The referenced language of the Fourteenth Amendment speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

150. This paragraph states only legal conclusions and contains no allegations that require a response.

151. The referenced case and statutory provision speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

152. Without knowledge and therefore denied.

153. Without knowledge and therefore denied.

154. Without knowledge and therefore denied.

155. Without knowledge and therefore denied.

156. The Supervisors incorporate their responses to paragraphs 1 through 108.

157. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

158. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

159. Without knowledge and therefore denied.

160. This paragraph states only legal conclusions and contains no allegations that require a response.

161. The first sentence of this paragraph states only legal conclusions and contains no allegations that require a response. The second sentence of this paragraph is denied. Otherwise, without knowledge and therefore denied.

162. The first sentence of this paragraph states only legal conclusions and contains no allegations that require a response. The second sentence of this paragraph is denied.

163. The second sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

164. The last sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

165. The first two sentences of this paragraph state only legal conclusions and contain no allegations that require a response. As to the last sentence, without knowledge and therefore denied. The remainder of this paragraph consists of rhetorical questions rather than allegations to which a response is required.

166. The second sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

167. Without knowledge and therefore denied.

168. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

169. Admitted that the Florida Department of State amended Rule 1S-2.042, Florida Administrative Code, in September 2023. The referenced rule speaks for itself. The remainder of this paragraph is denied.

170. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

171. Without knowledge and therefore denied.

172. The Supervisors incorporate their responses to paragraphs 1 through 108.

173. The referenced statutory provision speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

174. The referenced statutory provision speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

175. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

176. The referenced case speaks for itself. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

177. This paragraph states only legal conclusions and contains no allegations that require a response.

178. This paragraph states only legal conclusions and contains no allegations that require a response.

179. This paragraph states only legal conclusions and contains no allegations that require a response.

180. The referenced cases speak for themselves. Otherwise, the paragraph states only legal conclusions and contains no allegations that require a response.

181. The referenced statute and Senate Bill 7050 speaks for themselves. Otherwise, remainder of this paragraph states only legal conclusions and contains no allegations that require a response.

182. Without knowledge and therefore denied.

To the extent the headings in Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief contain allegations that require a response, those allegations are denied.

## **AFFIRMATIVE DEFENSE**

Because the Supervisors are not responsible for enforcement of the 3PVRO Fines Provision, Plaintiffs' alleged injuries traceable to enforcement of the 3PVRO Fines Provision are not traceable to or redressable by the Supervisors, and Plaintiffs thus lack standing to assert their challenge to the 3PVRO Fines Provision against the Supervisors.

Respectfully submitted this 26th day of January 2024 by:

/s/ *Mark Herron*
**MESSER CAPARELLO, P.A.**
MARK HERRON
Florida Bar No. 0199737
Email: mherron@lawfla.com
PATRICK O'BRYANT
Florida Bar No. 1011566
Email: pobryant@lawfla.com
P.O. Box 15579
Tallahassee, Florida 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359

*Attorneys for Mark Earley*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this 26th day of January, 2024, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

/s/ *Mark Herron*