IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, *et al.*,

    Plaintiffs,

v.

                                                  Case No. 4:23-cv-00215-MW-MAF

CORD BYRD, in his official capacity
as Secretary of State Florida, *et al.*,

    Defendants.
_____/

**SIXTY-SIX SUPERVISORS OF ELECTIONS'
ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

    Defendants, the Supervisors of Elections for Alachua, Baker, Bay, Bradford, Brevard, Broward, Calhoun, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Dixie, Duval, Escambia, Flagler, Franklin, Gadsden, Gilchrist, Glades, Gulf, Hamilton, Hardee, Hendry, Hernando, Highlands, Hillsborough, Holmes, Indian River, Jackson, Jefferson, Lafayette, Lake, Lee, Levy, Liberty, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Union, Volusia,

1

Wakulla, Walton, and Washington Counties (the "Sixty-Six Supervisors"), answer Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief.

1. Without knowledge and therefore denied.

2. Admitted that the Governor signed Senate Bill 7050 on May 24, 2023. Otherwise, without knowledge and therefore denied.

3. Without knowledge and therefore denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. This paragraph states only legal conclusions and contains no allegations that require a response.

8. Admitted that Plaintiffs bring this action under 42 U.S.C. §§ 1981, 1983, and 1988. Otherwise, without knowledge and therefore denied.

9. Admitted.

10. Admitted that Plaintiffs bring this action under 28 U.S.C. §§ 1331 and 1343. Otherwise, without knowledge and therefore denied.

11. Admitted.

12. Admitted.

13. Admitted that Plaintiffs seek declaratory and injunctive relief under Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202. Otherwise, without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Denied that the injuries alleged in Count VII are traceable to or redressable by the Supervisors of Elections. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response. To the extent a response is required, without knowledge and therefore denied.

55. Admitted that Plaintiffs have sued Secretary Byrd in his official capacity as the Secretary of State of Florida and that Secretary Byrd is the State's chief election officer. The referenced statutes speak for themselves.

56. Admitted that the Office of Election Crimes and Security is an entity within the Florida Department of State. The referenced statute and report speak for themselves.

57. Admitted that Plaintiffs have sued Attorney General Moody in her official capacity as the Attorney General of Florida. The referenced statutes speak for themselves.

58. Admitted that Plaintiffs have sued the Supervisors of Elections in their official capacities only and that the Supervisors are charged with specific responsibilities for the administration of elections in their respective counties. The

referenced statutes speak for themselves. The last sentence of this paragraph is denied.

59. Admitted.

60. Admitted that each Supervisor of Elections is required to record the number of voter-registration applications that the Supervisor provides to and receives from each 3PVRO and to submit that information on Form DS-DE 124 to the Florida Division of Elections. The remainder of this paragraph is denied.

61. Denied that David H. Stafford is currently the Supervisor of Elections for Escambia County. Otherwise, this paragraph is admitted.

62. As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph states only legal conclusions and contains no allegations that require a response.

63. This paragraph states only legal conclusions and contains no allegations that require a response.

64. As to the last sentence of this paragraph, without knowledge and therefore denied. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response.

65. This paragraph states only legal conclusions and contains no allegations that require a response.

66. Without knowledge and therefore denied.

67. Without knowledge and therefore denied.

68. Without knowledge and therefore denied.

69. Without knowledge and therefore denied.

70. Without knowledge and therefore denied.

71. Without knowledge and therefore denied.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Without knowledge and therefore denied.

75. This paragraph states legal conclusions to which no response is required. As to Plaintiffs' characterizations of the challenged law, without knowledge and therefore denied.

76. This paragraph states only legal conclusions and contains no allegations that require a response.

77. Without knowledge and therefore denied.

78. Without knowledge and therefore denied.

79. Without knowledge and therefore denied.

80. Without knowledge and therefore denied.

81. Without knowledge and therefore denied.

82. Without knowledge and therefore denied.

83. This paragraph states only legal conclusions and contains no allegations that require a response.

84. Without knowledge and therefore denied.

85. Without knowledge and therefore denied.

86. The referenced statute speaks for itself. Otherwise, denied.

87. The referenced statute speaks for itself.

88. The referenced statute speaks for itself.

89. Without knowledge and therefore denied.

90. Without knowledge and therefore denied.

91. Without knowledge and therefore denied.

92. Denied.

93. Admitted that the Secretary of State published proposed Rule 1S-2.055. The referenced proposed rule speaks for itself. The remainder of this paragraph is denied.

94. The referenced statute speaks for itself.

95. Without knowledge and therefore denied.

96. Without knowledge and therefore denied.

97. Without knowledge and therefore denied.

98. Without knowledge and therefore denied.

99. Without knowledge and therefore denied.

100. Without knowledge and therefore denied.

101. Without knowledge and therefore denied.

102. Without knowledge and therefore denied.

103. Without knowledge and therefore denied.

104. Without knowledge and therefore denied.

105. Without knowledge and therefore denied.

106. Without knowledge and therefore denied.

107. Without knowledge and therefore denied.

108. Without knowledge and therefore denied.

109. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 108.

110. This paragraph states only legal conclusions and contains no allegations that require a response.

111. This paragraph states only legal conclusions and contains no allegations that require a response.

112. This paragraph states only legal conclusions and contains no allegations that require a response.

113. Without knowledge of the allegations regarding Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, and VOT. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response.

114. Without knowledge of the allegations regarding Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, and VOT. Otherwise, this paragraph states only legal conclusions and contains no allegations that require a response.

115. Denied.

116. This paragraph states only legal conclusions and contains no allegations that require a response.

117. This paragraph states only legal conclusions and contains no allegations that require a response.

118. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 108.

119. This paragraph states only legal conclusions and contains no allegations that require a response.

120. This paragraph states only legal conclusions and contains no allegations that require a response.

121. This paragraph states only legal conclusions and contains no allegations that require a response.

122. This paragraph states only legal conclusions and contains no allegations that require a response.

123. Without knowledge and therefore denied.

124. Without knowledge and therefore denied.

125. This paragraph states only legal conclusions and contains no allegations that require a response.

126. This paragraph states only legal conclusions and contains no allegations that require a response.

127. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 107.

128. This paragraph states only legal conclusions and contains no allegations that require a response.

129. This paragraph states only legal conclusions and contains no allegations that require a response.

130. This paragraph states only legal conclusions and contains no allegations that require a response.

131. This paragraph states only legal conclusions and contains no allegations that require a response.

132. This paragraph states only legal conclusions and contains no allegations that require a response.

133. This paragraph states only legal conclusions and contains no allegations that require a response.

134. This paragraph states only legal conclusions and contains no allegations that require a response.

135. This paragraph states only legal conclusions and contains no allegations that require a response.

136. This paragraph states only legal conclusions and contains no allegations that require a response.

137. This paragraph states only legal conclusions and contains no allegations that require a response.

138. The first and second sentences of this paragraph state only legal conclusions and contain no allegations that require a response. Otherwise, without knowledge and therefore denied.

139. Without knowledge and therefore denied.

140. Without knowledge and therefore denied.

141. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 108.

142. This paragraph states only legal conclusions and contains no allegations that require a response.

143. This paragraph states only legal conclusions and contains no allegations that require a response.

144. Without knowledge and therefore denied.

145. This paragraph states only legal conclusions and contains no allegations that require a response.

146. The first sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

147. This paragraph states only legal conclusions and contains no allegations that require a response.

148. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 108.

149. This paragraph states only legal conclusions and contains no allegations that require a response.

150. This paragraph states only legal conclusions and contains no allegations that require a response.

151. This paragraph states only legal conclusions and contains no allegations that require a response.

152. Without knowledge and therefore denied.

153. Without knowledge and therefore denied.

154. Without knowledge and therefore denied.

155. Without knowledge and therefore denied.

156. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 108.

157. This paragraph states only legal conclusions and contains no allegations that require a response.

158. This paragraph states only legal conclusions and contains no allegations that require a response.

159. Without knowledge and therefore denied.

160. This paragraph states only legal conclusions and contains no allegations that require a response.

161. The first sentence of this paragraph states only legal conclusions and contains no allegations that require a response. The second sentence of this paragraph is denied. Otherwise, without knowledge and therefore denied.

162. The first sentence of this paragraph states only legal conclusions and contains no allegations that require a response. The second sentence of this paragraph is denied.

163. The second sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

164. The last sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

165. The first two sentences of this paragraph state only legal conclusions and contain no allegations that require a response. As to the last sentence, without knowledge and therefore denied. The remainder of this paragraph consists of rhetorical questions rather than allegations to which a response is required.

166. The second sentence of this paragraph states only legal conclusions and contains no allegations that require a response. Otherwise, without knowledge and therefore denied.

167. Without knowledge and therefore denied.

168. This paragraph states only legal conclusions and contains no allegations that require a response.

169. Admitted that the Florida Department of State amended Rule 1S-2.042, Florida Administrative Code, in September 2023. The referenced rule speaks for itself. The remainder of this paragraph is denied.

170. This paragraph states only legal conclusions and contains no allegations that require a response.

171. Without knowledge and therefore denied.

172. The Sixty-Six Supervisors incorporate their responses to paragraphs 1 through 108.

173. This paragraph states only legal conclusions and contains no allegations that require a response.

174. This paragraph states only legal conclusions and contains no allegations that require a response.

175. This paragraph states only legal conclusions and contains no allegations that require a response.

176. This paragraph states only legal conclusions and contains no allegations that require a response.

177. This paragraph states only legal conclusions and contains no allegations that require a response.

178. This paragraph states only legal conclusions and contains no allegations that require a response.

179. This paragraph states only legal conclusions and contains no allegations that require a response.

180. This paragraph states only legal conclusions and contains no allegations that require a response.

181. Senate Bill 7050 speaks for itself. The remainder of this paragraph states only legal conclusions and contains no allegations that require a response.

182. Without knowledge and therefore denied.

To the extent the headings in Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief contain allegations that require a response, those allegations are denied.

## **AFFIRMATIVE DEFENSE**

Because the Supervisors of Elections are not responsible for enforcement of the 3PVRO Fines Provision, Plaintiffs' alleged injuries traceable to enforcement of the 3PVRO Fines Provision are not traceable to or redressable by the Supervisors, and Plaintiffs thus lack standing to assert their challenge to the 3PVRO Fines Provision against the Sixty-Six Supervisors.

Respectfully submitted,

/s/ *Robert C. Swain*
Robert C. Swain (FBN 366961)
Diana M. Johnson (FBN 69160)
Alachua County Attorney's Office
12 S.E. 1st Street
Gainesville, Florida 32601
Telephone: 352-374-5218
bswain@alachuacounty.us
dmjohnson@alachuacounty.us
*Attorneys for Defendant, Alachua County Supervisor of Elections*

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
*Attorneys for Supervisors of Elections for Charlotte, Collier, Indian River, Lake, Lee, Monroe, Marion, Manatee, Pasco, and Seminole Counties*

/s/ *Nicholas A. Shannin*
Nicholas A. Shannin (FBN 9570)
Shannin Law Firm, P.A.
214 E. Lucerne Circle, Suite 200
Orlando, Florida 32801
Telephone: 407-985-2222
nshannin@shanninlaw.com
*Attorney for Defendant, Orange County Supervisors of Elections*

/s/ *Craig D. Feiser*
Craig D. Feiser (FBN 164593)
Office of General Counsel
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: 904-255-5100
cfeiser@coj.net
*Attorneys for Defendant, Duval County Supervisor of Elections*

17

/s/ *Susan S. Erdelyi*
Susan S. Erdelyi (FBN 0648965)
Marks Gray, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Telephone: 904-398-0900
serdelyi@marksgray.com
*Attorney for Defendants, Baker, Bay, Bradford, Calhoun, Columbia, Dixie, Franklin, Gadsden, Gulf, Hamilton, Jackson, Lafayette, Liberty, Nassau, Putnam, Santa Rosa, Saint Johns, Sumter, Suwannee, Taylor, Union, Walton, Wakulla, and Washington County Supervisors of Elections*

/s/ *Frank M. Mari*
Frank M. Mari (FBN 93243)
Roper, P.A.
255 S. Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: 407-897-5150
fmari@roperpa.com
*Attorneys for Defendants, Brevard, Desoto, Flagler, Gilchrist, Highlands, Jefferson, and Madison County Supervisors of Elections*

/s/ *John T. LaVia, III*
John T. LaVia, III (FBN 0853666)
Gardner, Bist, Bowden, Bush, Dee, LaVia & Wright, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Telephone: 850-385-0070
jlavia@gbwlegal.com
*Attorney for Defendants, Clay, Martin, Osceola, Polk, and Saint Lucie County Supervisors of Elections*

/s/ *Nathaniel A. Klitzberg*
Nathaniel A. Klitsberg (FBN 307520)
Joseph K. Jarone (FBN 117768)
Devona A. Reynolds Perez (FBN 70409)
Broward County Attorney's Office
115 S. Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: 954-357-7600
nklitsberg@broward.org
jkjarone@broward.org
dreynoldsperez@broward.org
*Attorneys for Defendant, Broward County Supervisor of Elections*

/s/ *Christi Jo Hankins*
Christi Jo Hankins (FBN 483321)
Escambia County Attorney's Office
221 Palafox Place, Suite 430
Pensacola, Florida 32502
Telephone: 850-595-4970
cjhankins@myescambia.com
*Attorneys for Defendant, Escambia County Supervisor of Elections*

/s/ *Kyle J. Benda*
Kyle J. Benda (FBN 113525)
Hernando County
20 N. Main Street, Suite 462
Brooksville, Florida 34601-2850
Telephone: 352-754-4122
kbenda@co.hernando.fl.us
*Attorney for Defendant, Hernando County Supervisor of Elections*

/s/ *Dale A. Scott*
Dale A. Scott (FBN 0568821)
Roper, P.A.
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: 407-897-5150
dscott@roperpa.com
*Attorneys for Defendant, Citrus County Supervisors of Elections*

/s/ *Matthew R. Shaud*
Matthew R. Shaud (FBN 122252)
Gregory T. Stewart (FBN 203718)
Nabors Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
Telephone: 850-224-4070
mshaud@ngnlaw.com
gstewart@ngn-tally.com
*Attorneys for Defendant, Okaloosa County Supervisor of Elections*

/s/ *Jared D. Kahn*
Jared D. Kahn (FBN 105276)
Pinellas County Attorney's Office
315 Court Street, 6th Floor
Clearwater, Florida 33756
Telephone: 727-464-3354
jkahn@pinellascounty.org
*Attorneys for Defendant, Pinellas County Supervisor of Elections*

/s/ *Stephen M. Todd*
Stephen M. Todd (FBN 0886203)
Hillsborough County Attorney's Office
601 E. Kennedy Blvd., 27th Floor
Tampa, Florida 33602
Telephone: 813-272-5670
todds@hillsboroughcounty.org
*Attorneys for Defendant, Hillsborough County Supervisor of Elections*

/s/ *Morgan R. Bentley*
Morgan R. Bentley (FBN 962287)
Bentley & Bruning, P.A.
783 S. Orange Avenue, Suite 300
Sarasota, Florida 34236
Telephone: 941-556-9030
mbentley@bentleyandbruning.com
*Attorneys for Defendant, Sarasota County Supervisor of Elections*

/s/ *David K. Markarian*
David K. Markarian (FBN 480691)
Jessica R. Glickman (FBN 118586)
The Markarian Group
2925 PGA Boulevard, Suite 204
Palm Beach Gardens, Florida 33410
Telephone: 561-626-4700
dave@forbusinessandlife.com
jessica@forbusinessandlife.com
*Attorneys for Defendant, Palm Beach County Supervisor of Elections*

/s/ *Michael B. Valdes*
Michael B. Valdes (FBN 93129)
Sophia M. Guzzo (FBN 1039644)
Miami-Dade County Attorney's Office
111 N.W. First Street, Suite 2810
Miami, Florida 33128
Telephone: 305-375-5151
michael.valdes@miamidade.gov
sophia.guzzo@miamidade.gov
*Attorneys for Defendant, Miami-Dade County Supervisor of Elections*

/s/ *William K. Bledsoe*
William K. Bledsoe (FBN 02969)
Sarah Lynn Jonas (FBN 115989)
Volusia County Attorney's Office
123 W Indiana Avenue
Deland, Florida 32720
Telephone: 386-736-5950
kbledsoe@volusia.org
sjonas@volusia.org
*Attorneys for Defendant, Volusia County Supervisor of Elections*

/s/ *Gerald F. Olivo, III*
Gerald F. Olivo, III (FBN 60905)
Henderson, Franklin, Starnes & Holt, P.A.
1715 Monroe Street
Fort Myers, Florida 33901
Telephone: 239-344-1299
gerald.olivo@henlaw.com
*Attorney for Defendants, Glades, Hardee, Hendry, Holmes, Levy, and Okeechobee County Supervisors of Elections*