UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

Plaintiffs,

v.                                                                          Case No. 4:23-cv-215-MW-MAF

CORD BYRD, et al.,

Defendants.
_____/

### THE ATTORNEY GENERAL'S NOTICE OF JOINDER AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The Attorney General, ("OAG"), pursuant to Local Rule 56.1(C), hereby responds in opposition to Plaintiffs' Motion for Partial Summary Judgment. Exhibits cited in the following memorandum are contained in ECF No. 220.

### INTRODUCTION

The Attorney General joins the Secretary of State's Response to Plaintiffs' Motion for Partial Summary Judgment and adopts it in full. In addition to relief requested by the Secretary, the Attorney General requests the Court enter an order denying the Plaintiff's motion and granting summary judgment to the Attorney General, pursuant to Fed. R. Civ. P. 56(f).

1

The Attorney General offers the following additional argument related specifically to the Attorney General's position on the State's interests in the legislation, and standing, as relates to the Attorney General.

## ARGUMENT

### A. The State's interests in SB 7050 are sufficient to defeat the Plaintiffs' Equal Protection clause challenge.

Throughout this litigation, the OAG has agreed that the State's interests, as articulated in the legislative record and by the Secretary of State, are sufficient to support the legislation at issue. The record reflects the OAG's position that its views of the State's interests in the legislation are not different from the interests previously outlined by legislators and further explained by the Secretary and his staff. ECF No. 220-1, Guzzo Dep. Tr., 90:2-7; 96:4-9; 124:19-24. The record includes adequate evidence of the State's interests as a whole. *See League of Women Voters of Fla., Inc. v. Florida Sec'y of State*, 81 F.4th 1328, 1333 (11th Cir. 2023) (legislators' justifications for enacting election legislation are sufficient evidence for a court to consider regarding a state's interests).

### B. The Plaintiffs lack standing against the Attorney General.

The Attorney General does not concede standing at the summary judgment stage, as relates to Count VII of the Third Amended Complaint and as relates to the civil enforcement provisions of § 97.0575, Fla. Stat.

2

1. The Plaintiffs' complaints regarding the Mail-In Ballot Request Restriction are not traceable to the Attorney General. The challenged provisions in this statute are regulatory in nature, administered by the Supervisors of Election and the Secretary through rulemaking; § 101.62, Fla. Stat. section does not specifically provide any role for the OAG to administer or enforce the provision. Plaintiffs are incorrect in citing § 97.575(8), Fla. Stat. for the proposition that the Secretary may refer Mail-In Ballot issues under § 101.62, Fla. Stat. to the OAG for enforcement. Pl.'s Memo at 28. The text about referrals in § 97.575(8) relates specifically to referrals for "violations of this section," meaning § 97.0575, Fla. Stat., *not* § 101.62, Fla. Stat. regarding Mail-In Ballot Requests. The Plaintiffs lack standing against the Attorney General on this count. *Support Working Animals, Inc. v. Governor of Fla.*, 8 F. 4th 1198, 1204 (11th Cir. 2021) (rejecting the standing argument that a separate provision of Florida law other than the statute section at issue authorized enforcement).

2. The NAACP Plaintiffs allege that the OAG is "specifically" tasked with enforcing the civil and criminal penalties in § 97.0575, Fla. Stat. Third Am. Compl., ¶ 57. The allegation is an oversimplification and does not accurately reflect the way the civil penalty provision in s. 97.0575, Fla. Stat. has been enforced through the years. The civil provisions have been administered by the Secretary. Under the statute, the Attorney General's role is entirely and wholly contingent upon a

3

permissive referral provision; the statute does not mandate that the Secretary make a referral. Even after any referral, the provision is permissive regarding civil enforcement; the statute does not mandate the automatic filing of an action. The Attorney General is not a mandatory participant in enforcement of the civil provisions, unlike the Supervisors of Elections' mandatory reporting requirement this Court has previously considered. See ECF No. 199 at 9. The Attorney General's potential involvement is far downstream from what has been the actual enforcement mechanism of these provisions historically. ECF No. 220-1, Darlington Dep. Tr., 45:4-18; 51:16-20. Thus, it is clear that Plaintiffs' injuries are not traceable to the Attorney General as "the Plaintiff would have been injured in precisely the same way without" any involvement by the OAG. *Walters v. Fast AC, LLC*, 60 F.4th 642, 650 (11th Cir. 2023).

Similarly, Plaintiffs' alleged harms related to the civil provisions are not redressable by an injunction against the Attorney General. Plaintiffs have not demonstrated the necessary threat of enforcement to establish standing. *Support Working Animals, Inc. v. Governor of* Florida, 8 F. 4th 1198, 1203 (11th Cir. 2021) (holding plaintiffs lacked standing where defendant "had neither enforced nor threatened to enforce the state law."). Plaintiffs' "immediate gripe" is with the Secretary. *Id.* The Secretary has been solely responsible for the sending of warning and fine letters as well as the actual administration, assessment, and collection of

fines. ECF No. 220-2, Darlington Dep. Tr., 45:4-18; 51:16-20. If the fines were not paid, subsection (12) of § 97.0575, Fla. Stat. indicates a 3PVRO's registration would be cancelled by the Secretary. Registration of 3PVROs is a regulatory matter administered by the Secretary, not the OAG.

As a result, an injunction against the Attorney General would not offer even partial relief of Plaintiffs' alleged potential injuries that could support standing. *Garcia-Bengochea v. Carnival Corporation*, 57 F.4th 916, 927 (11th Cir. 2023). Because an injunction against the Attorney General would not offer even partial relief, any harm from the civil provisions is not traceable to the Attorney General or redressable by an injunction against the Attorney General; therefore, Plaintiffs have failed to establish standing with respect to the civil provisions. *ACLU, Inc. v. Lee*, 546 F.Supp.3d 1096, 1101 (N.D. Fla. 2021).

In sum, Plaintiffs have not established standing with respect to the challenged civil provisions as they relate to the Attorney General.

## CONCLUSION

For the foregoing reasons, as well as those advanced by the Secretary of State, this Court should enter summary judgment in favor of Defendants and Deny Plaintiffs' Motion for Partial Summary Judgment.

        Respectfully Submitted,

        **ASHLEY MOODY**
        **ATTORNEY GENERAL**

        */s/ Stephanie A. Morse*
        Stephanie A. Morse (FBN 0068713)
        Noah T. Sjostrom (FBN 1039142)
        **Office of the Attorney General**
        Complex Litigation Bureau
        PL 01 The Capitol
        Tallahassee, FL 32399-1050
        Telephone: (850) 414-3300
        Stephanie.Morse@myfloridalegal.com
        Noah.Sjostrom@myfloridalegal.com

        *Counsel for Ashley Moody*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this response memorandum is 984 words, which is under the 8,000- word limit pursuant to Local Rule 56.1(B). I also certify that this document complies with the typeface and formatting requirements of Local Rule 5.1.

        */s/ Stephanie A. Morse*
        Stephanie A. Morse

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2024, a true and correct copy of this document was filed electronically with the Clerk of Court through the CM/ECF filing system, which provides notice to all counsel of record.

        */s/ Stephanie A. Morse*
        Stephanie A. Morse