IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

    v.                         Case No. 4:23-cv-215-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## THE SECRETARY'S REPLY IN
## SUPPORT OF HIS SUMMARY-JUDGMENT MOTION

Secretary of State Cord Byrd provides this reply in support of his summary-judgment motion, Doc.201. In his motion, the Secretary moved for summary judgment on (1) Plaintiffs' § 1981 challenge against the Citizen Restriction and (2) Plaintiffs' § 208 challenge against the Mail-In Ballot Request Restriction. Plaintiffs, in *their* summary-judgment motion, also moved (in part) for summary judgment on these issues. Doc.205. On Tuesday, the Secretary responded to Plaintiffs' summary judgment arguments to the two challenges, which would largely be the same arguments that he would offer in his reply in support of *his* summary-judgment motion. Doc.222. The Secretary

1

incorporates and adopts those arguments here. He responds as follows to a few new arguments raised by Plaintiffs.

## The Mail-In Ballot Request Restriction

Plaintiffs assert that the Court does not have the authority to resolve state statutory conflicts and mandate that state actors abide by its interpretation of state law. But that argument is a red herring. Plaintiffs have asked the Court to declare a state law invalid under federal law based on their myopic reading of state law in isolation. All the Secretary is asking the Court to do is to appropriately consider—as any federal or state court would—whether the state law (the Mail-In Ballot Request Restriction) actually conflicts with the federal law (§ 208) in light of another provision of state law (section 101.051(3)). As the Secretary explains in his summary-judgment motion, the Mail-In Ballot Request Restriction can and should be read (consistent with the rules of statutory construction applied by both federal and state courts) in pari materia with section 101.051(3) to avoid a conflict between the Mail-In Ballot Request Restriction and § 208. *See* § 101.051(3), Fla. Stat. (allowing a voter who needs assistance in casting his or her vote-by-mail ballot to get assistance in requesting that ballot by a person of his or her own choice).

Plaintiffs next assert that the general/specific canon should be overcome by the canon that when two statutes are in conflict, the more recently enacted statute controls the older statute. Not so. The canons are "rules of thumb or guides to interpretation" rather than "inflexible rules." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022).

2

Here, the in pari materia, general/specific, and constitutional avoidance canons tip the scales in favor of the Secretary's interpretation of state law.

Plaintiffs' reference to section 101.62(6) (and the expressio unius canon) fails to move the needle. That the more general statute (the Mail-In Ballot Request Restriction) has its own exceptions does nothing to displace the more specific statute (section 101.051(3)) and the exception contained therein. Again, the in pari materia, general/specific, and constitutional avoidance canons support the Secretary's state-law interpretation.

Plaintiffs complain that supervisors of election might not interpret the Mail-In Ballot Request Restriction harmoniously with section 101.051(3), and instead might deny a vote-by-mail request made by a non-familial, non-legal-guardian designee on behalf of a voter who requires assistance. But that speculative scenario (better brought as an as applied challenge if it ever comes to pass) misses the point. Supervisors of election have a duty to follow state law. *See* § 98.015, Fla. Stat. They must thus comply with all applicable state statutes—including the exception to the Mail-In Ballot Request Restriction contained within section 101.051(3). And the Secretary of State remains free to bring mandamus action against noncompliant supervisors under his authority under section 97.012(14), Florida Statutes.

Plaintiffs also contest the legal impact of the Secretary's proposed Rule 1S-2.055. However, assuming Rule 1S-2.055 goes into effect after the pending DOAH challenge is resolved, the supervisors of election must follow it. *See* § 97.012(14), Fla. Stat. Rule

3

1S-2.055 is supported by and consistent with various state statutes—many of which Plaintiffs fail to even address in their response. *See* Doc.200-4 (Fla. Admin. Code R. 1S-2.055) (referencing as the Department's rulemaking authority Fla. Stat. §§ 97.012(1)-(2), (9), 101.62(1)(a), 101.62(6), 101.662, and citing the laws implemented by the Department as Fla. Stat. §§ 97.061, 101.051(3), 101.62(1)(a), 101.62(6), 101.662). A supervisor of elections' hypothetical failure to follow a state rule lawfully promulgated pursuant to state law would be best left to a future as-applied challenge.

\* \* \*

For all these reasons, the Court should grant the Secretary's summary-judgment motion.

Dated: February 15, 2024

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Respectfully submitted,

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

*Admitted pro hac vice*

5

## Certificate of Compliance

I certify that the summary-judgment memorandum is 715 words, which is under the 3,200-word limit in Local Rule 56.1(D). I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil

## Certificate of Service

I certify that on February 15, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil
