# EXHIBIT 1

Civil Enforcement

1. The Office of the Attorney General, ("OAG"), does not have a civil enforcement mechanism in place for the challenged provisions of SB 7050 because the OAG has not received any civil referrals from the Secretary of State regarding any 3VPRO pursuant to the challenged provisions of SB 7050. The OAG interprets SB 7050 to require a referral from the Secretary of State before the OAG can enforce the challenged civil provisions.

2. The OAG does not employ investigators to investigate alleged civil violations under s. 97.0575, Fla. Stat.

3. To construe s. 97.0575, Fla. Stat. regarding civil actions, the OAG would follow the plain language of the statute and any applicable rules promulgated by the Secretary of State.

4. The OAG does not construe s. 97.0575, Fla. Stat. to direct or authorize the OAG to assess or levy fines regarding alleged civil violations. Pursuant to the sworn testimony in this case, the Secretary of State solely assesses civil fines, issues fine letters to alleged violators, and considers administrative "appeals" of said fines. Section 97.0575(5), Fla. Stat. authorizes the Secretary of State to waive certain fines.

5. Regarding the term "willfully" in the context of civil litigation, the OAG's analysis would start with the principles contained in the Black's Law definition, i.e., that a willful act is one done with an unlawful intent; an accidental or negligent act is not a willful act.

6. Nicholas Cox's testimony concerning the definitions of "collecting" and "handling" applies to the OAG's interpretation of those terms in both the civil and criminal contexts, namely that the OAG has not considered and applied these statutory terms because it has not yet received a civil referral from the Secretary of State.

7. Regarding the OAG's authority to institute civil actions under s. 97.0575(8), Fla. Stat., the OAG understands that, on referral from the Secretary of State, the OAG may seek "a permanent or temporary injunction, a restraining order, or any other appropriate relief" to prevent a violation of s. 97.0575, Fla. Stat., or institute a civil cause of action to collect a fine assessed by the Secretary of State, after the exhaustion of administrative remedies.