# EXHIBIT 2

CHAPTER 2023-120

Committee Substitute for Senate Bill No. 7050

An act relating to elections; amending s. 97.012, F.S.; requiring the Secretary of State to provide mandatory formal signature matching training to specified persons; requiring the Department of State to adopt specified rules; amending s. 97.052, F.S.; conforming a provision to changes made by the act; amending s. 97.057, F.S.; conforming a cross-reference; amending s. 97.0575, F.S.; requiring that third-party voter registration organizations provide to the Division of Elections the general election cycle for which they are registering persons to vote, beginning on a certain date; requiring that third-party voter registration organizations provide to the division certain affirmations; providing that a third-party voter registration organization is liable for certain fines in certain circumstances; providing that the registration of such organizations expires at the conclusion of the organizations' lawful responsibilities following such election cycle, beginning on a certain date; requiring such organizations to provide applicants with a specified receipt; requiring the division to adopt by rule a uniform format for such receipt by a specified date; revising the timeframe within which such organizations must deliver applications to the division or a supervisor of elections; revising the fines for failure to submit applications to the division or the supervisor within the specified timeframe; prohibiting a person collecting applications on behalf of a third-party voter registration organization from copying specified information from the application for reasons other than complying with specified requirements; providing criminal penalties; prohibiting organizations from providing prefilled voter registration applications to applicants; providing civil penalties; providing for retroactive application; amending s. 97.071, F.S.; revising the contents of voter information cards; providing construction; providing applicability; amending s. 98.065, F.S.; revising the procedures a supervisor must incorporate as part of his or her list maintenance program; deleting a provision relating to the address to which certain voter registration mail must be addressed; revising requirements applicable to registration list maintenance programs; requiring a supervisor to conduct a certain review of voter registration records at least annually and take certain actions; amending s. 98.0655, F.S.; deleting a provision that requires an address confirmation request to include a certain statement; amending s. 98.075, F.S.; deleting the scheduled repeal of a public records exemption for certain voter registration information from another state or the District of Columbia; requiring the supervisor to remove the name of a registered voter from the statewide voter registration system within a specified timeframe if certain conditions exist; requiring the supervisor to coordinate with his or her respective clerk of the court to obtain information of those registered voters convicted of a felony who have not had their voting rights restored; requiring a supervisor to adhere to specified procedures before the removal of a registered voter from the statewide voter

1

CODING: Words stricken are deletions; words underlined are additions.

registration system; providing construction; requiring the notice that the supervisor must provide to a potentially ineligible voter to include a specified statement; authorizing a supervisor to post a specified notice on the county's website or the supervisor's website; requiring the notice to contain specified statements; requiring the supervisor to make a final determination of the voter's eligibility within a specified timeframe and remove the name of a registered voter within a specified timeframe if the registered voter fails to respond or responds in a certain manner to certain notices; requiring the supervisor to review evidence and make a determination of eligibility within a specified timeframe in certain circumstances; requiring the supervisor to remove an ineligible voter within a specified timeframe and notify the voter that he or she has the right to appeal the determination of ineligibility; requiring the supervisor to schedule and issue notice of a hearing within a specified timeframe after receiving the voter's hearing request; requiring that the hearing be held within a specified timeframe; authorizing the voter to request an extension; conforming provisions to changes made by the act; amending s. 98.077, F.S.; deleting a reference to the department from a provision requiring correspondence to include certain information; requiring a supervisor to publish a specified notice in a newspaper, on the county's website, or on the supervisor's website; requiring that signature updates used to verify signatures on ballot certificates or petitions be received by the supervisor before the voter's ballot is received, his or her provisional ballot is cast, or the petition is submitted for signature verification; requiring the supervisor to use the signature on file at the time the vote-by-mail ballot is received, the provisional ballot is cast, or the petition is reviewed; providing an exception; amending s. 98.093, F.S.; requiring the Department of Health to weekly furnish a specified list to the Department of State; requiring clerks of the circuit court to weekly furnish specified information to the Department of State; requiring the clerks to provide certain information to the department for specified purposes; requiring the Department of Law Enforcement to identify and report specified persons to the Department of State at least weekly; requiring the Florida Commission on Offender Review to furnish data on clemency to the Department of State at least weekly; requiring the Department of Corrections to identify persons convicted of a felony and committed to its custody, and to provide such information to the Department of State, at least weekly; requiring the Department of Highway Safety and Motor Vehicles to weekly furnish specified information to the Department of State; revising construction; making technical changes; amending s. 98.0981, F.S.; requiring supervisors to submit specified reports to the department within a specified timeframe; requiring supervisors to prepare a reconciliation report and submit such report to the department; providing requirements for, and the required format of, the report; revising the requirement that supervisors transmit to the department, in a specified format, the completely updated voting history information for each qualified voter who voted; defining the term "unique precinct identifier"; requiring supervisors to submit a specified geographical information system map to the department; requiring the department

CODING: Words stricken are deletions; words underlined are additions.

to submit an election summary report containing certain information to the Legislature following the certification by the Elections Canvassing Commission of specified elections; deleting certain file specifications; revising the timeframe for a supervisor to collect and submit to the department precinct-level election results after certification by the commission of specified elections; revising the procedures for compiling such results; requiring the supervisor to research and address questions or issues identified by the department in such results; requiring the supervisor to provide amended precinct-level election results to the department within a specified timeframe, if certain conditions exist; requiring the department to publish such results online within a specified timeframe; specifying requirements for the website; requiring certain files to be created in accordance with, and providing requirements for, a certain rule; defining the term "unique precinct identifier"; providing the time-frame within which the department must compile and make available certain precinct-level statistical data; requiring the department to adopt specified rules; amending s. 99.012, F.S.; defining the term "qualify" for purposes of restrictions on individuals qualifying for public office; revising applicability; providing construction; amending s. 99.021, F.S.; revising the form of the candidate oath to require that candidates acknowledge certain outstanding fines, fees, or penalties relating to ethics or campaign finance violations; creating s. 99.0215, F.S.; requiring a candidate to designate in the candidate's oath the name he or she wishes to have printed on the ballot, subject to specified conditions; requiring a candidate to file a specified affidavit simultaneously with the oath if the candidate wishes to use a nickname, which is subject to certain conditions; defining the term "political slogan"; prohibiting the use of a professional title or degree except in specified circumstances; amending s. 99.097, F.S.; requiring the person or organization that submits signatures for a local or statewide issue to pay the supervisor in advance for checking the signatures; making technical changes; amending s. 100.021, F.S.; provid-ing alternative methods for providing notice of a general election; amending s. 100.141, F.S.; revising the methods by which a supervisor may publish notice of a special election; amending s. 100.342, F.S.; specifying that the notice for a special election or referendum may be published on the county's website, the municipality's website, or the supervisor's website, as applicable; amending s. 101.001, F.S.; revising requirements for specified maps maintained by supervisors of elections; authorizing supervisors of elections to coordinate with other governmen-tal entities for a certain purpose; deleting a provision requiring super-visors to provide the department certain data on precincts in the county; deleting a provision requiring the department to maintain a certain database; requiring supervisors of elections to include changes in the name of a precinct in a certain document; amending s. 101.048, F.S.; providing that specified persons are entitled to vote a provisional ballot; amending s. 101.151, F.S.; requiring the word "incumbent" to appear next to a candidate's name on an election ballot under specified conditions; amending s. 101.5612, F.S.; revising the methods by which certain notice may be provided; amending s. 101.6103, F.S.; conforming a cross-

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

reference; making technical changes; amending s. 101.62, F.S.; specifying that a supervisor must accept requests for vote-by-mail ballots only from specified persons; providing that a request may be made through a supervisor's website; requiring the department to adopt by rule a uniform statewide application for a written request for a vote-by-mail ballot by a specified date; requiring a supervisor to cancel a request for a vote-by-mail ballot if certain mail sent by the supervisor to the voter is returned to the supervisor as undeliverable; requiring a voter who subsequently requests a vote-by-mail ballot to provide or confirm his or her current residential address; requiring the supervisor to add certain information to the voter's registration record if such information is provided in the vote-by-mail request; revising the definition of the term "immediate family"; deleting a provision requiring vote-by-mail ballot requests to be received by a specified time before the supervisor mails a vote-by-mail ballot; revising the day after which a supervisor may not mail a vote-by-mail ballot; providing the deadline for submitting a vote-by-mail ballot request; revising the means by which and the period during which a supervisor must provide a vote-by-mail ballot to a voter; prohibiting a supervisor from personally delivering a vote-by-mail ballot to certain voters or delivering a vote-by-mail ballot to certain voters' designees during a certain period unless certain conditions exist; making technical changes; amending s. 101.67, F.S.; requiring the supervisor to segregate and treat certain ballots as provisional; amending s. 101.68, F.S.; prohibiting vote-by-mail ballots from being counted if two or more ballots arrive in one mailing envelope; making technical changes; amending s. 101.6923, F.S.; requiring that a specified statement be included in a vote-by-mail ballot provided to certain voters; making technical changes; amending s. 101.6925, F.S.; revising the deadline for a voter to make specified information available to the supervisor before a vote-by-mail ballot may be canvassed; amending s. 101.694, F.S.; conforming a cross-reference; amending s. 101.71, F.S.; revising the methods by which certain notice may be provided; requiring certain public, tax-supported buildings to be made available for use as early voting locations upon the request of the supervisor; amending s. 101.733, F.S.; revising the methods by which certain notice may be provided; amending s. 102.111, F.S.; revising the time at which the Elections Canvassing Commission shall meet to certify returns; amending s. 102.112, F.S.; revising the timeframe in which county returns must be filed with the department; amending s. 102.141, F.S.; requiring a certain number of alternate canvassing board members; revising the methods by which certain notice may be provided; requiring the supervisor to file a report with the Division of Elections within a specified timeframe; revising the requirements for the report; requiring the division to review the report and offer specified training to supervisors based on the report; requiring the department to submit an analysis of specified reports to the Governor and the Legislature by a specified date; amending s. 103.021, F.S.; revising the timeframe within which a political party executive committee must submit its presidential electors to the Governor for nomination; requiring the state executive committee of each party to submit specified information; requiring that electors be qualified registered voters and members of

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

the political party for which they are named as electors; specifying that a required oath be made in writing; revising the timeframe within which the Governor must certify the electors to the department; revising the timeframe within which a minor political party must submit its list of presidential electors to the department; requiring presidential electors to file with the Governor a certain written oath; providing that certain acts constitute a resignation of the position of presidential elector; amending s. 103.022, F.S.; requiring certain write-in candidates to submit specified information; amending s. 103.091, F.S.; authorizing a qualifying office to accept and hold qualifying papers for candidates for political party offices within a specified timeframe before the qualifying period; amending s. 104.16, F.S.; providing applicability; amending s. 104.18, F.S.; providing that a prosecution for voting more than one ballot may proceed in any jurisdiction in which a ballot was willfully cast; providing that it is not necessary to prove which ballot was cast first; defining the term "votes more than one ballot at any election"; amending s. 104.42, F.S.; authorizing a supervisor to report certain findings to the Office of Election Crimes and Security rather than the Florida Elections Commission; amending s. 105.031, F.S.; revising the form of the candidate's oath to require that candidates for judicial office acknowledge certain outstanding fines, fees, or penalties relating to ethics or campaign finance violations; amending s. 106.03, F.S.; requiring the division to adopt specified rules; amending s. 106.07, F.S.; revising reporting intervals for candidates and political committees from monthly to quarterly; preempting local governments from establishing reporting schedules that differ from certain requirements; conforming a cross-reference; amending s. 106.0702, F.S.; conforming a cross-reference; amending s. 106.0703, F.S.; revising reporting intervals for electioneering communications organizations from monthly to quarterly; conforming a cross-reference; amending s. 106.08, F.S.; adding text messages to the items that do not constitute contributions to be counted toward certain contribution limits; creating s. 106.1436, F.S.; defining the term "voter guide"; prohibiting a person from representing that a voter guide is an official publication of a political party; providing an exception; providing disclosure requirements for such voter guides; providing criminal penalties and fines; amending s. 106.265, F.S.; increasing the maximum civil fines that may be imposed for specified violations; providing that fines assessed against a political committee also attach jointly and severally to the chair of the political committee under specified conditions; amending s. 322.142, F.S.; authorizing the Department of Highway Safety and Motor Vehicles to provide certain reproductions to a supervisor of elections; providing effective dates.

Be It Enacted by the Legislature of the State of Florida:

Section 1.    Subsection (17) of section 97.012, Florida Statutes, is amended to read:

CODING: Words stricken are deletions; words underlined are additions.

97.012 Secretary of State as chief election officer.—The Secretary of State is the chief election officer of the state, and it is his or her responsibility to:

(17) Provide <u>mandatory</u> formal signature matching training to supervisors of elections and county canvassing board members. <u>Any person whose duties require verification of signatures must undergo signature matching training. The department shall adopt rules governing signature matching procedures and training.</u>

Section 2. Paragraph (g) of subsection (3) of section 97.052, Florida Statutes, is amended to read:

97.052 Uniform statewide voter registration application.—

(3) The uniform statewide voter registration application must also contain:

(g) A statement informing the applicant that if the application is being collected by a third-party voter registration organization, the organization might not deliver the application to the division or the supervisor in the county in which the applicant resides in less than <u>10</u> ~~14~~ days or before registration closes for the next ensuing election, and that the applicant may instead elect to deliver the application in person or by mail or choose to register online. The statement must further inform the applicant how to determine whether the application has been delivered.

Section 3. Subsection (13) of section 97.057, Florida Statutes, is amended to read:

97.057 Voter registration by the Department of Highway Safety and Motor Vehicles.—

(13) The Department of Highway Safety and Motor Vehicles must assist the Department of State in regularly identifying changes in residence address on the driver license or identification card of a voter. The Department of State must report each such change to the appropriate supervisor of elections who must change the voter's registration records in accordance with <u>s. 98.065(4)</u> ~~s. 98.065(5)~~.

Section 4. Section 97.0575, Florida Statutes, is amended to read:

97.0575 Third-party voter <u>registration organizations</u> ~~registrations~~.—

(1) Before engaging in any voter registration activities, a third-party voter registration organization must register and provide to the division, in an electronic format, the following information:

(a) The names of the officers of the organization and the name and permanent address of the organization.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(b)   The name and address of the organization's registered agent in the state.

(c)   The names, permanent addresses, and temporary addresses, if any, of each registration agent registering persons to vote in this state on behalf of the organization. This paragraph does not apply to persons who only solicit applications and do not collect or handle voter registration applications.

(d)   Beginning November 6, 2024, the specific general election cycle for which the third-party voter registration organization is registering persons to vote.

(e)   An affirmation that each person collecting or handling voter registration applications on behalf of the third-party voter registration organization has not been convicted of a felony violation of the Election Code, a felony violation of an offense specified in s. 825.103, a felony offense specified in s. 98.0751(2)(b) or (c), or a felony offense specified in chapter 817, chapter 831, or chapter 837. A third-party voter registration organization is liable for a fine in the amount of $50,000 for each such person who has been convicted of a felony violation of the Election Code, a felony violation of an offense specified in s. 825.103, a felony offense specified in s. 98.0751(2)(b) or (c), or a felony offense specified in chapter 817, chapter 831, or chapter 837 who is collecting or handling voter registration applications on behalf of the third-party voter registration organization.

(f)   An affirmation that each person collecting or handling voter registration applications on behalf of the third-party voter registration organization is a citizen of the United States of America. A third-party voter registration organization is liable for a fine in the amount of $50,000 for each such person who is not a citizen and is collecting or handling voter registration applications on behalf of the third-party voter registration organization.

(2)   Beginning November 6, 2024, the registration of a third-party voter registration organization automatically expires at the conclusion of the specific general election cycle for which the third-party voter registration organization is registered.

(3)(2)   The division or the supervisor of elections shall make voter registration forms available to third-party voter registration organizations. All such forms must contain information identifying the organization to which the forms are provided. The division shall maintain a database of all third-party voter registration organizations and the voter registration forms assigned to the third-party voter registration organization. Each supervisor of elections shall provide to the division information on voter registration forms assigned to and received from third-party voter registration organizations. The information must be provided in a format and at times as required by the division by rule. The division shall must update information on third-party voter registrations daily and make the information publicly available.

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

(4)   A third-party voter registration organization that collects voter registration applications shall provide a receipt to an applicant upon accepting possession of his or her application. The division shall adopt by rule a uniform format for the receipt by October 1, 2023. The format must include, but need not be limited to, the name of the applicant, the date the application is received, the name of the third-party voter registration organization, the name of the registration agent, the applicant's political party affiliation, and the county in which the applicant resides.

(5)(a)(3)(a)   A third-party voter registration organization that collects voter registration applications serves as a fiduciary to the applicant and shall ensure, ensuring that any voter registration application entrusted to the organization, irrespective of party affiliation, race, ethnicity, or gender, is must be promptly delivered to the division or the supervisor of elections in the county in which the applicant resides within 10 14 days after the application is was completed by the applicant, but not after registration closes for the next ensuing election. If a voter registration application collected by any third-party voter registration organization is not promptly delivered to the division or supervisor of elections in the county in which the applicant resides, the third-party voter registration organization is liable for the following fines:

1.   A fine in the amount of $50 per each day late, up to $2,500, for each application received by the division or the supervisor of elections in the county in which the applicant resides more than 10 14 days after the applicant delivered the completed voter registration application to the third-party voter registration organization or any person, entity, or agent acting on its behalf. A fine in the amount of $2,500 $250 for each application received if the third-party voter registration organization or person, entity, or agency acting on its behalf acted willfully.

2.   A fine in the amount of $100 per each day late, up to $5,000, for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, before book closing for any given election for federal or state office and received by the division or the supervisor of elections in the county in which the applicant resides after the book-closing deadline for such election. A fine in the amount of $5,000 $500 for each application received if the third-party voter registration organization or any person, entity, or agency acting on its behalf acted willfully.

3.   A fine in the amount of $500 for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, which is not submitted to the division or supervisor of elections in the county in which the applicant resides. A fine in the amount of $5,000 $1,000 for any application not submitted if the third-party voter registration organization or person, entity, or agency acting on its behalf acted willfully.

The aggregate fine which may be assessed pursuant to this paragraph which may be assessed against a third-party voter registration organization,

CODING: Words stricken are deletions; words underlined are additions.

including affiliate organizations, for violations committed in a calendar year is $250,000 $50,000.

(b)   A showing by the third-party voter registration organization that the failure to deliver the voter registration application within the required timeframe is based upon force majeure or impossibility of performance shall be an affirmative defense to a violation of this subsection. The secretary may waive the fines described in this subsection upon a showing that the failure to deliver the voter registration application promptly is based upon force majeure or impossibility of performance.

(6)(4)   If a person collecting voter registration applications on behalf of a third-party voter registration organization alters the voter registration application of any other person, without the other person's knowledge and consent, in violation of s. 104.012(4) and is subsequently convicted of such offense, the applicable third-party voter registration organization is liable for a fine in the amount of $5,000 $1,000 for each application altered.

(7)   If a person collecting voter registration applications on behalf of a third-party voter registration organization copies a voter's application or retains a voter's personal information, such as the voter's Florida driver license number, Florida identification card number, social security number, or signature, for any reason other than to provide such application or information to the third-party voter registration organization in compliance with this section, the person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(8)(5)   If the Secretary of State reasonably believes that a person has committed a violation of this section, the secretary may refer the matter to the Attorney General for enforcement. The Attorney General may institute a civil action for a violation of this section or to prevent a violation of this section. An action for relief may include a permanent or temporary injunction, a restraining order, or any other appropriate order.

(9)(6)   The division shall adopt by rule a form to elicit specific information concerning the facts and circumstances from a person who claims to have been registered to vote by a third-party voter registration organization but who does not appear as an active voter on the voter registration rolls. The division shall also adopt rules to ensure the integrity of the registration process, including controls to ensure that all completed forms are promptly delivered to the division or a supervisor in the county in which the applicant resides.

(10)(7)   The date on which an applicant signs a voter registration application is presumed to be the date on which the third-party voter registration organization received or collected the voter registration application.

(11)   A third-party voter registration organization may not mail or otherwise provide a voter registration application upon which any

9

information about an applicant has been filled in before it is provided to the applicant. A third-party voter registration organization that violates this section is liable for a fine in the amount of $50 for each such application.

(12)(8)  The requirements of this section are retroactive for any third-party voter registration organization registered with the department as of July 1, 2023 on the effective date of this act, and must be complied with within 90 days after the department provides notice to the third-party voter registration organization of the requirements contained in this section. Failure of the third-party voter registration organization to comply with the requirements within 90 days after receipt of the notice shall automatically result in the cancellation of the third-party voter registration organization's registration.

Section 5.   Subsections (1) and (3) of section 97.071, Florida Statutes, are amended to read:

97.071   Voter information card.—

(1)   A voter information card must shall be furnished by the supervisor to all registered voters residing in the supervisor's county. The card must contain:

(a)   Voter's registration number.

(b)   Date of registration.

(c)   Full name.

(d)   Party affiliation.

(e)   Date of birth.

(f)   Address of legal residence.

(g)   Precinct number.

(h)   Polling place address and a link to the supervisor's website to provide the most current polling place locations.

(i)   Name of supervisor and contact information of supervisor.

(j)   The following statement: "This card is for information purposes only. This card is proof of registration but is not legal verification of eligibility to vote. It is the responsibility of a voter to keep his or her eligibility status current. A voter may confirm his or her eligibility to vote with the Department of State."

(k)(j)   Other information deemed necessary by the supervisor.

(3)   In the case of a change of name, address of legal residence, polling place address, or party affiliation, the supervisor shall issue the voter a new

10

CODING: Words stricken are deletions; words underlined are additions.

voter information card. <u>A temporary change made to a polling location pursuant to ss. 101.71 and 101.74 does not require the issuance of a new voter information card.</u>

Section 6.   <u>The amendments made to s. 97.071, Florida Statutes, by this act, only apply to new and replacement voter information cards issued on or after July 1, 2023.</u>

Section 7.   Subsections (2), (3), and (4), paragraph (c) of subsection (5), and paragraph (a) of subsection (7) of section 98.065, Florida Statutes, are amended, and a new subsection (6) is added to that section, to read:

98.065   Registration list maintenance programs.—

(2)   A supervisor must incorporate one or more of the following proce-dures in the supervisor's annual registration list maintenance program under which the supervisor shall:

(a)   Use change-of-address information supplied by the United States Postal Service through its licensees to identify registered voters whose addresses might have changed. Additionally, in odd-numbered years, unless the supervisor is conducting the procedure specified in paragraph (b), the supervisor must identify change-of-address information from <u>address confirmation final notices</u> <s>returned nonforwardable return-if-undeliverable address confirmation requests</s> mailed to all registered voters who have not voted in the preceding two general elections or any intervening election and who have not made a request that their registration records be updated during that time; or

(b)   Identify change-of-address information from returned nonforward-able return-if-undeliverable <u>address confirmation requests</u> <s>mail</s> sent to all registered voters in the county.

<s>(3)   Address confirmation requests sent pursuant to paragraph (2)(a) and mail sent pursuant to paragraph (b) must be addressed to the voter's address of legal residence, not including voters temporarily residing outside the county and registered in the precinct designated by the supervisor pursuant to s. 101.045(1). If a request is returned as undeliverable, any other notification sent to the voter pursuant to subsection (5) or s. 98.0655 must be addressed to the voter's mailing address on file, if any.</s>

<u>(3)</u><s>(4)</s>   A registration list maintenance program must be conducted by each supervisor, at a minimum, once each year<u>, beginning no later than April 1,</u> and must be completed <u>at least</u> <s>not later than</s> 90 days before the date of any federal election. All list maintenance actions associated with each voter must be entered, tracked, <u>recorded,</u> and maintained in the statewide voter registration system.

<u>(4)</u><s>(5)</s>

11

(c)   If an address confirmation request required by paragraph (2)(b) (2)(a) is returned as undeliverable without indication of an address change, ~~or there is no response from the voter within 30 days,~~ or if any other nonforwardable return-if-undeliverable mail is returned as undeliverable with no indication of an address change, the supervisor <u>must</u> ~~shall~~ send an address confirmation final notice to ~~all addresses on file for~~ the voter.

<u>(6)   The supervisor shall, at a minimum, conduct an annual review of voter registration records to identify registration records in which a voter is registered at an address that may not be an address of legal residence for the voter. For those registration records with such addresses that the supervisor has reasonable belief are not legal residential addresses, the supervisor shall initiate list maintenance activities pursuant to s. 98.075(6) and (7).</u>

(7)(a)   No later than July 31 and January 31 of each year, the supervisor must certify to the department the <u>address</u> list maintenance activities conducted during the first 6 months and the second 6 months of the year, respectively, including the number of address confirmation requests sent, the number of voters designated as inactive, and the number of voters removed from the statewide voter registration system.

Section 8.   Paragraph (c) of subsection (1) of section 98.0655, Florida Statutes, is amended to read:

98.0655   Registration list maintenance forms.—The department shall prescribe registration list maintenance forms to be used by the supervisors which must include:

(1)   An address confirmation request that must contain:

~~(c)   If the address confirmation request is required by s. 98.065(2)(a), a statement that if the voter has not changed his or her legal residence or has changed his or her legal residence within the state, the voter should return the form within 30 days after the date on which the notice was sent to the voter;~~ and

Section 9.   Paragraph (c) of subsection (2) and subsections (3) through (8) of section 98.075, Florida Statutes, are amended to read:

98.075   Registration records maintenance activities; ineligibility determinations.—

(2)   DUPLICATE REGISTRATION.—

(c)   Information received by the department from another state or the District of Columbia upon the department becoming a member of a nongovernmental entity as provided in subparagraph (b)1., which is confidential or exempt pursuant to the laws of that state or the District of Columbia, is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. The department shall provide such information to the supervisors to conduct registration list maintenance activities. ~~This paragraph is~~

subject to the Open Government Sunset Review Act in accordance with s. 119.15 and shall stand repealed on October 2, 2023, unless reviewed and saved from repeal through reenactment by the Legislature.

(3) DECEASED PERSONS.—

(a)1. The department shall identify those registered voters who are deceased by comparing information received from:

a. The Department of Health as provided in s. 98.093;

b. The United States Social Security Administration, including, but not limited to, any master death file or index compiled by the United States Social Security Administration; and

c. The Department of Highway Safety and Motor Vehicles.

2. Within 7 days after receipt of such information through the statewide voter registration system, the supervisor shall remove the name of the registered voter.

(b) The supervisor shall remove the name of a deceased registered voter from the statewide voter registration system within 7 days after upon receipt of a copy of a death certificate issued by a governmental agency authorized to issue death certificates.

(4) ADJUDICATION OF MENTAL INCAPACITY.—The department shall identify those registered voters who have been adjudicated mentally incapacitated with respect to voting and who have not had their voting rights restored by comparing information received from the clerk of the circuit court as provided in s. 98.093. The department shall review such information and make an initial determination as to whether the information is credible and reliable. If the department determines that the information is credible and reliable, the department must shall notify the supervisor and provide a copy of the supporting documentation indicating the potential ineligibility of the voter to be registered. Upon receipt of the notice that the department has made a determination of initial credibility and reliability, the supervisor shall adhere to the procedures set forth in subsection (7) before prior to the removal of a registered voter from the statewide voter registration system.

(5) FELONY CONVICTION.—

(a) The department shall identify those registered voters who have been convicted of a felony and whose voting rights have not been restored by comparing information received from, but not limited to, a clerk of the circuit court, the Board of Executive Clemency, the Department of Corrections, the Department of Law Enforcement, or a United States Attorney's Office, as provided in s. 98.093. The department shall review such information and make an initial determination as to whether the information is credible and reliable. If the department determines that the information is credible and reliable, the department must shall notify the supervisor and provide a copy

13
CODING: Words stricken are deletions; words underlined are additions.

of the supporting documentation indicating the potential ineligibility of the voter to be registered. Upon receipt of the notice that the department has made a determination of initial credibility and reliability, the supervisor shall adhere to the procedures set forth in subsection (7) before ~~prior to~~ the removal of a registered voter's name from the statewide voter registration system.

(b)  The supervisors shall coordinate with their respective clerks of the court to obtain information pursuant to s. 98.093 to identify registered voters within their respective jurisdictions who have been convicted of a felony during the preceding week and whose voting rights have not been restored. The supervisor shall adhere to the procedures set forth in subsection (7) before the removal of a registered voter's name from the statewide voter registration system. For purposes of this paragraph, a supervisor's duties under subsection (7) begin upon his or her determination that the information received from the clerk is credible and reliable.

(6)  OTHER BASES FOR INELIGIBILITY.—Subsections (2)-(5) do not limit or restrict the department or the supervisor in his or her duty to act upon direct receipt of, access to, or knowledge of information from any governmental entity that identifies a registered voter as potentially ineligible. If the department or supervisor receives information from any governmental entity ~~sources~~ other than those identified in subsections (2)-(5) that a registered voter is ineligible because the voter ~~he or she~~ is deceased, adjudicated a convicted felon without having had his or her voting rights restored, adjudicated mentally incapacitated without having had his or her voting rights restored, does not meet the age requirement pursuant to s. 97.041, is not a United States citizen, is a fictitious person, or has listed an address ~~a residence~~ that is not his or her address of legal residence, the supervisor must adhere to the procedures set forth in subsection (7) before ~~prior to~~ the removal of the name of a registered voter who is determined to be ineligible ~~a registered voter's name~~ from the statewide voter registration system.

(7)  PROCEDURES FOR REMOVAL.—

(a)  If the supervisor receives notice or information pursuant to subsections (4)-(6), the supervisor of the county in which the voter is registered must ~~shall~~:

1.  Notify the registered voter of his or her potential ineligibility by mail within 7 days after receipt of notice or information. The notice must ~~shall~~ include:

a.  A statement of the basis for the registered voter's potential ineligibility and a copy of any documentation upon which the potential ineligibility is based. Such documentation must include any conviction from another jurisdiction determined to be a similar offense to murder or a felony sexual offense, as those terms are defined in s. 98.0751.

b.   A statement that failure to respond within 30 days after receipt of the notice may result in a determination of ineligibility and in removal of the registered voter's name from the statewide voter registration system.

c.   A return form that requires the registered voter to admit or deny the accuracy of the information underlying the potential ineligibility for purposes of a final determination by the supervisor.

d.   A statement that, if the voter is denying the accuracy of the information underlying the potential ineligibility, the voter has a right to request a hearing for the purpose of determining eligibility.

e.   Instructions for the registered voter to contact the supervisor of elections of the county in which the voter is registered if assistance is needed in resolving the matter.

f.   Instructions for seeking restoration of civil rights pursuant to s. 8, Art. IV of the State Constitution and information explaining voting rights restoration pursuant to s. 4, Art. VI of the State Constitution following a felony conviction, if applicable.

g.   The following statement: "If you attempt to vote at an early voting site or your normal election day polling place, you will be required to vote a provisional ballot. If you vote by mail, your ballot will be treated as a provisional ballot. In either case, your ballot may not be counted until a final determination of eligibility is made. If you wish for your ballot to be counted, you must contact the supervisor of elections office within 2 days after the election and present evidence that you are eligible to vote."

2.   If the mailed notice is returned as undeliverable, the supervisor must, within 14 days after receiving the returned notice, either publish shall publish notice once in a newspaper of general circulation in the county in which the voter was last registered or publish notice on the county's website as provided in s. 50.0311 or on the supervisor's website, as deemed appropriate by the supervisor. The notice must shall contain the following:

a.   The voter's name and address.

b.   A statement that the voter is potentially ineligible to be registered to vote.

c.   A statement that failure to respond within 30 days after the notice is published may result in a determination of ineligibility by the supervisor and removal of the registered voter's name from the statewide voter registration system.

d.   An instruction for the voter to contact the supervisor no later than 30 days after the date of the published notice to receive information regarding the basis for the potential ineligibility and the procedure to resolve the matter.

CODING: Words stricken are deletions; words underlined are additions.

e.   An instruction to the voter that, if further assistance is needed, the voter should contact the supervisor of elections of the county in which the voter is registered.

f.   A statement that, if the voter denies the accuracy of the information underlying the potential ineligibility, the voter has a right to request a hearing for the purpose of determining eligibility.

g.   The following statement: "If you attempt to vote at an early voting site or your normal election day polling place, you will be required to vote a provisional ballot. If you vote by mail, your ballot will be treated as a provisional ballot. In either case, your ballot may not be counted until a final determination of eligibility is made. If you wish for your ballot to be counted, you must contact the supervisor of elections office within 2 days after the election and present evidence that you are eligible to vote."

3.   If a registered voter fails to respond to a notice pursuant to subparagraph 1. or subparagraph 2., the supervisor must shall make a final determination of the voter's eligibility within 7 days after expiration of the voter's timeframe to respond. If the supervisor determines that the voter is ineligible, the supervisor must shall remove the name of the registered voter from the statewide voter registration system within 7 days. The supervisor shall notify the registered voter of the supervisor's determination and action.

4.   If a registered voter responds to the notice pursuant to subparagraph 1. or subparagraph 2. and admits the accuracy of the information underlying the potential ineligibility, the supervisor must, as soon as practicable, shall make a final determination of ineligibility and shall remove the voter's name from the statewide voter registration system. The supervisor shall notify the registered voter of the supervisor's determination and action.

5.   If a registered voter responds to the notice issued pursuant to subparagraph 1. or subparagraph 2. and denies the accuracy of the information underlying the potential ineligibility but does not request a hearing, the supervisor must shall review the evidence and make a final determination of eligibility no later than 30 days after receiving the response from the voter. If the supervisor determines that the registered voter is ineligible, the supervisor must remove the voter's name from the statewide voter registration system upon such determination and notify the registered voter of the supervisor's determination and action and that the removed voter has a right to appeal a determination of ineligibility pursuant to s. 98.0755. If such registered voter requests a hearing, the supervisor must shall send notice to the registered voter to attend a hearing at a time and place specified in the notice. The supervisor shall schedule and issue notice for the hearing within 7 days after receiving the voter's request for a hearing and shall hold the hearing no later than 30 days after issuing the notice of the hearing. A voter may request an extension upon showing good cause by submitting an affidavit to the supervisor as to why he or she is unable to attend the scheduled hearing. Upon hearing all evidence presented at the

hearing, the supervisor shall make a determination of eligibility <u>within 7 days</u>. If the supervisor determines that the registered voter is ineligible, the supervisor <u>must</u> <s>shall</s> remove the voter's name from the statewide voter registration system and notify the registered voter of the supervisor's determination and action <u>and that the removed voter has a right to appeal a determination of ineligibility pursuant to s. 98.0755</u>.

(b) The following <s>shall</s> apply to this subsection:

1. All determinations of eligibility <u>must</u> <s>shall</s> be based on a preponderance of the evidence.

2. All proceedings are exempt from <s>the provisions of</s> chapter 120.

3. Any notice <u>must</u> <s>shall</s> be sent to the registered voter by certified mail, return receipt requested, or other means that provides a verification of receipt or <u>must</u> <s>shall</s> be published in a newspaper of general circulation where the voter was last registered<u>, on the county's website as provided in s. 50.0311, or on the supervisor's website</u>, whichever is applicable.

4. The supervisor shall remove the name of any registered voter from the statewide voter registration system only after the supervisor makes a final determination that the voter is ineligible to vote.

5. Any voter whose name has been removed from the statewide voter registration system pursuant to a determination of ineligibility may appeal that determination under <s>the provisions of</s> s. 98.0755.

6. Any voter whose name was removed from the statewide voter registration system on the basis of a determination of ineligibility who subsequently becomes eligible to vote must reregister in order to have his or her name restored to the statewide voter registration system.

(8) CERTIFICATION.—

(a) No later than July 31 and January 31 of each year, the supervisor shall certify to the department <u>that the supervisor has</u> <s>the activities</s> conducted <u>the activities required</u> pursuant to this section during the first 6 months and the second 6 months of the year, respectively. The certification <u>must</u> <s>shall</s> include the number of persons to whom notices were sent pursuant to subsection (7), the number of persons who responded to the notices, the number of notices returned as undeliverable, the number of notices published in the newspaper<u>, on the county's website, or on the supervisor's website</u>, the number of hearings conducted, and the number of persons removed from the statewide voter registration <u>system</u> <s>systems</s> and the reasons for such removals.

(b) If, based on the certification provided pursuant to paragraph (a), the department determines that a supervisor has not satisfied the requirements of this section, the department shall satisfy the appropriate requirements for

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

that county. Failure to satisfy the requirements of this section constitutes shall constitute a violation of s. 104.051.

Section 10.   Subsections (2), (3), and (4) of section 98.077, Florida Statutes, are amended to read:

98.077   Update of voter signature.—

(2)   The department and supervisors of elections shall include in any correspondence, other than postcard notifications and notices relating to eligibility, sent to a registered voter information regarding when, where, and how to update the voter's signature and shall provide the voter information on how to obtain a voter registration application from a voter registration official which can be returned to update the signature.

(3)   At least once during each general election year before the presidential preference primary or the primary election, whichever occurs first, the supervisor shall publish in a newspaper of general circulation or other newspaper in the county, on the county's website as provided in s. 50.0311, or on the supervisor's website, as deemed appropriate by the supervisor, a notice specifying when, where, or how a voter can update his or her signature that is on file and how a voter can obtain a voter registration application from a voter registration official.

(4)   Except as authorized in ss. 101.048 and 101.68:

(a)   All signature updates for use in verifying vote-by-mail voter certificates, and provisional ballot voter certificates, or petitions ballots must be received by the appropriate supervisor before the voter's elector's ballot is received by the supervisor or, in the case of provisional ballots, before the voter's elector's ballot is cast or, in the case of a petition, before the petition is submitted for signature verification.

(b)   The signature on file at the time the vote-by-mail ballot is received, or at the time the provisional ballot is cast, or at the time a petition is reviewed is the signature that must shall be used in verifying the signature on the vote-by-mail voter certificates, and provisional ballot voter certificates, or petitions, respectively. For signatures requiring secondary or tertiary review, older signatures from previous registration updates may be used.

Section 11.   Section 98.093, Florida Statutes, is amended to read:

98.093   Duty of officials to furnish information relating to deceased persons, persons adjudicated mentally incapacitated, persons convicted of a felony, and persons who are not United States citizens.—

(1)   DUTIES.—In order to identify ineligible registered voters and maintain accurate and current voter registration records in the statewide voter registration system pursuant to procedures in s. 98.065 or s. 98.075, it is necessary for the department and supervisors of elections to receive or

CODING: Words stricken are deletions; words underlined are additions.

access certain information from state and federal officials and entities in the format prescribed.

(2)   To the maximum extent feasible, state and local government agencies shall facilitate provision of information and access to data to the department, including, but not limited to, databases that contain reliable criminal records and records of deceased persons. State and local government agencies that provide such data <u>must</u> <s>shall</s> do so without charge if the direct cost incurred by those agencies is not significant.

(2)<s>(a)</s>   DEPARTMENT OF HEALTH.—The Department of Health shall furnish <u>weekly</u> <s>monthly</s> to the department a list containing the name, address, date of birth, date of death, social security number, race, and sex of each deceased person 17 years of age or older <u>whose death was reported during the preceding week</u>.

(3)<s>(b)</s>   CLERK OF THE CIRCUIT COURT.—Each clerk of the circuit court shall furnish <u>weekly to the department and to the supervisors in their respective jurisdictions the following information</u> <s>monthly to the department</s>:

(a)<s>1.</s>   Information identifying <s>A list of</s> those persons who have been adjudicated mentally incapacitated with respect to voting during the preceding <u>week and</u> <s>calendar month, a list of</s> those persons whose mental capacity with respect to voting has been restored during the preceding <u>week. The information must include each person's name; address; date of birth; race; sex; and, if available, his or her Florida driver license number or Florida identification card number or the last four digits of his or her social security number. The clerk shall provide the information to the department to assist a supervisor in identifying registered voters in his or her county who are adjudicated mentally incapacitated outside of his or her county pursuant to s. 98.075(4).</u>

(b)   Information identifying <s>calendar month, and a list of</s> those persons who have <u>responded to</u> <s>returned signed</s> jury notices during the preceding <u>week from</u> <s>months to</s> the clerk of the circuit court <u>and whose response indicated</u> <s>indicating</s> a change of address. <u>The information must</u> <s>Each list shall</s> include <u>each person's</u> <s>the</s> name<u>;</u><s>,</s> address<u>;</u><s>,</s> date of birth<u>;</u><s>,</s> race<u>;</u><s>,</s> sex<u>;</u><s>,</s> and, <u>if</u> <s>whichever is</s> available, the Florida driver license number <u>or,</u> Florida identification card number<s>,</s> or <u>the last four digits of his or her</u> social security number <s>of each such person</s>.

(c)<s>2.</s>   Information on the terms of sentence for felony convictions, including any financial obligations for court costs, fees, and fines, of all persons listed in the clerk's records whose last known address in the clerk's records is within this state and who have been convicted of a felony during the preceding <u>week</u> <s>month</s>. The information may be provided <u>to the supervisor</u> directly by <u>the clerk</u> <s>individual clerks</s> of the circuit court or may be provided on <u>the clerk's</u> <s>their</s> behalf through the Comprehensive Case Information System. <u>The clerk shall provide the information to the</u>

department to assist a supervisor in identifying registered voters in his or her county who are adjudicated of a felony outside of his or her county. For each felony conviction reported, the information must include:

1.a. The full name;, last known address;, date of birth;, race;, sex;, and, if available, the Florida driver license number or Florida identification card number, as applicable;, and the last four digits of the social security number of the person convicted.

2.b. The amounts of all financial obligations, including restitution and court costs, fees, and fines, and, if known, the amount of financial obligations not yet satisfied.

3.c. The county in which the conviction occurred.

4.d. The statute number violated, statute table text, date of conviction, and case number.

(4)(c) UNITED STATES ATTORNEYS.—Upon receipt of information from the United States Attorney, listing persons convicted of a felony in federal court, the department shall use such information to identify registered voters or applicants for voter registration who may be potentially ineligible based on information provided in accordance with s. 98.075.

(5)(d) DEPARTMENT OF LAW ENFORCEMENT.—The Department of Law Enforcement shall identify and report to the department at least weekly those persons who have been convicted of a felony during the preceding week who appear in the voter registration records supplied by the statewide voter registration system, in a time and manner that enables the department to meet its obligations under state and federal law.

(6)(e) FLORIDA COMMISSION ON OFFENDER REVIEW.—The Florida Commission on Offender Review shall furnish at least weekly bimonthly to the department data, including the identity of those persons granted clemency in the preceding month or any updates to prior records which have occurred in the preceding month. The data must shall contain the commission's case number and the person's name, address, date of birth, race, gender, Florida driver license number, Florida identification card number, or the last four digits of the social security number, if available, and references to record identifiers assigned by the Department of Corrections and the Department of Law Enforcement, a unique identifier of each clemency case, and the effective date of clemency of each person.

(7)(f) DEPARTMENT OF CORRECTIONS.—The Department of Corrections shall identify and report to the department at least weekly those persons who have been convicted of a felony and committed to its custody or placed on community supervision during the preceding week. The information must be provided to the department at a time and in a manner that enables the department to identify registered voters who are convicted felons and to meet its obligations under state and federal law.

CODING: Words stricken are deletions; words underlined are additions.

(8)(g)   DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHI-CLES.—The Department of Highway Safety and Motor Vehicles shall furnish weekly monthly to the department the following information:

(a)1.   Information identifying A list of those persons whose names have been removed from the Florida driver license or Florida identification card database during the preceding week because they have been licensed or been issued an identification card in another state. The information list must contain the person's name, last known Florida address, date of birth, sex, last four digits of his or her social security number, and Florida driver license number or Florida identification card number and, if available, the address and the state in which the person is now licensed of each such person.

(b)2.   Information identifying A list of those persons who during the preceding week presented evidence of non-United States citizenship upon being issued a new or renewed Florida driver license or Florida identification card. The information list must contain the person's name; address; date of birth; last four digits of the; social security number, if applicable; and Florida driver license number or Florida identification card number, as available applicable; and alien registration number or other legal status identifier, of each such person.

(c)   Information identifying those persons for which it has received official information during the preceding week that the person is deceased. The information must contain the name, address, date of birth, last four digits of the social security number, Florida driver license number or Florida identification card number, and date of death of each such person.

(9)(3)   CONSTRUCTION.—This section does not limit or restrict the supervisor in his or her duty to act upon direct receipt of, access to, or knowledge of official information from these and other governmental entities that identify a registered voter as potentially ineligible and to initiate removal of remove the name of the registered voter who is determined to be ineligible names of persons from the statewide voter registration system pursuant to s. 98.075(7) based upon information received from other sources.

Section 12.   Section 98.0981, Florida Statutes, is amended to read:

98.0981   Reports; voting history; statewide voter registration system information; precinct-level election results; book closing statistics; live turnout data.—

(1)   VOTING HISTORY AND STATEWIDE VOTER REGISTRATION SYSTEM INFORMATION.—Each supervisor shall submit the reports required by this subsection to the department no later than 10 business days after the Elections Canvassing Commission certifies the results of an election.

CODING: Words stricken are deletions; words underlined are additions.

(a)  <u>_Reconciliation._</u>—For each presidential preference primary election, <u>special primary election, special election, primary election, and general election, the supervisor shall reconcile the aggregate total of ballots cast in each precinct to the aggregate number of voters with voter history pursuant to paragraph (b) and the precinct-level election results pursuant to subsection (3) and submit a reconciliation report. The report must be submitted to the department in an electronic format pursuant to file format and specifications set forth by rule. The report must include a written explanation if the reconciliation results in a discrepancy between the voter history and the election results.</u>

(b)  <u>_Voting history._</u>—For each ~~Within 30 days after certification by the Elections Canvassing Commission of a~~ presidential preference primary, special election, <u>special primary election,</u> primary election, or general election, <u>as applicable,</u> supervisors of elections shall transmit <u>completely updated voting history information for each qualified voter</u> to the department. <u>Such information must be provided,</u> in a uniform electronic format <u>pursuant to file specifications adopted by the department by rule. The voting history information must include:</u> ~~specified in paragraph (d), completely updated voting history information for each qualified voter who voted~~

1.  <u>The unique identifier assigned to each qualified voter within the statewide voter registration system.</u>

2.  <u>Each qualified voter's unique precinct identifier, as designated by the county within the statewide voter registration system, at the time of voting. For purposes of this subparagraph, the term "unique precinct identifier" means an alphanumeric code representing the precinct name or number and containing no more than the maximum characters as specified by rule.</u>

3.  <u>Specifics as to each qualified voter's voting history, including whether the qualified voter voted a regular ballot during the early voting period, voted during the early voting period using a provisional ballot that was subsequently counted, voted a regular ballot at a precinct location, voted at a precinct location using a provisional ballot that was subsequently counted, voted by vote-by-mail ballot, attempted to vote by a timely received vote-by-mail ballot that was not counted, attempted to vote by a vote-by-mail ballot that was received untimely, attempted to vote by provisional ballot that was not counted, or did not vote.</u>

(c)  <u>_Precinct boundaries._</u>—For each presidential preference primary election, special primary election, special election, primary election, and general election, the supervisor shall submit to the department the geographical information system map of precinct boundaries created and maintained pursuant to s. 101.001 for the applicable election.</u>

<u>(2)</u>~~(b)~~  LEGISLATIVE REPORT.—

(a)  <u>_Specifications._</u>—~~After receipt of the information in paragraph (a),~~ The department shall prepare <u>an election summary compiled for a</u>

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

presidential preference primary election, special primary election, special election, primary election, or general election, as applicable, ~~a report~~ in an electronic format which contains the following information~~, separately compiled for the primary and general election for all voters qualified to vote in either election~~:

1. The voting history information as transmitted under paragraph (1)(b) and the precinct boundaries as transmitted under paragraph (1)(c). ~~unique identifier assigned to each qualified voter within the statewide voter registration system;~~

2. All information provided by each qualified voter on his or her voter registration application pursuant to s. 97.052(2), except that which is confidential or exempt from public records requirements.~~;~~

3. Each qualified voter's date of registration.~~;~~

4. Each qualified voter's ~~current~~ state representative district, state senatorial district, ~~and~~ congressional district, county commission district, and school board district at the time of voting, assigned by the supervisor of elections~~;~~

~~5.  Each qualified voter's current precinct; and~~

~~6.  Voting history as transmitted under paragraph (a) to include whether the qualified voter voted at a precinct location, voted during the early voting period, voted by vote-by-mail ballot, attempted to vote by vote-by-mail ballot that was not counted, attempted to vote by provisional ballot that was not counted, or did not vote.~~

(b)~~(c)~~  *Submission.*—Within 60 ~~45~~ days after ~~certification by~~ the Elections Canvassing Commission certifies ~~of~~ a presidential preference primary, special election, primary election, or general election, the department shall submit ~~send~~ to the President of the Senate, the Speaker of the House of Representatives, the Senate Minority Leader, and the House Minority Leader an election summary ~~a report~~ in electronic format that includes all information set forth in paragraph (a) ~~(b)~~.

~~(d)  File specifications are as follows:~~

~~1.  The file shall contain records designated by the categories below for all qualified voters who, regardless of the voter's county of residence or active or inactive registration status at the book closing for the corresponding election that the file is being created for:~~

~~a.  Voted a regular ballot at a precinct location.~~

~~b.  Voted at a precinct location using a provisional ballot that was subsequently counted.~~

~~c.  Voted a regular ballot during the early voting period.~~

23
CODING: Words ~~stricken~~ are deletions; words underlined are additions.

d. ~~Voted during the early voting period using a provisional ballot that was subsequently counted.~~

e. ~~Voted by vote-by-mail ballot.~~

f. ~~Attempted to vote by vote-by-mail ballot, but the ballot was not counted.~~

g. ~~Attempted to vote by provisional ballot, but the ballot was not counted in that election.~~

2. ~~Each file shall be created or converted into a tab-delimited format.~~

3. ~~File names shall adhere to the following convention:~~

a. ~~Three-character county identifier as established by the department followed by an underscore.~~

b. ~~Followed by four-character file type identifier of "VHO3" followed by an underscore.~~

c. ~~Followed by FVRS election ID followed by an underscore.~~

d. ~~Followed by Date Created followed by an underscore.~~

e. ~~Date format is YYYYMMDD.~~

f. ~~Followed by Time Created - HHMMSS.~~

g. ~~Followed by ".txt".~~

4. ~~Each record shall contain the following columns: Record Identifier, FVRS Voter ID Number, FVRS Election ID Number, Vote Date, Vote History Code, Precinct, Congressional District, House District, Senate District, County Commission District, and School Board District.~~

(e) ~~Each supervisor of elections shall reconcile, before submission, the aggregate total of ballots cast in each precinct as reported in the precinct-level election results to the aggregate total number of voters with voter history for the election for each district.~~

(f) ~~Each supervisor of elections shall submit the results of the data reconciliation as described in paragraph (e) to the department in an electronic format and give a written explanation for any precincts where the reconciliation as described in paragraph (e) results in a discrepancy between the voter history and the election results.~~

(3)~~(2)~~  PRECINCT-LEVEL ELECTION RESULTS.—

(a)1.  Within <u>10 business</u> ~~30~~ days after ~~certification by~~ the Elections Canvassing Commission <u>certifies</u> ~~of~~ a presidential preference primary election, special election, <u>special primary election,</u> primary election, or

general election, underline as applicable, the supervisors of elections shall collect and submit to the department precinct-level election results for the election in a uniform electronic format specified by paragraph (c). ~~The precinct-level election results shall be compiled separately for the primary or special primary election that preceded the general or special general election, respectively.~~ The results underline must ~~shall~~ specifically include for each precinct the total of all ballots cast for each candidate or nominee to fill a national, state, county, or district office or proposed constitutional amendment, with subtotals for each candidate and ballot type. underline When one or more ballot types, also known as counting groups, in a race or an issue have fewer than 30 voters voting on the ballot, the ballot type must be reported as zero except for the total votes counting group for that precinct. Ballot types or counting groups include election day, early voting, vote-by-mail, provisional voting, and total votes ~~However, ballot type or precinct subtotals in a race or question having fewer than 30 voters voting on the ballot type or in the precinct may not be reported in precinct results.~~ underline For purposes of this paragraph, the term "all ballots cast" means ballots cast by voters who cast a ballot, whether at a precinct location,~~;~~ by vote-by-mail ballot, including overseas vote-by-mail ballots,~~;~~ during the early voting period,~~;~~ or by provisional ballot.

underline 2.   Upon request from the department, a supervisor must research and address, as appropriate, any questions or issues identified by the department pertaining to the precinct-level election results. If the information as originally submitted is changed or corrected, the supervisor must provide an amended precinct-level election results file no later than 10 business days after the request from the department.

(b)   The department shall make such information available underline online no later than 60 days after the Elections Canvassing Commission certifies the presidential preference primary election, special primary election, special election, primary election, or general election, as applicable. The website containing the information must include ~~on a searchable, sortable, and downloadable database via its website that also includes~~ the file layout and codes. The underline information must ~~database shall~~ be searchable and sortable by county, precinct, and candidate;~~. The~~ underline must ~~database shall~~ be downloadable in a tab-delimited format; and must~~. The database shall~~ be available for download county-by-county ~~and also as a statewide file. Such report shall also be made available upon request.~~

(c)   The files containing the precinct-level election results underline must ~~shall~~ be created in accordance with the applicable file specification underline as set forth by rule. The rule must, at a minimum, provide that~~:~~

~~1.   The precinct-level results file shall be created or converted into a tab-delimited text file.~~

~~2.   The row immediately before the first data record shall contain the column names of the data elements that make up the data records. There shall be one header record followed by multiple data records.~~

3.  the data records ~~shall~~ include the following columns: County Name, Election Number, Election Date, Unique Precinct Identifier, Precinct Polling Location, Total Registered Voters, Total Registered Republicans, Total Registered Democrats, Total Registered All Other Parties, Contest Name, Candidate/Retention/Issue Name, Candidate Florida Voter Registration System ID Number, Division of Elections Unique Candidate Identifying Number, Candidate Party, District, Undervote Total, Overvote Total, Write-in Total, and Vote Total. <u>For purposes of this paragraph, the term "unique precinct identifier" means an alphanumeric code representing the precinct name or number and containing no more than the maximum characters as specified by rule.</u>

<u>(4)</u>~~(3)~~  PRECINCT-LEVEL BOOK CLOSING STATISTICS.—<u>No later than 10 days</u> after the date of book closing <u>for</u> ~~but before the date of~~ an election as defined in s. 97.021 to fill a national, state, county, or district office, or to vote on a proposed constitutional amendment, the department shall compile <u>and make available</u> the following precinct-level statistical data for each county:

(a)  <u>Unique</u> precinct <u>identifier</u> ~~numbers~~. <u>For purposes of this subsection, the term "unique precinct identifier" means an alphanumeric code representing the precinct name or number and containing no more than the maximum characters as specified by rule.</u>

(b)  Total number of active registered voters by party for each precinct.

<u>(5)</u>~~(4)~~  LIVE TURNOUT DATA.—On election day, each supervisor of elections shall make live voter turnout data, updated at least once per hour, available on his or her website. Each supervisor shall transmit the live voter turnout data to the division, which must create and maintain a real-time statewide turnout dashboard that is available for viewing by the public on the division's website as the data becomes available.

<u>(6)</u>~~(5)~~  REPORTS PUBLICLY AVAILABLE.—The department shall also make publicly available the reports and results required in subsections <u>(1)-(4)</u> ~~(1)-(3)~~.

<u>(7)</u>~~(6)~~  RULEMAKING.—The department shall adopt rules and prescribe forms to carry out the purposes of this section.

Section 13.  Effective upon becoming a law, present paragraph (b) of subsection (1) of section 99.012, Florida Statutes, is redesignated as paragraph (c), a new paragraph (b) is added to that subsection, and paragraph (c) is added to subsection (7) of that section, to read:

99.012  Restrictions on individuals qualifying for public office.—

(1)  As used in this section:

(b)  <u>"Qualify" means to fulfill the requirements set forth in s. 99.061(7)(a) or s. 105.031(5)(a).</u>

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(7)   This section does not apply to:

(c)   Persons seeking the office of President or Vice President of the United States.

Section 14.   The amendments made to s. 99.012, Florida Statutes, by this act are intended to clarify existing law. Any person seeking the office of President or Vice President of the United States is not subject to the requirements of chapter 99, Florida Statutes, which govern candidate qualifying, specifically those which require the submission of certain documents, full and public disclosures of financial interests, petition signatures, or the payment of filing fees. This section shall take effect upon this act becoming a law.

Section 15.   Paragraph (d) of subsection (1) of section 99.021, Florida Statutes, is redesignated as paragraph (e), and a new paragraph (d) is added to that subsection, to read:

99.021   Form of candidate oath.—

(1)

(d)   In addition, each candidate, whether a party candidate, a candidate with no party affiliation, or a write-in candidate, shall, at the time of subscribing to the oath or affirmation, state in writing whether he or she owes any outstanding fines, fees, or penalties that cumulatively exceed $250 for any violations of s. 8, Art. II of the State Constitution, the Code of Ethics for Public Officers and Employees under part III of chapter 112, any local ethics ordinance governing standards of conduct and disclosure require-ments, or chapter 106. If the candidate owes any outstanding fines, fees, or penalties exceeding the threshold amount specified in this paragraph, he or she must also specify the amount owed and each entity that levied such fine, fee, or penalty. For purposes of this paragraph, any such fines, fees, or penalties that have been paid in full at the time of subscribing to the oath or affirmation are not deemed to be outstanding.

Section 16.   Section 99.0215, Florida Statutes, is created to read:

99.0215   Name of candidate.—

(1)   Each candidate shall designate in the oath or affirmation specified in s. 99.021 the name that he or she wishes to have printed on the ballot, or in the case of a write-in candidate, the name that he or she wishes to have voters write in on the ballot when voting for him or her. Such designation must include the candidate's legal given name or names, a shortened form of the candidate's legal given name or names, an initial or initials of the candidate's legal given name or names, or a bona fide nickname customarily related to the candidate and by which the candidate is commonly known, immediately followed by the candidate's legal surname. If applicable, a candidate may place one of the following designations after the legal surname: "Sr.," "Jr.," or a numerical designation such as "II."

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(2)   If a candidate wishes to designate a nickname, the candidate must file an affidavit that must be verified under oath or affirmation pursuant to s. 92.525(1)(a), attesting that the nickname complies with the requirements of this section. The affidavit must be filed simultaneously with the oath or affirmation specified in s. 99.021. Any nickname designated by a candidate may not be used to mislead voters. A candidate may not designate a nickname that implies the candidate is some other person, that constitutes a political slogan or otherwise associates the candidate with a cause or an issue, or that is obscene or profane. For purposes of this subsection, the term "political slogan" means any word or words expressing or connoting a position, an opinion, or a belief that the candidate may espouse, including, but not limited to, any word or words conveying any meaning other than that of the general identity of the candidate.

(3)   Unless a candidate has the same name as, or a name similar to, one or more candidates for the same office, an educational or professional title or degree may not be added to his or her name designation.

Section 17.   Subsections (4) and (5) of section 99.097, Florida Statutes, are amended to read:

99.097   Verification of signatures on petitions.—

(4)(a)   The supervisor must shall be paid in advance the sum of 10 cents for each signature checked or the actual cost of checking such signature, whichever is less, by the candidate or, in the case of a petition to have a local an issue placed on the ballot, by the person or organization submitting the petition. In the case of a petition to place a statewide issue on the ballot, the person or organization submitting the petition must pay the supervisor in advance the cost posted by the supervisor pursuant to s. 100.371(11) for the actual cost of checking signatures to place a statewide issue on the ballot.

(b)   However, if a candidate, a person, or an organization seeking to have an issue placed upon the ballot cannot pay such charges without imposing an undue burden on personal resources or upon the resources otherwise available to such candidate, person, or organization, such candidate, person, or organization shall, upon written certification of such inability given under oath to the supervisor, is be entitled to have the signatures verified at no charge.

(c)   In the event a candidate, person, or organization submitting a petition to have an issue placed upon the ballot is entitled to have the signatures verified at no charge, the supervisor of elections of each county in which the signatures are verified at no charge shall submit the total number of such signatures checked in the county to the Chief Financial Officer no later than December 1 of the general election year, and the Chief Financial Officer shall cause such supervisor of elections to be reimbursed from the General Revenue Fund in an amount equal to 10 cents or the actual cost for each name checked or the actual cost of checking such signatures, whichever is applicable as set forth in paragraph (a) less. In no event may shall such

CODING: Words stricken are deletions; words underlined are additions.

reimbursement of costs be deemed or applied as extra compensation for the supervisor.

(d)   Petitions must shall be retained by the supervisors for a period of 1 year following the election for which the petitions were circulated.

(5)   The results of a verification pursuant to subparagraph (1)(a)2. may be contested in the circuit court by the candidate; an announced opponent; a representative of a designated political committee; or a person, party, or other organization submitting the petition. The contestant must shall file a complaint, together with the fees prescribed in chapter 28, with the clerk of the circuit court in the county in which the petition is certified or in Leon County if the petition covers more than one county within 10 days after midnight of the date the petition is certified; and the complaint must shall set forth the grounds on which the contestant intends to establish his or her right to require a complete check of the petition pursuant to subparagraph (1)(a)1. In the event the court orders a complete check of the petition and the result is not changed as to the success or lack of success of the petitioner in obtaining the requisite number of valid signatures, then such candidate, unless the candidate has filed the oath stating that he or she is unable to pay such charges; announced opponent; representative of a designated political committee; or party, person, or organization submitting the petition, unless such person or organization has filed the oath stating inability to pay such charges, shall pay to the supervisor of elections of each affected county for the complete check an amount calculated at the rate of 10 cents for each additional signature checked or the actual cost of checking such additional signatures, as applicable whichever is less.

Section 18.   Section 100.021, Florida Statutes, is amended to read:

100.021   Notice of general election.—The Department of State shall, in any year in which a general election is held, make out a notice stating what offices and vacancies are to be filled at the general election in the state, and in each county and district thereof. During the 30 days before prior to the beginning of qualifying, the department of State shall have the notice published two times in a newspaper of general circulation in each county; and, in counties in which there is no newspaper of general circulation, it shall send to the sheriff a notice of the offices and vacancies to be filled at such general election by the qualified voters of the sheriff's county or any district thereof, and the sheriff shall have at least five copies of the notice posted in conspicuous places in the county. Notice may be provided alternatively by publishing notice on the division's website, on the county's website as provided in s. 50.0311, or on the supervisor's website, as deemed appropriate by the supervisor.

Section 19.   Subsection (3) of section 100.141, Florida Statutes, is amended to read:

100.141   Notice of special election to fill any vacancy in office.—

CODING: Words stricken are deletions; words underlined are additions.

(3)   The department shall deliver a copy of such notice to the supervisor of elections of each county in which the special election is to be held. The supervisor shall have the notice published two times in a newspaper of general circulation in the county at least 10 days before ~~prior to~~ the first day set for qualifying for office or, for at least 10 days before the first day set for qualifying for office, publish notice on the county's website as provided in s. 50.0311 or on the supervisor's website. ~~If such a newspaper is not published within the period set forth, the supervisor shall post at least five copies of the notice in conspicuous places in the county not less than 10 days prior to the first date set for qualifying.~~

Section 20.   Section 100.342, Florida Statutes, is amended to read:

100.342   Notice of special election or referendum.—In any special election or referendum not otherwise provided for, there must ~~shall~~ be at least 30 days' notice of the election or referendum by publication in a newspaper of general circulation in the county, district, or municipality, or publication on the county's website as provided in s. 50.0311, the municipality's website, or the supervisor's website, as applicable ~~as the case may be~~. The publication must ~~shall~~ be made at least twice, once in the fifth week and once in the third week before ~~prior to~~ the week in which the election or referendum is to be held. If the applicable website becomes unavailable or there is no newspaper of general circulation in the county, district, or municipality, the notice must ~~shall~~ be posted in no less than five places within the territorial limits of the county, district, or municipality.

Section 21.   Subsection (3) and paragraph (a) of subsection (4) of section 101.001, Florida Statutes, are amended to read:

101.001   Precincts and polling places; boundaries.—

(3)(a)   Each supervisor of elections shall maintain a geographical information system ~~suitable~~ map ~~drawn to a scale no smaller than 3 miles to the inch and~~ clearly delineating all major observable features such as roads, streams, and railway lines and showing the current geographical boundaries of each precinct, representative district, and senatorial district, and other type of district in the county subject to the elections process in this code. A supervisor may coordinate with other governmental entities to comply with this subsection.

~~(b)   The supervisor shall provide to the department data on all precincts in the county associated with the most recent decennial census blocks within each precinct.~~

~~(c)   The department shall maintain a searchable database that contains the precincts and the corresponding most recent decennial census blocks within the precincts for each county, including a historical file that allows the census blocks to be traced through the prior decade.~~

CODING: Words stricken are deletions; words underlined are additions.

(b)(d)  The supervisor of elections shall notify the Secretary of State in writing within 10 days after any reorganization of precincts and shall furnish a copy of the geographical information system compatible map showing the ~~current~~ geographical boundaries and designation of each new precinct. ~~However, if precincts are composed of whole census blocks, the supervisor may furnish, in lieu of a copy of the map, a list, in an electronic format prescribed by the Department of State, associating each census block in the county with its precinct.~~

(c)(e)  Any precinct established or altered under ~~the provisions of~~ this section must ~~shall~~ consist of areas bounded on all sides only by census block boundaries from the most recent United States Census. If the census block boundaries split or conflict with a municipal or other political subdivision ~~another political~~ boundary ~~listed below~~, the boundary listed below may be used as a precinct boundary:

1.  Governmental unit boundaries reported in the most recent Boundary and Annexation Survey published by the United States Census Bureau; or

2.  ~~Visible features that are readily distinguishable upon the ground, such as streets, railroads, tracks, streams, and lakes, and that are indicated upon current census maps, official Department of Transportation maps, official municipal maps, official county maps, or a combination of such maps;~~

3.  ~~Boundaries of public parks, public school grounds, or churches; or~~

2.~~4.~~  Boundaries of counties, incorporated municipalities, or other political subdivisions that meet criteria established by the United States Census Bureau for block boundaries.

(4)(a)  Within 10 days after there is any change in the division, name, number, or boundaries of the precincts, or the location of the polling places, the supervisor of elections shall make in writing an accurate description of any new or altered precincts, setting forth the boundary lines and shall identify the location of each new or altered polling place. A copy of the document describing such changes must ~~shall~~ be posted at the supervisor's office.

Section 22.  Subsection (1) of section 101.048, Florida Statutes, is amended to read:

101.048  Provisional ballots.—

(1)  At all elections, a voter claiming to be properly registered in the state and eligible to vote at the precinct in the election but whose eligibility cannot be determined, a person whom an election official asserts is not eligible, including, but not limited to, a person to whom notice has been sent pursuant to s. 98.075(7), but for whom a final determination of eligibility has not been made, and other persons specified in the code shall be entitled to vote a provisional ballot. Once voted, the provisional ballot must ~~shall~~ be placed in a secrecy envelope and thereafter sealed in a provisional ballot

envelope. The provisional ballot <u>must</u> ~~shall~~ be deposited in a ballot box. All provisional ballots <u>must</u> ~~shall~~ remain sealed in their envelopes for return to the supervisor of elections. The department shall prescribe the form of the provisional ballot envelope. A person casting a provisional ballot <u>has</u> ~~shall have~~ the right to present written evidence supporting his or her eligibility to vote to the supervisor of elections by not later than 5 p.m. on the second day following the election.

Section 23.   Paragraph (b) of subsection (4) of section 101.151, Florida Statutes, is amended to read:

101.151   Specifications for ballots.—

(4)

(b)   When two or more candidates running for the same office on <u>an</u> ~~a primary~~ election ballot have the same or a similar surname, the word "incumbent" <u>must</u> ~~shall~~ appear next to the incumbent's name.

Section 24.   Subsection (2) of section 101.5612, Florida Statutes, is amended to read:

101.5612   Testing of tabulating equipment.—

(2)   On any day not more than 25 days before the commencement of early voting as provided in s. 101.657, the supervisor of elections shall have the automatic tabulating equipment publicly tested to ascertain that the equipment will correctly count the votes cast for all offices and on all measures. If the ballots to be used at the polling place on election day are not available at the time of the testing, the supervisor may conduct an additional test not more than 10 days before election day. Public notice of the time and place of the test shall be given at least 48 hours prior thereto by publication on the <u>county website as provided in s. 50.0311, on the</u> supervisor of elections' website<u>, or</u> ~~and~~ once in one or more newspapers of general circulation in the county. <u>If the applicable website becomes unavailable</u> or~~,~~ if there is no newspaper of general circulation in the county, ~~by posting~~ the notice <u>must be posted</u> in at least four conspicuous places in the county. The supervisor or the municipal elections official may, at the time of qualifying, give written notice of the time and location of the public preelection test to each candidate qualifying with that office and obtain a signed receipt that the notice has been given. The Department of State shall give written notice to each statewide candidate at the time of qualifying, or immediately at the end of qualifying, that the voting equipment will be tested and advise each candidate to contact the county supervisor of elections as to the time and location of the public preelection test. The supervisor or the municipal elections official shall, at least 30 days before the commencement of early voting as provided in s. 101.657, send written notice by certified mail to the county party chair of each political party and to all candidates for other than statewide office whose names appear on the ballot in the county and who did not receive written notification from the supervisor or municipal elections

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

official at the time of qualifying, stating the time and location of the public preelection test of the automatic tabulating equipment. The canvassing board shall convene, and each member of the canvassing board shall certify to the accuracy of the test. For the test, the canvassing board may designate one member to represent it. The test shall be open to representatives of the political parties, the press, and the public. Each political party may designate one person with expertise in the computer field who shall be allowed in the central counting room when all tests are being conducted and when the official votes are being counted. The designee may shall not interfere with the normal operation of the canvassing board.

Section 25.    Subsection (1) of section 101.6103, Florida Statutes, is amended to read:

101.6103    Mail ballot election procedure.—

(1)    Except as otherwise provided in subsection (7), the supervisor of elections shall mail all official ballots with a secrecy envelope, a return mailing envelope, and instructions sufficient to describe the voting process to each elector entitled to vote in the election within the timeframes specified in s. 101.62(3) s. 101.62(4). All such ballots must shall be mailed by first-class mail. Ballots must shall be addressed to each elector at the address appearing in the registration records and placed in an envelope which is prominently marked "Do Not Forward."

Section 26.    Section 101.62, Florida Statutes, is amended to read:

101.62    Request for vote-by-mail ballots.—

(1)    REQUEST.—

(a)    The supervisor shall accept a request for a vote-by-mail ballot only from a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian from an elector in person or in writing. A request may be made in person, in writing, by telephone, or through the supervisor's website. The department shall prescribe by rule by October 1, 2023, a uniform statewide application to make a written request for a vote-by-mail ballot which includes fields for all information required in this subsection. One request is deemed sufficient to receive a vote-by-mail ballot for all elections through the end of the calendar year of the next regularly scheduled general election, unless the voter elector or the voter's elector's designee indicates at the time the request is made the elections within such period for which the voter elector desires to receive a vote-by-mail ballot. The supervisor must cancel a request for a vote-by-mail ballot Such request may be considered canceled when any first-class mail or nonforwardable mail sent by the supervisor to the voter elector is returned as undeliverable. If the voter requests a vote-by-mail ballot thereafter, the voter must provide or confirm his or her current residential address.

(b)  The supervisor may accept a ~~written, an in-person, or a telephonic~~ request for a vote-by-mail ballot to be mailed to <u>a voter's</u> ~~an elector's~~ address on file in the Florida Voter Registration System from the <u>voter</u> ~~elector~~, or, if directly instructed by the <u>voter</u> ~~elector~~, a member of the <u>voter's</u> ~~elector's~~ immediate family~~,~~ or the <u>voter's</u> ~~elector's~~ legal guardian. If an in-person or a telephonic request is made, the <u>voter</u> ~~elector~~ must provide the <u>voter's</u> ~~elector's~~ Florida driver license number, the <u>voter's</u> ~~elector's~~ Florida identification card number, or the last four digits of the <u>voter's</u> ~~elector's~~ social security number, whichever may be verified in the supervisor's records. If the ballot is requested to be mailed to an address other than the <u>voter's</u> ~~elector's~~ address on file in the Florida Voter Registration System, the request must be made in writing. A written request must be signed by the <u>voter</u> ~~elector~~ and include the <u>voter's</u> ~~elector's~~ Florida driver license number, the <u>voter's</u> ~~elector's~~ Florida identification card number, or the last four digits of the <u>voter's</u> ~~elector's~~ social security number. However, an absent uniformed <u>services</u> ~~service~~ voter or an overseas voter seeking a vote-by-mail ballot is not required to submit a signed, written request for a vote-by-mail ballot that is being mailed to an address other than the <u>voter's</u> ~~elector's~~ address on file in the Florida Voter Registration System. ~~For purposes of this section, the term "immediate family" has the same meaning as specified in paragraph (4)(c).~~ The person making the request must disclose:

1.  The name of the <u>voter</u> ~~elector~~ for whom the ballot is requested.

2.  The <u>voter's</u> ~~elector's~~ address.

3.  The <u>voter's</u> ~~elector's~~ date of birth.

4.  The <u>voter's</u> ~~elector's~~ Florida driver license number, the <u>voter's</u> ~~elector's~~ Florida identification card number, or the last four digits of the <u>voter's</u> ~~elector's~~ social security number, whichever may be verified in the supervisor's records. <u>If the voter's registration record does not already include the voter's Florida driver license number or Florida identification card number or the last four digits of the voter's social security number, the number provided must be recorded in the voter's registration record.</u>

5.  The requester's name.

6.  The requester's address.

7.  The requester's driver license number, the requester's identification card number, or the last four digits of the requester's social security number, if available.

8.  The requester's relationship to the <u>voter</u> ~~elector~~.

9.  The requester's signature (written requests only).

(c)  Upon receiving a request for a vote-by-mail ballot from an absent voter, the supervisor of elections shall notify the voter of the free access

system that has been designated by the department for determining the status of his or her vote-by-mail ballot.

(d)  For purposes of this section, the term "immediate family" refers to the following, as applicable:

1.  The voter's spouse, parent, child, grandparent, grandchild, or sibling, or the parent, child, grandparent, grandchild, or sibling of the voter's spouse.

2.  The designee's spouse, parent, child, grandparent, grandchild, or sibling, or the parent, child, grandparent, grandchild, or sibling of the designee's spouse.

(2)  A request for a vote-by-mail ballot to be mailed to a voter must be received no later than 5 p.m. on the 10th day before the election by the supervisor. The supervisor shall mail vote-by-mail ballots to voters requesting ballots by such deadline no later than 8 days before the election.

(2)(3)  ACCESS TO VOTE-BY-MAIL REQUEST INFORMATION.—For each request for a vote-by-mail ballot received, the supervisor shall record the following information: the date the request was made; the identity of the voter's designee making the request, if any; the Florida driver license number, Florida identification card number, or last four digits of the social security number of the voter elector provided with a written request; the date the vote-by-mail ballot was delivered to the voter or the voter's designee or the date the vote-by-mail ballot was delivered to the post office or other carrier; the address to which the ballot was mailed or the identity of the voter's designee to whom the ballot was delivered; the date the ballot was received by the supervisor; the absence of the voter's signature on the voter's certificate, if applicable; whether the voter's certificate contains a signature that does not match the voter's elector's signature in the registration books or precinct register; and such other information he or she may deem necessary. This information must shall be provided in electronic format as provided by division rule. The information must shall be updated and made available no later than 8 a.m. of each day, including weekends, beginning 60 days before the primary until 15 days after the general election and shall be contemporaneously provided to the division. This information is shall be confidential and exempt from s. 119.07(1) and shall be made available to or reproduced only for the voter requesting the ballot, a canvassing board, an election official, a political party or official thereof, a candidate who has filed qualification papers and is opposed in an upcoming election, and registered political committees for political purposes only.

(3)(4)  DELIVERY OF VOTE-BY-MAIL BALLOTS.—

(a)  No later than 45 days before each presidential preference primary election, primary election, and general election, the supervisor of elections shall send a vote-by-mail ballot as provided in subparagraph (d)2. (e)2. to each absent uniformed services voter and to each overseas voter who has requested a vote-by-mail ballot.

CODING: Words stricken are deletions; words underlined are additions.

(b)  The supervisor shall mail a vote-by-mail ballot to each absent qualified voter, other than those listed in paragraph (a), who has requested such a ballot, between the 40th and 33rd days before the presidential preference primary election, primary election, and general election.

(c)  Except as otherwise provided in <u>paragraph (a) or paragraph (b)</u> subsection (2) and after the period described in this paragraph, the supervisor shall mail vote-by-mail ballots within 2 business days after receiving a request for such a ballot<u>, but no later than the 10th day before election day. The deadline to submit a request for a ballot to be mailed is 5 p.m. local time on the 12th day before an upcoming election</u>.

(d)(e)  <u>Upon a request for a vote-by-mail ballot,</u> the supervisor shall provide a vote-by-mail ballot to each <u>voter</u> elector by whom a request for that ballot has been made<u>,</u> by one of the following means:

1.  By nonforwardable, return-if-undeliverable mail to the <u>voter's</u> elector's current mailing address on file with the supervisor or any other address the <u>voter</u> elector specifies in the request. <u>The envelopes must be prominently marked "Do Not Forward."</u>

2.  By forwardable mail, e-mail, or facsimile machine transmission to absent uniformed services voters and overseas voters. The absent uniformed services voter or overseas voter may designate in the vote-by-mail ballot request the preferred method of transmission. If the voter does not designate the method of transmission, the vote-by-mail ballot <u>must</u> shall be mailed.

3.  By personal delivery before 7 p.m. on election day to the <u>voter after vote-by-mail ballots have been mailed and up to 7 p.m. on election day</u> elector, upon presentation of the identification required in s. 101.043.

4.  By delivery to <u>the voter's</u> a designee <u>after vote-by-mail ballots have been mailed and up to 7 p.m.</u> on election day or up to 9 days before the day of an election. Any <u>voter</u> elector may designate in writing a person to pick up the ballot for the <u>voter</u> elector; however, the person designated may not pick up more than two vote-by-mail ballots per election, other than the designee's own ballot, except that additional ballots may be picked up for members of the designee's immediate family. For purposes of this section, "immediate family" means the designee's spouse or the parent, child, grandparent, grandchild, or sibling of the designee or of the designee's spouse. The designee shall provide to the supervisor the written authorization by the <u>voter</u> elector and a picture identification of the designee and must complete an affidavit. The designee shall state in the affidavit that the designee is authorized by the <u>voter</u> elector to pick up that ballot and shall indicate if the <u>voter</u> elector is a member of the designee's immediate family and, if so, the relationship. The department shall prescribe the form of the affidavit. If the supervisor is satisfied that the designee is authorized to pick up the ballot and that the signature of the <u>voter</u> elector on the written authorization matches the signature of the <u>voter</u> elector on file, the supervisor <u>must</u> shall give the ballot to that designee for delivery to the <u>voter</u> elector.

36

5. Except as provided in s. 101.655, the supervisor may not deliver a vote-by-mail ballot to <u>a voter</u> <s>an elector</s> or <u>a voter's designee pursuant to subparagraph 3. or subparagraph 4., respectively,</u> during the mandatory early voting period and up to 7 p.m. on election day, <s>an elector's immediate family member on the day of the election</s> unless there is an emergency, to the extent that the <u>voter</u> <s>elector</s> will be unable to go to <u>a designated early voting site in his or her county or to</u> his or her assigned polling place <u>on election day</u>. If a vote-by-mail ballot is delivered, the <u>voter</u> <s>elector</s> or his or her designee <u>must</u> <s>shall</s> execute an affidavit affirming to the facts which allow for delivery of the vote-by-mail ballot. The department shall adopt a rule providing for the form of the affidavit.

(4)<s>(5)</s>  SPECIAL CIRCUMSTANCES.—If the department is unable to certify candidates for an election in time to comply with paragraph <u>(3)(a)</u> (4)<s>(a)</s>, the Department of State is authorized to prescribe rules for a ballot to be sent to absent uniformed services voters and overseas voters.

(5)<s>(6)</s>  MATERIALS.—Only the materials necessary to vote by mail may be mailed or delivered with any vote-by-mail ballot.

(6)<s>(7)</s>  PROHIBITION.—Except as expressly authorized for voters having a disability under s. 101.662, for overseas voters under s. 101.697, or for local referenda under ss. 101.6102 and 101.6103, a county, municipality, or state agency may not send a vote-by-mail ballot to a voter unless the voter has requested a vote-by-mail ballot in the manner authorized under this section.

Section 27.  Subsection (1) of section 101.67, Florida Statutes, is amended to read:

101.67  Safekeeping of mailed ballots; deadline for receiving vote-by-mail ballots.—

(1)<u>(a)</u>  The supervisor of elections shall safely keep in his or her office any envelopes received containing marked ballots of absent electors, and he or she shall, before the canvassing of the election returns, deliver the envelopes to the county canvassing board along with his or her file or list kept regarding said ballots.

<u>(b)  To the extent practicable, the supervisor of elections shall segregate any vote-by-mail ballots received from a person to whom notice has been sent pursuant to s. 98.075(7), but for whom a final determination of eligibility has not been made, and shall treat them as provisional ballots for individual review by the county canvassing board. The supervisor shall attempt to contact each voter whose ballot has been set aside under this paragraph in the same manner as if the voter had voted a provisional ballot under s. 101.048.</u>

Section 28.  Subsection (1) of section 101.68, Florida Statutes, is amended to read:

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

101.68   Canvassing of vote-by-mail ballot.—

(1)(a)   The supervisor of the county where the absent elector resides shall receive the voted ballot, at which time the supervisor shall compare the signature of the elector on the voter's certificate with the signature of the elector in the registration books or the precinct register to determine whether the elector is duly registered in the county and must record on the elector's registration record that the elector has voted. During the signature comparison process, the supervisor may not use any knowledge of the political affiliation of the elector ~~voter~~ whose signature is subject to verification.

(b)   An elector who dies after casting a vote-by-mail ballot but on or before election day shall remain listed in the registration books until the results have been certified for the election in which the ballot was cast. The supervisor shall safely keep the ballot unopened in his or her office until the county canvassing board canvasses the vote pursuant to subsection (2).

(c)   If two or more vote-by-mail ballots for the same election are returned in one mailing envelope, the ballots may not be counted.

(d)   Except as provided in subsection (4), after a vote-by-mail ballot is received by the supervisor, the ballot is deemed to have been cast, and changes or additions may not be made to the voter's certificate.

Section 29.   Section 101.6923, Florida Statutes, is amended to read:

101.6923   Special vote-by-mail ballot instructions for certain first-time voters.—

(1)   This section applies ~~The provisions of this section apply~~ to voters who are subject to ~~the provisions of~~ s. 97.0535 and who have not provided the identification or information required by s. 97.0535 by the time the vote-by-mail ballot is mailed.

(2)   A voter covered by this section must ~~shall~~ be provided with printed instructions with his or her vote-by-mail ballot in substantially the following form:

READ THESE INSTRUCTIONS CAREFULLY BEFORE MARKING YOUR BALLOT. FAILURE TO FOLLOW THESE INSTRUCTIONS MAY CAUSE YOUR BALLOT NOT TO COUNT.

1.   In order to ensure that your vote-by-mail ballot will be counted, it should be completed and returned as soon as possible so that it can reach the supervisor of elections of the county in which your precinct is located no later than 7 p.m. on the date of the election. However, if you are an overseas voter casting a ballot in a presidential preference primary or general election, your vote-by-mail ballot must be postmarked or dated no later than the date of the election and received by the supervisor of elections of the county in which

38
CODING: Words ~~stricken~~ are deletions; words underlined are additions.

you are registered to vote no later than 10 days after the date of the election. Note that the later you return your ballot, the less time you will have to cure signature deficiencies, which is authorized until 5 p.m. local time on the 2nd day after the election.

2.   Mark your ballot in secret as instructed on the ballot. You must mark your own ballot unless you are unable to do so because of blindness, disability, or inability to read or write.

3.   Mark only the number of candidates or issue choices for a race as indicated on the ballot. If you are allowed to "Vote for One" candidate and you vote for more than one, your vote in that race will not be counted.

4.   Place your marked ballot in the enclosed secrecy envelope and seal the envelope.

5.   Insert the secrecy envelope into the enclosed envelope bearing the Voter's Certificate. Seal the envelope and completely fill out the Voter's Certificate on the back of the envelope.

a.   You must sign your name on the line above (Voter's Signature).

b.   If you are an overseas voter, you must include the date you signed the Voter's Certificate on the line above (Date) or your ballot may not be counted.

c.   A vote-by-mail ballot will be considered illegal and will not be counted if the signature on the Voter's Certificate does not match the signature on record. The signature on file at the start of the canvass of the vote-by-mail ballots is the signature that will be used to verify your signature on the Voter's Certificate. If you need to update your signature for this election, send your signature update on a voter registration application to your supervisor of elections so that it is received before your vote-by-mail ballot is received.

6.   Unless you meet one of the exemptions in Item 7., you must make a copy of one of the following forms of identification:

a.   Identification which must include your name and photograph: United States passport; debit or credit card; military identification; student identification; retirement center identification; neighborhood association identification; public assistance identification; veteran health identification card issued by the United States Department of Veterans Affairs; a Florida license to carry a concealed weapon or firearm; or an employee identification card issued by any branch, department, agency, or entity of the Federal Government, the state, a county, or a municipality; or

b.   Identification which shows your name and current residence address: current utility bill, bank statement, government check, paycheck, or government document (excluding voter information card).

CODING: Words stricken are deletions; words underlined are additions.

7.   The identification requirements of Item 6. do not apply if you meet one of the following requirements:

a.   You are 65 years of age or older.

b.   You have a temporary or permanent physical disability.

c.   You are a member of a uniformed service on active duty who, by reason of such active duty, will be absent from the county on election day.

d.   You are a member of the Merchant Marine who, by reason of service in the Merchant Marine, will be absent from the county on election day.

e.   You are the spouse or dependent of a member referred to in paragraph c. or paragraph d. who, by reason of the active duty or service of the member, will be absent from the county on election day.

f.   You are currently residing outside the United States.

8.   Place the envelope bearing the Voter's Certificate into the mailing envelope addressed to the supervisor. Insert a copy of your identification in the mailing envelope. DO NOT PUT YOUR IDENTIFICATION INSIDE THE SECRECY ENVELOPE WITH THE BALLOT OR INSIDE THE ENVELOPE WHICH BEARS THE VOTER'S CERTIFICATE OR YOUR BALLOT WILL NOT COUNT.

9.   Mail, deliver, or have delivered the completed mailing envelope. Be sure there is sufficient postage if mailed.

10.   FELONY NOTICE. It is a felony under Florida law to accept any gift, payment, or gratuity in exchange for your vote for a candidate. It is also a felony under Florida law to vote in an election using a false identity or false address, or under any other circumstances making your ballot false or fraudulent.

Section 30.   Subsections (1) and (3) of section 101.6925, Florida Statutes, are amended to read:

101.6925   Canvassing special vote-by-mail ballots.—

(1)   The supervisor of the county where the voter absent elector resides shall receive the voted special vote-by-mail ballot, at which time the mailing envelope must shall be opened to determine if the voter has enclosed the identification required or has indicated on the Voter's Certificate that he or she is exempt from the identification requirements.

(3)   If the identification is not enclosed in the mailing envelope and the voter has not indicated that he or she is exempt from the identification requirements, the supervisor must shall check the voter registration records to determine if the voter's identification was previously received or the voter had previously notified the supervisor that he or she was exempt. The

envelope with the Voter's Certificate <u>may</u> <s>shall</s> not be opened unless the identification has been received or the voter has indicated that he or she is exempt. The ballot <u>must</u> <s>shall</s> be treated as a provisional ballot <u>and may</u> <s>until 7 p.m. on election day and shall</s> not be canvassed unless the supervisor has received the required identification or written indication of exemption by <u>5</u> <s>7</s> p.m. <u>local time on the 2nd day following the</u> <s>on</s> election <s>day</s>.

Section 31.  Subsection (1) of section 101.694, Florida Statutes, is amended to read:

101.694  Mailing of ballots upon receipt of federal postcard application.

(1)  Upon receipt of a federal postcard application for a vote-by-mail ballot executed by a person whose registration is in order or whose application is sufficient to register or update the registration of that person, the supervisor shall send the ballot in accordance with <u>s. 101.62(3)</u> <s>s. 101.62(4)</s>.

Section 32.  Subsections (2) and (5) of section 101.71, Florida Statutes, are amended to read:

101.71  Polling place.—

(2)  Notwithstanding <s>the provisions of</s> subsection (1), whenever the supervisor of elections of any county determines that the accommodations for holding any election at a polling place designated for any precinct in the county are unavailable, are inadequate for the expeditious and efficient housing and handling of voting and voting paraphernalia, or do not comply with the requirements of s. 101.715, the supervisor shall, not less than 30 days <u>before</u> <s>prior to</s> the holding of an election, provide for the voting place for such precinct to be moved to another site that is accessible to the public on election day in said precinct or, if such is not available, to another site that is accessible to the public on election day in a contiguous precinct. If such action of the supervisor results in the voting place for two or more precincts being located for the purposes of an election in one building, the supervisor of elections shall provide adequate supplies, equipment, and personnel are available to accommodate the voters for the precincts that are collocated. When any supervisor moves any polling place pursuant to this subsection, the supervisor shall, not more than 30 days or fewer than 7 days <u>before</u> <s>prior to</s> the holding of an election, give notice of the change of the polling place for the precinct involved, with clear description of the voting place to which changed, <u>by publication on the county's website as provided in s. 50.0311, on the supervisor's website, or</u> at least once in a newspaper of general circulation in the county <s>and on the supervisor of elections' website</s>. A notice of the change of the polling place involved shall be mailed<s>,</s> at least 14 days <u>before</u> <s>prior to</s> an election<s>,</s> to each registered elector or to each household in which there is a registered elector.

41

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

(5)   Public, tax-supported buildings must ~~shall~~ be made available for use as polling places, or early voting locations that meet the requirements specified in s. 101.657, upon the request of the supervisor of elections.

Section 33.   Subsection (2) of section 101.733, Florida Statutes, is amended to read:

101.733   Election emergency; purpose; elections emergency contingency plan.—Because of the existing and continuing possibility of an emergency or common disaster occurring before or during a regularly scheduled or special election, and in order to ensure maximum citizen participation in the electoral process and provide a safe and orderly procedure for persons seeking to exercise their right to vote, generally to minimize to whatever degree possible a person's exposure to danger during declared states of emergency, and to protect the integrity of the electoral process, it is hereby found and declared to be necessary to designate a procedure for the emergency suspension or delay and rescheduling of elections.

(2)   The Governor, upon consultation with the Secretary of State, shall reschedule any election suspended or delayed due to an emergency. The election shall be held within 10 days after the date of the suspended or delayed election or as soon thereafter as is practicable. Notice of the election must ~~shall~~ be published on the affected county's website as provided in s. 50.0311, on the affected supervisor's website, or at least once in a newspaper of general circulation in the affected area and, where practicable, broadcast as a public service announcement on radio and television stations at least 1 week before ~~prior to~~ the date the election is to be held.

Section 34.   Subsection (2) of section 102.111, Florida Statutes, is amended to read:

102.111   Elections Canvassing Commission.—

(2)   The Elections Canvassing Commission shall meet at 8 ~~9~~ a.m. on the 9th day after a primary election and at 8 ~~9~~ a.m. on the 14th day after a general election to certify the returns of the election for each federal, state, and multicounty office. If a member of a county canvassing board that was constituted pursuant to s. 102.141 determines, within 5 days after the certification by the Elections Canvassing Commission, that a typographical error occurred in the official returns of the county, the correction of which could result in a change in the outcome of an election, the county canvassing board must certify corrected returns to the Department of State within 24 hours, and the Elections Canvassing Commission must correct and recertify the election returns as soon as practicable.

Section 35.   Subsection (2) of section 102.112, Florida Statutes, is amended to read:

102.112   Deadline for submission of county returns to the Department of State.—

42
CODING: Words ~~stricken~~ are deletions; words underlined are additions.

(2)   Returns must be filed <u>no later than noon</u> <s>by 5 p.m.</s> on the <u>8th</u> <s>7th</s> day following a primary election and <u>no later than</u> <s>by</s> noon on the <u>13th</u> <s>12th</s> day following the general election. However, the Department of State may correct typographical errors, including the transposition of numbers, in any returns submitted to the Department of State pursuant to s. 102.111(2).

Section 36.   Subsection (1), paragraph (b) of subsection (2), and subsection (10) of section 102.141, Florida Statutes, are amended to read:

102.141   County canvassing board; duties.—

(1)   The county canvassing board shall be composed of the supervisor of elections; a county court judge, who shall act as chair; and the chair of the board of county commissioners. The names of the canvassing board members must be published on the supervisor's website upon completion of the logic and accuracy test. <u>At least two</u> alternate canvassing board members must be appointed pursuant to paragraph (e). In the event any member of the county canvassing board is unable to serve, is a candidate who has opposition in the election being canvassed, or is an active participant in the campaign or candidacy of any candidate who has opposition in the election being canvassed, such member shall be replaced as follows:

(a)   If <u>a</u> <s>no</s> county court judge is <u>unable</u> <s>able</s> to serve or if all are disqualified, the chief judge of the judicial circuit in which the county is located <u>must</u> <s>shall</s> appoint as a substitute member a qualified elector of the county who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed. In such event, the members of the county canvassing board shall meet and elect a chair.

(b)   If the supervisor of elections is unable to serve or is disqualified, the chair of the board of county commissioners <u>must</u> <s>shall</s> appoint as a substitute member a member of the board of county commissioners who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed. The supervisor, however, shall act in an advisory capacity to the canvassing board.

(c)   If the chair of the board of county commissioners is unable to serve or is disqualified, the board of county commissioners <u>must</u> <s>shall</s> appoint as a substitute member one of its members who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed.

(d)   If a substitute member or alternate member cannot be appointed as provided elsewhere in this subsection, or in the event of a vacancy in such office, the chief judge of the judicial circuit in which the county is located <u>must</u> <s>shall</s> appoint as a substitute member or alternate member a qualified elector of the county who is not a candidate with opposition in the election

being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed.

(e)1.   The chief judge of the judicial circuit in which the county is located shall appoint a county court judge as an alternate member of the county canvassing board or, if each county court judge is unable to serve or is disqualified, shall appoint an alternate member who is qualified to serve as a substitute member under paragraph (a). Any alternate may serve in any seat.

2.   The chair of the board of county commissioners shall appoint a member of the board of county commissioners as an alternate member of the county canvassing board or, if each member of the board of county commissioners is unable to serve or is disqualified, shall appoint an alternate member who is qualified to serve as a substitute member under paragraph (d).

3.   If a member of the county canvassing board is unable to participate in a meeting of the board, the chair of the county canvassing board or his or her designee must shall designate which alternate member will serve as a member of the board in the place of the member who is unable to participate at that meeting.

4.   If not serving as one of the three members of the county canvassing board, an alternate member may be present, observe, and communicate with the three members constituting the county canvassing board, but may not vote in the board's decisions or determinations.

(2)

(b)   Public notice of the canvassing board members, alternates, time, and place at which the county canvassing board shall meet to canvass the absent electors' ballots and provisional ballots must be given at least 48 hours prior thereto by publication on the county's website as provided in s. 50.0311, on the supervisor's website, or and published in one or more newspapers of general circulation in the county. or, If the applicable website becomes unavailable or there is no newspaper of general circulation in the county, the notice must be posted by posting such notice in at least four conspicuous places in the county. The time given in the notice as to the convening of the meeting of the county canvassing board must be specific and may not be a time period during which the board may meet.

(10)(a)   The supervisor At the same time that the official results of an election are certified to the Department of State, the county canvassing board shall file a report with the Division of Elections on the conduct of the election no later than 20 business days after the Elections Canvassing Commission certifies the election. The report must, at a minimum, describe all of the following:

44

1. All equipment or software malfunctions at the precinct level, at a counting location, or within computer and telecommunications networks supporting a county location, and the steps that were taken to address the malfunctions.~~;~~

2. All election definition errors that were discovered after the logic and accuracy test, and the steps that were taken to address the errors.~~;~~

3. All ballot printing errors, <u>vote-by-mail ballot mailing errors,</u> or ballot supply problems, and the steps that were taken to address the errors or problems.~~;~~

4. All staffing shortages or procedural violations by employees or precinct workers which were addressed by the supervisor of elections or the county canvassing board during the conduct of the election, and the steps that were taken to correct such issues.~~;~~

5. All instances where needs for staffing or equipment were insufficient to meet the needs of the voters.~~; and~~

6. Any additional information regarding material issues or problems associated with the conduct of the election.

(b)  If a supervisor discovers new or additional information on any of the items required to be included in the report pursuant to paragraph (a) after the report is filed, the supervisor <u>must</u> ~~shall~~ notify the division that new information has been discovered no later than the next business day after the discovery, and the supervisor <u>must</u> ~~shall~~ file an amended report signed by the supervisor of elections on the conduct of the election within 10 days after the discovery.

(c)  Such reports <u>must</u> ~~shall~~ be maintained on file in the Division of Elections and <u>must</u> ~~shall~~ be available for public inspection.

<u>(d)</u>  The division shall <u>review the conduct of election reports</u> ~~utilize the reports submitted by the canvassing boards~~ to determine what problems may be likely to occur in other elections and disseminate such information, along with possible solutions <u>and training</u>, to the supervisors of elections.

<u>(e)  The department shall submit the analysis of these reports for the general election as part of the consolidated reports required under ss. 101.591 and 101.595 to the Governor, the President of the Senate, and the Speaker of the House of Representatives by February 15 of each year following a general election.</u>

Section 37.  Section 103.021, Florida Statutes, is amended to read:

103.021  Nomination for presidential electors.—Candidates for presidential electors shall be nominated in the following manner:

(1)(a)   The Governor shall nominate the presidential electors of each political party. The state executive committee of each political party shall by resolution recommend candidates for presidential electors and deliver a certified copy thereof to the Governor <u>no later than noon on August 24</u> <s>before September 1</s> of each presidential election year. The Governor shall nominate only the electors recommended by the state executive committee of the respective political party.

<u>(b)   The state executive committee of each political party shall submit the Florida voter registration number and contact information of each presidential elector.</u> Each such <u>presidential</u> elector <u>must</u> <s>shall</s> be a qualified <u>registered voter of this state and member</u> <s>elector</s> of the party he or she represents who has taken <u>a written</u> <s>an</s> oath that he or she will vote for the candidates of the party that he or she is nominated to represent.

<u>(c)</u>   The Governor shall certify to the Department of State <u>no later than 5 p.m.</u> on <u>August 24</u> <s>or before September 1</s>, in each presidential election year, the names of a number of electors for each political party equal to the number of senators and representatives which this state has in Congress.

(2)   The names of the presidential electors <u>may</u> <s>shall</s> not be printed on the general election ballot, but the names of the actual candidates for President and Vice President for whom the presidential electors will vote if elected <u>must</u> <s>shall</s> be printed on the ballot in the order in which the party of which the candidate is a nominee polled the highest number of votes for Governor in the last general election.

(3)   Candidates for President and Vice President with no party affiliation may have their names printed on the general election ballots if a petition is signed by 1 percent of the registered <u>voters</u> <s>electors</s> of this state, as shown by the compilation by the Department of State for the last preceding general election. A separate petition from each county for which signatures are solicited shall be submitted to the supervisor of elections of the respective county no later than <u>noon on</u> July 15 of each presidential election year. The supervisor shall check the names and, on or before the date of the primary election, shall certify the number shown as registered <u>voters</u> <s>electors</s> of the county. The supervisor shall be paid by the person requesting the certification the cost of checking the petitions as prescribed in s. 99.097. The supervisor shall then forward the certificate to the Department of State which shall determine whether or not the percentage factor required in this section has been met. When the percentage factor required in this section has been met, the Department of State shall order the names of the candidates for whom the petition was circulated to be included on the ballot and shall <u>allow</u> <s>permit</s> the required number of persons to be certified as <u>presidential</u> electors in the same manner as party candidates.

(4)(a)   A minor political party that is affiliated with a national party holding a national convention to nominate candidates for President and Vice President of the United States may have the names of its candidates for President and Vice President of the United States printed on the general

election ballot by filing with the Department of State a certificate naming the candidates for President and Vice President and listing the required number of persons to serve as <u>presidential</u> electors. Notification to the Department of State under this subsection <u>must</u> <s>shall</s> be made <u>no later than 5 p.m. on August 24</u> <s>by September 1</s> of the year in which the <u>general</u> election is held. When the Department of State has been so notified, it shall order the names of the candidates nominated by the minor political party to be included on the ballot and shall <u>allow</u> <s>permit</s> the required number of persons to be certified as <u>presidential</u> electors in the same manner as other party candidates. As used in this section, the term "national party" means a political party that is registered with and recognized as a qualified national committee of a political party by the Federal Election Commission.

(b)  A minor political party that is not affiliated with a national party holding a national convention to nominate candidates for President and Vice President of the United States may have the names of its candidates for President and Vice President printed on the general election ballot if a petition is signed by 1 percent of the registered <u>voters</u> <s>electors</s> of this state, as shown by the compilation by the Department of State for the preceding general election. A separate petition from each county for which signatures are solicited <u>must</u> <s>shall</s> be submitted to the supervisors of elections of the respective county no later than <u>noon on</u> July 15 of each presidential election year. The supervisor shall check the names and, on or before the date of the primary election, shall certify the number shown as registered <u>voters</u> <s>electors</s> of the county. The supervisor shall be paid by the person requesting the certification the cost of checking the petitions as prescribed in s. 99.097. The supervisor shall then forward the certificate to the Department of State, which shall determine whether or not the percentage factor required in this section has been met. When the percentage factor required in this section has been met, the Department of State shall order the names of the candidates for whom the petition was circulated to be included on the ballot and shall <u>allow</u> <s>permit</s> the required number of persons to be certified as <u>presidential</u> electors in the same manner as other party candidates.

(5)  When for any reason a person nominated or elected as a presidential elector is unable to serve because of death, incapacity, or otherwise, the Governor may appoint a person to fill such vacancy who possesses the qualifications required for the elector to have been nominated in the first instance. Such person shall file with the Governor <u>a written</u> <s>an</s> oath that he or she will support the same candidates for President and Vice President that the person who is unable to serve was committed to support.

<u>(6)  A presidential elector's refusal or failure to vote for the candidates for President and Vice President of the party the presidential elector was nominated to represent constitutes his or her resignation of the position. The vote he or she cast may not be recorded, and his or her position as a presidential elector must be filled as provided in subsection (5).</u>

Section 38.  Section 103.022, Florida Statutes, is amended to read:

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

103.022   Write-in candidates for President and Vice President.—

(1)   Persons seeking to qualify for election as write-in candidates for President and Vice President of the United States may have a blank space provided on the general election ballot for their names to be written in by filing an oath with the Department of State at any time after the 57th day, but before noon of the 49th day, before prior to the date of the primary election in the year in which a presidential election is held.

(2)   The Department of State shall prescribe the form to be used in administering the oath.

(3)   The write-in candidates shall file with the department a certificate naming the required number of persons to serve as electors. The write-in candidates shall submit the Florida voter registration number and contact information for each presidential elector. Each presidential elector must be a qualified registered voter of this state. Such write-in candidates are shall not be entitled to have their names on the ballot.

Section 39.   Subsection (4) of section 103.091, Florida Statutes, is amended to read:

103.091   Political parties.—

(4)   Any political party other than a minor political party may by rule provide for the membership of its state or county executive committee to be elected for 4-year terms at the primary election in each year a presidential election is held. The terms shall commence on the first day of the month following each presidential general election; but the names of candidates for political party offices may shall not be placed on the ballot at any other election. The results of such election are shall be determined by a plurality of the votes cast. In such event, electors seeking to qualify for such office shall do so with the Department of State or supervisor of elections not earlier than noon of the 71st day, or later than noon of the 67th day, preceding the primary election. A qualifying office may accept and hold qualifying papers submitted not earlier than 14 days before the beginning of the qualifying period, to be processed and filed during the qualifying period. The outgoing chair of each county executive committee shall, within 30 days after the committee members take office, hold an organizational meeting of all newly elected members for the purpose of electing officers. The chair of each state executive committee shall, within 60 days after the committee members take office, hold an organizational meeting of all newly elected members for the purpose of electing officers.

Section 40.   Section 104.16, Florida Statutes, is amended to read:

104.16   Voting fraudulent ballot.—

(1)   Any elector who knowingly votes or attempts to vote a fraudulent ballot, or any person who knowingly solicits, or attempts, to vote a

CODING: Words stricken are deletions; words underlined are additions.

fraudulent ballot, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(2)   Subsection (1) does not apply to an elector to whom notice has been sent pursuant to s. 98.075(7) and who votes a provisional ballot or vote-by-mail ballot before a final determination of eligibility is made.

Section 41.   Section 104.18, Florida Statutes, is amended to read:

104.18   Casting more than one ballot at any election.—

(1)   Except as provided in s. 101.6952, whoever willfully votes more than one ballot at any election commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In any prosecution under this section, the prosecution may proceed in any jurisdiction in which one of the ballots was willfully cast, and it is not necessary to prove which of the ballots was cast first.

(2)   For purposes of this section, the term "votes more than one ballot at any election" means an occurrence of any of the following:

(a)   Voting more than once in the same election within a county located within this state.

(b)   Voting more than once in the same election by voting in two or more counties located in this state.

(c)   Voting more than once in the same election by voting in this state and in one or more other states or territories of the United States.

Section 42.   Subsection (1) of section 104.42, Florida Statutes, is amended to read:

104.42   Fraudulent registration and illegal voting; investigation.—

(1)   The supervisor of elections is authorized to investigate fraudulent registrations and illegal voting and to report his or her findings to the local state attorney and the Office of Election Crimes and Security ~~Florida Elections Commission~~.

Section 43.   Paragraph (c) is added to subsection (4) of section 105.031, Florida Statutes, to read:

105.031   Qualification; filing fee; candidate's oath; items required to be filed.—

(4)   CANDIDATE'S OATH.—

(c)   In addition, each candidate for judicial office shall, at the time of subscribing to the oath or affirmation, state in writing whether he or she owes any outstanding fines, fees, or penalties that cumulatively exceed $250 for any violations of s. 8, Art. II of the State Constitution, the Code of Ethics

49

for Public Officers and Employees under part III of chapter 112, any local ethics ordinance governing standards of conduct and disclosure requirements, or chapter 106. If the candidate owes any outstanding fines, fees, or penalties exceeding the threshold amount specified in this paragraph, he or she must also specify the amount owed and each entity that levied such fine, fee, or penalty. For purposes of this paragraph, any such fines, fees, or penalties that have been paid in full at the time of subscribing to the oath or affirmation are not deemed to be outstanding.

Section 44.   Present paragraphs (a), (b), and (c) of subsection (7) of section 106.03, Florida Statutes, are redesignated as paragraphs (b), (c), and (d), respectively, and a new paragraph (a) is added to that subsection, to read:

106.03   Registration of political committees and electioneering communications organizations.—

(7)   The Division of Elections shall adopt rules to prescribe the manner in which committees and electioneering communications organizations may be dissolved and have their registration canceled. Such rules shall, at a minimum, provide for:

(a)   Payment of fines prior to registration cancelation or dissolution.

Section 45.   Subsection (1) and paragraph (c) of subsection (8) of section 106.07, Florida Statutes, are amended to read:

106.07   Reports; certification and filing.—

(1)   Each campaign treasurer designated by a candidate or political committee pursuant to s. 106.021 shall file regular reports of all contributions received, and all expenditures made, by or on behalf of such candidate or political committee. Except for the third calendar quarter immediately preceding a general election as provided in paragraphs (a) and (b), reports must shall be filed on the 10th day following the end of each calendar quarter month from the time the campaign treasurer is appointed, except that, if the 10th day following the end of a calendar quarter month occurs on a Saturday, Sunday, or legal holiday, the report must shall be filed on the next following day that is not a Saturday, Sunday, or legal holiday. Quarterly Monthly reports must shall include all contributions received and expenditures made during the calendar quarter month which have not otherwise been reported pursuant to this section.

(a)   A statewide candidate or a political committee required to file reports with the division must file reports:

1.   On the 60th day immediately preceding the primary election, and each week thereafter, with the last weekly report being filed on the 4th day immediately preceding the general election.

CODING: Words stricken are deletions; words underlined are additions.

2. On the 10th day immediately preceding the general election, and each day thereafter, with the last daily report being filed the 5th day immediately preceding the general election.

(b) Any other candidate or a political committee required to file reports with a filing officer other than the division must file reports on the 60th day immediately preceding the primary election, and biweekly on each Friday thereafter through and including the 4th day immediately preceding the general election, with additional reports due on the 25th and 11th days before the primary election and the general election.

(c) Following the last day of qualifying for office, any unopposed candidate need only file a report within 90 days after the date such candidate became unopposed. Such report shall contain all previously unreported contributions and expenditures as required by this section and shall reflect disposition of funds as required by s. 106.141.

(d)1. When a special election is called to fill a vacancy in office, all political committees making contributions or expenditures to influence the results of such special election or the preceding special primary election shall file campaign treasurers' reports with the filing officer on the dates set by the Department of State pursuant to s. 100.111.

2. When an election is called for an issue to appear on the ballot at a time when no candidates are scheduled to appear on the ballot, all political committees making contributions or expenditures in support of or in opposition to such issue shall file reports on the 18th and 4th days before such election.

(e) The filing officer shall provide each candidate with a schedule designating the beginning and end of reporting periods as well as the corresponding designated due dates.

(f) A county, a municipality, or any other local governmental entity is expressly preempted from enacting or adopting a reporting schedule that differs from the requirements established in this subsection.

(8)

(c) Any candidate or chair of a political committee may appeal or dispute the fine, based upon, but not limited to, unusual circumstances surrounding the failure to file on the designated due date, and may request and shall be entitled to a hearing before the Florida Elections Commission, which shall have the authority to waive the fine in whole or in part. The Florida Elections Commission must consider the mitigating and aggravating circumstances contained in s. 106.265(3) s. 106.265(2) when determining the amount of a fine, if any, to be waived. Any such request shall be made within 20 days after receipt of the notice of payment due. In such case, the candidate or chair of the political committee shall, within the 20-day period,

51

notify the filing officer in writing of his or her intention to bring the matter before the commission.

Section 46.   Paragraph (c) of subsection (7) of section 106.0702, Florida Statutes, is amended to read:

106.0702   Reporting; political party executive committee candidates.—

(7)

(c)   A reporting individual may appeal or dispute the fine, based upon, but not limited to, unusual circumstances surrounding the failure to file on the designated due date, and may request and is entitled to a hearing before the Florida Elections Commission, which has the authority to waive the fine in whole or in part. The Florida Elections Commission must consider the mitigating and aggravating circumstances contained in <u>s. 106.265(3)</u> <s>s. 106.265(2)</s> when determining the amount of a fine, if any, to be waived. Any such request shall be made within 20 days after receipt of the notice of payment due. In such case, the reporting individual must, within 20 days after receipt of the notice, notify the supervisor in writing of his or her intention to bring the matter before the commission.

Section 47.   Paragraph (a) of subsection (1) and paragraph (c) of subsection (7) of section 106.0703, Florida Statutes, are amended to read:

106.0703   Electioneering communications organizations; reporting requirements; certification and filing; penalties.—

(1)(a)   Each electioneering communications organization shall file regular reports of all contributions received and all expenditures made by or on behalf of the organization. Except <u>for the third calendar quarter immediately preceding a general election</u> <s>as provided in paragraphs (b) and (c)</s>, reports must be filed on the 10th day following the end of each calendar <u>quarter</u> <s>month</s> from the time the organization is registered. However, if the 10th day following the end of a calendar <u>quarter</u> <s>month</s> occurs on a Saturday, Sunday, or legal holiday, the report must be filed on the next following day that is not a Saturday, Sunday, or legal holiday. <u>Quarterly</u> <s>Monthly</s> reports must include all contributions received and expenditures made during the calendar <u>quarter</u> <s>month</s> that have not otherwise been reported pursuant to this section.

(7)

(c)   The treasurer of an electioneering communications organization may appeal or dispute the fine, based upon, but not limited to, unusual circumstances surrounding the failure to file on the designated due date, and may request and shall be entitled to a hearing before the Florida Elections Commission, which shall have the authority to waive the fine in whole or in part. The Florida Elections Commission must consider the mitigating and aggravating circumstances contained in <u>s. 106.265(3)</u> <s>s. 106.265(2)</s> when determining the amount of a fine, if any, to be waived. Any

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

such request shall be made within 20 days after receipt of the notice of payment due. In such case, the treasurer of the electioneering communications organization shall, within the 20-day period, notify the filing officer in writing of his or her intention to bring the matter before the commission.

Section 48.   Paragraph (b) of subsection (2) of section 106.08, Florida Statutes, is amended to read:

106.08   Contributions; limitations on.—

(2)

(b)   A candidate for statewide office may not accept contributions from national, state, or county executive committees of a political party, including any subordinate committee of the political party, or affiliated party committees, which contributions in the aggregate exceed $250,000. Polling services, research services, costs for campaign staff, professional consulting services, ~~and~~ telephone calls, and text messages are not contributions to be counted toward the contribution limits of paragraph (a) or this paragraph. Any item not expressly identified in this paragraph as nonallocable is a contribution in an amount equal to the fair market value of the item and must be counted as allocable toward the contribution limits of paragraph (a) or this paragraph. Nonallocable, in-kind contributions must be reported by the candidate under s. 106.07 and by the political party or affiliated party committee under s. 106.29.

Section 49.   Section 106.1436, Florida Statutes, is created to read:

106.1436   Voter guide; disclaimers; violations.—

(1)   As used in this section, the term "voter guide" means direct mail that is either an electioneering communication or a political advertisement sent for the purpose of advocating for or endorsing particular issues or candidates by recommending specific electoral choices to the voter or by indicating issue or candidate selections on an unofficial ballot. The term does not apply to direct mail or publications made by governmental entities or government officials in their official capacity.

(2)   A person may not, directly or indirectly, represent that a voter guide is an official publication of a political party unless such person is given written permission pursuant to s. 103.081.

(3)   A voter guide circulated before, or on the day of, an election must, in bold font with a font size of at least 12 point, prominently:

(a)   Display the following disclaimer at the top of the first page of the voter guide:

1.   If the voter guide is an electioneering communication, the disclaimer required under s. 106.1439; or

53

2.   If the voter guide is a political advertisement, the disclaimer required under s. 106.143.

(b)   Be marked "Voter Guide" with such text appearing immediately below the disclaimer required in paragraph (a).

(4)(a)   In addition to any other penalties provided by law, a person who fails to comply with this section commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or by a fine of not less than $25 for each individual voter guide distributed.

(b)   Any fine imposed pursuant to paragraph (a) may not exceed $2,500 in the aggregate in any calendar month.

Section 50.   Present subsections (2) through (6) of section 106.265, Florida Statutes, are redesignated as subsections (3) through (7), respectively, subsection (1) of that section is amended, and a new subsection (2) is added to that section, to read:

106.265   Civil penalties.—

(1)(a)   The commission or, in cases referred to the Division of Administrative Hearings pursuant to s. 106.25(5), the administrative law judge is authorized upon the finding of a violation of this chapter or chapter 104 to impose civil penalties in the form of fines not to exceed $2,500 $1,000 per count. The fine may be multiplied by a factor of 3, not to exceed $7,500, for each subsequent count of the same category, beginning with the fourth offense., or,

(b)   If applicable, the commission or the administrative law judge may instead to impose a civil penalty as provided in s. 104.271 or s. 106.19.

(2)   A fine imposed against a political committee jointly and severally attaches to the chair of the political committee if the political committee does not pay the fine within 30 days.

Section 51.   Paragraph (e) of subsection (4) of section 322.142, Florida Statutes, is amended to read:

322.142   Color photographic or digital imaged licenses.—

(4)   The department may maintain a film negative or print file. The department shall maintain a record of the digital image and signature of the licensees, together with other data required by the department for identification and retrieval. Reproductions from the file or digital record are exempt from the provisions of s. 119.07(1) and may be made and issued only:

(e)   To the Department of State or a supervisor of elections pursuant to an interagency agreement to facilitate determinations of eligibility of voter

CODING: Words stricken are deletions; words underlined are additions.

registration applicants and registered voters in accordance with ss. 98.045 and 98.075;

Section 52.    Except as otherwise expressly provided in this act and except for this section, which shall take effect upon this act becoming a law, this act shall take effect July 1, 2023.

Approved by the Governor May 24, 2023.

Filed in Office Secretary of State May 24, 2023.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.