# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

Plaintiffs,

v.                                                          Case No. 4:23-cv-215-MW-MAF

CORD BYRD, et al.,

Defendants.
_____/

**RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE ATTORNEY GENERAL**

Ashley Moody, Florida Attorney General, serves the following responses to Plaintiffs' First Set of Interrogatories to the Attorney General. The Attorney General's responses are based on currently available information, and she reserves the right to amend or supplement her responses and to assert additional objections or privileges in amended or supplemental responses.

The Attorney General objects to each definition, instruction, and interrogatory to the extent it purports to impose any requirement or obligation greater than or different from those under the Federal Rules of Civil Procedure. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not proportional to the needs of this case. The Attorney General objects to each

1

definition, instruction, and interrogatory to the extent that it imposes a burden or expense that outweighs the benefit of the sought-after information. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information which would be protected by attorney-client privilege, the work product doctrine, joint defense privilege, and/or common interest privilege.  For instances in which the Declarant does not have personal knowledge about the subject matter of an interrogatory, the Declarant has made reasonable inquiries to gather the information found in these responses.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES
## INTERROGATORY NO. 1:

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the 3PVRO Canvasser Restrictions' prohibition on noncitizens collecting or handling voter registration materials. In providing Your response, state all facts that You contend demonstrate a connection between the prohibition and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**ANSWER:** SB 7050 was not a priority legislation for the Office of the Attorney General, ("OAG"), and to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101).  Information about the State interests in particular provisions of SB 7050 may be gleaned from

the Initial Brief. The OAG's evaluation of the State's interest in the 3PVRO Canvasser Restrictions is ongoing.

**INTERROGATORY NO. 2:**

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the 3PVRO Information Retention Ban. In providing Your response, state all facts that You contend demonstrate a connection between the prohibition and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**ANSWER:** SB 7050 was not a priority legislation for the Office of the Attorney General and to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the 3PVRO Information Retention Ban is currently ongoing.

**INTERROGATORY NO. 3:**

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the 3PVRO Canvasser Restrictions' prohibition on individuals with certain felony convictions collecting or handling voter registration materials. In providing Your response, state all facts that You contend demonstrate a connection between the limitation and the State interest(s) and identify any

3

witnesses who have or are likely to have knowledge or information related to the same.

**ANSWER:** In light of the Second Amended Complaint filed on August 16, 2023, the parties have agreed no response is necessary to interrogatories regarding the 3PVRO Canvasser Restrictions applicable to individuals with certain felony convictions.

**INTERROGATORY NO. 4:**

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the 3PVRO Fines Provision. In providing Your response, state all facts that You contend demonstrate a connection between the increase in fines and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**ANSWER:** SB 7050 was not a priority legislation for the Office of the Attorney General and to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the 3PVRO Fines Provision is currently ongoing.

**INTERROGATORY NO. 5:**

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Mail-In Ballot Request Assistance Restriction. In providing Your response, state all facts that You contend demonstrate a connection

4

between the limitation and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**ANSWER:** SB 7050 was not a priority legislation for the Office of the Attorney General to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the Mail-In Ballot Request Assistance Restriction is currently ongoing.

### INTERROGATORY NO. 6:

Describe any processes and procedures You intend to use in carrying out Your responsibility to "[i]nvestigate and prosecute any crime involving . . . [v]oting in an election in which a candidate for a federal or state office is on the ballot" or "voter registration," Fla. Stat. § 16.56(1)(a)(12)), and to enforce civil and criminal penalties against 3PVROs as provided in SB 7050. In your response, identify the people in your office who are responsible for deciding upon and implementing these processes and procedures.

**ANSWER:** The Attorney General objects to this interrogatory as being irrelevant. The subjects of this litigation, as described in Plaintiffs' Second Amended Complaint, are particular provisions of SB 7050 relating to § 97.0575, Fla. Stat. and certain state officers' obligations as established in § 97.0575, Fla. Stat. Procedures of the OAG regarding Ch. 16, Fla. Stat. are not relevant. As to civil and criminal penalties regarding 3PVROs provided for in SB 7050, the Office of Statewide Prosecution, ("OSP") within the OAG is responsible for the implementation of provisions of SB 7050 applicable to the Attorney General's responsibilities outlined in § 97.0575, Fla. Stat. The Court has entered a preliminary injunction prohibiting

enforcement of § 97.0575(1)(f) and (7), Fla. Stat.; OSP has not developed separate processes or procedures specifically for those sections of law. OSP follows a consistent approach for conducting criminal investigations and prosecutions which is based on evaluating each matter on a case-by-case basis. Nick Cox is the Statewide Prosecutor.

**INTERROGATORY NO. 7:**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to 3PVROs in Florida that were reported to or by, referred to or by, investigated by, or otherwise handled by You. Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, prosecuting, referring, or otherwise evaluating or making decisions related to each of these incidents.

**ANSWER:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, and not proportional to the needs of this case as it would require review, analysis, and summarization of every report received regarding 3PVROs as well as further analysis regarding every individual involved at any stage of every single one of those reports. Information on reports and referrals to the OAG may be gleaned by review of the January 2023 report published by the Secretary of State, Office of Election Crimes and Security, found at https://files.floridados.gov/media/706232/dos-oecs-report-2022.pdf. The OAG continues to search for additional information and expects to supplement this response. As the OAG reviews discoverable records of such incidents, the OAG may produce documents in lieu of a narrative response.

**INTERROGATORY NO. 8:**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to identity theft or other information security breach based on voter registration applications in Florida that were reported to or by, referred to or by, investigated by, or otherwise handled by You. Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, prosecuting, referring, or otherwise evaluating or making decisions related to each of these incidents.

**ANSWER:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, and not proportional to the needs of this case as it would require review, analysis, and summarization of every such report received regarding voter registration information security breaches and identity theft as well as further analysis regarding every individual involved at any stage of every single one of those reports. Information on reports and referrals to the OAG may be gleaned by review of the January 2023 report published by the Secretary of State, Office of Election Crimes and Security, found at https://files.floridados.gov/media/706232/dos-oecs-report-2022.pdf.  The OAG continues to search for additional information and may supplement this response.  As the OAG reviews discoverable records of such incidents, the OAG may produce documents in lieu of a narrative response.

**INTERROGATORY NO. 9:**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to vote-by-mail ballots in Florida that were reported to or by, referred to or by, investigated by, or otherwise handled by You. Specify which, if any, instances involved assistance of a voter in requesting a vote-by-mail ballot.

7

Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, prosecuting, referring, or otherwise evaluating or making decisions related to each of these incidents.

**ANSWER:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, and not proportional to the needs of this case as it would require review, analysis, and summarization of every such report received regarding vote-by-mail ballots as well as further analysis regarding every individual involved at any stage of every single one of those reports. Information on reports and referrals to the OAG may be gleaned by review of the January 2023 report published by the Secretary of State, Office of Election Crimes and Security, found at https://files.floridados.gov/media/706232/dos-oecs-report-2022.pdf. The OAG continues to search for additional information and may supplement this response. As the OAG reviews discoverable records of such incidents, the OAG may produce documents in lieu of a narrative response.

**INTERROGATORY NO. 10:**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to voter registration in Florida by noncitizens that were reported to or by, referred to or by, investigated by, or otherwise handled by You. Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, prosecuting, referring, or otherwise evaluating or making decisions related to each of these incidents.

**ANSWER:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, and not proportional to the needs of this case as it would require review, analysis, and summarization of every such report received regarding

voter registration activities by noncitizens as well as further analysis regarding every individual involved at any stage of every single one of those reports. Information on reports and referrals to the OAG may be gleaned by review of the January 2023 report published by the Secretary of State, Office of Election Crimes and Security, found at https://files.floridados.gov/media/706232/dos-oecs-report-2022.pdf. The OAG continues to search for additional information and may supplement this response. As the OAG reviews discoverable records of such incidents, the OAG may produce documents in lieu of a narrative response.

**INTERROGATORY NO. 11:**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to voter registration in Florida by individuals with a felony conviction enumerated in Fla. Stat. 97.0575(1)(e) that were reported to or by, referred to or by, investigated by, or otherwise handled by You. Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, prosecuting, or otherwise evaluating or making decisions related to each of these incidents.

**ANSWER:** In light of the Second Amended Complaint filed on August 16, 2023, the parties have agreed no response is necessary to interrogatories regarding the 3PVRO Canvasser Restrictions applicable to individuals with certain felony convictions.

**INTERROGATORY NO. 12:**

Identify each Person, other than a natural person intended to be called as an expert witness at trial, that You have reason to believe may have communications,

9

documents, or other information relevant to Plaintiffs' claims as set forth in the Amended Complaint. If You have reason to believe that a particular Person has documents specifically responsive to any of the requests for production set forth in Plaintiffs' First Set of Requests for Production to You, identify the relevant number or numbers of each request for production when You identify that Person.

**ANSWER:** The Secretary of State, the Supervisors of Elections, the Florida Legislature, and any individuals listed in the Attorney General's Rule 26(a)(1) Disclosures may have communications, documents, or other information relevant to this litigation. The Florida Legislature may have documents responsive to Plaintiffs' Request for Production 7. The Secretary of State and Supervisors of Elections may have documents responsive to Plaintiffs' Requests for Production 1, 2, 3, 4, 5, 8, 10, and 15. Defendant's investigation of the Plaintiffs' claims and Defendant's document search are ongoing.

## INTERROGATORY NO. 13:

State and explain your definition of the terms "collecting" and "handling" as used in the 3PVRO Canvasser Restrictions.

**ANSWER:** The OAG follows the rules of statutory construction established in judicial precedent. As such, where terms are not specifically defined in statute, the OAG generally relies on the plain meaning of the terms at issue.

## INTERROGATORY NO. 14:

State and explain your definition of the term "voter registration application" as used in the 3PVRO Canvasser Restrictions and whether You believe this term encompasses (1) blank voter registration applications forms, (2) voter registration application forms with voter information filled in, or (3) both.

**ANSWER:** The OAG follows the rules of statutory construction established in judicial precedent. As such, where terms are not specifically defined in statute, the OAG generally relies on the plain meaning of the terms at issue.

## INTERROGATORY NO. 15:

State and explain your definition of the phrases "personal information" and "in compliance with this section" as used in the 3PVRO Information Retention Ban.

**ANSWER:** The OAG follows the rules of statutory construction established in judicial precedent. As such, where terms are not specifically defined in statute, the OAG generally relies on the plain meaning of the terms at issue.

## INTERROGATORY NO. 16:

Identify and describe any communications between You and any Person, including but not limited to the Florida Governor, the Florida Legislature, and the Florida Secretary of State, regarding interests or issues SB 7050 addresses.

**ANSWER:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case as it would require review, analysis, and summarization of all correspondence to and from anyone in the Office of the Attorney General with any other person regarding the voluminous omnibus election bill SB 7050. The various iterations of SB 7050 during the legislative process were between 96-98 pages long and encompassed proposed changes to numerous sections and subsections of Florida Statutes in addition to § 97.0575, Fla. Stat., and which are not at issue in the present action. The OAG continues to search for additional information and reserves the right to supplement this response. As the OAG reviews discoverable records of such incidents, the OAG may produce documents in lieu of a narrative response.

**INTEROGATORY NO. 17:**

Identify and describe any communications between You and any Person, including the Florida Governor, the Florida Legislature, and the Florida Secretary of State, regarding information related to interests to support or justify SB 7050.

**ANSWER:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case as it would require review, analysis, and summarization of all correspondence to and from anyone in the Office of the Attorney General with any other person regarding the voluminous omnibus election bill SB 7050. The version of SB 7050 published in Ch. 2023-120, Laws of Florida is 55 pages long and encompasses proposed changes to numerous sections and subsections of Florida Statutes in addition to § 97.0575, Fla. Stat., which are not at issue in the present action. The OAG continues to search for additional information and reserves the right to supplement this response.  As the OAG reviews discoverable records of such incidents, the OAG may produce documents in lieu of a narrative response.

**INTEROGATORY NO. 18:**

Identify all Persons who were consulted for the information upon which Your answers to these interrogatories are based.

**ANSWER:** John Bajger

        Respectfully Submitted,

        **ASHLEY MOODY**
        **Attorney General**

        */s/ Stephanie A. Morse*
        Stephanie A. Morse
        Special Counsel
        Fla. Bar No. 0068713
        Stephanie.Morse@myfloridalegal.com

        Noah T. Sjostrom
        Assistant Attorney General
        Fla. Bar No. 1039142
        Noah.Sjostrom@myfloridalegal.com
        W. David Chappell
        Senior Assistant Attorney General
        Fla. Bar No.
        William.Chappell@myfloridalegal.com
        Office of the Attorney General
        Complex Litigation Bureau
        PL 01 The Capitol
        Tallahassee, FL 32399-1050
        Telephone: (850) 414-3635

*NAACP, et al. v. Byrd, et al.*
N.D. Fla. Case No. 4:23-cv-00215
Attorney General's Responses to Plaintiff's First Set of Interrogatories

## DECLARATION

Pursuant to Title 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August 23, 2023.

/s/ Paul Donturell
for Nick Cox
Statewide Prosecutor
Florida Office of the Attorney General

14

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 23rd day of August 2023, a true and correct copy of this document was served electronically on all counsel of record.

*/s/ Stephanie A. Morse*
Stephanie A. Morse