# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

    *Plaintiffs*,

v.                                           Case No. 4:23-cv-218-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## SECRETARY BYRD'S RESPONSES AND OBJECTIONS TO HISPANIC FEDERATION PLAINTIFFS' FIRST SET OF INTERROGATORIES

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Secretary Byrd responds to Plaintiffs' first set of interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

1.    The Secretary objects to each Definition, Instruction, and Interrogatory to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

2.    The Secretary objects to each Interrogatory that is cumulative and/or duplicative of an interrogatory propounded by the NAACP Plaintiffs and/or the League of Women Voters Plaintiffs in this consolidated case.

1

3.     The Secretary expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Interrogatories, and to assert additional objections or privileges, in one or more supplemental response(s).

4.     The Secretary's investigation and development relating to this action is ongoing. These responses and objections are made without prejudice to, and without waiver of, the Secretary's right to rely on other facts or documents at trial.

5.     By responding to the Interrogatories, the Secretary does not admit or concede that any fact, event, characterization, or legal conclusion contained within the Interrogatories is accurate or correct, and the Secretary reserves the right to contest all facts, event, characterizations, and legal conclusions.

## DEFINITIONS AND INSTRUCTIONS

1.     The Secretary objects to the Definition of "COMMUNICATIONS" to the extent it includes "in the broadest sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms or systems" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to this Definition to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

2. The Secretary objects to the Definitions of "DOCUMENT" and "DOCUMENTS" to the extent they include "without limitation [of] any kind" and "without limitation" as they are overbroad and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order. The Secretary further objects to these Definitions to the extent they seek information protected by the attorney-client privilege, the deliberative process privilege, the attorney work product doctrine, and to the extent they seek information protected under any other privilege, protection, or immunity.

3. The Secretary objects to the Definitions of "ELECTRONICALLY STORED INFORMATION" and "ESI" to the extent they contain "including but not be limited to" as it is overbroad and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

4. The Secretary objects to the Definition of "FLORIDA GOVERNOR" to the extent it includes "the former, current, and/or future Governor of Florida, and their staff, employees, contractors, consultants, advisors, agents, and representatives" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an

3

Interrogatory unduly burdensome. The Secretary further objects that he does not possess sufficient information to determine the relevant universe of individuals within this Definition.[1] For example, the Secretary does not know who the "future Governor of Florida" will be, nor is he aware of the identities of all "staff, employees, contractors, consultants, advisors, agents, and representatives" of past, current, or future Florida Governors.

5. The Secretary objects to the Definition of "LEGISLATURE" to the extent it includes "any member," "at any time relevant to these requests," "any committee, office, or unit," "and any one or combination of staff, employees, contractors, advisors, agents and representatives" as they are vague, ambiguous, overbroad, and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects that he does not possess sufficient information to determine the relevant universe of individuals within this Definition.

6. The Secretary objects to the Definition of "PERSON" to the extent it includes "any natural person or any legal entity, including but not limited to any business or governmental entity or association" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome.

7. The Secretary objects to the Definitions of "RELATED TO," "CONCERNING," and "INCLUDING" to the extent they include "in the broadest

---

[1] The Secretary asks that Plaintiffs provide lists of relevant individuals for each applicable Definition.

possible sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

8. The Secretary objects to the Definitions of "YOU," "YOUR," and "DEFENDANT" to the extent they include "any of Defendant's past and present agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on behalf of or subject to Defendant's control" as it is vague, ambiguous, overbroad, and to the extent it renders a Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek information protected by the attorney-client privilege, the deliberative process privilege, the attorney work product doctrine, and to the extent they seek information protected under any other privilege, protection, or immunity. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

5

9. The Secretary objects to Instruction 1 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

10. The Secretary objects to Instruction 2 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

11. The Secretary objects to Instruction 3 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

12. The Secretary objects to Instruction 4 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

13. The Secretary objects to Instruction 5 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

14. The Secretary objects to Instruction 6 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

15. The Secretary objects to Instruction 7 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

16.    The Secretary objects to Instruction 8 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

17.    The Secretary objects to Instruction 9 to the extent the timeframe of "January 1, 2013 to the present" is overly broad. The Florida Legislature's first interim committee week occurred in September 2022 and SB 7050 was signed into law on May 23, 2023. As a result, a timeframe that stretches back to January 1, 2013 is overly broad, and the Secretary further objects to the extent that responding to such timeframe is unduly burdensome. The Secretary further objects to this Instruction to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

## RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:** Identify all training materials, guidance documents, advisories, and other formal or informal instructions that have been communicated to the Defendant's staff, the county Supervisors of Elections and their staffs, or distributed to or publicized for members of the public concerning the administration and enforcement of S.B. 7050's prohibition on noncitizens handling or collecting voter registration documents. For each document, please identify the author(s) and provide a list of persons to whom each document was distributed.

**ANSWER:** The Secretary objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the deliberative process privilege, the attorney work product doctrine, the deliberative process privilege, and to the extent it seeks information protected under any other privilege, protection, or immunity. The Secretary has sought both internal and external legal advice to inform his understanding of S.B 7050 and its implementation, administration, and enforcement. The Secretary further objects to this Interrogatory to the extent it includes "training materials, guidance[,] documents, advisories, and other formal or informal instructions" and "voter registration documents" as they are vague, ambiguous, overbroad, and to the extent they render responding to the Interrogatory unduly burdensome. Pursuant to Federal Rule of Civil Procedure 33(d), after a reasonable search and inquiry, the Secretary will produce all non-privileged documents in its possession, custody, or control that are responsive to this Interrogatory.

**INTERROGATORY NO. 2:** Identify all instances where a person identified an irregularity or lodged a complaint with You about a noncitizen handling or collecting a voter registration document between January 1, 2013 and present day. For each instance, identify and provide:

    (a) The year of the alleged violation;

    (b) The source identifying the alleged violation or irregularity;

    (c) The law allegedly violated or the nature of the irregularity reported;

8

(d) The county in which the alleged violation or irregularity took place;

(e) The results of any investigation into the alleged violation or irregularity, including whether it was referred to another agency for investigation and if so, to which agency;

(f) The current status of the investigation or resulting case;

(g) The 3PVRO associated with the voter registration activity, if any; and

(h) Any witnesses who have or who are likely to have knowledge or information related to any of the above.

**ANSWER:** The Secretary objects to this Interrogatory to the extent that it contains multiple, separate interrogatories. The Secretary further objects to this Interrogatory to the extent it includes "voter registration document" as it is vague, ambiguous, overbroad, and to the extent it renders responding to the Interrogatory unduly burdensome. The Secretary further objects to this Interrogatory as the timeframe from January 1, 2013 to the present day is overly broad, and to the extent that timeframe renders responding to this Interrogatory unduly burdensome. Pursuant to Federal Rule of Civil Procedure 33(d), after a reasonable search and inquiry, the Secretary will produce all non-privileged documents in its possession, custody, or control that are responsive to this Interrogatory.

**INTERROGATORY NO. 3:** Identify each person You communicated with about noncitizens handling or collecting voter registration forms since January 1, 2018.

9

**ANSWER:** The Secretary objects to this Interrogatory to the extent it includes "voter registration forms" as it is vague, ambiguous, overbroad, and to the extent it renders responding to the Interrogatory unduly burdensome. Pursuant to Federal Rule of Civil Procedure 33(d), after a reasonable search and inquiry, the Secretary will produce all non-privileged documents in its possession, custody, or control that are responsive to this Interrogatory.

### Verification

Pursuant to 28 U.S.C. § 1746, I, Andrew Darlington of the Department of State, declare under penalty of perjury that the foregoing answers to the first set of interrogatories are true and correct.

Executed on September 7, 2023.

/s/ *Andrew Darlington*
Andrew Darlington

Dated: September 7, 2023

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

As to objections,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FBN 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2023, the forgoing document was served via email on the following counsel:

Adriel I. Cepeda Derieux*
Julie A. Ebenstein (FBN 91033)
Megan C. Keenan*
Dayton Campbell-Harris*
Sophia Lin Lakin*
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
acepedaderieux@aclu.org
jebenstein@aclu.org
mkeenan@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Roberto Cruz (FBN 18436)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, FL 32804
(321) 754-1935
rcruz@latinojustice.org

Cesar Ruiz*
Fulvia Vargas De-Leon*
Ghita Schwarz*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
fvargasdeleon@latinojustice.org
gschwarz@latinojustice.org

John A. Freedman*
Jeremy Karpatkin*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
john.freedman@arnoldporter.com

Nicholas L.V. Warren (FBN 1019018)
ACLU Foundation of Florida
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1019018)
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Estee M. Konor*
Dēmos
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

Evan Preminger*
Rayne Ellis*
Arnold & Porter Kaye Scholer LLP
250 W. 55th Street
New York, NY 10019
(212) 836-7786
evan.preminger@arnoldporter.com
rayne.ellis@arnoldporter.com

*Counsel for Plaintiffs Hispanic Federation, Poder Latinx, Veronica Herrera-Lucha, Norka Martínez, A. Doe, or B. Doe*

jeremy.karpatkin@arnoldporter.com

*Admitted Pro Hac Vice*

/s/ Mohammad O. Jazil
Mohammad O. Jazil
