# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP; VOTERS OF
TOMORROW ACTION, INC.;
DISABILITY RIGHTS FLORIDA;
ALIANZA FOR PROGRESS;
ALIANZA CENTER; UNIDOSUS;
FLORIDA ALLIANCE FOR RETIRED
AMERICANS; SANTIAGO MAYER
ARTASANCHEZ; and ESPERANZA
SÁNCHEZ,

          Plaintiffs,

    v.

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

          Defendants.

CASE NO. 4:23-cv-00215-MW/MAF

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
## TO FLORIDA SECRETARY OF STATE

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Northern District

of Florida Local Rule 26.1, Plaintiffs Florida State Conference of Branches and

Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights

Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for

Retired Americans, Santiago Mayer, and Esperanza Sánchez (collectively,

"Plaintiffs") serve these Requests for Production upon Defendant Cord Byrd in his official capacity as Florida Secretary of State.

Responses to these requests are to be produced to Frederick S. Wermuth, P.O. Box 1631, Orlando, FL 32802-1631, within 30 days of service. To arrange for electronic production, please contact Mr. Wermuth at fwermuth@kbzwlaw.com.

## **DEFINITIONS**

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.     "Any" and "all" mean "any and all."

2.     "Challenged Provisions" refers collectively to the provisions of SB 7050 identified in Plaintiffs' First Amended Complaint (ECF No. 52) as the 3PVRO Fines Provision, 3PVRO Canvasser Restrictions, 3PVRO Voter Information Retention Ban, and the Mail-In Ballot Request Assistance Restriction, defined herein.

3.     "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means, along with any related documents or attachments.

4.     "Date" means the exact day, month, and year, if ascertainable, or, if not,

the best approximation (including relationship to other events).

5.      "Describe" means to explain with particularity.

6.      "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and it includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), any computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

7.      "Election Recap Reports" are reports You generate following statewide elections with information on voters' registration history and election participation for each county.

8.      "Florida Attorney General" means the former, current, and/or future Florida Attorney General, and their staff, employees, contractors, consultants, advisors, agents, and representatives.

9.      "Florida Governor" means the former, current, and/or future Governor of Florida, and their staff, employees, contractors, consultants, advisors, agents, and representatives.

10.    "Florida Legislature"  or "Legislature" means the Florida Senate, the Florida House of Representatives, or both; any member of the Florida Senate or Florida House of Representatives, or combination of members of the Florida Senate and Florida House of Representatives, at any time relevant to these requests; any committee, office, or unit of the Florida Senate, of the Florida House of Representatives, or of both, at any time relevant to these requests; and any one or combination of staff, employees, contractors, advisors, agents, and representatives of one or more of the following principals at any time relevant to these requests: (i) the Florida Senate or any member, committee, office or unit thereof, (ii) the Florida House of Representatives or any member, committee, office or unit thereof, or (iii) any joint committee, joint office, or joint unit of the Florida Senate and Florida House of Representatives.

11.    Identify," when used in reference to a document, means to state the type of document, the document's date, author(s), recipient(s), subject matter, attachments or appendices, and Persons who possess or were involved in making the document.

12.    "Identify," when used in reference to electronically stored information, means to describe the electronically stored information, describe all electronic devices on which the electronically stored information is stored or maintained, and identify all Persons who have custody, possession, or control over the electronically

stored information or electronic devices.

13.    "Including" means "including but not limited to."

14.    "Mail-In Ballot Request Assistance Restriction" refers to the restriction in SB 7050, now codified in Fla. Stat. § 101.62(1)(a), providing that supervisors of elections may accept requests for vote-by-mail ballots "*only* from a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian." *Id*. (emphasis added).

15.    "Method of registration" refers to the way in which a voter registers, as reflected in the "Registration Source" data field in the voter file.

16.    "Noncitizens" refers to individuals without U.S. Citizenship status, including individuals who are legal permanent residents in the United States.

17.    "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

18.    "Relating to," "regarding," or "concerning" and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing,

evidencing, or constituting.

19.    "SB 7050" refers to Senate Bill 7050 (2023), signed into law by Governor DeSantis on May 24, 2023, and any prior versions of that bill, including House Bill 7005 (2023).

20.    "Supervisors of Elections" means the office of the supervisors of elections, including their employees, staff, contractors, consultants, advisors, agents, and representatives, in each Florida county.

21.    "3PVRO" refers to a third-party voter registration organization. 3PVRO means any Person that collects any voter registration application, but does not include: a natural person who seeks only to register to vote or collect a voter registration application from that natural person's spouse, child, or parent, or a natural person engaged in registering to vote or collecting voter registration applications as an employee or agent of the Division of Elections, supervisor of elections, Department of Highway Safety and Motor Vehicles, or an official voter registration agency.

22.    "3PVRO Canvasser Restrictions" refers to the prohibitions in SB 7050 on certain individuals from collecting or handling any voter registration materials, in particular noncitizens, now codified as Fla. Stat. § 97.0575(1)(f), and individuals convicted of certain felonies under the Election Code, now codified as Fla. Stat. § 97.0575(1)(e).

23.     "3PVRO Fines Provision" refers to the fines provisions of SB 7050, now codified as Fla. Stat. § 97.0575(5)(a), whereby 3PRVOs are subject to: (1) a fine of $50 per each day late, up to $2,500, for each voter registration application received more than 10 days after the application was received by the 3PVRO, and $2,500 for each such application if the 3PVRO "acted willfully"; (2) a fine of $100 per each day late, up to $5,000, for each late returned application received after the voter registration deadline and an additional $5,000 fine per each such application if the 3PVRO "acted willfully"; (3) a fine of $5,000 for any application willfully not submitted to the right division or supervisor of elections; and (4) an increase in the aggregate fines that may be imposed on a single 3PVRO for late-returned applications from $50,000 to $250,000.

24.     "3PVRO Information Retention Ban" refers to the prohibition in SB 7050, now codified as Fla. Stat. § 97.0575(7), on 3PVROs retaining any personal information of the voters it registers for any purpose other than registration itself.

25.     "Voter" means any individual registered to vote in Florida.

26.     "Voter file" means digital files containing records of voter registration and voting history information for each individual registered to vote in Florida.

27.     "Voter ID" is a unique number assigned to each voter in Florida.

28.     "You" and "Your" refer to the Defendant Secretary of State of Florida and any of his employees, staff, contractors, consultants, advisors, agents, and

representatives.

## **INSTRUCTIONS**

1.     The document production topics apply to the period from January 2014 through the present, unless otherwise limited or expanded by a particular topic description.

2.     The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

3.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

4.     A reference to an entity or organization in this request shall be construed to include its officers, directors, partners, members, staff, employees, contractors, consultants, advisors, agents, and representatives, or anyone acting on its behalf.

5.     Each request is to be answered separately. If you have no documents reflecting the information requested, and/or any means of recording the information requested, please so indicate in your responses to the specific production request.

6.     In accordance with L. R. Civ. P. 26.1, any objections to a request for production must be set out specifically in response to the individual request for production. If you object to any part of a request, set forth the basis of your objection,

and respond to all parts of the request to which you do not object.

7.      Where there exists a good-faith doubt as to the meaning or intended scope of a request, and the sole objection would be to its vagueness, overbreadth, or ambiguity, you are asked and encouraged to contact Plaintiffs' counsel in advance of asserting an otherwise unnecessary objection. Plaintiffs' counsel will provide whatever additional clarification or explanation may be needed. If an ambiguity cannot be resolved, then in responding to these requests, set forth the matter deemed ambiguous as well as the construction used in responding.

8.      If you contend that it would be unreasonably burdensome to obtain and provide the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification of Persons consulted, description of files, records and documents reviewed, and identification of each Person who participated in the gathering of such documents, with specification of the time spent and the nature of work done by such Person; and (c) state with particularity the grounds upon which you contend the additional efforts to produce such documents would be unreasonable.

9.      If any otherwise responsive document was, but is no longer, in

existence or in your possession, custody, or control, identify the information in the document, its current or last known custodian, the location/address of such document, and the identity of all Persons having knowledge or who had knowledge of the document, and describe in full the circumstances surrounding its disposition from your possession or control.

10.    Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Plaintiffs to assess the claim of privilege.

11.    Produce all non-privileged documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession, custody, or control, and that of your attorneys, investigators, experts, and anyone else acting on your behalf.

12.    Documents are to be produced as they are kept in the ordinary course of business. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this request should be produced intact with the documents; and documents attached to each other should not be separated.

13.     All documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. For any election or voter data files produced or maintained as Excel spreadsheets, please produce files in Excel format. For any other election or voter data please produce such data in CSV format if possible. If this is not possible, please produce all such data in PDF format. Other documents, to the extent they can be accurately represented in black and white, should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attaching Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). Produced TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR shall be produced in place of

extracted text at the document level. Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

14.    For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash value. In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count. All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

15.    Pursuant to Federal Rule of Civil Procedure 26(e), you must promptly amend your responses to these requests for production if you learn that a response is in some material respect incomplete or incorrect. If you expect to obtain further

information or expect the accuracy of a response given to change between the time responses are served and the time of trial, please state this in each response.

16.   These requests for production are continuing in nature, up to and during the course of trial. Materials sought by these requests for production that become available after you serve your responses must be disclosed to Plaintiffs' counsel by supplementary response or responses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

A current voter file, including the method of registration ("Registration Source") for each voter. For each voter, please include at least name, Voter ID number, registered address, county of registration, race, gender, birth date, and—if available—the name of 3PVRO that assisted the voter in registering to vote. This request does not seek information about voters who have requested to be exempted from this file under Section 119.071, Fla. Stat.

**REQUEST FOR PRODUCTION NO. 2:**

Annual snapshots of the voter file as it existed on January 1, beginning in 2016 to 2023 (e.g., January 1, 2016, January 1, 2017, January 1, 2018, etc.), or if You are unable to produce the voter file as it existed on these specific dates, all available past snapshots of the voter file. The snapshots should include, at a minimum, the method of registration ("Registration Source") for each voter, the voter's name, Voter ID

number, residence address, county of registration, race, gender, birth date, and—if available—the name of 3PVRO that assisted the voter in registering to vote. This request does not seek information about voters who have requested to be exempted from this file under Section 119.071, Fla. Stat.

**REQUEST FOR PRODUCTION NO. 3:**

All Election Recap Reports for the 2016 presidential primary election.

**REQUEST FOR PRODUCTION NO. 4:**

All Election Recap Reports for the 2022 primary and general elections.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications relating to 3PVROs' alleged failures to timely deliver, or to deliver to the correct county, completed voter registration applications, including any reports, Forms DS-DE 148, and documents or communications relating to whether any affected voter was ultimately registered to vote.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications relating to noncitizens' handling, distribution, possession, or other interaction with voter registration application forms.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to alleged unlawful or otherwise

improper use of any voter's personal information obtained from such voter's registration application forms by 3PVROs, their staff, or their volunteers.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to fines levied against 3PVROs in Florida, including documents and communications relating to the name of the 3PVRO fined, the date on which the 3PVRO was fined, the reason for the fine, whether the fine was contested, whether the fine was paid, the amount of the fine, how You learned about the conduct relevant to the fine, and the evidence corroborating such conduct.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to the handling, distribution, collection, possession, or other interaction with, voter registration application forms by individuals convicted of one of the felony offenses enumerated in the 3PVRO Canvasser Restrictions.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications demonstrating the State's interest in the 3PVRO Canvasser Restrictions, including prohibiting noncitizens from collecting or handling voter registration materials or prohibiting individuals convicted of one of the felony offenses enumerated in the 3PVRO Canvasser Restrictions collecting or handling voter registration materials.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications demonstrating the State's interest in the 3PVRO Information Retention Ban.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications demonstrating the State's interest in the 3PVRO Fines Provision.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to the Mail-In Ballot Request Assistance Restriction, including documents sufficient to show the relationship between a voter and the Person who requested the ballot for them and, if available, the reason for the assistance. Please also include each voter's ID number.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications demonstrating the State's interest in the Mail-In Ballot Request Assistance Restriction.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications between You and the Florida Legislature relating to SB 7050, including specifically the Challenged Provisions.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications between You and Supervisors of Elections relating to SB 7050, including specifically the Challenged Provisions.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications between You and the Florida Governor relating to SB 7050, including specifically the Challenged Provisions.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications between You and the Florida Attorney General relating to SB 7050, including specifically the Challenged Provisions.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications between You and consultants, lobbyists, staff, researchers, scholars, members of the public, or any other Person relating to SB 7050, including specifically the Challenged Provisions.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications regarding Your support or opposition to SB 7050 in whole or in part, including specifically in relation to the Challenged Provisions.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications regarding any reports, studies, estimates, or analyses regarding the Challenged Provisions, including but not limited to any reports, studies, estimates, or analyses regarding the fiscal impact of the Challenged Provisions, as well as the impacts that the Challenged Provisions are likely to have on voters, 3PVROs, voter turnout, voter registration rates, and vote-by-mail turnout.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications regarding complaints pertaining to assistance provided to voters in requesting vote-by-mail ballots, including but not limited to allegations that vote-by-mail ballots were fraudulently requested, as well as any and all documents and communications pertaining to the investigation, identification, or prosecution the aforementioned conduct.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications regarding the age, racial, or ethnic breakdown of voters who register through a 3PVRO, including any estimate, report, study, or analysis concerning the age, race, and/or ethnicity of voters who registered with the assistance of a 3PVRO.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications regarding voter complaints about 3PVROs.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications between Your office and the National Republican Senatorial Committee, the National Republican Congressional Committee, the Republican National Committee, any Republican State or local officials, and any of their employees, staff, contractors, consultants, advisors, agents,

representatives, or anyone acting on their behalf regarding SB 7050 or Florida House Bill 7005 (2023) and Florida House Bill 7067 (2023).

Respectfully submitted this 21st day of July, 2023.

Respectfully submitted,

Abha Khanna*
Makeba Rutahindurwa*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW,
Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*Admitted *Pro Hac Vice*

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

*Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez*

-19-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of July 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111