# EXHIBIT 7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, et al.,<br><br>Defendants. | Case Nos.: 4:23-cv-215-MW/MAF<br>4:23-cv-216-MW/MAF<br>4:23-cv-218-MW/MAF |
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY MOODY, in her official capacity as Attorney General of Florida, et al.,<br><br>Defendants. | |
| HISPANIC FEDERATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, in his official capacity as the Secretary of State of Florida, et al.,<br><br>Defendants. | |

## PLAINTIFFS' NOTICE OF TAKING DEPOSITION OF OFFICE OF FLORIDA ATTORNEY GENERAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of the representative persons designated by Defendant Florida Attorney General Ashley Moody in her official capacity to testify on her behalf to the matters described in Schedule A, attached hereto, on December 19, 2023 and December 20, 2023. The deposition will begin at 10 a.m. Eastern on both days and will continue until completed, or until such time as is agreed by the parties. At the scheduled time, Defendant's representative is directed to appear via videoconference. All attendees will be expected to appear by videoconference. The video link will be provided in advance of the deposition.

This deposition is being taken for purposes of discovery, for use as evidence, for use at trial, and for such other uses and purposes as are permitted under the Federal Rules of Civil Procedure and other applicable laws. The deposition will be by oral examination before a person authorized by law to administer oaths. Plaintiffs may videotape the deposition and reserve the right to use such videotape at trial.

Dated: December 11, 2023                    Respectfully submitted,

/s/ Makeba Rutahindurwa                     Frederick S. Wermuth
Abha Khanna*                                Florida Bar No. 0184111
Makeba Rutahindurwa*                        King, Blackwell, Zehnder & Wermuth, P.A.
**ELIAS LAW GROUP LLP**                     P.O. Box 1631

2

| | |
|---|---|
| 1700 Seventh Ave., Suite 2100 | Orlando, FL 32802-1631 |
| Seattle, Washington 98101 | Telephone: (407) 422-2472 |
| Telephone: (206) 656-0177 | Facsimile: (407) 648-0161 |
| akhanna@elias.law | fwermuth@kbzwlaw.com |
| mrutahindurwa@elias.law | |

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez*

*Admitted *Pro Hac Vice*

Chad W. Dunn
Florida Bar No. 0119137
BRAZIL & DUNN
1200 Brickell Avenue
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

/s/ Brent Ferguson
Danielle M. Lang (D.C. Bar No. 1500218)
Brent Ferguson (D.C. Bar No. 1782289)
Jonathan Diaz (D.C. Bar No. 1613558)
Christopher Lapinig (CA Bar No. 322141)
Ellen Boettcher (D.C. Bar No. 90005525)
Simone Leeper (D.C. Bar No. 1737977)
Michael Ortega (IL Bar No. 6339469)*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
bferguson@campaignlegal.org
dlang@campaignlegal.org
jdiaz@campaignlegal.org
clapinig@campaignlegal.org
eboettcher@campaignlegal.org
sleeper@campaignlegal.org

3

mortega@campaignlegal.org

*Counsel for Plaintiffs League of Women Voters of Florida*
*Admitted *Pro Hac Vice*
** *Pro hac vice* application forthcoming

| | |
|---|---|
| Cesar Z. Ruiz* | */s/ Julie A. Ebenstein* |
| Fulvia Vargas De-Leon** | Julie A. Ebenstein (FBN 91033) |
| Miranda Galindo | Adriel I. Cepeda Derieux* |
| **LatinoJustice PRLDEF** | Megan C. Keenan* |
| 475 Riverside Drive, Suite 1901 | Dayton Campbell-Harris* |
| New York, NY 10115 | Sophia Lin Lakin* |
| (212) 392-4752 | **American Civil Liberties Union Foundation** |
| cruiz@latinojustice.org | 125 Broad Street, 18th Floor |
| fvargasdeleon@latinojustice.org | New York, NY 10004 |
| gschwarz@latinojustice.org | (212) 549-2500 |
| | jebenstein@aclu.org |
| Roberto Cruz (FBN 18436) | acepedaderieux@aclu.org |
| **LatinoJustice PRLDEF** | mkeenan@aclu.org |
| 4700 Millenia Blvd. Suite 500 | dcampbell-harris@aclu.org |
| Orlando, FL 32839 | slakin@aclu.org |
| (321) 754-1935 | |
| rcruz@latinojustice.org | Nicholas L.V. Warren (FBN 1019018) |
| | **ACLU Foundation of Florida** |
| Delmarie Alicea (FBN 1024650) | 336 East College Avenue, Suite 203 |
| **LatinoJustice PRLDEF** | Tallahassee, FL 32301 |
| 4700 Millenia Blvd. Suite 500 | (786) 363-1769 |
| Orlando, FL 32839 | nwarren@aclufl.org |
| (321) 418-6354 | |
| dalicea@latinojustice.org | Daniel B. Tilley (FBN 102882) |
| | Caroline A. McNamara (FBN 1038312) |
| Estee M. Konor* | **ACLU Foundation of Florida** |
| **Dēmos** | 4343 West Flagler Street, Suite 400 |
| 80 Broad Street, 4th Floor | Miami, FL 33134 |
| New York, NY 10004 | (786) 363-2714 |
| (212) 485-6065 | dtilley@aclufl.org |
| ekonor@demos.org | cmcnamara@aclufl.org |
| John A. Freedman† | |

4

Jeremy Karpatkin[†]
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

*\* Admitted Pro Hac Vice*
*\*\* Pro Hac Vice Forthcoming*

## SCHEDULE A

## Definitions and Instructions

As used in this Notice and Schedule, the following terms shall be defined as specified herein, and the following instructions shall apply. Any terms not defined shall be given their ordinary meaning.

1. "Any" and "all" mean "any and all."

2. "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means, along with any related documents or attachments.

3. "Challenged Provisions" means the Citizenship Requirement, Information Retention Ban, 3PVRO Fines Provision, Mail-In Ballot Request Restriction, the Felony Volunteer Restriction, the Receipt Requirement, and the Re-Registration Requirement.

4. "Office" means the former, current, and/or future Office of the Florida Attorney General and their staff, employees, contractors, consultants, advisors, agents, and representatives.

5. "Senate Bill 7050" refers to Senate Bill 7050 (2023), Florida's election legislation, signed into law by Governor DeSantis on May 24, 2023, and any prior versions of that bill.

6. "Third-Party Voter Registration Organization" or "3PVRO" means any person, entity, or organization that collects any voter registration application, but does not include: (1) a person who seeks only to register to vote or collect a voter registration application from that person's spouse, child, or parent, or (2) a person engaged in registering to vote or collecting voter registration applications as an employee or agent of the Division of Elections, supervisor of elections, Department of Highway Safety and Motor Vehicles, or an official voter registration agency.

7. "Citizenship Requirement" refers to the prohibition in SB 7050 on noncitizens from collecting or handling any voter registration materials, codified as Fla. Stat. § 97.0575(1)(f).

8. "Information Retention Ban" refers to the prohibition in SB 7050, codified as Fla. Stat. § 97.0575(7), on 3PVROs retaining any personal information of the voters it registers for any purpose other than registration itself.

9. "3PVRO Fines Provision" refers to the provisions of SB 7050, codified as Fla. Stat. § 97.0575(5)(a), that impose fines on 3PVROs and reduce the time limit for delivery of voter registration applications to 10 days.

10. "Mail-In Ballot Request Restriction" refers to the provision of SB 7050, codified as Fla. Stat. § 101.62(1)(a), that permits Supervisors of Elections to accept vote-by-mail ballot requests "only from a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian.

11. "Felony Volunteer Restriction" refers to the provision in SB 7050, codified as Fla. Stat. § 97.0575(1)(e), prohibiting people with certain felony convictions from collecting or handling any voter registration materials.

12. "Receipt Requirement" refers to the provision of SB 7050 requiring 3PVROs to provide a receipt to every voter registration applicant upon accepting possession of their voter registration application, codified as Fla. Stat. § 97.0575(4).

13. "Re-registration Requirement" refers to the provisions of SB 7050, codified as Fla. Stat. § 95.0575(1)(d), (2), requiring 3PVROs who are registering with the State to include the specific general election cycle for which the organization is registering people to vote and submit an entirely new registration for every general election cycle.

**Deposition Topics**

1. Each State interest, if any, that the Office believes or contends each of the Challenged Provisions serves, promotes, or advances, and all facts and evidence supporting a connection between the Challenged Provisions and the State interest(s).

2. The Office's role in implementing and/or enforcing SB 7050 and any guidance the Office has provided to anyone relating to the Challenged Provisions.

3. Personnel in the Office, including the Office of Statewide Prosecution, whose work relates to the implementation of the provisions of SB 7050 applicable to the Attorney General, and to the enforcement of civil and criminal penalties against 3PVROs, and their names, titles, and specific roles.

4. The Office's process and procedures in referring, receiving, and investigating cases related to alleged misconduct by 3PVROs and their agents in registering voters.

5. The Office's process and procedure for investigating and fining 3PVROs and their agents.

6. Any instances of alleged, suspected, or confirmed unlawful conduct that were reported to or by, referred to or by, investigated by, or otherwise handled by the Office, including but not limited to incidents involving noncitizens mishandling voter registration applications .

9

7. Any instances of alleged, suspected, or confirmed unlawful conduct that were reported to or by, referred to or by, investigated by, or otherwise handled by the Office, including but not limited to any incidents involving alleged, suspected, or confirmed unlawful conduct relating to identity theft or other information security breaches from information retained from voter registration applications .

8. Any instances of alleged, suspected, or confirmed unlawful conduct relating to 3PVROs that were reported to or by, referred to or by, investigated by, or otherwise handled by the Office, including but not limited to other allegedly fraudulent or delinquent activity by 3PVROs.

9. Any instances of alleged, suspected, or confirmed unlawful conduct relating to a request for a vote-by-mail ballot for a non-family member in Florida that were reported to or by, referred to or by, investigated by, or otherwise handled by the Office.

10. The Office's definition of "collecting" and "handling" and "voter registration application" as used in the Citizenship Requirement and the bases for that definition.

11. The Office's definition of "personal information" and "in compliance with this Section" as used in the Information Retention Ban and the bases for that definition.

12. The Office's tracking and/or awareness of the racial breakdown of voters registered via 3PVROs in Florida.

13. The role of the Office, if any, in the enactment and passage of the Challenged Provisions.

14. Any communications between the Office and the Florida Governor, the Florida Legislature, and/or the Florida Secretary of State regarding the Challenged Provisions from January 2022 to present.

15. The Office's process for producing documents in response to Plaintiffs' Requests for the Production of Documents, including but not limited to the sources of documents that were collected, the means by which such documents were searched and reviewed, and any sources of potentially responsive documents that were not collected, searched, and reviewed.

16. Documents produced by the Office in discovery in this litigation, including responses to Interrogatories and documents reviewed by any Rule 30(b)(6) representative to refresh their recollection or otherwise educate them about noticed deposition topics.

17. Any instances of alleged, suspected, or confirmed unlawful conduct that were reported to or by, referred to or by, investigated by, or otherwise handled by the Office involving the mishandling of voter registration applications by persons

who have been convicted of any felony covered by the Felony Volunteer Restriction.

18. Any instances of which the Office is aware, in which a voter registration applicant requested the identity of or other information about a 3PVRO or 3PVRO employee or volunteer.

19. Any instances of which the Office is aware, in which a voter registration application was untimely delivered or delivered more than ten days after the application was completed, and the consequences of the delayed delivery.

20. The effects of the implementation of the Challenged Provisions that have been implemented.

21. The Office's prior and current use of 3PVRO registration materials required by Fla. Stat. § 95.0575(1)-(2).