UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CORD BYRD, in his official capacity as Florida Secretary of State, et al., <br><br> Defendants. | Case No.:  4:23-cv-215-MW/MAF <br> 4:23-cv-216-MW/MAF <br> 4:23-cv-218-MW/MAF |

### PLAINTIFFS' OPPOSITION TO MOTION TO RECUSE

Plaintiffs in these consolidated cases oppose the Secretary's motion to recuse Chief Judge Walker. Nothing in the Court's opinion in a separate case comes close to satisfying the high bar for recusal. This Court should not indulge the Secretary's gamesmanship, particularly on the eve of trial.

First and foremost, the Secretary has failed to identify any credible basis for recusal in the Court's remand order in *League of Women Voters of Florida v. Florida Secretary of State*, Case Nos. 4:21-cv-186, 187, 201 (N.D. Fla. Feb. 8, 2024) ("Remand Order"). The relevant question is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was

1

sought would entertain significant doubt about the judge's impartiality." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Contrary to the Secretary's spurious suggestion, the language in the Remand Order does not suggest prejudgment of the facts of this case, but rather recognition that the facts *already found* by the Court almost two years earlier were reversed by the Eleventh Circuit.

It is not news to the Secretary that on March 31, 2022, after a trial spanning 14 days, including several hundred exhibits and testimony from dozens of witnesses, this Court found that "Florida has repeatedly, recently, and persistently acted to deny Black Floridians access to the franchise." *League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1177 (N.D. Fla. 2022), *aff'd in part, vacated in part, rev'd in part sub nom. League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905 (11th Cir. 2023). Despite these findings, the Secretary did not object to this Court's assignment to the present cases filed nearly 14 months later—and for good reason. A court's ruling against a given party does not forever prejudice the court against that party, even where a separate case raises similar issues. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *see also, e.g.*, *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[A] judge's rulings in the same or a related case are not a sufficient basis for recusal."); *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis

2

for holding that the court's impartiality is in doubt."); *cf. In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."). On April 27, 2023, the Eleventh Circuit reversed this Court's findings of fact, concluding that "the district court clearly erred in finding that the challenged provisions were enacted with discriminatory intent." *League of Women Voters*, 66 F.4th at 941, 942 (11th Cir. 2023). On remand, in the paragraph on which the Secretary's recusal motion is based, this Court reiterated its original findings of fact based on the record in that case—and acknowledged that the Eleventh Circuit disagreed. Remand Order at 16–17.

This Court is not the first district court to bemoan reversal on appeal. *See, e.g.*, *United States v. Ingram*, 613 F. Supp. 2d 1069, 1079 (N.D. Iowa 2009), *aff'd*, 594 F.3d 972 (8th Cir. 2010) ("[O]ne of the reasons for this written ruling is to register respectful disagreement with the appellate court's remand."); *Scheinberg v. Smith*, 550 F. Supp. 1112, 1114 n.7 (S.D. Fla. 1982) ("[T]he Court would respectfully disagree with the appellate court's conclusion that the parties stipulated as to the legislature's intent . . . ."). Nor is this the first time a federal judge has weighed in on the appellate court's proper application of the clear error standard within the Eleventh Circuit. *See League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 81 F.4th 1328, 1335 (11th Cir. 2023) (Wilson, J., dissenting) ("Incredibly, the panel opinion rejected nearly all of the district court's factual findings."); *Otto v. City of*

*Boca Raton, Fla.*, 41 F.4th 1271, 1285 (11th Cir. 2022) (Jordan, J., dissenting) ("From my perspective, what the panel majority did here—ignoring and/or revising the district court's factual findings and failing to apply the clear error standard—is seemingly becoming habit in this circuit.").

A court's disagreement with a higher court's ruling does not compromise its integrity or render it incapable of applying the law in an evenhanded manner. To the contrary, the Remand Order makes clear that, notwithstanding the Eleventh Circuit's disagreement with its determination, this Court can and will apply the law to the facts consistent with the binding precedent and the law of the case. Most importantly, in the same order of which the Secretary now complains, the Court ruled *against* plaintiffs—including some of the same plaintiffs in the instant case—by dismissing their claims. That the Court also noted its disagreement with portions of the Eleventh Circuit's opinion is entirely within the ordinary bounds of federal judicial practice. *See United States v. Tenzer*, 4 F. Supp. 2d 306, 309 (S.D.N.Y. 1998), *aff'd*, 213 F.3d 34 (2d Cir. 2000) (citing 18 Moore's Fed. Prac. § 134.23[1][a], [2] (3d ed.1997)) ("If a district court disagrees with an appellate decision it should signal its disagreement but carry out the mandate.").

The Secretary's bizarre accusations that the Court's "impartiality might reasonably be questioned" and that it has some "personal knowledge of disputed evidentiary facts concerning the proceeding" that warrants recusal, Mot. at 2, 3, is

4

groundless. Indeed, all he can point to is the Eleventh Circuit's determination that "the record in" the other case—*League of Women Voters*—could not "support a finding of 'persistent and pernicious' discrimination." *Id*. That the Eleventh Circuit disagreed with the district court's review of the record in that case does not suggest that the Court's reiteration of those findings is based on extra-record evidence or personal prejudice.

This Court should deny the Secretary's motion on the merits. Doing so will make clear that this type of eleventh-hour gamesmanship will not be rewarded. *See, e.g.*, *United States v. O'Brien*, 18 F. Supp. 3d 25, 37 (D. Mass. 2014) (finding the "recusal motion[] could hardly have been more ill-timed" weeks before trial and recognizing that if granted, "defendants will inevitably reap the full reward of an untimely tactical maneuver"); *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 432 (4th Cir. 2011) (noting the "timing of" party's recusal "motion smacks of gamesmanship"); *cf. Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997) ("[W]e now hold that timeliness is a component of §455(b)."). Here, trial is scheduled to begin in just five weeks. And while the Secretary's motion purports to be grounded in the Court's February 8, 2024 Remand Order, all he points to is the Court's reiteration of its findings of fact made almost two years ago.

The Secretary's recusal motion is the latest in an emerging and concerning pattern. Attempts to trigger judicial recusal in high profile cases by Florida officials,

5

while "deeply troubling," are not a new phenomenon. Order on Disqualification, *Jones v. DeSantis*, Case No. 4:19-cv-300 (N.D. Fla., July 17, 2019), ECF No. 86. Granting the Secretary's motion on the tenuous grounds articulated would reward this bad behavior and lend credence to an ethically dubious strategy. The judge-shopping via recusal motion that "has become all too common in this district," Order on Disqualification, *Walt Disney Parks & Resorts v. DeSantis et al.*, Case No. 4:23-cv-163 (N.D. Fla., June 1, 2023), ECF No. 45, will only continue if credible courts bow to incredible accusations.

| | |
|---|---|
| Dated: February 26, 2024 | Respectfully submitted, |
| Abha Khanna* <br> Makeba Rutahindurwa* <br> **ELIAS LAW GROUP LLP** <br> 1700 Seventh Ave., Suite 2100 <br> Seattle, Washington 98101 <br> Telephone: (206) 656-0177 <br> akhanna@elias.law <br> mrutahindurwa@elias.law <br><br> Lalitha D. Madduri* <br> Melinda Johnson* <br> Renata O'Donnell* <br> **ELIAS LAW GROUP LLP** <br> 250 Massachusetts Ave NW, Suite 400 <br> Washington, D.C. 20001 <br> Telephone: (202) 968-4490 <br> lmadduri@elias.law <br> mjohnson@elias.law <br> rodonnell@elias.law <br><br> *Counsel for Plaintiffs* <br> *\* Admitted Pro Hac Vice* | /s/ *Frederick S. Wermuth* <br> Frederick S. Wermuth <br> Florida Bar No. 0184111 <br> **KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.** <br> P.O. Box 1631 <br> Orlando, FL 32802-1631 <br> Telephone: (407) 422-2472 <br> Facsimile: (407) 648-0161 <br> fwermuth@kbzwlaw.com |

6

*/s/ Brent Ferguson*
Brent Ferguson*
Danielle Lang*
Jonathan Diaz*
Ellen Boettcher*
Michael Ortega*
Christopher Lapinig*
Simone Leeper (FBN 1020511)
**Campaign Legal Center**
1101 14th Street NW, Ste. 400
Washington, DC 20005
Telephone: (202) 736-2200
bferguson@campaignlegal.org
dlang@campaignlegal.org
jdiaz@campaignlegal.org
eboettcher@campaignlegal.org
mortega@campaignlegal.org
sleeper@campaignlegal.org

Chad W. Dunn
Florida Bar No. 0119137
BRAZIL & DUNN
1200 Brickell Avenue
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund*

*/s/ Megan Keenan*
Julie A. Ebenstein (FBN 91033)
Adriel I. Cepeda Derieux*
Megan C. Keenan*
Dayton Campbell-Harris*
Sophia Lin Lakin*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jebenstein@aclu.org
acepedaderieux@aclu.org
mkeenan@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Roberto Cruz (FBN 18436)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 754-1935

7

rcruz@latinojustice.org

Delmarie Alicea (FBN 1024650)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
dalicea@latinojustice.org

Cesar Z. Ruiz*
Fulvia Vargas De-Leon†
Ghita Schwarz†
**LatinoJustice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
fvargasdeleon@latinojustice.org
gschwarz@latinojustice.org

Estee M. Konor*
**Dēmos**
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

John A. Freedman†
Jeremy Karpatkin†
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com
*Admitted Pro Hac Vice*
† *Motion for leave to appear*
*pro hac vice forthcoming*

*Counsel for Plaintiffs Hispanic Federation,*

*Poder Latinx, Verónica Herrera-Lucha,
Norka Martínez, and Elizabeth Pico*

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this motion contains 1,267 words, excluding the case style and certifications.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for Plaintiffs*