IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, et al.,<br><br>Defendants. | Case No. 4:23-cv-00215<br>Case No. 4:23-cv-00216<br>Case No. 4:23-cv-00218<br><br>Chief Judge Mark E. Walker |

**PLAINTIFFS' MOTION IN LIMINE TO BAR DEFENDANTS FROM CALLING WILLIAM "BILL" GLADSON, KATHERINE FERNANDEZ-RUNDLE, AND AMIRA FOX AS TRIAL WITNESSES**

Plaintiffs[1] respectfully file this motion (the "Motion") seeking an order preventing Defendants from calling designated "may call" State

---

[1] This motion is filed on behalf of NAACP Plaintiffs, Case No. 4:23-cv-215-MW/MAF, Hispanic Federation Plaintiffs, Case No. 4:23-cv-218-

Attorneys witnesses William "Bill" Gladson, Katherine Fernandez-Rundle, Amira Fox, or their designees (collectively, "State Attorneys") to testify at trial.[2] Defendants did not disclose these witnesses individually during discovery, nor have they disclosed the subject of their potential testimony. Moreover, Defendants have asserted privilege over the likely subject of potential testimony: ongoing criminal investigations and proceedings of matters referred by Defendants.

With only a short time until trial, any effort by Defendants to call the State Attorneys would inevitably prejudice Plaintiffs. This Court should bar the State Attorneys from testifying under FED. R. CIV. P. 37.

## BACKGROUND

Although Rule 26(a)(1) required Defendants to produce "the name[s] . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," FED. R. CIV. P. 26(a)(1),

---

MW-MAF, and League of Women Voters of Florida ("LWVFL") Plaintiffs, Case No. 4:23-cv-216-MW-MAF.

[2] Plaintiffs respectfully seek leave to file this motion untimely. The motion is filed now because it is made in response to receipt of the Secretary's proposed Rule 26(a)(3) witness list on February 23, 2024, the same date motions in limine were due to this Court.

Defendants made minimal disclosures, which have never been supplemented. *See* FED. R. CIV. P. 26(e).

The Secretary of State has made minimal disclosures during discovery. Under the Court's Initial Scheduling Order, 4:23-cv-000216, ECF 31,[3] initial disclosures were due on August 3, 2023. 26(f) Report, 4:23-cv-000216, ECF 53.[4] On that date, the Secretary served Rule 26(a)(1) initial disclosures and named only Andrew Darlington, Maria Matthews, Plaintiffs, and generic categorical disclosures of "all 67 Supervisors of Elections", and "all 20 State Attorneys and the Statewide Prosecutor." SoS Initial Disclosures, 4:23-cv-000215, ECF 124 at 1–2. The Secretary never supplemented these disclosures. In responses to Interrogatories, the Secretary did not name any other witnesses. Ex. 1, SoS responses to LWVFL 1st and 2nd ROGs.

The Attorney General made similarly minimal disclosures. On August 3, 2023, the Office of the Attorney General served its Rule 26(a)(1) initial disclosures but did not name anyone likely to have discoverable information. The Attorney General listed only those identified in other

---

[3] *See also* 4:23-cv-000218 ECF No. 44.

[4] *See also* 4:23-cv-000218 ECF No. 83.

3

parties' disclosures and those identified through discovery. AG Initial Disclosures, 4:23-cv-000215, ECF 125 at 1–2. The Attorney General has not supplemented these disclosures and did not identify the State Attorneys in interrogatory responses. Ex. 2, OAG responses to LWVFL 1st and 2nd ROGs.

During discovery, Defendants claimed privilege and refused to discuss criminal investigations involving voter registration applications or 3PVROs. In particular, Andrew Darlington, the Secretary's Rule 30(b)(6) representative, refused to comment on ongoing investigations and claimed lack of knowledge as to the investigations "in every State Attorney Office." Ex. 3, Darlington Dep. Tr. 36: 13–17, 179: 1–10, 182: 24–25, 184:1–2. The State Attorneys have not been deposed, provided no testimony, nor have they submitted declarations. Plaintiffs have no notice of the content of their testimony.

## ARGUMENT

Defendants should not be permitted to call the State Attorneys to testify at trial. When followed, Rule 26 "allow[s] for adequate case preparation and foreclose[s] unfair surprise." *SEC v. Montano*, 6:18-cv-1606, 2019 WL 2254946, *2 (M.D. Fla. Mar. 5, 2019). The Federal Rules

4

preclude parties from using undisclosed witnesses at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). Defendants disclosed the State Attorneys hours before close of business Friday, February 23, after summary judgment briefing, and with just over five weeks until trial. This untimely disclosure hinders Plaintiffs' ability to prepare. *See Rigby v. Phillip Morris USA, Inc.*, 717 Fed. Appx. 834, 835 (11th Cir. 2017) (unpublished) (affirming exclusion because "[a]lthough Plaintiffs supplemented their disclosure . . ., they did so only after the discovery period had ended and Defendants had filed their motion for summary judgment").

Defendants' catchall disclosure "all 20 State Attorneys" is unavailing. The Secretary identified nearly 100 people in a categorical fashion, and only one–Supervisor of Elections Mark Earley–was deposed. These broad categories in the Secretary's disclosures did not provide fair notice as to who Defendants would call at trial or the content of their testimony and are neither sufficient nor reasonable under Rule 26(a)(1). *State Farm v. Larocca*, 8:21-cv-2536, 2023 WL 6292455, *2 (M.D. Fla. Sept. 11, 2023) (collecting cases).

Further, Defendants should be prohibited from introducing testimony or evidence concerning ongoing criminal proceedings and investigations as they have asserted privilege over any information related to ongoing criminal proceedings. Having shielded evidence about such matters during discovery, they may not use it as a sword during trial. If permitted to testify, the State Attorneys should be barred from testifying about any ongoing criminal proceedings because Defendants refused to provide discovery about such matters during discovery. Having shielded these investigations from Plaintiffs, Defendants cannot simultaneously use them to build their case-in-chief. *Cf. Sprint v. Calabrese*, 18-60788, 2022 WL 4767092, *4 (S.D. Fla. Mar. 31, 2022) (granting motion in limine to exclude advice-of-counsel defense after Defendants asserted attorney-client privilege).

Excluding untimely evidence (including testimony from previously undisclosed witnesses) is the most appropriate sanction for failing to disclose evidence during discovery. Courts have broad discretion to exclude witnesses that litigants fail to timely disclose. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). And the Eleventh Circuit has long held exclusion to be the proper remedy when lack of

notice robs parties of the chance to depose "last-minute witness[es]" or "to develop other record evidence." *Baxter v. Roberts*, 54 F.4th 1241, 1255 (11th Cir. 2022) (citing *R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818–19 (11th Cir. 1999)).

Defendants' failure to timely disclose the State Attorneys that they seek to call harms Plaintiffs by denying them the opportunity to adequately prepare for trial. Plaintiffs are fully engaged in trial preparation and have already had to brief summary judgment and pre-trial motions before depositions were completed and before Defendants' document productions were complete. The eleventh-hour naming of additional witnesses further burdens Plaintiffs' preparation.

## CONCLUSION

This Court should bar Defendants from calling the State Attorney witnesses named after discovery closed. Defendants' untimely disclosure prevents Plaintiffs from developing the record and adequately preparing for trial. Testimony from the State Attorneys should be excluded outright under Rule 37. Moreover, Defendants should be barred from introducing evidence about ongoing criminal investigations or proceedings.

7

Dated: February 29, 2024          Respectfully submitted,

/s/ Michael Ortega

Chad W. Dunn  
Florida Bar No. 0119137  
1200 Brickell Avenue, Suite 1950  
Miami, FL 33131  
Telephone: (305) 783-2190  
Facsimile: (305) 783-2268  
chad@brazilanddunn.com  

Brent Ferguson (D.C. Bar No. 1782289)*  
Danielle Lang (D.C. Bar No. 1500218)*  
Jonathan Diaz (D.C. Bar No. 1613558)*  
Molly E. Danahy (D.C. Bar No. 1643411)*  
Christopher Lapinig (Cal. Bar No. 322141)*  
Ellen Boettcher (D.C. Bar No. 90005525)*  
Alexandra Copper (Cal. Bar No. 335528)*  
Michael Ortega (IL Bar No. 6339469)*  
Simone Leeper (D.C. Bar No. 1737977)*  
1101 14th Street NW, Ste. 400  
Washington, DC 20005  
(202) 736-2200  
bferguson@campaignlegal.org  
dlang@campaignlegal.org  
jdiaz@campaignlegal.org  
mdanahy@campaignlegal.org  
clapinig@campaignlegal.org  
eboettcher@campaignlegal.org  
acopper@campaignlegal.org  
mortega@campaignlegal.org  
sleeper@campaignlegal.org  

*Counsel for Consolidated Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund*

8

Abha Khanna*
Makeba Rutahindurwa*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

Frederick S. Wermuth Florida
Bar No. 0184111
**KING, BLACKWELL,
ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

*Counsel for Plaintiffs*
*\*Admitted Pro Hac Vice*

Roberto Cruz (FBN 18436)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 754-1935
rcruz@latinojustice.org

Delmarie Alicea (FBN 1024650)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
dalicea@latinojustice.org

Cesar Z. Ruiz*
Fulvia Vargas De-Leon†
Ghita Schwarz†
**LatinoJustice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
fvargasdeleon@latinojustice.org
gschwarz@latinojustice.org

Estee M. Konor*
**Dēmos**
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

John A. Freedman†
Jeremy Karpatkin†
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Julie A. Ebenstein (FBN 91033)
Adriel I. Cepeda Derieux*
Megan C. Keenan*
Dayton Campbell-Harris*
Sophia Lin Lakin*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jebenstein@aclu.org
acepedaderieux@aclu.org
mkeenan@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

10

(202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

*\* Admitted Pro Hac Vice*
*† Motion for leave to appear pro hac vice forthcoming*

*Counsel for Consolidated Plaintiffs Hispanic Federation, Poder Latinx, Verónica Herrera-Lucha, Norka Martínez, and Elizabeth Pico*

11

## LOCAL RULE 7.1(B) CERTIFICATION

Plaintiffs' counsel has conferred with counsel for the Defendants. The Secretary of State opposes this Motion. The Attorney General has not expressed a position on the Motion. The Supervisors of Elections for Miami-Dade, Broward, Leon, Clay, Martin, Osceola, Polk, and St. Lucie Counties take no position on the Motion. The Supervisors of Elections of Hernando County and Orange County do not oppose the Motion. To date, none of the other Supervisors of Elections have expressed a position on the Motion.

/s/ Michael Ortega
Michael Ortega

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this motion contains 1,100 words, excluding the case style, signature block, and certifications.

/s/ Michael Ortega
Michael Ortega

## CERTIFICATE OF SERVICE

I certify that on February 29, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

/s/ Michael Ortega
Michael Ortega