# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., et al.,

    *Plaintiffs*,

    v.                        Case No. 4:23-cv-216-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## SECRETARY BYRD'S RESPONSES AND OBJECTIONS
## TO THE LEAGUE OF WOMEN VOTERS PLAINTIFFS'
## <u>FIRST SET OF INTERROGATORIES</u>

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Secretary Byrd

responds to Plaintiffs' first set of interrogatories (the "Interrogatories").

## <u>PRELIMINARY STATEMENT</u>

1.    The Secretary objects to each Definition, Instruction, and Interrogatory

to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent

with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable

law, rule, or order.

2.    The Secretary objects to each Interrogatory that is cumulative and/or

duplicative of an interrogatory propounded by the NAACP Plaintiffs and/or the

Hispanic Federation Plaintiffs in this consolidated case.

3.    The Secretary expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Interrogatories, and to assert additional objections or privileges, in one or more supplemental response(s).

4.    The Secretary's investigation and development relating to this action is ongoing. These responses and objections are made without prejudice to, and without waiver of, the Secretary's right to rely on other facts or documents at trial.

5.    By responding to the Interrogatories, the Secretary does not admit or concede that any fact, event, characterization, or legal conclusion contained within the Interrogatories is accurate or correct, and the Secretary reserves the right to contest all facts, event, characterizations, and legal conclusions.

## DEFINITIONS AND INSTRUCTIONS

1.    The Secretary objects to the Definitions of "You," "Your," and "Defendant" to the extent they include "any of Defendant's past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Defendant or subject to Defendant's control" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and to the extent they seek information protected under any other privilege, protection, or immunity.

2.      The Secretary objects to the Definition of "Document" to the extent it includes "in the broadest possible sense" and "without limitation" as they are overbroad and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to this Definition to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

3.      The Secretary objects to the Definitions of "Electronically Stored Information" and "ESI" to the extent they include "but not be limited to" and "but is not limited to" as they are overbroad and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

4.      The Secretary objects to the Definition of "Communication" to the extent it includes "in the broadest sense and means every conceivable manger or means of" as it is overbroad and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to this Definition to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

5.      The Secretary objects to the Definitions of "Concerning," "Reflecting," "Regarding," "Pertaining to," and "Relating to" to the extent they include "in the

3

broadest possible sense and mean, in whole or in part, addressing, affecting, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, referring to, reporting, stating, or summarizing" as it is vague, ambiguous, overbroad, and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

6.      The Secretary objects to the Definition of "Person" to the extent it includes "firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other unites thereof or any combination thereof" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to the extent he does not possess sufficient information to determine the relevant universe of custodians under this Definition as applied to any of the Interrogatories.

7.      The Secretary objects to Instruction 2 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

8.     The Secretary objects to Instruction 3 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

9.     The Secretary objects to Instruction 4 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order. The Secretary further objects to this Instruction to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and to the extent it seeks information protected under any other privilege, protection, or immunity.

10.     The Secretary objects to Instruction 6 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

11.     The Secretary objects to Instruction 7 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

12.     The Secretary objects to Instruction 8 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

13.     The Secretary objects to Instruction 10 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

14.     The Secretary objects to Instruction 14 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

15.     The Secretary objects to Instruction 15 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

16.     The Secretary objects to Instruction 16 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

17.     The Secretary objects to Instruction 17 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

## **RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:** Describe any processes and procedures You intend to use in carrying out Your responsibilities as they relate to the enforcement and implementation of the Receipt Requirement and Re-Registration Requirement, including each action you intend to take or anticipate taking to enforce and implement the same, including but not limited to whether and how you intend to or anticipate issuing guidance to or exercising oversight over Supervisors of Elections or the Office of Election Crimes and Security in connection with the same. In your response, identify

any witnesses who have or are likely to have knowledge or information related to Your enforcement and implementation of the Receipt Requirement and Re-Registration Requirement.

**ANSWER:** The Secretary objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and to the extent it seeks information protected under any other privilege, protection, or immunity. The processes and procedures by which the Secretary will carry out his responsibilities regarding the enforcement and implementation of the Receipt Requirement and Re-Registration Requirement are evolving, and the Secretary has sought both internal and external legal advice to inform his understanding of those provisions and how they may be implemented and enforced.

The Secretary further objects to this Interrogatory to the extent in includes "intend to use" as it is vague, ambiguous, overbroad, and to the extent it renders responding to the Interrogatory unduly burdensome. Discussions on how to best implement and enforce the Receipt Requirement and Re-Registration Requirement, among the other Challenged Provisions, are ongoing and change in response to feedback and additional information. The Secretary notes that the Department of State

has initiated rulemaking to, among other things, implement each of the Challenged Provisions. *See* Fla. Admin. Code R. 1S-2.042; Fla. Admin. Reg. § 1, Vol. 49, No. 122[1].

Consistent with Florida law, the Secretary will take appropriate steps to implement and enforce the Challenged Provisions. At this juncture, those steps include ensuring that the Office of Election Crimes and Security continues, as appropriate, to: (a) receive and review complaints generated by concerned citizens, government officials, or other Florida agency partners regarding alleged occurrences of election law violations by 3PVROs or their agents; (b) initiate independent inquiries and conduct preliminary investigations into allegations of election law violations by 3PVROs; (c) assess fines for election law violations by 3PVROs; and (d) refer complaints regarding 3PVROs to other agencies for further criminal investigation or prosecution. The Secretary notes that the Department must formalize the Receipt Requirement by "adopt[ing] by rule a uniform format for the receipt . . . by October 1, 2023," § 97.0575(4), Fla. Stat., and that the Re-Registration Requirement is effective "[b]eginning November 6, 2024," § 97.0575(1)(d), Fla. Stat.

The Secretary objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests any—i.e., any and all—witnesses who have or are likely to have knowledge or information related to this Interrogatory. Also, as discussed above, the Secretary notes that the Department of State has initiated rulemaking for

---

[1] *Available at* https://www.flrules.org/gateway/ruleno.asp?id=1S-2.042.

implementation of the Challenged Provisions. Thus, investigation and development of additional facts is ongoing. At this time, the Secretary identifies Maria Matthews, Director of the Division of Elections, and Andrew Darlington, Director of the Office of Election Crimes and Security, as persons with direct knowledge or information regarding the processes and procedures as they relate to the implementation and enforcement of the Receipt Requirement and Re-Registration Requirement.

**INTERROGATORY NO. 2:** Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Receipt Requirement, including but not limited to the requirement that each receipt include the name of the person providing the receipt. In providing Your response, state all facts that You contend demonstrate a connection between the Requirement and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

 **ANSWER:** Under the Receipt Requirement, a 3PVRO that collects voter registration applications must provide a receipt (which the Division of Elections is statutorily required to adopt a uniform format for, by rule, by October 1, 2023) to an applicant upon accepting possession of his or her application. § 97.0575(4), Fla. Stat. The receipt must include, at minimum, "the name of the applicant, the date the application is received, the name of the [3PVRO], the name of the registration agent, the applicant's political party affiliation, and the County in which the applicant resides."

9

*Id.* The State has compelling interests in safeguarding election integrity, preventing voter fraud, ensuring voter registration applications are timely processed, and promoting confidence in the election system.

The Receipt Requirement ensures that, if the 3PVRO fails to perform its fiduciary duties of collecting or submitting applications, then the applicant has the means to contact the 3PVRO about any issues. It also provides applicants with the information necessary to report 3PVROs for potential violations of Florida's election laws, which will also enable election officials to identify issues with specific 3PVRO volunteers. Since 3PVROs are fiduciaries to their applicants, the applicants should know exactly to whom they are entrusting their applications. As the State has demonstrated, 3PVROs have failed to timely submit applications. The Receipt Requirement thus promotes 3PVRO accountability and facilitates the proper administration of the third-party voter registration process.

The Secretary objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests any—i.e., any and all—witnesses who have or are likely to have knowledge or information related to this Interrogatory. The Secretary identifies Director Matthews and Director Darlington as the people with the most direct knowledge or information regarding the State's interest in the Receipt Requirement. Specifically, the Secretary identifies the affidavit of Director Darlington and the attachments thereto in support of the State's interests in the Receipt Requirement.

Investigation and development of additional facts supporting the State's interest in the Receipt Requirement is ongoing.

**INTERROGATORY NO. 3:** Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Re-Registration Requirement. In providing Your response, (a) describe specifically why the registration requirement codified in Florida law before the passage of SB 7050 was inadequate to serve the state interest(s); and (b) state all facts that You contend demonstrate a connection between the Requirement and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

 **ANSWER:** Under the Re-Registration Requirement, "[b]eginning November 6, 2024" a 3PVRO registration must specify "the specific general election cycle for which the 3PVRO is registering persons to vote." §97.0575(1)(d), Fla. Stat. Additionally, "[b]eginning November 6, 2024" a 3PVRO registration "automatically expires at the conclusion of the specific general election cycle for which the [3PVRO] is registered." §97.0575(2), Fla. Stat.[2] The State has compelling interests in safeguarding election

---

[2] The Re-Registration Requirement increases the frequency with which a 3PVRO must update its 3PVRO Registration to once per general election cycle. In Florida, general elections occur every two years. Art. VI, § 5(A), Fla. Const.; § 97.021(17), Fla. Stat. Florida law already required a 3PVRO registration to include, among other things, the "names" and "address" of "each registration agent"—excluding those persons who only solicit applications and do not collect or handle voter registration applications—"registering persons to vote in this State on behalf of the [3PVRO]." § 97.0575(c), Fla. Stat. (2022).

integrity, preventing voter fraud, ensuring voter registration applications are timely processed, and promoting confidence in the election system.

The Re-Registration Requirement ensures, among other things, that 3PVROs regularly are updating their lists of volunteers who collect or handle voter registration applications, which is on file with the Department. This will assist the Department in identifying issues with specific 3PVRO volunteers, including when applicants report potential violations of Florida's election laws by 3PVROs. Additionally, it will prompt 3PVROs with additional opportunities to review their lists of volunteers, to determine which volunteers should be added to or deleted from the lists, and to periodically confirm that they (and their volunteers) are in compliance with all legal requirements of Section 97.0575. Also, it will provide the Department with an additional opportunity to review 3PVROs periodically to assess compliance with the requirements of Section 97.0575 and to record which 3PVROs are active and inactive.

The Secretary objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests any—i.e., any and all—witnesses who have or are likely to have knowledge or information related to this Interrogatory. The Secretary identifies Director Matthews and Director Darlington as the people with the most direct knowledge or information regarding the State's interest in the Re-Registration Requirement. Specifically, the Secretary identifies the affidavit of Director Darlington and the attachments thereto in support of the State's interests in the Re-Registration

Requirement. Investigation and development of additional facts supporting the State's interest in the Re-Registration Requirement is ongoing.

**INTERROGATORY NO. 4:** Identify and describe each instance in which a person has requested information from Your office about the identity of a person who assisted that person with a voter registration application. For any such request, identify and provide: (a) the voter's identity; (b) the Voter ID number of the person making the request; (c) whether Your office responded to the request or conducted an investigation in response; (d) whether the 3PVRO was notified; and (e) any witnesses likely to have knowledge or information related to any of the above.

**ANSWER:** The Secretary objects to this Interrogatory to the extent it contains multiple, separate interrogatories. Pursuant to Federal Rule of Civil Procedure 33(d), after a reasonable search and inquiry, the Secretary will produce all non-privileged documents in its possession, custody, or control that identify instances in which a person has requested information from the Department of State about the identity of a person who assisted that person with a voter registration application.

**INTERROGATORY NO. 5:** Explain whether your definition of "collecting or handling voter registration applications" includes holding a tablet, laptop, or other electronic device while assisting an applicant with completing an electronic voter registration application.

13

**ANSWER**: The 3PVRO Canvasser Restriction is currently undergoing rulemaking. A Notice of Rule Development regarding the Rules governing 3PVROs was published on June 23, 2023, and a workshop took place on July 10, 2023. *See* Fla. Admin. Code R. 1S-2.042; Fla. Admin. Reg. § 1, Vol. 49, No. 122[3]. A Notice of Proposed Rule was published on July 31, 2023, and a Rule Hearing was held on August 22, 2023. *See* Fla. Admin. Code R. 1S-2.042; Fla. Admin. Reg. § 1, Vol. 49, No. 147[4]. Under Florida law, stakeholders and members of the public provided—and continue to provide—comments to the Division about the proposed rules, including any proposed changes thereto. *See generally* § 120.54, Fla. Stat. The proposed rule elucidates the meaning of the phrase "collecting or handling" as used in the 3PVRO Canvasser Restriction, but it is not effective until finalized. The Secretary's definition of the terms "collecting" and "handling" therefore will be synonymous with how those terms are defined and used in the final rules.

**INTERROGATORY NO. 6:** Identify each Person, other than a natural person intended to be called as an expert witness at trial, that You have reason to believe may have communications, documents, or other information relevant to Plaintiffs' claims as set forth in Plaintiffs' Complaint (ECF No .1). If You have reason to believe that a

---

[3] *Available at* http://www.FLRules.org/gateway/View_Notice.asp?id=27257308.
[4] *Available at* http://www.FLRules.org/gateway/View_Notice.asp?id=27227432; http://www.FLRules.org/gateway/View_Notice.asp?id=27388258.

particular Person has documents specifically responsive to any of the requests for production set forth in Plaintiffs' First Set of Requests for Production to You, identify the relevant number or numbers of each request for production when You identify that Person.

**ANSWER:** The Secretary objects to this Interrogatory to the extent it seeks "each Person" as it is overbroad and unduly burdensome to identify each person who may have communications, documents, or other information relevant to Plaintiffs' claims as set forth in Plaintiff's Complaint or responsive to Plaintiffs' First Set of Requests for Production. Pursuant to Federal Rule of Civil Procedure 33(d), after a reasonable search and inquiry, the Secretary will produce all non-privileged, responsive documents in its possession, custody, or control.

**INTERROGATORY NO. 7:** Identify all Persons who were consulted for the information upon which Your answers to these interrogatories are based.

**ANSWER:** Director Matthews and Director Darlington.

## **Verification**

Pursuant to 28 U.S.C. § 1746, I, Andrew Darlington of the Department of State, declare under penalty of perjury that the foregoing answers to the first set of interrogatories are true and correct.

Executed on September 8, 2023

 /s/ *Andrew Darlington*
Andrew Darlington

Dated: September 8, 2023

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

As to objections,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FBN 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, the forgoing document was served via email on the following counsel:

Chad W. Dunn
Florida Bar No. 0119137
1200 Brickell Avenue,
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

Danielle Lang (D.C. Bar No. 1500218)*
Brent Ferguson (D.C. Bar No. 1782289)*
Jonathan Diaz (D.C. Bar No. 1613558)*
Ellen Boettcher (D.C. Bar No. 90005525)*
Simone Leeper (D.C. Bar No. 1737977)*
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
*Admitted pro hac vice

Counsel for Plaintiffs League of Women Voters
of Florida, Inc. and League of Women Voters
of Florida Education Fund


 /s/ Mohammad O. Jazil
Mohammad O. Jazil

18

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., et al.,

     *Plaintiffs*,

     v.                         Case No. 4:23-cv-216-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

     *Defendants*.

_____/

## SECRETARY BYRD'S RESPONSES AND OBJECTIONS TO THE LEAGUE OF WOMEN VOTERS PLAINTIFFS' SECOND SET OF INTERROGATORIES

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Secretary Byrd responds to Plaintiffs' first set of interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

1.    The Secretary objects to each Definition, Instruction, and Interrogatory to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

2.    The Secretary objects to each Interrogatory that is cumulative and/or duplicative of an interrogatory propounded by the NAACP Plaintiffs and/or the Hispanic Federation Plaintiffs in this consolidated case.

1

3.    The Secretary expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Interrogatories, and to assert additional objections or privileges, in one or more supplemental response(s).

4.    The Secretary's investigation and development relating to this action is ongoing. These responses and objections are made without prejudice to, and without waiver of, the Secretary's right to rely on other facts or documents at trial.

5.    By responding to the Interrogatories, the Secretary does not admit or concede that any fact, event, characterization, or legal conclusion contained within the Interrogatories is accurate or correct, and the Secretary reserves the right to contest all facts, event, characterizations, and legal conclusions.

## DEFINITIONS AND INSTRUCTIONS

1.    The Secretary objects to the Definitions of "You," "Your," and "Defendant" to the extent they include "any of Defendant's past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Defendant or subject to Defendant's control" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and to the extent they seek information protected under any other privilege, protection, or immunity.

2

2.     The Secretary objects to the Definition of "Document" to the extent it includes "in the broadest possible sense" and "without limitation" as they are overbroad and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to this Definition to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

3.     The Secretary objects to the Definitions of "Electronically Stored Information" and "ESI" to the extent they include "but not be limited to" and "but is not limited to" as they are overbroad and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

4.     The Secretary objects to the Definition of "Communication" to the extent it includes "in the broadest sense and means every conceivable manger or means of" as it is overbroad and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to this Definition to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

5.     The Secretary objects to the Definitions of "Concerning," "Reflecting," "Regarding," "Pertaining to," and "Relating to" to the extent they include "in the

3

broadest possible sense and mean, in whole or in part, addressing, affecting, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, referring to, reporting, stating, or summarizing" as it is vague, ambiguous, overbroad, and to the extent they render responding to an Interrogatory unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

6.     The Secretary objects to the Definition of "Person" to the extent it includes "firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other unites thereof or any combination thereof" as it is vague, ambiguous, overbroad, and to the extent it renders responding to an Interrogatory unduly burdensome. The Secretary further objects to the extent he does not possess sufficient information to determine the relevant universe of custodians under this Definition as applied to any of the Interrogatories.

7.     The Secretary objects to Instruction 2 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

8.    The Secretary objects to Instruction 3 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

9.    The Secretary objects to Instruction 4 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order. The Secretary further objects to this Instruction to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and to the extent it seeks information protected under any other privilege, protection, or immunity.

10.    The Secretary objects to Instruction 6 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

11.    The Secretary objects to Instruction 7 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

12.    The Secretary objects to Instruction 8 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

13.    The Secretary objects to Instruction 10 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

14.     The Secretary objects to Instruction 14 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

15.     The Secretary objects to Instruction 15 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

16.     The Secretary objects to Instruction 16 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

17.     The Secretary objects to Instruction 17 to the extent it seeks to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

## **RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:** Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Felony Volunteer Restriction's prohibition on individuals with certain felony convictions from collecting or handling voter registration materials. In providing Your response, state all facts that You contend demonstrate a connection between the limitation and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**ANSWER:** Under the Felony Volunteer Restriction, a 3PVRO must affirm that each person collecting or handling voter registration applications on behalf of the 3PVRO has not been convicted of a felony violation of the Florida Election Code or of a felony violation of an offense specified in section 98.0751(2)(c) (murder), section 98.0751(2)(b) (sexual offenses), section 825.103 (exploitation of an elderly person or disabled adult), chapter 817 (fraudulent practices), chapter 831 (forgery and counterfeiting), and chapter 837 (perjury). § 97.0575(1)(e), Fla. Stat. 3PVROs that violate the Felony Volunteer Restriction are liable for a $50,000 fine for each felon who collects or handles voter registration applications on behalf of the 3PVRO. *Id.* The State has compelling interests in safeguarding election integrity, preventing voter fraud, ensuring voter registration applications are timely processed, and promoting confidence in the election system.

An individual who collects and handles a completed voter-registration application acts as a fiduciary for the applicant. § 97.0575(3)(a), Fla. Stat. It is a position of trust, and the Florida Legislature has determined such a position of trust should only be occupied by those who have not committed Election-Code, serious, or trust-related felonies. *See* § 97.0575(1)(e), Fla. Stat. Keeping those classes of convicted felons from collecting or handling completed voter-registration applications furthers the aforementioned State interests.

The Secretary objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests any—i.e., any and all—witnesses who have or are likely to have

7

knowledge or information related to this Interrogatory. At this time, the Secretary identifies Maria Matthews, Director of the Division of Elections, and Andrew Darlington, Director of the Office of Election Crimes and Security, as the people with the most direct knowledge or information regarding the State's interest in the Felony Volunteer Restriction. Specifically, the Secretary identifies the affidavit of Director Darlington and the attachments thereto in support of the State's interests in the Felony Volunteer Restriction. Investigation and development of additional facts supporting the State's interest in the Felony Volunteer Restriction is ongoing.

**INTERROGATORY NO. 2:** Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to voter registration in Florida by individuals with a felony conviction enumerated in Fla. Stat. 97.0575(1)(e) of which you are aware. Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, or otherwise evaluating or making decisions related to each of these incidents.

      **ANSWER:** The Secretary objects to this Interrogatory to the extent it includes "all incidents of alleged, suspected, or confirmed unlawful conduct relating to" as it is vague, ambiguous, overbroad, and to the extent it renders responding to the Interrogatory unduly burdensome. Pursuant to Federal Rule of Civil Procedure 33(d), after a reasonable search and inquiry, the Secretary will produce all non-privileged

8

documents in its possession, custody, or control that are responsive to this Interrogatory.

**INTERROGATORY NO. 3:** Describe all processes and procedures You intend to use in carrying out Your responsibilities as they related to the enforcement and implementation of each of the Felony Volunteer Restriction, including each action you intend to take or anticipate taking to enforce and implement the same, including but not limited to whether and how you intend to issue guidance to or oversee Supervisors of Elections or the Office of Election Crimes and Security in connection with the same. In your response, identify any witnesses who have or are likely to have knowledge or information related to Your enforcement and implementation of the Felony Volunteer Restriction.

       **ANSWER:** The Secretary objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and to the extent it seeks information protected under any other privilege, protection, or immunity. The processes and procedures by which the Secretary will carry out his responsibilities regarding enforcement and implementation of the Felony Volunteer Restriction are evolving, and the Secretary has sought both internal and external legal advice to inform his understanding of the Felony Volunteer Restriction and how it may be implemented and enforced.

The Secretary further objects to this Interrogatory to the extent it includes "intend to use" as it is vague, ambiguous, overbroad, and to the extent it renders responding to the Interrogatory unduly burdensome. Discussions on how to best implement and enforce the Felony Volunteer Restriction are ongoing and change in response to feedback and additional information. The Secretary notes that the Department of State has completed rulemaking to, among other things, implement the Felony Volunteer Restriction. *See* Fla. Admin. Code R. 1S-2.042.

Consistent with Florida law, the Secretary will take appropriate steps to implement and enforce the Challenged Provisions. At this juncture, those steps include ensuring that the Office of Election Crimes and Security continues, as appropriate, to: (a) receive and review complaints generated by concerned citizens, government officials, or other Florida agency partners regarding alleged occurrences of election law violations by 3PVROs or their agents; (b) initiate independent inquiries and conduct preliminary investigations into allegations of election law violations by 3PVROs; (c) assess fines for election law violations by 3PVROs; and (d) refer complaints regarding 3PVROs to other agencies for further criminal investigation or prosecution.

The Secretary objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests any—i.e., any and all—witnesses who have or are likely to have knowledge or information related to this Interrogatory. At this time, the Secretary identifies Director Matthews and Director Darlington as persons with direct knowledge

or information regarding the processes and procedures as they relate to the implementation and enforcement of the Felony Volunteer Restriction.

## **Verification**

Pursuant to 28 U.S.C. § 1746, I, Andrew Darlington of the Department of State, declare under penalty of perjury that the foregoing answers to the first set of interrogatories are true and correct.

Executed on October 20, 2023


_/s/ *Andrew Darlington*_
Andrew Darlington

Dated: October 20, 2023

Bradley R. McVay (FBN 79034)
   Deputy Secretary of State
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
   General Counsel
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
   Deputy General Counsel
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
Telephone: (850) 245-6536

As to objections,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Joshua E. Pratt (FBN 119347)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
Telephone: (850) 270-5938
mjazil@holtzmanvogel.com
jpratt@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

* Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, the forgoing document was served via email on the following counsel:

Chad W. Dunn
Florida Bar No. 0119137
1200 Brickell Avenue,
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

Danielle Lang (D.C. Bar No. 1500218)*
Brent Ferguson (D.C. Bar No. 1782289)*
Jonathan Diaz (D.C. Bar No. 1613558)*
Ellen Boettcher (D.C. Bar No. 90005525)*
Simone Leeper (D.C. Bar No. 1737977)*
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
*Admitted pro hac vice

*Counsel for Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund*

 /s/ Mohammad O. Jazil
Mohammad O. Jazil