# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC. et al.,

Plaintiffs,

v.                                                        Case No. 4:23-cv-216-MW-MAF

ASHLEY MOODY, et al.,

Defendants.
_____/

## THE ATTORNEY GENERAL'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Ashley Moody, Florida Attorney General, serves the following responses to Plaintiffs' First Set of Interrogatories to the Attorney General. The Attorney General's responses are based on currently available information, and she reserves the right to amend or supplement her responses and to assert additional objections or privileges in amended or supplemental responses.

The Attorney General objects to each definition, instruction, and interrogatory to the extent it purports to impose any requirement or obligation greater than or different from those under the Federal Rules of Civil Procedure. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not

proportional to the needs of this case. The Attorney General objects to each definition, instruction, and interrogatory to the extent that it imposes a burden or expense that outweighs the benefit of the sought-after information. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information which would be protected by attorney-client privilege, the work product doctrine, joint defense privilege, and/or common interest privilege.  For instances in which the Declarant does not have personal knowledge about the subject matter of an interrogatory, the Declarant has made reasonable inquiries to gather the information found in these responses.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Receipt Requirement, including but not limited to the requirement that each receipt include the name of the person providing the receipt. In providing Your response, state all facts that You contend demonstrate a connection between the prohibition and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**RESPONSE:**  SB 7050 was not a priority legislation for the Office of the Attorney General, ("OAG"), and to date Defendant is not aware of any analysis

performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the Receipt Requirement is ongoing.

**INTERROGATORY  NO. 2:**

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Re-Registration Requirement. In providing Your response, (a) describe specifically why the registration requirement codified in Florida law before the passage of SB 7050 was inadequate to serve the state interest(s); and (b) state all facts that You contend demonstrate a connection between the Requirement and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

**RESPONSE:** SB 7050 was not a priority legislation for the Office of the Attorney General and to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the Re-Registration Requirement is currently ongoing.

**INTERROGATORY NO. 3:**

Identify and describe, to the best of your knowledge, each instance in which a person has requested information from Your office or a Florida state or local government office about the identity of an individual who assisted that person with a voter registration application. For any such request, identify and provide: (a) the voter's identity; (b) the Voter ID number of the person making the request; (c) whether Your office responded to the request or conducted an investigation in response; (d) whether the 3PVRO was notified; and whether Your office responded to the request or conducted an investigation in response; (e) any witnesses likely to have knowledge or information related to any of the above.

**RESPONSE:** The Attorney General objects to this interrogatory as being overly broad, unduly burdensome, and not proportional to the needs of this case as it would require review, analysis, and summarization of every information request, report or referral received regarding all persons who may have assisted others with voter registration applications; as worded, the interrogatory does not appear to be limited to 3PVROs. The interrogatory also appears to seek details about information requests directed to an overly broad and vague category of entities which are outside the purview of the OAG and about whose day-to-day dialogue with individual members of the public the OAG would not routinely have access to or knowledge of ("any Florida state or local government office"). Information on reports and referrals to the OAG may be gleaned by review of the January 2023 report published by the Secretary of State, Office of Election Crimes and Security, found on the Secretary of State's website. Defendant is not currently aware of an instance in which a person has requested information from OAG about the identity of an individual who assisted that person with a voter

registration application. The OAG continues its investigation of this case and may supplement this response.  To the extent the OAG finds discoverable records of incidents described in the interrogatory, the OAG may produce documents in lieu of a narrative response.

## INTERROGATORY  NO. 4:

Explain whether your definition of "collecting or handling voter registration applications" includes holding a tablet, laptop, or other electronic device while assisting an applicant with completing an electronic voter registration application.

**RESPONSE:** The interrogatory appears to quote the text of s. 97.0575(1)(e), Fla. Stat. (2023).  The OAG follows the rules of statutory construction established in judicial precedent. As such, where terms are not specifically defined in statute, the OAG generally relies on the plain meaning of the terms at issue.

## INTERROGATORY  NO. 5:

Identify each Person, other than a natural person intended to be called as an expert witness at trial, that You have reason to believe may have communications, documents, or other information relevant to Plaintiffs' claims as set forth in the Amended Complaint. If You have reason to believe that a particular Person has documents specifically responsive to any of the requests for production set forth in Plaintiff's First Set of Requests for Production to You, identify the relevant number or numbers of each request for production when you

identify that person.

**RESPONSE:**   The Florida Legislature, Secretary of State, and the individual Supervisors of Elections may have communications, documents, or other information relevant to this litigation. The Florida Legislature may have documents responsive to Plaintiffs' Request for Production No. 6. The Secretary of State and Supervisors of Elections may have documents responsive to Plaintiffs' Requests for Production Nos. 1-4, and 6.  The Attorney General's investigation of the Plaintiffs' claims is ongoing.


## INTERROGATORY NO. 6:

Identify all Persons who were consulted for the information upon which your answers to these interrogatories are based.

**RESPONSE:**  John Bajger

*League of Women Voters, et al. v. Moody, et al.*
N.D. Fla. Case No. 4:23-cv-00216
Attorney General's Responses to Plaintiff's First Set of Interrogatories

## DECLARATION

Pursuant to Title 28 U.S.C. §1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge. Executed on September

 7th , 2023.

*/s/*_____ for_____

Nick Cox
Statewide Prosecutor
Florida Office of the Attorney General

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse
Special Counsel
Fla. Bar No. 0068713
stephanie.morse@myfloridalegal.com
Noah Sjostrom
Assistant Attorney General
Fla. Bar No. 1039142
noah.sjostrom@myfloridalegal.com
Office of the Attorney General
Complex Litigation Bureau
PL – 01, The Capitol
Tallahassee, FL 32399-1050
Telephone:      (850) 414-3300
Telefacsimile:  (850) 488-4872
**Attorneys for Ashley Moody**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2023, a true and correct copy of this document was served on counsel of record.

*/s/ Stephanie A. Morse*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC. et al.,

Plaintiffs,

v.                                                         Case No. 4:23-cv-216-MW-MAF

ASHLEY MOODY, et al.,

Defendants.
_____/

## THE ATTORNEY GENERAL'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Ashley Moody, Florida Attorney General, serves the following responses to Plaintiffs' Second Set of Interrogatories to the Attorney General. The Attorney General's responses are based on currently available information, and she reserves the right to amend or supplement her responses and to assert additional objections or privileges in amended or supplemental responses.

The Attorney General objects to each definition, instruction, and interrogatory to the extent it purports to impose any requirement or obligation greater than or different from those under the Federal Rules of Civil Procedure. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Defendant Attorney General's Response to Second Set of Interrogatories

proportional to the needs of this case. The Attorney General objects to each definition, instruction, and interrogatory to the extent that it imposes a burden or expense that outweighs the benefit of the sought-after information. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information which would be protected by attorney-client privilege, the work product doctrine, joint defense privilege, and/or common interest privilege. For instances in which the Declarant does not have personal knowledge about the subject matter of an interrogatory, the Declarant has made reasonable inquiries to gather the information found in these responses.

## OBJECTIONS AND ANSWERS TO SECOND INTERROGATORIES

## INTERROGATORY NO. 1:

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Felony Volunteer Restriction's prohibition on individuals with certain felony convictions collecting or handling voter registration materials. In providing Your response, state all facts that You contend demonstrate a connection between the limitation and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

2

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Defendant Attorney General's Response to Second Set of Interrogatories

**RESPONSE:** SB 7050 was not a priority legislation for the Office of the Attorney General, ("OAG"), and to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State's interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the Felony Volunteer Restriction is ongoing.


**INTERROGATORY  NO. 2:**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful

conduct relating to voter registration in Florida by individuals with a felony

conviction enumerated in Fla. Stat. 97.0575(1)(e) that were reported to or by,

referred to or by, investigated by, or otherwise handled by You. Describe the

outcome of each incident, including any prosecution, verdict, sentences, fines,

and appeals, and identify the people in your office involved in reviewing,

investigating, prosecuting, or otherwise evaluating or making decisions

related to each of these incidents.

**RESPONSE:** The Attorney General objects to the extent the interrogatory requests information which is confidential or exempt from disclosure pursuant to any statute, rule, or regulation. Active criminal intelligence information and active criminal investigation information are exempt from disclosure pursuant to §§ 119.071(2), 119.011(3)(d), Fla. Stat. The Attorney General further objects to the extent the interrogatory seeks information which is protected from disclosure by the work product doctrine. The Attorney General

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Defendant Attorney General's Response to Second Set of Interrogatories

objects to the disclosure of information which may compromise a pending investigation, prosecution, or litigation. The Attorney General may produce documents in lieu of a narrative response. Please see the information listed below.

Closed Cases

1.   Luis Villaran, Palm Beach County Case No 2022CF006573A, Guilty Plea: Adjudication, 6 months probation; Statewide Prosecutor: Jonathan Bridges

2.   Anthony Fonseca, Palm Beach County Case No 2023CF003433AX, Guilty Plea: Adjudication, 12 months probation; Statewide Prosecutor: Jonathan Bridges

3.   Romona Brown Oliver, Hillsborough County Case No 22CF-011034, Guilty Plea: Adjudication, Time served; Statewide Prosecutor: Nathaniel Bahill

4.   Michael Anderson, Hillsborough County Case No 22CF-011039, Gulty Plea: Adjudication, 6 months probation; Statewide Prosecutor: Nathaniel Bahill

5.   Hubert Jack, Hillsborough County Case No 22CF-011040, Guilty Plea: Adjudication, 6 months probation; Statewide Prosecutor: Nathaniel Bahill

6.   Nathaniel Hart, Hillsborough County Case No 22CF-011041, Jury Trial: NG on Count 1, GAC on Count 2; 24 months probation with 100 community service hours; Statewide Prosecutor: Nathaniel Bahill

7.   Byron Smith, Hillsborough County Case No 22CF-011042, Pled Guilty: Adjudication, 6 months probation; Statewide Prosecutor: Nathaniel Bahill

8.   Travis L. Wallace, Miami-Dade  County Case No. F-22-020181, Nolle Prosse; 3PVRO issues involved; Statewide Prosecutor: Panagiota Papakos

9.   Tony Patterson, Hillsborough County, 22-CF-11036, State dismissed charges; Statewide Prosecutor: Nathaniel Bahill

Pending Cases and Investigations:  In addition to the cases filed in the Circuit Courts listed below, the OAG's Office of Statewide Prosecution is currently handling 29 investigations which involve allegations related to unlawful voting and voter registration concerning individuals with felony convictions. Filed cases are listed below.

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Defendant Attorney General's Response to Second Set of Interrogatories

| | County | Case Number and Defendant |
|---|---|---|
| 1. | Orange | 2022-CF-009611-A-O<br>Peter Washington, Jr.<br>Dismissed. On appeal. |
| 2. | Orange | 2022-CF-009608-A-O<br>Michelle Stribling |
| 3. | Orange | 2022-CF-009607-A-O<br>Jerry Foster |
| 4. | Brevard | 2023-CF-027301<br>Lantz Cameron |
| 5. | Broward | 22-008077-CF10A<br>Terry L. Hubbard<br>Dismissed. On appeal. |
| 6 | Miami-Dade | F-22-015012<br>Ronald L. Miller<br>Dismissed. On appeal. |
| 7. | Brevard | 2023-CF-029407<br>Louis Palmieri |
| 8. | Miami-Dade | F-22-15009<br>Robert L. Wood<br>On appeal |
| 9. | Hillsborough | 22-CF-011031<br>Douglas G. Oliver |
| 10. | Broward | 22-008078-CF10A<br>Ronald L. Steel |
| 11. | Broward | 22-8118-CF10A<br>Nathaniel Singleton |

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Defendant Attorney General's Response to Second Set of Interrogatories

| 12. | Palm Beach County | 2022CF006572 Leo Grant Jr. |
|---|---|---|
| 13. | Palm Beach County | 2022CF006574 Robert Simpson |

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse
Special Counsel
Fla. Bar No. 0068713
stephanie.morse@myfloridalegal.com
Noah Sjostrom
Assistant Attorney General
Fla. Bar No. 1039142
noah.sjostrom@myfloridalegal.com
Office of the Attorney General
Complex Litigation Bureau
PL – 01, The Capitol
Tallahassee, FL 32399-1050
Telephone:      (850) 414-3300
Telefacsimile:  (850) 488-4872
**Attorneys for Ashley Moody**

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Defendant Attorney General's Response to Second Set of Interrogatories

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of October 2023, a true and correct copy of this document was served on counsel of record.

*/s/ Stephanie A. Morse*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC. et al.,

Plaintiffs,

v.                                          Case No. 4:23-cv-216-MW-MAF

ASHLEY MOODY, et al.,

Defendants.

_____/

## THE ATTORNEY GENERAL'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Ashley Moody, Florida Attorney General, serves the following amended responses to Plaintiffs' Second Set of Interrogatories to the Attorney General. The Attorney General's responses are based on currently available information, and she reserves the right to amend or supplement her responses and to assert additional objections or privileges in amended or supplemental responses.

The Attorney General objects to each definition, instruction, and interrogatory to the extent it purports to impose any requirement or obligation greater than or different from those under the Federal Rules of Civil Procedure. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information that is not relevant to any party's claim or defense and/or is not

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Attorney General's Amended Response to Second Set of Interrogatories

proportional to the needs of this case. The Attorney General objects to each definition, instruction, and interrogatory to the extent that it imposes a burden or expense that outweighs the benefit of the sought-after information. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks information which would be protected by attorney-client privilege, the work product doctrine, joint defense privilege, and/or common interest privilege.  For instances in which the Declarant does not have personal knowledge about the subject matter of an interrogatory, the Declarant has made reasonable inquiries to gather the information found in these responses.

## AMENDED OBJECTIONS AND ANSWERS TO SECOND INTERROGATORIES

## INTERROGATORY NO. 1:

Identify and describe each State interest, if any, that You contend is promoted, supported, or advanced by the Felony Volunteer Restriction's prohibition on individuals with certain felony convictions collecting or handling voter registration materials. In providing Your response, state all facts that You contend demonstrate a connection between the limitation and the State interest(s) and identify any witnesses who have or are likely to have knowledge or information related to the same.

2

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Attorney General's Amended Response to Second Set of Interrogatories

**RESPONSE:** SB 7050 was not a priority legislation for the Office of the Attorney General, ("OAG"), and to date Defendant is not aware of any analysis performed by the OAG of the State's interest in enacting the portion of SB 7050 referenced in this interrogatory prior to the filing of this lawsuit. The OAG has joined the Initial Brief filed by the Secretary of State in the Eleventh Circuit Court of Appeals regarding the appeal of the Preliminary Injunction entered in this case. (DE 101). Information about the State's interests in particular provisions of SB 7050 may be gleaned from the Initial Brief. The OAG's evaluation of the State's interest in the Felony Volunteer Restriction is ongoing.


**<u>INTERROGATORY  NO. 2:</u>**

Identify and describe all incidents of alleged, suspected, or confirmed unlawful conduct relating to voter registration in Florida by individuals with a felony conviction enumerated in Fla. Stat. 97.0575(1)(e) that were reported to or by, referred to or by, investigated by, or otherwise handled by You. Describe the outcome of each incident, including any prosecution, verdict, sentences, fines, and appeals, and identify the people in your office involved in reviewing, investigating, prosecuting, or otherwise evaluating or making decisions related to each of these incidents.

**RESPONSE:** The Attorney General objects to the extent the interrogatory requests information which is confidential or exempt from disclosure pursuant to any statute, rule, or regulation. Active criminal intelligence information and active criminal investigation information are exempt from disclosure pursuant to §§ 119.071(2), 119.011(3)(d), Fla. Stat. The Attorney General further objects to the extent the interrogatory seeks information which is protected from disclosure by the work product doctrine. The Attorney General

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Attorney General's Amended Response to Second Set of Interrogatories

objects to the disclosure of information which may compromise a pending investigation, prosecution, or litigation. The Attorney General may produce documents in lieu of a narrative response. Please see the information listed below.

Closed Cases

1.   Luis Villaran, Palm Beach County Case No 2022CF006573A, Guilty Plea: Adjudication, 6 months probation; Statewide Prosecutor: Jonathan Bridges

2.   Anthony Fonseca, Palm Beach County Case No 2023CF003433AX, Guilty Plea: Adjudication, 12 months probation; Statewide Prosecutor: Jonathan Bridges

3.   Romona Brown Oliver, Hillsborough County Case No 22CF-011034, Guilty Plea: Adjudication, Time served; Statewide Prosecutor: Nathaniel Bahill

4.   Michael Anderson, Hillsborough County Case No 22CF-011039, Gulty Plea: Adjudication, 6 months probation; Statewide Prosecutor: Nathaniel Bahill

5.   Hubert Jack, Hillsborough County Case No 22CF-011040, Guilty Plea: Adjudication, 6 months probation; Statewide Prosecutor: Nathaniel Bahill

6.   Nathaniel Hart, Hillsborough County Case No 22CF-011041, Jury Trial: NG on Count 1, GAC on Count 2; 24 months probation with 100 community service hours; Statewide Prosecutor: Nathaniel Bahill

7.   Byron Smith, Hillsborough County Case No 22CF-011042, Pled Guilty: Adjudication, 6 months probation; Statewide Prosecutor: Nathaniel Bahill

8.   Travis L. Wallace, Miami-Dade  County Case No. F-22-020181, Nolle Prosse; 3PVRO issues involved; Statewide Prosecutor: Panagiota Papakos

9.   Tony Patterson, Hillsborough County, 22-CF-11036, State dismissed charges; Statewide Prosecutor: Nathaniel Bahill

Pending Cases and Investigations:   In addition to the cases filed in the Circuit Courts listed below, the OAG's Office of Statewide Prosecution is currently handling 8 investigations which involve allegations related to unlawful voting and voter registration concerning individuals with felony convictions. Filed cases are listed below. Please note the number of pending investigations is subject to change as investigations conclude and as new investigations are opened.

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Attorney General's Amended Response to Second Set of Interrogatories

|     | County | Case Number and Defendant |
| --- | --- | --- |
| 1. | Orange | 2022-CF-009611-A-O<br>Peter Washington, Jr.<br>Dismissed. On appeal. |
| 2. | Orange | 2022-CF-009608-A-O<br>Michelle Stribling |
| 3. | Orange | 2022-CF-009607-A-O<br>Jerry Foster |
| 4. | Brevard | 2023-CF-027301<br>Lantz Cameron |
| 5. | Broward | 22-008077-CF10A<br>Terry L. Hubbard<br>Dismissed. On appeal. |
| 6 | Miami-Dade | F-22-015012<br>Ronald L. Miller<br>Dismissed. On appeal. |
| 7. | Brevard | 2023-CF-029407<br>Louis Palmieri |
| 8. | Miami-Dade | F-22-15009<br>Robert L. Wood<br>On appeal |
| 9. | Hillsborough | 22-CF-011031<br>Douglas G. Oliver |
| 10. | Broward | 22-008078-CF10A<br>Ronald L. Steel |
| 11. | Broward | 22-8118-CF10A<br>Nathaniel Singleton |
| 12. | Palm Beach County | 2022CF006572<br>Leo Grant Jr. |

League of Women Voters of Florida, Inc., et al. v. Moody, et al.
Consolidated Case No. 4:23-cv-00215
Attorney General's Amended Response to Second Set of Interrogatories

| | | |
|---|---|---|
| 13. | Palm Beach County | 2022CF006574 Robert Simpson |

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse
Special Counsel
Fla. Bar No. 0068713
stephanie.morse@myfloridalegal.com
Noah Sjostrom
Assistant Attorney General
Fla. Bar No. 1039142
noah.sjostrom@myfloridalegal.com
Office of the Attorney General
Complex Litigation Bureau
PL – 01, The Capitol
Tallahassee, FL 32399-1050
Telephone:     (850) 414-3300
Telefacsimile:  (850) 488-4872
**Attorneys for Ashley Moody**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October 2023, a true and correct copy of this document was served on counsel of record.

*/s/ Stephanie A. Morse*

*League of Women Voters of Florida, Inc., et al. v. Moody, et al.*
N.D. Fla. Consolidated Case No. 4:23-cv-00215
Attorney General's Amended Response to Plaintiff's Second Set of Interrogatories

<u>DECLARATION</u>

Pursuant to Title 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on October 20th, 2023.

/s/
Nick Cox
Statewide Prosecutor
Florida Office of the Attorney General