IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                                    Case Nos.: 4:23cv215-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.

_____/

## ORDER DENYING PLAINTIFFS' MOTIONS IN LIMINE

This Court has considered, without hearing, Plaintiffs' motions in limine, ECF Nos. 231 and 232, Plaintiffs' joinder to a motion in limine filed in Case No.: 4:23cv218-MW/MAF, ECF No. 230, and Defendant Byrd's combined response in opposition, ECF No. 239. As explained in more detail below, the motions, ECF Nos. 230, 231, and 232, are **DENIED**. This Court will address each in turn, starting with ECF No. 230.

I

Plaintiffs' first motion, ECF No. 230, is labeled a "joinder" to a motion in limine in Case No.: 4:23cv218-MW/MAF seeking to limit Defendants' questions concerning the individual Plaintiffs' immigration histories. Plaintiffs argue that

Defendants' questioning should not be allowed "to transform into an interrogation about their travel patterns, families, or future immigration intentions." ECF No. 230 at 2.

By separate Order, this Court denied the motion in limine in Case No.: 4:23cv218-MW/MAF. *See* ECF No. 150 in Case No.: 4:23cv218-MW/MAF. For similar reasons already expressed in that Order, Plaintiffs' motion, ECF No. 230, is due to be denied. Defendant Byrd has acknowledged that his line of questioning will be streamlined based on the discovery in this case and that he will not waste time or cause confusion at trial. This Court reiterates that this case is heading to a bench trial and this Court will not permit harassment of any witnesses or wasting time. This is particularly true given that this trial must be completed by April 12, 2024. With that being said, this Court will not prematurely limit Defendants' line of questioning regarding the individual Plaintiffs' immigration background. Accordingly, Plaintiffs' first motion, ECF No. 230, is **DENIED**.

II

Plaintiffs' second motion, ECF No. 231, concerns what evidence this Court should allow Defendants to present with respect to the State's interests for the challenged provisions of SB 7050. Plaintiffs argue that because strict scrutiny applies to their Equal Protection and First Amendment claims, the State should be prohibited from introducing evidence concerning anything beyond the actual

2

interests that the Legislature considered when it passed SB 7050. *Id*. at 1. In the alternative, the Plaintiffs argue that if this Court considers post-passage evidence regarding the State's interests, Defendants should be limited "to presenting the interests adduced over the course of document and deposition discovery." *Id*. at 2.

Defendant Byrd's response in opposition argues that Plaintiffs have presupposed a legal conclusion about what standard of review applies to some of Plaintiffs' claims and that the motion is unnecessary because this Court is well equipped to hear the evidence at trial, determine what level of scrutiny applies to the relevant claims, and apply the law to the facts presented. This Court agrees. This Court is inclined to hear the parties' evidence at trial and, depending on the parties' proof and the applicable level of scrutiny, this Court will decide what weight, if any, to assign that evidence. Plaintiffs' second motion, ECF No. 231, is **DENIED**.

III

Finally, this Court considers Plaintiffs' third motion, ECF No. 232. This motion raises two points. First, Plaintiffs ask this Court to exclude the testimony of Defendants' experts, Dr. Robert Stein and Dr. John Alford, with respect to Dr. Lichtman's analysis. They argue that the single paragraph in these witnesses' joint report addressing Dr. Lichtman's analysis "is not expert testimony as contemplated by the Federal Rules," and that neither witness is qualified as an expert in evaluating legislative history or intent such that they could properly rebut Dr. Lichtman's

3

analysis. Second, Plaintiffs ask this Court to exclude Dr. Stein's and Dr. Alford's opinions "regarding Dr. Herron," because their report is "highly unreliable." *Id*. at 10. This Court will address each point in turn.

As to Plaintiffs' request to exclude expert testimony addressing Dr. Lichtman's analysis, the parties appear to be talking past each other. Defendant Byrd argues in opposition that the focus of Stein-Alford report and testimony is "the quantitative empirical evidence in Dr. Herron's and Dr. Smith's reports, not on the narrative discussions in Dr. Lichtman's report on legislative intent." ECF No. 239 at 5. Dr. Stein's and Dr. Alford's reaction to Dr. Lichtman's analysis appears to be limited to assessing whether discussions of legislative history or intent is helpful for engaging in a quantitative empirical analysis of the impact of the challenged provisions. These witnesses apparently do not intend to opine on Dr. Lichtman's asserted areas of expertise. Nonetheless, this Court will, of course, entertain objections at trial if these witnesses offer testimony that exceeds the scope of their expertise.

Plaintiffs' second argument—that Dr. Stein's and Dr. Alford's opinions regarding Dr. Herron's analysis and opinions are "highly unreliable"—raises concerns about the weight this Court should place on their testimony rather than its admissibility. This Court agrees with Defendant Byrd's argument that cross-examination and presentation of contrary evidence is the appropriate way to address

4

Plaintiffs' concerns with respect to Dr. Stein's and Dr. Alford's testimony. Accordingly, Plaintiffs' third motion, ECF No. 232, is **DENIED**.

**SO ORDERED on March 1, 2024.**

s/Mark E. Walker
**Chief United States District Judge**
