UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, et al.,<br><br>Defendants. | Case No.:   4:23-cv-215-MW/MAF |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE SECRETARY'S MOTION IN LIMINE AS TO DR. LICHTMAN'S EXPERT TESTIMONY**

The Secretary submits a one-page motion in limine asking this Court to prevent Dr. Lichtman from "opining on the state of mind, or providing a conclusion on the intent, of any legislator, any governmental entity, or Governor DeSantis himself in passing, approving, or amending SB 7050." ECF No. 229 at 2. The Secretary does not cite a *single* page of Dr. Lichtman's 118-page report or any of Dr. Lichtman's deposition testimony that he finds objectionable. And he glaringly omits any legal hook or rule of evidence as grounds for his motion. Plaintiffs interpret the slapdash motion to ask the Court to (1) bar Dr. Lichtman from offering a legal conclusion on the ultimate issue of legislative intent (without citing anything to

1

suggest he has), and (2) prevent Dr. Lichtman from speculating as to any governmental entity's state of mind (without citing any relevant authority). Both arguments evidence a fundamental misunderstanding of intentional discrimination claims and Dr. Lichtman's report. The Court should deny the Secretary's motion.

## ARGUMENT

As the Secretary's expert put it, Dr. Lichtman is "an eminent scholar in his field" of political history, social science, historical and statistical methodology, and voting rights. *See* ECF No. 232-5 at 201:19–22; ECF No. 229-1 at 3. Courts across the country—including the U.S. Supreme Court—agree. *See, e.g.*, *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 427, 439 (2006) (citing and relying on Dr. Lichtman's statistical analysis in majority opinion examining minority voter cohesion and majority bloc voting under *Thornburg v. Gingles*, 478 U.S. 30 (1986)); *City of S. Miami v. DeSantis*, 508 F. Supp. 3d 1209, 1218 n.7, 1231–32 (S.D. Fla. 2020), *vacated due to lack of jurisdiction*, 65 F.4th 631 (11th Cir. 2023) (relying on Dr. Lichtman's opinion at summary judgment to find that plaintiffs presented triable issue of fact as to whether legislature acted with discriminatory intent under *Arlington Heights* framework); *One Wis. Inst., Inc. v. Nichol*, 186 F. Supp. 3d 958, 975 (W.D. Wis. 2016) (relying on Dr. Lichtman's report to conclude that "plaintiffs have adduced evidence that entitles them to a trial on their claims of intentional race discrimination" under *Arlington Heights* standard). This very Court is familiar with

Dr. Lichtman and has permitted him to testify as to an *Arlington Heights* analysis. *See Link v. Diaz*, 4:21-cv-271-MW-MAF (N.D. Fla. Dec. 7, 2022) ECF No. 202 at 3 (denying defendants' motion in limine to exclude Dr. Lichtman's expert testimony concerning *Arlington Heights* intentional discrimination).

The Secretary seeks to preclude Dr. Lichtman from "providing a conclusion on the intent[] of any legislator, any governmental entity, or Governor DeSantis himself in passing, approving, or amending SB 7050." ECF No. 229 at 2. If the Secretary's concern is Dr. Lichtman testifying about the ultimate issue of legislative intent, it is baseless. Expert opinion testimony "embrac[ing] an ultimate issue" is expressly permitted by Rule 704 as confirmed by Eleventh Circuit precedent. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005) ("Although testifying experts may not offer legal conclusions, Federal Rule of Evidence 704(a) provides, in relevant part, that 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'"). This is particularly true with respect to intentional discrimination claims analyzed under the *Arlington Heights* factors, where experts like Dr. Lichtman routinely offer opinions and discuss evidence regarding legislative intent, including "historical information, statements from legislators and members of the public, and statistics, among other things," ECF No. 229 at 2; *see Vill. of Arlington Heights v. Met. Hous. Dev. Corp.*, 429 U.S. 252,

3

266–68 (1977) (identifying "the historical background of the decision," "[t]he specific sequence of events leading up the challenged decision," "[d]epartures from the normal procedural sequence," and "[t]he legislative or administrative history" as "subjects of proper inquiry in determining whether racially discriminatory intent existed").

The Secretary fails to identify any case holding that experts in intentional discrimination cases cannot offer conclusions that embrace the ultimate legal issue of legislative intent. Instead, he cites one unpublished, non-binding, three-page order that lacks explanation and is readily distinguishable on the facts. ECF No. 229 at 2 (citing *Jones v. DeSantis*, 4:19-cv-300, (N.D. Fla. Mar. 31, 2020) ECF No. 312 at 2).[1] Even then, the court's opinion in that case would not preclude the testimony that Dr. Lichtman would offer here. In *Jones*, the focus was on a proffered opinion from the *Arlington Heights* expert that "[t]he conclusion is inescapable that the sponsors of [the challenged bill] intended to restrict the rights of black and poorer returning citizens of every race." *Jones*, 4:19-cv-300, (N.D. Fla. Mar. 25, 2020) ECF No. 306-1 at 13. But the Secretary cites no similar language in Dr. Lichtman's report. Indeed, Dr. Lichtman expressly disclaims any attempt to encroach on the Court's purview.

---

[1] Notably, the motion in *Jones* that resulted in that ruling was 14 pages long, expressly invoked the rules of evidence, cited relevant legal standards, and identified the portions of the expert's report and deposition that the defense found objectionable in that case. *Compare* ECF No. 229 at 2, *with Jones*, 4:19-cv-300, ECF No. 306 at 3–7, 14. The same, obviously, cannot be said here.

ECF No. 229-1 at 1 ("My analyses and opinions are not intended to offer a legal conclusion, but rather to provide the Court with facts and context for the ultimate legal determination on intent that it must make."); Ex. 1 (Lichtman Dep. Tr. at 8:6–19) ("That is my role as an expert in history, social science, statistical historical methodology, is to provide information through documentary and statistical analysis that would assist the Court in reaching its ultimate legal conclusion. . . . I am not myself usurping the role of the Court in that regard."). Furthermore, in *Jones v. DeSantis*, while it is true that the court held that the plaintiffs' expert could not provide a legal conclusion about legislative intent, *it did not preclude* the expert from embracing the ultimate issue of legislative intent, expressly allowing the expert to testify about "history, events, and statements made" relevant to the passage of the challenged law. *Jones*, 4:19-cv-300, ECF No. 312 at 2.

As to the Secretary's other basis for limiting Dr. Lichtman's testimony, "prevent[ing]" him from "opining on the state of mind" of the relevant government actors, ECF No. 229 at 2, the Secretary mischaracterizes Dr. Lichtman's disclosed opinions and how they relate to the pending legal claims. Testifying about information relevant to *legislative* intent under *Arlington Heights* is not the same as an expert speculating about someone's state of mind in cases turning on *other* types of intent. "Determining whether invidious discriminatory purpose was a motivating factor" under *Arlington Heights* "demands a sensitive inquiry into such

5

circumstantial and direct evidence of intent as may be available." 429 U.S. at 266. Dr. Lichtman's *Arlington Heights* analysis does not speculate as to any individual's state of mind; rather, Dr. Lichtman painstakingly analyzes the circumstantial evidence that the Supreme Court has listed as a proxy for intentional discrimination. His report does not rely upon state-of-mind speculation but instead extensive evidence, and his testimony will be helpful to the Court in reaching a legal conclusion.[2]

\* \* \*

The Secretary's half-baked motion should not prevent Dr. Lichtman from helping this Court to assess the relevant evidence under the *Arlington Heights* factors, as he has done in numerous other cases. Because Dr. Lichtman does not render any legal conclusions concerning the ultimate issue and because expert opinions concerning discriminatory legislative intent are universally accepted by

---

[2] The Secretary attempts to blur the lines between *Arlington Heights* intentional discrimination and speculation about state of mind by citing a string of out-of-circuit cases that did not involve discrimination at all, much less *Arlington Heights* intentional discrimination. *See SEC v. Johnson*, 525 F. Supp. 2d 70, 78–79 (D.D.C. 2007) (excluding accounting expert's testimony that assumed deceitful intent of parties); *Halcomb v. Wash. Metro. Area Transit Auth.*, 526 F. Supp. 2d 24, 29–30 (D.D.C. 2007) (holding that expert in criminal case could not offer "testimony concerning the credibility, trustworthiness, lawabidingness, character, or state of mind of any party or witness"); s*ee also AstraZeneca LP v. Tap Pharm. Prods., Inc.*, 444 F. Supp. 2d 278, 293 (D. Del. 2006) (expert could not testify as to company's intent). These cases are wholly irrelevant to the question of when expert testimony is appropriate in the context of determining discriminatory legislative intent under the Fourteenth Amendment.

courts, Plaintiffs respectfully request that the Court deny the Secretary's motion in limine.

## **LOCAL RULE 7.1(F) CERTIFICATION**

The undersigned certifies that this motion contains 1,457 words, excluding the case style and certifications.

Dated: March 1, 2024                    Respectfully submitted,

Abha Khanna*                            /s/ *Frederick S. Wermuth*
Makeba Rutahindurwa*                    Frederick S. Wermuth
**ELIAS LAW GROUP LLP**                 Florida Bar No. 0184111
1700 Seventh Ave., Suite 2100           **KING, BLACKWELL, ZEHNDER &**
Seattle, Washington 98101               **WERMUTH, P.A.**
Telephone: (206) 656-0177               P.O. Box 1631
akhanna@elias.law                       Orlando, FL 32802-1631
mrutahindurwa@elias.law                 Telephone: (407) 422-2472
                                        Facsimile: (407) 648-0161
Lalitha D. Madduri*                     fwermuth@kbzwlaw.com
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*Counsel for Plaintiffs*
*\* Admitted Pro Hac Vice*

.

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for Plaintiffs*