IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                        Case Nos.: 4:23cv215-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.
_____/

## ORDER DENYING DEFENDANT BYRD'S MOTION IN LIMINE

This Court has considered Defendant Byrd's motion in limine to prevent Dr. Lichtman from opining on the state of mind, or providing a conclusion on the intent, of any legislator, any governmental entity, or the Governor in passing, approving, or amended SB 7050, ECF No. 229, and Plaintiffs' response in opposition, ECF No. 243.

As this Court has recognized in previous election cases, whether Dr. Lichtman's testimony is admissible "requires a more nuanced analysis than Defendant[] suggest[s]." *League of Women Voters of Fla., Inc. v. Lee*, ECF No. 382 at 3, Case No.: 4:21cv186-MW/MAF (N.D. Fla. Dec. 20, 2021) (order denying motion to exclude testimony). Of course, Dr. Lichtman cannot simply opine as to

the legal conclusion that this Court should reach with respect to Plaintiffs' *Arlington Heights* claim. But Plaintiffs point out that Dr. Lichtman expressly disclaims any attempt to encroach on this Court's purview with respect to deciding the ultimate legal question as to the legislative intent with respect to the passage of SB 7050. Moreover, he may testify about his own analysis of historical facts and statistics with respect to the *Arlington Heights* factors applicable to Plaintiffs' intentional race discrimination claim. *See Ala. State Conf. of NAACP v. Alabama*, Case No. 2:16-CV-731-WKW, 2020 WL 579385, at *3 (explaining that whether state legislature had particular interests in "its collective mind when it adopted its present system" is a "matter of historical fact, and a proper subject for expert testimony").

As to Defendant Byrd's second request—"to prevent Dr. Lichtman from opining on [any government actor's] state of mind"—this Court agrees with Plaintiffs response that Defendant Byrd appears to conflate speculation about someone's state of mind with a discussion of circumstantial evidence to determine legislative intent. This Court finds that an adversarial presentation at trial will put this Court in the best position to determine what weight—if any—to give Dr. Lichtman's testimony. Accordingly, Defendant Byrd's motion, ECF No. 229, is **DENIED**.

        **SO ORDERED on March 4, 2024.**

                                    s/Mark E. Walker               
                                    **Chief United States District Judge**