# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

    v.                                                                                  4:23-cv-215-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## THE SECRETARY'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE CONCERNING STATE ATTORNEYS

The Secretary opposes the NAACP Plaintiffs', LWVFL Plaintiffs', and Hispanic Federation Plaintiffs' motion in limine. Doc.240.

1

## Introduction

This Court should deny Plaintiffs' motion in limine to exclude the possible trial testimony of State Attorneys William "Bill" Gladson, Katherine Fernandez Rundle, Amira Fox, or their designees ("State Attorneys"). Plaintiffs argue that the Secretary failed to properly disclose these trial witnesses and the subject of their testimony. They're wrong. The witnesses and a brief description of their testimony was disclosed (much in the way some Plaintiffs disclosed the legislators they may call at trial). And, if called, none of the Secretary's witnesses will speak to specific, ongoing investigations.

## Background

On August 3, 2023, the Secretary served his initial 26(a)(1) disclosures on the parties in all three cases. *Florida State Conference of Branches and Youth Units of the NAACP v. Florida Secretary of State* ("*NAACP* Case"), 4:23-cv-215, Doc.124 (N.D. Fla. Aug. 3, 2023); *League of Women Voters of Florida v. Florida Secretary of State* ("*LWVFL* Case"), 4:23-cv-216, Doc.55 (N.D. Fla. Aug. 3, 2023); *Hispanic Federation v. Florida Secretary of State* ("*Hispanic Federation* Case), 4:23-cv-218, Doc.88 (N.D. Fla. Aug. 3, 2023). Each disclosure identified "[a]ll 20 State Attorneys" as "individuals likely to have discoverable information that Defendant may use to support its claims or defenses":

> **SECRETARY OF STATE'S INITIAL DISCLOSURE**
>
> Under Federal Rule of Civil Procedure 26(a)(1), Defendant Florida Secretary of State Cord Byrd makes the following initial disclosure:
>
> A.   <u>Individuals Likely to Have Discoverable Information that Defendant May Use to Support Its Claims or Defenses</u>.

> . . .
>
> All 20 State Attorneys and the Statewide Prosecutor
> Contact Information[2,3]
> Subjects: knowledge of election fraud and irregularities.
>
> . . .
>
> [2] https://yourfpaa.org/public-information/state-attorneys/.

*NAACP* Case, Doc.124 at 1-2; *LWVFL* Case, Doc.55 at 1-2; *Hispanic Federation*, Case, Doc.88 at 1-2. The website link included in the Secretary's initial disclosures specifically listed the names of all 20 State Attorneys—including the three State Attorneys at issue in this motion—and provided up-to-date contact information for each of them:



3

*See Florida Prosecuting Attorneys Association Website*, https://yourfpaa.org/public-information/state-attorneys/ (last visited Mar. 4, 2024) (screenshot compilation).

One Plaintiff group took a similar approach to disclosing the four state senators and one state representative they might call at trial. *See NAACP* Case, Doc.244-3 at 3-4. Specifically, the Hispanic Federation Plaintiffs listed "[a]ll of the members of the Florida Legislature" in their initial disclosures though (unlike the Secretary's disclosures) there was no link with the names and contact information for the legislators. *Hispanic Federation* Case. Doc.97 at 3. The League Plaintiffs never bothered listing any legislators in their initial disclosures. *NAACP* Case, Doc.142.

Plaintiffs' actions since the Secretary's disclosures also make clear they understood the 20 State Attorneys to have discoverable information about the topics in the disclosures. On September 6, 2023, the NAACP Plaintiffs gave notice of their intent to issue and then did serve identical subpoenas duces tecum on all 20 State Attorneys seeking: (1) "all documents and communications regarding complaints of voter fraud"; (2) "[a]ll documents and communications pertaining to the investigation, identification, or prosecution of complaints of voter fraud"; (3) "[a]ll documents and communications regarding individuals referred to your office for incorrectly collecting, handling, or delivering voter registration forms"; (4) "[a]ll documents and communications regarding individuals referred to your office for illegally copying or misusing a voter's information obtained from a voter registration application, including the voter's driver's license number, social security number, identification card number,

4

or signature"; and (5) "[a]ll documents and communications regarding noncitizens engaging in misconduct related to registering voters." Exh. 1 at 11, 18, 25, 32, 39, 46, 53, 60, 67, 74, 81, 88, 95, 102, 109, 116, 123, 130, 137, 144; *see also NAACP* Case, Doc.158-1. After some motion practice, Plaintiffs and the 20 State Attorneys came to a resolution. *See NAACP* Case, Doc.171; *see also NAACP* Case, Doc.163, 169.

Importantly, material from some of the 20 State Attorneys found its way on the exhibit list for trial. *NAACP* Case, Doc.244-1 at Exh. Nos. 729-732 (documents from the Offices of the State Attorneys for the Fifth, Eleventh, and Twentieth Judicial Circuits). Plaintiffs put forward those exhibits. *Id.*

**Argument**

**I.** Plaintiffs now claim that the Secretary's disclosures are deficient under Rule 26(a)(1). Doc.240 at 5. Rule 26(a)(1)(A)(i) requires in relevant part that "a party must, without awaiting a discovery request, provide to the other parties . . . the *name* and, if known, the *address* and *telephone* number of each individual likely to have discoverable information—along with the *subjects of that information*—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). The Secretary did just that; he provided the names, addresses, telephone numbers, and

5

subject of possible testimony for the 20 State Attorneys. *NAACP* Case, Doc.124 at 1-2; *LWVFL* Case, Doc.55 at 1-2; *Hispanic Federation*, Case, Doc.88 at 1-2.[1]

Again, Plaintiffs went on to pursue information from those same State Attorneys, though they chose not to depose them before trial. The facts in this case thus make inapposite the Middle District of Florida's decision in *State Farm Mut. Auto. Ins. Co. v. Larocca*, No. 8:21-cv-2536-SCB-AEP, 2023 U.S. Dist. LEXIS 176978 (M.D. Fla. Sep. 11, 2023). The defendants in that case disclosed "All other Patients at Issue in the Case" as a "general category," without giving any notice about who these other patients might be out of a group of "788 patients." *Id.* at *5-6. That was a large vague list that didn't give the opposition an opportunity to pursue information. Here, the list was 20 people and Plaintiffs did pursue information from the 20 named individuals.

**II.** Even if this Court deems the Secretary's disclosure deficient, it should still allow the witnesses to testify. Rule 37(c) provides the mechanism to enforce the disclosure requirements. It provides in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Factors relevant to the potential exclusion of a trial witness include "the explanation for

---

[1] The website link included in the Secretary's initial disclosures listed the names and phone numbers of the State Attorneys, as well as website addresses containing their physical addresses.

the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (citation and brackets omitted).

The explanation for any purported failure to disclose is this: all 20 State Attorneys were listed together with up-to-date names, addresses, and telephone numbers. The Secretary believed that to be sufficient.

The importance of the testimony is this: it provides context for how prosecutors address voting-related irregularities and fraud in their communities. The information is important though not essential. It may not be needed but, depending on Plaintiffs' case-in-chief, the information may provide this Court the perspective of those who help address the problems caused by 3PVROs and others. And, of course, the information elicited from the State Attorneys will not include any specifics about ongoing investigations because that might compromise those investigations.

Finally, the prejudice to Plaintiffs is minimal. There was no hiding the ball. Plaintiffs sought and obtained information from the State Attorneys. They simply chose not to depose the State Attorneys in a fast-moving case (which they asked to be fast-tracked). Second-guessing litigation strategy surely doesn't serve as a basis to exclude the Secretary's witnesses.

## Conclusion

For the reasons explained above, this Court should reject Plaintiffs' motion in limine. Doc.240.

| | |
|---|---|
| Dated: March 4, 2024 | Respectfully submitted, |
| | |
| Bradley R. McVay (FBN 79034) | */s/ Joshua E. Pratt* |
| brad.mcvay@dos.myflorida.com | Mohammad O. Jazil (FBN 72556) |
| Joseph Van de Bogart (FBN 84764) | mjazil@holtzmanvogel.com |
| joseph.vandebogart@dos.myflorida.com | Joshua E. Pratt (FB 119347) |
| Ashley Davis (FBN 48032) | jpratt@holtzmanvogel.com |
| ashley.davis@dos.myflorida.com | Michael Beato (FBN 1017715) |
| FLORIDA DEPARTMENT OF STATE | mbeato@holtzmanvogel.com |
| R.A. Gray Building | zbennington@holtzmanvogel.com |
| 500 S. Bronough St. | HOLTZMAN VOGEL BARAN |
| Tallahassee, FL 32399 | TORCHINSKY & JOSEFIAK |
| (850) 245-6536 | 119 S. Monroe St. Suite 500 |
| | Tallahassee, FL 32301 |
| | (850) 270-5938 |
| | |
| | John J. Cycon (NYBN 5261912)* |
| | HOLTZMAN VOGEL BARAN |
| | TORCHINSKY & JOSEFIAK |
| | 15405 John Marshall Hwy |
| | Haymarket, VA 20169 |
| | Telephone: (212) 701-3402 |
| | jcycon@holtzmanvogel.com |
| | |
| | *Counsel for Secretary Byrd* |
| | |
| | *Admitted pro hac vice* |

**Certificate of Compliance**

I certify that this response is 1,249 words, which is under the 8,000-word limit in Local Rule 7.1. I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

*/s/ Joshua E. Pratt*
Joshua E. Pratt

**Certificate of Service**

I certify that on March 4, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/ Joshua E. Pratt*
Joshua E. Pratt