## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

     *Plaintiffs*,

     v.                          Case No. 4:23-cv-215-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

     *Defendants.*
_____/

## SECRETARY BYRD'S RESPONSES AND OBJECTIONS TO FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ET AL.'S FIRST SET OF REQUESTS FOR PRODUCTION

     Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Secretary Byrd responds to Plaintiffs' first requests for production of documents (the "Requests").

## PRELIMINARY STATEMENT

     1.    The Secretary objects to the Requests, and to the Definitions and Instructions in the Requests, to the extent that they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

2.      The Secretary objects to each and every Request that is cumulative and/or duplicative of a request for production made by the League of Women Voters Plaintiffs and/or the Hispanic Federation Plaintiffs in this consolidated case.

3.      The Secretary expressly reserves the right to supplement, clarify, revise, or correct any or all responses and objections, and to assert additional objections or privileges, in one or more supplemental response(s).

4.      By responding to the Requests, the Secretary does not admit or concede that any fact, event, characterization, or legal conclusion contained within the Requests is accurate or correct, and the Secretary reserves the right to contest all assumed facts, events, characterizations, and legal conclusions.

## DEFINITIONS AND INSTRUCTIONS

1.      The Secretary objects to the Definition of "Florida Attorney General" to the extent it includes "the former, current, and/or future Florida Attorney General, and their staff, employees, contractors, consultants, advisors, agents, and representatives" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary further objects that he does not possess sufficient information to determine the relevant universe of custodians within this Definition.[1] For example, the Secretary does not know who the "future Florida Attorney General"

_____

[1] The Secretary asks that Plaintiffs provide lists of custodians for each applicable Definition.

2

will be, nor is he aware of the identities of all "staff, employees, contractors, consultants, advisors, agents, and representatives" of the current or past Florida Attorneys General.

2.      The Secretary objects to the Definition of "Florida Governor" to the extent it includes "the former, current, and/or future Governor of Florida, and their staff, employees, contractors, consultants, advisors, agents, and representatives" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary further objects that he does not possess sufficient information to determine the relevant universe of custodians within this Definition. For example, the Secretary does not know who the "future Governor of Florida" will be, nor is he aware of the identities of all "staff, employees, contractors, consultants, advisors, agents, and representatives" of the current or past Governors of Florida.

3.      The Secretary objects to the Definitions of "Florida Legislature" or "Legislature" to the extent they include the phrase "at any time relevant to these requests" as it vague and ambiguous, and to the extent it renders any Request overbroad or unduly burdensome. The Secretary further objects to those Definitions to the extent they include "any one or combination of staff, employees, contractors, advisors, agents, and representatives" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary does not possess sufficient information to determine the relevant universe of custodians within these Definitions.

4.      The Secretary objects to the Definitions of "Identify" to the extent that they seek to impose obligations that go beyond, or are otherwise inconsistent with, the

3

Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

5.      The Secretary objects to the Definition of "Person" to the extent it includes "firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary further objects to each Definition that incorporates by reference the Definition of "Person" to the extent it renders that Definition vague, ambiguous, overbroad, and/or unduly burdensome.

6.      The Secretary objects to the Definitions of "[r]elating to," "regarding," and "concerning" to the extent they include "are to be understood in their broadest sense" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary further objects to these Definitions to the extent they seek to impose obligations that go beyond, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law, rule, or order.

7.      The Secretary objects to the Definition of "Supervisors of Elections" to the extent it includes "employees, staff, contractors, consultants, advisors, agents, and

representatives" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary does not possess sufficient information to determine the relevant universe of custodians within this Definition.

8. The Secretary objects to the Definition of "Voter file" to the extent it includes "digital files containing records of voter registration and voting history information for each individual registered to vote in Florida" as it is vague and ambiguous.

9. The Secretary objects to the Definitions of "You" and "Your" to the extent they include "employees, staff, contractors, consultants, advisors, agents, and representatives" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome.

10. The Secretary objects to Instruction 1 to the extent that the timeframe of January 2014 to present is overly broad. The Florida Legislature's first interim committee week occurred in September 2022, SB 7050 was signed into law on May 24, 2023, and the Secretary was appointed on May 13, 2022. As a result, a timeframe that stretches back to January 2014 is overly broad, and the Secretary objects to the extent that responding to such timeframe is unduly burdensome.

11. The Secretary objects to Instruction 4 to the extent it includes "officers, directors, partners, members, staff, employees, contractors, consultants, advisors, agents, and representatives, or anyone acting on its behalf" as it is vague, ambiguous, overbroad, and to the extent it renders a Request unduly burdensome. The Secretary

5

objects to the extent that he does not possess sufficient information to determine the relevant universe of custodians under this Instruction.

12.    The Secretary objects to Instructions 13 and 14, as there are limitations to the Department of State's ability to collect and produce electronic documents. In some circumstances, the Department can only produce non-native documents. Under the circumstances, such production complies with Rule 34 and the Instructions in your Requests. *See, e.g., United States v. O'Keefe*, 537 F. Supp. 2d 14, 23 (D.D.C. 2008) ("production of the electronically stored information in PDF or TIFF format would suffice, unless defendants can show that those formats are not 'reasonably usable' and that the native format, with the accompanying metadata, meet the criteria of 'reasonably usable' whereas the PDF or TIFF formats do not"); *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 655 (M.D. Fla. 2007) (citing fourth edition of the manual for complex litigation).

## RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:** A current voter file, including the method of registration ("Registration Source") for each voter. For each voter, please include at least name, Voter ID number, registered address, county of registration, race, gender, birth date, and—if available—the name of 3PVRO that assisted the voter in registering to vote. This request does not seek information about voters who have requested to be exempted from this file under Section 119.071, Fla. Stat.

6

**RESPONSE:** To the extent the Secretary has such information, it is contained on the monthly voter extract disk that the Division of Elections provides to those who request it via VoterExtract@dos.myflorida.com. A request is good for the rest of the calendar year. The "name of 3PVRO that assisted the voter in register to vote" is not available from the Secretary. "Information relating to the place where a person registered to vote or where a person updated a voter registration" is confidential and exempt pursuant to section 97.0585(1)(b), Florida Stat. Pursuant to the Protective Order entered into in this case, the Secretary can provide information in the extracts to Plaintiffs, however, the information will only reflect the last method used by the voter, which most likely would be for a registration update rather than the initial registration.

The Secretary will produce a then-current copy of the voter extract disk. Given reasonable notice by Plaintiffs, the Secretary agrees to produce then-current voter extract disks in the future, but the Secretary objects to this Request as overbroad and unduly burdensome to the extent it seeks to obligate the Secretary to produce each new iteration of the voter file as it is updated.

**REQUEST FOR PRODUCTION NO. 2:** Annual snapshots of the voter file as it existed on January 1, beginning in 2016 to 2023 (e.g., January 1, 2016, January 1, 2017, January 1, 2018, etc.), or if You are unable to produce the voter file as it existed on these specific dates, all available past snapshots of the voter file. The snapshots should include, at a minimum, the method of registration ("Registration Source") for each

voter, the voter's name, Voter ID number, residence address, county of registration, race, gender, birth date, and—if available—the name of 3PVRO that assisted the voter in registering to vote. This request does not seek information about voters who have requested to be exempted from this file under Section 119.071, Fla. Stat.

**RESPONSE:** See response to Request No. 1. The Secretary further objects to this Request as "snapshots" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. If available, the Secretary will produce the monthly extract disks covering January 1 for the requested years.

**REQUEST FOR PRODUCTION NO. 3:** All Election Recap Reports for the 2016 presidential primary election.

**RESPONSE:** "Election Recap Reports" are available at https://dos.myflorida.com/elections/data-statistics/elections-data/general-election-surveys/. The Secretary is in the process of identifying other potentially responsive materials, and, after a reasonable search and inquiry, will produce non-privileged, responsive documents on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 4:** All Election Recap Reports for the 2022 primary and general elections.

**RESPONSE:** "Election Recap Reports" are available at https://dos.myflorida.com/elections/data-statistics/elections-data/general-election-surveys/. The Secretary is in the process of identifying other potentially responsive materials, and, after a reasonable search and inquiry, will produce non-privileged, responsive documents on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications relating to 3PVROs' alleged failures to timely deliver, or to deliver to the correct county, completed voter registration applications, including any reports, Forms DS-DE 148, and documents or communications relating to whether any affected voter was ultimately registered to vote.

**RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession,

custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications relating to noncitizens' handling, distribution, possession, or other interaction with voter registration application forms.

**RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications relating to alleged unlawful or otherwise improper use of any voter's personal information obtained from such voter's registration application forms by 3PVROs, their staff, or their volunteers.

**RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications relating to fines levied against 3PVROs in Florida, including documents and communications relating to the name of the 3PVRO fined, the date on which the 3PVRO was fined, the reason for the fine, whether the fine was contested, whether the

fine was paid, the amount of the fine, how You learned about the conduct relevant to the fine, and the evidence corroborating such conduct.

**RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications relating to the handling, distribution, collection, possession, or other interaction with, voter registration application forms by individuals convicted of one of the felony offenses enumerated in the 3PVRO Canvasser Restrictions.

**RESPONSE:** The Secretary objects to this Request as irrelevant to Plaintiffs' Second Amended Complaint, which removed all claims and allegations regarding the

Felon Volunteer Restriction. As such, the Request is unduly burdensome. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications demonstrating the State's interest in 3PVRO Canvasser Restrictions, including prohibiting noncitizens from collecting or handling voter registration materials or prohibiting individuals convicted of one of the felony offenses enumerated in the 3PVRO Canvasser Restrictions collection or handling voter registration materials.

  **RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications demonstrating" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. The Secretary also objects to this Request to the extent it is irrelevant to Plaintiffs' Second Amended Complaint, which removed all claims and allegations regarding the Felon Volunteer Restriction, and therefore is unduly burdensome to the extent the Request seeks documents regarding the State's interests in the Felon

Volunteer Restriction. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request (aside from those that solely responsive to the Felon Volunteer Restriction) on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications demonstrating the State's interest in the 3PVRO Information Retention Ban.

    **RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications demonstrating" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications demonstrating the State's interest in the 3PVRO Fines Provision.

    **RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications demonstrating" is vague, ambiguous, overbroad, and to the extent it

renders the Request unduly burdensome. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications relating to the Mail-In Ballot Request Assistance Restriction, including documents sufficient to show the relationship between a voter and the Person who requested the ballot for them and, if available, the reason for the assistance. Please also include each voter's ID number.

    **RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or

duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. Specifically, the Mail-In Ballot Request Assistance Restriction directly applies to Supervisors of Elections ("SOEs"), who are parties to this action, and to whom this Request should be directed. The Secretary believes that the only responsive documents in his possession would be communications with SOEs. As such, it would be overly burdensome for the Secretary to produce duplicative documents.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications demonstrating the State's interest in the Mail-In Ballot Request Assistance Restriction.

**RESPONSE:** The Secretary objects to this Request as "[a]ll documents and communications demonstrating" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. Specifically, the Mail-In Ballot Request Assistance Restriction directly applies to SOEs, who are parties to this action, and to whom this Request should be directed. The Secretary believes that the only responsive documents in his possession would be communications with SOEs. As such, it would be overly burdensome for the Secretary to produce duplicative documents.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications between You and the Florida Legislature relating to SB 7050, including specifically the Challenged Provisions.

 **RESPONSE:** The Secretary objects to this Request as "relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications between You and Supervisors of Elections relating to SB 7050, including specifically the Challenged Provisions.

 **RESPONSE:** The Secretary objects to this Request as "relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome.

The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications between You and the Florida Governor relating to SB 7050, including specifically the Challenged Provisions.

**RESPONSE:** The Secretary objects to this Request as "relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents that are cumulative and/or duplicative and to the extent it seeks documents

outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications between You and the Florida Attorney General relating to SB 7050, including specifically the Challenged Provisions.

**RESPONSE:** The Secretary objects to this Request as "relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications between You and consultants, lobbyists, staff, researchers, scholars, members of the public, or any other Person relating to SB 7050, including specifically the Challenged Provisions.

      **RESPONSE:** The Secretary objects to this Request as "relating to" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications regarding Your support or opposition to SB 7050 in whole or in part, including specifically in relation to the Challenged Provisions.

**RESPONSE:** The Secretary objects to this Request as "regarding" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "regarding" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications regarding any reports, studies, estimates, or analyses regarding the Challenged Provisions, including but not limited to any reports, studies, estimates, or analyses regarding the fiscal impact of the Challenged Provisions, as well as the impacts that the Challenged Provisions are likely to have on voters, 3PVROs, voter turnout, voter registration rates, and vote-by-mail turnout.

**RESPONSE:** The Secretary objects to this Request as "regarding" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome.

The Definition of "regarding" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications regarding complaints pertaining to assistance provided to voters in requesting vote-by-mail ballots, including but not limited to allegations that vote-by-mail ballots were fraudulently requested, as well as any and all documents and communications pertaining to the investigation, identification, or prosecution the aforementioned conduct.

**RESPONSE:** The Secretary objects to this Request as "regarding" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "regarding" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how

attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications regarding voter complaints about 3PVROs.

    **RESPONSE:** The Secretary objects to this Request as "regarding" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "regarding" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are

responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 24:** All documents and communications regarding voter complaints about 3PVROs.

    **RESPONSE:** The Secretary objects to this Request as "regarding" is vague, ambiguous, overbroad, and to the extent it renders the Request unduly burdensome. The Definition of "regarding" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications between Your office and the National Republican Senatorial Committee, the National Republican Congressional Committee, the Republican National Committee, any

Republican State or local officials, and any of their employees, staff, contractors, consultants, advisors, agents, representatives, or anyone acting on their behalf regarding SB 7050 or Florida House Bill 7005 (2023) and Florida House Bill 7067 (2023).

      **RESPONSE:** The Secretary objects to this Request as "any of their employees, staff, contractors, consultants, advisors, agents, representatives, or anyone acting on their behalf" and "regarding" are vague, ambiguous, overbroad, and to the extent they render the Request unduly burdensome. The Definition of "relating to" essentially is boundless, and it is unreasonable and unduly burdensome to ask the Secretary to identify "in the[] broadest sense" any documents or communications potentially responsive to this Request, no matter how attenuated. The Secretary further objects to this Request to the extent it seeks documents obtainable from other sources that are more convenient, to the extent it seeks documents that are cumulative and/or duplicative, and to the extent it seeks documents outside of the Secretary's possession, custody, or control. After a reasonable search and inquiry, the Secretary will produce all non-privileged documents that are responsive to this Request on a rolling basis. The Secretary anticipates that productions will begin later this month.

Dated: August 21, 2023

Respectfully submitted,

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, the forgoing document was served via email on the following counsel:

Abha Khanna*
Makeba Rutahindurwa*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law
*Admitted Pro Hac Vice

Frederick S. Wermuth
Florida Bar No. 0184111
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

*Counsel for Plaintiffs Florida State
Conference of Branches of Youth Units
of the NAACP, Voters of Tomorrow
Action, Inc., Disability Rights Florida,
Alianza for Progress, Alianza Center,
UnidosUS, Florida Alliance for Retired
Americans, Santiago Mayer, and
Esperanza Sánchez*

/s/ Mohammad O. Jazil
Mohammad O. Jazil