UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, et al.,<br><br>Defendants. | Case Nos.:  4:23-cv-215-MW/MAF<br>4:23-cv-216-MW-MAF<br>4:23-cv-218-MW-MAF |

**PLAINTIFFS' MOTION IN LIMINE
AS TO CERTAIN COMPOSITE EXHIBITS**

Plaintiffs move *in limine* to compel the Secretary to break his Exhibits 10, 26, 27, 28, 29, 30, 34, 40, 44, 48, and 50 out into individual exhibits. In support, Plaintiffs state:

Each of the 11 exhibits addressed in this motion are amalgamations of hundreds of loosely related documents.

- The Secretary describes his Exhibit 10 as "Letters from the Department of State to 3PVROs." ECF No. 244-2 at 3–4. The exhibit's description spans 22 pages of the Secretary's exhibit list. *See id.* at 3–25. In

- substance, Exhibit 10 consists of 281 letters sent to different 3PVROs at different times and for different reasons.

- Exhibits 26 through 29 consist of hundreds of pages of DS-DE 148 forms transmitted from various Supervisors of Elections to the Department of State. *See id.* at 27–28.

- The Secretary's Exhibit 30 is a 63-page document that purports to contain all of the election fraud complaints made in 2022. *See id.* at 28.

- Exhibit 34 is a 98-page exhibit that appears to contain all voter fraud related documents transmitted from the Leon County Supervisor of Elections. *Id.* at 29.

- Exhibit 40 is a 162-page document that proports to be a binder of 3PVRO-related documents maintained by Deputy Secretary Brad McVay. *Id.* at 30.

- Exhibits 44, 48, and 50 each appear to be several hundred-page compilations of documents and communications related to alleged voter fraud. *Id.* at 31–32.[1]

---

[1] Plaintiffs also originally objected to Exhibits 35, 36, and 37, which span nearly 1,000 pages and contain the Secretary's entire appendix submitted in opposition to Plaintiffs' motion for a preliminary injunction. The Secretary has agreed to disaggregate these exhibits into a separate exhibit for each constituent tab.

Plaintiffs objected to each exhibit's composite nature. *Id.* at 4, 27–32. Plaintiffs also raised a host of other objections—which they maintain—but now move *in limine* to require the Secretary to break Exhibits 10, 26, 27, 28, 29, 30, 34, 40, 44, 48, and 50 out into their constituent parts.

## ARGUMENT

Federal Rule of Civil Procedure 611(a) grants this Court broad discretion to "control the mode . . . of . . . presenting evidence." *See also United States v. Pon*, 963 F.3d 1207, 1223 (11th Cir. 2020) (same). This Court should exercise that discretion to consider and grant this motion because the way the Secretary has constructed Exhibits 10, 26, 27, 28, 29, 30, 34, 40, 44, 48, and 50 threatens to prejudice Plaintiffs and waste time at trial.

**I.   There is good cause to consider this motion.**

A motion filed after a deadline imposed by the Court may be granted "upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)). The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (quotation marks omitted). Though filed after the deadline for motions *in limine*, Plaintiffs' motion meets that standard.

This Court's order setting the pretrial schedule required the parties to file motions *in limine* on or before February 23, 2024. ECF No. 203. The parties

3

exchanged their final witness and exhibit lists on March 1, 2024. *Id.* For this reason, Plaintiffs could not have objected to the Secretary's composite exhibits before the deadline for motions *in limine*. And the relief sought in this motion would not prejudice the Secretary, as he can still offer the documents that make up his various composites as separate exhibits. Moreover, Plaintiffs' requested relief would facilitate the efficient presentation of the evidence because, if this Court grants this motion, it need rule at trial only on objections to those documents that the Secretary actually intends to use, not hundreds of extraneous pages unrelated to the Secretary's presentation of the document. For all these reasons, there is good cause to consider this motion.

**II.     This Court should order the Secretary to break his improper composite exhibits out into individual exhibits.**

The Secretary's novel-length composite exhibits are inappropriate for use at trial. As other Courts have explained, "a composite exhibit that includes 250 sub-exhibits" is not "usable." *Pooshs v. Phillip Morris USA, Inc.*, No. C 04-1221 PJH, 2014 WL 6789948, at *2 (N.D. Cal. Dec. 2, 2014). That observation is borne out here. The Secretary's Exhibit 10, for example, contains 281 letters, sent for different reasons, to different entities, and at different times. And his other composite exhibits likewise contain hundreds of pages of tangentially related documents. This creates two major problems.

*First*, the exhibits give Plaintiffs no notice of which documents the Secretary actually intends to use at trial, thus prejudicing Plaintiffs. "Pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) are intended to prevent prejudice at trial by putting the parties on notice of what evidence the opposing party plans to offer." *EEOC v. Ohio State Univ.*, No. 2:20-CV-04624, 2023 WL 1070245, at *1 (S.D. Ohio Jan. 27, 2023). But the Secretary's composite exhibits effectively obfuscate any such notice, burying the pages that the Secretary actually plans to use at trial amidst hundreds of other pages. Without knowing which documents the Secretary actually plans to use, Plaintiffs are left to sift through thousands of pages of loosely related material, guessing as to which the Secretary will use, and may be unfairly denied the opportunity to identify and present evidence that would contradict any conclusions the Secretary may use the exhibits to support.

*Second*, the different documents that make up the Secretary's composite exhibits may be subject to different objections, making their admission as one exhibit impossible or unwieldy. Pretrial disclosures are intended to "enable the Court to conduct trial proceedings efficiently." *Id.* The challenged exhibits' composite nature threatens the efficient conduct of trial. A composite "exhibit as a whole may contain some evidence of probative value, but may also contain" inadmissible documents. *Weatherly v. Ala. State Univ.*, No. 2:10CV192-WHA, 2012 WL 274754, at *2 (M.D. Ala. Jan. 31, 2012). Some may be admissible for one purpose, while others may be

admissible for another purpose; some may be more unfairly prejudicial than probative, while others may be more probative than unfairly prejudicial; some may contain hearsay—or hearsay within hearsay—while others may not.

For example, Deputy Secretary McVay's binder was likely created for use in this or other litigation, but some documents within it may be admissible for a limited purpose on their own. *See Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2013) ("[D]ocuments prepared with an eye toward litigation raise serious trustworthiness concerns because there is a strong incentive to deceive (namely, avoiding liability).").

If this Court allows the Secretary to present each composite as one exhibit, it must then address Plaintiffs' objections to each document before admitting or excluding the entire exhibit. This is so even if the Secretary does not actually plan to use many documents contained within his composite exhibits. For that reason, allowing the Secretary to present Exhibits 10, 26, 27, 28, 29, 30, 34, 40, 44, 48, and 50 as single exhibits would waste an inordinate amount of time at trial.

## CONCLUSION

For these reasons, this Court should order the Secretary to break his Exhibits 10, 26, 27, 28, 29, 30, 34, 40, 44, 48, and 50 into separate exhibits.

## LOCAL RULE 7.1(B) CERTIFICATION

Undersigned counsel, Frederick Wermuth, conferred with counsel for the

6

Secretary on Tuesday, March 12th via email regarding the relief sought, acceded to the request of Secretary's counsel to await conferral on this matter until today, met and conferred with Secretary's counsel via video conference today, and was informed that the Secretary opposes the above-requested relief, except as noted in footnote 1 *supra*.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Frederick Wermuth, certifies that this motion contains 1221 words, excluding the case style and certifications.

Respectfully submitted this 14th day of March, 2024.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Abha Khanna*
Makeba Rutahindurwa*
**ELIAS LAW GROUP, LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

/s/ *Brent Ferguson*
Brent Ferguson*
Danielle Lang*
Jonathan Diaz*
Ellen Boettcher*
Michael Ortega*
Christopher Lapinig*
Simone Leeper (FBN 1020511)
**Campaign Legal Center**
1101 14th Street NW, Ste. 400
Washington, DC 20005
Telephone: (202) 736-2200
bferguson@campaignlegal.org
dlang@campaignlegal.org
jdiaz@campaignlegal.org
eboettcher@campaignlegal.org
mortega@campaignlegal.org
sleeper@campaignlegal.org

Chad W. Dunn
Florida Bar No. 0119137
BRAZIL & DUNN

7

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

* Admitted *pro hac vice*
*Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez*

1200 Brickell Avenue
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

*Admitted pro hac vice
Counsel for Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund*

/s/ Megan Keenan
Julie A. Ebenstein (FBN 91033)
Adriel I. Cepeda Derieux*
Megan C. Keenan*
Dayton Campbell-Harris*
Sophia Lin Lakin*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jebenstein@aclu.org
acepedaderieux@aclu.org
mkeenan@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

8

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Roberto Cruz (FBN 18436)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 754-1935
rcruz@latinojustice.org

Delmarie Alicea (FBN 1024650)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
dalicea@latinojustice.org

Cesar Z. Ruiz*
Fulvia Vargas De-Leon†
Ghita Schwarz†
**LatinoJustice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
fvargasdeleon@latinojustice.org
gschwarz@latinojustice.org

9

Estee M. Konor*
**Dēmos**
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

John A. Freedman†
Jeremy Karpatkin†
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

*Admitted Pro Hac Vice*
† *Motion for leave to appear pro hac vice forthcoming*

*Counsel for Plaintiffs Hispanic Federation, Poder Latinx, Verónica Herrera-Lucha, Norka Martínez, and Elizabeth Pico*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111