IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

v.                                       Case No. 4:23-cv-215-MW/MAF
                                                      4:23-cv-216-MW-MAF
                                                      4:23-cv-218-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.
_____/

**<u>THE SECRETARY'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE</u>**

    The Secretary responds in opposition to Plaintiffs' motion in limine. Doc.255.

1

## Introduction

Two weeks before trial, and another motion from Plaintiffs. This time, Plaintiffs want the Secretary to "break" up several of his trial exhibits. Their motion, however, comes too late and does little good. It should be denied.

## Background

Plaintiffs don't attach any of the contested exhibits to their motion or even submit them to this Court for review. Instead, they describe them in loose terms. The Secretary provides more detail here, and he will submit the exhibits to the clerk's office, given that some contain confidential information.

- Exhibit 10 is a composite exhibit, collecting all of the fine letters sent from the Department of State to 3PVROs. The Secretary's trial counsel compiled these exhibits together. That said, the parties reached a resolution on this issue: the Secretary won't rely on this exhibit at trial, and the NAACP Plaintiffs' fine-letter exhibits will be introduced into evidence, for "the purpose of showing that the fine letters were prepared" or "sent to third-party voter registration organizations." **Attachment 1.** *See also* Doc.258.

- Exhibit 26 is a collection of filled-out Supervisor of Elections' Transmittal Forms from around 2018. The whole exhibit is 146 pages. The Secretary's trial counsel didn't compile these exhibits together; this is how the Secretary's office keeps the documents.

- Exhibit 27 is a collection of filled-out Supervisor of Elections' Transmittal Forms from around 2019. The whole exhibit is 93 pages. The Secretary's trial counsel didn't compile these exhibits together; this is how the Secretary's office keeps the documents.

- Exhibit 28 is a collection of filled-out Supervisor of Elections' Transmittal Forms from around 2020. The whole exhibit is 28 pages. The Secretary's

trial counsel didn't compile these exhibits together; this is how the Secretary's office keeps the documents.

- Exhibit 29 is a collection of filled-out Supervisor of Elections' Transmittal Forms from around 2023. The whole exhibit is 773 pages. The Secretary's trial counsel didn't compile these exhibits together; this is how the Secretary's office keeps the documents.

- Exhibit 30 is a collection of filled-out Election Fraud Complaints from around 2022. The whole exhibit is 63 pages. The Secretary's trial counsel didn't compile these exhibits together; this is how the Secretary's office keeps the documents.

- Exhibit 34 is one deposition exhibit from Supervisor Earley's deposition in *League of Women Voters of Florida v. Florida Secretary of State*, 4:21-cv-186 (N.D. Fla. 2021). The Secretary's trial counsel in this case didn't compile these exhibits together.

- Exhibit 40 are the documents in Department of State Deputy Secretary Brad McVay's binder on 3PVRO criminal referrals. It is 162 pages long. The Secretary's trial counsel didn't compile these exhibits together; this is how the Secretary's office keeps the documents.

- Exhibit 44 is Exhibit 1558 from the *League of Women Voters of Florida* case. 4:21-cv-186 (N.D. Fla. 2021). Counsel in that case overlaps with counsel in this case. Exhibit 1558 was stipulated and admitted into evidence with qualifications in *League*. Doc.468, 4:21-cv-186.

- Exhibit 48 is Exhibit 1562 from the *League of Women Voters of Florida* case. 4:21-cv-186 (N.D. Fla. 2021). Counsel in that case overlaps with counsel in this case. Exhibit 1562 was stipulated and admitted into evidence with qualifications in *League*. Doc.468, 4:21-cv-186.

- Exhibit 50 is Exhibit 1564 from the *League of Women Voters of Florida* case. 4:21-cv-186 (N.D. Fla. 2021). Counsel in that case overlaps with counsel

in this case. Exhibit 1564 was stipulated and admitted into evidence with qualifications in *League*. Doc.468, 4:21-cv-186.

## Argument

**A.** Plaintiffs' motion comes too late. They even admit that their motion is untimely. Doc.255 at 3-4. But they argue that "good cause" excuses its untimeliness. Specifically, Plaintiffs argue that they couldn't file a timely motion because the final exhibit list was exchanged March 1, but the motions deadline was February 23.

That's not quite right. The Secretary provided Plaintiffs with his exhibits on February 23. **Attachment 2.** True, that date was the motion deadlines date. But the "'good cause' standard" turns on "the diligence of the party seeking" relief. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs don't explain why they waited until this week to file their motion, even though they reviewed all of the Secretary's exhibits, and provided (numerous) objections to those exhibits by March 1. A "lack of diligence" doesn't amount to good cause. *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiffs' lack of diligence doesn't warrant their requested relief.

**B.** Plaintiffs' motion also does little good. They contend that their relief "would facilitate the efficient presentation of the evidence because, if this Court grants this motion, it need rule at trial only on objections to those documents that the Secretary actually intends to use, not hundreds of extraneous pages unrelated to the Secretary's presentation of the document." Doc.255 at 4.

This invocation to efficiency rings completely hollow, considering Plaintiffs' numerous objections to the at-issue exhibits. Take, for instance, Exhibit 28. It's less than 30 pages long, and it contains less than fifteen Supervisor of Elections' Transmittal Forms from around 2020. With this exhibit, Plaintiffs raised Rule 401 and Rule 402 objections. And an objection under Rule 403. And Rule 801 and 802 objections. And an "NC" objection and "MIL" note. Doc.244-2 at 28. Under Plaintiffs' theory of efficiency, this Court must rule on half-a-dozen objections to a transmittal form fourteen times. Once seems better from the Secretary's perspective.

Plaintiffs make still more arguments. They contend that the exhibits don't provide Plaintiffs with notice "of which documents the Secretary actually intends to use at trial." Doc.255 at 5. But this argument doesn't get Plaintiffs far; they already saw, reviewed, analyzed, and provided objections to those exhibits by March 1. It's also an ironic argument, given that the three Plaintiffs are seeking to introduce 977 exhibits into evidence. Doc.244-1.

Then Plaintiffs argue that "the different documents that make up the Secretary's composite exhibits may be subject to different objections, making their admission as one exhibit impossible or unwieldy." Doc.255 at 5. Not so. If the Secretary seeks to move an exhibit into evidence, Plaintiffs can raise the objections listed on the exhibit list—all at once. Instead of many, many times.

Plaintiffs put it perfectly, "[i]f this Court allows the Secretary to present each composite as one exhibit, it must then address Plaintiffs' objections to each document

5

before admitting or excluding the entire exhibit." Doc.255 at 6. True. But that's better than fourteen more times.

## Conclusion

In all, Plaintiffs' motion is untimely and is unnecessary. It's not backed by good cause and isn't persuasive. It should be denied.

Dated: March 15, 2024

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Respectfully submitted,

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

*Admitted pro hac vice*

## Certificate of Compliance

I certify that this document is 1,106 words, which is under the 8,000-word limit in Local Rule 7.1. I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil

## Certificate of Service

I certify that on March 15, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil
