UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH
UNITS OF THE NAACP, et al.,

        Plaintiffs,

v.

CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,

        Defendants.

Case Nos.: 4:23-cv-215-MW/MAF
              4:23-cv-216-MW-MAF
              4:23-cv-218-MW-MAF

## **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

The Secretary's response to Plaintiffs' motion to compel—ECF No. 253—inverts the law and misstates reality. In the Secretary's view, parties must be prescient or waive their rights, a week's-long conferral process is an ambush, anything an attorney touches is privileged, and anyone who interacts with the legislative process in any way receives legislative privilege. At this Court's invitation, ECF No. 254, Plaintiffs submit this Reply to briefly set the record straight.[1]

---

[1] Plaintiffs will not waste the Court's time refuting every inaccuracy or irrelevant aside raised by the Secretary in his response, and instead focus on the relevant standards, which demonstrate that Plaintiffs are entitled to the relief they seek.

### I.    Plaintiffs' motion is timely.

The Secretary faults Plaintiffs for requesting a privilege log after the discovery deadline (and nearly a month before the Secretary produced it), ECF No. 253 at 16, despite this Court's clear directive that a party "should not have to ask for the privilege log at all," *Covington v. Sailormen Inc.,* 274 F.R.D. 692, 694 (N.D. Fla. 2011). It was the *Secretary's* obligation to provide a timely privilege log, and any grace Plaintiffs provided cannot be held against them. Despite their diligence, Plaintiffs could not have brought this motion earlier:

- **July 21, 2023**: Plaintiffs serve the discovery requests at issue.
- **August 21, 2023**: The Secretary serves his written response. ECF No. 248-2.
- **December 18, 2023**: Written discovery closes. ECF No. 117 at 2.
- **December 22, 2023**: The Secretary produces 7,225 pages of documents.
- **January 2, 2024**: The Secretary produces 8,115 pages of documents.
- **January 2, 2024:** Close of discovery. ECF No. 174 at 3.
- **January 17, 2024**: The Secretary produces 13,054 pages of documents.
- **January 30, 2024**: Plaintiffs ask about the Secretary's missing privilege log and how many more productions to expect. ECF No. 248-6 at 4–5.
- **January 30, 2024**: Secretary's counsel represents that he is done producing documents and that a privilege log is forthcoming. *Id.* at 4.
- **February 8, 2024**: Plaintiffs request privilege log again. *Id.* at 3.
- **February 14, 2024**: The Secretary produces his redaction log.
- **February 16, 2024**: The Secretary produces 2,327 pages of documents.
- **February 16, 2024**: The Secretary produces his privilege log.
- **February 22, 2024**: Plaintiffs depose Maria Matthews, ask about redacted document, and request unredacted copy. *See generally* ECF No. 248-7.

Good cause warrants consideration of Plaintiffs' motion now.

## II. Plaintiffs conferred in good faith.

Plaintiffs did not file this motion without first reaching out to the Secretary to confer on the issue several times:

- **February 29, 2024**: Plaintiffs request an unredacted copy of Ex. 10 to Matthews's deposition. The Secretary offers to show Plaintiffs the document over Zoom. Plaintiffs view it that night. ECF No. 248-11 at 9–10.
- **March 1, 2024**: Plaintiffs request that the Secretary produce the improperly withheld documents. *Id.* at 7–8.
- **March 2, 2024**: Plaintiffs represent that they are "are willing to wait until Monday to file any necessary motions. But . . . ask that" the Secretary "restate [his] position on the already conferred upon document now as it will help us determine whether there is a genuine chance of us getting the requested documents without seeking relief from the Court." *Id.* at 5–6.
- **March 2, 2024**: The Secretary refuses to provide a timeframe or position and states "[y]ou're welcome to file your motion if you feel that you must." *Id.* at 4–5.
- **March 4, 2024 at 9:22 AM**: Plaintiffs request the Secretary's position on the documents and raise an issue with a handful of previously unidentified but related documents. Plaintiffs offer to confer by phone. *Id.* at 2–3.
- **March 4, 2024 at 1:01 PM and 1:16 PM**: The Secretary's counsel follows up by email without stating a position or offering a time to confer. *Id.* at 1–2.
- **March 4, 2024 at 3:57 PM**: Plaintiffs request a response on their motion by 5 p.m. *Id.* at 1.
- **March 4, 2024 at 5:23 PM**: Plaintiffs' counsel calls the Secretary's counsel and leaves a message. The Secretary's counsel declines to respond.
- **March 4, 2024 at 9:31 PM:** Plaintiffs move to compel. ECF No. 249.
- **March 5, 2024**: Plaintiffs follow up with the Secretary on a related confidentiality issue. During that call, Plaintiffs offer to continue the conferral process. The Secretary's counsel indicates he is not in a position to confer on the documents but appreciates the offer.
- **March 12, 2024**: The Secretary responds to Plaintiffs' motion to compel, asserting that he will not be providing any of the documents. ECF No. 253.

3

Plaintiffs' conferral began with the February 22, 2024 Matthews deposition. As the conferral continued, even the Secretary raised that he believed his position on privilege would apply to all the documents. ECF No. 248-11 at 3 ("[O]ur position on that document likely impacts our positions on each of the other 150+ documents you've cited."). The Secretary's feigned surprise by Plaintiffs' motion is not credible.[2] Plaintiffs conferred for as long as they could, and this Court should find their conferral to be in good faith.[3]

### III. No privilege applies to the documents at issue.

On the merits, the Secretary argues that the communications involved seeking advice from his in-house counsel, *id.* at 9–10, but this ignores that the attorneys from the General Counsel's office, Brad McVay and Joseph Van de Bogart, were part of the "management team that [wa]s responsible for putting the [legislative] package

---

[2] Although Plaintiffs have complied with Rule 37(a)(1), courts have excused strict compliance "where temporal exigencies required speedy action and where efforts at informal compromise would have been clearly futile." *Leibovitz v. City of New York*, No. 15CIV546LGSHBP, 2017 WL 462515, at *1 (S.D.N.Y. Feb. 3, 2017). Both conditions are present here. As this Court noted, this issue must be decided on an expedited basis as trial is fast approaching. ECF No. 254. Given another week to think it over, the Secretary has come back strenuously arguing that every single document is privileged. *See* ECF No. 249. Any conferral was thus futile, and the Secretary is already arguing Plaintiffs waited too long.

[3] Plaintiffs dispute the Secretary's argument—made in passing in a footnote—that Plaintiffs are not entitled to fees. ECF No. 253 at 7 n.4. If this Court grants the motion, Plaintiffs are entitled to fees under Rule 37(a)(5); none of the enumerated exceptions apply. *See* Fed. R. Civ. P. 37(a)(5).

together." ECF No. 248-7 at 126:2–6. There is nothing in the subject lines, dates, or descriptions of the communications to suggest that McVay and Van de Bogart were providing legal advice about SB 7050's legal implications on the Secretary rather than acting as a member of the team tasked with crafting proposed legislative language. *See Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 1:20-CV-00292, 2023 WL 8358117, at *10 (M.D. Pa. Dec. 1, 2023) (email from attorney who authored "draft legislative amendment" to another attorney was not protected by attorney-client privilege as it constituted "legislative, political, or policy advice only"). And it is the Secretary who has the burden to prove otherwise. ECF No. 249 at 14. He falls woefully short.[4]

As to legislative privilege, the Secretary overstates the cases he cites and asks this Court to stretch legislative privilege beyond recognition. *See* ECF No. 253 at 12–15. Each of these decisions applied legislative privilege to *legislative or gubernatorial staff*—not the staff of a state agency. *Common Cause Fla. v. Byrd*, Case No. 4:22-cv-109-AM/MAF, 2023 WL 3676796, at *2 (N.D. Fla. May 25, 2023) (legislative privilege applied to gubernatorial staff); *Florida v. United States*, 886 F.

---

[4] The Secretary also relies on *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-04321-NKL, 2014 WL 2575220 (W.D. Mo. June 9, 2014), for support. In *Barfield*, a trade association asked its attorney to work on proposed legislation or amendments that would benefit it. *Id.* at *2. Here, the Legislature asked the Secretary for a proposed package. There can be no dispute that the Secretary—as an office in the executive branch of government—is not the Legislature's attorney.

Supp. 2d 1301, 1304 (N.D. Fla. 2012) (legislative privilege applied to legislative staff), *Gravel v. United States*, 408 U.S. 606, 616 (1972) (Speech and Debate Clause applied to senatorial aide); *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 301 (D. Md. 1992) (legislative immunity applied to gubernatorial staff). And even for the gubernatorial staff in *Schaefer*, they received the privilege's benefit only because "the *sui generis* nature of redistricting legislation distinguishe[d] the Governor's role [in the case] from the executive role, in more pedestrian cases, of proposing legislation to be introduced—or not—by individual members." 144 F.R.D. at 301. These cases say nothing about extending the legislative privilege to agency officers who enforce laws but have no say as to their enactment, and for good reason: accepting the Secretary's view of legislative privilege would mean anyone who communicates with a legislator could claim an absolute privilege. Legislative privilege cannot extend that far.

\*   \*   \*

If this Court harbors doubt as to whether a privilege protects the documents at issue, Plaintiffs urge the Court to review the documents for itself. The one document the Secretary has shown Plaintiffs reflected the Secretary's Chief of Staff soliciting recommendations for changes to existing election law, not a legal analysis of how the changes would impact the Department. Plaintiffs believe an *in camera* review of

6

the remaining documents they seek will likewise show that the Department was discussing potential changes to legislation, not privileged matters.

This Court should grant Plaintiffs' motion to compel.

| | |
|---|---|
| Dated: March 15, 2024 | Respectfully submitted, |
| Abha Khanna* <br> Makeba Rutahindurwa* <br> **ELIAS LAW GROUP, LLP** <br> 1700 Seventh Ave., Suite 2100 <br> Seattle, Washington 98101 <br> Telephone: (206) 656-0177 <br> akhanna@elias.law <br> mrutahindurwa@elias.law <br><br> Lalitha D. Madduri* <br> Melinda Johnson* <br> Renata O'Donnell* <br> **ELIAS LAW GROUP, LLP** <br> 250 Massachusetts Ave NW, Suite 400 <br> Washington, D.C. 20001 <br> Telephone: (202) 968-4490 <br> lmadduri@elias.law <br> mjohnson@elias.law <br> rodonnell@elias.law <br><br> *\* Admitted pro hac vice* <br><br> *Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, and Esperanza Sánchez* | /s/ Frederick S. Wermuth <br> Frederick S. Wermuth <br> Florida Bar No. 0184111 <br> **KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.** <br> P.O. Box 1631 <br> Orlando, FL 32802-1631 <br> Telephone: (407) 422-2472 <br> Facsimile: (407) 648-0161 <br> fwermuth@kbzwlaw.com |

7

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Frederick Wermuth, certifies that this reply contains 1,599 words, excluding the case style and certifications.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 018411

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 018411