IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                                  Case Nos.: 4:23cv215-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.

_____/

## ORDER DENYING MOTION TO COMPEL

This Court has considered, without hearing, Plaintiffs' motion to compel, ECF No. 249, Defendant Byrd's response in opposition, ECF No. 253, and Plaintiffs' reply, ECF No. 260. For the reasons set out below, Plaintiffs' motion, ECF No. 249, is **DENIED**.

These consolidated cases involve constitutional challenges to several provisions of Florida law regulating voter registration organizations and vote-by-mail ballot requests. Time is of the essence in resolving these claims in light of *Purcell* and several upcoming elections, including the general election in November of this year. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of St.*, 32 F.4th 1363, 1370–73 (11th Cir. 2022) (discussing and applying "*Purcell* principle" to stay

injunction pending appeal). Defendant Byrd asserts the motion should be denied as untimely, and, in the alternative, that the requested documents are covered by attorney-client privilege and legislative privilege, a merits-determination that could result in an interlocutory appeal and further delay of these time-sensitive cases. *See Pernell v. Fla. Bd. of Govs. of St. Univ. Sys.*, 84 F.4th 1339, 1342 (11th Cir. 2023) (noting interlocutory appeal of order denying in part motion to quash subpoenas and stay of discovery order at district court pending resolution of interlocutory appeal)

Trial is set to begin on April 1, 2024. The discovery deadline expired on January 2, 2024. *See* ECF No. 174 (extending deadline to January 2, 2024). Motions to compel discovery were due no later than 30 days before the close of discovery—in this case, December 4, 2023. *See* ECF No. 23 at 2. But here, Plaintiffs did not file their motion until March 4, 2024, a full three months past the deadline. Ordinarily, this Court would entertain an untimely motion upon "a showing of reasonable diligence during the discovery period and the discovery dispute in question arose during the last 30 days of discovery." *Id*. But that is not the case here.

Plaintiffs seek an Order from this Court compelling Defendant Byrd to produce close to 200 documents that they say have been improperly withheld during discovery. Plaintiffs point to, among other things, redacted emails that were produced within and after the last 30 days of discovery and the failure of Defendant Byrd to produce a timely privilege log. Indeed, Defendant Byrd did not produce a

privilege log until February 16, 2024. But Plaintiffs never requested a privilege log until January 30, 2024. This is so, despite Plaintiffs' receipt of weekly batches of redacted documents from Defendant Byrd between December 2023 and February 2024.

Plaintiffs' counsel are experienced attorneys in the context of election law challenges and should, by now, understand that delay in these kinds of cases is unacceptable. Here, this Court might have entertained a prompt motion to compel had Plaintiffs properly conferred and filed their motion at the earliest indication that documents had been withheld improperly. But Plaintiffs failed to act with the necessary diligence in prosecuting their claims here. For this reason, Plaintiffs' motion, ECF No. 249, is **DENIED as untimely.**

This Court pauses to note that neither side's hands are clean. It is deeply troubling to this Court that defense counsel appears to have chosen to ignore their obligations to timely provide a privilege log to Plaintiffs in compliance with the rules and effectively run out the clock. Considering the way both sides have conducted themselves in this litigation, this Court is obliged to more closely monitor the lawyers who appear before it going forward.

**SO ORDERED on March 18, 2024.**

s/Mark E. Walker                 
**Chief United States District Judge**
