IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                                  Case Nos.: 4:23cv215-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.

_____/

## **ORDER DENYING PLAINTIFFS' MOTION IN LIMINE**

    This Court has considered, without hearing, Plaintiffs' motion *in limine*, ECF No. 255, and Defendant Byrd's response in opposition, ECF No. 259. Plaintiffs move *in limine* to have this Court Order Defendant Byrd to break down certain composite exhibits into individual exhibits for trial. They argue that the way the Secretary has constructed several composite exhibits threatens to prejudice Plaintiffs and waste time at trial. Defendant Byrd, in response, argues that the motion is too little too late and that the requested relief will not provide for a more efficient process of addressing Plaintiffs' other objections to the exhibits at trial. Lastly, Defendant Byrd also suggests that some of the composite exhibits are kept together because "this is how the Secretary's office keeps the documents." ECF No. 259 at 2–3.

To start, parties are permitted to prophylactically list exhibits that they *may* use at trial. Contrary to Plaintiffs' suggestion, parties are not required to identify only those exhibits that they do intend to introduce. But it is no answer to suggest that large composite exhibits are required simply because "this is how we received the documents from our client."

Notwithstanding Plaintiffs' objections, however, this Court will not require Defendant Byrd to break down his composite exhibits into smaller pieces and re-list them for trial. But this Court also will not cut corners and simply permit large composite exhibits to come into evidence without addressing all timely raised objections. Instead, because of the way the parties have chosen to litigate this case, this Court will engage in a thorough review of the parties' objections to specific exhibits during trial, which means that this Court may need to revisit the trial schedule depending on how much time the parties spend bickering rather than addressing the merits of this dispute.[1]

---

[1] By revisiting the trial schedule, this Court does not intend to revisit the end time for each day. This Court intends to honor the 7:00 p.m. (ET) end time for each day, as requested by Defendant Byrd. Instead, this Court may need to hear evidence on the weekends or add days to the schedule to make up for time lost on litigating objections or other issues, and this Court will address such scheduling matters with the parties if the need arises.

For these reasons, Plaintiffs' motion, ECF No. 255, is **DENIED**.

**SO ORDERED on March 18, 2024.**

s/Mark E. Walker                     
**Chief United States District Judge**
