IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

v.                                             Case Nos.: 4:23-cv-215-MW-MAF
                                                                        4:23-cv-216-MW-MAF
                                                                        4:23-cv-218-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.
_____/

## THE SECRETARY'S OPENING BRIEF

    As directed by this Court, Doc.236, the Secretary provides his opening brief.

1

## Introduction

Third-party voter registration organizations are fiduciaries of Florida voters; however, not all 3PVROs live up to their responsibilities. *See* Fla. Stat. § 97.0575(5)(a). The issues run the gamut. Some fail to comply with the requirements under Florida statutory and regulatory law. Others falsify information on voter-registration applications and steal personal information from those forms. Many submit applications late, thus potentially disenfranchising the prospective voters they serve.

The State is aware that some 3PVROs have behaved badly. Each year, the Florida Department of State issues an ever-increasing number of fine letters to organizations that have violated statutory and regulatory law. And in recent years, the Florida Legislature has sought to protect voters from 3PVROs (and their agents) who behave badly. SB7050 is part of that latest effort.

SB7050 is also an omnibus piece of legislation, touching issues as varied as presidential-election resign-to-run requirements and double voting. Plaintiffs here challenge the 3PVRO provisions and the *NAACP* Plaintiffs challenge amendments to the vote-by-mail requirements.

As the evidence at trial will show, all of the challenged provisions are constitutional and comply with federal statutory law. Above all, the challenged provisions are reasonable, address well-established issues with 3PVROs, and otherwise further the State's interest in running elections in which voters have a high level of confidence.

## The Challenged Provisions

This Court has already resolved some of Plaintiffs' constitutional and statutory claims. But challenges to the following SB7050 provisions remain pending:

- The **Retention Provision**, which prevents a "person collecting voter registration applications on behalf of a third-party voter registration organization" from copying or retaining a voter's "personal information, such as the voter's Florida driver license number, Florida identification card number, social security number, or signature." Fla. Stat. § 97.0575(7).

- The **Receipt Provision**, which requires a 3PVRO to "provide a receipt to an applicant upon accepting possession of his or her application." Fla. Stat. § 97.0575(4).

- The **Fines Provision**, which increases the fines to 3PVROs that untimely submit voter-registration applications and reduces the time for 3PVROs to submit voter-registration applications from 14 to 10 days. Fla. Stat. § 97.0575(5).

- The **Mail-In Ballot Request Provision**, which requires "a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian" to request a vote-by-mail ballot. Fla. Stat. § 101.62(1)(a).

\*     \*     \*

In addition, all three Plaintiffs groups have raised some challenge to SB7050's **Citizen Restriction**, which prevents 3PVROs from having non-citizens "collect[] or handl[e]" voter-registration applications on behalf of the organizations. Fla. Stat. § 97.0575(1)(f). The challenges include the *NAACP* Plaintiffs' intentional-discrimination challenge, the *Hispanic Federation* Plaintiffs' overbreadth challenge, and

3

the *League* Plaintiffs' vagueness challenge. Indeed, the *Hispanic Federation* Plaintiffs only challenge SB7050's **Citizen Restriction** in their case.

The *NAACP* Plaintiffs and the *Hispanic Federation* Plaintiffs moved for summary-judgment on their Equal Protection Clause challenge to the provision. This Court granted their motions. *E.g.*, 4:23-cv-215, Doc.251. As such, the judicial labors concerning the **Citizen Restriction** are at an end, or should be.

## Florida Department of State Rulemaking

Since SB7050's passage, the Florida Department of State has also promulgated 3PVRO regulations, some of which were mandated under SB7050. The regulations are:

- Relevant to the **Citizen Restriction**, Rule 1S-2.042(3)(c) defines "collect" and "handle" to mean "physically exercising custody over voter registration applications containing a voter's personal information. It does not include distributing blank voter registration applications, supervising the collecting or handling of voter registration applications, assisting a voter who requests assistance to fill out their voter registration application, or facilitating the voter to register electronically through registertovoteflorida.gov." DX95.

- Relevant to the **Citizen Restriction**, and to prevent receiving a fine under the provision, Rule 1S-2.042(6)(e) allows 3PVRO employees or volunteers to sign a form that attests that he or she is a citizen of the United States. DX95; *see also* DX11 (the form).

- Relevant to the **Retention Provision**, Rule 1S-2.042(3)(h) defines a voter's "personal information" as "a voter's private information that is not generally available to the public including the voter's Florida driver license number, Florida identification card number, social security number, or signature. It does not include information contained in a Form DS-DE 129." DX95.

- Relevant to the **Receipt Provision**, Rule 1S-2.042(2)(f) establishes Form DS-DE 129, the receipt form. DX95; *see also* DX12 (the form).

- The Secretary's rule concerning the **Mail-In Ballot Request Provision**, Rule 1S-2.055, is the subject of an ongoing administrative challenge. Among other things, once finalized, consistent with the statutory text, the regulations will make clear that those with disabilities can continue to seek assistance in requesting a vote-by-mail ballot from anyone of their choice.

### The Secretary's Main Witnesses

The Secretary anticipates calling the following witnesses to rebut Plaintiffs' case. Andrew Darlington, the Director of the Office of Election Crimes and Security, will testify about his office's issues with 3PVROs and the actions taken to address those concerns. Maria Matthews, Director of the Division of Elections, will testify about the concerns she and her office have with 3PVROs and the steps taken to address those concerns. Tiffany Morley, also from the Division of Elections, will supplement the testimony of Mr. Darlington and Ms. Matthews, if necessary. Supervisors of elections, such as Lake County Supervisor Alan Hays, will similarly testify about their counties' issues with 3PVROs, as well as testify about their roles in the passage of SB7050.

5

Representatives from multiple state attorneys' offices will also explain their issues with 3PVROs and the difficulty of prosecuting election crimes. Nicholas Cox, the statewide prosecutor, may supplement the testimony of the state attorneys. For expert witnesses, the Secretary will call Dr. Robert Stein and Dr. John Alford; they will explain the errors of Plaintiffs' experts' quantitative analyses, debunk the cost-of-voting theory, and discuss the inappropriateness of Dr. Lichtman's analysis.

## Standing

The *NAACP* Plaintiffs, the *Hispanic Federation* Plaintiffs, and the *League* Plaintiffs have the burden to establish standing. *Bischoff v. Osceola County*, 222 F.3d 874, 888 (11th Cir. 2000). This Court has an independent obligation to assess their standing, including the credibility of any testimony elicited from Plaintiffs. *Id.* at 877-78. At trial, among other things, the Secretary will question whether the individual-plaintiff witnesses and the organizational-plaintiff witnesses have standing to challenge the provisions at issue.

## Plaintiffs' Claims

It bears noting that each challenge to each SB7050 provision in each of the three consolidated cases are facial challenges; Plaintiffs' complaints seek without limitation declarations that the challenged provisions violate federal constitutional and statutory law and seek injunctions enjoining the Secretary and the Attorney General (and the supervisors of elections for some of the challenged provisions in one case) from enforcing those provisions. Plaintiffs must therefore "establish that no set of circumstances exists under which the" provisions "would be valid." *United States v.*

6

*Salerno*, 481 U.S. 739, 745 (1987). As will be adduced at trial, and as will be summarized in the Secretary's closing brief, Plaintiffs can't satisfy this daunting standard.

### The *NAACP* Claims, 23-cv-215

The *NAACP* Plaintiffs have five pending claims: (1) that the **Citizen Restriction**, **Fines Provision**, and **Retention Provision** infringe upon First Amendment free speech (Count I); (2) that the **Citizen Restriction**, **Fines Provision**, and **Retention Provision** infringe upon First Amendment free association (Count II); (3) that the **Citizen Restriction**, **Fines Provision**, and **Retention Provision** violate the Equal Protection Clause by intentionally discriminating against black and Hispanic voters (Count V); (4) that the **Citizen Restriction** and **Retention Provision** are vague and overly broad (Count VI); and (5) that the **Mail-In Ballot Request Provision** violates Section 208 of the Voting Rights Act (Count VII). Doc.184. The evidence at trial will show that each claim fails. Briefly:

1. Their free-speech challenge to the **Citizen Restriction**, **Fines Provision**, and **Retention Provision** turns on Plaintiffs' flawed reading of the First Amendment. The First Amendment protects speech, not non-expressive conduct. *E.g.*, *Rumsfeld v. FAIR*, 547 U.S. 47, 65-66 (2006). And here, no speech is taking place when voter-registration applications are being collected, handled, and (timely) submitted to governmental officials, or when personal information is being copied or retained. *See, e.g.*, *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 388 (5th Cir. 2013). The challenged provisions only touch conduct, not speech. Plaintiffs' free-speech rights remain unfettered; only their

7

voluntary conduct—their decision to serve as fiduciaries—is regulated. Therefore, strict scrutiny doesn't apply. But even if it did—or even if the provisions are analyzed under *Anderson-Burdick* balancing or rational-basis review—the provisions satisfy constitutional scrutiny. They are backed by compelling governmental interests, like ensuring election integrity and improving election administration, and are narrowly tailored. *See, e.g.*, *Burson v. Freeman*, 504 U.S. 191, 198-99 (1992); *Green v. Mortham*, 155 F.3d 1332, 1335 (11th Cir. 1998). Any potential burden on speech (which there isn't) is de minimis and is outweighed by the governmental interests. *E.g.*, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 451-52 (2008).

2. The free-association challenge to the **Citizen Restriction**, **Fines Provision**, and **Retention Provision** fails as well. The "right to associate for expressive purposes is not" "absolute." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984). What's more, none of the challenged provisions actually prevents 3PVROs from associating with anyone— citizens, noncitizens, employees, volunteers, anyone. If protected association is involved, however, the provisions are still constitutional election laws, for the reasons expressed above. *See supra.*

3. The *NAACP* Plaintiffs' intentional-discrimination challenge to the **Citizen Restriction**, **Fines Provision**, and **Retention Provision** fares no better. Trial will show that Plaintiffs can't overcome the legislative presumption of good faith, *League of Women Voters of Fla. v. Fla. Sec'y of State*, 66 F.4th 905, 923 (11th Cir. 2023), and the

8

*Arlington Heights* factors don't favor Plaintiffs' challenge, *Greater Birmingham Ministries v. Sec'y of Ala.*, 992 F.3d 1299, 1321-22 (11th Cir. 2021).

4. The **Citizen Restriction** and **Retention Provision** aren't vague and aren't overly broad, either. Vague laws must be "utterly devoid of a standard of conduct so that it simply has no core and cannot be validly applied to any conduct," *High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1228 (11th Cir. 1982), and overly broad laws must have unconstitutional applications that "substantially" outnumber their constitutional applications under the First Amendment, *United States v. Hansen*, 143 S. Ct. 1932, 1939 (2023). That said, the two provisions have an understandable core: they prevent any employees and volunteers who physically take possession of voter-registration applications from copying and retaining sensitive, personal, public-records-exempt information on those applications. And as explained above, neither provision touches speech, so Plaintiffs' overbreadth challenge necessarily fails. *Hansen*, 143 S. Ct. at 1939.

5. Finally, the **Mail-In Ballot Request Provision** doesn't violate Section 208 of the Voting Rights Act. As the Secretary explained in his summary-judgment motion, Florida statutory law allows disabled individuals to receive assistance in "request[ing]" a vote-by-mail ballot. Doc.201; Fla. Stat. § 101.051(3); *see also Wakulla Cnty. Absentee Voter Intervenors v. Flack*, 419 So. 2d 1124, 1126 (Fla. 1st DCA 1982). The Florida Department of State is engaging in rulemaking to further underscore the State's position on this point. Doc.223. And providing "assistance" isn't quite the same as "requesting." *See* 52 U.S.C. § 10508. Consistent with federal law, the **Mail-In Ballot Request**

9

**Provision** allows a disabled voter to make a vote-by-mail request with the assistance of anyone eligible to assist under Section 208 of the Voting Right Act.

### The *Hispanic Federation* Claims, 23-cv-218

For their part, the *Hispanic Federation* Plaintiffs have four pending claims: that the **Citizen Restriction** (1) infringes upon First Amendment free speech and free association (Count I); (2) is overly broad (Count II); (3) burdens political speech and association "in connection with the fundamental right to vote" (Count III); and (4) is vague (Count IV). Doc.79. Their challenges fail, assuming that the challenges remain live after this Court granted Plaintiffs' summary-judgment motion against the Secretary on equal-protection grounds.

1. The **Citizen Restriction** doesn't regulate speech; it regulates conduct—the collecting and handling of voter-registration applications. Moreover, the **Citizen Restriction** doesn't prevent 3PVROs from associating with anyone, including noncitizens. Any noncitizen can volunteer or be employed by a 3PVRO, hand a blank application to a voter, and discuss politics with the voter and the importance of the right to vote. The noncitizen just can't perform the conduct that occurs afterward: collecting and handling the application and submitting it to the relevant governmental official. *See, e.g.*, *Steen*, 732 F.3d at 388. Even if free speech or protected association is involved, the provision satisfies any level of constitutional review. *See supra*.

2. The **Citizen Restriction** isn't overly broad, either, again, for the reasons expressed above. *See supra.*

10

3. The *Hispanic Federation* Plaintiffs can't assert that the **Citizen Restriction** burdens the fundamental right to vote. The plaintiffs in that case are either 3PVROs, which can't vote, or noncitizen employees, who can't vote. Thus, the *Hispanic Federation* Plaintiffs don't have anyone who can assert this claim.

4. The **Citizen Restriction** isn't vague. Again, it has an understandable core, and this understandable core is confirmed by Florida Department of State rulemaking. DX95; *see also supra.*

## The *League* Claims, 23-cv-216

Finally, the *League* Plaintiffs have four pending claims: that the **Citizen Restriction**, **Fines Provision**, **Retention Provision**, and **Receipt Provision** (1) infringe upon First Amendment free speech (Count I); (2) infringe upon First Amendment free association (Count II); (3) are overly broad (Count III); and (4) are vague (Count IV). Doc.1. For many of the same reasons expressed above, the *League* Plaintiffs' challenges fail.

1. There's no free-speech violation. None of the challenged provisions touch on speech. The provisions only concern conduct—collecting and handling voter-registration applications under the **Citizen Restriction**, timely submitting applications under the **Fines Provision**, copying and retaining certain information under the **Retention Provision**, and giving a governmental form over to a voter under the **Receipt Provision**. Even if speech is involved, the provisions satisfy any level of constitutional review. *See supra.*

11

2. There's no free-association violation. None of the challenged provisions prevent anyone—including noncitizens—from associating with the League of Women Voters. And even if protected association is involved, the provisions satisfy any level of constitutional review. *See supra.*

3. The provisions aren't overly broad. Again, no speech is involved, so there's no overbreadth issues. *See supra.*

4. Finally, the provisions aren't vague. Plaintiffs know what core conduct is regulated by the **Citizen Restriction**, know the timing requirements under the **Fines Provision**, know that they can't retain a voter's signature under the **Retention Provision**, and know that they have to provide a receipt to voters under the **Receipt Provision**. *See supra.*

## Conclusion

For these reasons, the Secretary will ask this Court to enter judgment in his favor on all of the remaining claims in the consolidated cases.

Dated: March 27, 2024

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Respectfully submitted,

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

*\*Admitted pro hac vice*

## Certificate of Compliance

I certify that this document is 2,446 words. I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil

## Certificate of Service

I certify that on March 27, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil