# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

v().                                        Case No. 4:23-cv-215-MW/MAF
                                                   4:23-cv-216-MW/MAF
                                                     4:23-cv-218-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## DEFENDANT ATTORNEY GENERAL'S NOTICE OF JOINDER AND WRITTEN OPENING STATEMENT

Pursuant to this Court's Scheduling Order, ECF no. 236, Defendant Attorney General Ashley Moody respectfully submits this written opening statement. The Attorney General joins and adopts all standards and arguments presented by the Secretary of State in his written opening statement and will not duplicate that information. However, the Attorney General writes separately to address issues unique to the Attorney General regarding the Plaintiffs' standing.

1

## STANDING

There are three essential elements to Article III standing: (1) an actual or imminent injury in fact; (2) a causal connection between the injury in fact and the challenged action, also called traceability; and (3) that it is likely that a favorable judgment will redress the injury, also called redressability. Plaintiffs have the burden to establish each of these three elements at trial. An inability to show any one of the three essential standing elements is fatal to Plaintiffs' standing on its own. The Attorney General's standing arguments relate to the traceability and redressability elements of standing with respect to §101.62, Fla. Stat., and civil enforcement under §97.0575, Fla. Stat., (the "3PVRO provisions"). The Attorney General contends that no Plaintiff can meet their burden to establish traceability or redressability with respect to the Attorney General and §101.62 or the civil enforcement of §97.0575, Fla. Stat. as amended by SB 7050.

Traceability and redressability are interrelated concepts. Traceability requires that Plaintiffs show their injuries to be connected with the Attorney General's role in the given statute. Redressability requires that Plaintiffs show that their injuries have a substantial likelihood of being redressed by a favorable ruling against the Attorney General. While the redress does not have to be complete, Plaintiffs must show an injunction against the Attorney General specifically will offer alleviation of their injury

were they to prevail on the merits. Plaintiffs are unable to establish either traceability or redressability for both statutes, but each for slightly different reasons.

First, as to §101.62, Fla. Stat., the analysis is short and straightforward. Plaintiffs will be unable to show traceability or redressability because Plaintiffs cannot show that the Attorney General plays any role in the statute at all. The Plaintiffs cannot show the Attorney General has any enforcement authority under §101.62, Fla. Stat. Indeed, Plaintiffs will not be able to show that the Attorney General is even named anywhere within the statute section. Injuries from a statute in which the Attorney General has no role cannot be traceable to her. Similarly, an injunction related to that same statute could not possibly have any effect to redress injuries related to the statute when the Attorney General is not empowered to take any action or perform any role under the statute. Because of these facts, no Plaintiff will be able to show traceability or redressability as to the Attorney General with respect to §101.62, Fla. Stat. Lacking either, no Plaintiff can establish standing to sue the Attorney General for claims related to §101.62, Fla. Stat.

Next, as to civil enforcement under the 3PVRO provisions, though the analysis shifts slightly because of the Secretary of State's option to make referrals downstream, the ultimate result is the same. The Attorney General's involvement with §97.0575, Fla. Stat. via potential referral from the Secretary cannot alone establish traceability and redressability. When the court looks both at the text of the statute and the facts that

3

will be presented at trial, it will become clear that the conclusion must also be that all plaintiffs lack standing to sue the Attorney General for all claims related to civil enforcement under §97.0575, Fla. Stat.

Regarding traceability, Plaintiffs will be unable to show any actual injuries traceable to the Attorney General. They will not be able to produce a fine letter sent by the Attorney General to any 3PVRO. They will not be able to show any instance of the Attorney General considering civil enforcement of §97.0575, Fla. Stat. without a referral from the Secretary of State's office, or that such a referral has been made. Rather, the Court will learn that the Attorney General would consider civil enforcement of §97.0575, Fla. Stat. only after a referral from the Secretary of State. In short, Plaintiffs will not be able to show a single injury or immediate threat of an injury regarding §97.0575, Fla. Stat. that is related to any action by the Attorney General. This is a quintessential lack of traceability.

As the two concepts are related, Plaintiffs will similarly be unable to establish redressability with respect to §97.0575, Fla. Stat. An injunction against the Attorney General is neither necessary nor sufficient for Plaintiffs to achieve relief from their alleged harms. Because the statute requires the Attorney General to first receive a referral from the Secretary of State before she can evaluate whether to engage in civil enforcement of §97.0575, Fla. Stat., an injunction barring the Secretary from enforcing or referring violations would have the same effect regardless of whether it included the

4

Attorney General at all. Plaintiffs' claims against the Attorney General in this regard are an unwarranted redundancy. On the other hand, an injunction against the Attorney General alone will have no effect on Plaintiffs' alleged prospective injuries. As a result, Plaintiffs will not show that an injunction against the Attorney General has a substantial likelihood of redressing their injuries.

## CONCLUSION

At the resolution of trial, the Attorney General will ask the Court to deny Plaintiffs requested relief as to all claims remaining, and to specifically find that Plaintiffs lack standing to sue the Attorney General with respect to §101.62, Fla. Stat. and the civil enforcement provisions of §97.0575, Fla. Stat.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

*/s/ Stephanie A. Morse*
Stephanie A. Morse (FBN 0068713)
Special Counsel
Stephanie.Morse@myfloridalegal.com
Noah T. Sjostrom (FBN 1039142)
Assistant Attorney General
Noah.Sjostrom@myfloridalegal.com
Office of the Attorney General
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone: (850) 414-3635

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March 2024, a true and correct copy of this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/Stephanie Morse*
Stephanie Morse
