# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

                  Plaintiffs,

                v.

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

                  Defendants.

Case Nos.: 4:23-cv-215-MW/MAF
4:23-cv-216-MW-MAF
4:23-cv-218-MW-MAF

## NAACP PLAINTIFFS' MOTION TO
## ADMIT CERTAIN EXHIBITS INTO EVIDENCE

To facilitate and streamline trial presentation, NAACP Plaintiffs respectfully request that this Court admit Plaintiffs' Exhibits 85, 88, 96–107, 110, 111, 113–115, 120, 122, 124, 152, 160, 178, 236–245, 257, 258, and 757–759 into evidence.[1]

## I.   PLAINTIFFS' EXHIBITS RELATED TO FLORIDA GOVERNMENT PROCEEDINGS AND STATEMENTS

### A. Plaintiffs' Exhibits Related to Recent Legislation

Plaintiffs move to admit Exhibits 98–107 and 111 into evidence, all of which are Florida state government documents that pertain to legislation passed by the

---

[1] Descriptions of each exhibit are attached to this motion as Appendix A (App. A).

Florida legislature in the past five years touching on education and immigration. Exhibits 98 through 106 relate to Florida's recent overhaul of its education system, which Plaintiffs argue shows a broader racial animus among Florida's lawmakers. *See* App. A at 2–4. Exhibits 107 and 111, meanwhile, address recent immigration legislation that Plaintiffs argue shows a general animus against Hispanics and immigrants. Defendants object to Exhibits 98–101, 103, 104, 107, and 111 solely on relevance grounds. As for Exhibits 102 and 105–106, Defendants also raise foundation objections. Defendants' objections to these exhibits are baseless.

These exhibits provide evidence of recent actions taken by Florida's government that arguably show racial animus from Florida's legislators, and thus are relevant to Plaintiffs' *Arlington Heights* claim. Evidence is relevant if it has any tendency to make a fact "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. This Court enjoys broad discretion in determining whether evidence is relevant. *Cabello v. Fernández-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005). The Court in a bench trial should "resolve all evidentiary doubts in favor of admissibility." *City of S. Miami v. DeSantis*, No. 19-CV-22927, 2020 WL 7074644, at *6 n.8 (S.D. Fla. Dec. 3, 2020) (quotation omitted).

In examining intentional discrimination claims, this Court must hew closely to the present when examining a law's historical precedent. *League of Women Voters*

*of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 923 (11th Cir. 2023). These exhibits highlight how, in the last five years, Florida's government has approached racial issues—which may corroborate that the legislature had race in mind when it passed SB 7050. Indeed, this Court has compared *Arlington Height*'s multi-factor test to Seurat's *A Sunday Afternoon on the Island of La Grande Jatte* because "[o]ne dot of paint on the canvas is meaningless, but when thousands of dots are viewed together, they create something recognizable." *League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1076 (N.D. Fla. 2022). These exhibits thus provide relevant context regarding Florida's legislative agenda as it pertains to race.

Defendants' foundation objections to Exhibits 102 and 105–106 are also unfounded. Exhibit 102 is an official publication issued by a public authority, and is thus self-authenticating under Fed. R. Evid. 902(5). And because Florida has published these academic standards online, *see* ECF No. 244-1 at 17 (providing URLs),  its "selection of the posted information for publication . . . act[s] as the necessary 'seal of approval' needed to establish that the information came from a public authority for purposes of Rule 902(5)," *Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008); *see also Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 551 (D. Md. 2007) (explaining that "Rule 902(5) . . . [,] [w]hen combined with the public records exception to the hearsay rule, Rule 803(8)," makes it easy to admit "official publications posted on government agency websites . . . into evidence"). The same

is true for Exhibits 105–106, which include a memorandum from the State Board of Education and report detailing materials removed from Florida schools published on the Department of Education's website.

In sum, Exhibits 98–107 and 111 are relevant and Exhibits 102 and 105–106 are self-authenticating. This Court should admit these exhibits into evidence.

### B. SB 7050 Legislative Analysis

Defendants object on hearsay and foundation grounds to Exhibit 152, a Florida House of Representative's staff analysis for SB 7050, App. A at 6. For the same reasons above, Exhibit 152 is self-authenticating. Indeed, Defendant Moody's Director of Legislative Affairs testified at her deposition that it is a public document. **Exhibit A,** Dec. 19, 2023 Guzzo Deposition at 34:20–22; *cf. Gubarev v. BuzzFeed, Inc.*, 340 F. Supp. 3d 1304, 1309 n.5 (S.D. Fla. 2018) ("[C]ongressional reports are self-authenticating pursuant to Rule of Evidence 902(5)."). Exhibit 152 is also subject to Federal Rule of Evidence 803(8)'s public records exemption to hearsay, which excepts records or statements "of a public office" that set out "the office's activities" without any indication of "a lack of trustworthiness." Fed. R. Evid. 803(8). The Florida House is a public agency and Exhibit 152 sets out that agency's activities—namely, analyzing the potential merits of proposed legislation. Exhibit 152 is exempt from hearsay challenge and should be admitted.

### C. State Agency Reports

Exhibit 110 consists of the annual crime reports compiled by the Florida Department of Law Enforcement. App. A. at 4. Defendants object on foundation and relevance grounds. But as an online publication by a public authority, Exhibit 110 is self-authenticating. *Williams*, 585 F. Supp. 2d at 689. And Exhibit 110 is relevant because Plaintiffs will use it to show that immigrants are less likely to commit crimes, undermining the alleged state interests underpinning the Citizenship Requirement. For these reasons, this Court should admit Exhibit 110.

### D. Redistricting Data

Exhibits 243–245, 257, and 258 are Florida redistricting records. App. A at 8–9. Defendants object to all exhibits on relevance grounds and to Exhibits 243–245 for lack of foundation. These exhibits are relevant because (1) Florida's political geography will support expected testimony regarding where 3PVROs operate, and (2) they help show the legislature's knowledge of demographic trends in Florida over the past decade, which provided the legislature a means and motive to discriminate based on race. As to foundation, Exhibits 243–245 are self-authenticating public records that were published on the Florida Senate's official website. *See* ECF 244-1 at 43. This Court should admit Exhibits 243–245, 257, and 258 into evidence.

### E. Supervisor of Elections Records

Exhibits 178 and 757–759 are records produced by various supervisors of

elections. App. A. at 6, 9. Defendants object to these records on foundation and hearsay grounds. Even setting aside that these documents are self-authenticating public records, Plaintiffs received the documents from the supervisors in discovery, and the supervisors have "certifie[d] the authenticity of the documents" they produced in this case. ECF No. 244 at 26. Defendants' foundation objection is thus groundless.

As to hearsay, these exhibits are exempt public records under Rule 803(8) as both setting out an "office's activities" and "a matter observed while under a legal duty to report." Fed. R. Evid. 803(8)(A)(i), (ii). Processing vote-by-mail requests is part of the supervisors' activities. Florida law also imposes a legal duty to report such information. Fla. Stat. § 101.62(2). Exhibits 178, 757–759 should be admitted.

### F. Court Records

Defendants object on relevance and hearsay grounds to Exhibit 97, the Florida Second Judicial Circuit's final order in state redistricting litigation. App. A at 1. Both objections lack merit. The order is relevant as it shows that at least one court has found (just months ago) that Florida violated provisions of the Florida Constitution designed to protect minority voters. And the document is hearsay exempt under Rule 803(8)(A)(i) because it sets out the activity of the court—to adjudicate disputes within its jurisdiction. This Court should therefore admit Exhibit 97 into evidence.

### G. Department of State Records

Defendants raise foundation and hearsay objections to Exhibit 160, a slideshow bearing the Department of State's seal. App. A at 6.

Starting with foundation, this document is deemed authentic because the Secretary produced it in discovery. *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (documents produced by a party in discovery deemed authentic when offered by the party-opponent); 31 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Evidence* § 7105 (2d ed.) ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request."). A portion of the Bates stamp "SB7050-SO" is visible on each page of Exhibit 160, along with the confidentiality designation in the bottom left corner, providing sufficient evidence of authenticity. *Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1092 (S.D. Cal. 2023) (confidentiality designations); *Barefield v. Bd. of Trs. of Ca. State Univ., Bakersfield*, 500 F. Supp. 2d 1244, 1258 (E.D. Cal. 2007) (Bates stamps).

The exhibit is further exempt from hearsay as a statement of a party opponent (Defendant Secretary). *Taylor v. Keltch*, No. 1:06-CV-705-WSD, 2007 WL 9701955, at *3 (N.D. Ga. Jan. 31, 2007) ("Under [Rule]802(d)(2), admissions by a party-opponent are not hearsay."). The Court should admit Exhibit 160.

## II.   PLAINTIFFS' EVIDENCE RELATED TO FEDERAL GOVERNMENT PROCEEDINGS AND STATEMENTS

### A. Census Data

Exhibits 236–242 contain U.S. Census Bureau data reflecting Florida's demographic composition. App. A at 6–8. For each exhibit, Defendants raise foundation, hearsay, and relevance objections. This Court should overrule these objections as unfounded.

In the parties' Joint Pretrial Statement, Defendants not only recognized that this Court could take judicial notice of "US Census Bureau American Community Survey Data," but they *affirmatively requested* that this Court take notice of such data. ECF No. 244 at 23–24. And the data is "not subject to reasonable dispute" because, among other things, it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Thus, Defendants have stipulated that data drawn from the US Census Bureau's American Community Survey is both not subject to dispute *and* can readily be determined from sources whose accuracy cannot reasonably be questioned. Such evidence has the necessary foundation for admission.

Even without the parties' stipulated request, census data is self-authenticating when it "contains the internet domain address from which the table was printed" and that domain address is tied to a government website—as is the case with Exhibits 236, 239, 240, 241, and 242. *U.S. E.E.O.C. v. E.I. DuPont de Nemours & Co.*, No.

Civ. A. 03-1605, 2004 WL 2347559, at *2 (E.D. La. Oct. 18, 2004); *see also Williams*, 585 F. Supp. 2d at 689 ("[T]he public authority's selection of the posted information for publication on its website will act as the necessary 'seal of approval' needed to establish that the information came from a public authority for purposes of Rule 902(5)."). Courts thus routinely find U.S. Census Bureau data and publications to be self-authenticating. *DuPont de Nemours*, 2004 WL 2347559, at *2; *see also Fair Hous. Ctr. of Sw. Mich. v. Hunt*, No. 1:09-CV-593, 2011 WL 710666, at *3 (W.D. Mich. Feb. 23, 2011) ("Publications of the U.S. Bureau of Census are self-authenticating").

Courts also regularly hold that U.S. Census data is "independently admissible in a civil action under the public records exception to the hearsay rule." *Hunt*, 2011 WL 710666, at *3; *Huey v. Super Fresh/Sav-A-Ctr.*, Inc., No. CV 07-1169, 2009 WL 10736904, at *1 (E.D. La. Mar. 19, 2009) (admitting census data under Federal Rule of Evidence 803(8)); *DuPont de Nemours*, 2004 WL 2347559, at *1 (same). So too here, including Plaintiffs' summary exhibits. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 625–26 (M.D. Tenn. 2018) (rejecting objections to summary exhibits drawn from census data).

In short, Defendants have stipulated that this Court can take judicial notice of census data, census data is self-authenticating, and census data is exempt from hearsay challenges. The Court should admit exhibits 236–242 into evidence.

**B. Federal Agency Records.**

Exhibits 85, 88, 96, 113–115, 120, 122, and 124 are records from various federal agencies. App. A at 1, 4–6. Defendants object to Exhibits 85 and 88 on authentication, foundation, and hearsay grounds, Exhibit 96 on relevance and hearsay grounds, Exhibit 113 on hearsay grounds, Exhibit 114 on authentication, foundation, and hearsay grounds, Exhibits 115, 120, 122, and 124 on foundation and hearsay grounds.

Exhibits 85, 88, 113–115, 120, 122, and 124 are all self-authenticating publications of a public authority. *See Gubarev*, 340 F. Supp. 3d at 1309 n.5; *see also Williams*, 585 F. Supp. 2d at 686–87 ("[I]t would not be novel to interpret Rule 902(5) to include the self-authentication of . . . legislative reports . . . [and] commissioned studies."). As for hearsay, Rule 803(8)(A)(iii) "provides an exception from the hearsay rule in a civil case for factual findings from a legally authorized investigation." *Gubarev*, 340 F. Supp. 3d at 1309 n.5 (quotations omitted). This rule applies to Exhibits 88, 96, 114, and 120, 122, 124 because each exhibit was prepared by a federal agency after an investigation. Plus, these exhibits, along with Exhibits 113 and 115, are statements setting out their various authoring agencies "activities" and are thus exempt from hearsay challenge. Fed. R. Evid. 803(8)(A)(i).

Finally, Exhibit 96 is relevant because it shows that the Department of Justice accused Florida of discriminating against Hispanic Floridians in voting as recently

as 2002. The Eleventh Circuit has instructed that "cases from this century" are relevant to evaluating racial intent. *League of Women Voters*, 66 F.4th at 922. Exhibit 96 is thus plainly relevant.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court admit Exhibits 85, 88, 96–107, 110, 111, 113–115, 120, 122, 124, 152, 160, 178, 236–245, 257, 258, and 757–759.

## LOCAL RULE 7.1(B) CERTIFICATION

Plaintiffs' counsel conferred with counsel for the State Defendants on March 30, 2024; State Defendants oppose this motion.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Frederick Wermuth, certifies that this motion contains 2,272 words, excluding the case style and certifications.

Dated: March 31, 2024                Respectfully submitted,

Abha Khanna*                         /s/ Frederick S. Wermuth
Makeba Rutahindurwa*                 Frederick S. Wermuth
**ELIAS LAW GROUP, LLP**             Florida Bar No. 0184111
1700 Seventh Ave., Suite 2100        **KING, BLACKWELL, ZEHNDER &**
Seattle, Washington 98101            **WERMUTH, P.A.**
Telephone: (206) 656-0177            P.O. Box 1631
akhanna@elias.law                    Orlando, FL 32802-1631
mrutahindurwa@elias.law              Telephone: (407) 422-2472
                                     Facsimile: (407) 648-0161
                                     fwermuth@kbzwlaw.com

11

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*Admitted pro hac vice*

*Counsel for Plaintiffs Florida State
Conference of Branches of Youth Units
of the NAACP, Voters of Tomorrow
Action, Inc., Disability Rights Florida,
Alianza for Progress, Alianza Center,
UnidosUS, Florida Alliance for Retired
Americans, Santiago Mayer
Artasanchez, Esperanza Sánchez, and
Humberto Orjuela Prieto*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March 2024, I electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111

12

## APPENDIX A

**Exhibit 85**

*Title*: Off. Immigr. Stat., Lawful Permanent Residents (LPR), U.S. Dep't of Homeland Sec., at 2022 Data Tables

*Description*: 2023 report by the Department of Homeland Security about legal permanent residents in the United States

*Objections*: Authentication, Foundation, Hearsay

**Exhibit 88**

*Title*:  U.S. Citizenship & Immigr. Servs., Count of Active DACA Recipients By Country of Birth as of September 30, 2022, U.S. Dep't of Homeland Sec. (Sept. 30, 2023) (table located at page 2 of linked document)

*Description*: Department of Homeland Security, Citizenship and Immigration Services chart showing the number of DACA recipients as of September 30, 2022

*Objections*: Authentication, Foundation, Hearsay

**Exhibit 96**

*Title*: Letter from Ralph F. Boyd, Jr., Assistant Att'y Gen. to John M. McKay, President, Fla. State Senate & Tom Feeney, Speaker of House, Fla. State H.R., at 2

*Description*: 2002 letter from the Department of Justice to Florida's Senate President addressing redistricting

*Objections*: Relevance, Hearsay

**Exhibit 97**

*Title*: Final Order After Hearing & Final Judgment at 12-13

*Description*: Florida Second Judicial Circuit's final order in *Black Voters Matter Capacity Building Institute et al. v. Byrd et al.*, Case No. 2022-CA-666.

*Objections*: Relevance, Hearsay

**Exhibit 98**

*Title*: Executive Order 19-32, Fla. Off. of the Governor (Jan. 31, 2019)

*Description*: January 2019 executive order setting civics education standards.

*Objections*: Relevance

**Exhibit 99**

*Title*: The "Florida Joint Center for Citizenship, the Bill of Rights, Institute, Hillsdale College, the Gilder Lehrman Institute of American History, iCivics, and the Constitutional Sources Project." Fla. H.B. 807, 2019 Leg., Reg. Sess.

*Description*: Engrossed HB 807, which permits the Commissioner of Education to consult with the Florida Joint Center for Citizenship, the Bill of Rights Institute, Hillsdale College, the Gilder Lehrman Institute of American History, iCivics, and the Constitutional Sources 45 Project in creating civics education curriculum in Florida

*Objections*: Relevance

**Exhibit 100**

*Title*: Governor Ron DeSantis Speaks at Moms for Liberty Convention, C-SPAN (June 30, 2023)

*Description*: Video of Governor DeSantis speaking at a "Moms for Liberty" meeting.

*Objections*: Relevance

**Exhibit 101**

*Title*: Staff, Governor Ron DeSantis Appoints Six to the New College of Florida Board of Trustees, Ron DeSantis 46th Governor of Fla. (Jan. 6, 2023)

*Description*: Press release stating that Governor DeSantis has appointed six new members to the New College's board of trustees.

2

*Objections*: Relevance

**Exhibit 102**

*Title*: Florida State Academic Standards – Social Studies, 2023, Fla. Dep't of Educ., at 39, 47, 55

*Description*: 2023 Florida academic standards for social studies, which Plaintiffs argue intentionally passes over the effects of Jim Crow discrimination.

*Objections*: Foundation, Relevance

**Exhibit 103**

*Title*: Fla. H.B. 1557, 2022 Leg., Reg. Sess.

*Description*: Legislative history of HB 1557

*Objections*: Relevance

**Exhibit 104**

*Title*: Fla. H.B. 1467, 2022 Leg., Reg. Sess.

*Description*: Legislative history of HB 1467

*Objections*: Relevance

**Exhibit 105**

*Title*: Memorandum to School District Superintendents re H.B. 1467, Fla. Dep't of Educ. (June 3, 2023)

*Description*: Memorandum to Florida's school district superintendents implementing HB 1467.

*Objections*: Foundation, Relevance

**Exhibit 106**

*Title*: 2022-2023 School District Reporting Pursuant to Section 1006.28(2) Fla. Stat., Fla. Dep't of Educ.

*Description*: Report of materials removed from Florida Schools based on parental objections.

*Objections*: Foundation, Relevance

**Exhibit 107**

*Title*: 4/17/19 Press Conference on H.B. 527 [the House equivalent of S.B. 168] Sanctuary Cities [Video], Fla. Channel (Apr. 17, 2019)

*Description*: Press conference on HB 527, which bans so-called "sanctuary cities."

*Objections*: Relevance

**Exhibit 110**

*Title*: All Florida crime statistics are from reports of the Florida Department of Law Enforcement. Uniform Crime Reports (UCR) Annual Archives, Fla. Dep't L. Enf't

*Description*: Annual crime reports compiled by the Florida Department of Law Enforcement.

*Objections*: Foundation, Relevance

**Exhibit 111**

*Title*: Staff, Governor Ron DeSantis Signs Strongest anti-Illegal Immigration Legislation in the County to Combat Biden's Border Crisis, Ron DeSantis 46th Governor of Fla. (May 10, 2023)

*Description*: Press release from the Governor's office stating in part "Governor Ron DeSantis Signs Strongest anti-Illegal Immigration Legislation in the County."

*Objections*: Relevance

**Exhibit 113**

*Title*: U.S. Citizenship & Immigr. Servs., Green Card, U.S. Dep't of Homeland Sec.

*Description*: Webpage maintained by Citizenship and Immigration Services that provides information about green cards.

*Objections*: Hearsay

## Exhibit 114

*Title*: Irene Gibson, Annual Flow Report, 2021, U.S. Lawful Permanent Residents at 1, U.S. Dep't of Homeland Sec.

*Description*: 2021 report by the Department of Homeland Security about legal permanent residents in the United States

*Objections*: Authentication, Foundation, Hearsay

## Exhibit 115

*Title*: U.S. Citizenship & Immigr. Servs., Welcome to the United States, U.S. Dep't of Homeland Sec., at 14 (Sept. 2015)

*Description*: Citizenship and Immigration Services guide for new immigrants

*Objections*: Foundation, Hearsay

## Exhibit 120

*Title*: Bryan Baker, Estimates of the Lawful Permanent Resident Population in the United States and the Subpopulation Eligible to Naturalize: 2015-2019 at 3, 6, U.S. Dep't Homeland Sec.

*Description*: Department of Homeland Security report about lawful permanent residents in the United States eligible to naturalize

*Objections*: Foundation, Hearsay

## Exhibit 122

*Title*: Temporary Protected Status and Deferred Enforced Departure at 23, Cong. Rsch. Serv. (July 28, 2023)

*Description*: Congressional Research Service report about temporary protected status and deferred enforced departure

*Objections*: Foundation, Hearsay

**Exhibit 124**

> *Title*: Irene Gibson, Annual Flow Report, 2021, U.S. Lawful Permanent Residents at 6, U.S. Dep't of Homeland Sec.

> *Description*: Department of Homeland Security report about lawful permanent residents

> *Objections*: Foundation, Hearsay

**Exhibit 152**

> *Title*: House of Representatives Staff Analysis

> *Description*: Florida House of Representative's staff analysis for SB 7050

> *Objections*: Foundation, Hearsay

**Exhibit 160**

> *Title*: Florida Department of State Voter Registration Entities Overview for Supervisors of Elections' Offices

> *Description*: Slideshow bearing the Department of State's seal and titled "Voter Registration Entities Overview for Supervisors of Elections' Offices."

> *Objections*: Foundation, Hearsay

**Exhibit 178**

> *Title*: Excerpts of vote-by-mail request records that were produced and deemed confidential by the Supervisors of Elections for Brevard, Monroe, Pasco, Levy, and Polk counties in discovery

> *Description*: Vote-by-mail request records

> *Objections*: Foundation, Hearsay

**Exhibit 236**

> *Title*: ACS Special Tabulation for Black CVAP for the years 2008-2012 and 2018-2022

*Description*: Census data

*Objections*: Foundation, Hearsay, Relevance

**Exhibit 237**

*Title*: Comparison of the 2010 and 2020 Census by County – AP Black

*Description*: Fed. R. Evid. 1006 Summary chart of census data.[1]

*Objections*: Foundation, Hearsay, Relevance

**Exhibit 238**

*Title*: Comparison of the 2010 and 2020 Census by County – Latino

*Description*: Summary chart of census data

*Objections*: Foundation, Hearsay, Relevance

**Exhibit 239**

*Title*: Comparison of the 2020 and 2022 Census by County – AP Black

*Description*: Census data

*Objections*: Foundation, Hearsay, Relevance

**Exhibit 240**

*Title*: Comparison of the 2020 and 2022 Census by County – Latino

*Description*: Census data

*Objections*: Foundation, Hearsay, Relevance

---

[1] The underlying data for Exhibits 237 and 238 were drawn from the Census Bureau's website at https://www.census.gov/programs-surveys/decennial-census/about/rdo/summary-files.2010.html#list-tab-489208232 and https://www.census.gov/programs-surveys/decennial-census/about/rdo/summary-files.html#P1.

**Exhibit 241**

*Title*: ACS Special Tabulation for Latino CVAP for the years 2008-2012 and 2018-2022

*Description*: Census data

*Objections*: Foundation, Hearsay, Relevance

**Exhibit 242**

*Title*: 2018 – 2022 ACS 5-Year Estimates for Hispanic or Latino Origin by Specific Origin

*Description*: Census data

*Objections*: Foundation, Hearsay, Relevance

**Exhibit 243**

*Title*: 2012 Redistricting Demographic Profiles

*Description*: Chart showing Florida's demographic makeup during Florida's 2012 redistricting cycle

*Objections*: Foundation, Relevance

**Exhibit 244**

*Title*: 2012 District by County – Statistics Spreadsheet

*Description*: Chart showing Florida's demographic makeup during Florida's 2012 redistricting cycle

*Objections*: Foundation, Relevance

**Exhibit 245**

*Title*: 2012 District Summary Population Report

*Description*: Chart showing Florida's demographic makeup during Florida's 2012 redistricting cycle

*Objections*: Foundation, Relevance

**Exhibit 257**

> *Title*: 2016-2022 Redistricting Statewide Map
>
> *Description*: Map reflecting state senate districts
>
> *Objections*: Relevance

**Exhibit 258**

> *Title*: 2022-2032 Redistricting Statewide Map
>
> *Description*: Map reflecting state senate districts
>
> *Objections*: Relevance

**Exhibit 757**

> *Title*: VBM Requests by Immediate Family for 2018 Primary Election
>
> *Description*: Vote-by-mail request records
>
> *Objections*: Foundation, Hearsay, confidential

**Exhibit 758**

> *Title*: VBM Requests by Immediate Family for 2020 Preference Primary
>
> *Description*: Vote-by-mail request records
>
> *Objections*: Foundation, Hearsay

**Exhibit 759**

> *Title*: VBM Requests by Immediate Family for 2022 General Election
>
> *Description*: Vote-by-mail request records
>
> *Objections*: Foundation, Hearsay