# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

               Plaintiffs,

               v.

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

               Defendants.

Case Nos.:  4:23-cv-215-MW/MAF
4:23-cv-216-MW-MAF
4:23-cv-218-MW-MAF

## NAACP PLAINTIFFS' SUPPLEMENTAL ARGUMENT IN SUPPORT OF THEIR MOTION TO ADMIT PLAINTIFFS' EXHIBIT 97

In moving to admit, among other things, the Florida Second Judicial Circuit's final order in *Black Voters Matter Capacity Building Institute et al. v. Byrd et al.* (Plaintiffs' Exhibit 97), NAACP Plaintiffs argued that "the document is hearsay exempt under Rule 803(8)(A)(i) because it sets out the activity of the court—to adjudicate disputes within its jurisdiction." ECF No. 274 at 6. At trial, this Court instructed Plaintiffs to file additional briefing explaining how this Court can import findings from one court proceeding into this proceeding. Plaintiffs recognize that courts have declined to admit judicial orders under other subsections of 803(8), *cf. Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (holding that Rule 803(8)(C) "does

not apply to judicial findings of fact"), and therefore withdraw their argument that Fed. R. Evid. 803(8)(A)(i) applies to the document as a whole.

Even so, Plaintiffs maintain that the *findings of fact* set forth in Exhibit 97 are admissible as the admissions of a party opponent. As this Court has noted, the order reproduced in Exhibit 97 was entered in a Florida state court redistricting case. There, a group of plaintiffs sued the Secretary and the Florida Legislature alleging that Florida's newly enacted congressional map violated the Florida Constitution. ECF No. 279-1 at 1–2 (Ex. 97). Before the case proceeded to trial, the plaintiffs and defendants stipulated to a host of facts and agreed that the court could decide the case "as a matter of law." *Id.* at 10.

Exhibit 97's unique circumstances make its factual recitations admissible over a hearsay objection as a party admission of the Secretary under Federal Rule of Evidence 801(d)(2). "As a general rule the pleading[s] of a party made in another action . . . are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met." *Cont'l Ins. Co. of N.Y. v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971)[1]; *Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) (same).

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (explaining that old Fifth Circuit cases are binding in the Eleventh Circuit).

In the court order Plaintiffs seek to admit, the court explained that the parties—including the Secretary—had stipulated "to the facts relevant to proving diminishment under the Florida Constitution." ECF No. 279-1 at 9. Thus, the court was "limited to considering the . . . stipulated facts." *Id.* at 10. The court then proceeded to recite those stipulated facts. *See id.* at 10–13. In this circumstance, the facts recited in the court's order are admissible against the Secretary as party admissions under Rule 801(d)(2) because they are admissions of the Secretary made in pleadings filed in another action.

To be sure, neither this Court nor the Secretary are bound by the Secretary's stipulations because the Secretary did not manifest an intent to be bound in other cases. *In re Jun Ho Yang*, 698 F. App'x 374 (9th Cir. 2017) ("[S]tipulated facts in one case may be given preclusive effect in a different case only when the parties manifest an intent to be collaterally bound by its terms." (quotations omitted)). But the order's factual findings are still admissible evidence for this Court to consider.

## CONCLUSION

Because the Secretary's only other objection was relevance, which fails for the reasons set out in Plaintiffs' motion, ECF No. 274, this Court should admit Exhibit 97 in part—specifically the stipulated facts recited on pages 10–13 of the court order.

Dated: April 2, 2024                    Respectfully submitted,

Abha Khanna*
Makeba Rutahindurwa*
**ELIAS LAW GROUP, LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*\* Admitted pro hac vice*

*Counsel for Plaintiffs Florida State
Conference of Branches of Youth Units
of the NAACP, Voters of Tomorrow
Action, Inc., Disability Rights Florida,
Alianza for Progress, Alianza Center,
UnidosUS, Florida Alliance for Retired
Americans, Santiago Mayer
Artasanchez, and Esperanza Sánchez*

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of April 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
