# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

  v.                                      Case No.  4:23-cv-215-MW/MAF
                                                          4:23-cv-216-MW/MAF
                                                          4:23-cv-218-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## DEFENDANT'S RESPONSE TO NAACP PLAINTIFFS' MOTION
## TO ADMIT CERTAIN EXHIBITS INTO EVIDENCE

Taking into account this Court assessment of the kind of evidence that may be relevant for purposes of the *Arlington Heights* analysis, Tr.13:18-22, and having a better sense of Plaintiffs' theory of the case, Secretary Byrd withdraws his objections to Plaintiffs' exhibit 85, 88, 98-111, 113-115, 120, 122, 124, 152, 236-242, 257, and 258. As discussed below, however, the Secretary maintains his objections (including some relevance objections) to the following Plaintiffs' exhibits: 96-97, 160, 178, 243-245, and 757-759.

## DISCUSSION

1.     **2002 Department of Justice Letter regarding redistricting (Plaintiffs' Exh. 96):** This exhibit is a July 1, 2002 letter from the U.S. Department of Justice to the President of the Florida Senate and Speaker of the Florida House of Representatives regarding a "redistricting plan for the House of Representatives of the State of Florida, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c." The Secretary objects to this exhibit as irrelevant and, therefore, is inadmissible under Federal Rules of Evidence 401 and 402. Plaintiffs can't establish how the Department of Justice's review of a restricting plan proposed over 20 years ago "has any tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence" as required by Federal Rule of Evidence 401. Furthermore, the Secretary objects to this exhibit as hearsay to the extent Plaintiffs seek to admit it for the truth of the matters asserted in the document—the reasons for any alleged deficiency in Florida's past submission.

2.     **Final Order in State Circuit Court Redistricting Case (Plaintiffs' Exh. 97):** The Secretary maintains objections to admission of this exhibit on hearsay and relevance grounds. Plaintiffs apparently contend that "the findings of fact set forth in Exhibit 97 are admissible as the admissions of a party opponent" because the Secretary stipulated to a number of facts recited in the Florida Second Judicial Circuit's final order. Doc. 279 at 2. As Plaintiffs themselves recognize, however, "neither this Court nor the Secretary are bound by the Secretary's stipulations because the Secretary

2

Case 4:23-cv-00215-MW-MAF   Document 280   Filed 04/02/24   Page 3 of 7

did not manifest an intent to be bound in other cases." *Id.* at 3 (citing *In re Jun Ho Yang*, 698 F. App'x 374 (9th Cir. 2017) ("[S]tipulated facts in one case may be given preclusive effect in a different case only when the parties manifest an intent to be collaterally bound by its terms." (quotations omitted)).

In fact, the text of the stipulation that the Second Circuit relied on expressly states that the Parties agreed to certain facts "for the purposes of this case only." Stipulation to Narrow Issues for Resolution, filed in *Black Voters Matter Capacity Building Inst., Inc. v. Byrd*, Case No. 2022-ca-000666, at Exhibit 1, pg. 2 (Fla. 2d Cir. Aug. 11, 2023) (attached as **Exhibit A** to this filing). What's more, the First District Court of Appeal reversed the order in *Byrd v. Black Voters Matter Capacity Bldg. Inst., Inc.*, 375 So. 3d 335 (Fla. 1st DCA 2023). Thus, there's limited—if any—probative value here.

3. **Draft slideshow entitled "Voter Registration Entities Overview for Supervisors of Elections' Offices" (Plaintiffs' Exh. 160):** The Secretary objects to admission of this document based on lack of foundation because the document is clearly a draft (as evidenced by the fact that then-Secretary of State Laurel M. Lee's name was incorrectly stated as "Laura M. Lee" and the improperly overlaid text on page 24). The author of this draft isn't apparent either. Nor is it clear whether this draft was ever finalized as an official statement of the Department of State.

In addition, because it's a draft, the document is hearsay that does not qualify as an exempt "public record" under Federal Rule of Evidence 803(8). *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 264 (4th Cir. 2005); *Smith v. Isuzu Motors*

3

*Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998) (preliminary memoranda and interim agency reports are not admissible as public records).

    4.    **2012 Redistricting-Related Documents (Plaintiffs' Exh. 243-245):** These documents are data-tables purporting to show "Florida's demographic makeup during Florida's 2012 redistricting cycle." The Secretary objects to admission of these documents based on lack of foundation and relevance. Although Plaintiffs apparently obtained these documents off the Florida Senate's website, there is no indication of the source of the data and therefore no foundation upon which to establish its veracity.

More specifically, looking at the bottom of the pages provided, it seems the documents are related to a case before Florida's Second Judicial Circuit, assigned to then-Judge Reynolds of the Second Circuit. Yet it's not clear who submitted these records. It could have been plaintiffs in that case. Or the legislature. Or a third-party.

Finally, Plaintiffs fail to explain how demographic data from 2012 has a tendency to show that the 2023 Legislature—which convened 11 years after the 2012 redistricting cycle—was somehow "provided . . . a means and motive to discriminate based on race" as Plaintiffs argue. Doc. 274 at 5.

    5.    **Vote-by-Mail (Plaintiffs' Exh. 757-759):** The Secretary maintains his foundation objection to these documents. It's not readily apparent what the various rows and columns on these exhibits mean and purport to show. One can guess but it would be just a guess. *See, e.g.*, Columns "M/C Perm," "Abs. Status," "Number Ballots," "Style" or "Ballot Number." And these documents appear to be a subset of

the voter-files pulled by the Supervisors of Elections of Escambia and Taylor Counties. The parameters used aren't apparent. Why Escambia and Taylor were selected isn't clear either. Whether this is an accurate subset of the parameters posed and then used to pull the data isn't available either, without this last part, these documents shouldn't qualify for the public record exception to hearsay.

Dated: April 2, 2024

Respectfully submitted,

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

/s/ *Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
Gary V. Perko (FB 855898)
gperko@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

*Admitted pro hac vice

## CERTIFICATE OF COMPLIANCE

I certify that this document is 974 words, excluding the parts that may be excluded. I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

/s/ *Mohammad O. Jazil*
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that on April 2, 2024, the foregoing was filed through the Court's CM/ECF system, which automatically serves a copy to all counsel of record.

/s/ *Mohammad O. Jazil*
Mohammad O. Jazil