UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

        Plaintiffs,

v.

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

        Defendants.

Case Nos.: 4:23-cv-215-MW-MAF
              4:23-cv-216-MW-MAF
              4:23-cv-218-MW-MAF

## NAACP PLAINTIFFS' SUPPLEMENT TO OPENING STATEMENT

In response to a question from this Court on April 2, 2024, NAACP Plaintiffs submit this supplement to their opening statement to clarify whether they may argue in the alternative that their claim alleged in Count V of their Complaint, which contends that SB 7050's 3PVRO Restrictions violate the Equal Protection Clause, *see* ECF No. 184 at 58–62, satisfies the *Anderson-Burdick* test. The answer is yes. Although courts have applied different tests to equal protection claims like the one here—including the framework for evaluating intentional discrimination claims laid out in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266–68 (1977)—several courts have concluded that the *Anderson-Burdick* balancing test applies, and have proceeded to apply that test to equal protection

1

claims even where the plaintiffs have not expressly referred to *Anderson-Burdick* in their complaint. Here, NAACP Plaintiffs expressly pled the elements of the *Anderson-Burdick* test and submitted a joint filing to the Court flagging that the *Anderson-Burdick* analysis remains a live question for the Court.

As this Court is well aware, *Anderson-Burdick* applies a two-part balancing test. First, the Court must determine the magnitude of the burden that the challenged provision imposes on the plaintiffs' constitutional rights. Then, it must "weigh the character and magnitude of" that burden "against the state's proffered justifications for the burdens imposed by the rule, taking into consideration the extent to which those justifications require the burden to plaintiffs' rights." *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1318 (11th Cir. 2019). The Court looks specifically to the burdens on the voters most likely to be impacted by the provision. *See, e.g.*, *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 198–99, 202–03 (2008) (Stevens, J., plurality opinion); *Lee*, 915 F. 3d at 1325 (focusing on burden that Florida's "signature-match scheme" specifically imposed "on vote-by-mail voters who have belatedly been notified of a signature mismatch").

Whether NAACP Plaintiffs' equal protection claim is evaluated under *Arlington Heights* or *Anderson-Burdick*, their third amended complaint sufficiently pleads that SB 7050's 3PVRO Restrictions violate the Equal Protection Clause of the U.S. Constitution. First, NAACP Plaintiffs clearly identify the subset of

2

individuals impacted by SB 7050's 3PVRO Restrictions—namely, Black and Hispanic voters. For example, in alleging Count V, NAACP Plaintiffs assert that: "SB 7050's 3PVRO restrictions will impact Black and Hispanic Floridians with precision, particularly because 3PVROs are five times more likely to register Black and Hispanic voters than white voters." ECF No. 184 ¶ 152; *see also id.* ¶¶ 4, 104, 106; *see also, e.g.*, *Fish v. Schwab*, 957 F.3d 1105, 1126–27 (10th Cir. 2020) (noting that, in determining magnitude of the burden under *Anderson-Burdick* test, court evaluates "'the statute's broad application to all . . . voters'" but also may "specifically consider the 'limited number of persons' on whom '[t]he burdens that are relevant to the issue before us' will be 'somewhat heavier'") (quoting *Crawford*, 553 U.S. at 198–99, 202–03 (Stevens, J., plurality opinion), and citing *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 668 (1966) (holding poll tax facially unconstitutional while identifying the specifically pernicious effect such a tax has on those unable to pay it)). Likewise, NAACP Plaintiffs expressly alleged the inadequacy of the state's purported interests in maintaining these restrictions, *see, e.g.*, ECF No. 184 ¶¶ 153–54, which directly addresses the second part of the *Anderson-Burdick* test. *See, e.g.*, *Lee*, 915 F.3d at 1318.

These allegations are more than sufficient to plead NAACP Plaintiffs' equal protection claim against these Restrictions, regardless of the legal test that the Court ultimately applies. As the Eleventh Circuit has held, "the federal notice pleading

standard only requires allegations as to every material point necessary to sustain a claim on any legal theory, even if it is not the precise theory advanced by the plaintiff." *Ray v. Comm'r, Ala. Dep't of Corr.,* 915 F.3d 689, 697 n.3 (11th Cir. 2019) (citing *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In *Lyes v. City of Riviera Beach*, for instance, the Eleventh Circuit held that even where the plaintiff's complaint "did not specifically style th[e] claim as one to vindicate [plaintiff's] rights under the Equal Protection Clause," it "contain[ed] numerous allegations consistent with an equal protection cause of action" sufficient to preserve that claim. 126 F.3d 1380, 1387 (11th Cir. 1997*), reh'g en banc granted, opinion vacated*, 136 F.3d 1295 (11th Cir. 1998), *and on reh'g en banc reinstating in relevant part*, 166 F.3d 1332, 1336 (11th Cir. 1999). Here, NAACP Plaintiffs have alleged the material facts necessary to sustain an equal protection claim under either the *Arlington Heights* or the *Anderson-Burdick* framework.

Federal courts, moreover, routinely apply the *Anderson-Burdick* framework even when *Anderson-Burdick* was not identified in the plaintiff's complaint. *Compare Daunt v. Benson*, 956 F.3d 396, 406–07 (6th Cir. 2020) (recognizing that the *Anderson-Burdick* test "may apply to First Amendment claims as well as to Equal Protection claims" and concluding that the "rationales for applying the *Anderson-Burdick* test" "resonate" in the case at hand), *with* Complaint, *Michigan Republican Party v. Benson*, Case No. 1:19-cv-669 (W.D. Mich. Aug. 22, 2019), ECF No. 1

4

(alleging that ballot proposal for an independent redistricting commission violates First and Fourteenth Amendment rights of Michigan Republican Party, without reference to *Anderson-Burdick* test); *see also Burdick v. Takushi*, 504 U.S. 428, 432 (1992) (disagreeing with petitioner's "erroneous assumption that a law that imposes any burden upon the right to vote must be subject to strict scrutiny" and applying *Anderson-Burdick* framework instead); *Fla. Democratic Party v. Detzner*, No. 4:16-CV-607-MW/CAS, 2016 WL 6090943, at *6 (N.D. Fla. Oct. 16, 2016) ("Not every voting regulation, however, is subject to strict scrutiny. Rather, courts considering a challenge to state election laws must weigh" rights and burdens under *Anderson-Burdick* test).

In prior filings, moreover, the parties have acknowledged that this and other claims may be ultimately scrutinized under the *Anderson-Burdick* test. The Joint Pre-trial Stipulation includes a header entitled "Burdens on Voting Rights (*Anderson-Burdick*)," ECF No. 244 at 41, under which the parties agreed that remaining issues to be litigated at trial (as relevant to NAACP Plaintiffs) include "[w]hether and to what degree" the Citizenship Requirement, Information Retention Ban, and 3PVRO Fines Provision "burden[] the constitutional right to vote of Florida voters or particular relevant subgroups of voters identified by Plaintiffs," *id.* ¶¶ 10, 12, 13, and the extent to which "the State's interests outweigh any alleged burdens on the right

5

to vote," *id.* ¶ 16. Defendants are thus on notice of NAACP Plaintiffs' *Anderson-Burdick* argument.

\* \* \*

In sum, the *Anderson-Burdick* legal framework is properly before the Court as a basis for relief under NAACP Plaintiffs' First Amendment and Fourteenth Amendment claims. And regardless of the test that the Court ultimately applies, the NAACP Plaintiffs will prove that SB 7050's 3PVRO Restrictions violate the Equal Protection Clause of the U.S. Constitution.

Dated: April 4, 2024

Abha Khanna*
Makeba Rutahindurwa*
**ELIAS LAW GROUP, LLP**
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP, LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law

Respectfully submitted,

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

6

rodonnell@elias.law

*\* Admitted pro hac vice*

*Counsel for Plaintiffs Florida State Conference of Branches of Youth Units of the NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans, Santiago Mayer Artasanchez, Esperanza Sánchez, and Humberto Orjuela Prieto*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
