## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

Plaintiffs,

v.                                                    Case No. 4:23-cv-215-MW-MAF

CORD BYRD, et al.,

Defendants.

_____/

### ATTORNEY GENERAL ASHLEY MOODY'S ANSWER TO
### PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant, Attorney General Ashley Moody in her official capacity as the

Attorney General of Florida, hereby submits her answer and affirmative defenses

to Plaintiffs' Fourth Amended Complaint, ECF No. 302. Any allegation that is not

specifically admitted or qualified is denied. As to the numbered paragraphs of the

Complaint, the Attorney General answers as follows:[1]

---

[1] The headings herein are recreated from Plaintiffs' Complaint and are included for
the purpose of organization and clarity only. The headings are material to which no
response is required; to the extent a response is required, it is denied.

## NATURE OF THE CASE

1. Admitted that third-party voter registration organizations ("3PVROs") have collected and submitted a number of voter registration forms in Florida. The cited website speaks for itself. Otherwise, denied.

2. Admitted that Senate Bill 7050 ("SB 7050") was enacted on May 24, 2023. Admitted that SB 7050 is an omnibus election bill that imposes new requirements on 3PVROs. Otherwise, denied.

3. The text of SB 7050 speaks for itself. Otherwise, denied.

4. The cited statement speaks for itself. Otherwise, without knowledge, therefore denied.

5. Denied.

6. Without knowledge, therefore denied as to the first sentence. Otherwise, denied.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted that Plaintiffs bring this action pursuant to the cited statutes. The cited statutes speak for themselves. Otherwise, denied.

9. Admitted that Plaintiffs bring this action pursuant to the cited statute. The cited statute speaks for itself. Otherwise, denied.

10. Admitted that Plaintiffs bring this action pursuant to the cited statutes. The cited statutes speak for themselves. Otherwise, denied.

11. Admitted.

12. Admitted.

13. Admitted that Plaintiffs seek declaratory and injunctive relief pursuant to the cited statute and rules. The cited statutes and rules speak for themselves. Otherwise, denied.

**PARTIES**

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Denied.

21. Denied.

22. Without knowledge, therefore denied.

23. The text of SB 7050 speaks for itself. Otherwise without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. The cited statutes speak for themselves. Otherwise, without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. The text of SB 7050 speaks for itself. Otherwise, without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. The text of SB 7050 speaks for itself. Otherwise without knowledge, therefore denied.

43. The text of SB 7050 speaks for itself. Otherwise without knowledge, therefore denied.

44. Without knowledge, therefore denied.

45. The text of SB 7050 speaks for itself. Otherwise without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. The text of SB 7050 speaks for itself. Otherwise without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. The text of SB 7050 speaks for itself. Otherwise without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. The first sentence is denied. Otherwise, without knowledge, therefore denied.

54. Denied.

55. Admitted that Defendant Cord Byrd is sued in his official capacity as Secretary of State of Florida and is the State's chief election officer. The cited statutes speak for themselves. Otherwise, denied.

56. The cited statute and report speak for themselves. Otherwise, denied.

57. Admitted that Defendant Ashley Moody is sued in her official capacity as Attorney General of Florida. The cited statutes speak for themselves. Otherwise, denied.

58. Admitted that Defendant Supervisors of Elections are sued in their official capacities and that they are responsible for administration of elections in their respective counties. The cited statutes speak for themselves. Otherwise, denied.

59. Admitted.

60. Without knowledge, therefore denied.

61. Admitted.

## STATEMENT OF FACTS OF LAW

**I.   The challenged provisions infringe 3PVRO's First Amendment rights and unlawfully harm voters.**

62. Denied.

63. Denied.

**A.  3PVRO Restrictions**

64. The text of SB 7050 speaks for itself. Otherwise, without knowledge, therefore denied.

### 1.  Citizenship Requirement

65. The cited statutes speak for themselves. Otherwise, denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. The quoted statement speaks for itself. Otherwise, without knowledge, therefore denied.

69. Without knowledge, therefore denied.

70. Without knowledge, therefore denied.

71. Without knowledge, therefore denied.

72. Without knowledge, therefore denied.

73. The quoted statement speaks for itself. Otherwise, without knowledge, therefore denied.

74. Without knowledge, therefore denied.

### 2.  3PVRO Fines Provision

75. The cited statutes speak for themselves. Otherwise, denied.

76. The texts of the cited bills, SB 524 (2022) and SB 7050, speak for themselves. Otherwise, denied.

77. Without knowledge, therefore denied.

78. Without knowledge, therefore denied.

79. The quoted statements speak for themselves. Otherwise, without knowledge, therefore denied.

80. The quoted statements speak for themselves. Otherwise, without knowledge, therefore denied.

81. The quoted statement speaks for itself. Otherwise, without knowledge, therefore denied.

82. Denied.

### 3. 3PVRO Information Retention Ban

83. The cited statute speaks for itself. Otherwise, denied.

84. Without knowledge, therefore denied.

85. The cited statute speaks for itself. Otherwise, denied.

## B. Mail-In Ballot Request Assistance Restriction

86. The cited statute speaks for itself. Otherwise, denied.

87. The cited statute speaks for itself. Otherwise, denied.

88. The cited statute speaks for itself. Otherwise, denied.

89. Without knowledge, therefore denied.

90. Without knowledge, therefore denied.

91. Without knowledge, therefore denied.

92. Denied.

93. The cited proposed rule speaks for itself. Otherwise, denied.

94. The cited statute speaks for itself. Otherwise, denied.

**II.   The challenged provisions were passed in the wake of two of Florida's "most secure" and successful elections with high turnout.**

95. As to the first sentence, without knowledge, therefore denied. Otherwise, denied.

96. The quoted statements speak for themselves. Otherwise, without knowledge, therefore denied.

97. The quoted statements speak for themselves. Otherwise, without knowledge, therefore denied.

98. Admitted that voter turnout in the 2020 general election was 77%. Otherwise, without knowledge, therefore denied.

99. Denied.

100. Denied.

101. Without knowledge, therefore denied.

102. The quoted statement speaks for itself. Otherwise, without knowledge, therefore denied.

103. Without knowledge, therefore denied.

104. The quoted statements speak for themselves. Otherwise, without knowledge, therefore denied.

105. The cited case speaks for itself. Otherwise, denied.

106. The quoted statements speak for themselves. Otherwise, without

knowledge, therefore denied.

107. The quoted statements speak for themselves. Otherwise, without

knowledge, therefore denied.

108. The quoted statement speaks for itself. Otherwise, without knowledge,

therefore denied.

## CLAIMS FOR RELIEF

### COUNT I
**Infringement of Free Speech**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

109. Attorney General Moody re-alleges her responses to paragraphs 1-108 as

if fully stated herein.

110. The cited constitutional amendments speak for themselves. Otherwise,

denied.

111. The cited cases speak for themselves. Otherwise, denied.

112. The cited cases speak for themselves. Otherwise, denied.

113. The cited cases speak for themselves. Otherwise, denied.

114. The cited case speaks for itself. Otherwise, denied.

115. Denied.

116. The cited cases speak for themselves. Otherwise, denied.

117. The cited case speaks for itself. Otherwise, denied.

   WHEREFORE, the Attorney General denies that Plaintiffs are entitled to

   any relief pursuant to Count I.

## COUNT II
**Infringement of Associational Rights**
**U.S. Const. amend. I & XIV, 42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

118. Attorney General Moody re-alleges her responses to paragraphs 1-108 as

   if fully stated herein.

119. The cited cases speak for themselves. Otherwise, denied.

120. The cited case speaks for itself. Otherwise, denied.

121. The cited cases speak for themselves. Otherwise, denied.

122. The cited cases speak for themselves. Otherwise, denied.

123. The cited case speaks for itself. Otherwise, without knowledge, therefore

   denied.

124. Without knowledge, therefore denied.

125. The cited cases speak for themselves. Otherwise, denied.

126. The cited case speaks for itself. Otherwise, denied.

   WHEREFORE, the Attorney General denies that Plaintiffs are entitled to

   any relief pursuant to Count II.

## COUNT III
**Equal Protection Clause**
**U.S. Const. amends. XIV 42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575(1)(e))**
**Against Defendants Byrd and Moody**

127. Attorney General Moody re-alleges her responses to paragraphs 1-108 as

   if fully stated herein.

128. The cited constitutional amendment speaks for itself. Otherwise, denied.

129. Denied.

130. The cited case speaks for itself. Otherwise, denied.

131. The cited case speaks for itself. Otherwise, denied.

132. The cited case speaks for itself. Otherwise, denied.

133. The text of SB 7050 speaks for itself. Otherwise, denied.

134. The cited cases speak for themselves. Otherwise, denied.

135. Denied.

136. Denied.

137. The cited cases speak for themselves. Otherwise, denied.

138. The quoted statement speaks for itself. Otherwise without knowledge,

   therefore denied.

139. The quoted statements speak for themselves. Otherwise, without

   knowledge, therefore denied.

140. Denied.

WHEREFORE, the Attorney General denies that Plaintiffs are entitled to any relief pursuant to Count III.

## COUNT IV
### Equal Rights Under the Law
### 42 U.S.C. § 1981
### (3PVRO Restrictions, Fla. Stat. § 97.0575(1)(e))
### Against Defendants Byrd and Moody

141. Attorney General Moody re-alleges her responses to paragraphs 1-108 as if fully stated herein.

142. The cited statute speaks for itself. Otherwise, denied.

143. The cited case and statute speak for themselves. Otherwise, denied.

144. Without knowledge as to first sentence, therefore denied. Otherwise, denied.

145. The cited constitutional provision and case speak for themselves. Otherwise, denied.

146. Denied as to the first and last sentences. Otherwise, without knowledge, therefore denied.

147. The cited statute speaks for itself. Otherwise, denied.

WHEREFORE, the Attorney General denies that Plaintiffs are entitled to any relief pursuant to Count IV.

## COUNT V
### Equal Protection Clause, U.S. Const. amend. XIV
### 42 U.S.C. § 1983
### (3PVRO Restrictions, Fla. Stat. § 97.0575)
### Against All Defendants

148. Attorney General Moody re-alleges her responses to paragraphs 1-108 as if fully stated herein.

149. The cited constitutional amendment speaks for itself. Otherwise, denied.

150. The cited constitutional provision speaks for itself. Otherwise, denied.

151. The cited cases speak for themselves. Otherwise, denied.

152. The cited constitutional provision speaks for itself. Otherwise, without knowledge, therefore denied.

153. The quoted statements speak for themselves. Otherwise, denied.

154. Denied.

155. The cited constitutional provision speaks for itself. Otherwise, denied.

WHEREFORE, the Attorney General denies that Plaintiffs are entitled to any relief pursuant to Count V.

## COUNT VI
### Vagueness and Overbreadth
### U.S. Const. amend. I & XIV, 42 U.S.C. § 1983
### (3PVRO Canvasser Restriction and Information Retention Ban, Fla. Stat. § 97.0575(1)(f), (7))
### Against Defendants Byrd and Moody

156. Attorney General Moody re-alleges her responses to paragraphs 1-108 as if fully stated herein.

157. The cited cases speak for themselves. Otherwise, denied.

158. The cited cases speak for themselves. Otherwise, denied.

159. The cited statute speaks for itself. Otherwise, denied.

160. The cited statute speaks for itself. Otherwise, denied.

161. The cited statute speaks for itself. Otherwise, denied.

162. The cited statute speaks for itself. Otherwise, denied.

163. The cited constitutional amendment speaks for itself. Otherwise, denied.

164. The cited case speaks for itself. Otherwise without knowledge, therefore denied.

165. The text of SB 7050 speaks for itself. Otherwise, denied.

166. The cited statute speaks for itself. Otherwise, denied.

167. The cited case speaks for itself. Otherwise, denied.

168. The cited case speaks for itself. Otherwise, denied.

169. The cited proposed rule speaks for itself. Otherwise, denied.

170. The cited constitutional provision and case speak for themselves. Otherwise, denied.

171. Denied, as to any legal conclusions asserted. Otherwise, without knowledge, therefore denied.

WHEREFORE, the Attorney General denies that Plaintiffs are entitled to any relief pursuant to Count VI.

## COUNT VII
### Section 208 of the Voting Rights Act
### 52 U.S.C. § 10508
### (Mail-In Ballot Request Restriction, Fla. Stat. § 101.62)
### Against All Defendants

172. Attorney General Moody re-alleges her responses to paragraphs 1-108 as if fully stated herein.

173. The cited statute speaks for itself. Otherwise, denied.

174. The cited statute speaks for itself. Otherwise, denied.

175. The cited case speaks for itself. Otherwise, denied.

176. The cited case speaks for itself. Otherwise, denied.

177. Denied.

178. Denied.

179. Denied.

180. The cited constitutional provision and cases speak for themselves. Otherwise, denied.

181. The cited statute and bill speak for themselves. Otherwise, denied.

182. Denied as to any legal conclusions asserted. Otherwise, without knowledge, therefore denied.

WHEREFORE, the Attorney General denies that Plaintiffs are entitled to any relief pursuant to Count VII.

## COUNT VIII
### First and Fourteenth Amendments

**42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

183. Attorney General Moody re-alleges her responses to paragraphs 1-108 as if fully stated herein.

184. The cited constitutional provisions and cases speak for themselves. Otherwise, denied.

185. The cited cases speak for themselves. Otherwise, denied.

186. Th cited case speaks for itself. Otherwise, denied.

187. Denied.

188. Admitted that SB 7050 limits who may  help voters to register on behalf of a 3PVRO. Otherwise, denied.

189. Admitted that SB 7050 places certain restrictions on the retention of voters' personal information. Otherwise, denied.

190. Denied.

191. Denied.

WHEREFORE, the Attorney General denies that Plaintiffs are entitled to any relief pursuant to Count VIII.

**DFENSES**

Florida Attorney General Ashley Moody states below the affirmative and other defenses. By stating these defenses, The Attorney General does not assume

17

the burden of proof on any issue, fact, or element of a claim as to which applicable law places the burden on the plaintiffs. In addition, the Attorney General specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, or circumstances that may be discovered and/or further legal analysis of plaintiffs' positions in this litigation.

1. Some or all of Plaintiffs lack standing to pursue the claims asserted.

2. Attorney General Moody is entitled to Eleventh Amendment immunity.

3. This Court lacks subject matter jurisdiction over some or all of the claims.

4. Plaintiffs have failed to state a claim upon which relief can be granted.

5. There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Noah T. Sjostrom*
Noah T. Sjostrom (FBN 1039142)
Stephanie A. Morse (FBN 0068713)
**Office of the Attorney General**
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Noah.Sjostrom@myfloridalegal.com
Stephanie.Morse@myfloridalegal.com
***Counsel for Ashley Moody***

18

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of April 2024, a true and correct copy of this document was filed electronically with the Clerk of Court through the CM/ECF filing system, which provides notice to all counsel of record.

                                                    */s/ Noah T. Sjostrom*
                                                    Noah T. Sjostrom.