UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,

    *Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

    *Defendants*.

Case Nos. 4:23-cv-215-MW-MAF
           4:23-cv-216-MW-MAF
           4:23-cv-218-MW-MAF

inter

## THE ATTORNEY GENERAL'S CLOSING ARGUMENT AND NOTICE OF JOINDER

Pursuant to this Court's Scheduling Order, ECF No. 236, Defendant Attorney General Ashley Moody respectfully submits this written closing argument. The Attorney General joins the legal arguments presented by the Secretary of State in his written closing argument; she writes separately to address matters regarding the Plaintiffs' standing to sue the Attorney General.

I. Mail-In Ballot Request Provision, § 101.62, Fla. Stat.

On its face, the challenged Mail-In Ballot Request provision does not contain a civil or criminal penalty, much less any requirement that the Attorney General pursue any form of enforcement for non-compliance. The sole consequence the

statute section lists for a person's failure to follow the dictates of the section is that the respective Supervisor of Elections is not required to accept the request for vote-by-mail ballot. Injuries from a statute in which the Attorney General has no role cannot be traceable to her. Similarly, an injunction against her related to the same statute could not have any effect to redress injuries where the Attorney General is not empowered to perform any role under the statute. Traceability and redressability fail as a matter of law, as relates to the Attorney General. As the Plaintiffs could not satisfy the requisite elements of Article III standing regarding the Attorney General for any of their claims regarding the Mail-In Ballot Request provision, the court should enter judgment that the Plaintiffs lack standing to sue the Attorney General for their challenge to the Mail-In Ballot Request restriction.

II. Enforcement of § 97.0575, Fla. Stat.

The Plaintiffs lack Article III standing against the Attorney General because the plain language of the statute shows their injuries are not traceable to the Attorney General or redressable by an injunction against her. Additionally, naming the Attorney General resulted in the type of redundancy in naming official-capacity defendants which was rejected in *Honeyfund.com, Inc. v. DeSantis*, 622 F.Supp.3d 1159, 1174 (N.D. Fla. 2022) (denying standing for preliminary injunction against the governor where an order prohibiting the FCHR from referring cases to him would provide complete relief), *aff'd*, 94 F.4th 1272 (11th Cir. 2024). The court should find

the claims against the Attorney General fail for lack of standing and dismiss her from the consolidated cases.

The Harmonious-Reading canon, Whole-Text canon, and related statutory construction principles regarding context support the Attorney General's interpretation that § 97.0575(8), Fla. Stat., (the "Referral provision"), requires a referral for enforcement by the OAG.

A fair reading of the statute shows it contemplates a referral from the Secretary to the Attorney General for her to consider commencing a civil enforcement action under § 97.0575(8), Fla. Stat. The Plaintiffs' interpretation of the referral provision would nullify the first sentence of subsection eight. It would be inconsistent with standard construction principles to presume the Legislature enacted language with the intent that courts would treat it as a nullity.

The Harmonious-Reading canon provides the provisions within a text should be interpreted in a way that renders them compatible, rather than in a way in which one would nullify the other.[1]  The three sentences at issue in the Referral provision were enacted as part of the same act, which indicates the Legislature's intention that they overlap, such that the referral referenced in the first sentence would apply to the rest

---

[1] Antonin Scalia and Bryan A. Garner, Reading Law: The Interpretation of Legal Texts, § 27, at 181 (2012).

of § 97.0575(8), Fla. Stat.[2]  See Ch. 2011-40, Laws of Florida.  The Whole-Text Canon further supports the Attorney General's interpretation of the Referral provision.  When the text is construed as a whole and in context, including the physical and logical relation of the parts, the most reasonable reading is that a referral is a necessity for civil enforcement under the statute section.[3]

The Referral provision is embedded within the Florida Election Code, which specifies the Secretary of State is the state's Chief Election Officer. § 97.012, Fla. Stat. The specific sentence allowing the Secretary the discretion to refer matters to the Attorney General precedes the sentences which outline the post-referral options. A harmonious reading of the sentences, considering the order in which the Legislature placed them, is that the actions the Attorney General may take follow the referral, just as the enforcement options sentence follows the sentence authorizing the Secretary to make a referral.

Plaintiffs suggest that the phrase regarding enforcement "to prevent a violation" should be construed to mean a referral from the Secretary in that instance is not necessary, as opposed to the necessity of a referral post-violation.  However, the same canons explained above apply and require the reading consistent with the Attorney General's interpretation. The location of the subject text after the initial

---

[2] *Id*.
[3] *See Id.*, § 24, at 167-168.

authorization for the Secretary to make a referral reasonably leads to the conclusion stated by the AG that in each instance, a referral from the Secretary is a prerequisite to her evaluation for enforcement. This reading provides harmony within the text of the subsection as a whole.

The Attorney General agrees with Plaintiffs that traceability and redressability "often travel together" and that to satisfy redressability Plaintiffs must show "that an injunction prohibiting enforcement would be effectual." *Support Working Animals, Inc. v. Gov. of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). As this court has held, some state officials have statutorily mandated duties under SB 7050 that are unavoidable. *See* DE 199, at 9. The Attorney General, however, is in a different position. The text of the statute regarding civil enforcement, from the regulator's discretion to make a referral in the first place to whether a civil action is filed, is permissive, not mandatory. As such, the element of imminent or "certainly impending" harm is lacking. *See e.g., Clapper v. Amnesty Int'l, USA*, 568 U.S. 398 (2013); *Support Working Animals*, at 1204-05.[4] Though the statute, in a hypothetical scenario that has not occurred, conceivably could place the Attorney General at the tail end of a chain of civil enforcement, her position even in that hypothetical would invariably be down the line from an initial report, investigation, assessment, and eventual

---

[4] DX 10 contains a plethora of fine letters dating back to at least 2016, none of which were issued by the Attorney General.

referral from another agency.[5] The multiple steps that must occur before a referral to the Attorney General plainly place the AG too far downstream to confer standing. *See Walters v. Fast AC, LLC*, 60 F.4th 642, 650 (11th Cir. 2023).

Similar principles require rejection of the allegation that the Attorney General is "specifically tasked" with enforcement of the challenged provisions of SB 7050, where the implication is that she has sole or exclusive jurisdiction to enforce election-related laws. The implication is incorrect. *See e.g.*, § 97.012(15), Fla. Stat. (allowing the Secretary to report findings from preliminary investigations of misconduct to either the Statewide Prosecutor *or* a State Attorney).

The Attorney General does not have general authority to prosecute criminal offenses.[6] Rather, the Florida Constitution provides that locally elected State Attorneys "shall be the prosecuting officer[s] of all trial courts," Art. 5, § 17, Fla. Const. Further, the Florida Constitution and the Florida Statutes assign a Statewide Prosecutor jurisdiction over certain statutorily enumerated offenses that are "occurring, or [have] occurred" in multiple state judicial circuits. Art. IV, § 4, Fla. Const.; § 16.56(1)(c), Fla. Stat. (emphasis added). The Statewide Prosecutor is an

---

[5] The Stipulation provided by the Attorney General confirmed the OAG does not employ investigators for § 97.0575, Fla. Stat. See PX 179, ¶ 2.

[6] Florida law provides that, as the State's chief legal officer, the Attorney General has authority to issue advisory opinions on questions of law to certain officials and to appear on behalf of the State in state and federal court. § 16.01(3), (4), (5), Fla. Stat.

independent constitutional officer. Tr. 811:4-5. To the extent that a felony occurs under §97.0575(7), Fla. Stat., the Statewide Prosecutor may prosecute such a violation if it occurs in multiple state judicial circuits, thus satisfies the jurisdictional prerequisites stated in the Florida Constitution.  Even so, the plain text of §97.0575(7), Fla. Stat. does not vest the Statewide Prosecutor with the sole or exclusive right to prosecute the unlawful retention of information.  In fact, the main election-related prosecution discussed in detail at the trial in this docket was a crime prosecuted by the State Attorney for the 20th Judicial Circuit. TR. 1792:7-25.

Conclusion

In summary, the Plaintiffs' traceability and redressability arguments fail in relation to the Attorney General.  The Plaintiffs' prospects for redressability, if any redress is ever due, are covered without the redundancy of naming the Attorney General; therefore, the court should find the Plaintiffs lack standing to sue the Attorney General and dismiss her from this case.

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse
Special Counsel
Fla. Bar No. 0068713
stephanie.morse@myfloridalegal.com
*/s/ Noah Sjostrom*
Noah Sjostrom
Assistant Attorney General
Fla. Bar No. 1039142
noah.sjostrom@myfloridalegal.com
Office of the Attorney General
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone:     (850) 414-3300
Telefacsimile:  (850) 488-4872

**Attorneys for Ashley Moody**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Stephanie A. Morse*
Stephanie A. Morse