# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,

       VS                        USDC NO. 4:23-cv-00215-MW-MAF
                                         USCA NO. _____

CORD BYRD, et al.,

## TRANSMITTAL OF NOTICE OF APPEAL

       The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

The appellate docket fee paid.  Date paid: 8/15/2025
Judge/Magistrate Judge appealed from: Mark E. Walker
Court Reporter(s): Megan Hague, Jan Davis
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: TALLAHASSEE DIVISION

                         JESSICA J. LYUBLANOVITS,
                         CLERK OF COURT

                         By:
                         Deputy Clerk
                         111 North Adams Street
August 15, 2025                 Tallahassee, Florida 32301

CLOSED,APPEAL,LEAD_CASE

## U.S. District Court
## Northern District of Florida (Tallahassee)
## CIVIL DOCKET FOR CASE #: 4:23–cv–00215–MW–MAF

FLORIDA STATE CONFERENCE OF BRANCHES AND
YOUTH UNITS OF THE NAACP et al v. BYRD et al
Assigned to: JUDGE MARK E WALKER
Referred to: MAGISTRATE JUDGE MARTIN A
FITZPATRICK
Case in other court:  USCA, 23–12308
Cause: 42:1983 Civil Rights Act

Date Filed: 05/24/2023
Date Terminated: 08/08/2025
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP**

represented by **ABHA KHANNA**
ELIAS LAW GROUP – SEATTLE WA
1700 SEVENTH AVENUE
SUITE 2100
SEATTLE, WA 98101
206–656–0177
Email: akhanna@elias.law
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
ELIAS LAW GROUP – WASHINGTON
DC
250 MASSACHUSETTS AVENUE
SUITE 400
WASHINGTON, DC 20001
202–968–4593
Email: lmadduri@elias.law
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
ELIAS LAW GROUP – SEATTLE WA
1700 SEVENTH AVENUE
SUITE 2100
SEATTLE, WA 98101
206–656–0179
Email: mrutahindurwa@elias.law
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
FRIED FRANK HARRIS ET AL –
WASHINGTON DC
801 17TH STREET NW
WASHINGTON, DC 20006
202–639–7254
Fax: 202–639–7003
Email: Mindy.Johnson@friedfrank.com
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
1650 MARKET STREET
34TH FLOOR
PHILADELPHIA, PA 19103
570–301–2809
Email: renata.odonnell@rossfellercasey.com
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
KING BLACKWELL ZEHNDER ETC PA
– ORLANDO FL

25 E PINE ST
ORLANDO, FL 32801
407−422−2472
Fax: 407−648−0161
Email: fwermuth@kbzwlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EQUAL GROUND EDUCATION**                    represented by    **FREDERICK STANTON WERMUTH**
**FUND**                                                        (See above for address)
*TERMINATED: 06/09/2023*                                        *TERMINATED: 06/09/2023*
                                                               *LEAD ATTORNEY*

                                                               **ABHA KHANNA**
                                                               (See above for address)
                                                               *TERMINATED: 06/09/2023*

                                                               **LALITHA D MADDURI**
                                                               (See above for address)
                                                               *TERMINATED: 06/09/2023*

                                                               **MAKEBA RUTAHINDURWA**
                                                               (See above for address)
                                                               *TERMINATED: 06/09/2023*

                                                               **MELINDA K JOHNSON**
                                                               (See above for address)
                                                               *TERMINATED: 06/09/2023*

                                                               **RENATA MARIE O'DONNELL**
                                                               (See above for address)
                                                               *TERMINATED: 06/09/2023*

**Plaintiff**

**VOTERS OF TOMORROW**                        represented by    **ABHA KHANNA**
**ACTION, INC.**                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **LALITHA D MADDURI**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **MAKEBA RUTAHINDURWA**
                                                               (See above for address)
                                                               *TERMINATED: 02/12/2025*

                                                               **MELINDA K JOHNSON**
                                                               (See above for address)
                                                               *TERMINATED: 04/11/2025*

                                                               **RENATA MARIE O'DONNELL**
                                                               (See above for address)
                                                               *TERMINATED: 01/23/2025*

                                                               **FREDERICK STANTON WERMUTH**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DISABILITY RIGHTS FLORIDA**                 represented by    **ABHA KHANNA**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALIANZA FOR PROGRESS**                    represented by   **ABHA KHANNA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALIANZA CENTER**                    represented by   **ABHA KHANNA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)

*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIDOSUS**                    represented by **ABHA KHANNA**
                               (See above for address)
                               *ATTORNEY TO BE NOTICED*

                               **LALITHA D MADDURI**
                               (See above for address)
                               *ATTORNEY TO BE NOTICED*

                               **MAKEBA RUTAHINDURWA**
                               (See above for address)
                               *TERMINATED: 02/12/2025*

                               **MELINDA K JOHNSON**
                               (See above for address)
                               *TERMINATED: 04/11/2025*

                               **RENATA MARIE O'DONNELL**
                               (See above for address)
                               *TERMINATED: 01/23/2025*

                               **FREDERICK STANTON WERMUTH**
                               (See above for address)
                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLORIDA ALLIANCE FOR**        represented by **ABHA KHANNA**
**RETIRED AMERICANS**           (See above for address)
                               *ATTORNEY TO BE NOTICED*

                               **LALITHA D MADDURI**
                               (See above for address)
                               *ATTORNEY TO BE NOTICED*

                               **MAKEBA RUTAHINDURWA**
                               (See above for address)
                               *TERMINATED: 02/12/2025*

                               **MELINDA K JOHNSON**
                               (See above for address)
                               *TERMINATED: 04/11/2025*

                               **RENATA MARIE O'DONNELL**
                               (See above for address)
                               *TERMINATED: 01/23/2025*

                               **FREDERICK STANTON WERMUTH**
                               (See above for address)
                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**HISPANIC FEDERATION**         represented by **ADRIEL I CEPEDA DERIEUX**
*TERMINATED: 06/09/2023*        AMERICAN CIVIL LIBERTIES UNION
                               – WASHINGTON DC
                               915 15TH STREET NW
                               WASHINGTON, DC 20005
                               212–284–7334

Fax: 212–549–2654
Email: acepedaderieux@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
LATINO JUSTICE PRLDEF – NEW
YORK NY
475 RIVERSIDE DRIVE
SUITE 1901
NEW YORK, NY 10115
212–392–4752
Email: cruiz@latinojustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
ACLU FOUNDATION OF FLORIDA
INC – MIAMI FL
4343 W FLAGLER STREET
SUITE 400
MIAMI, FL 33134
786–363–2714
Fax: 786–363–1257
Email: dtilley@aclufl.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL–HARRIS**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 BROAD STREET
NEW YORK, NY 10004
425–516–8400
Email: dcampbell–harris@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
LATINO JUSTICE PRLDEF –
ORLANDO FL
4700 MILLENIA BOULEVARD
SUITE 500
ORLANDO, FL 32839
407–600–2350
Email: dalicea@latinojustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
DEMOS – NEW YORK NY
368 9TH AVENUE
6TH FLOOR
NEW YORK, NY 10001
330–806–9163
Email: ekonor@demos.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
ARNOLD & PORTER LLP – NEW
YORK NY
250 WEST 55TH STREET
NEW YORK, NY 10019
212–715–1107

Email: evan.preminger@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
ARNOLD & PORTER LLP –
WASHINGTON DC
601 MASSACHUSETTS NW
WASHINGTON, DC 20001
202–942–5545
Fax: 202–942–5000
Email: jeremy.karpatkin@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
AMERICAN CIVIL LIBERTIES UNION
– NEW YORK NY
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212–549–2686
Email: jebenstein@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**MEGAN CHRISTINE KEENAN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15TH STREET NW
WASHINGTON, DC 20005
740–632–0671
Email: mkeenan@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
ACLU FOUNDATION OF FLORIDA
4343 WEST FLAGLER STREET
SUITE 400
MIAMI, FL 33134
786–363–1769
Email: nwarren@aclufl.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
ARNOLD & PORTER LLP – NEW
YORK NY
250 WEST 55TH STREET
NEW YORK, NY 10019
212–836–7869
Email: rayne.ellis@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
LATINO JUSTICE PRLDEF –
ORLANDO FL
REGIONAL SOUTHEAST OFFICE

523 W COLONIAL DRIVE
ORLANDO, FL 32804
321–754–1935
Fax: 212–219–3360
Email: rcruz@latinojustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212–519–7836
Email: slakin@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PODER LATINX**
*TERMINATED: 06/09/2023*

represented by **ADRIEL I CEPEDA DERIEUX**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL–HARRIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/07/2023*
*LEAD ATTORNEY*

**MEGAN CHRISTINE KEENAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

VERONICA HERRERA–LUCHA          represented by   **ADRIEL I CEPEDA DERIEUX**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL–HARRIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**MEGAN CHRISTINE KEENAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORKA MARTINEZ**
*TERMINATED: 06/09/2023*

represented by  **ADRIEL I CEPEDA DERIEUX**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL–HARRIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**A DOE**
*TERMINATED: 06/09/2023*

represented by **ADRIEL I CEPEDA DERIEUX**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL–HARRIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MEGAN CHRISTINE KEENAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**B DOE**
*TERMINATED: 06/09/2023*

represented by **CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SANTIAGO MAYER**              represented by  **ABHA KHANNA**
**ARTASANCHEZ**                                (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **FREDERICK STANTON WERMUTH**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **LALITHA D MADDURI**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **MAKEBA RUTAHINDURWA**
                                               (See above for address)
                                               *TERMINATED: 02/12/2025*

                                               **MELINDA K JOHNSON**
                                               (See above for address)
                                               *TERMINATED: 04/11/2025*

                                               **RENATA MARIE O'DONNELL**
                                               (See above for address)
                                               *TERMINATED: 01/23/2025*

**Plaintiff**

**ESPERANZA SANCHEZ**           represented by

**ABHA KHANNA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FREDERICK STANTON WERMUTH**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**Plaintiff**

**LEAGUE OF WOMEN VOTERS OF**          represented by   **ALEXANDRA COPPER**
**FLORIDA INC**                                          CAMPAIGN LEGAL CENTER –
                                                         WASHINGTON DC
                                                         1101 14TH STREET NW
                                                         SUITE 400
                                                         WASHINGTON, DC 20005
                                                         202–736–2200
                                                         Email: alexandra.copper@gmail.com
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

**ALLISON MARIE WALTER**
WILKINSON STEKLOFF LLP –
WASHINGTON DC
2001 M STREET NW
10TH FLOOR
WASHINGTON, DC 20036
202–847–4239
Fax: 202–847–4005
Email: awalter@wilkinsonstekloff.com
*TERMINATED: 08/25/2023*
*LEAD ATTORNEY*

**CHAD W DUNN**
BRAZIL & DUNN – MIAMI FL
1200 BRICKELL AVE
SUITE 1950
MIAMI, FL 33131
305–783–2190
Fax: 305–783–2268
Email: chad@brazilanddunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIELLE MARIE LANG**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005

267–205–0578
Email: dlang@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ELLEN MARGARET BOETTCHER**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
781–738–6100
Email: eboettcher@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN MICHAEL DIAZ**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Fax: 202–736–2222
Email: jdiaz@campaignlegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL R ORTEGA**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
305–794–5431
Email: mortega@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Email: bferguson@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SIMONE TYLER LEEPER**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
727–418–8011
Email: sleeper@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER MYRON LAPINIG**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC

1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
203–936–9766
Email: clapinig@campaignlegalcenter.org
*TERMINATED: 09/05/2024*
*PRO HAC VICE*

**MOLLY E DANAHY**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Fax: 202–736–2222
Email: molly@uppersevenlaw.com
*TERMINATED: 06/28/2024*
*PRO HAC VICE*

**Plaintiff**

**LEAGUE OF WOMEN VOTERS OF
FLORIDA EDUCATION FUND INC**

represented by **ALEXANDRA COPPER**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ALLISON MARIE WALTER**
(See above for address)
*TERMINATED: 08/25/2023*
*LEAD ATTORNEY*

**CHAD W DUNN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIELLE MARIE LANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ELLEN MARGARET BOETTCHER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN MICHAEL DIAZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL R ORTEGA**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SIMONE TYLER LEEPER**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER MYRON LAPINIG**
(See above for address)
*TERMINATED: 09/05/2024*
*PRO HAC VICE*

**MOLLY E DANAHY**
(See above for address)
*TERMINATED: 06/28/2024*
*PRO HAC VICE*

**Plaintiff**

**HUMBERTO ORJUELA PRIETO**          represented by  **FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CORD BYRD**          represented by  **BRADLEY ROBERT MCVAY**
*IN HIS OFFICIAL CAPACITY AS*          FLORIDA DEPARTMENT OF STATE
*SECRETARY OF THE STATE OF*          OFFICE OF GENERAL COUNSEL
*FLORIDA*          500 S BRONOUGH STREET
          TALLAHASSEE, FL 32399
          352–219–5195
          Email: brad.mcvay@dos.myflorida.com
          *LEAD ATTORNEY*
          *ATTORNEY TO BE NOTICED*

          **ASHLEY E DAVIS**
          FLORIDA DEPARTMENT OF STATE
          RA GRAY BUILDING
          500 SOUTH BRONOUGH STREET
          SUITE 100
          TALLAHASSEE, FL 32399
          850–245–6531
          Email: ashley.davis@dos.fl.gov
          *ATTORNEY TO BE NOTICED*

          **GARY VERGIL PERKO**
          HOLTZMAN VOGEL – TALLAHASSEE
          FL
          119 S MONROE STREET
          SUITE 500
          TALLAHASSEE, FL 32301
          850–391–0502
          Email: gperko@HoltzmanVogel.com
          *ATTORNEY TO BE NOTICED*

          **JOHN J CYCON**
          HOLTZMAN VOGEL BARAN ET AL –
          HAYMARKET VA
          15405 JOHN MARSHALL HWY
          HAYMARKET, VA 20169
          540–341–8808
          Email: jcycon@holtzmanvogel.com
          *ATTORNEY TO BE NOTICED*

          **JOSEPH SCOTT VAN DE BOGART**
          FLORIDA DEPARTMENT OF STATE

OFFICE OF GENERAL COUNSEL
500 S BRONOUGH STREET
TALLAHASSEE, FL 32399
850−245−6519
Fax: 850−245−6127
Email: jvandebogart@fau.edu
*TERMINATED: 05/02/2025*

**JOSHUA E PRATT**
HOLTZMAN VOGEL − TALLAHASSEE
FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850−566−7610
Email: josh.e.pratt@gmail.com
*TERMINATED: 04/26/2024*

**MICHAEL ROBERT BEATO**
HOLTZMAN VOGEL − TALLAHASSEE
FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850−566−7610
Email: mbeato@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**MOHAMMAD OMAR JAZIL**
HOLTZMAN VOGEL − TALLAHASSEE
FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850−391−0503
Email: mjazil@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASHLEY MOODY**
*IN HER OFFICIAL CAPACITY AS*
*FLORIDA ATTORNEY GENERAL*

represented by **NOAH T SJOSTROM**
FLORIDA ATTORNEY GENERAL'S
OFFICE
107 W GAINES STREET
SUITE 401F
TALLAHASSEE, FL 32309
850−414−3635
Email: noah.sjostrom@myfloridalegal.com
*TERMINATED: 08/30/2024*

**STEPHANIE ANNE MORSE**
FLORIDA ATTORNEY GENERAL'S
OFFICE
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399−1050
850−414−3300
Email: stephanie.morse@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**WILLIAM DAVID CHAPPELL**
FLORIDA DEPARTMENT OF
EDUCATION
THE CAPITOL PL−01
325 W GAINES STREET
TALLAHASSEE, FL 32399

850–245–0442
Email: david.chappell@fldoe.org
*TERMINATED: 09/05/2023*

**Defendant**

**KIM BARTON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*ALACHUA COUNTY*

represented by **DIANA MASTERS JOHNSON**
ALACHUA COUNTY ATTORNEYS
OFFICE
12 SE 1ST STREET
GAINESVILLE, FL 32601
352–374–5218
Fax: 352–374–5216
Email: dmjohnson@alachuacounty.us
*TERMINATED: 11/25/2024*

**ROBERT CHARLES SWAIN**
ALACHUA COUNTY ATTORNEY'S
OFFICE
12 SE FIRST ST
PO BOX 2877
GAINESVILLE, FL 32602
352–374–5218
Email: bswain@alachuacounty.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTOPHER MILTON**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BAKER COUNTY*

represented by **SUSAN SMITH ERDELYI**
MARKS GRAY PA – JACKSONVILLE
FL
1200 RIVERPLACE BLVD
STE 800
JACKSONVILLE, FL 32207
904–398–0900
Fax: 904–399–8440
Email: serdelyi@marksgray.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK ANDERSEN**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BAY COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMANDA SEYFANG**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BRADFORD COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TIM BOBANIC**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BREVARD COUNTY*

represented by **FRANK MICHAEL MARI**
TESSITORE MARI SCOTT PLLC –
LAKE MARY FL
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746
321–363–1634
Fax: 321–319–9095
Email: fmari@tessmari.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOE SCOTT**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BROWARD COUNTY*

represented by **LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DEVONA ALICIA REYNOLDS PEREZ**
OFFICE OF THE BROWARD COUNTY ATTORNEY
115 S ANDREWS AVENUE
SUITE 423
FORT LAUDERDALE, FL 33301
954–357–7600
Fax: 954–357–6968
Email: dreynoldsperez@broward.org
*ATTORNEY TO BE NOTICED*

**JOSEPH K JARONE**
BROWARD COUNTY ATTORNEY
115 S ANDREWS AVENUE
RM 423
FORT LAUDERDALE, FL 33301
954–357–7600
Fax: 954–347–7641
Email: jkjarone@broward.org
*ATTORNEY TO BE NOTICED*

**NATHANIEL ADAM KLITSBERG**
BROWARD COUNTY ATTORNEYS
OFFICE – FORT LAUDERDALE FL
115 S ANDREWS AVE
STE 423
FORT LAUDERDALE, FL 33301
954–357–7600
Fax: 954–357–7641
Email: nklitsberg@broward.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHARON CHASON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CALHOUN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEAH VALENTI**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CHARLOTTE COUNTY*

represented by **ANDY V BARDOS**
GRAYROBINSON PA –
TALLAHASSEE FL
301 S BRONOUGH ST STE 600
TALLAHASSEE, FL 32301
850–577–9090
Fax: 850–577–3311
Email: andy.bardos@gray–robinson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MAUREEN BAIRD**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CITRUS COUNTY*

represented by **DALE A SCOTT**
TESSITORE MARI SCOTT PLLC –
LAKE MARY FL
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746–5352
321–363–1634

Email: dscott@tessmari.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRIS H CHAMBLESS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CLAY COUNTY*

represented by **JOHN T LAVIA , III**
GARDNER BIST BOWDEN ET AL –
TALLAHASSEE FL
1300 THOMASWOOD DR
TALLAHASSEE, FL 32308
850–385–0070
Fax: 850–385–5416
Email: jlavia@gbwlegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JENNIFER J EDWARDS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*COLLIER COUNTY*

**Defendant**

**TOMI STINSON BROWN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BAY COLUMBIACOUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK F NEGLEY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*DESOTO COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**STARLET CANNON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*DIXIE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MIKE HOGAN**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*DUVAL COUNTY*

represented by **CRAIG DENNIS FEISER**
FLORIDA VIRTUAL SCHOOL
OFFICE OF GENERAL COUNSEL
5422 CARRIER DRIVE
SUITE 201
ORLANDO, FL 32819
689–339–3883
Email: cfeiser@flvs.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID H STAFFORD**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*ESCAMBIA COUNTY*

represented by **CHRISTI JO HANKINS**
ESCAMBIA COUNTY ATTORNEYS
OFFICE – PENSACOLA FL
221 PALAFOX PLACE
SUITE 430
PENSACOLA, FL 32502
850–595–4970
Email: cjhankins@myescambia.com
*ATTORNEY TO BE NOTICED*

**WILLIAM B GRAHAM**

CARR ALLISON – TALLAHASSEE FL
305 S GADSDEN ST
TALLAHASSEE, FL 32301
850–222–2107
Fax: 850–222–8475
Email: bgraham@carrallison.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**KAITI LENHART**                        represented by    **FRANK MICHAEL MARI**
*IN HER OFFICIAL CAPACITY AS*                             (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                            *ATTORNEY TO BE NOTICED*
*FLAGLER COUNTY*

**Defendant**

**HEATHER RILEY**                        represented by    **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                             (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                            *ATTORNEY TO BE NOTICED*
*FRANKLIN COUNTY*

**Defendant**

**SHIRLEY G KNIGHT**                     represented by    **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                             (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                            *ATTORNEY TO BE NOTICED*
*GADSDEN COUNTY*

**Defendant**

**CONNIE SANCHEZ**                       represented by    **FRANK MICHAEL MARI**
*IN HER OFFICIAL CAPACITY AS*                             (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                            *ATTORNEY TO BE NOTICED*
*GILCHRIST COUNTY*

**Defendant**

**ALETRIS FARNAM**                       represented by    **GERALDO FRANCIS OLIVO , III**
*IN HER OFFICIAL CAPACITY AS*                             HENDERSON FRANKLIN STARNES
*SUPERVISOR OF ELECTIONS FOR*                            ETC – FORT MYERS FL
*GLADES COUNTY*                                          1715 MONROE ST [33901]
                                                         PO BOX 280
                                                         FORT MYERS, FL 33902
                                                         239–344–1168
                                                         Email: jerry.olivo@henlaw.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **WILLIAM BOLTREK , III**
                                                         HENDERSON FRANKLIN STARNES
                                                         ETC – FORT MYERS FL
                                                         1715 MONROE ST [33901]
                                                         PO BOX 280
                                                         FORT MYERS, FL 33902
                                                         239–344–1299
                                                         Email: william.boltrek@henlaw.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN HANLON**                          represented by    **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                             (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                            *ATTORNEY TO BE NOTICED*
*GULF COUNTY*

**Defendant**

                                         represented by

**LAURA HUTTO**
*IN HHER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
HAMILTON COUNTY*

**SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DIANE SMITH**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
HARDEE COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRENDA HOOTS**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
HENDRY COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHIRLEY ANDERSON**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
HERNANDO COUNTY*

represented by **JON A JOUBEN**
HERNANDO COUNTY
20 N MAIN STREET
SUITE 462
BROOKESVILLE, FL 34601–2850
351–754–4122
Fax: 352–754–4001
Email: jjouben@co.hernando.fl.us
*ATTORNEY TO BE NOTICED*

**KYLE J BENDA**
HERNANDO COUNTY ATTORNEYS
OFFICE
20 N MAIN ST
STE 462
BROOKSVILLE, FL 34601–2850
352–754–4122
Email: kbenda@co.hernando.fl.us
*TERMINATED: 05/29/2024*

**Defendant**

**KAREN HEALY**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
HIGHLANDS COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CRAIG LATIMER**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
HLLSBOROUGH COUNTY*

represented by **COLLEEN E O'BRIEN**
THIRTEENTH JUDICIAL CIRCUIT
401 N JEFFERSON STREET
SUITE 22
TAMPA, FL 33602
813–272–5156
Email: colleen.o'brien@fljud13.org
*TERMINATED: 06/11/2025*

**STEPHEN MARK TODD**
OFFICE OF THE COUNTY ATTORNEY

HILLSBOROUGH COUNTY
601 E KENNEDY BLVD
27TH FLOOR
TAMPA, FL 33602
813–272–5670
Fax: 813–272–5758
Email: todds@hcfl.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**THERISA MEADOWS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HOLMES COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LESLIE ROSSWAY SWAN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*INDIAN RIVER COUNTY County*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAROL A DUNAWAY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*JACKSON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHELLE MILLIGAN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*JEFFERSON COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRAVIS HART**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LAFAYETTE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN HAYS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LAKE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TOMMY DOYLE**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LEE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK S. EARLEY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LEON COUNTY*

represented by **MARK HERRON**
MESSER CAPARELLO & SELF PA –
TALLAHASSEE FL
2618 CENTENNIAL PL
TALLAHASSEE, FL 32308

850–222–0720
Fax: 850–224–4359
Email: mherron@lawfla.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAMMY JONES**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LEVY COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GRANT CONYERS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LIBERTY COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HEATH DRIGGERS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MADISON COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL BENNETT**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MANATEE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WESLEY WILCOX**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MARION COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VICKY DAVIS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MARTIN COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTINA WHITE**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MIAMI DADE COUNTY*

represented by **MICHAEL BENY VALDES**
MIAMI–DADE COUNTY ATTORNEYS
OFFICE
111 NW FIRST STREET
SUITE 2810
MIAMI, FL 33128
305–375–5620
Fax: 305–375–5634
Email: michael.valdes@miamidade.gov
*ATTORNEY TO BE NOTICED*

**SOPHIA MARIE GUZZO**
MIAMI DADE COUNTY ATTORNEY'S
OFFICE
111 NW 1ST STREET
SUITE 2810

MIAMI, FL 33128
305–215–9203
Email: sophia.guzzo@miamidade.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOYCE GRIFFIN**                    represented by  **ANDY V BARDOS**
*IN HER OFFICIAL CAPACITY AS*                      (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                      *ATTORNEY TO BE NOTICED*
*MONROE COUNTY*

**Defendant**

**JANET H ADKINS**                   represented by  **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                      (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                      *ATTORNEY TO BE NOTICED*
*NASSAU COUNTY*

**Defendant**

**PAUL A LUX**                       represented by  **GREGORY THOMAS STEWART**
*IN HIS OFFICIAL CAPACITY AS*                      NABORS GIBLIN & NICKERSON PA –
*SUPERVISOR OF ELECTIONS FOR*                      TALLAHASSEE FL
*OKALOOSA COUNTY*                                  1500 MAHAN DR STE 200
                                                   TALLAHASSEE, FL 32308
                                                   850–224–4070
                                                   Fax: 850–224–4073
                                                   Email: gstewart@ngn–tally.com
                                                   *ATTORNEY TO BE NOTICED*

                                                   **MATTHEW REED SHAUD**
                                                   NABORS GIBLIN & NICKERSON PA –
                                                   TALLAHASSEE FL
                                                   1500 MAHAN DR STE 200
                                                   TALLAHASSEE, FL 32308
                                                   850–224–4070
                                                   Fax: 850–224–4073
                                                   Email: mshaud@ngnlaw.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA ARNOLD**                   represented by  **GERALDO FRANCIS OLIVO , III**
*IN HIS OFFICIAL CAPACITY AS*                      (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                      *ATTORNEY TO BE NOTICED*
*OKEECHOBEE COUNTY*
                                                   **WILLIAM BOLTREK , III**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**BILL COWLES**                      represented by  **NICHOLAS ARI SHANNIN**
*IN HIS OFFICIAL CAPACITY AS*                      SHANNIN LAW FIRM PA – ORLANDO
*SUPERVISOR OF ELECTIONS FOR*                      FL
*ORANGE COUNTY*                                    214 EAST LUCERNE CIRCLE
                                                   SUITE 200
                                                   ORLANDO, FL 32801
                                                   407–985–2222
                                                   Email: nshannin@shanninlaw.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**MARY JANE ARRINGTON**              represented by  **JOHN T LAVIA , III**
*IN HER OFFICIAL CAPACITY AS*                      (See above for address)

*SUPERVISOR OF ELECTIONS FOR*
*OSCEOLA COUNTY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**WENDY SARTORY LINK**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PALM BEACH COUNTY*

represented by **DAVID K MARKARIAN**
JECK HARRIS RAYNOR & JONES –
JUNO BEACH FL
790 JUNO OCEAN WALK
SUITE 600
JUNO BEACH, FL 33408
561–746–1002
Email: dmarkarian@jhrjpa.com
*ATTORNEY TO BE NOTICED*

**JESSICA ROSE GLICKMAN**
THE MARKARIAN GROUP – PALM
BEACH GARDENS FL
2925 PGA BOULEVARD
SUITE 204
PALM BEACH GARDENS, FL 33410
561–626–4700
Fax: 561–627–9479
Email: jessica@forbusinessandlife.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN E CORLEY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PASCO COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JULIE MARCUS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PINEALLS COUNTY*

represented by **JARED DOUGLAS KAHN**
PINELLAS COUNTY ATTORNEYS
OFFICE
315 COURT STREET
6TH FLOOR
CLEARWATER, FL 33756
813–786–4034
Email: jkahn@pinellas.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**LORI EDWARDS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*POLK COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES OVERTURF**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PUTNAM COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAPPIE A VILLANE**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SANTA ROSA COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RON TURNER**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
SARASOTA COUNTY*

**Defendant**

**CHRIS ANDERSON**                      represented by **ANDY V BARDOS**
*IN HIS OFFICIAL CAPACITY AS*                        (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*SEMINOLE COUNTY*

**Defendant**

**VICKY OAKES**                         represented by **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                         (See above for address)
*SUPERVISOR OF ELECTIONS FOR ST*                     *ATTORNEY TO BE NOTICED*
*JOHN'S COUNTY*

**Defendant**

**GERTRUDE WALKER**                     represented by **JOHN T LAVIA , III**
*IN HER OFFICIAL CAPACITY AS*                         (See above for address)
*SUPERVISOR OF ELECTIONS FOR ST*                     *ATTORNEY TO BE NOTICED*
*LUCIE COUNTY*

**Defendant**

**WILLIAM KEEN**                        represented by **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                         (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*SUMMPTER COUNTY*

**Defendant**

**JENNIFER MUSGROVE KINSEY**            represented by **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                         (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*SUWANEE COUNTY*

**Defendant**

**DANA SOUTHERLAND**                    represented by **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                         (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*TAYLOR COUNTY*

**Defendant**

**DEBORAH K OSBORNE**                   represented by **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                         (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*UNION COUNTY*

**Defendant**

**LISA LEWIS**                          represented by **SARAH LYNN JONAS**
*IN HER OFFICIAL CAPACITY AS*                         VOLUSIA COUNTY ATTORNEY'S
*SUPERVISOR OF ELECTIONS FOR*                        OFFICE
*VOLUSIA COUNTY*                                      123 W INDIANA AVENUE
                                                     DELAND, FL 32720
                                                     386–736–5950
                                                     Email: sjonas@volusia.org
                                                     *ATTORNEY TO BE NOTICED*

                                                     **WILLIAM KEVIN BLEDSOE**
                                                     COUNTY OF VOLUSIA
                                                     123 WEST INDIANA AVENUE

ROOM 301
DELAND, FL 32720
386–736–5950
Fax: 386–736–5990
Email: kbledsoe@volusia.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH MORGAN**                   represented by **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                  (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                  *ATTORNEY TO BE NOTICED*
*WAKULLA COUNTY*

**Defendant**

**RYAN MESSER**                     represented by **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                  (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                  *ATTORNEY TO BE NOTICED*
*WALTON COUNTY*

**Defendant**

**CAROL F RUDD**                    represented by **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                   (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                  *ATTORNEY TO BE NOTICED*
*WASHINGTON COUNTY County*

**Defendant**

**MELISSA BLAZIER**                 represented by **ANDY V BARDOS**
*COLLIER COUNTY SURPERVISOR OF*                 (See above for address)
*ELECTIONS*                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**SHERRY TAYLOR**
*as Supervisor of Elections for Hendry*
*County*

**Defendant**

**H. RUSSELL WILLLIAMS**
*as Supervisor of Elections for Holmes*
*County*

**Defendant**

**JERRY HOLLAND**                   represented by **TIFFINY DOUGLAS PINKSTAFF**
*as Supervisor of Elections for Duval*          OFFICE OF GENERAL COUNSEL –
*County*                                       JACKSONVILLE FL
                                              117 W DUVAL ST
                                              STE 480
                                              JACKSONVILLE, FL 32202
                                              904–874–1514
                                              Email: tpinkstaff@coj.net
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2023 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants ( Filing fee $ 402 receipt number AFLNDC–7886210.), filed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. (Attachments: # 1 Summons to be Issued to C. Byrd, # 2 Summons to be Issued to A. |

| | | |
|---|---|---|
| | | Moody) (WERMUTH, FREDERICK) (Entered: 05/24/2023) |
| 05/24/2023 | 2 | CIVIL COVER SHEET. (WERMUTH, FREDERICK) (Entered: 05/24/2023) |
| 05/24/2023 | 3 | NOTICE *of Summonses to be Issued* by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Summons to be Issued to C. Milton, # 2 Summons to be Issued to M. Andersen, # 3 Summons to be Issued to A. Seyfang, # 4 Summons to be Issued to T. Bobanic, # 5 Summons to be Issued to J. Scott, # 6 Summons to be Issued to S. Chason, # 7 Summons to be Issued to L. Valenti, # 8 Summons to be Issued to M. Baird, # 9 Summons to be Issued to C. Chambless, # 10 Summons to be Issued to J. Edwards, # 11 Summons to be Issued to T. Brown, # 12 Summons to be Issued to M. Negley, # 13 Summons to be Issued to S. Cannon, # 14 Summons to be Issued to M. Hogan, # 15 Summons to be Issued to D. Stafford, # 16 Summons to be Issued to K. Lenhart, # 17 Summons to be Issued to H. Riley, # 18 Summons to be Issued to S. Knight, # 19 Summons to be Issued to C. Sanchez, # 20 Summons to be Issued to A. Farnam, # 21 Summons to be Issued to J. Hanlon, # 22 Summons to be Issued to L. Hutto, # 23 Summons to be Issued to D. Smith, # 24 Summons to be Issued to B. Hoots, # 25 Summons to be Issued to S. Anderson, # 26 Summons to be Issued to K. Healy, # 27 Summons to be Issued to C. Latimer, # 28 Summons to be Issued to T. Meadows, # 29 Summons to be Issued to L. Swan, # 30 Summons to be Issued to C. Dunaway, # 31 Summons to be Issued to M. Milligan, # 32 Summons to be Issued to T. Hart, # 33 Summons to be Issued to A. Hays, # 34 Summons to be Issued to T. Doyle, # 35 Summons to be Issued to M. Earley, # 36 Summons to be Issued to T. Jones, # 37 Summons to be Issued to G. Conyers, # 38 Summons to be Issued to H. Driggers, # 39 Summons to be Issued to M. Bennett, # 40 Summons to be Issued to W. Wilcox, # 41 Summons to be Issued to V. Davis, # 42 Summons to be Issued to C. White, # 43 Summons to be Issued to J. Griffin, # 44 Summons to be Issued to J. Adkins, # 45 Summons to be Issued to P. Lux, # 46 Summons to be Issued to M. Arnold, # 47 Summons to be Issued to B. Cowles, # 48 Summons to be Issued to M. Arrington, # 49 Summons to be Issued to W. Link, # 50 Summons to be Issued to B. Corley, # 51 Summons to be Issued to J. Marcus, # 52 Summons to be Issued to L. Edwards, # 53 Summons to be Issued to C. Overturf, # 54 Summons to be Issued to T. Villane, # 55 Summons to be Issued to R. Turner, # 56 Summons to be Issued to C. Anderson, # 57 Summons to be Issued to V. Oakes, # 58 Summons to be Issued to G. Walker, # 59 Summons to be Issued to W. Keen, # 60 Summons to be Issued to J. Kinsey, # 61 Summons to be Issued to D. Southerland, # 62 Summons to be Issued to D. Osborne, # 63 Summons to be Issued to L. Lewis, # 64 Summons to be Issued to J. Morgan, # 65 Summons to be Issued to R. Messer, # 66 Summons to be Issued to C. Rudd) (WERMUTH, FREDERICK) (Entered: 05/24/2023) |
| 05/25/2023 | 4 | Corporate Disclosure Statement/Certificate of Interested Persons by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 05/25/2023) |
| 05/25/2023 | 5 | WAIVER OF SERVICE Returned Executed −**KIM BARTON−Alachua County Supervisor of Elections waiver sent on 5/25/2023, answer due 7/24/2023** CRAIG LATIMER−Hillsborough County Supervisor of Elections waiver sent on 5/25/2023, answer due 7/24/2023**, PAUL A LUX−Okaloosa County Supervisor of Elections waiver sent on 5/25/2023, answer due 7/24/2023** Attachments: # 1 Waiver of Service for C. Latimer (Hillsborough), # 2 Waiver of Service for P. Lux (Okaloosa)) (WERMUTH, FREDERICK) Modified to edit title on 5/26/2023 (rcb). (Entered: 05/25/2023) |
| 05/26/2023 | 6 | Summons Issued as to MARK ANDERSEN, MAUREEN BAIRD, KIM BARTON, TIM BOBANIC, CORD BYRD, CHRIS H CHAMBLESS, SHARON CHASON, JENNIFER J EDWARDS, CHRISTOPHER MILTON, ASHLEY MOODY, JOE SCOTT, AMANDA SEYFANG, LEAH VALENTI. (Attachments: # 1 SUMMONS ISSUED−AMANDA SEYFANG−BRADFORD COUNTY, # 2 SUMMONS ISSUED−TIM BOBANIC−BREVARD COUNTY, # 3 SUMMONS |

| | | |
|---|---|---|
| | | ISSUED–ASHLEY MOODY, # 4 SUMMONS ISSUED–CHRISTOPHER MILTON–BAKER COUNTY, # 5 SUMMONS ISSUED–CORD BYRD–SECRETARY OF THE STATE OF FLORIDA, # 6 CHRIS H CHAMBLESS–CLAY COUNTY, # 7 JENNIFER J EDWARDS–COLLIER COUNTY, # 8 JOE SCOTT–BROWARD COUNTY, # 9 LEAH VALENTI–CHARLOTTE COUNTY, # 10 MAUREEN BAIRD–CITRUS COUNTY, # 11 SHARON CHASON–CALHOUN COUNTY) (rcb) (Entered: 05/26/2023) |
| 05/26/2023 | 7 | Summons Issued as to TOMI STINSON BROWN, STARLET CANNON, ALETRIS FARNAM, MIKE HOGAN, SHIRLEY G KNIGHT, KAITI LENHART, MARK F NEGLEY, HEATHER RILEY, CONNIE SANCHEZ, DAVID H STAFFORD. (Attachments: # 1 MARK F NEGLEY–DESOTO COUNTY, # 2 STARLET CANNON–DIXIE COUNTY, # 3 MIKE HOGAN–DUVAL COUNTY, # 4 DAVID H STAFFORD–ESCAMBIA COUNTY, # 5 KAITI LENHART–FLAGLER COUNTY, # 6 HEATHER RILEY–FRANKLIN COUNTY, # 7 SHIRLEY G KNIGHT–GADSDEN COUNTY, # 8 CONNIE SANCHEZ–GILCHRIST COUNTY, # 9 ALETRIS FARNAM–GLADES COUNTY, # 10 JOHN HANLON–GULF COUNTY, # 11 LAURA HUTTO–HAMILTON COUNTY, # 12DIANE SMITH–HARDEE COUNTY) (rcb) (Entered: 05/26/2023) |
| 05/26/2023 | 8 | Summons Issued as to SHIRLEY ANDERSON, GRANT CONYERS, TOMMY DOYLE, CAROL A DUNAWAY, MARK S. EARLEY, TRAVIS HART, ALAN HAYS, KAREN HEALY, BRENDA HOOTS, TAMMY JONES, CRAIG LATIMER, THERISA MEADOWS, MICHELLE MILLIGAN, LESLIE ROSSWAY SWAN. (Attachments: # 1 SHIRLEY ANDERSON–HERNANDO COUNTY, # 2 KAREN NEALY–HIGHLANDS COUNTY, # 3 THERESA MEADOWS–HOLMES COUNTY, # 4 LESLIE R SWAN–INDIAN RIVER, # 5 CAROL A DUNAWAY–JACKSON COUNTY, # 6 MICHELL MILLIGAN–JEFFERSON COUNTY, # 7 TRAVIS HART–LAFAYETTE COUNTY, # 8 ALAN HAYS–LAKE COUNTY, # 9 TOMMY DOYLE–LEE COUNTY, # 10 MARK EARLEY–LEON COUNTY, # 11 LIBERTY COUNTY–GRANT CONYERS) (rcb) (Entered: 05/26/2023) |
| 05/26/2023 | 9 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. SHIRLEY ANDERSON waiver sent on 5/25/2023, answer due 7/24/2023; MARK S. EARLEY waiver sent on 5/25/2023, answer due 7/24/2023; MIKE HOGAN waiver sent on 5/25/2023, answer due 7/24/2023; JULIE MARCUS waiver sent on 5/26/2023, answer due 7/25/2023. (Attachments: # 1 Waiver of Service for M. Earley (Leon), # 2 Waiver of Service for M. Hogan (Duval), # 3 Waiver of Service for J. Marcus (Pinellas)) (WERMUTH, FREDERICK) (Entered: 05/26/2023) |
| 05/26/2023 | 10 | NOTICE of Appearance by STEPHEN MARK TODD on behalf of CRAIG LATIMER (TODD, STEPHEN) (Entered: 05/26/2023) |
| 05/30/2023 | 11 | WAIVER OF SERVICE Returned Executed by RON TURNER. RON TURNER waiver sent on 5/30/2023, answer due 7/31/2023. (BENTLEY, MORGAN) (Entered: 05/30/2023) |
| 05/30/2023 | 12 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. JOE SCOTT waiver sent on 5/30/2023, answer due 7/31/2023. (WERMUTH, FREDERICK) (Entered: 05/30/2023) |
| 05/31/2023 | 13 | Summons Issued as to JANET H ADKINS, MELISSA ARNOLD, MICHAEL BENNETT, BILL COWLES, VICKY DAVIS, JOYCE GRIFFIN, PAUL A LUX, CHRISTINA WHITE, WESLEY WILCOX. (Attachments: # 1 MICHAEL BENNETT MANATEE COUNTY # 2 WESLEY WILCOX MARION COUNTY, # 3 VICKI DAVIS MARTIN COUNTY, # 4 CHRISTINA WHITE MIAMI DADE COUNTY, # 5 JOYCE GRIFFIN MONROE COUNTY, # 6JANET ADKINS NASSAU COUNTY, |

| | | |
|---|---|---|
| | | # 7PAUL A LUX OKALOOSA COUNTY, # 8 MELISSA ARNOLD OKEECHOBEE COUNTY, # 9 BILL COWLES ORANGE COUNTY ) (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 14 | Summons Issued as to CHRIS ANDERSON, MARY JANE ARRINGTON, BRIAN E CORLEY, LORI EDWARDS, WENDY SARTORY LINK, JULIE MARCUS, VICKY OAKES, CHARLES OVERTURF, RON TURNER, TAPPIE A VILLANE. (Attachments: # 1 WENDY LINK PALM BEACH COUNTY, # 2 BRIAN CORLEY PASCO COUNTY, # 3 JULIE MARCUS PINEALLAS COUNTY, # 4 LORI EDWARDS POLK COUNTY, # 5 CHARLES OVERTURF PUTNAM COUNTY, # 6 TAPPIE VILLANE SANTA ROSA COUNTY, # 7 RON TURNER SARASOTA COUNTY, # 8 CHRISTOPHER ANDERSON SEMINOLE COUNTY, # 9 VICKY OAKES ST JOHNS COUNTY) (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 15 | Summons Issued as to WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, LISA LEWIS, RYAN MESSER, JOSEPH MORGAN, DEBORAH K OSBORNE, CAROL F RUDD, DANA SOUTHERLAND, GERTRUDE WALKER. (Attachments: # 1 William Keen Sumter County, # 2 Jennifer M. Kinsey Suwannee County, # 3 Dana Southerland Taylor County, # 4 Deborah Osborne Union County, # 5 Lisa Lewis Volusia County, # 6 Joseph R. Morgan Wakulla County, # 7 Ryan Messer Walton County, # 8 Carol Finch Rudd Washington County) (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 16 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. TIM BOBANIC waiver sent on 5/25/2023, answer due 7/24/2023; BILL COWLES waiver sent on 5/25/2023, answer due 7/24/2023; HEATH DRIGGERS waiver sent on 5/25/2023, answer due 7/24/2023; KAREN HEALY waiver sent on 5/25/2023, answer due 7/24/2023; KAITI LENHART waiver sent on 5/25/2023, answer due 7/24/2023; LISA LEWIS waiver sent on 5/30/2023, answer due 7/31/2023; MICHELLE MILLIGAN waiver sent on 5/25/2023, answer due 7/24/2023; ASHLEY MOODY waiver sent on 5/31/2023, answer due 7/31/2023; MARK F NEGLEY waiver sent on 5/25/2023, answer due 7/24/2023; CONNIE SANCHEZ waiver sent on 5/25/2023, answer due 7/24/2023; DAVID H STAFFORD waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for T. Bobanic (Brevard), # 2 Waiver of Service for B. Cowles (Orange), # 3 Waiver of Service for H. Driggers (Madison), # 4 Waiver of Service for K. Healy (Highlands), # 5 Waiver of Service for K. Lenhart (Flagler), # 6 Waiver of Service for L. Lewis (Volusia), # 7 Waiver of Service for M. Milligan (Jefferson), # 8 Waiver of Service for M. Negley (DeSoto), # 9 Waiver of Service for C. Sanchez (Gilchrist), # 10 Waiver of Service for D. Stafford (Escambia)) (WERMUTH, FREDERICK) (Entered: 05/31/2023) |
| 06/01/2023 | 17 | NOTICE of Appearance by NATHANIEL ADAM KLITSBERG on behalf of JOE SCOTT (KLITSBERG, NATHANIEL) (Entered: 06/01/2023) |
| 06/01/2023 | 18 | NOTICE of Appearance by DEVONA ALICIA REYNOLDS PEREZ on behalf of JOE SCOTT (REYNOLDS PEREZ, DEVONA) (Entered: 06/01/2023) |
| 06/01/2023 | 19 | NOTICE of Appearance by JARED DOUGLAS KAHN on behalf of JULIE MARCUS (KAHN, JARED) (Entered: 06/01/2023) |
| 06/01/2023 | 20 | NOTICE of Appearance by JOSEPH K JARONE on behalf of JOE SCOTT (JARONE, JOSEPH) (Entered: 06/01/2023) |
| 06/01/2023 | 21 | Corporate Disclosure Statement/Certificate of Interested Persons by JOE SCOTT. (KLITSBERG, NATHANIEL) (Entered: 06/01/2023) |
| 06/01/2023 | 22 | DOCKET ANNOTATION BY COURT: Re 20 Notice of Appearance filed by JOE SCOTT, 19 Notice of Appearance filed by JULIE MARCUS, 10 Notice of Appearance filed by CRAIG LATIMER, 17 Notice of Appearance filed by JOE SCOTT, 18 Notice of Appearance filed by JOE SCOTT **ISO PLACED IN JUDGE WALKER'S REFERRAL TO JUDGE FOLDER** (rcb) (Entered: 06/01/2023) |
| 06/01/2023 | 23 | INITIAL SCHEDULING ORDER. Fed.R.Civ.P. 7.1 Corporate Disclosure Statement Deadline set for 6/15/2023. Rule 26 Meeting Report due by 7/17/2023. Discovery due by 9/29/2023. Status Report due by 7/3/2023. Signed by CHIEF JUDGE MARK E |

| | | |
|---|---|---|
| | | WALKER on 06/01/2023. (rcb) (Entered: 06/01/2023) |
| 06/01/2023 | 24 | NOTICE of Appearance by FRANK MICHAEL MARI on behalf of TIM BOBANIC, HEATH DRIGGERS, KAREN HEALY, KAITI LENHART, MICHELLE MILLIGAN, MARK F NEGLEY, CONNIE SANCHEZ (MARI, FRANK) (Entered: 06/01/2023) |
| 06/01/2023 | 25 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. MELISSA ARNOLD waiver sent on 5/25/2023, answer due 7/24/2023; ALETRIS FARNAM waiver sent on 5/25/2023, answer due 7/24/2023; BRENDA HOOTS waiver sent on 5/25/2023, answer due 7/24/2023; TAMMY JONES waiver sent on 5/25/2023, answer due 7/24/2023; THERISA MEADOWS waiver sent on 5/25/2023, answer due 7/24/2023; DIANE SMITH waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for A. Farnam (Glades), # 2 Waiver of Service for B. Hoots (Hendry), # 3 Waiver of Service for T. Jones (Levy), # 4 Waiver of Service for T. Meadows (Holmes), # 5 Waiver of Service for D. Smith (Hardee)) (WERMUTH, FREDERICK) (Entered: 06/01/2023) |
| 06/01/2023 | 26 | NOTICE of Appearance by JOSEPH SCOTT VAN DE BOGART on behalf of CORD BYRD (VAN DE BOGART, JOSEPH) (Entered: 06/01/2023) |
| 06/01/2023 | 27 | NOTICE of Appearance by ASHLEY E DAVIS on behalf of CORD BYRD (DAVIS, ASHLEY) (Entered: 06/01/2023) |
| 06/02/2023 | 28 | NOTICE of Appearance by NOAH T SJOSTROM on behalf of ASHLEY MOODY (SJOSTROM, NOAH) (Entered: 06/02/2023) |
| 06/02/2023 | 29 | MOTION to Appear Pro Hac Vice by Makeba Rutahindurwa.( Filing fee $ 208 receipt number AFLNDC−7901627.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (RUTAHINDURWA, MAKEBA) (Entered: 06/02/2023) |
| 06/02/2023 | 30 | MOTION to Appear Pro Hac Vice by Melinda Johnson.( Filing fee $ 208 receipt number AFLNDC−7901717.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (JOHNSON, MELINDA) (Entered: 06/02/2023) |
| 06/02/2023 | 31 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. MAUREEN BAIRD waiver sent on 5/25/2023, answer due 7/24/2023; CORD BYRD waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for M. Baird (Citrus)) (WERMUTH, FREDERICK) (Entered: 06/02/2023) |
| 06/02/2023 | 32 | NOTICE of Appearance by ANDY V BARDOS on behalf of CHRIS ANDERSON, MICHAEL BENNETT, BRIAN E CORLEY, TOMMY DOYLE, JOYCE GRIFFIN, ALAN HAYS, LESLIE ROSSWAY SWAN, LEAH VALENTI, WESLEY WILCOX, MELISSA BLAZIER (BARDOS, ANDY) (Entered: 06/02/2023) |
| 06/02/2023 | 33 | NOTICE of Appearance by MOHAMMAD OMAR JAZIL on behalf of CORD BYRD (JAZIL, MOHAMMAD) (Entered: 06/02/2023) |
| 06/02/2023 | 34 | NOTICE of Appearance by MICHAEL ROBERT BEATO on behalf of CORD BYRD (BEATO, MICHAEL) (Entered: 06/02/2023) |

| | | |
|---|---|---|
| 06/02/2023 | 35 | ORDER ADMITTING MAKEBA RUTAHINDURWA PRO HAC VICE. The 29 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/02/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 36 | ORDER ADMITTING MELINDA JOHNSON PRO HAC VICE. The 30 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/2/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 37 | MOTION to Appear Pro Hac Vice by Abha Khanna.( Filing fee $ 208 receipt number AFLNDC−7903704.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (KHANNA, ABHA) (Entered: 06/05/2023) |
| 06/05/2023 | 38 | MOTION to Appear Pro Hac Vice by Renata O'Donnell.( Filing fee $ 208 receipt number AFLNDC−7903724.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (O'DONNELL, RENATA) (Entered: 06/05/2023) |
| 06/05/2023 | 39 | ORDER ADMITTING ABHA KHANNA PRO HAC VICE. The 37 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/05/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 40 | ORDER ADMITTING RENATA ODONNELL PRO HAC VICE. The 38 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/5/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 41 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. JANET H ADKINS waiver sent on 5/25/2023, answer due 7/24/2023; MARK ANDERSEN waiver sent on 5/25/2023, answer due 7/24/2023; CHRIS ANDERSON waiver sent on 5/25/2023, answer due 7/24/2023; MICHAEL BENNETT waiver sent on 5/25/2023, answer due 7/24/2023; MELISSA BLAZIER waiver sent on 5/25/2023, answer due 7/24/2023; TOMI STINSON BROWN waiver sent on 5/25/2023, answer due 7/24/2023; STARLET CANNON waiver sent on 5/25/2023, answer due 7/24/2023; SHARON CHASON waiver sent on 5/25/2023, answer due 7/24/2023; GRANT CONYERS waiver sent on 5/25/2023, answer due 7/24/2023; BRIAN E CORLEY waiver sent on 5/25/2023, answer due 7/24/2023; TOMMY DOYLE waiver sent on 5/25/2023, answer due 7/24/2023; CAROL A DUNAWAY waiver sent on 5/25/2023, answer due 7/24/2023; JOYCE GRIFFIN waiver sent on 5/25/2023, answer due 7/24/2023; JOHN HANLON waiver sent on 5/25/2023, answer due 7/24/2023; TRAVIS HART waiver sent on 5/25/2023, answer due 7/24/2023; ALAN HAYS waiver sent on 5/25/2023, answer due 7/24/2023; LAURA HUTTO waiver sent on 5/25/2023, answer due 7/24/2023; WILLIAM KEEN waiver sent on 5/25/2023, answer due 7/24/2023; JENNIFER MUSGROVE KINSEY waiver sent on 5/25/2023, answer due 7/24/2023; SHIRLEY G KNIGHT waiver sent on 5/25/2023, answer due 7/24/2023; RYAN MESSER waiver sent on 5/25/2023, answer due 7/24/2023; CHRISTOPHER MILTON waiver sent on 5/25/2023, answer due 7/24/2023; JOSEPH MORGAN waiver sent on 5/25/2023, answer due 7/24/2023; VICKY OAKES waiver sent on 5/25/2023, answer due 7/24/2023; DEBORAH K OSBORNE waiver sent on 5/25/2023, answer due 7/24/2023; CHARLES OVERTURF waiver sent on 5/25/2023, answer due 7/24/2023; HEATHER RILEY waiver sent on 5/25/2023, answer due 7/24/2023; CAROL F RUDD waiver sent on 5/25/2023, answer due 7/24/2023; AMANDA SEYFANG waiver sent on 5/25/2023, answer due 7/24/2023; DANA SOUTHERLAND waiver sent on 5/25/2023, answer due 7/24/2023; LESLIE ROSSWAY SWAN waiver sent on 5/25/2023, answer due 7/24/2023; LEAH VALENTI waiver sent on 5/25/2023, answer due 7/24/2023; TAPPIE A VILLANE waiver sent on 5/25/2023, answer due 7/24/2023; WESLEY WILCOX waiver sent on |

| | | |
|---|---|---|
| | | 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for M. Anderson (Bay), # 2 Waiver of Service for C. Anderson (Seminole), # 3 Waiver of Service for M. Bennett (Manatee), # 4 Waiver of Service for M. Blazier (formerly J. Edwards) (Collier), # 5 Waiver of Service for T. Brown (Columbia), # 6 Waiver of Service for S. Cannon (Dixie), # 7 Waiver of Service for S. Chason (Calhoun), # 8 Waiver of Service for G. Conyers (Liberty), # 9 Waiver of Service for B. Corley (Pasco), # 10 Waiver of Service for T. Doyle (Lee), # 11 Waiver of Service for C. Dunaway (Jackson), # 12 Waiver of Service for J. Griffin (Monroe), # 13 Waiver of Service for J. Hanlon (Gulf), # 14 Waiver of Service for T. Hart (Lafayette), # 15 Waiver of Service for A. Hays (Lake), # 16 Waiver of Service for L. Hutto (Hamilton), # 17 Waiver of Service for W. Keen (Sumter), # 18 Waiver of Service for J. Kinsey (Suwannee), # 19 Waiver of Service for S. Knight (Gadsden), # 20 Waiver of Service for R. Messer (Walton), # 21 Waiver of Service for C. Milton (Baker), # 22 Waiver of Service for J. Morgan (Wakulla), # 23 Waiver of Service for V. Oakes (St. Johns), # 24 Waiver of Service for D. Osborne (Union), # 25 Waiver of Service for C. Overturf (Putnam), # 26 Waiver of Service for H. Riley (Franklin), # 27 Waiver of Service for C. Rudd (Washington), # 28 Waiver of Service for A. Seyfang (Bradford), # 29 Waiver of Service for D. Southerland (Taylor), # 30 Waiver of Service for L. Swan (Indian River), # 31 Waiver of Service for L. Valenti (Charlotte), # 32 Waiver of Service for T. Villane (Santa Rosa), # 33 Waiver of Service for W. Wilcox (Marion)) (WERMUTH, FREDERICK) (Entered: 06/05/2023) |
| 06/05/2023 | 42 | NOTICE of Appearance by JOSHUA E PRATT on behalf of CORD BYRD (PRATT, JOSHUA) (Entered: 06/05/2023) |
| 06/06/2023 | 43 | NOTICE of Appearance by STEPHANIE ANNE MORSE on behalf of ASHLEY MOODY (MORSE, STEPHANIE) (Entered: 06/06/2023) |
| 06/06/2023 | 44 | NOTICE of Appearance by MARK HERRON on behalf of MARK S. EARLEY (HERRON, MARK) (Entered: 06/06/2023) |
| 06/07/2023 | 45 | MOTION to Appear Pro Hac Vice by Lalitha D. Madduri.( Filing fee $ 208 receipt number AFLNDC–7907794.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (MADDURI, LALITHA) (Entered: 06/07/2023) |
| 06/07/2023 | 46 | REASSIGNMENT ORDER. The clerk will reassign this case to Chief Judge Walker. Signed by JUDGE ALLEN C WINSOR on 6/7/2023. (atm) (Entered: 06/07/2023) |
| 06/07/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 46 REASSIGNMENT ORDER (rcb) (Entered: 06/07/2023) |
| 06/07/2023 | 47 | ORDER ADMITTING LALITHA D. MADDURI PRO HAC VICE. The 45 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/07/2023. (rcb) Modified edit docket text on 6/8/2023 (rcb). (Entered: 06/07/2023) |
| 06/07/2023 | 48 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. WENDY SARTORY LINK waiver sent on 5/25/2023, answer due 7/24/2023. (WERMUTH, FREDERICK) (Entered: 06/07/2023) |
| 06/07/2023 | 49 | ORDER FOR SUPPLEMENTAL BRIEFING. The parties shall confer and file their supplemental briefing on or before Friday, 6/16/2023. Signed by CHIEF JUDGE MARK E WALKER on 06/07/2023. (rcb) (Entered: 06/07/2023) |
| 06/08/2023 | 50 | MOTION for Leave to File Excess Pages Unopposed Motion of Plaintiffs for Leave to Exceed Word Limit by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, |

| | | UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/08/2023) |
|---|---|---|
| 06/08/2023 | 51 | ORDER GRANTING 50 MOTION TO EXCEED WORD LIMIT. The unopposed motion, ECF No. 50 , is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/08/2023. (rcb) (Entered: 06/08/2023) |
| 06/09/2023 | 52 | First AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants All Defendants., filed by UNIDOSUS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ. (WERMUTH, FREDERICK) (Entered: 06/09/2023) |
| 06/09/2023 | 53 | MOTION for Extension of Time to File Answer by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 06/09/2023) |
| 06/09/2023 | 54 | NOTICE *of Filing Exhibits to the Declaration of Abha Khanna in Support of Plaintiffs' Emergency Motion for Preliminary Injunction* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14) (WERMUTH, FREDERICK) (Entered: 06/09/2023) |
| 06/09/2023 | 55 | Emergency MOTION for Preliminary Injunction by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Memorandum in Support of Emergency Motion for Preliminary Injunction, # 2 Declaration of Abha Khanna in Support of Plaintiffs' Emergency Motion for Preliminary Injunction) (WERMUTH, FREDERICK) (Entered: 06/09/2023) |
| 06/12/2023 | | Set/Reset Deadlines as to 55 Emergency MOTION for Preliminary Injunction . (Internal deadline for referral to judge if response not filed earlier: **6/26/2023**). (rcb) (Entered: 06/12/2023) |
| 06/12/2023 | 56 | ORDER SETTING SCHEDULING CONFERENCE AND OTHER DEADLINES. The Clerk shall set this matter for a telephonic scheduling conference on Wednesday, **6/14/2023 11:00 AM (ET)** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER, along with Case No.: 4:23cv218, which is also set for a telephonic scheduling conference. The parties shall file a proposed briefing schedule with respect to the motion for preliminary injunction by Tuesday, **6/13/2023**. The parties should refer to ECF No. 26 in Case No.: 1:23cv111–MW/HTC as a template for the information to include in their proposed briefing schedule. Signed by CHIEF JUDGE MARK E WALKER on 06/12/2023. (rcb) (Entered: 06/12/2023) |
| 06/12/2023 | 57 | NOTICE OF TELEPHONIC HEARING: Telephonic Scheduling Conference set for **6/14/2023 11:00 AM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888–684–8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices. |

| | | s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/12/2023) |
|---|---|---|
| 06/12/2023 | 58 | ORDER GRANTING 53 EXTENSION. Defendant Byrd's motion is GRANTED. Defendant Byrd may file his response to Plaintiffs' complaint on or before the twenty–first day after this Court's ruling on Plaintiffs' emergency motion for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 06/12/2023. (rcb) (Entered: 06/12/2023) |
| 06/12/2023 | 59 | MOTION for Extension of Time to File Answer by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 06/12/2023) |
| 06/12/2023 | 60 | ORDER GRANTING 59 EXTENSION. The unopposed motion is GRANTED. Defendant Moody may file her response to Plaintiffs' complaint on or before the twenty–first day after this Court's ruling on Plaintiffs' emergency motion for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 06/12/2023. (rcb) (Entered: 06/12/2023) |
| 06/13/2023 | 61 | NOTICE of Appearance by WILLIAM KEVIN BLEDSOE on behalf of LISA LEWIS (BLEDSOE, WILLIAM) (Entered: 06/13/2023) |
| 06/13/2023 | 62 | NOTICE of Appearance by SARAH LYNN JONAS on behalf of LISA LEWIS (JONAS, SARAH) (Entered: 06/13/2023) |
| 06/13/2023 | 63 | NOTICE of Appearance by CHRISTI JO HANKINS on behalf of DAVID H STAFFORD (HANKINS, CHRISTI) (Entered: 06/13/2023) |
| 06/13/2023 | 64 | NOTICE of Appearance by GREGORY THOMAS STEWART on behalf of PAUL A LUX (STEWART, GREGORY) (Entered: 06/13/2023) |
| 06/13/2023 | 65 | NOTICE of Appearance by MATTHEW REED SHAUD on behalf of PAUL A LUX (SHAUD, MATTHEW) (Entered: 06/13/2023) |
| 06/13/2023 | 66 | Corporate Disclosure Statement/Certificate of Interested Persons by PAUL A LUX. (STEWART, GREGORY) (Entered: 06/13/2023) |
| 06/13/2023 | 67 | NOTICE of Appearance by MICHAEL BENY VALDES on behalf of CHRISTINA WHITE (VALDES, MICHAEL) (Entered: 06/13/2023) |
| 06/13/2023 | 68 | NOTICE of Appearance by SUSAN SMITH ERDELYI on behalf of JANET H ADKINS, MARK ANDERSEN, TOMI STINSON BROWN, STARLET CANNON, SHARON CHASON, GRANT CONYERS, CAROL A DUNAWAY, JOHN HANLON, TRAVIS HART, LAURA HUTTO, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, RYAN MESSER, CHRISTOPHER MILTON, JOSEPH MORGAN, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, AMANDA SEYFANG, DANA SOUTHERLAND, TAPPIE A VILLANE (ERDELYI, SUSAN) (Entered: 06/13/2023) |
| 06/13/2023 | 69 | NOTICE of Appearance by WILLIAM BOLTREK, III on behalf of MELISSA ARNOLD, ALETRIS FARNAM, BRENDA HOOTS, TAMMY JONES, THERISA MEADOWS, DIANE SMITH (BOLTREK, WILLIAM) (Entered: 06/13/2023) |
| 06/13/2023 | 70 | NOTICE of Appearance by DIANA MASTERS JOHNSON on behalf of KIM BARTON (JOHNSON, DIANA) (Entered: 06/13/2023) |
| 06/13/2023 | 71 | NOTICE of Appearance by ROBERT CHARLES SWAIN on behalf of KIM BARTON (SWAIN, ROBERT) (Entered: 06/13/2023) |
| 06/13/2023 | 72 | Corporate Disclosure Statement/Certificate of Interested Persons by KIM BARTON. (SWAIN, ROBERT) (Entered: 06/13/2023) |
| 06/13/2023 | 73 | Corporate Disclosure Statement/Certificate of Interested Persons by MARK S. EARLEY identifying Other Affiliate LEON COUNTY – STATE OF FLORIDA for MARK S. EARLEY.. (HERRON, MARK) (Entered: 06/13/2023) |
| 06/13/2023 | 74 | NOTICE of Appearance by DAVID K MARKARIAN on behalf of WENDY SARTORY LINK (MARKARIAN, DAVID) (Entered: 06/13/2023) |

| 06/13/2023 | 75 | NOTICE of Appearance by JESSICA ROSE GLICKMAN on behalf of WENDY SARTORY LINK (GLICKMAN, JESSICA) (Entered: 06/13/2023) |
|---|---|---|
| 06/13/2023 | 76 | STATUS REPORT *Joint Report on Parties' Meet−and−Confer Regarding Plaintiffs' Motion for a Preliminary Injunction* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/13/2023) |
| 06/14/2023 | 77 | NOTICE of Appearance by JOHN T LAVIA, III on behalf of MARY JANE ARRINGTON, CHRIS H CHAMBLESS, VICKY DAVIS, LORI EDWARDS, GERTRUDE WALKER (LAVIA, JOHN) (Entered: 06/14/2023) |
| 06/14/2023 | 78 | Corporate Disclosure Statement/Certificate of Interested Persons by DAVID H STAFFORD. (HANKINS, CHRISTI) (Entered: 06/14/2023) |
| 06/14/2023 | 79 | NOTICE of Appearance by SOPHIA MARIE GUZZO on behalf of CHRISTINA WHITE (GUZZO, SOPHIA) (Entered: 06/14/2023) |
| 06/14/2023 | 80 | ORDER SETTING HEARING ON 55 MOTION FOR PRELIMINARY INJUNCTION AND BRIEFING SCHEDULE. The in−person hearing on Plaintiffs motion for preliminary injunction is set for Wednesday, **6/28/2023 09:00 AM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER. Defendants' response and any declarations in support thereof are due on or before 12:00 p.m. (ET) on Friday, **6/23/2023 12:00 PM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER (ET) on Monday, **6/26/2023 12:00 PM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER. This Court STAYS the parties' deadline to brief the issue of consolidation. See ECF No. 49 . This Court will issue a new briefing deadline with respect to consolidation after the hearing on June 28. Finally, the deadline for Defendant Supervisors of Elections to answer or otherwise respond to Plaintiffs' complaint is extended to on or before the twenty−first day after this Court's ruling on Plaintiffs motion for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 06/14/2023. (rcb) (Entered: 06/14/2023) |
| 06/15/2023 | 81 | Corporate Disclosure Statement/Certificate of Interested Persons by WENDY SARTORY LINK. (GLICKMAN, JESSICA) (Entered: 06/15/2023) |
| 06/15/2023 | 82 | Corporate Disclosure Statement/Certificate of Interested Persons by CRAIG LATIMER. (TODD, STEPHEN) (Entered: 06/15/2023) |
| 06/15/2023 | 83 | AFFIDAVIT of Service for Complaint served on Christina White as Miami−Dade County Supervisor of Elections on 06/01/2023, filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/15/2023) |
| 06/15/2023 | 84 | Corporate Disclosure Statement/Certificate of Interested Persons by JULIE MARCUS. (KAHN, JARED) (Entered: 06/15/2023) |
| 06/15/2023 | 85 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. MARY JANE ARRINGTON waiver sent on 5/25/2023, answer due 7/24/2023; CHRIS H CHAMBLESS waiver sent on 5/25/2023, answer due 7/24/2023; VICKY DAVIS waiver sent on 5/25/2023, answer due 7/24/2023; LORI EDWARDS waiver sent on 5/25/2023, answer due 7/24/2023; GERTRUDE WALKER waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for C. Chambless (Clay), # 2 Waiver of Service for V. Davis (Martin), # 3 Waiver of Service for L. Edwards (Polk), # 4 Waiver of Service for G. Walker (St. Lucie)) (WERMUTH, FREDERICK) (Entered: 06/15/2023) |

| | | |
|---|---|---|
| 06/15/2023 | 86 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Scheduling Conference held on 6/15/2023. Parties discuss case status and schedule for 55 , 27 & 32 Motions for Preliminary Injunction. Ruling by Court: Defendants' responses to 55 , 27 & 32 Motions, and any declarations from defendants, due by noon on 6/23/23; Replies and plaintiffs' declarations due by noon on 6/26/23. Word limit for plaintiffs' replies enlarged to 5,000 words. Preliminary injunction hearing set for 9:00 am on 6/28/23. Cases consolidated for the purpose of preliminary injunction hearing only. Deadline for responses re: 7 Motion to Consolidate and 33 Motion to Proceed Under Pseudonym (in 4:23cv218) are stayed and will be reset after preliminary injunction hearing. Supervisors of elections' responses to plaintiffs' 1 Complaint is extended 21 days after ruling on 55 Motion (in 4:23cv215). Clerk to provide call–in number for interested parties to observe preliminary injunction hearing. Order to follow (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 06/15/2023) |
| 06/16/2023 | | Set Deadline Re: 83 Answer due by 7/31/2023. (rcb) (Entered: 06/16/2023) |
| 06/16/2023 | 87 | NOTICE OF HEARING RE: 55 Emergency MOTION for Preliminary Injunction: Preliminary Injunction Hearing set for 6/28/2023 09:00 AM before CHIEF JUDGE MARK E WALKER. United States Courthouse, Courtroom 5 West, 111 North Adams St., Tallahassee, Florida 32301. |
| | | NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850–521–3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made. |
| | | s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/16/2023) |
| 06/16/2023 | 88 | NOTICE OF APPEARANCE by NICHOLAS ARI SHANNIN on behalf of BILL COWLES (SHANNIN, NICHOLAS) (Entered: 06/16/2023) |
| 06/16/2023 | 89 | NOTICE of Appearance by KYLE J BENDA on behalf of SHIRLEY ANDERSON (BENDA, KYLE) (Entered: 06/16/2023) |
| 06/16/2023 | 90 | Corporate Disclosure Statement/Certificate of Interested Persons by SHIRLEY ANDERSON. (BENDA, KYLE) (Entered: 06/16/2023) |
| 06/23/2023 | 91 | NOTICE of Joinder by ASHLEY MOODY (SJOSTROM, NOAH) (Entered: 06/23/2023) |
| 06/23/2023 | 92 | RESPONSE in Opposition re 55 Emergency MOTION for Preliminary Injunction and Incorporated Memorandum of Law filed by CORD BYRD. (Attachments: # 1 Appendix Appendix, Vol. 1 of 3, # 2 Appendix Appendix, Vol. 2 of 3, # 3 Appendix Appendix, Vol. 3 of 3) (JAZIL, MOHAMMAD) (Entered: 06/23/2023) |
| 06/23/2023 | 93 | NOTICE OF LISTEN–ONLY PHONE LINE for 6/28/2023 Preliminary Injunction Hearing: |
| | | INTERESTED PARTIES MAY OBSERVE THIS HEARING BY CALLING THE NUMBER BELOW––THIS HEARING MUST NOT BE BROADCAST BY ANY MEANS. |
| | | PLEASE MUTE YOUR LINE |
| | | Conference Call Information |
| | | You may dial into the conference call up to five minutes before start time. Call in number: 888–684–8852 When prompted for an access code, enter: 8131706# If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: 0628# You are now in the conference call. Remember to mute your phone. |
| | | Callers to this line will be able to listen ONLY, not address the Court. |

| | | s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/23/2023) |
|---|---|---|
| 06/26/2023 | 94 | REPLY to Response to Motion re 55 Emergency MOTION for Preliminary Injunction *Plaintiffs' Reply in Support of Motion for Preliminary Injunction* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/26/2023) |
| 06/26/2023 | 95 | NOTICE of Appearance by CRAIG DENNIS FEISER on behalf of MIKE HOGAN (FEISER, CRAIG) (Entered: 06/26/2023) |
| 06/27/2023 | 96 | NOTICE of Appearance by DALE A SCOTT on behalf of MAUREEN BAIRD (SCOTT, DALE) (Entered: 06/27/2023) |
| 06/28/2023 | 97 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Motion Hearing held on 6/28/2023. Court hears argument regarding Plaintiffs' 55 Motion for Preliminary Injunction. Order to follow (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 06/28/2023) |
| 06/28/2023 | 98 | ORDER SETTING DEADLINES. Consistent with this Courts statements on the record at the conclusion of the hearing on June 28, 2023, the parties shall confer in these three cases and file a notice indicating their positions regarding consolidation of these cases on or before twenty-one days after this Court enters an order ruling on the Plaintiffs' motions for preliminary injunction. In addition, this Court reiterates that Defendants in these three cases shall file their responsive pleadings to the operative complaints on or before twenty- one days after this Court enters an order ruling on the Plaintiffs' motions for preliminary injunction. Likewise, the parties' deadlines for conferring and filing their Rule 26 reports are extended to on or before twenty-one days after this Court enters an order ruling on the Plaintiffs motions for preliminary injunction. In Case No.: 4:23cv218, Defendants response to Plaintiffs motion to proceed anonymously is due on or before July 10, 2023, and Plaintiffs reply, if any, is due on or before July 13, 2023. Finally, without objection from Defendants, Plaintiffs in Case No.: 4:23cv218 may supplement the record with certified translations of their translated declarations on or before 12:00 p.m. (ET) on June 30, 2023. If Defendants need to be heard with respect to the certified translations, they must file a notice with this Court indicating the reason for which they wish to be heard by 5:00 p.m. (ET) on June 30, 2023. Signed by CHIEF JUDGE MARK E WALKER on 06/28/2023. (rcb) (Entered: 06/28/2023) |
| 06/29/2023 | 99 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Preliminary Injunction Proceedings held on 6/28/2023, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **7/6/2023**. Release of Transcript Restriction set for **10/4/2023**. (mah) (Entered: 06/29/2023) |
| 06/30/2023 | 100 | STATUS REPORT *First Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/30/2023) |
| 07/03/2023 | | Set Deadline- Status Report due by **8/2/2023**. (rcb) (Entered: 07/03/2023) |
| 07/03/2023 | 101 | PRELIMINARY INJUNCTION. The Florida NAACP Plaintiffs' motion for a preliminary injunction, ECF No. 55 in Case No.: 4:23cv215, is GRANTED. Defendant Secretary of State Cord Byrd, in his official capacity, and Defendant Attorney General |

| | | |
|---|---|---|
| | | Ashley Moody, in her official capacity, must take no steps to enforce the following until otherwise ordered: a. Section 97.0575(1)(f), Florida Statutes (2023); and b. Section 97.0575(7), Florida Statutes (2023). The preliminary injunction binds the above–listed Defendants and their officers, agents, servants, employees, and attorneys–and others in active concert or participation with any of them–who receive actual notice of this injunction by personal service or otherwise. The Hispanic Federation Plaintiffs' motion for a preliminary injunction, ECF No. 32 in Case No.: 4:23cv218, is GRANTED. Defendant Secretary of State Cord Byrd, in his official capacity, and Defendant Attorney General Ashley Moody, in her official capacity, must take no steps to enforce the following until otherwise ordered: a. Section 97.0575(1)(f), Florida Statutes (2023). The preliminary injunction binds the above–listed Defendants and their officers, agents, servants, employees, and attorneys–and others in active concert or participation with any of them–who receive actual notice of this injunction by personal service or otherwise. Signed by CHIEF JUDGE MARK E WALKER on 7/3/2023. (kjw) (Entered: 07/03/2023) |
| 07/11/2023 | 102 | NOTICE OF APPEAL as to 101 Preliminary Injunction,,,,, by CORD BYRD, ASHLEY MOODY. ( Filing fee $505 Receipt Number AFLNDC–7964865.) (Attachments: # 1 Exhibit Doc. 101, Preliminary Injunction, 4:23–cv–215) (JAZIL, MOHAMMAD) (Entered: 07/11/2023) |
| 07/12/2023 | 103 | NOTICE of Appearance by WILLIAM DAVID CHAPPELL on behalf of ASHLEY MOODY (CHAPPELL, WILLIAM) (Entered: 07/12/2023) |
| 07/12/2023 | 104 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 102 Notice of Appeal. (rcb) (Main Document 104 replaced on 7/12/2023) (rcb). (Entered: 07/12/2023) |
| 07/12/2023 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **10/10/2023**. Certificate of Readiness (FRAP 11) due by **7/26/2023**. (rcb) (Entered: 07/12/2023) |
| 07/12/2023 | 105 | TRANSCRIPT REQUEST by CORD BYRD for proceedings held on June 28, 2023 before Judge Mark E. Walker, Chief United States District Judge, Court Reporter:Megan Hague (BEATO, MICHAEL) (Entered: 07/12/2023) |
| 07/13/2023 | 106 | UNOPPOSED MOTION OF FLORIDA NAACP PLAINTIFFS AND HISPANIC FEDERATION PLAINTIFFS TO DEFER DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND COSTS. (WERMUTH, FREDERICK) Modified to edit title on 7/14/2023 (rcb). (Entered: 07/13/2023) |
| 07/13/2023 | 107 | PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND DEADLINE TO REQUEST A DIFFERENT SCHEDULE. (WERMUTH, FREDERICK) Modified to edit title on 7/14/2023 (rcb). (Entered: 07/13/2023) |
| 07/14/2023 | 108 | ORDER DEFERRING DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND COSTS. The 106 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 7/14/2023. (rcb) (Entered: 07/14/2023) |
| 07/14/2023 | 109 | ORDER GRANTING 107 EXTENSION. The 107 motion is GRANTED. The discovery deadline is extended to Monday, **11/13/2023**. The deadline to request a different schedule is extended to Monday, **7/24/2023**. Signed by CHIEF JUDGE MARK E WALKER on 7/14/2023. (rcb) (Entered: 07/14/2023) |
| 07/19/2023 | 118 | USCA Acknowledgment #23–12308 102 Notice of Appeal USCA Appeal. (rcb) (Entered: 07/26/2023) |
| 07/20/2023 | 110 | FLORIDA COUNTY SUPERVISORS OF ELECTIONS' UNOPPOSED MOTION TO EXTEND THE DEADLINE TO FILE RESPONSE TO PLAINTIFFS' AMENDED COMPLAINT. (ERDELYI, SUSAN) Modified title on 7/21/2023 (amm). (Entered: 07/20/2023) |
| 07/21/2023 | 111 | ORDER GRANTING EXTENSION: Defendant Supervisors of Elections' motion to extend the deadline to file a response to the amended complaint, ECF No. 110 , is GRANTED. The deadline for the sixty–seven Supervisors of Elections to file their response to the amended complaint is extended to on or before **8/4/2023**. Signed by CHIEF JUDGE MARK E WALKER on 7/21/2023. (amm) (Entered: 07/21/2023) |

| 07/24/2023 | 112 | ANSWER to 52 Amended Complaint, by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 07/24/2023) |
|---|---|---|
| 07/24/2023 | 113 | NOTICE *of NAACP Plaintiffs' Supplemental Briefing in Support of Consolidation* by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. re 98 Order,,,,,, (WERMUTH, FREDERICK) (Entered: 07/24/2023) |
| 07/24/2023 | 114 | REPORT of Rule 26(f) Planning Meeting. (WERMUTH, FREDERICK) (Entered: 07/24/2023) |
| 07/24/2023 | 115 | *Secretary of State's* ANSWER to 52 Amended Complaint, by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 07/24/2023) |
| 07/25/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 114 REPORT of Rule 26(f) Planning Meeting. (rcb) (Entered: 07/25/2023) |
| 07/25/2023 | 116 | REPORT of Rule 26(f) Planning Meeting. (WERMUTH, FREDERICK) (Entered: 07/25/2023) |
| 07/25/2023 | 117 | ORDER RE: 113 CONSOLIDATING CASES FOR SCHEDULING AND TRIAL AND SETTING SCHEDULING DEADLINES. This Court has considered, without hearing, the plaintiffs supplemental briefing in support of consolidation in Case No.: 4:23cv215 (Florida NAACP Plaintiffs), ECF No. 113 , and in Case No.: 4:23cv218 (Hispanic Federation Plaintiffs), ECF No. 82 .The Hispanic Federation Plaintiffs' motion to consolidate, ECF No. 7 in Case No. 4:23cv218, is GRANTED with respect to the Florida NAACP Plaintiffs case, Case No.: 4:23cv215. The consolidated bench trial is special set for a two–week trial period that begins on Monday, **4/1/2024 08:15 AM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER. A party with a conflict during that trial period must file a notice within 14 days of the date of this order. The discovery deadline is extended to **12/18/2023**. A pleading may be amended only by **8/15/2023**, or on a motion showing good cause for not amending by that date. The deadline for filing summary–judgment motions is 21 days (**1/8/2024**) after the discovery deadline, but the motions should be filed at the earliest appropriate time. Signed by CHIEF JUDGE MARK E WALKER on 7/25/2023. (rcb) (Entered: 07/25/2023) |
| 07/28/2023 | 119 | MOTION to Extend Time *for Expert Disclosures* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASÁNCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 07/28/2023) |
| 07/28/2023 | 120 | ORDER EXTENDING EXPERT DISCLOSURE DEADLINES. The 119 motion is GRANTED. Plaintiffs' expert disclosures are due on or before **10/13/2023**. Defendants' expert disclosures are due on or before **11/13/2023**. Plaintiffs' rebuttal report is due on or before **12/7/2023**. Signed by CHIEF JUDGE MARK E WALKER on 7/28/2023. (rcb) Modified to add bracket on 7/31/2023 (rcb). (Entered: 07/28/2023) |
| 08/01/2023 | 121 | Pursuant to F.R.A.P. 11(c), #23–12308 the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 102 Notice of Appeal. The entire record on appeal is available electronically. (rcb) (Entered: 08/01/2023) |
| 08/02/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 116 SUPPLEMENTAL1 REPORT OF RULE 26 INITIAL CONFERENCE (rcb) (Entered: 08/02/2023) |
| 08/02/2023 | 122 | JOINT STATUS REPORT. (WERMUTH, FREDERICK) Modified to edit title on 8/2/2023 (rcb). (Entered: 08/02/2023) |
| 08/03/2023 | 123 | NAACP PLAINTIFFS INITIAL DISCLOSURES. (WERMUTH, FREDERICK) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |

| 08/03/2023 | 124 | SECRETARY OF STATES INITIAL DISCLOSURE. (JAZIL, MOHAMMAD) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
|---|---|---|
| 08/03/2023 | 125 | ATTORNEY GENERAL'S INITIAL RULE 26(a)(1) DISCLOSURES (SJOSTROM, NOAH) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
| 08/03/2023 | 126 | TEN SUPERVISORS OF ELECTIONS' INITIAL DISCLOSURE. (BARDOS, ANDY) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
| 08/04/2023 | 127 | LEON COUNTY SUPERVISOR OF ELECTIONS' RULE 26(a)(1) INITIAL DISCLOSURE. (HERRON, MARK) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/04/2023) |
| 08/04/2023 | 128 | RULE 26 Disclosures by KIM BARTON. (SWAIN, ROBERT) (Entered: 08/04/2023) |
| 08/04/2023 | 129 | RULE 26 Disclosures by JULIE MARCUS. (KAHN, JARED) (Entered: 08/04/2023) |
| 08/04/2023 | 130 | RULE 26 Disclosures by RON TURNER. (BENTLEY, MORGAN) (Entered: 08/04/2023) |
| 08/04/2023 | 131 | Corporate Disclosure Statement/Certificate of Interested Persons by RON TURNER. (BENTLEY, MORGAN) (Entered: 08/04/2023) |
| 08/04/2023 | 132 | MOTION to Dismiss *Counts I, II, and V of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief* by JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK S. EARLEY, JENNIFER J EDWARDS, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, MIKE HOGAN, BRENDA HOOTS, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, THERISA MEADOWS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX. (Internal deadline for referral to judge if response not filed earlier: **8/18/2023**). (KLITSBERG, NATHANIEL) (Entered: 08/04/2023) |
| 08/04/2023 | 133 | MOTION for Protective Order *Agreed Motion to Enter Protective Order* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1 – Protective Order) (WERMUTH, FREDERICK) (Entered: 08/04/2023) |
| 08/07/2023 | 134 | PROTECTIVE ORDER. This Court has considered, without hearing, the NAACP Plaintiffs' stipulated motion for entry of protective order. ECF No. 133 . The Hispanic Federation Plaintiffs in Case No. 4:23–cv–218 also agreed to the protective order. Id. at 2. The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 8/7/2023. (rcb) (Entered: 08/07/2023) |
| 08/08/2023 | 135 | NOTICE *of Potential Conflict with Trial Period for Witness on Behalf of Defendant, Wendy Sartory Link, in her Capacity as Supervisor of Elections for Palm Beach County* by WENDY SARTORY LINK re 117 Order,,,,, Set Deadlines/Hearings,,,,, Set/Clear Flags,,,, (GLICKMAN, JESSICA) (Entered: 08/08/2023) |
| 08/09/2023 | 136 | RULE 26 Disclosures by SHIRLEY ANDERSON. (BENDA, KYLE) (Entered: 08/09/2023) |

| 08/11/2023 | | Set Deadline– Status Report due by **9/11/2023**. (rcb) (Entered: 08/11/2023) |
|---|---|---|
| 08/15/2023 | <u>137</u> | UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4) (WERMUTH, FREDERICK) Modified to edit title on 8/16/2023 (rcb). (Entered: 08/15/2023) |
| 08/16/2023 | <u>138</u> | ORDER GRANTING <u>137</u> LEAVE TO FILE SECOND AMENDED COMPLAINT. The <u>137</u> motion is GRANTED. Plaintiffs must file the second amended complaint as a separate docket entry on or before Friday, **8/18/2023**. However, inasmuch as a second amended complaint will be filed, the motion to dismiss the first amended complaint, ECF No. <u>132</u>, is DENIED as moot. Signed by CHIEF JUDGE MARK E WALKER on 8/16/2023. (rcb) Modified to edit docket text on 8/17/2023 (rcb). (Entered: 08/16/2023) |
| 08/16/2023 | <u>139</u> | Second AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants All Defendants., filed by UNIDOSUS, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. (WERMUTH, FREDERICK) (Entered: 08/16/2023) |
| 08/16/2023 | <u>140</u> | TRANSCRIPT REQUEST by ASHLEY MOODY for proceedings held on 6/28/23 before Judge Chief Judge Walker, Court Reporter:Megan Hague (CHAPPELL, WILLIAM) (Entered: 08/16/2023) |
| 08/23/2023 | <u>141</u> | MOTION for Protective Order by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # <u>1</u> Exhibit 1– Protective Order) (FERGUSON, ROBERT) (Entered: 08/23/2023) |
| 08/23/2023 | <u>142</u> | RULE 26 Disclosures by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 08/23/2023) |
| 08/24/2023 | <u>143</u> | PROTECTIVE ORDER. The <u>141</u> motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 8/24/2023. (rcb) (Entered: 08/24/2023) |
| 08/25/2023 | <u>144</u> | RULE 26 Disclosures by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 08/25/2023) |
| 08/25/2023 | <u>145</u> | RULE 26 Disclosures by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 08/25/2023) |
| 08/28/2023 | <u>146</u> | THE SUPERVISORS OF ELECTIONS' MOTION TO DISMISS COUNTS I, II, AND V. (Internal deadline for referral to judge if response not filed earlier: **9/11/2023**). (BARDOS, ANDY) Modified to edit title on 8/29/2023 (rcb). (Entered: 08/28/2023) |
| 08/29/2023 | <u>147</u> | MOTION for Extension of Time to File Response/Reply as to <u>139</u> Amended Complaint, by ASHLEY MOODY. (MORSE, STEPHANIE) (Entered: 08/29/2023) |
| 08/29/2023 | <u>148</u> | ORDER GRANTING <u>147</u> EXTENSION. The motion is GRANTED. Defendant Moody's response is due on or before **9/6/2023**. Signed by CHIEF JUDGE MARK E WALKER on 8/29/2023. (rcb) (Entered: 08/29/2023) |
| 08/29/2023 | <u>149</u> | *Secretary of State's* ANSWER to <u>139</u> Amended Complaint, by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 08/29/2023) |
| 09/01/2023 | <u>150</u> | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 09/01/2023) |

| 09/05/2023 | 151 | MOTION to Withdraw as Attorney by ASHLEY MOODY. (CHAPPELL, WILLIAM) (Entered: 09/05/2023) |
|---|---|---|
| 09/05/2023 | | Set Deadlines/Hearings Status Report due by **10/5/2023**. (rcb) (Entered: 09/05/2023) |
| 09/05/2023 | 152 | ORDER GRANTING 151 MOTION TO WITHDRAW. Mr. Chappell's motions are, therefore, GRANTED. The Clerk shall disconnect Mr. Chappell from CM/ECF in all three of the consolidated cases. Signed by CHIEF JUDGE MARK E WALKER on 9/5/2023. (rcb) (Entered: 09/05/2023) |
| 09/06/2023 | 153 | ANSWER to 139 Amended Complaint, by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 09/06/2023) |
| 09/11/2023 | 154 | PLAINTIFFS' BRIEF IN OPPOSITION TO SUPERVISOR OF ELECTIONS DEFENDANTS MOTION TO DISMISS. (WERMUTH, FREDERICK) Modified to edit title on 9/12/2023 (rcb). (Entered: 09/11/2023) |
| 09/14/2023 | 155 | NOTICE of Appearance by WILLIAM B GRAHAM on behalf of DAVID H STAFFORD (GRAHAM, WILLIAM) (Entered: 09/14/2023) |
| 09/19/2023 | 156 | NOTICE of Appearance by GERALDO FRANCIS OLIVO, III on behalf of MELISSA ARNOLD, ALETRIS FARNAM, BRENDA HOOTS, TAMMY JONES, THERISA MEADOWS, DIANE SMITH (OLIVO, GERALDO) (Entered: 09/19/2023) |
| 09/21/2023 | 157 | NOTICE of Appearance by ARTHUR IVAN JACOBS on behalf of GINGER BOWDEN–MADDEN, JACK CAMPBELL, JOHN F. DURRETT, MELISSA W. NELSON, WILLIAM M. GLADSON, BRUCE L. BARTLETT, R.J. LARIZZA, BRIAN S. KRAMER, ANDREW A. BAIN, BRIAN W. HAAS, KATHERINE FERNANDEZ RUNDLE, ED A. BRODSKY, SUSAN LOPEZ, LARRY R. BASFORD, DAVID A. ARONBERG, DENNIS W. WARD, HAROLD F. PRYOR, PHILIP G. ARCHER, THOMAS R. BAKKEDAHL, AMIRA D. FOX (JACOBS, ARTHUR) (Entered: 09/21/2023) |
| 09/21/2023 | 158 | First MOTION to Quash *Subpoenas*, First MOTION for Protective Order *Regarding Subpoenas Issued to Non–Party State Attorneys* by PHILIP G. ARCHER, DAVID A. ARONBERG, ANDREW A. BAIN, THOMAS R. BAKKEDAHL, BRUCE L. BARTLETT, LARRY R. BASFORD, GINGER BOWDEN–MADDEN, ED A. BRODSKY, JACK CAMPBELL, JOHN F. DURRETT, KATHERINE FERNANDEZ RUNDLE, AMIRA D. FOX, WILLIAM M. GLADSON, BRIAN W. HAAS, BRIAN S. KRAMER, R.J. LARIZZA, SUSAN LOPEZ, MELISSA W. NELSON, HAROLD F. PRYOR, DENNIS W. WARD. (Attachments: # 1 Exhibit Exhibit A – Subpoenas) (JACOBS, ARTHUR) (Entered: 09/21/2023) |
| 09/25/2023 | 159 | MOTION to Appear Pro Hac Vice by John J. Cycon.( Filing fee $ 208 receipt number AFLNDC–8217133.) by CORD BYRD. (Attachments: # 1 Exhibit Ex. A – Certificate of Good Standing, NY Bar) (CYCON, JOHN) (Entered: 09/25/2023) |
| 09/26/2023 | 160 | ORDER ADMITTING JOHN J. CYCON PRO HAC VICE – This Court has considered, without hearing, the motion to admit John J. Cycon pro hac vice. ECF No. 159 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 9/26/2023. (baf) (Entered: 09/26/2023) |
| 09/27/2023 | 161 | ORDER GRANTING MOTION TO CONSOLIDATE STATUS REPORT FILING AND DEADLINES – This Court has considered, without hearing, Plaintiffs' unopposed motion to consolidate the filing of and deadlines for status reports. ECF No. 67 in Case No.: 4:23cv216. The Clerk shall discontinue resetting the status report deadlines in Case No.: 4:23cv216 and Case No.: 4:23cv218. Signed by CHIEF JUDGE MARK E WALKER on 9/27/2023. (baf) (Entered: 09/27/2023) |
| 10/02/2023 | 162 | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/02/2023) |

| 10/03/2023 | | Set/Reset Deadlines: Status Report due by **11/2/2023**. (baf) (Entered: 10/03/2023) |
|---|---|---|
| 10/04/2023 | 163 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 158 First MOTION to Quash *Subpoenas* First MOTION for Protective Order *Regarding Subpoenas Issued to Non−Party State Attorneys (Unopposed Motion)* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) Modified on 10/5/2023 (baf). (Entered: 10/04/2023) |
| 10/05/2023 | 164 | ORDER GRANTING MOTION TO EXTEND DEADLINE – This Court has considered, without hearing, Plaintiffs' unopposed motion to extend deadline to respond to motion to quash, ECF No. 163 , regarding the non−party State Attorneys' motion to quash, ECF No. 158 . The motion is GRANTED. Defendant's deadline to respond to the motion is extended to on or before Thursday, 10/19/2023. Signed by CHIEF JUDGE MARK E WALKER on 10/5/2023. (baf) (Entered: 10/05/2023) |
| 10/10/2023 | | Set Deadlines re 102 Notice of Appeal: Clerk to check status of Appeal on **1/5/2024**.) USCA Case #23−12308 is still pending. (baf) (Entered: 10/10/2023) |
| 10/13/2023 | 165 | RULE 26 Disclosures by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/13/2023) |
| 10/13/2023 | 166 | NOTICE *of Service of Expert Disclosures* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (WERMUTH, FREDERICK) (Entered: 10/13/2023) |
| 10/17/2023 | 167 | MOTION for Extension of Time to File *Expert Disclosures* by CORD BYRD, ASHLEY MOODY. (JAZIL, MOHAMMAD) (Entered: 10/17/2023) |
| 10/18/2023 | 168 | ORDER FOR EXPEDITED RESPONSE – Accordingly, on or before Wednesday, **10/25/2023**, Plaintiffs in these consolidated cases must file an expedited response explaining why this Court should not grant Defendants' request for a limited extension as a matter of professional courtesy. Signed by CHIEF JUDGE MARK E WALKER on 10/18/2023. (baf) (Entered: 10/18/2023) |
| 10/18/2023 | 169 | MOTION for Extension of Time to File Response/Reply *Plaintiffs' Second Unopposed Motion to Extend Deadline to Respond to Motion to Quash* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/18/2023) |
| 10/18/2023 | 170 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Plaintiffs second unopposed motion to extend the deadline to respond to the motion to quash. ECF No. 169 . The motion is GRANTED. Plaintiffs' deadline to respond to the motion to quash is extended to on or before Thursday, **10/26/2023**. Signed by CHIEF JUDGE MARK E WALKER on 10/18/2023. (baf) (Entered: 10/18/2023) |
| 10/25/2023 | 171 | NOTICE *of Withdrawing Objection to Subpoena, Motion to Quash Subpoena, and Motion for Protective Order* by PHILIP G. ARCHER, DAVID A. ARONBERG, ANDREW A. BAIN, THOMAS R. BAKKEDAHL, BRUCE L. BARTLETT, LARRY R. BASFORD, GINGER BOWDEN−MADDEN, ED A. BRODSKY, JACK CAMPBELL, JOHN F. DURRETT, KATHERINE FERNANDEZ RUNDLE, AMIRA D. FOX, WILLIAM M. GLADSON, BRIAN W. HAAS, BRIAN S. KRAMER, R.J. LARIZZA, SUSAN LOPEZ, MELISSA W. NELSON, HAROLD F. PRYOR, DENNIS W. WARD (JACOBS, ARTHUR) (Entered: 10/25/2023) |

| | | |
|---|---|---|
| 10/25/2023 | 172 | ORDER DENYING NON–PARTIES' MOTION AS MOOT – The non–party State Attorneys' "Objection to Subpoenas, Motion to Quash Subpoenas, and Motion for Protective Order," ECF No. 158 , is DENIED as moot. Signed by CHIEF JUDGE MARK E WALKER on 10/25/2023. (baf) (Entered: 10/25/2023) |
| 10/25/2023 | 173 | RESPONSE to Motion re 167 MOTION for Extension of Time to File *Expert Disclosures Plaintiffs' Response Regarding Secretary's and Attorney General's Motion for an Extension of Time to File Expert Disclosures* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/25/2023) |
| 10/27/2023 | 174 | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXTEND THEIR EXPERT DISCLOSURE DEADLINE – Defendants Secretary Byrd and Attorney General Moody motion "to extend their expert–disclosure deadline from November 13, 2023 to December 13, 2023, ECF No. 167 , is GRANTED in part and DENIED in part. The motion is GRANTED in that the following deadlines are extended as follows: Defendants shall disclose their expert witnesses and reports on or before Monday, **11/27/2023**. Plaintiffs shall disclose their rebuttal expert witnesses and reports, if any, on or before Thursday, **12/21/2023**. The discovery deadline is extended to Tuesday, **1/2/2024**. The deadline for filing summary–judgment motions is on or before Tuesday, **1/23/2024**. The motion is otherwise DENIED. All other deadlines in the operative scheduling and mediation order, ECF No. 117 including this case being set for the trial period beginning on April 1, 2024 remain in effect. Signed by CHIEF JUDGE MARK E WALKER on 10/27/2023. (baf) (Entered: 10/27/2023) |
| 11/01/2023 | 175 | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 11/01/2023) |
| 11/02/2023 | | Set/Reset Deadlines: Status Report due by **12/2/2023**. (baf) (Entered: 11/02/2023) |
| 11/02/2023 | 176 | NOTICE titled Declaration Regarding Public and Business Records According to Fed.R.Evid.902(4), (11) by DONNA J HASSEBROCK (baf) (Entered: 11/02/2023) |
| 11/21/2023 | 177 | NOTICE of Appearance by BRADLEY ROBERT MCVAY on behalf of CORD BYRD (MCVAY, BRADLEY) (Entered: 11/21/2023) |
| 11/27/2023 | 178 | RULE 26 Disclosures by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 11/27/2023) |
| 12/01/2023 | 179 | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 12/01/2023) |
| 12/01/2023 | | Set Deadlines/Hearings Status Report due by **1/1/2024**. (baf) (Entered: 12/01/2023) |
| 12/04/2023 | 180 | MOTION to Amend/Correct *Unopposed Motion for Leave to Amend* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1 – Third Amended Complaint) (WERMUTH, FREDERICK) (Entered: 12/04/2023) |
| 12/04/2023 | 181 | RULE 26 Disclosures by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, |

| | | |
|---|---|---|
| | | ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 12/04/2023) |
| 12/05/2023 | 182 | ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO AMEND – This Court has considered, without hearing, Plaintiffs' unopposed motion for leave to amend. ECF No. 180 . The unopposed motion is GRANTED. Plaintiffs shall file their third amended complaint as a separate docket entry on or before 5:00 p.m. (ET) on Thursday, **12/7/2023**. Signed by CHIEF JUDGE MARK E WALKER on 12/5/2023. (baf) (Entered: 12/05/2023) |
| 12/05/2023 | 183 | ORDER REGARDING MOTION TO DISMISS – This Court recently granted Plaintiffs' motion for leave to file a third amended complaint. ECF No. 182 . This technically moots the pending motion to dismiss, ECF No. 146 . However, this Court intends to construe the motion to dismiss as pending against the most recent iteration of the complaint, ECF No. 180 –1, unless anyone wishes to be heard on this protocol. If a party wishes to be heard, they must file a notice with this Court of any objection to construing the pending motion to dismiss as directed against the most recent amended complaint on or before 5:00 p.m. (ET) on Friday, **12/8/2023**. Signed by CHIEF JUDGE MARK E WALKER on 12/5/2023. (baf) (Entered: 12/05/2023) |
| 12/06/2023 | 184 | THIRD AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, CORD BYRD, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK S. EARLEY, JENNIFER J EDWARDS, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, ASHLEY MOODY, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX, SHERRY TAYLOR, H. RUSSELL WILLLIAMS, JERRY HOLLAND, filed by UNIDOSUS, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC.., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, HUMBERTO ORJUELA PRIETO. (WERMUTH, FREDERICK) (Entered: 12/06/2023) |
| 12/13/2023 | 185 | MOTION to Appear Pro Hac Vice by Alexandra Copper.( Filing fee $ 219 receipt number AFLNDC–8397512.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (COPPER, ALEXANDRA) (Entered: 12/13/2023) |
| 12/13/2023 | 186 | MOTION to Appear Pro Hac Vice by Christopher Lapinig.( Filing fee $ 219 receipt number AFLNDC–8397516.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (LAPINIG, CHRISTOPHER) (Entered: 12/13/2023) |
| 12/13/2023 | 187 | MOTION to Appear Pro Hac Vice by Michael Ortega.( Filing fee $ 219 receipt number AFLNDC–8397529.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (ORTEGA, MICHAEL) (Entered: 12/13/2023) |

| | | |
|---|---|---|
| 12/13/2023 | 188 | ORDER ADMITTING MICHAEL ORTEGA PRO HAC VICE – This Court has considered, without hearing, the motion to admit Michael Ortega pro hac vice in the above–captioned consolidated cases. ECF No. 187 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 12/13/2023. (baf) (Entered: 12/13/2023) |
| 12/13/2023 | 189 | ORDER ADMITTING CHRISTOPHER LAPINIG PRO HAC VICE – This Court has considered, without hearing, the motion to admit Christopher Lapinig pro hac vice in the above–captioned consolidated cases. ECF No. 186 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 12/13/2023. (baf) (Entered: 12/13/2023) |
| 12/13/2023 | 190 | ORDER ADMITTING ALEXANDRA COPPER PRO HAC VICE – This Court has considered, without hearing, the motion to admit Alexandra Copper pro hac vice in the above–captioned consolidated cases. ECF No. 185 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 12/13/2023. (baf) (Entered: 12/13/2023) |
| 12/14/2023 | 191 | Consent MOTION for Extension of Time to Complete Discovery *In Part Solely for Purposes of Completing Depositions* by CORD BYRD, ASHLEY MOODY. (JAZIL, MOHAMMAD) (Entered: 12/14/2023) |
| 12/14/2023 | 192 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Defendants Secretary Byrd and Attorney General Moody's unopposed motion to extend the discovery deadline "solely for purposes of completing depositions." ECF No. 191 . The motion is GRANTED. The discovery deadline is extended to Friday, **1/12/2024**, only for the limited purpose of completing the depositions as outlined in the motion. Signed by CHIEF JUDGE MARK E WALKER on 12/14/2023. (baf) (Entered: 12/14/2023) |
| 12/15/2023 | 193 | *Secretary of State's* ANSWER to 184 Amended Complaint,,,,, by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 12/15/2023) |
| 12/15/2023 | 194 | *Attorney General's* ANSWER to 184 Amended Complaint,,,,, by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 12/15/2023) |
| 01/01/2024 | | Set/Reset Deadlines: Status Report due by **1/31/2024**. (baf) (Entered: 01/03/2024) |
| 01/02/2024 | 195 | STATUS REPORT *Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/02/2024) |
| 01/04/2024 | 196 | STATUS REPORT *Supplemental Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/04/2024) |
| 01/05/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **4/4/2024**. USCA #23–12308 is still pending. (baf) (Entered: 01/05/2024) |
| 01/11/2024 | 197 | MOTION for Extension of Time to Complete Discovery *Unopposed Motion to Extend Discovery Deadline Solely for the Deposition of Maria Matthews* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/11/2024) |
| 01/11/2024 | 198 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Plaintiffs' unopposed motion to extend the discovery deadline solely for the purpose of |

| | | |
|---|---|---|
| | | deposing Maria Matthews. ECF No. <u>197</u> . The motion is GRANTED. The discovery deadline is extended in these consolidated cases to **2/9/2024**, only for the limited purpose of completing Maria Matthews's deposition. Signed by CHIEF JUDGE MARK E WALKER on 1/11/2024. (baf) (Entered: 01/11/2024) |
| 01/12/2024 | <u>199</u> | ORDER DENYING MOTION TO DISMISS – The Supervisors motion to dismiss, ECF No. <u>146</u> , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 1/12/2024. (baf) (Entered: 01/12/2024) |
| 01/18/2024 | <u>200</u> | NOTICE *OF FILING EXHIBITS TO THE SECRETARY'S MOTION FOR SUMMARY JUDGMENT* by CORD BYRD (Attachments: # <u>1</u> Exhibit Ex. 1 – Director Darlington Declaration, # <u>2</u> Exhibit Ex. 2 – Ch. 2022–73, Laws of Fla., # <u>3</u> Exhibit Ex. 3 – DOS Report on Vote–by–Mail Voting, 2/1/23, # <u>4</u> Exhibit Ex. 4 – Fla. Admin. Code R. 1S–2.055 (Proposed), # <u>5</u> Exhibit Ex. 5 – Statewide Vote–by–Mail Request Form (Proposed), # <u>6</u> Exhibit Ex. 6 – Fla. Admin Code R. 1S–2.042 (Final), # <u>7</u> Exhibit Ex. 7 – 3PVRO–Declaration Form (Final)) (JAZIL, MOHAMMAD) (Entered: 01/18/2024) |
| 01/18/2024 | <u>201</u> | MOTION for Summary Judgment *and Memorandum in Support* by CORD BYRD. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **2/8/2024**). (JAZIL, MOHAMMAD) (Entered: 01/18/2024) |
| 01/22/2024 | <u>202</u> | MOTION Joint Motion to Set Agreed Pretrial Schedule, to Dispense with Pretrial Briefing, and to Permit or Require Post–Trial Briefing by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/22/2024) |
| 01/22/2024 | <u>203</u> | ORDER GRANTING JOINT MOTION TO SET AGREED PRETRIAL SCHEDULE – This Court has considered the parties' joint motion to set an agreed pretrial schedule. ECF No. <u>202</u> . The motion is GRANTED. The parties shall conduct their attorneys' conference on or before **2/23/2024**. Motions in limine and Daubert motions shall be filed on or before **2/23/2024**. Given the compressed time frame ahead of the pretrial conference, responses to any motions in limine or Daubert motions are due on or before **3/1/2024**, to give this Court time to review before the pretrial conference. The parties' pretrial stipulation and related disclosures are due on or before **3/1/2024**. The Clerk shall set this case for the final telephonic pretrial conference on **3/8/2024**. The parties' request to dispose of pretrial briefing is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 1/22/2024. (baf) (Entered: 01/22/2024) |
| 01/23/2024 | <u>204</u> | NOTICE *of Filing Exhibits to the Declaration of Abha Khanna in Support of Plaintiffs' Motion for Partial Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28) (WERMUTH, FREDERICK) (Entered: 01/23/2024) |
| 01/23/2024 | <u>205</u> | MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **2/13/2024**). (Attachments: # <u>1</u> Memorandum of Law in Support of NAACP Plaintiffs' Motion for Partial Summary Judgment, # <u>2</u> Declaration of Abha Khanna in Support of |

| | | Plaintiffs' Motion for Partial Summary Judgment) (WERMUTH, FREDERICK) (Entered: 01/23/2024) |
|---|---|---|
| 01/23/2024 | [206](#) | MOTION to Seal Document *Plaintiffs' Motion for Leave to File Exhibit Under Seal* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/23/2024) |
| 01/24/2024 | [207](#) | ORDER GRANTING MOTION TO FILE EXHIBIT UNDER SEAL – This Court has considered, without hearing, Plaintiffs' motion to file Exhibit 28 to their motion for partial summary judgment under seal. ECF No. [206](#) . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 1/24/2024. (baf) (Entered: 01/24/2024) |
| 01/24/2024 | [208](#) | ORDER of USCA as to [102](#) Notice of Appeal. League of Women Voters of Florida's (League) motion to appear at oral argument and for seven minutes of argument time in addition to the time already allocated to the parties is GRANTED. Appeal No. #23−12308−A (baf) (Entered: 01/24/2024) |
| 01/24/2024 | 209 | NOTICE OF TELEPHONIC HEARING: Telephonic Pretrial Conference set for **3/8/2024 09:00 AM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888−684−8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 01/24/2024) |
| 01/26/2024 | [210](#) | *Leon County Supervisor's* ANSWER to [184](#) THIRD AMENDED COMPLAINT by MARK S. EARLEY. (HERRON, MARK) Modified title on 1/26/2024 (baf). (Entered: 01/26/2024) |
| 01/26/2024 | [211](#) | ANSWER to [184](#) THIRD AMENDED COMPLAINT by JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, SHERRY TAYLOR, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX, H. RUSSELL WILLLIAMS. (BARDOS, ANDY) Modified title on 1/29/2024 (baf). (Entered: 01/26/2024) |

| 01/31/2024 | | Set/Reset Deadlines: Status Report due by **3/1/2024**. (baf) (Entered: 02/01/2024) |
|---|---|---|
| 02/01/2024 | 212 | STATUS REPORT *Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 02/01/2024) |
| 02/06/2024 | 213 | MOTION to Appear Pro Hac Vice by Molly E. Danahy.( Filing fee $ 219 receipt number AFLNDC–8589834.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (DANAHY, MOLLY) (Entered: 02/06/2024) |
| 02/06/2024 | 214 | ORDER ADMITTING MOLLY E. DANAHY PRO HAC VICE – This Court has considered, without hearing, the motion to admit Molly E. Danahy pro hac vice in the above–captioned consolidated cases. ECF No. 213 in No. 4:23cv215; ECF No. 90 in No. 4:23cv216. The motion is GRANTED. Having fulfilled the requirements of the Local Rules for admission, Molly E. Danahy is admitted pro hac vice as counsel for Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund. Signed by CHIEF JUDGE MARK E WALKER on 2/6/2024. (baf) (Entered: 02/06/2024) |
| 02/07/2024 | 215 | Second MOTION for Extension of Time to Complete Discovery *Second Unopposed Motion to Extend Discovery Deadline Solely for the Deposition of Maria Matthews* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 02/07/2024) |
| 02/07/2024 | 216 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Plaintiffs' second unopposed motion to extend the discovery deadline solely for the deposition of Maria Matthews. ECF No. 215 . The motion is GRANTED. The discovery deadline is extended in these consolidated cases to Thursday, **2/22/2024**, only for the limited purpose of completing Maria Matthews's deposition. Signed by CHIEF JUDGE MARK E WALKER on 2/7/2024. (baf) (Entered: 02/07/2024) |
| 02/08/2024 | 217 | NOTICE *of Filing Exhibit to the Declaration of Abha Khanna in Support of Plaintiffs' Response in Opposition to Defendant Secretary of State's Motion for Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Exhibit 1) (WERMUTH, FREDERICK) (Entered: 02/08/2024) |
| 02/08/2024 | 218 | RESPONSE in Opposition re 201 MOTION for Summary Judgment *and Memorandum in Support Plaintiffs' Response in Opposition to Defendant Secretary of State's Motion for Summary Judgment* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Declaration of Abha Khanna) (WERMUTH, FREDERICK) (Entered: 02/08/2024) |
| 02/13/2024 | 219 | NOTICE *OF FILING EXHIBITS TO THE SECRETARY'S RESPONSE TO PLAINTIFFS' SUMMARY–JUDGMENT MOTION* by CORD BYRD (Attachments: # 1 Exhibit Ex. 1 – 11th Cir. Oral Argument Transcript, # 2 Exhibit Ex. 2 – The Secretarys 11th Cir. Initial Brief, # 3 Exhibit Ex. 3 – The Secretarys 11th Cir. Reply Brief, # 4 Exhibit Ex. 4 – Transcript of April 4, 2023, Senate Committee on Ethics and Elections, # 5 Exhibit Ex. 5 – Transcript of April 19, 2023, House State Affairs |

| | | |
|---|---|---|
| | | Committee, # <u>6</u> Exhibit Ex. 6 – Transcript of April 26, 2023, Senate Legislative Session, # <u>7</u> Exhibit Ex. 7 – Transcript of April 28, 2023, House Session, # <u>8</u> Exhibit Ex. 8 – Documents Relating to Hard Knocks Investigation and Roderica Cody, # <u>9</u> Exhibit Ex. 9 – League Plaintiffs Responses to the Secretarys Request for Admissions, # <u>10</u> Exhibit Ex. 10 – Transcript of April 20, 2023, Senate Committee on Fiscal Policy) (JAZIL, MOHAMMAD) (Entered: 02/13/2024) |
| 02/13/2024 | <u>220</u> | NOTICE *of Filing Exhibits to the Attorney General's Response to Plaintiffs' Partial Motion for Summary Judgment* by ASHLEY MOODY (Attachments: # <u>1</u> Exhibit Elizabeth Guzzo Transcript Excerpts, # <u>2</u> Exhibit Andrew Darlington Transcript Excerpts) (SJOSTROM, NOAH) (Entered: 02/13/2024) |
| 02/13/2024 | <u>221</u> | RESPONSE in Opposition re <u>205</u> MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* filed by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 02/13/2024) |
| 02/13/2024 | <u>222</u> | RESPONSE in Opposition re <u>205</u> MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* filed by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/13/2024) |
| 02/15/2024 | <u>223</u> | THE SECRETARY'S REPLY IN SUPPORT OF re <u>201</u> MOTION for Summary Judgment *and Memorandum in Support of the Secretary's Summary–Judgment Motion* filed by CORD BYRD. (JAZIL, MOHAMMAD) Modified title on 2/15/2024 (baf). (Entered: 02/15/2024) |
| 02/19/2024 | <u>224</u> | MOTION for Recusal by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/19/2024) |
| 02/20/2024 | <u>225</u> | NOTICE *of Filing Exhibits in Support of Reply in Support of Motion for Partial Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. re <u>205</u> MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2) (WERMUTH, FREDERICK) (Entered: 02/20/2024) |
| 02/20/2024 | <u>226</u> | REPLY IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT re <u>205</u> MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # <u>1</u> Affidavit of Abha Khanna) (WERMUTH, FREDERICK) Modified title on 2/21/2024 (baf). (Entered: 02/20/2024) |
| 02/21/2024 | <u>227</u> | ORDER FOR EXPEDITED RESPONSE – Defendant Byrd has filed a motion for my recusal (re: <u>224</u> MOTION for Recusal) in each of these cases. Given that trial is fast approaching and in order for both sides to be heard on Defendant Byrd's motions in a timely fashion, Plaintiffs shall file expedited responses to these motions on or before 5:00 p.m. (ET) on Monday, **2/26/2024**. Signed by CHIEF JUDGE MARK E WALKER on 2/21/2024. (baf) (Entered: 02/21/2024) |
| 02/23/2024 | <u>228</u> | NOTICE of Appearance by COLLEEN E O'BRIEN on behalf of CRAIG LATIMER (O'BRIEN, COLLEEN) (Entered: 02/23/2024) |
| 02/23/2024 | <u>229</u> | MOTION in Limine *as to Dr. Lichtman's Expert Testimony* by CORD BYRD. (Attachments: # <u>1</u> Exhibit Ex. A – Dr. Lichtman Expert Report) (BEATO, MICHAEL) (Entered: 02/23/2024) |
| 02/23/2024 | <u>230</u> | MOTION for Joinder *in Hispanic Federation Plaintiffs' Motion to Limit Evidence Related to Immigration Histories and Benefits* by SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ. (Attachments: # <u>1</u> Exhibit 1) (WERMUTH, FREDERICK) (Entered: |

| | | |
|---|---|---|
| | | 02/23/2024) |
| 02/23/2024 | 231 | MOTION in Limine *Regarding Evidence of State Interests for the Challenged Provisions of SB 7050* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (WERMUTH, FREDERICK) (Entered: 02/23/2024) |
| 02/23/2024 | 232 | MOTION in Limine *to Exclude the Testimony of Dr. Robert Stein and Dr. John Alford* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (WERMUTH, FREDERICK) (Entered: 02/23/2024) |
| 02/26/2024 | 233 | RESPONSE in Opposition re 224 MOTION for Recusal *Plaintiffs' Opposition to Motion to Recuse* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 02/26/2024) |
| 02/27/2024 | 234 | ORDER DENYING MOTIONS FOR RECUSAL – Absent a reasonable basis for disqualification, I am required to hear the cases assigned to me. Defendant Byrd's motions, ECF No. 224 in Case No. 4:23cv215, ECF No. 96 in Case No.: 4:23cv216, and ECF No. 138 in Case No.: 4:23cv218, are DENIED. Signed by CHIEF JUDGE MARK E WALKER on 2/27/2024. (baf) (Entered: 02/27/2024) |
| 02/27/2024 | 235 | ORDER FOR EXPEDITED RESPONSES. Accordingly, given the short time frame for this Court to sort out the parties' positions and rule on the pending motions, Plaintiffs shall file an expedited response to Defendant Byrd's motion in limine on or before 11:59 p.m. (ET) on Friday, **3/1/2024**. Likewise, Defendants shall file their expedited responses to Plaintiffs' motions in limine on or before 11:59 p.m. (ET) on Friday, **3/1/2024**. Signed by CHIEF JUDGE MARK E WALKER on 2/27/2024. (rcb) (Entered: 02/27/2024) |
| 02/28/2024 | 236 | SCHEDULING ORDER – The parties shall file written opening statements on or before Wednesday, **3/27/2024**, by 5:00 p.m. (ET). Trial will begin on Monday, **4/1/2024** , at 8:00 a.m. (ET) in Tallahassee, Florida. This Court will hear testimony from 8:00 a.m. until 8:00 p.m., Monday through Friday, until the trial is finished. Plaintiffs must identify their first five witnesses to defense counsel by 5:00 pm. (ET) on Friday, March 29, 2024. Assuming all testimony concludes on or before Friday, April 12, 2024, Plaintiffs shall file their written closing arguments on or before Monday, **4/22/2024**, by 11:59 p.m. (ET). Defendants, in turn, shall file their written closing arguments on or before 11:59 p.m. (ET) on Monday, **4/29/2024**. Finally, Plaintiffs shall file written rebuttal closing arguments on or before Friday, **5/3/2024**, by 11:59 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 2/28/2024. (baf) (Entered: 02/28/2024) |
| 02/29/2024 | 237 | MOTION SECRETARY'S UNOPPOSED MOTION TO ADJUST THE TRIAL SCHEDULE by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/29/2024) |
| 02/29/2024 | 238 | ORDER GRANTING UNOPPOSED MOTION TO ADJUST TRIAL SCHEDULE – This Court has considered, without hearing, Defendant Byrd's unopposed motion to adjust the trial schedule. ECF No. 237 in Case No.: 4:23cv215. The motion is GRANTED. The trial set to begin on April 1, 2024, will run from 8:00 a.m. (ET) until 7:00 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 2/29/2024. (baf) (Entered: 02/29/2024) |

| | | |
|---|---|---|
| 02/29/2024 | 239 | RESPONSE in Opposition re 230 MOTION for Joinder *in Hispanic Federation Plaintiffs' Motion to Limit Evidence Related to Immigration Histories and Benefits*, 231 MOTION in Limine *Regarding Evidence of State Interests for the Challenged Provisions of SB 7050*, 232 MOTION in Limine *to Exclude the Testimony of Dr. Robert Stein and Dr. John Alford* filed by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/29/2024) |
| 02/29/2024 | 240 | MOTION in Limine *Regarding Defendants' Witnesses William Gladson, Katherine Fernandez–Rundle, and Amira Fox* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, A DOE, B DOE, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, VERONICA HERRERA–LUCHA, HISPANIC FEDERATION, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC, NORKA MARTINEZ, PODER LATINX, HUMBERTO ORJUELA PRIETO, HAROLD F. PRYOR, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1– Secretary of State's Responses to LWVFL Interrogatories, # 2 Exhibit 2– Attorney General's Responses to LWVFL Interrogatories, # 3 Exhibit 3– Excerpts from the Deposition of Andrew Darlington) (ORTEGA, MICHAEL) (Entered: 02/29/2024) |
| 03/01/2024 | 241 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is Plaintiff's motion in limine, ECF No. 240 . Defendants shall file an expedited response to this motion on or before Monday, **3/4/2024**, by 5:00 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 3/1/2024. (baf) (Entered: 03/01/2024) |
| 03/01/2024 | 242 | ORDER DENYING PLAINTIFFS' MOTIONS IN LIMINE – This Court has considered, without hearing, Plaintiffs' motions in limine, ECF Nos. 231 and 232 , Plaintiffs' joinder to a motion in limine filed in Case No.: 4:23cv218–MW/MAF, ECF No. 230 , and Defendant Byrd's combined response in opposition, ECF No. 239 . The motions, ECF Nos. 230 , 231 , and 232 , are DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/1/2024. (baf) (Entered: 03/01/2024) |
| 03/01/2024 | 243 | RESPONSE in Opposition re 229 MOTION in Limine *as to Dr. Lichtman's Expert Testimony Plaintiffs' Response in Opposition to the Secretary's Motion in Limine as to Dr. Lichtman's Expert Testimony* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1) (WERMUTH, FREDERICK) (Entered: 03/01/2024) |
| 03/01/2024 | 244 | JOINT PRETRIAL STIPULATION by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (WERMUTH, FREDERICK) Modified title on 3/4/2024 (baf). (Entered: 03/01/2024) |
| 03/04/2024 | 245 | ORDER DENYING DEFENDANT BYRD'S MOTION IN LIMINE. This Court has considered Defendant Byrd's motion in limine to prevent Dr. Lichtman from opining on the state of mind, or providing a conclusion on the intent, of any legislator, any governmental entity, or the Governor in passing, approving, or amended SB 7050, ECF No. 229 , and Plaintiffs' response in opposition, ECF No. 243 . Defendant Byrd's motion, ECF No. 229 , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/4/2024. (kjw) (Entered: 03/04/2024) |
| 03/04/2024 | 246 | THE SECRETARY'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE CONCERNING STATE ATTORNEYS. (Attachments: # 1 Exhibit) (PRATT, JOSHUA) Modified to edit title on 3/4/2024 (rcb). (Entered: 03/04/2024) |
| 03/04/2024 | | Set Deadline– Status Report due by **4/3/2024**. (rcb) (Entered: 03/04/2024) |

| 03/04/2024 | 247 | ORDER DENYING 240 PLAINTIFFS' MOTION IN LIMINE. Accordingly, Plaintiffs' motion, ECF No. 240 , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/4/2024. (rcb) (Entered: 03/04/2024) |
|---|---|---|
| 03/04/2024 | 248 | NOTICE *of Filing Exhibits to the Declaration of Frederick S. Wermuth in Support of Plaintiffs' Motion to Compel* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12) (WERMUTH, FREDERICK) (Entered: 03/04/2024) |
| 03/04/2024 | 249 | MOTION to Compel *NAACP Plaintiffs' Motion to Compel* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Declaration of Frederick Wermuth) (WERMUTH, FREDERICK) (Entered: 03/04/2024) |
| 03/05/2024 | 250 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is the NAACP Plaintiffs' motion to compel, ECF No. 249 . Defendant Byrd shall file an expedited response to the motion on or before Tuesday, **3/12/2024**, addressing all aspects of the motion. Signed by CHIEF JUDGE MARK E WALKER on 3/5/2024. (baf) (Entered: 03/05/2024) |
| 03/05/2024 | 251 | ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT – Plaintiffs' motion for summary judgment, ECF No. 205 , is GRANTED as to their Equal Protection claim in Count III, against Defendant Byrd. The balance of the motion, ECF No. 205 , is DENIED as to the Equal Protection claim in Count III against Defendant Moody, as to the Section 1981 preemption claim against both Defendants Byrd and Moody, and as to the Section 208 preemption claim against all Defendants. Defendant Byrd's motion for summary judgment, ECF No. 201 , is GRANTED as to the Section 1981 preemption claim but DENIED as to the Section 208 preemption claim. Signed by CHIEF JUDGE MARK E WALKER on 3/5/2024. (baf) (Entered: 03/05/2024) |
| 03/08/2024 | 266 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Pretrial Conference held on 3/8/2024. Parties discuss trial protocols, courtroom setup, witnesses/witness rooms, exhibits and objections. Counsel for supervisors of elections requests to observe hearing via phone. Plaintiffs request protocol for admitting/presenting confidential exhibits. Ruling by Court: Clerk to provide phone line for supervisors of election and public to observe hearing. Parties are permitted to have witnesses appear via Zoom (including supervisors of election), if necessary. Parties to file written open/closing arguments. Parties are to provide Clerk with a hard drive of all admitted exhibits and a separate hard drive for all exhibits admitted under seal by the end of the trial (Court Reporter Jan Davis (USDC–Wyoming)). (vkm) (Entered: 03/19/2024) |
| 03/12/2024 | 252 | NOTICE *OF FILING EXHIBITS TO THE DECLARATION OF JOHN CYCON IN SUPPORT OF THE SECRETARY'S RESPONSE TO NAACP PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS* by CORD BYRD (Attachments: # 1 Exhibit Ex. 1 – Email from Hispanic Federation, # 2 Exhibit Ex. 2 – Hispanic Federation and Poder LatinX Privilege Log, # 3 Exhibit Ex. 3 – Email from the Secretary to Plaintiffs, # 4 Exhibit Ex. 4 – The Secretary's Production Cover Letter, # 5 Exhibit Ex. 5 – Email from NAACP Plaintiffs) (CYCON, JOHN) (Entered: 03/12/2024) |
| 03/12/2024 | 253 | RESPONSE in Opposition re 249 MOTION to Compel *NAACP Plaintiffs' Motion to Compel* filed by CORD BYRD. (Attachments: # 1 Declaration of John Cycon) (CYCON, JOHN) (Entered: 03/12/2024) |
| 03/13/2024 | 254 | ORDER PERMITTING EXPEDITED REPLY – This Court has considered, without hearing, the Secretary's response to the NAACP Plaintiffs' motion to compel. ECF No. |

| | | |
|---|---|---|
| | | 253 . This Court is aware that the parties in this matter have regularly sought leave to reply. This Court is also aware, however, that this matter is set for trial on Monday, April 1, 2024. As a result, this Court seeks to rule on discovery motions on an expedited basis. The NAACP Plaintiffs may, if they wish, file an expedited reply on or before Friday, **3/15/2024**, at 11:59 pm. Signed by CHIEF JUDGE MARK E WALKER on 3/13/2024. (baf) (Entered: 03/13/2024) |
| 03/14/2024 | 255 | MOTION in Limine *Plaintiffs' Motion in Limine as to Certain Composite Exhibits* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/14/2024) |
| 03/15/2024 | 256 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is Plaintiffs' motion in limine as to certain composite exhibits. ECF No. 255 . Defendant Byrd shall file an expedited response to the motion on or before Tuesday, **3/19/2024**. Signed by CHIEF JUDGE MARK E WALKER on 3/15/2024. (baf) (Entered: 03/15/2024) |
| 03/15/2024 | 257 | Joint MOTION for Admission of Certain Trial Exhibits by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/15/2024) |
| 03/15/2024 | 258 | Joint MOTION for Limited Admission to Certain Trial Exhibits by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/15/2024) |
| 03/15/2024 | 259 | RESPONSE in Opposition re 255 MOTION in Limine *Plaintiffs' Motion in Limine as to Certain Composite Exhibits* filed by CORD BYRD. (Attachments: # 1 Attachment 1, # 2 Attachment 2) (JAZIL, MOHAMMAD) (Entered: 03/15/2024) |
| 03/15/2024 | 260 | REPLY to Response to Motion re 249 MOTION to Compel *NAACP Plaintiffs' Motion to Compel* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/15/2024) |
| 03/15/2024 | 261 | ORDER GRANTING JOINT MOTION FOR ADMISSION OF TRIAL EXHIBITS – This Court has considered the parties' joint motion to admit trial exhibits. ECF No. 257 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 3/15/2024. (baf) (Entered: 03/15/2024) |
| 03/15/2024 | 262 | DOCKET ANNOTATION BY COURT: The Clerk's Office received a copy of ECF 259 and 1 USB drive containing exhibits referenced in ECF 255 . Documents have been provided to chambers. (baf) (Entered: 03/15/2024) |
| 03/15/2024 | 263 | ORDER GRANTING JOINT MOTION FOR LIMITED ADMISSION OF TRIAL EXHIBITS – This Court has considered the parties' joint motion to admit trial exhibits for a limited purpose. ECF No. 258 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 3/15/2024. (baf) (Entered: 03/15/2024) |
| 03/18/2024 | 264 | ORDER DENYING MOTION TO COMPEL – This Court has considered, without hearing, Plaintiffs' motion to compel, ECF No. 249 , Defendant Byrd's response in opposition, ECF No. 253 , and Plaintiffs' reply, ECF No. 260 . Plaintiffs' motion, ECF No. 249 , is DENIED. Plaintiffs' motion, ECF No. 249 , is DENIED as untimely. Signed by CHIEF JUDGE MARK E WALKER on 3/18/2024. (baf) (Entered: 03/18/2024) |

| | | |
|---|---|---|
| 03/18/2024 | 265 | ORDER DENYING PLAINTIFFS' MOTION IN LIMINE – This Court has considered, without hearing, Plaintiffs' motion in limine, ECF No. 255 , and Defendant Byrd's response in opposition, ECF No. 259 . Plaintiffs' motion, ECF No. 255 , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/18/2024. (baf) (Entered: 03/18/2024) |
| 03/26/2024 | 267 | NOTICE RE: **4/1/2024 08:15 AM** BENCH TRIAL:<br><br>INTERESTED PARTIES MAY OBSERVE THIS HEARING BY CALLING THE NUMBER BELOW. THIS NUMBER IS PROVIDED TO LISTEN ONLY––THIS HEARING MUST NOT BE BROADCAST BY ANY MEANS.<br><br>PLEASE MUTE YOUR LINE<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888–684–8852** When prompted for an access code, enter: **8131706#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **0628#** You are now in the conference call. **Remember to mute your phone.**<br><br>**Callers to this line will be able to listen ONLY, not address the Court**.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 03/26/2024) |
| 03/27/2024 | 268 | TRIAL BRIEF – *The Secretary's Opening Brief* – by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 03/27/2024) |
| 03/27/2024 | 269 | TRIAL BRIEF *The League's Opening Brief* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 03/27/2024) |
| 03/27/2024 | 270 | TRIAL BRIEF *The Attorney General's Opening Statement* by ASHLEY MOODY. (MORSE, STEPHANIE) (Entered: 03/27/2024) |
| 03/27/2024 | 271 | TRIAL BRIEF *Hispanic Federation's Written Opening Statement* by VERONICA HERRERA–LUCHA. (CEPEDA DERIEUX, ADRIEL) (Entered: 03/27/2024) |
| 03/27/2024 | 272 | TRIAL BRIEF *NAACP Plaintiffs' Opening Statement* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Addendum A) (WERMUTH, FREDERICK) (Entered: 03/27/2024) |
| 03/28/2024 | 273 | NOTICE of Appearance by GARY VERGIL PERKO on behalf of CORD BYRD (PERKO, GARY) (Entered: 03/28/2024) |
| 03/31/2024 | 274 | MOTION NAACP Plaintiffs' Motion to Admit Certain Exhibits into Evidence by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/31/2024) |
| 04/01/2024 | 275 | AMENDED ORDER GRANTING JOINT MOTION FOR LIMITED ADMISSION OF TRIAL EXHIBITS – This Court has considered the parties' joint motion to admit trial exhibits for a limited purpose. ECF No. 258 . The motion is GRANTED. NAACP Exhibit Nos. 266–383, 385–401, 406–425, and 427–646 are ADMITTED for the limited purpose of showing that the fine letters were prepared or prepared and sent to third–party voter registration organizations, but not for the truth of the matters asserted within the exhibits. Signed by CHIEF JUDGE MARK E WALKER on 4/1/2024. (baf) (Entered: 04/01/2024) |

| 04/01/2024 | 276 | ORDER FOR SPECIAL SET HEARING – Consistent with this Court's ruling, as announced on the record on April 1, 2024, this Court directs the parties to appear for a special set hearing on **4/6/2024 – 4/7/2024**, to resolve objections to any and all exhibits not yet admitted based on the objections listed on the parties exhibit lists. The hearing shall run from 8:00 a.m. (ET) to 7:00 p.m. (ET) on Saturday and Sunday. Signed by CHIEF JUDGE MARK E WALKER on 4/1/2024. (baf) (Entered: 04/01/2024) |
|---|---|---|
| 04/01/2024 | 277 | NOTICE OF HEARING: Hearing re: Bench Trial Exhibits set for **4/6/2024 08:00 AM – 07:00 PM** and **4/7/2024 08:00 AM – 07:00 PM** before CHIEF JUDGE MARK E WALKER. Joseph Woodrow Hatchett United States Courthouse and Federal Building, **Courtroom 5 West**, 111 North Adams St., Tallahassee, Florida 32301.<br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850–521–3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 04/01/2024) |
| 04/01/2024 | 278 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 1 held on 4/1/2024. Ruling by Court: Defendants' Response to 274 Motion due by **midnight on 4/2/2024**., Exhibit hearing set for 4/6/24 & 4/7/24 from 8:00 a.m. to 7:00 p.m. Parties to secure court reporter, split the cost between them and provide the name of reporter to the Court by **5:00 p.m. on 4/1/2024**. NAACP Plaintiffs to file Reply by **9:00 a.m. on 4/2/2024** (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 04/01/2024) |
| 04/02/2024 | 279 | TRIAL BRIEF *NAACP Plaintiffs' Supplemental Argument in Support of Their Motion to Admit Plaintiffs' Exhibit 97* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASÁNCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 04/02/2024) |
| 04/02/2024 | 280 | RESPONSE to Motion re 274 MOTION NAACP Plaintiffs' Motion to Admit Certain Exhibits into Evidence filed by CORD BYRD. (Attachments: # 1 Ex. A – Joint Stipulation to Narrow Issues for Resolution, Black Voters Matter Capacity Building Inst., Inc. v. Byrd (Fla. 2d Cir)) (JAZIL, MOHAMMAD) (Entered: 04/02/2024) |
| 04/02/2024 | 281 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 2 held on 4/2/2024 (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 04/02/2024) |
| 04/03/2024 | 282 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER:Bench Trial Day 3 held on 4/3/2024. Ruling by Court: Parties to confer and advise Court tomorrow morning re: objections to exhibits. Defendants to disclose 4/8/24 witness schedule to Plaintiffs on 4/5/24 (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 04/03/2024) |
| 04/03/2024 | | Set/Reset Deadlines: Status Report due by **5/3/2024**. (baf) (Entered: 04/12/2024) |
| 04/04/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **7/3/2024**. USCA #23–12308 is still pending. (baf) (Entered: 04/04/2024) |
| 04/04/2024 | 283 | TRIAL BRIEF *NAACP Plaintiffs' Supplement to Opening Statement* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 04/04/2024) |

| 04/04/2024 | 284 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 4 held on 4/4/2024. Ruling by Court: NAACP Plaintiffs to file supplement to closing argument in 4:23cv215 by **5:00 p.m. on 4/5/2024**. Defendant Byrd may file a response, if necessary by **5:00 p.m. on 4/12/2024** (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 04/04/2024) |
|---|---|---|
| 04/05/2024 | 285 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 5 held on 4/5/2024 (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 04/05/2024) |
| 04/08/2024 | 286 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 1 held on 4/1/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | 287 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 2 Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | 288 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 3 held on 4/3/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | 289 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 4 held on 4/4/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | 290 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 5 held on 4/5/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | 291 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 6 held on 4/8/2024. Trial reconvenes at 9:00 AM on 4/9/2024 (Court Reporter Megan Hague (USDC–Tallahassee)). (vkm) (Entered: 04/08/2024) |
| 04/08/2024 | <u>292</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 6 held on 4/8/2023, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | <u>293</u> | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT CERTAIN EXHIBITS INTO EVIDENCE – For the reasons previously stated on the record, Plaintiffs' motion, ECF No. <u>274</u> , is GRANTED in part and DENIED in part. Signed by CHIEF JUDGE MARK E WALKER on 4/8/2024. (baf) (Entered: 04/09/2024) |
| 04/09/2024 | <u>295</u> | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 7 completed on 4/9/2024. Ruling by Court: Telephonic hearing re: deposition designations set for 4/15/24 at 1:00 pm; Parties to file notice by **4/12/2024**, if hearing is unnecessary. Plaintiffs' amended complaint due by **5/23/2024** (Court Reporter Megan Hague (USDC–Tallahassee)). (Attachments: # <u>1</u> Exhibit List (vkm)***VOLUMINOUS EXHIBITS NOT POSTED TO DOCKET, PER CHIEF JUDGE WALKER***(2 FLASH DRIVES) (Entered: 04/12/2024) |
| 04/10/2024 | <u>294</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings – Day 7 held on 4/9/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **4/17/2024**. Release of Transcript Restriction set for **7/16/2024**. (mah) (Entered: 04/10/2024) |
| 04/12/2024 | 296 | NOTICE OF TELEPHONIC HEARING: Telephonic Hearing re: Deposition Designations set for **4/15/2024 01:00 PM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888–684–8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not |

| | | |
|---|---|---|
| | | speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 04/12/2024) |
| 04/12/2024 | 297 | NOTICE by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, VERONICA HERRERA–LUCHA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC. (FERGUSON, ROBERT) (Entered: 04/12/2024) |
| 04/12/2024 | 298 | MOTION for Extension of Time to File *Unopposed Motion of NAACP Plaintiffs to Extend Deadline to File Amended Complaint and to Set Response Deadline* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 04/12/2024) |
| 04/15/2024 | 299 | ORDER GRANTING NAACP PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE AMENDED COMPLAINT AND SET RESPONSE DEADLINES – This Court has considered, without hearing, the NAACP Plaintiffs' unopposed motion to extend their deadline to file an amended complaint and to set response deadlines. ECF No. 298 . The motion is GRANTED. The NAACP Plaintiffs shall file their amended complaint on or before Monday, **4/22/2024**. All Defendants except for the Supervisors of Election shall file their answers to the amended complaint on or before Monday, **4/29/2024**. The Defendant Supervisors of Election shall file their answers, if any, on or before Monday, **4/29/2024**. Signed by CHIEF JUDGE MARK E WALKER on 4/15/2024. (baf) (Entered: 04/15/2024) |
| 04/15/2024 | 300 | NOTICE OF CANCELLED HEARING: Telephonic Hearing re: Deposition Designations set for 4/15/2024 01:00 PM before CHIEF JUDGE MARK E WALKER is CANCELLED. (vkm) (Entered: 04/15/2024) |
| 04/22/2024 | 301 | TRIAL BRIEF *The League Plaintiffs' Closing Statement* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 04/22/2024) |
| 04/22/2024 | 302 | FOURTH AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants., filed by UNIDOSUS, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. (WERMUTH, FREDERICK) (Entered: 04/22/2024) |
| 04/22/2024 | 303 | TRIAL BRIEF *Hispanic Federation Plaintiff's Closing Statement* by VERONICA HERRERA–LUCHA. (KEENAN, MEGAN) (Entered: 04/22/2024) |
| 04/22/2024 | 304 | TRIAL BRIEF *NAACP Plaintiffs' Closing Argument* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Appendix A, # 2 Appendix B) (WERMUTH, FREDERICK) (Entered: 04/22/2024) |
| 04/25/2024 | 305 | *Secretary of State's* ANSWER to 302 Amended Complaint, *Plaintiffs' Fourth Amended Complaint* by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 04/25/2024) |

| 04/26/2024 | 306 | MOTION to Withdraw as Attorney *for the Florida Secretary of State* by CORD BYRD. (PRATT, JOSHUA) (Entered: 04/26/2024) |
|---|---|---|
| 04/26/2024 | 307 | ORDER GRANTING MOTION TO WITHDRAW – This Court has considered, without hearing, Joshua E. Pratt's motion to withdraw as counsel for Defendant Florida Secretary of State Cord Byrd in the above–captioned consolidated cases. ECF No. 306 in No. 4:23cv215; ECF No. 137 in No. 4:23cv216; ECF No. 191 in No. 4:23cv218. The Florida Secretary of State continues to be represented by counsel, and his representation will continue uninterrupted. Mr. Pratt's motion is, therefore, GRANTED. The Clerk shall disconnect Mr. Pratt from CM/ECF in each of the three above–captioned cases. Signed by CHIEF JUDGE MARK E WALKER on 4/26/2024. (baf) Attorney JOSHUA E PRATT terminated in this case. (Entered: 04/26/2024) |
| 04/26/2024 | 308 | ATTORNEY GENERAL ASHLEY MOODY'S ANSWER TO PLAINTIFFS 302 FOURTH AMENDED COMPLAINT by ASHLEY MOODY. (SJOSTROM, NOAH) Modified title on 4/29/2024 (baf). (Entered: 04/26/2024) |
| 04/29/2024 | 309 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' ANSWER TO PLAINTIFFS' 302 FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF by JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK S. EARLEY, JENNIFER J EDWARDS, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, MIKE HOGAN, JERRY HOLLAND, BRENDA HOOTS, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, THERISA MEADOWS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, SHERRY TAYLOR, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX, H. RUSSELL WILLLIAMS. (MARI, FRANK) Modified title on 4/29/2024 (baf). (Entered: 04/29/2024) |
| 04/29/2024 | 310 | Exhibit List *NAACP's Amended Trial Exhibit List* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASÁNCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC... (WERMUTH, FREDERICK) (Entered: 04/29/2024) |
| 04/29/2024 | 311 | TRIAL BRIEF – *The Secretary's Written Closing* – by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 04/29/2024) |
| 04/29/2024 | 312 | TRIAL BRIEF *Closing Argument* by ASHLEY MOODY. (MORSE, STEPHANIE) (Entered: 04/29/2024) |
| 05/02/2024 | 313 | MOTION for Leave to File Excess Pages *Unopposed Motion of NAACP Plaintiffs for Leave to Exceed Word Limit* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASÁNCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 05/02/2024) |
| 05/02/2024 | 314 | MOTION for Leave to File Excess Pages by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (ORTEGA, MICHAEL) (Entered: 05/02/2024) |

| 05/02/2024 | 315 | MOTION for Leave to File Excess Pages by A DOE, VERONICA HERRERA–LUCHA, HISPANIC FEDERATION, NORKA MARTINEZ, PODER LATINX. (CEPEDA DERIEUX, ADRIEL) (Entered: 05/02/2024) |
|---|---|---|
| 05/02/2024 | 316 | ORDER GRANTING UNOPPOSED 313 , 314 & 315 MOTIONS TO EXTEND WORD LIMIT. Signed by CHIEF JUDGE MARK E WALKER on 5/2/2024. (vkm) (Entered: 05/02/2024) |
| 05/03/2024 | 317 | TRIAL BRIEF *The League Plaintiffs' Rebuttal* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (COPPER, ALEXANDRA) (Entered: 05/03/2024) |
| 05/03/2024 | 318 | TRIAL BRIEF *NAACP Plaintiffs' Closing Argument Rebuttal* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Appendix C) (WERMUTH, FREDERICK) (Entered: 05/03/2024) |
| 05/03/2024 | 319 | TRIAL BRIEF *Written Rebuttal Closing Argument* by VERONICA HERRERA–LUCHA. (CEPEDA DERIEUX, ADRIEL) (Entered: 05/03/2024) |
| 05/03/2024 | | Set/Reset 23 Deadlines: Status Report due by **6/2/2024**. (baf) (Entered: 05/14/2024) |
| 05/29/2024 | 320 | NOTICE of Appearance by JON A JOUBEN on behalf of SHIRLEY ANDERSON (JOUBEN, JON) (Entered: 05/29/2024) |
| 05/29/2024 | 321 | MOTION to Withdraw as Attorney by SHIRLEY ANDERSON. (JOUBEN, JON) (Entered: 05/29/2024) |
| 05/29/2024 | 322 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, the motion to withdraw Kyle Benda as counsel for Defendant Shirley Anderson ("Defendant"). ECF No. 321 . Defendant continues to be represented by counsel, and representation will continue uninterrupted. This motion is, therefore, GRANTED. The Clerk shall disconnect Mr. Benda from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 5/29/2024. (baf) Attorney KYLE J BENDA terminated in this case. (Entered: 05/29/2024) |
| 06/28/2024 | 323 | MOTION FOR WITHDRAWAL OF COUNSEL *Molly E. Danahy* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (DANAHY, MOLLY) Modified title on 6/28/2024 (baf). (Entered: 06/28/2024) |
| 06/28/2024 | 324 | ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, two motions to withdraw Molly E. Danahy as counsel for the League Plaintiffs. ECF No. 323 in No. 4:23cv215; ECF No. 142 in No. 4:23cv216. Plaintiffs continue to be represented by counsel, and representation will continue uninterrupted. The motions are GRANTED. The Clerk shall disconnect Molly E. Danahy from CM/ECF on these matter. Signed by CHIEF JUDGE MARK E WALKER on 6/28/2024. (baf) (Attorney MOLLY ELIZABETH DANAHY terminated in this case.) (Entered: 06/28/2024) |
| 07/08/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **10/1/2024**. USCA Appeal #23–12308 is still pending. (baf) (Entered: 07/08/2024) |
| 08/30/2024 | 325 | MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT by ASHLEY MOODY. (SJOSTROM, NOAH) Modified title on 8/30/2024 (baf). (Entered: 08/30/2024) |
| 08/30/2024 | 326 | ORDER GRANTING MOTION TO WITHDRAW – This Court has considered, without hearing, Noah Sjostrom's motion to withdraw as counsel for Defendant Ashley Moody in the above–captioned consolidated cases. ECF No. 325 in No. 4:23cv215; ECF No. 144 in No. 4:23cv216; ECF No. 213 in No. 4:23cv218. Ashley Moody continues to be represented by counsel, and his representation will continue uninterrupted. Mr. Sjostrom's motion is, therefore, GRANTED. The Clerk shall disconnect Mr. Sjostrom from CM/ECF in each of the three above–captioned cases. Signed by CHIEF JUDGE MARK E WALKER on 8/30/2024. (baf) Attorney NOAH |

| | | |
|---|---|---|
| | | T SJOSTROM terminated in this case. (Entered: 08/30/2024) |
| 09/05/2024 | 327 | MOTION to Withdraw as Attorney *Christopher Lapinig* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 09/05/2024) |
| 09/05/2024 | 328 | ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, two motions to withdraw Christopher Lapinig as counsel for the League Plaintiffs. ECF No. 327 in No. 4:23cv215; ECF No. 146 in No. 4:23cv216. Plaintiffs continue to be represented by counsel, and representation will continue uninterrupted. The motions are GRANTED. The Clerk shall disconnect Christopher Lapinig from CM/ECF on these matters. Signed by CHIEF JUDGE MARK E WALKER on 9/5/2024. (baf) Attorney CHRISTOPHER MYRON LAPINIG terminated in this case. (Entered: 09/05/2024) |
| 10/07/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **12/30/2024**. Appeal No. 23–12308 is still pending. (baf) (Entered: 10/07/2024) |
| 11/25/2024 | 329 | NOTICE of Appearance by TIFFINY DOUGLAS PINKSTAFF on behalf of JERRY HOLLAND (PINKSTAFF, TIFFINY) (Entered: 11/25/2024) |
| 11/25/2024 | 330 | MOTION to Withdraw as Attorney *Diana Johnson* by KIM BARTON. (JOHNSON, DIANA) (Entered: 11/25/2024) |
| 11/25/2024 | 331 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, Defendant Barton's motion to withdraw Diana M. Johnson as counsel for Defendant Barton. ECF No. 330 . The motion is GRANTED. The Clerk shall disconnect Ms. Johnson from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 11/25/2024. (baf) (Attorney DIANA MASTERS JOHNSON terminated in this case.) (Entered: 11/25/2024) |
| 12/31/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **3/31/2025**. Appeal No. 23–12308 is still pending. (baf) (Entered: 12/31/2024) |
| 01/22/2025 | 332 | RENATA O'DONNELL'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR NAACP PLAINTIFFS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 1/22/2025 (baf). (Entered: 01/22/2025) |
| 01/23/2025 | 333 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, NAACP Plaintiffs' unopposed motion to withdraw Renata O'Donnell as counsel for the NAACP Plaintiffs. ECF No. 332 . Plaintiffs continue to be represented by counsel and their representation will continue uninterrupted. The motion is GRANTED. The Clerk shall disconnect Ms. O'Donnell from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 1/23/2025. (baf) (Entered: 01/23/2025) |
| 01/24/2025 | 334 | ORDER of USCA as to 102 Notice of Appeal. The motion to withdraw as counsel filed by Renata O'Donnell for Plaintiffs–Appellees is GRANTED. USCA Appeal No. 23–12308. (baf) (Entered: 01/24/2025) |
| 02/12/2025 | 335 | MAKEBA RUTAHINDURWA'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR NAACP PLAINTIFFS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 2/12/2025 (baf). (Entered: 02/12/2025) |
| 02/12/2025 | 336 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, NAACP Plaintiffs' unopposed motion to withdraw Makeba Rutahindurwa as counsel for the NAACP Plaintiffs. ECF No. 335 . Plaintiffs continue to be represented by counsel and their representation will continue |

| | | |
|---|---|---|
| | | uninterrupted. The motion is GRANTED. The Clerk shall disconnect Ms. Rutahindurwa from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 2/12/2025. (baf) Attorney MAKEBA RUTAHINDURWA terminated in this case. (Entered: 02/12/2025) |
| 02/13/2025 | 337 | ORDER of USCA as to 102 Notice of Appeal. ORDER: The motion to withdraw as counsel filed by Makeba Rutahindurwa for Plaintiffs–Appellees is GRANTED. Appeal No. 23–12308. (baf) (Entered: 02/13/2025) |
| 03/26/2025 | | Case Stayed – pending review. (kjw) (Entered: 03/26/2025) |
| 03/31/2025 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **6/30/2025**. Appeal No. 23–12308 is still pending. (baf) (Entered: 03/31/2025) |
| 04/03/2025 | 338 | ORDER of USCA as to 102 Notice of Appeal. USCA Appeal No. 23–12308. ORDER: The motion to withdraw as counsel filed by Melinda Johnson for Plaintiffs–Appellees is GRANTED. (baf) (Entered: 04/03/2025) |
| 04/11/2025 | 339 | MELINDA JOHNSON'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR NAACP PLAINTIFFS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 4/11/2025 (baf). (Entered: 04/11/2025) |
| 04/11/2025 | 340 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, NAACP Plaintiffs' unopposed motion to withdraw Melinda Johnson as counsel for the NAACP Plaintiffs. ECF No. 339 . Plaintiffs continue to be represented by counsel and their representation will continue uninterrupted. The motion is GRANTED. The Clerk shall disconnect Ms. Johnson from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 4/11/2025. (baf) Attorney MELINDA K JOHNSON terminated in this case. (Entered: 04/11/2025) |
| 05/02/2025 | 341 | CONSENT MOTION TO WITHDRAW AS COUNSEL by CORD BYRD. (VAN DE BOGART, JOSEPH) Modified title on 5/2/2025 (baf). (Entered: 05/02/2025) |
| 05/02/2025 | 342 | ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, two motions to withdraw Joseph Van de Bogart as counsel for Defendant Byrd. ECF No. 341 in No. 4:23cv215; ECF No. 148 in No. 4:23cv216. Defendant Byrd continues to be represented by counsel, and representation will continue uninterrupted. The motions are GRANTED. The Clerk shall disconnect Joseph Van de Bogart from CM/ECF on these matters. Signed by CHIEF JUDGE MARK E WALKER on 5/2/2025. (baf) Attorney JOSEPH SCOTT VAN DE BOGART terminated in this case. (Entered: 05/02/2025) |
| 06/11/2025 | 343 | CONSENT MOTION TO WITHDRAW AS COUNSEL by CRAIG LATIMER. (O'BRIEN, COLLEEN) Modified title on 6/11/2025 (baf). (Entered: 06/11/2025) |
| 06/11/2025 | 344 | ORDER GRANTING MOTION TO WITHDRAW – This Court has considered, without hearing, Colleen O'Brien's motion to withdraw as counsel for Defendant Craig Latimer in the above–captioned consolidated cases. ECF No. 343 . Ms. O'Brien's motion is, therefore, GRANTED. The Clerk shall disconnect Ms. O'Brien from CM/ECF in each of the three above–captioned cases. Signed by CHIEF JUDGE MARK E WALKER on 6/11/2025. (baf) (Ms. O'Brien disconnected from this case.) (Entered: 06/11/2025) |
| 07/03/2025 | | Set Deadlines re 102 Notice of Appeal : Clerk to check status of Appeal on **9/29/2025**. Appeal No. 23–12308 is still pending. (baf) (Entered: 07/03/2025) |
| 08/08/2025 | 345 | FINAL ORDER ON MERITS. This Court declares that § 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, is unconstitutional. The Clerk shall enter judgment in Case No.: 4:23cv215, stating: Plaintiffs' claims challenging the information retention ban, the mail–in ballot request restriction, and the ten–day deadline and associated fines provisions are DISMISSED for lack of standing. Defendant Byrd is entitled to summary judgment on Plaintiffs' § 1981 claim, which is |

| | | |
|---|---|---|
| | | DISMISSED with prejudice. This Court hereby DECLARES that the Citizenship Requirement described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, violates Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. This Court GRANTS Plaintiffs' request for a permanent injunction. Neither Defendant Byrd nor Defendant Uthmeier, nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendants Byrd and Uthmeier shall enforce, nor permit enforcement of, the Citizenship Requirement provision described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, against Plaintiff Humberto Orjuela Prieto or his 3PVRO employer and UnidosUS. Defendants Byrd and Uthmeier, and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants Byrd and Uthmeier shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. This Order incorporates all prior rulings in these cases on motions to dismiss and motions for summary judgment. This Court retains jurisdiction in these cases for purposes of determining entitlement to and amount, if any, of attorneys' fees. The Clerk shall close the file. Signed by JUDGE MARK E WALKER on 8/8/2025. (kjw) (Entered: 08/08/2025) |
| 08/08/2025 | 346 | CLERK'S JUDGMENT re 345 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **11/6/2025**. (Entered: 08/08/2025) |
| 08/15/2025 | 347 | NOTICE OF APPEAL as to 346 CLERK'S JUDGMENT, 345 FINAL ORDER ON MERITS by CORD BYRD. ( Filing fee $605 Receipt Number AFLNDC–9587571.) (Attachments: # 1 Doc.345, Final Order on Merits, # 2 Doc.346, Judgment) (JAZIL, MOHAMMAD) Modified title on 8/15/2025 (baf). (Entered: 08/15/2025) |
| 08/15/2025 | 348 | Appeal Instructions re: 347 Notice of Appeal: The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **8/29/2025**. (baf) (Entered: 08/15/2025) |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH
UNITS OF THE NAACP, et al.,

     *Plaintiffs*,

v.                                                          Case Nos.:    4:23cv215-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

     *Defendants.*
_____/

## <u>NOTICE OF APPEAL</u>

Defendants Secretary of State Cord Byrd and Attorney General James Uthmeier

appeal to the U.S. Court of Appeals for the Eleventh Circuit from the final order on

the merits, Doc.345, and clerk's judgment, Doc.346, both entered on August 8, 2025.

1

Dated: August 15, 2025

JAMES UTHMEIER
   Attorney General

/s/ Stephanie A. Morse
Stephanie A. Morse (FBN 0068713)
  Special Counsel
OFFICE OF THE ATTORNEY GENERAL
Complex Litigation Bureau
PL-01 The Capitol
Tallahassee, Florida 32399
(850) 414-3635
Stephanie.morse@myfloridalegal.com

*Counsel for the Attorney General*

Respectfully submitted by,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the Secretary*

# CERTIFICATE OF SERVICE

    I certify that on August 15, 2025, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

      *Plaintiffs*,

v.                                                    **Case Nos.: 4:23cv215-MW/MAF
                                                          4:23cv216-MW/MAF**

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

      *Defendants*.

_____/

## <u>FINAL ORDER ON MERITS</u>

This Order follows a seven-day bench trial in April 2024 in these consolidated cases. Plaintiffs include third-party voter registration organizations (3PVROs) and individuals who challenge several amendments to Florida law pursuant to an omnibus bill known as SB 7050. By separate Order, this Court granted relief on the merits and entered judgment in a related case, 4:23cv218, which was consolidated with these cases for trial. In Case No.: 4:23cv218, the Plaintiffs presented narrower claims addressing a single provision. In the cases still pending before this Court, Plaintiffs present overlapping claims, along with additional challenges to other provisions and several different theories of relief.

To summarize, Plaintiffs in Case No.: 4:23cv215 include the Florida State Conference of Branches and Youth Unites of the NAACP (Florida NAACP), Voters of Tomorrow Action, Inc. (VOT), Disability Rights Florida (DRF), Alianza for Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans (FLARA), Humberto Orjuela Prieto,[1] Esperanza Sánchez, and Santiago Mayer.[2] These Plaintiffs challenge § 97.0575(1)(f), Florida Statutes (2023), which requires 3PVROs to affirm that people collecting voter registration applications on their behalf are citizens of the United States and makes 3PVROs liable for a $50,000 fine for each noncitizen who collects or handles voter registration applications on their behalf in violation of this provision. They also challenge the newly shortened deadline for 3PVROs to return completed voter registration applications and fines for late returns and for applications returned to the wrong county Supervisor of Elections, §§ 97.0575(5)(a)1.–3., Fla. Stat., and the restriction on copying a voter's completed voter registration application or retaining the voter's personal information, § 97.0575(7), Fla. Stat. They also challenge the new restriction on how voters can request vote-by-mail ballots, § 101.62(1)(a), Fla. Stat.

---

[1] Humberto Orjuela Prieto has been referred to as various combinations of names in the record and in Orders by this Court—e.g., Mr. Orjuelo Prieto, Mr. Prieto, Mr. Orjuela, etc. Lest there be any confusion and given counsel's repeated reference to him as "Mr. Orjuela" in the trial transcript, this Court refers to him as such throughout this Order.

[2] For ease of reference, this Court refers to these Plaintiffs, collectively, as the NAACP Plaintiffs.

Plaintiffs in Case No.: 4:23cv216 include the League of Women Voters of Florida, Inc., and the League of Women Voters of Florida Education Fund, Inc.[3] They also challenge the citizenship provision, the new voter registration return deadline and associated fines, and the information retention ban. In addition, they challenge Florida's new receipt requirement, § 97.0575(4), Fla. Stat., which requires 3PVROs to provide voters with a receipt upon accepting possession of their applications. Below, this Court addresses each case in turn.

I

This Court begins with the claims at issue in Case No.: 4:23cv216. But before this Court addresses the League Plaintiffs' claims, it must ensure that these Plaintiffs have standing to challenge each of the provisions. *See CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1273 (11th Cir. 2006) (emphasizing that courts have an "independent obligation . . . to ensure a case or controversy exists as to each challenged provision"). The standing requirement is satisfied as long as a single plaintiff has standing. *Rumsfeld v. FAIR*, 547 U.S. 47, 53 (2006) ("[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement."). But in applying that principle, this Court must evaluate each consolidated case separately. *See Hall v. Hall*, 138 S. Ct. 1118, 1127–29 (2018)

---

[3] For ease of reference, this Court refers to these Plaintiffs, collectively, as the League Plaintiffs.

3

("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933))).

The Supreme Court has long held that an actual controversy exists when the parties have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." *Baker v. Carr*, 369 U.S. 186, 204 (1962). Over time, the Supreme Court has developed a three-part test for determining when such adverseness exists. Under that test, a plaintiff must show (1) that they have suffered an injury-in-fact that is (2) traceable to the defendant and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

For the individual Plaintiffs, this inquiry is straightforward. But for the organizational Plaintiffs, the issue is more complex. The organizational Plaintiffs proceed under two theories—namely, organizational standing and associational standing. Organizational standing allows an organization to assert claims based on injuries to the organization itself. *See Fla. Democratic Party v. Hood*, 342 F. Supp. 2d 1073, 1079 (N.D. Fla. 2004) ("An organization has standing to challenge conduct that impedes its ability to attract members, to raise revenues, or to fulfill its purposes." (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982))).

4

On the other hand, associational standing allows an organization to sue on its members' behalf "when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Greater Birmingham Ministries v. Sec'y of State of Ala.*, 992 F.3d 1299, 1316 (11th Cir. 2021) (*GBM*). To establish associational standing, Plaintiffs must "make specific allegations establishing that at least one identified member has suffered or will suffer harm." *Ga. Republican Party v. Sec. & Exch. Comm'n*, 888 F.3d 1198, 1203 (11th Cir. 2018) (cleaned up).

With these principles in mind, this Court first considers whether at least one League Plaintiff[4] has standing to challenge the above-listed provisions.

## A

The League Plaintiffs' theory of standing for each of their claims is primarily based on their decision to switch from paper voter registration to online registration to avoid having to comply with the challenged provisions. Without question, the League Plaintiffs have diverted resources to make this switch, and it has resulted in a less efficient method of registering voters. The problem for Plaintiffs is that they

---

[4] These Plaintiffs presented the testimony of only two witnesses at the bench trial—Cecile Scoon and Dr. Monica Elliott.

try to blame all the challenged provisions for "compelling" them to switch to online registration. But the evidence does not bear this out.

i

With respect to the receipt requirement, Ms. Scoon's testimony demonstrates that it is only possible—not even probable—that Plaintiffs would have switched to online registration to avoid compliance with this particular provision. ECF No. 289 at 192–93. But at trial, it is Plaintiffs' burden to demonstrate, by the preponderance of the evidence, that they have been injured by each of the challenged provisions. Testimony about the "possibility" of an alleged chill does not meet this burden. Moreover, this mere "possibility" is premised on members' subjective and speculative fears regarding harassment and potential criminal penalties based on some hypothetical targeted investigation. But vague references to members' subjective and speculative fears, and anecdotal incidents involving harassment from third parties who were not attempting to register to vote for the purposes of harassing volunteers, fails to demonstrate that any member is chilled from conducting paper voter registration due to a *reasonable* fear associated with the receipt provision's enforcement. *See, e.g.*, ECF No. 289 at 178–81, 296–97. In short, Plaintiffs' evidence does not demonstrate that they have associational standing to challenge the receipt requirement.

6

Likewise, Plaintiffs have failed to demonstrate a cognizable injury under a diversion-of-resources theory of organizational standing based on the hypothetical cost of purchasing customized receipt notebooks and the additional time that Plaintiffs say they would spend training volunteers to comply with this provision and filling out the receipts for voters during registration drives. Instead, their evidence depends on a hypothetical diversion of resources that is both speculative and self-inflicted. *See City of South Miami v. Gov.*, 65 F.4th 631, 639 (11th Cir. 2023) ("Although an organization can establish standing under a diversion-of-resources theory, it cannot do so by inflicting harm on itself to address its members' 'fears of hypothetical future harm that is not certainly impending.'").

The receipt requirement does not necessitate Plaintiffs' purchase of materials that provide a duplicate of each receipt for the organization's own peace of mind. Plaintiffs' decision to pursue this additional cost (*if* the provision is not enjoined and *if* they choose to restart paper registration efforts) is self-inflicted. Next, Plaintiffs' evidence demonstrates that their pause on paper registration efforts is more likely based on fears of incurring enormous fines under a different provision at issue in this case, explained in more detail below, and that they would not otherwise restart paper registration efforts if only the receipt requirement were enjoined. Accordingly, Plaintiffs have not demonstrated that any diversion of time to train volunteers or fill out receipts is imminent.

In sum, Plaintiffs' evidence falls short of demonstrating that they have standing to challenge the receipt requirement, and thus, their claims challenging this provision are due to be dismissed.

ii

As for the voter information retention ban, the League Plaintiffs' evidence also falls short of establishing standing to pursue their claims challenging this provision. The voter information retention ban makes it a third degree felony for "a person collecting voter registration applications on behalf of a [3PVRO]" to "cop[y] a voter's application or retain[] a voter's personal information . . . for any reason other than to provide such application or information to the third-party voter registration organization in compliance with this section[.]" § 97.0575(7), Fla. Stat. As Defendants point out, the League Plaintiffs' evidence does not demonstrate that anyone who collects or handles voter registration applications on the League Plaintiffs' behalf ever has or ever will copy or retain a voter's application or personal information in violation of this provision, and thus, the League Plaintiffs have not demonstrated that they face a cognizable or imminent injury traceable to any Defendant's enforcement of this criminal prohibition. *See* ECF No. 311 at 84. Rather, Plaintiffs' evidence demonstrates that League members sometimes solicit information from the public with a yellow pad left out for individuals to provide their name and contact information and any issues they may be interested in. *See*

8

ECF No. 289 at 196. They apparently do not limit this solicitation only to voters—instead, this appears to be part of the League's "no-questions-asked" method of recruiting members and volunteers. *Id*.; *see also id*. at 224. But Plaintiffs contend that this collection of voter information arguably falls within the plain text of the challenged provision. Not so.

Plaintiffs cannot generate standing by twisting themselves into a pretzel to force their intended activities within the reach of the information retention ban. They still must demonstrate that their course of conduct is arguably proscribed by the challenged provision. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162–63 (2014). But here, Plaintiffs proceed under a strained reading of the provision to argue that soliciting contact information from the public on a designated pad of paper—separate and apart from collecting, copying, or retaining voter information lifted from a voter's registration application—is now arguably a felony under Florida law.

Although this Court has already enumerated its concerns regarding the information retention ban's lack of clarity in a related preliminary injunction, *see* ECF No. 101 in Case No.: 4:23cv215, this Court's concerns had nothing to do with whether the statute prohibits collecting voter information when a voter volunteers their contact information outside of the registration context. Plaintiffs' overbroad construction of this provision completely ignores the context of the statute and the other provisions within section 97.0575 that specifically target voter registration and

9

registration applications. *See, e.g.*, §§ 97.0575(3) (requiring the Division of Elections or Supervisors of Elections to make voter registration forms available to 3PVROs), 97.0575(5)(a) (noting that 3PVROs that collect applications serve as fiduciaries to the applicants and must ensure prompt delivery of the applications to the division of elections or supervisors of elections), 97.0575(6) (criminalizing the alteration of a voter registration application without the voter's knowledge and consent), 97.0575(11) (prohibiting 3PVROs from mailing or otherwise providing pre-filled voter registration applications). Given this context, any reasonable reading of section 97.0575(7) would only reach copying voter registration applications or retaining information from voter registration applications—something that no League member or volunteer is known to have done or will ever do. Simply put, the League Plaintiffs have offered no evidence to demonstrate that their course of conduct—collecting contact information from members of the public who voluntarily provide that information on a pad of paper—is arguably proscribed by the information retention ban.

Naturally, any asserted diversion of resources to respond to this provision, notwithstanding the fact that the League's members have never done what's proscribed nor intend to do so in the future, amounts to a self-inflicted injury that cannot support Plaintiffs' standing to challenge this provision. Accordingly, the

League Plaintiffs' claims challenging the information retention ban are also due to be dismissed.

iii

Next, this Court considers the League Plaintiffs' standing to challenge the citizenship requirement. The League Plaintiffs apparently concede that they do not have associational standing to challenge this provision given their failure to identify a noncitizen member who is now prohibited from collecting voter registration applications on their behalf. ECF No. 317 at 12–13. Instead, they claim to have organizational standing because the citizenship requirement will reduce the League Plaintiffs' existing volunteer force and its ability to recruit new members and because they have had to divert resources to respond to the provision. *Id.* at 13.

With respect to the League Plaintiffs' volunteer force and ability to recruit new members, the concern does not appear to be the fact that so many members are, in fact, noncitizens and would not be able to participate in voter registration efforts moving forward. Instead, Plaintiffs' evidence demonstrates that, given the organizations' inclusive values, so many members or future volunteers will be offended if asked whether they are citizens that they will not participate in voter registration, thus decreasing the number of newly registered voters. *See, e.g.*, ECF No. 289 at 219 ("We feel that there would be quite a few members who would absolutely object to asking that question. They would not ask the question, and they

11

would not want to answer it."), 220 ("And the whole idea of citizenship, 'Do you belong here?' is like a trigger."), 223 ("[W]e'd have massive debates over this . . . Is there a way to do it that doesn't – creates less offense?"), 226 ("If you start making people feel bad about that process and feel less than and feel like they are taking in racism and nationalism and whatever 'isms' that we're trying to fight against, people are going to withdraw, and they're not going to be present to do the work."). But Plaintiffs identify no authority that supports the notion that an organization can demonstrate standing based on the perceived insult that compliance with a state statute may inflict upon an organization or its hyper-sensitive membership. This theory of organizational standing has no legs. *See In re Navy Chaplaincy*, 534 F.3d 756, 763 (D.C. Cir. 2008) (Kavanaugh, J.) ("As the Supreme Court has often stated, mere personal offense to government action does not give rise to standing.").

As for Plaintiffs' asserted diversion of resources, the evidence again shows that this injury is self-inflicted and largely speculative. Much of the time the League Plaintiffs have diverted to debating over how to respond to the citizenship requirement appears to be tied to managing the League Plaintiffs' membership's feelings and mitigating any offense taken by inquiring into citizenship status. *See* ECF No. 289 at 223. Likewise, Plaintiffs estimate that they may someday have to spend thousands of dollars printing and distributing declarations for each voter registration volunteer to affirm their citizenship, if the League Plaintiffs ever restart

paper registration and decide to ask about citizenship. *Id*. at 223–24. But these declarations are not required by statute—instead they offer a possible defense if a 3PVRO is fined for violating the citizenship requirement. *See* Fla. Admin. Code R. 1S-2.042(6)(e) (2023).[5] Moreover, Plaintiffs' evidence does not demonstrate, by a preponderance of the evidence, that an order enjoining enforcement of the citizenship requirement would lead Plaintiffs to restart their paper registration efforts. Instead, Ms. Scoon's testimony on this point left substantial room for doubt that Plaintiffs would even need to divert resources to address the citizenship requirement while other provisions—namely, the increased fines and shortened return deadline—are to blame for chilling the League Plaintiffs' paper voter registration efforts. *See* ECF No. 289 at 233; *see also id*. at 154–55, 210–11, 215–16. Accordingly, this Court finds that the League Plaintiffs have not met their burden to demonstrate standing to challenge the citizenship requirement.

iv

Lastly, the League Plaintiffs challenge new provisions that shorten the timeframe for 3PVROs to return voter registration applications to the Division of Elections or the appropriate Supervisor of Elections, and fines associated with late

---

[5] To be clear, section 97.0575(1)(e) requires 3PVROs to submit a single affirmation stating that each person collecting or handling voter registration applications on their behalf is a citizen of the United States and has not been convicted of certain felony offenses. Contrary to Dr. Elliott's testimony, ECF No. 289 at 302, this provision does not require every member or volunteer who collects or handles voter registration applications to also submit such an affirmation to the Division of Elections.

or erroneous returns. The evidence at trial demonstrates that the League of Women Voters of Florida Education Fund, Inc. (the League)—the entity that engages in voter registration activity, *see* ECF No. 289 at 144–45—has suffered and will continue to suffer an injury in fact based on the Defendants' threatened enforcement of the new deadline and associated fines.

The League's evidence shows that the shortened deadline would require the League to overhaul its voter registration operations to avoid crippling fines if it were to continue conducting paper voter registration drives. For example, Ms. Scoon testified that the League would have to retrain voter registration volunteers to ensure applications are turned in by the shortened deadline, avoid registering out-of-county voters, and make additional trips to Supervisors of Elections offices to hand deliver applications before the deadline. *See* ECF No. 289 at 206–10. All of these changes— particularly the shortened time frame for returns and the switch to making more frequent deliveries to Supervisors of Elections offices—will likely eat away at members' time in the field registering voters, resulting in registering fewer voters. *Id*. at 210. In short, the League of Women Voters of Florida Education Fund, Inc., has demonstrated a cognizable injury—including the cost of compliance and a reasonable chill on paper voter registration drives—that is traceable to the Secretary of State's and Attorney General's enforcement authority under sections

97.0575(5)(a) and 97.0575(8), and 97.0575(9). Accordingly, this Court now turns to the merits of the League's challenge to section 97.057(5)(a)1.–3., Fla. Stat. (2023).

B

The League challenges the new 10-day return deadline and associated fines under several theories—none of which merits the requested relief. To be clear, the challenged provisions shorten the deadline for 3PVROs to return completed voter registration applications to the Division of Elections or the county Supervisors of Elections from fourteen to ten days. § 97.0575(5)(a), Fla. Stat. For each day an application is late, the 3PVRO is liable for $50, up to $2,500. *Id*. § 97.0575(a)1. If the 3PVRO willfully returns the application in late, the fine jumps from $50 to $2,500. *Id*. If the application is collected before book closing but received after book closing, the 3PVRO is liable for $100 for each day late, up to $5,000. *Id*. § 97.0575(a)2. If the 3PVRO willfully returns the application in late after book closing, the fine increases to $5,000. *Id*. And the 3PVRO is now liable for $500 for each application that is not submitted to the Division of Elections or the Supervisor of Elections in the county where the applicant resides. *Id*. § 97.0575(a)3. Willful violations of this provisions are subject to a $5,000 fine. *Id*. Finally, the provision caps the total aggregate fine applicable to any 3PVRO at $250,000 per calendar year. *Id*.

First, the League contends the new deadline and fines violate the League's First Amendment rights to free speech, expressive conduct, and association. *See* ECF No. 111 in Case No.: 4:23cv216-MW (First Amended Complaint). The League likens voter registration activity to the circulation of initiative petitions and argues the new deadline and fines exact a severe burden on the League's protected political speech, which violates the First Amendment for the same reasons discussed in *Meyer v. Grant*, 486 U.S. 414 (1988). *See* ECF No. 301 at 59. But assuming *arguendo* that the League's voter registration activities constitute expressive conduct akin to the core political speech involved in the collection of signed petitions à la *Meyer*, the League has not demonstrated that the shortened deadline and increased fines for untimely, unreturned, or erroneously returned voter registration applications exacts a severe burden on the League's expressive conduct—canvassing to register voters—that would subject the challenged provisions to exacting scrutiny in this case. *See, e.g.*, *Fla. Decides Healthcare, Inc. v. Byrd*, --- F. Supp. 3d ---, 2025 WL 1581267, at *7–8 (N.D. Fla. 2025) (rejecting similar challenge at preliminary injunction stage in context of citizen initiative petitions); *see also League of Women Voters of Fla. v. Browning*, 575 F. Supp. 2d 1298, 1321–22 (S.D. Fla. 2008).

Next, just because the League asserts the deadline and fines are content- and viewpoint-based doesn't make it so. *See* ECF No. 301 at 68–69. The League's paragraph of cherrypicked case quotations offers little in the way of support or

explanation for this argument. Taken to its logical conclusion, the League's proposed rule would subject *any* regulation that incidentally impacts 3PVRO speech or expressive conduct to heightened scrutiny, since such regulations would "apply only to those engaged in voter registration drives" who "seek[] to encourage political participation, not to discourage it." *Id.* But that is not the law. *See, e.g.*, *League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1159 (N.D. Fla. 2012) (Hinkle, J.) ("Every court that has addressed a constitutional challenge to provisions regulation voter-registration drives has concluded that the governing standards are those set out in *Anderson v. Celebrezze*, 460 U.S. 780, 788–90 (1983)."); *Browning*, 575 F. Supp. 2d at 1323 ("All third-party organizations collecting voter registration applications are subject to the same regulations regarding the handling of voter registration applications. Such content neutral election regulations are generally deemed to be significantly less constitutionally onerous tha[n] the facially discriminatory statute addressed in *LWVF I*."); *League of Women Voters of Fla. v. Cobb*, 447 F. Supp. 2d 1314, 1331 n.21 (S.D. Fla. 2006) (rejecting argument that exacting scrutiny applied to 3PVRO regulation and applying *Anderson-Burdick* balancing test instead).

More to the point, the fines apply only if applications are turned in late, to the wrong Supervisor of Elections, or not at all—not based on content or viewpoint outside of the categorical application to 3PVRO registration. This would be an

entirely different situation if fines were assessed against 3PVROs for every new voter registered with a particular party affiliation. But that is not this case. In short, this Court rejects the League's argument that exacting or strict scrutiny applies because the challenged provision poses a severe burden or is content- or viewpoint-based.

This Court is left with the *Anderson-Burdick* balancing test—namely, weighing the severity of the burden on the League's First Amendment rights against the State's asserted interests. *See Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (summarizing balancing test). If the new deadline and increased fines impose only modest burdens on the League's rights, then State's important regulatory interests generally suffice to justify reasonable, nondiscriminatory restrictions on election procedures. *Id.* ("Lesser burdens, however, trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." (cleaned up)).

Here, although the State has drastically increased the cap on potential fines for late, unreturned, or erroneously returned applications, the evidence in this record demonstrates that the new deadline that triggers these fines poses only a modest burden on the League. In fact, Ms. Scoon testified that regardless of what the deadline has been—ten or fourteen days—"the League has barely ever missed the

18

deadline for turning in applications."[6] *See* ECF No. 289 at 206 ("A. That's correct."). Certainly, the risk of incurring any increased fine may reasonably chill voter registration activities, particularly while the 3PVRO works out how best to move forward and update internal procedures to comply with the new deadline. But a temporary pause in registration activity and the costs associated with retooling your operation to comply with a return deadline that was previously the law of the land, and with which you admittedly barely ever violated, is not the sort of burden warranting heightened scrutiny. Likewise, the evidence demonstrates that this modest burden on the League's First Amendment rights is justified by the State's weighty interests in ensuring voter registration applications are turned in on time, either directly to the Division of Elections or to the correct Supervisor of Elections office. *See, e.g.*, ECF No. 311 at 46–47, 49. In short, the League has not met its burden to establish that sections 97.0575(5)(a)1.–3. unduly burden the League's First Amendment rights.

The League also challenges the fines provisions as unconstitutionally vague on their face in violation of the Fourteenth Amendment's Due Process Clause. The League asserts the increased fines for "willful" violations do not provide fair notice of what conduct is prohibited and whether the maximum fine will be imposed along

---

[6] The deadline to return voter registration applications was ten days for several years before it was decreased to 48 hours, then increased to ten days, *see Browning*, 863 F. Supp. 2d at 1168, then increased to fourteen days, before it was returned to ten days in 2023.

with the lower fine for non-willful violations. The League offers a slew of hypotheticals to demonstrate why the "willful" violation provisions do not provide sufficient notice of the prohibited conduct, but "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir 2010) (quoting *Hill v. Colorado*, 530 U.S. 703, 733 (2000)). And here, a person of ordinary intelligence would understand the fines provision to penalize 3PVROs in the event applications are turned in late, and to subject 3PVROs to an even higher fine if the late return is "willful." Although the term "willful" is undefined, the ordinary meaning of the term requires an additional element of intentional or deliberate conduct. *See DeSantis v. Dream Defenders*, 389 So.3d 413, 424 n.11 (Fla. 2024) (describing various definitions of adverbial form of the term willful). This makes sense—intentional violations are punishable by higher fines than unintentional violations.

This Court is not persuaded that the League has met its burden to demonstrate the "willful" violations provisions under section 97.0575(5)(a) are facially unconstitutional in violation of the Fourteenth Amendment. Nor has the League presented any evidence that would support an as-applied vagueness claim. This claim is due to be dismissed as well.

In sum, the League Plaintiffs' claims challenging the receipt requirement, the information retention ban, and the citizenship requirement are **DISMISSED without prejudice for lack of standing**. The League's First and Fourteenth Amendment challenges to the shortened return deadline and fines provisions are **DISMISSED with prejudice** as the League has failed to meet its burden to demonstrate a constitutional violation with respect to these provisions. In short, judgment is due in favor of Defendants on all counts in Case No.: 4:23cv216.

Next this Court turns to the NAACP Plaintiffs' claims in Case No.: 4:23cv215, starting with whether these Plaintiffs have standing.

## II

The NAACP Plaintiffs challenge the voter information retention ban, the citizenship requirement, the shortened deadline and associated fines, and the mail-in ballot request restriction. This Court will address each Plaintiff's standing to challenge each provision in turn, starting with the NAACP Plaintiffs' standing to challenge the voter information retention ban.

### A

#### i

Plaintiffs UnidosUS, Alianza Center, Alianza for Progress, VOT, Florida NAACP, and DRF challenge the voter information retention ban. First, this Court

addresses those Plaintiffs who have failed to demonstrate standing with respect to this provision.

Starting with the Alianza Plaintiffs, the only testimony concerning either Plaintiff's standing came from Marcos Vilar, the executive director of both Alianza Plaintiffs. ECF No. 287 at 265. Mr. Vilar testified that Alianza Center—a registered 3PVRO—"may have" scanned completed voter registration applications in the past for quality control purposes, but now it is not clear to Mr. Vilar what kinds of voter information Alianza and its employees may permissibly retain going forward. ECF No. 288 at 28. But Mr. Vilar's testimony about what may have happened in the past—absent any evidence demonstrating that any Alianza canvasser is likely to copy or retain any voter information in the future—falls short of demonstrating, by a preponderance of the evidence, that these Plaintiffs face an imminent cognizable injury in fact necessary to challenge the voter information retention ban. Accordingly, neither Alianza Plaintiff has demonstrated an injury in fact for purposes of challenging this provision and these claims are due to be dismissed.

The same is true with respect to VOT's standing to challenge the voter information retention ban. The only testimony concerning VOT's standing came from Santiago Mayer, the organization's executive director. ECF No. 288 at 268. According to Mr. Mayer, VOT is not a registered 3PVRO and instead sends members to register voters in Florida on behalf of other 3PVROs. *Id*. at 288. After

registering voters, VOT's members ask those voters if they would like a text message reminding them about election day or providing polling place information. If so, they collect voters' phone numbers to send the requested follow-up texts. *Id*. at 283. VOT also obtains voters' contact information from the voter file. *Id*. at 287. But Mr. Mayer offered no evidence demonstrating that VOT members have copied or are likely to copy any information from voter registration applications. Instead, his testimony focused on the importance of voter registration drives as forums for generating enthusiasm and new membership from "people on campus who come to [VOT] and ask [them] what [they] are doing and how they can get involved, and many times they will become [VOT's] volunteers." *Id*. at 288. Similar to the League Plaintiffs' challenge to this provision, VOT's evidence fails to demonstrate a cognizable injury in fact. Neither signing voters up for "chaser texts" nor obtaining voters' information from the voter file falls within the scope of the voter information retention ban, which prohibits copying voter registration applications or retaining information from voter registration applications. VOT's claims challenging the voter information retention ban are due to be dismissed for lack of standing.

Likewise, DRF's evidence falls short of demonstrating, by a preponderance of the evidence, that the organization has standing to challenge the voter information retention ban. DRF presented the testimony of Olivia Babis Keller, DRF's senior public policy analyst, at trial. ECF No. 289 at 247. Ms. Keller testified that DRF has

been a registered 3PVRO, and in that capacity, DRF has registered one voter. *Id.* at 250. However, DRF is currently not planning to register voters for several reasons, including the limited number of people trained to do voter registration work (two people, including Ms. Keller) and, notably, DRF's "uncertainty regarding [its] 3PVRO status and [its 3PVRO] number." *Id.* at 268. Unlike the other witnesses for registered 3PVRO Plaintiffs, Ms. Keller testified that DRF was unsure if it was still a registered 3PVRO under Florida law, and her testimony indicated an unfamiliarity with the process of registration that gives this Court pause. *Id.* at 248 ("[I]t was not clear whether our 3PVRO number stays the same. Are we assigned a new one? Is this something that changes every time we have to renew? So – we don't want to put the wrong number on our forms, so we are looking for clarification for that, and we need to do some updates with our agents as well.").

Notwithstanding DRF's uncertainty regarding the meaning of the voter information retention ban, DRF does not appear to face an imminent injury based on this provision as any asserted chill in registration efforts appears to be traceable to other sources—including DRF's uncertainty regarding its status as a registered 3PVRO. Given this record, this Court is not persuaded that DRF has met its burden to demonstrate an imminent, cognizable injury that is traceable to any Defendant's

enforcement of the voter information retention ban.[7] Accordingly, DRF's claims challenging this provision are also due to be dismissed.

This leaves UnidosUS and the Florida NAACP. These Plaintiffs each presented evidence that their organizations copy all or part of completed voter registration applications at some point in their process. For example, UnidosUS presented testimony from Jared Nordlund, the organization's Florida state advocacy director, ECF No. 286 at 20, who testified that once a completed voter registration is collected, it is provided to UnidosUS's quality control employee who scans completed applications into the 3PVRO's computer system as part of UnidosUS's internal quality control process. *Id*. at 31–34. Likewise, the Florida NAACP presented testimony from Cynthia Slater, the organization's civic engagement chair and president of the Daytona Beach branch. ECF No. 289 at 96. Ms. Slater testified that the Florida NAACP is a registered 3PVRO, *id*. at 99, and that each branch has a system of retaining voter contact information from collected applications, *id*. at 126. However, Ms. Slater also testified that no volunteers who collect completed applications on behalf of the Florida NAACP are personally copying or retaining voter information. *Id*. at 129.

---

[7] Likewise, DRF has failed to demonstrate that any canvasser has ever or will ever copy or retain a voter's information from a voter registration application, as opposed to someone else within DRF who is working on building the accessible Get Out the Vote platform. *See, e.g.*, ECF No. 289 at 273–74. As explained, *infra*, this Court agrees with Defendants' reasonable reading of the statute to the limited extent that it only prohibits canvassers from copying or retaining information.

As the Secretary points out in his written closing argument, the challenged provision only reaches conduct by individuals "collecting voter registration applications on behalf of a third-party voter registration organization," § 97.0575(7), Fla. Stat., not folks farther up the chain of custody who are reviewing completed applications prior to submission to the Supervisors of Elections or Division of Elections. *See* ECF No. 311 at 34. Plaintiffs contend the statute applies more broadly, citing this Court's preliminary injunction, ECF No. 101, and a portion of the implementing regulation, Fla. Admin. Code R. 1S-2.042(5)(g). But this Court concludes that Defendants have the better of the argument.

This Court's prior Order is not definitive evidence that a statute applies to Plaintiffs' purported conduct. Indeed, at the preliminary-injunction stage, Defendants never presented this argument regarding the scope of the voter information retention ban's reach. Having considered the arguments and a full presentation of the evidence, this Court agrees with Defendants that the challenged provision only targets canvassers who copy applications or retain certain information from them for felony prosecution. Moreover, a portion of the rule that Plaintiffs fail to cite mirrors this language focusing on individuals collecting voter registration applications. *See* Fla. Admin. Code R. 1S-2.042(5)(f). But here, Plaintiffs have offered no evidence demonstrating that any of their canvassers are likely to copy or retain voters' information from their voter registration applications and thus subject

26

to an imminent threat of enforcement. In short, no Plaintiff has demonstrated that they have standing to challenge the voter information retention ban. Their claims challenging this provision are due to be dismissed and this Court's preliminary injunction is due to be vacated in part based on this conclusion.

ii

Next, this Court considers the Florida NAACP Plaintiffs' standing to challenge the new deadline and fines provisions. Plaintiffs UnidosUS, Alianza Center, Alianza for Progress, VOT, Florida NAACP, and DRF challenge the new deadline and associated fines. This Court begins with those Plaintiffs who have not met their burden to demonstrate standing to challenge these provisions, starting with VOT.

Mr. Mayer's testimony on behalf of VOT demonstrates that the organization faces only speculative harm based on the new deadline and associated fines provisions. VOT is not a registered 3PVRO—instead, in March and April of 2023, VOT began "actively researching what steps [it] would need to take to become a 3PVRO," ECF No. 288 at 274, but VOT members "learned of SB 7050, which brought all those efforts to a complete stop," *id*. Mr. Mayer testified that "the potential fines . . . really sort of chilled [VOT] from continuing towards becoming a 3PVRO," *id*. at 275, only because VOT is "a smaller organization" which does not "have a budget big enough to cover some of the potential fines," *id*. However, Mr.

27

Mayer offered no testimony demonstrating that, had VOT moved forward with registration, it was likely that VOT would incur any fines for late or erroneously returned voter registration applications. Instead, the asserted chill is based entirely on the hypothetical and speculative fear of being fined for turning in late applications or for returning them to the wrong Supervisors of Elections offices. Such speculative harm does not give rise to a concrete injury in fact, and thus, VOT has not met its burden to demonstrate standing to challenge the new deadline and associated fines provisions.

Likewise, UnidosUS failed to meet its burden to demonstrate that it faces an imminent injury in fact with respect to the deadline and fines provisions. Instead, UnidosUS's evidence demonstrates that since UnidosUS became a registered 3PVRO it has only ever been fined once for a late return of applications, which occurred five years before the trial in this case. ECF No. 286 at 62. UnidosUS offered no evidence concerning the impact the shortened deadline to return applications has on the organization. Instead, Mr. Nordlund's testimony on behalf of UnidosUS focused only on the hypothetical downstream cost of higher potential fines on the organization and its ability to register more voters. *Id*. at 107–08. Moreover, Mr. Nordlund also testified that UnidosUS now only mails completed applications to the Department of State, thus it never risks returning applications to the wrong Supervisor's office and incurring any associated fine for doing so. *Id*. at 59–60. In

28

short, UnidosUS introduced evidence demonstrating that it has almost never been fined for any 3PVRO violation in Florida since 2011 and it switched to mailing applications to the Secretary of State before SB 7050 was enacted. But there is no evidence demonstrating that it is more likely than not that UnidosUS will return applications in late or incur any future fines under the challenged provisions. Thus, the impact that potential future fines has on UnidosUS's ability to register more voters is a purely hypothetical and speculative harm. UnidosUS has not met its burden to demonstrate standing to challenge the deadline and fines provisions.

The same is true with respect to the Florida NAACP. Although Ms. Slater's testimony on behalf of the Florida NAACP demonstrated that the organization was "concerned" about the new deadline to return voter registration applications, ECF No. 289 at 111, it has switched to doing online voter registration because of SB 7050 more generally, *id*. at 116. Ms. Slater also testified that the Florida NAACP was once fined in 2016 for returning a few late applications. *Id*. at 119. But Ms. Slater offered no testimony concerning the Florida NAACP's ability to comply with the new deadline or the likelihood that it would face increased fines in the future as a result. In short, notwithstanding the single fine the Florida NAACP incurred seven years before trial, the Florida NAACP has not met its burden to demonstrate an imminent injury in fact based on the challenged deadline and associated fines provisions. Thus, the Florida NAACP lacks standing to challenge these provisions as well.

DRF has also failed to demonstrate a cognizable injury in fact that is traceable to Defendants' enforcement of the new deadline and fines provisions. For starters, as mentioned above, any asserted chill in registration efforts appears to be traceable to other sources—including DRF's uncertainty regarding its status as a registered 3PVRO. Moreover, Ms. Keller testified that DRF has never received any type of fines for its registration activities in the past, ECF No. 289 at 268, and she offered no testimony demonstrating that DRF is likely to turn in any applications late or to the wrong Supervisor's office in the future. At most, DRF's evidence demonstrates that DRF may have to divert resources to train members about the requirements of the deadline and fines provisions if it restarts its 3PVRO voter registration efforts. But, again, this is a hypothetical and speculative harm and fails to constitute a cognizable injury in fact. DRF's claims challenging the deadline and fines provisions are also due to be dismissed for lack of standing.

Finally, this Court considers the Alianza Plaintiffs' standing to challenge the deadline and fines provisions. To start, although Mr. Vilar testified that Alianza for Progress is a registered 3PVRO, it has never conducted voter registration activities in Florida. ECF No. 288 at 44. Likewise, Mr. Vilar suggested that, based on how the organizations are funded, only Alianza Center will be doing voter registration work in Florida. ECF No. 287 at 281. Accordingly, inasmuch as Alianza for Progress is not likely to conduct any voter registration activities in Florida, it does not face an

imminent injury based on the threatened enforcement of the challenged deadline and fines provisions. Alianza for Progress's claims challenging these provisions are due to be dismissed for lack of standing.

As for Alianza Center, Plaintiff's evidence demonstrates that it was fined for a few late deliveries out of the 7,000 voters it registered during its first year conducting voter registration in Florida in 2022, but this was due to a new office in Hillsborough County where the staff "were struggling with the process with keeping everything, you know, up to date." ECF No. 287 at 305. However, Alianza Center "decided to close down the operations in Hillsborough County." *Id*. at 306. Accordingly, the closed operation in Hillsborough County will not endanger Alianza Center with respect to potential fines going forward.

Aside from registering Alianza Center's general disagreement with the need for a shorter return deadline, Mr. Vilar did not testify that Alianza Center would be unable to comply with the ten-day deadline without retooling its operations or that Alianza Center was otherwise diverting any resources to respond to the challenged provisions. Indeed, Mr. Vilar testified that Alianza Center would not change its operations to comply with the challenged provisions. *Id*. Instead, Alianza Center has decided to simply stop registering voters rather than risk increased fines. But, again, this testimony fails to demonstrate an imminent injury under the new deadline and fines provisions. Alianza Center has essentially chilled its registration work for fear

of incurring future fines—and, apparently, out of general disagreement with the challenged provisions—even though it has not demonstrated that it is likely to violate the new deadline, incur any fines in the future, or be forced to expend resources to comply with the challenged provisions. This record fails to demonstrate that Alianza Center is suffering or will suffer an imminent injury in fact traceable to any Defendant's enforcement of the deadline and fines provisions. Accordingly, Alianza Center has also not met its burden to demonstrate standing to challenge these provisions.

Having concluded that no Plaintiff has demonstrated standing to challenge the deadline and fines provisions, this Court turns to the Florida NAACP Plaintiffs' standing to challenge the mail-in ballot request provision.

iii

Plaintiffs UnidosUS, Alianza, DRF, and FLARA assert they have associational standing to challenge the mail-in ballot request restriction as preempted by Section 208 of the Voting Rights Act. ECF No. 304 at 94. This provision requires Supervisors of Elections to "accept a request for a vote-by-mail ballot only from a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian." § 101.62(1)(a), Fla. Stat. However, as explained below, no Plaintiff has met its burden to demonstrate that any member or constituent is likely to face an imminent, cognizable injury in fact.

For starters, neither Alianza Plaintiff introduced any evidence concerning the mail-in ballot request restriction. Accordingly, these Plaintiffs have not met their burden to demonstrate standing to challenge this provision.

As for UnidosUS, Mr. Nordlund testified that in the past, UnidosUS would assist voters with requesting a vote-by-mail ballot by providing the elections office hotline number to voters, emailing voters with more information, helping translate the written request form or instructions, or assisting with a three-way call with the Supervisor of Elections office. ECF No. 286 at 110–12. Ms. Sánchez, an individual Plaintiff and canvasser for UnidosUS, testified that she has personally never assisted a voter with the vote-by-mail process. *Id.* at 191. At most, UnidosUS's evidence demonstrates that UnidosUS's members have assisted voters with requesting a vote-by-mail ballot in the past, but that assistance is limited to translation, providing additional information, or connecting the voter with their Supervisor of Elections office. But even if such "assistance" could be construed as to run afoul of the restriction under section 101.62(1)(a), UnidosUS has offered no evidence demonstrating that any member has suffered an injury or will imminently suffer an injury going forward based on this restriction. Accordingly, UnidosUS has not met its burden to demonstrate standing to pursue its preemption claim.

The same is true for FLARA. At trial, FLARA relied on the testimony of William Sauers, the state president of FLARA. ECF No. 289 at 320. Mr. Sauers

33

testified that FLARA is a membership organization with roughly 191,000 members in the State of Florida, including him. *Id.* at 322. Mr. Sauers also testified that many of FLARA's members are elderly and disabled and have had to enlist help to request mail-in ballots in the past. *Id.* at 324–25, 328. Aside from his testimony concerning FLARA's members requesting mail-in ballots, generally, Mr. Sauers expressed his concerns about how the mail-in ballot request restriction "might" impact voters going forward and his disagreement with Florida's policy choice in this matter. *Id.* at 329–30. But this testimony fails to demonstrate, by a preponderance of the evidence, that any identifiable FLARA member is likely to suffer an imminent injury based on the mail-in ballot request restriction. Without evidence demonstrating that any member has been or will be injured by the challenged provision, FLARA cannot demonstrate associational standing to challenge this provision. Accordingly, FLARA's preemption claim is due to be dismissed for lack of standing.

Finally, DRF also challenges the mail-in ballot request restriction but falls short of demonstrating a cognizable injury in fact for associational standing. DRF relies on Ms. Keller's testimony, which described all the reasons why DRF's constituents may not have access to immediate family or legal guardians to assist them in requesting mail-in ballots. However, when it comes to actual members or constituents who are likely to face an imminent injury under this provision, this Court is left with only three potential options—Ms. Keller, herself, Ms. Keller's

34

childhood friend in Polk County, and Lara Minutello—DRF's other public policy analyst. ECF No. 289 at 277–78. But Ms. Keller is married, and her husband counts as "immediate family" under the challenged provision. *Id*. at 277. She is not restricted from requesting a mail-in ballot with the help of her husband and is therefore not likely to suffer an injury under the challenged provision. *See* § 101.62(1)(d)1., Fla. Stat. (defining "immediate family" to include the voter's spouse, among others). As for Ms. Keller's childhood friend in Polk County, there is no evidence demonstrating that this individual is a registered voter, and, even if she is, whether she plans to request a mail-in ballot in the future. Accordingly, any injury to her is merely speculative at this juncture. As for Ms. Minutello's plans to request a mail-in ballot, Ms. Keller testified that she has requested one in writing in the past, but Ms. Keller only "possibly" knows if she plans to request one in the future. ECF No. 289 at 278. In other words, it's anyone's guess if Ms. Minutello plans to request a mail-in ballot going forward, thus subjecting herself to the restrictions under section 101.62 if she requires assistance. Such speculative harm does not give rise to an injury in fact for associational standing.

Given that DRF has not demonstrated, by a preponderance of the evidence, that any constituent is likely to suffer an imminent cognizable injury under the challenged provision, DRF has not established standing to pursue its preemption claim. This claim is due to be dismissed for lack of standing.

As noted above, no Plaintiff has demonstrated standing to challenge the mail-in ballot request restriction, and thus, these claims will be dismissed for lack of jurisdiction. Next, this Court addresses Plaintiffs' standing to challenge the final remaining provision, the citizenship requirement.

iv

With respect to the citizenship requirement, this Court first considers those Plaintiffs who failed to meet their burden to demonstrate standing at trial, starting with Esperanza Sánchez. Prior to the start of trial, Ms. Sánchez became a citizen of the United States of America. ECF No. 286 at 178. Accordingly, she is no longer prevented from registering voters on behalf of a 3PVRO under the citizenship requirement. Her claims challenging this requirement are, in effect, moot.[8]

As for Mr. Mayer, he testified that he is a permanent resident who has permission to live and work in the United States. ECF No. 288 at 289. He also testified that he has not previously worked as a paid canvasser in Florida but had wanted to do so beginning in the second quarter of 2024 as VOT's chapters started registering voters for the 2024 cycle. *Id*. at 289–90. To prepare for this, Mr. Mayer started comparing dates for when VOT's chapters would participate in registration. *Id*. at 290. However, he offered no other specific plans for future registration

---

[8] Likewise, Ms. Sánchez has not demonstrated that she is prohibited from associating with anyone under the citizenship requirement and thus has not established an injury in fact with respect to her free association claim.

activities in Florida. Instead, he testified about his concerns that the citizenship requirement will give rise to "copycat bills across the country," making it harder for Mr. Mayer to find employment "in the civic and political space." *Id.* at 290–91.

Given this record, this Court is not persuaded that Mr. Mayer has met his burden to demonstrate an imminent, cognizable injury in fact. Instead, his testimony only demonstrates a hypothetical injury based on speculation that at some point in 2024 he would to travel to Florida to participate in canvassing work with a registered 3PVRO (in the event VOT had not yet registered as a 3PVRO), or that at some point in the future he would be denied employment based on some hypothetical copycat law enacted in another state. But the chill on Mr. Mayer's amorphous plans to register voters in Florida in the future does not constitute a concrete injury in fact for standing purposes. *See LaCroix v. Lee Cnty., Fla.*, 819 F. App'x 839, 841–43 (11th Cir. 2020). And Mr. Mayer's concerns about the independent actions of third parties that are contingent on the passage of a hypothetical copycat bill do not constitute a cognizable injury in fact. Accordingly, Mr. Mayer's claims challenging the citizenship requirement are due to be dismissed for lack of standing.

As for DRF and FLARA, Ms. Keller's and Mr. Sauers's testimony on the organizations' behalf is notably devoid of any reference to the citizenship requirement or its impact on the organizations or their members and constituents.

Given this dearth of evidence, DRF and FLARA have not demonstrated that they have standing to challenge the citizenship requirement.

As for Plaintiff Alianza for Progress, the record demonstrates this organization is a registered 3PVRO, but that it has never conducted voter registration activities in Florida. ECF No. 288 at 44. Mr. Vilar offered no testimony indicating that this organization plans to conduct voter registration activities in Florida going forward or that these activities are otherwise affected by the citizenship requirement. Accordingly, Alianza for Progress's claims challenging the citizenship requirement are due to dismissed as Plaintiffs have not met their burden to demonstrate this organization has or will suffer an imminent injury in fact under the challenged provision.

As for Alianza Center, Mr. Vilar testified that it conducts voter registration activities in Florida as a registered 3PVRO, but it has halted its registration efforts in response to the passage of SB 7050 and its discovery that Alianza Center was "on a list of organizations that had been fined." ECF No. 287 at 284–85. Mr. Vilar testified that both Alianza organizations have members who are not citizens and that Alianza Center has recruited noncitizens from Venezuela, Colombia, and the Dominican Republic in the past to work as canvassers for its 2022 voter registration campaign. *Id.* at 273, 279–80, 282. If successful in this action, Alianza Center would continue registering voters in Osceola, Orange, Hillsborough, Polk, Pinellas,

Volusia, and Brevard Counties. *Id*. at 285. But Mr. Vilar's testimony did not indicate whether Alianza Center would again recruit noncitizens to work as canvassers for future voter registration campaigns or if any noncitizen members would also participate in the future.[9] In short, Alianza Center has left open the question of whether it is more likely than not that any noncitizen would collect or handle voter registration applications on its behalf going forward. This Court will not fill in the blanks for Plaintiff. Accordingly, Alianza Center has also not met its burden to demonstrate an imminent injury in fact based on the citizenship requirement.

With respect to VOT, Mr. Mayer testified that the organization's Florida chapter has at least three noncitizen members. ECF No. 288 at 278. However, he did not testify that any of these noncitizen members are active volunteers who plan to engage in voter registration on behalf of other 3PVROs, inasmuch as VOT is not a registered 3PVRO, itself. In addition, Mr. Mayer testified that, as a noncitizen, he would not be able to register voters, either. *Id*. at 279. But as explained above, Mr. Mayer's asserted injury is speculative at this juncture given his "someday intentions" to come to Florida to participate in paper voter registration drives. Moreover, VOT's evidence demonstrated that the "much more relevant" harm to VOT flowing from

---

[9] For the same reason, this Court is not persuaded by Alianza Center's arguments that it has demonstrated "employer standing." *See* ECF No. 304 at 96–97. Indeed, Plaintiffs' arguments point out the dearth of record evidence regarding Alianza Center's recruitment intentions and current workforce, as Plaintiffs point to only Mr. Nordlund's testimony on behalf of UnidosUS to support these arguments. *Id*.

the citizenship requirement is that the organization's *citizen* members "would not want their backgrounds checked," or VOT "even asking them if they are citizens." *Id.* at 280. But, as explained above with respect to the League of Women Voters, "personal offense to government action does not give rise to standing." *See In re Navy Chaplaincy*, 534 F.3d at 763 (D.C. Cir. 2008) (Kavanaugh, J.). Finally, VOT's reliance on a diversion-of-resources theory for standing to challenge the citizenship requirement is unsupported by any evidence demonstrating where resources are being diverted to and for what purpose. Simply asserting that an organization may have to defund other programs to "fund additional efforts in Florida," ECF No. 288 at 282, without any details concerning what those additional efforts are, does not satisfy Plaintiffs' burden to demonstrate a concrete injury in fact. Moreover, this injury is admittedly speculative at this juncture. *See id.* at 280 ("[W]e would have to at least temporarily pause and figure out how we're continuing. I think there is a possibility we might just not continue. And if we do, we would have to make a very difficult decision to remove resources from other states to bring them into Florida or to even entirely defund other states to bring those resources into Florida."). In short, VOT has not met its burden to demonstrate a cognizable injury in fact and therefore lacks standing to challenge the citizenship requirement.

Next, this Court considers the Florida NAACP's evidence for standing. Ms. Slater testified that the Florida NAACP is a registered 3PVRO whose membership

is roughly 90% African American. ECF No. 289 at 98–99. The organization does not ask members or volunteers about citizenship status or work authorization, *id*. at 122, although Ms. Slater testified that the Florida NAACP does have noncitizen members, including international students engaged in college chapters, *id*. at 102. Ms. Slater further testified that the Florida NAACP is concerned about the citizenship requirement because "noncitizens . . . [have been] very helpful and useful in us doing voter registrations." *Id*. at 110. Now, however, the Florida NAACP has limited its voter registration activities to simply handing out blank applications and assisting voters with online registration. *Id*. at 116. But the problem with the Florida NAACP's standing argument is that Plaintiffs offered no evidence demonstrating that any identifiable, noncitizen member likely would have engaged in paper voter registration in the future if not for the citizenship requirement.

The facts that (1) the Florida NAACP is a registered 3PVRO, (2) it has members who are noncitizens, and (3) it has conducted voter registration drives in the past with the assistance of noncitizen volunteers do not prove that it is more likely than not that any single noncitizen member would have joined in voter registration activities going forward.[10] Accordingly, the Florida NAACP has

---

[10] Indeed, the undisputed fact that the Florida NAACP's noncitizen members include international college students tends to show that such members may only be in the United States for a limited time—during school—and thus, in the absence of additional evidence, this adds little in the manner of proof that such members are likely to participate in voter registration drives in the foreseeable future.

demonstrated only that its chilled registration activities are based on mere speculation that the challenged provision will be enforced against it based on the chance that a noncitizen member or volunteer collects or handles a voter registration application on its behalf sometime in the future. This is not a cognizable, concrete injury, and thus, the Florida NAACP has not met its burden to demonstrate standing to challenge the citizenship requirement.[11]

This leaves only Mr. Humberto Orjuela Prieto and UnidosUS. Mr. Orjuela testified that he is a legal permanent resident originally from Colombia. ECF No. 286 at 151, 171. He lives in Osceola County, Florida, and works as a canvasser for Poder Latinx. *Id.* at 151–52. Although Mr. Orjuela continues to register voters while this Court's preliminary injunction remains in place, if the citizenship requirement were enforced against him, he would lose his job as a canvasser. *Id.* at 164–65. Based on this testimony, this Court concludes that Mr. Orjuela has demonstrated that he faces an imminent injury in fact under the citizenship requirement, because the provision essentially prohibits his current employment.

---

[11] This Court is also not persuaded by Plaintiffs' arguments that they have demonstrated third-party standing on behalf of potential voters who they would otherwise have registered to vote or updated their registrations, insofar as the Florida NAACP and the Alianza Plaintiffs have failed to demonstrate the threshold showing that they have Article III standing for themselves. *See Trump v. CASA, Inc.*, 145 S.Ct. 2540, 2565–66 (2025) (Alito, J., concurring) ("But at a minimum, we have said that a litigant seeking to assert the legal rights or interests of others must demonstrate ordinary Article III standing for itself *and* answer the additional 'threshold question whether it has standing to raise the rights of others.' ").

The same is true with respect to UnidosUS. Mr. Nordlund's testimony on UnidosUS's behalf demonstrates that UnidosUS is a registered 3PVRO in Florida that employs paid canvassers for voter registration, and that roughly 70% of its paid canvassers were noncitizens prior to the enactment of the citizenship requirement. ECF No. 286 at 22, 79. UnidosUS currently operates in Miami-Dade, Orange, and Osceola Counties. *Id.* at 22. Notwithstanding the preliminary injunction in this case, UnidosUS has since shifted towards trying to hire more U.S. citizens as paid canvassers, *id.* at 81, although UnidosUS has continued to employ noncitizens as paid canvassers in the interim. UnidosUS has also had to bring on an HR specialist to work as a full-time recruiter and trainer for new canvassers. *Id.* at 80–81. If the citizenship requirement were enforced going forward, UnidosUS would have to completely retool its operations to avoid having its large, noncitizen workforce touch any completed voter registrations to avoid violating the challenged provision. *Id.* at 81–82. Given this evidence demonstrating the costs of compliance with the challenged provision and the prohibition on UnidosUS from continuing to employ its most effective paid canvassers, this Court is persuaded that UnidosUS has met its burden of demonstrating an imminent and concrete direct injury to the organization.

Both Mr. Orjuela's and UnidosUS's injuries are fairly traceable to Defendants' enforcement authority. With respect to Secretary Byrd, by prior Order, this Court granted partial summary judgment with respect to Plaintiffs' Equal

Protection claim, concluding that these injuries are traceable to Secretary Byrd's authority to refer suspected violations of registration restrictions to the Attorney General for enforcement, the Secretary's authority to cancel a 3PVRO's registration for continued failure to comply with the citizenship requirement, and the Secretary's authority to enforce the civil penalty provisions associated with the citizenship requirement. *See* ECF No. 251 at 6–7. The facts and law have not changed with respect to Secretary Byrd's role in enforcing the challenged provision. Accordingly, this Court incorporates by reference its earlier analysis regarding traceability with respect to Secretary Byrd. *See id*. at 7 (citing ECF No. 101 at 19–20). This Court finds that Plaintiffs Orjuela and UnidosUS have demonstrated that their injuries are fairly traceable to Secretary Byrd's threatened enforcement of the challenged provision.

Likewise, Plaintiffs Orjuela and UnidosUS have demonstrated that an injunction prohibiting Secretary Byrd from enforcing the citizenship requirement would redress their injuries. Neither the facts, nor the law has changed with respect to Secretary Byrd's enforcement of the challenged provision. For the same reasons this Court has determined that removing the threat of enforcement by Secretary Byrd would redress Plaintiffs' injuries, *see* ECF No. 101 at 20 and ECF No. 251 at 7, this Court finds that Plaintiffs Orjuela and UnidosUS have demonstrated standing to

proceed against Secretary Byrd with respect to their challenges to the citizenship requirement.

As for the Attorney General, this Court denied summary judgment in an abundance of caution, given the Attorney General's dispute as to whether Plaintiffs' injuries are traceable to the Attorney General's enforcement authority. *See* ECF No. 251 at 8. Ultimately, "[t]o establish traceability . . . in a lawsuit seeking to enjoin a government official from enforcing the law, a plaintiff must show 'that the official has the authority to enforce the particular provision being challenged . . . .' " *Dream Defenders v. Governor of the State of Florida*, 57 F.4th 879, 888–89 (11th Cir. 2023) (quoting *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021)).

Here, the record is clear that if the citizenship requirement were enforced, Mr. Orjeula can no longer work as a paid canvasser in Florida. Similarly, UnidosUS can no longer continue to employ the majority noncitizen canvassers with the institutional knowledge that makes them so effective at registering voters on its behalf. And the Attorney General has the authority to enforce the citizenship requirement. Specifically, section 97.0575(8), Florida Statutes, provides:

> If the Secretary of State reasonably believes that a person has committed a violation of this section, the secretary may refer the matter to the Attorney General for enforcement. The Attorney General may institute a civil action for a violation of this section or to prevent a violation of this section. An action for relief may include a permanent or temporary injunction, a restraining order, or any other appropriate

order.

§ 97.0575(8), Fla. Stat.

The Attorney General asserts this enforcement authority is expressly limited by the first sentence of this provision, which allows the Secretary of State to refer suspected violations of section 97.0575 to the Attorney General for enforcement. *See* ECF No. 312 at 3. Plaintiffs' evidence at trial confirms this is how the Statewide Prosecutor interprets this provision, *see* ECF No. 288 at 147, and that the Office of the Attorney General has stipulated that it interprets this provision to require a referral from the Secretary of State *before* it can initiate any civil enforcement under section 97.0575. But the Plaintiffs argue that nothing in the statute prevents the Attorney General from independently pursuing enforcement against suspected or anticipated violations absent a referral from the Secretary of State—the first sentence of this provision simply authorizes the Secretary to refer suspected violations as he deems fit, while the following sentence authorizes the Attorney General to pursue enforcement through civil actions as he deems fit. For that matter, it appears the parties agree that neither the current Attorney General, nor any future Attorney General, are bound by the Attorney General's current interpretation. In short, the parties' dispute over standing boils down to whether the Attorney General's proffered interpretation of this provision effectively insulates his office from suit unless and until the Secretary of State refers a suspected violation of Florida law to

the Attorney General.

Considering the record before this Court and the parties' disagreement, which involves a question of law rather than fact, this Court agrees with Plaintiffs that section 97.0575(8) does not limit the Attorney General's enforcement authority solely to enforcement of suspected violations that the Secretary of State refers to him. To interpret this provision as *requiring* a referral *before* the Attorney General is authorized to institute a civil enforcement action against suspected violators of the Citizenship Provision—as the Attorney General does—requires this Court to rewrite the provision to expressly condition the Attorney General's authority to enforce the citizenship requirement upon a referral from the Secretary. But the plain text of the statute requires no such referral before "[t]he Attorney General may institute a civil action for a violation of this section or to prevent a violation of this section." § 97.0575(8), Fla. Stat.

This Court is unpersuaded by the Attorney General's suggestion that this interpretation is the only reasonable reading of the statute in light of the "Harmonious-reading canon" and the "Whole-Text canon." ECF No. 312 at 3–5. These "canons are meant to help [courts] carry out our primary task: discerning the text's ordinary public meaning." *Heyman v. Cooper*, 31 F.4th 1315, 1319 (11th Cir. 2022). But when "a wooden application of the canons would supplant rather than supply ordinary meaning . . . . [courts] remain obligated to the *text*—not to what the

canons might suggest about the text." *Id*. (emphasis added). This Court's "obligation is to the text and not the canons *per se* . . . ." *Id*. at 1321–22. Moreover, by artificially limiting enforcement authority to post-violation referrals, the Attorney General's interpretation appears to nullify the statutory text that authorizes the Attorney General to commence a civil enforcement action "to *prevent* a violation of this section." *See* § 97.0575(8), Fla. Stat. (emphasis added).

Here, the Florida Legislature saw fit to expressly authorize the Secretary of State to refer suspected violations of the citizenship requirement to the Attorney General for enforcement. The Florida Legislature also expressly authorized the Attorney General to pursue civil actions to enforce the citizenship requirement against suspected violators or to prevent future violations. Had the Florida Legislature saw fit to limit the Attorney General's enforcement authority to *only* those suspected violations that have been referred by the Secretary, it would have said so. But the plain text requires no such referral before the Attorney General may pursue a civil enforcement action.

Nor does this plain reading of the statute's text nullify the Secretary's authority to refer suspected violations to the Attorney General. The Secretary, the State's Chief Elections Officer (who is likely in the best position to learn of suspected violations of the citizenship requirement), remains authorized to refer violations to the Attorney General for enforcement by the Attorney General's office,

while the Attorney General—an independent constitutional state officer—retains authority to pursue civil enforcement actions whether or not the suspected violation comes across the Attorney General's desk through referral from the Secretary or from some other source. Accordingly, given the Attorney General's express authority to pursue civil enforcement actions for past violations and to prevent future violations of the citizenship requirement, Plaintiffs have demonstrated a causal connection between their injuries and Defendant's conduct. *See Dream Defenders*, 57 F.4th at 888–89.

As both sides agree, traceability and redressability often travel together. Here, given that Plaintiffs' injuries are traceable to the Attorney General because the Attorney General has authority to pursue civil enforcement actions against suspected violators of the challenged provision, an injunction prohibiting the Attorney General from exercising this enforcement authority would effectively redress Plaintiffs' injuries as it would remove the very real threat of a civil enforcement action. *See Dream Defenders*, 57 F.4th at 889 (holding that to establish traceability and redressability, Plaintiffs must demonstrate "that the official has the authority to enforce the particular provision being challenged, such that the injunction prohibiting enforcement would be effectual" (citation omitted)). In short, Plaintiffs Orjuela and UnidosUS have proved they have standing to proceed against the Attorney General with respect to their claims challenging the citizenship

requirement.

In sum, the Florida NAACP's claims are due to be dismissed for lack of standing, with the exclusion of Mr. Orjuela's and UnidosUS's challenges to the citizenship requirement. Now this Court turns to the substantive merits of those claims.

## B

In granting partial summary judgment with respect to Plaintiffs' Equal Protection claim, this Court has already determined that the citizenship requirement facially discriminates against noncitizens in violation of the Equal Protection Clause of the Fourteenth Amendment. *See* ECF No. 251; *see also* ECF No. 101. Having previously concluded, as a matter of law, that the challenged provision is facially unconstitutional on Equal Protection grounds and now having also found that Plaintiffs Orjuela and UnidosUS have established standing to challenge both the Secretary of State and Attorney General's enforcement of the citizenship requirement, this Court need not interrogate Plaintiffs' alternative theories for challenging the citizenship requirement under the First and Fourteenth Amendments. *See League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 948 (11th Cir. 2023) ("We have already held that the second phrase in the challenged clause is unconstitutionally vague, so we need not reach the question of overbreadth as to the second phrase."); *Williamson*, 928 F.3d at 1316 (declining to

reach alternative constitutional claims challenging county policy after concluding that the challenged policy "violates the principle of denominational neutrality found at the heart of the Establishment Clause"); *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 695 (6th Cir. 2015) ("Because we find that the ballot-retention statute is facially unconstitutional under the Equal Protection Clause, we need not decide whether it also violates the First Amendment."). Instead, this Court incorporates by reference its prior analysis with respect to the unconstitutionality of the citizenship requirement as if fully set forth herein, ECF No. 251 at 17 (citing ECF No. 149 at 7–14 in Case No.: 4:23cv218-MW/MAF).

In short, only Plaintiffs Orjuela and UnidosUS are entitled to relief with respect to their Equal Protection claim challenging the citizenship requirement inasmuch as it is facially discriminatory with respect to alienage. Next, this Court considers the appropriate relief.

\*     \*     \*

Plaintiffs seek declaratory and permanent injunctive relief. ECF No. 302 at 55–56. To obtain a permanent injunction, Plaintiffs "must satisfy a four-factor test." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 159 (2010) (internal quotation marks omitted). Plaintiffs must show (1) that they have "suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the

plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Ga. Advoc. Off. v. Jackson*, 4 F.4th 1200, 1208 (11th Cir. 2021).

Here Plaintiffs have suffered—and continue to suffer—irreparable injuries. Indeed, Mr. Orjuela has been unconstitutionally discriminated against based on his noncitizen status. *Smith v. South Dakota*, 781 F. Supp. 2d 879, 887 (D.S.D. 2011). If the citizenship requirement were enforced, this discrimination prevents Plaintiffs from registering new voters—a lost opportunity that cannot be remedied with monetary damages. *See League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1167 (N.D. Fla. 2012) (Hinkle, J.) ("[W]hen a plaintiff loses an opportunity to register a voter, the opportunity is gone forever."). "The public has no interest in enforcing an unconstitutional" law—especially one that facially discriminates based on alienage. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006). On the other side of the ledger sits Mr. Orjuela's and UnidosUS's employees' rights to equal protection under the law. There is no comparison. Plaintiffs are entitled to an injunction.

Having determined that Plaintiffs Orjuela and UnidosUS are entitled to relief on the merits of their Equal Protection claims challenging the citizenship requirement as facially discriminatory on the basis of alienage, this Court turns to the scope of relief to which they are entitled. The Supreme Court recently held that

district courts lack authority to universally enjoin the enforcement of an executive or legislative policy. *See Trump*, 145 S.Ct. at 2554. In other words, this Court cannot enjoin Defendants' enforcement of the citizenship requirement against anyone, anywhere. Although this Court awarded broader relief in a related case, *see* ECF No. 199 in Case No.: 4:23cv218, this Court did not have the benefit of the Supreme Court's later-decided analysis in *Trump v. CASA Inc.* when it rendered its decision in that case. Here, following *Trump v. CASA Inc.*, the scope of relief afforded to Plaintiffs is limited to as-applied relief to the parties now before this Court with standing to seek permanent injunctive relief.[12]

Accordingly,

**IT IS ORDERED**:

1. This Court declares that § 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, is unconstitutional.

2. The Clerk shall enter judgment in Case No.: 4:23cv215, stating:

---

[12] This Court recognizes that the preliminary injunction in Case No.: 4:23cv215, ECF No. 101, is currently subject to an interlocutory appeal. This Court also acknowledges that the Eleventh Circuit has stayed ruling on an appeal of the final judgment in Case No.: 4:23cv218 pending entry of final judgment in Case Nos. 4:23cv215 and 4:23cv216. By entry of judgment in Case No.: 4:23cv215, this Court apparently moots the pending interlocutory appeal of this Court's preliminary injunction, inasmuch as the preliminary injunction order "inherently merges with the permanent injunction order." *In re: Chiquita Brands International, Inc.*, 965 F.3d 1238, 1245 (11th Cir. 2020). In short, notwithstanding the interlocutory appeal of the preliminary injunction in Case No.: 4:23cv215, this Court retains jurisdiction to enter final judgment in Case No.: 4:23cv215—indeed, the Eleventh Circuit has indicated that it is awaiting this Court's decision before taking further action in a related appeal.

Plaintiffs' claims challenging the information retention ban, the mail-in ballot request restriction, and the ten-day deadline and associated fines provisions are **DISMISSED for lack of standing**. Defendant Byrd is entitled to summary judgment on Plaintiffs' § 1981 claim, which is **DISMISSED with prejudice.**

This Court hereby **DECLARES** that the Citizenship Requirement described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, violates Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. This Court **GRANTS** Plaintiffs' request for a permanent injunction. Neither Defendant Byrd nor Defendant Uthmeier, nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendants Byrd and Uthmeier shall enforce, nor permit enforcement of, the Citizenship Requirement provision described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, against Plaintiff Humberto Orjuela Prieto or his 3PVRO employer and UnidosUS. Defendants Byrd and Uthmeier, and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants Byrd and Uthmeier shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order.

3. The Clerk shall enter judgment in Case No.: 4:23cv216 stating, "Judgment is entered in favor of Defendants with respect to Plaintiffs' claims challenging the ten-day deadline and associated fines provisions. Plaintiffs' claims challenging the information retention ban, receipt requirement, and citizenship requirement are **DISMISSED for lack of standing**."

4. This Order incorporates all prior rulings in these cases on motions to dismiss and motions for summary judgment.

5. This Court retains jurisdiction in these cases for purposes of determining entitlement to and amount, if any, of attorneys' fees.

6.  The Clerk shall close the file.

**SO ORDERED on August 8, 2025.**

**s/Mark E. Walker**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,

     Plaintiffs,

v.                         Case No.: 4:23cv215-MW/MAF

CORD BYRD, et al.,

     Defendants.

_____/

## JUDGMENT

Plaintiffs' claims challenging the information retention ban, the mail-in ballot request restriction, and the ten-day deadline and associated fines provisions are **DISMISSED for lack of standing**. Defendant Byrd is entitled to summary judgment on Plaintiffs' § 1981 claim, which is **DISMISSED with prejudice.**

This Court hereby **DECLARES** that the Citizenship Requirement described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, violates Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. This Court **GRANTS** Plaintiffs' request for a permanent injunction. Neither Defendant Byrd nor Defendant Uthmeier, nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or

concert with Defendants Byrd and Uthmeier shall enforce, nor permit enforcement of, the Citizenship Requirement provision described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, against Plaintiff Humberto Orjuela Prieto or his 3PVRO employer and UnidosUS. Defendants Byrd and Uthmeier, and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants Byrd and Uthmeier shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order.

JESSICA J LYUBLANOVITS,
CLERK OF COURT

August 8, 2025
DATE

s/ *Kimberly J. Westphal*

DEPUTY CLERK

NDFL Ops 2 (Rev. 7/23) Civil Judgment
ClerkAdmin/Official/Forms