IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,

*Plaintiffs*,

v.                                                                 Case Nos.:   4:23cv215-MW/MAF

CORD BYRD, in his official capacity as Florida Secretary of State, et al.,

*Defendants*.

_____/

## THE STATE'S RESPONSE IN OPPOSITION TO THE NAACP PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs' motion should be denied. They're wrong on the law. They're wrong on the evidence. They're even wrong on the status of their 3PVROs.

A rule 59(e) motion is narrow. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *In re MacPhee*, 73 F.4th 1220, 1250 (11th Cir. 2023) (cleaned up). The motion shouldn't be used to "relitigate old matters," or "raise arguments" and "present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (cleaned up).

1

In their motion, Plaintiffs make two arguments. Both are directed at Senate Bill 7050's **Fines** provision. Plaintiffs argue that (1) they have standing to challenge the provision and (2) they succeed in their *Anderson-Burdick* challenge to the provision. Doc.357 at 3-4. Neither argument works. (Docket citations are to the upper-right, blue page numbers.)

**A.** They're wrong on standing. Plaintiffs focus on the injury standing prong. The thrust of their argument is this: the NAACP, UnidosUS, and Alianza Center are all active, registered 3PVROs, and because 3PVROs are the "object" of SB7050's **Fines** provision, Plaintiffs get to challenge the provision. Doc.357 at 4-9. But Plaintiffs stumble at the starting gate.

None of the three organizations are active, registered 3PVROs, according to the state's online records.[1] This Court can take judicial notice of the state's online records. *E.g.*, *Turbyfill v. Scottsdale Indem. Co.*, 3:14-cv-283, 2016 U.S. Dist. LEXIS 25488, at *6-7 (N.D. Fla. Feb. 24, 2016). "Florida State Conference National Association for the Advancement of Colored People," "UnidosUS," and "Alianza Center Inc." were all terminated on December 31, 2024. Plaintiffs didn't alert this Court of that fact before it entered final judgment on June 8, 2025.

---

[1] https://tpvr.dos.fl.gov/?_gl=1*1ktq1up*_ga*NjYyMjU2NDI5LjE2OTcwMjk0MDU.*_ga_VWEXM6JRRE*czE3NTcxMDU2NDAkbzM0JGcxJHQxNzU3MTA1NjUzJGo0NyRsMCRoMA.

2

Regardless, Plaintiffs are also wrong on the law. They say that objects of a governmental regulation can challenge the governmental regulation. Doc.357 at 3. But that greatly overstates things. Being an object of regulation, in and of itself, doesn't outrightly establish standing. Take a challenge to a red-light speeding ordinance. The objects of the ordinance are motorists. But not all motorists get to challenge the ordinance and seek prospective relief. Only those motorists who are substantially likely to violate the ordinance get to do so. *Worthy v. Phenix City*, 930 F.3d 1206, 1215-16 (11th Cir. 2019).

Plaintiffs aren't likely to violate SB7050's **Fines** provision—to run the red light. This Court already (and rightly) held this. Plaintiffs presented little more than hypothetical fears, policy disagreements, self-harm based on those policy disagreements, and alleged harms due to SB7050 generally and not the **Fines** provision specifically. *Compare* Doc.357 at 8 (providing record citations), *with* Doc.345 at 28 ("Mr. Nordlund's testimony on behalf of UnidosUS focused only on the hypothetical downstream cost of higher potential fines on the organization and its ability to register more voters."), *and* Doc.345 at 29 ("Ms. Slater[]" was "'concerned' about the new deadline to return voter registration applications"), *and* Doc.345 at 31 ("Alianza Center has decided to simply stop registering voters rather than risk increased fines.").

Hypothetical fears, policy disagreements, and self-harm aren't enough to establish standing. *City of S. Miami v. Governor of Fla.*, 65 F.4th 631, 638-39 (11th Cir.

3

2023); *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 394 (2024); *Harrell v. Fla. Bar*, 608 F.3d 1241, 1253-54 (11th Cir. 2010).

Plaintiffs therefore get ahead of themselves when they talk about "the costs of compliance" with the **Fines** provision. Doc.357 at 8. They haven't shown that they're likely to run afoul of the provision.

*Diamond Alternative Energy, LLC v. EPA*, 145 S. Ct. 2121 (2025), isn't to the contrary. It underscores Plaintiffs' lack of standing. Though it dealt mostly with the redressability standing prong, it briefly discussed the injury prong. In *Diamond*, fuel producers challenged the EPA's approval of a California automaker regulation. *Id.* at 2129-30. The Supreme Court held that the fuel producers had standing to sue, because they presented evidence that the regulation would cause them to lose billions in revenue. *Id.* at 2131. The Court was therefore satisfied that there was an injury in fact: "the fuel producers make money by selling fuel. Therefore, the decrease in purchases of gasoline and other liquid fuels resulting from the California regulations hurts their bottom line." *Id.* at 2135.

That's not this case, though. As mentioned above, Plaintiffs haven't presented evidence showing that they will incur penalties under the **Fines** provision. They've produced little more than hypothetical fears and overreactions. That's different from a loss of a billion dollars.

In sum, Plaintiffs' standing arguments are wrong.

4

**B.** Plaintiffs are also wrong on the merits and *Anderson-Burdick*. Plaintiffs want this Court to reweigh the same evidence, under the same balancing test, and get a different result. *Compare* Doc.357 at 10 (motion for reconsideration, providing record citations), *with* Doc.304 at 67-68, 87-89 (Plaintiffs' post-trial brief, providing the same record citations). A motion for reconsideration can't do that. *MacPhee*, 73 F.4th at 1250; *Exxon Shipping*, 554 U.S. at 486 n.5. Even if it could, it's still unconvincing.

This Court got the burdens right. Contrary to Plaintiffs' arguments, it considered the "downstream effects" of the **Fines** provision, as well as the costs of compliance. This Court expressly noted and considered the fines' "drastic[] increase[]" for "late, unreturned, or erroneously returned applications" in its final order. Doc.345 at 18. Simply put, the "downstream effects" of a provision Plaintiffs aren't likely to violate are minimal, if not non-existent. Try as they might, Plaintiffs can't evade the obvious: speculative fears and harms don't weigh anything.

This Court also got the state interests right. As the state argued in its post-trial brief, the **Fines** provision prevents fraud and promotes voter confidence in the electoral process. Doc.311 at 45. Those are compelling and weighty interests. *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006); *Green v. Mortham*, 155 F.3d 1332, 1336 (11th Cir. 1998). After all, it's important for 3PVROs to timely and properly submit voter-registration applications. Failing to do so could result in a voter not being able to vote in an upcoming election. There's evidence of that in the record. *E.g.*, Doc.311 at 11.

To that end, the state already provided evidence of relevant bad acting. That evidence included the Office of Election Crime and Security's review of over 3,000 untimely voter-registration applications, DX14 at 5, and additional instances of plaintiffs (and their aligned groups) failing to timely submit applications, even after book closing. Doc.311 at 11. Tighter requirements were therefore necessary, given the frequent violations.

In the end, it's not a close call: compelling governmental interests outweigh hypothetical fears of now-spectral entities.

*   *   *

Plaintiffs' motion should be denied.

Dated: September 18, 2025

JAMES UTHMEIER
  Attorney General

/s/ Stephanie A. Morse
Stephanie A. Morse (FBN 68713)
  Special Counsel
OFFICE OF THE ATTORNEY GENERAL
PL-01 The Capitol
Tallahassee, Florida 32399
(850) 414-3300
Stephanie.morse@myfloridalegal.com

*Counsel for the Attorney General*

Respectfully submitted,

Ashley Davis (FBN 48032)
  General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399
(850) 245-6536
Ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the Secretary*

## LOCAL RULES CERTIFICATIONS

As required by Local Rule 5.1 and 7.1, I certify that this response contains 1,126 words and complies with this Court's word count, spacing, and formatting requirements.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## **CERTIFICATE OF SERVICE**

I certify that on September 18, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil
