IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                      Case Nos.: **4:23cv215-MW/MAF**
                                                            **4:23cv216-MW/MAF**

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.

_____/

## ORDER DENYING MOTIONS FOR RECONSIDERATION

This Court has considered, without hearing, Plaintiffs' motions for reconsideration, ECF Nos. 357 and 358 in Case No.: 4:23cv215, and ECF No. 153 in Case No.: 4:23cv216. This Court has also considered Defendants' response to the motions, ECF No. 362 in Case No.: 4:23cv215, and ECF No. 155 in Case No.: 4:23cv216, and Plaintiffs' replies, ECF Nos.: 363 and 364 in Case No.: 4:23cv215 and ECF No. 156 in Case No.: 4:23cv216. The motions are due to be denied.

Here, the Florida NAACP, Alianza, and UnidosUS ask this Court to reconsider its rulings that (1) these Plaintiffs lack standing to challenge the fines provisions and (2) they are not entitled to relief on the merits of their *Anderson-Burdick* claims challenging the fines provisions. Likewise, the League of Women

Voters Plaintiffs also ask this Court to reconsider its ruling that they are not entitled to relief on the merits of their *Anderson-Burdick* claim, which also challenges the fines provisions.

As to their arguments regarding standing, the Florida NAACP, Alianza, and UnidosUS quarrel with this Court's analysis, raising new arguments suggesting that they are subject to a less exacting standard than other Plaintiffs who are not the object of the challenged fines provisions. But a Rule 59(e) motion "may not be used to relitigate old matters, or to raise argument or present evidence that could have been raised prior to the entry of judgment." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) (cleaned up). Instead, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up).

To the extent these Plaintiffs continue to be objects of the challenged fines provisions inasmuch as this Court found that these Plaintiffs are registered 3PVROs—a finding now cast into doubt by Defendants' suggestion that these Plaintiffs were no longer registered 3PVROs at the time judgment was entered—this does not require an automatic finding that they have or imminently will suffer an injury in fact. Indeed, in the pre-enforcement context, Plaintiffs who are the object of a challenged statute or regulation must still show they face a credible threat of prosecution for acts proscribed by statute. *See, e.g.*, *Susan B. Anthony List v.*

*Driehaus*, 573 U.S. 149, 158–59 (2014). In other words, Plaintiffs must demonstrate "circumstances that render the threatened enforcement sufficiently imminent." *Id*. at 159. But here, this Court found Plaintiffs' evidence lacking in demonstrating, by a preponderance of the evidence, that these Plaintiffs were likely to face imminent enforcement for violating the new ten-day deadline and attendant fines provisions. *See, e.g.*, ECF No. 345 at 29–30 ("[T]there is no evidence demonstrating that it is more likely than not that UnidosUS will return applications in late or incur any future fines under the challenged provisions."); *id*. at 30 ("But Ms. Slater offered no testimony concerning the Florida NAACP's ability to comply with the new deadline or the likelihood that it would face increased fines in the future as a result."); *id*. at 30–31 (finding "Alianza for Progress is not likely to conduct any voter registration activities in Florida," and thus "does not face an imminent injury based on the threatened enforcement of the challenged deadline and fines provisions"); *id*. at 31–32 (finding Alianza Center's chilled speech injury to be self-imposed based on "fear of incurring future fines—and, apparently, out of general disagreement with the challenged provisions—even though it has not demonstrated that it is likely to violate the new deadline, incur any fines in the future, or be forced to expend resources to comply with the challenged provisions"). In short, this Court is not persuaded that Plaintiffs' newly refined standing arguments warrant reconsideration.

But even if these Plaintiffs had standing to challenge the fines provisions like

3

the League of Women Voters, this Court is also unpersuaded by their arguments that this Court got the *Anderson-Burdick* analysis wrong. This Court agrees with Defendants' argument that Plaintiffs are simply asking this Court to reweigh the facts to reach a different result. That this Court will not do. Accordingly, the motions for reconsideration, ECF Nos. 357 and 358 in Case No.: 4:23cv215, and ECF No. 153 in Case No.: 4:23cv216, are **DENIED**. The Clerk shall close the file.

**SO ORDERED on September 29, 2025.**

s/Mark E. Walker
**United States District Judge**
